1  RAIMI SHOAGA
   P.O. Box 7274
2  Oakland, California 94601
3  (510) 395-2926

4  In Pro Se

*Original E-Filing FILED FEB - 4 2008 RICHARD W. WIEKING CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA OAKLAND*

8        **IN THE UNITED STATES DISTRICT COURT FOR THE**

9        **NORTHERN DISTRICT OF CALIFORNIA**

11
12  RAIMI SHOAGA,
                    Plaintiff          Case No: **C08-00786**

13
14                  v.                  **COMPLAINT FOR DAMAGES**
                                        **Breach of Contract, Intentional Misrep-**
15  A.P. MOLLER-MAERSK GROUP,           **resentation (Fraud), Negligent Misrep-**
    aka A.P. MOLLER-MAERSK, aka         **resentation, Conversion, Interference**
16  DANISH A.P. MOLLER-MAERSK           **With Commerce, Violation of the**
    GRUPPEN aka FIRMAET A.P.            **Foreign Corrupt Practices Act,**
17  MOLLER MAERSK; MAERSK               **Discrimination the Basis of National**
18  INC., MAERSK LINES LTD.; MAERSK     **Origin**
    NIGERIA, LTD., aka MAERSK, aka
19  MAERSK SEALAND; A.P. MOLLER
20  NIGERIA, LTD.; BLOSADA; NIGER-
    IAN PORT AUTHORITY; NIGERIAN
21  CUSTOMS AUTHORITY; ATTOR-
22  NEY GENERAL OF THE FEDERAL
    REPUBLIC OF NIGERIA
23                  Defendants

24  _____/

25      The plaintiff herein, Raimi Shoaga, complains and alleges as follows:

26                      **FIRST CAUSE OF ACTION**
27                        **(Breach of Contract)**

28                              1.

GO 44 SEC. N
NOTICE OF ASSIGNMENT
TO MAGISTRATE JUDGE SENT

**(Interference With Commerce)**
**(Violation of the Foreign Corrupt Practices Act)**
**(Discrimination on the Basis of Nationality)**

**I**

This case is one over which the United States District Court for the Northern District of California shall have original jurisdiction in that it is based upon the violation of Maritime and Admiralty laws of the United States, to include 18 U.S.C. 1951(a), the violation of the Foreign Corrupt Practices Act of 1977, 15 U.S.C. 78dd-1 et seq., and the violation of Civil Rights statute 42 U.S.C. 1981(a). Jurisdiction is conferred upon this court by 28 U.S.C. 1331, 28 U.S.C. 1332(2), and 28 U.S.C. 1333(1).

**II**

Venue is conferred on this court by 28 U.S.C. 1391(a) in that this judicial district is the district in which the plaintiff's claims arose, and, in which the defendants A.P. Moller-Maersk Group, aka A.P. Moller-Maersk s/a, aka Danish A.P. Moller-Maersk Gruppen aka Firmaet A.P. Moller Maersk and Maersk lines, Inc. and Maersk Lines, Ltd. are doing business. All contracts referred to herein were entered into in this judicial district.

**III**

The plaintiff demands a jury trial.

**IV**

The plaintiff is an individual of Nigerian national origin, who, at all times herein mentioned, resided in the city of Oakland, County of Alameda, state of California. The plaintiff is not a shipping company, public carrier, or shipping services agent.

2.

**V**

The defendant A.P. Moller-Maersk Group, aka A.P. Moller-Maersk s/a, aka Danish A.P. Moller-Maersk Gruppen aka Firmaet A.P. Moller Maersk, referred to hereafter as "A.P. Moller", is a Corporation registered in the country of Denmark, and, as part of its business operations sells oceangoing cargo and freight shipping services.

**VI**

The defendants Maersk Lines, Inc., and Maersk Lines, Ltd., referred to hereafter as "Maersk Lines", are subsidiaries of the defendants A.P. Moller of Denmark, is an oceangoing cargo and freight shipping company, and does business at offices located within the city of Oakland, California.

**VII**

The defendant Maersk Nigeria, Ltd.., aka Maersk, aka Maersk Sealand, referred to hereafter as "Maersk Nigeria", is a subsidiary of the defendants A.P. Moller of Denmark, is an oceangoing cargo and freight shipping company, and, is doing business and having offices at Apapa, Port of Lagos, Federal Republic of Nigeria.

**VIII**

The defendant A.P. Moller Nigeria, Ltd., referred to hereafter as "A.P. Moller Nigeria", is the Nigerian managing subsidiary of the A.P. Moller of Denmark, and, as part of its business operations, sells oceangoing cargo and freight shipping services, doing business and having offices in Lagos, Federal Republic of Nigeria.

**IX**

The defendant Blosada is an individual, billing agent, and employee of Maersk

3.

1    Nigeria, and does business at offices located within Apapa, Port of Lagos, Federal

2    Republic of Nigeria.

3                                              **X**

4

5        The defendant Nigerian Port Authority, referred to hereafter as "Port Authority", is an

6    agency and administrative department of the Federal Republic of Nigeria, doing business

7    and having offices in Apapa, Port of Lagos, Federal Republic of Nigeria.

8                                             **XI**

9

10       The defendant Nigerian Customs Authority, referred to hereafter as "Customs", is an

11   agency and administrative  department of the Federal Republic of Nigeria, doing business

12   and having offices in Apapa, Port of Lagos, Federal Republic of Nigeria.

13                                           **XII**

14

15       The defendant Attorney General of the Nigerian Federal Republic, referred to hereafter

16   as "Attorney General", is a government official and chief legal officer of the Federal

17   Republic of Nigeria, and, is responsible for the legality of business operations of the

18
     defendants Port Authority and Customs.
19

20                                          **XIII**

21       On about July 29, 2004, the plaintiff entered into a pre-paid shipping agreement with

22   the defendants, A.P. Moller by and through its subsidiary Maersk Lines, wherein it was

23
     agreed that in exchange for the plaintiff paying to the defendant Maersk Lines the total
24

25   sum of Five Thousand, One Hundred Dollars, American, ($5,100.00), the defendants

26   Maersk Lines would provide the plaintiff cargo shipping and demurrage services to

27   Apapa, Lagos, in the country of Nigeria.

28                                              4.

**XIV**

On about July 29, 2004, the plaintiff entered into a pre-paid shipping agreement with the defendants, A.P. Moller by and through its subsidiary Maersk Lines, wherein it was agreed that the defendants A.P. Moller, by and through its subsidiary Maersk Lines, would provide the plaintiff the use of Maersk Lines cargo shipping container MSKU8123727; S Number 50666 for the shipping, to Lagos, Nigeria, of the plaintiff's personal property.

**XV**

That according to the agreement and contract between the plaintiff and the defendants A.P. Moller and Maersk Lines, the defendant Maersk Lines represented to the plaintiff that cargo shipping container MSKU8123727; S Number 50666, which was to contain the plaintiff's personal property, would be shipped to Apapa, Lagos, Nigeria, in time to arrive in Nigeria by August of the year 2004.

**XVI**

That according to the agreement and contract between the plaintiff and the defendants A.P. Moller and Maersk Lines, the defendant Maersk Lines represented to the plaintiff that cargo shipping container MSKU8123727; S Number 50666, following arrival at Apapa, Lagos Nigeria, would be inspected by the defendants Port Authority and Customs, and, then, the contents of the shipping container would be released to recipients of the plaintiff.

**XVII**

That the plaintiff is informed and believes that the cargo shipping container

5.

1   MSKU8123727; S Number 50666 did arrive in Apapa, Port of Lagos, Nigeria, in August

2   of 2004.

3                                        **XVIII**

4

5   That in January 2005, the defendants, A.P. Moller Nigeria, Maersk Nigeria, Blosada,

6   Port Authority, and Customs were in possession of cargo shipping container

7   MSKU8123727; S Number 50666, which had arrived in Apapa, Port of Lagos Nigeria.

8                                        **XIX**

9

10  That in January of 2005, the plaintiff visited Nigeria to inquire about the status of

11  cargo shipping container MSKU8123727; S Number 50666, which, the plaintiff is

12  informed and believes, arrived at Apapa, Port of Lagos, Nigeria in August of 2004, but, as

13  of January of 2005, remained in the possession of the defendants, A.P. Moller Nigeria,

14

15  Maersk Nigeria, Blosada, Port Authority, and Customs.

16                                       **XX**

17  That in January of 2005, upon the plaintiff's inquiry about the status of cargo shipping

18

19  container MSKU8123727; S Number 50666, the defendants A.P. Moller Nigeria, Maersk

20  Nigeria, Blosada, Port Authority, and Customs informed the plaintiff that plaintiff had an

21  outstanding balance of over Ten Thousand Dollars, American, ($10,000.00), for shipping

22  services and demurrage charges, and that the contents of cargo shipping container

23

24  MSKU8123727; S Number 50666 would not be released to the plaintiff until all charges

25  were paid.

26                                       **XXI**

27  That in January of 2005, upon the plaintiff's inquiry about the status of cargo shipping

28                                          6.

1  container MSKU8123727; S Number 50666, the defendants A.P. Moller, Maersk Lines,

2  A.P. Moller Nigeria, Maersk Nigeria, Blosada, Port Authority, and Customs informed the

3
4  plaintiff that the defendants A.P. Moller and Maersk Lines were demanding that the

5  plaintiff return cargo shipping container MSKU8123727; S Number 50666 to the

6  defendant Maersk Lines.

7                              **XXII**

8
9      That from January of 2005 to April of 2005, the plaintiff, plaintiff's brother, and

10  associates sought an explanation from the defendants, and each of the defendants, of the

11  additional $10,000.00 charges, but were unable to receive an explanation of the increased

12  costs.

13
14                              **XXIII**

15      That as of this filing the defendants, and each of the defendants, continue to demand

16  that the plaintiff tender to the defendants A.P. Moller Nigeria, Maersk Nigeria, Blosada,

17  Port Authority, and Customs $90,000.00 before the contents of cargo shipping container

18
19  MSKU8123727; S Number 50666 would be released to the plaintiff.

20                              **XXIV**

21      The defendants, and each of the defendants, have breached the contract for shipping

22  services, as entered into by the plaintiff and the defendants, and have caused the plaintiff

23
24  damages.

25                              **XXV**

26      The defendants, and each of the defendants, have, by their breach of contract, acted to

27  impede the flow of commerce as prohibited by 18 U.S.C. 1951(a), have acted to finance

28                                 7.

1   the wrongful influence of foreign officials as prohibited by 15 U.S.C. 78dd-1 et seq., and,

2   have acted to violate the plaintiff's civil rights because of plaintiff's national origin as

3   prohibited against by 42 U.S.C. 1981(a), and, have caused the plaintiff damages.

### SECOND CAUSE OF ACTION
**[Intentional Misrepresentation (Fraud)]**
**(Interference With Commerce)**
**(Violation of the Foreign Corrupt Practices Act)**
**(Discrimination on the Basis of Nationality)**

**I**

The plaintiff incorporates herein by reference each and all paragraphs of the <u>FIRST</u>

<u>CAUSE OF ACTION</u>..

**II**

On about July 29, 2004, the plaintiff entered into a pre-paid shipping agreement with

the defendants, A.P. Moller by and through its subsidiary Maersk Lines, wherein it was

agreed that in exchange for the plaintiff paying to the defendant Maersk Lines the total

sum of Five Thousand, One Hundred Dollars, American, ($5,100.00), the defendants

Maersk Lines would provide the plaintiff cargo shipping and demurrage services to

Apapa, Lagos, in the country of Nigeria.

**III**

On about July 29, 2004, the plaintiff entered into a pre-paid shipping agreement

with the defendants, A.P. Moller by and through its subsidiary Maersk Lines, wherein it

was agreed that the defendants A.P. Moller, by and through its subsidiary Maersk Lines,

would provide the plaintiff the use of Maersk Lines cargo shipping container

MSKU8123727; S Number 50666 for the shipping, to Lagos, Nigeria, of the plaintiff's

8.

1   personal property.

2                                   **IV**

3
4       That according to the agreement and contract between the plaintiff and the defendants

5   A.P. Moller and Maersk Lines, the defendant Maersk Lines represented to the plaintiff

6   that cargo shipping container MSKU8123727; S Number 50666, which was to contain

7   the plaintiff's personal property, would be shipped to Apapa, Lagos, Nigeria, in time to

8
9   arrive in Nigeria by August of the year 2004.

10                                  **V**

11      That according to the agreement and contract between the plaintiff and the defendants

12  A.P. Moller and Maersk Lines, the defendant Maersk Lines represented to the plaintiff

13
14  that cargo shipping container MSKU8123727; S Number 50666, following arrival at

15  Apapa, Lagos Nigeria, would be inspected by the defendants Port Authority and Customs,

16  and, then, the contents of the shipping container would be released to recipients of the

17  plaintiff.

18
19                                  **VI**

20      That the plaintiff is informed and believes that the cargo shipping container

21  MSKU8123727; S Number 50666 did arrive in Apapa, Port of Lagos, Nigeria, in August

22  of 2004.

23
24                                  **VII**

25      That in January 2005, the defendants, A.P. Moller Nigeria, Maersk Nigeria, Blosada,

26  Port Authority, and Customs were in possession of cargo shipping container

27  MSKU8123727; S Number 50666, which had arrived in Apapa, Port of Lagos Nigeria.

28                                  9.

**VIII**

That in January of 2005, the plaintiff visited Nigeria to inquire about the status of cargo shipping container MSKU8123727; S Number 50666, which, the plaintiff is informed and believes, arrived at Apapa, Port of Lagos, Nigeria in August of 2004, but, as of January of 2005, remained in the possession of the defendants, A.P. Moller Nigeria, Maersk Nigeria, Blosada, Port Authority, and Customs.

**IX**

That in January of 2005, upon the plaintiff's inquiry about the status of cargo shipping container MSKU8123727; S Number 50666, the defendants A.P. Moller Nigeria, Maersk Nigeria, Blosada, Port Authority, and Customs informed the plaintiff that plaintiff had an outstanding balance of over Ten Thousand Dollars, American, ($10,000.00), for shipping services and demurrage charges, and that the contents of cargo shipping container MSKU8123727; S Number 50666 would not be released to the plaintiff until all charges were paid.

**X**

That in January of 2005, upon the plaintiff's inquiry about the status of cargo shipping container MSKU8123727; S Number 50666, the defendants A.P. Moller, Maersk Lines, A.P. Moller Nigeria, Maersk Nigeria, Blosada, Port Authority, and Customs informed the plaintiff that the defendants A.P. Moller and Maersk Lines were demanding that the plaintiff return cargo shipping container MSKU8123727; S Number 50666 to the defendant Maersk Lines.

**XI**

10.

1   That from January of 2005 to April of 2005, the plaintiff, plaintiff's brother, and

2   associates sought an explanation from the defendants, and each of the defendants, of the

3   additional $10,000.00 charges, but were unable to receive an explanation of the increased

4

5   costs.

6                                    **XII**

7   That as of this filing the defendants, and each of the defendants, continue to demand

8   that the plaintiff tender to the defendants A.P. Moller Nigeria, Maersk Nigeria, Blosada,

9

10  Port Authority, and Customs $90,000.00 before the contents of cargo shipping container

11  MSKU8123727; S Number 50666 would be released to the plaintiff.

12                                   **XIII**

13  That at the time that the plaintiff and the defendants A.P. Moller and Maesrk Lines

14

15  entered into the agreement and contract between the plaintiff and the defendants A.P.

16  Moller and Maersk Lines, the defendant Maersk Lines intentionally represented to the

17  plaintiff that cargo shipping container MSKU8123727; S Number 50666, following

18

19  arrival at Apapa, Lagos Nigeria, would be inspected by the defendants Port Authority and

20  Customs, and, then, the contents of the shipping container would be released to recipients

21  of the plaintiff.

22                                   **XIV**

23  That at the time that the plaintiff and the defendants A.P. Moller and Maesrk Lines

24

25  entered into the agreement and contract between the plaintiff and the defendants A.P.

26  Moller and Maersk Lines, the defendants A.P. Moller and Maersk Lines knew that

27  the defendants A.P. Moller Nigeria, Maersk Nigeria, Blosada, Port Authority. and

28                                    11.

1  Customs would keep and maintain possession of cargo shipping container

2  MSKU8123727; S Number 50666, after it had arrived in Apapa, Port of Lagos Nigeria

3
   until all charges demanded by the defendants, A.P. Moller Nigeria, Maersk Nigeria,
4
5  Blosada, Port Authority, and Customs were paid.

6                                              **XV**

7      That at the time that the plaintiff and the defendants A.P. Moller and Maesrk Lines

8
   entered into the agreement and contract between the plaintiff and the defendants A.P.
9
10 Moller and Maersk Lines, the defendants A.P. Moller and Maersk Lines knew that

11 the defendants A.P. Moller Nigeria, Maersk Nigeria, Blosada, Port Authority, and

12 Customs would keep and maintain possession of cargo shipping container

13
   MSKU8123727; S Number 50666 until the plaintiff paid the defendants A.P. Moller
14
15 Nigeria, Maersk Nigeria, Blosada, Port Authority, and Customs an additional $10,000.00.

16                                             **XVI**

17     That at the time that the plaintiff and the defendants A.P. Moller and Maesrk Lines

18
   entered into the agreement and contract between the plaintiff and the defendants A.P.
19
20 Moller and Maersk Lines, the defendant Maersk Lines intentionally represented to the

21 plaintiff that cargo shipping container MSKU8123727; S Number 50666, following

22
   arrival at Apapa, Lagos Nigeria, would be inspected by the defendants Port Authority and
23
24 Customs, and, then, the contents of the shipping container would be released to recipients

25 of the plaintiff in order to induce the plaintiff's reliance upon Maersk Lines as a

26 dependable oceangoing cargo shipping service.

27                                             **XVII**
28                                              12.

1     That at the time that the plaintiff and the defendants A.P. Moller and Maesrk Lines

2  entered into the agreement and contract between the plaintiff and the defendants A.P.

3
   Moller and Maersk Lines, the defendant Maersk Lines intentionally represented to the
4

5  plaintiff that cargo shipping container MSKU8123727; S Number 50666, following

6  arrival at Apapa, Lagos Nigeria, would be inspected by the defendants Port Authority and

7  Customs, and, then, the contents of the shipping container would be released to recipients

8
   of the plaintiff, in order to induce the plaintiff to tender to the defendants A.P. Moller and
9

10 Maersk Lines $5,100.00.

11                                    **XVIII**

12     That at the time that the plaintiff and the defendants A.P. Moller and Maersk Lines

13
   entered into the agreement and contract between the plaintiff and the defendants A.P.
14

15 Moller and Maersk Lines, the defendant Maersk Lines intentionally represented to the

16 plaintiff that cargo shipping container MSKU8123727; S Number 50666, following

17 arrival at Apapa, Lagos Nigeria, would be inspected by the defendants Port Authority and

18
19 Customs, and, then, the contents of the shipping container would be released to recipients

20 of the plaintiff, the defendants A.P. Moller and Maesrk Lines caused the plaintiff to rely

21 on the defendants' dependability as an oceangoing cargo shipping service.

22                                    **XIX**

23
24     The defendants, A.P. Moller and Maersk Lines, have committed an intentional

25 misrepresentation as against the plaintiff, and have caused the plaintiff's reliance upon

26 such misrepresentations, and have caused the plaintiff damages.

27
                                      **XX**
28                                     13.

1   The defendants, A.P. Moller and Maesrk Lines, have, by their actions, and wrongful

2   failures to act, intentionally made misrepresentations of material facts to the plaintiff, an_d

3   have committed intentional fraud against the plaintiff, acting to impede the flow of

4

5   commerce as prohibited by 18 U.S.C. 1951(a), acting to finance the wrongful influence of

6   foreign officials as prohibited by 15 U.S.C. 78dd-1 et seq., and, acting to cause the

7   violation of the plaintiff's civil rights because of plaintiff's national origin as prohibited

8   against by 42 U.S.C. 1981(a), causing the plaintiff damages.

9

10  **THIRD CAUSE OF ACTION**
    **(Negligent Misrepresentation)**
11  **(Interference With Commerce)**
    **(Violation of the Foreign Corrupt Practices Act)**
12  **(Discrimination on the Basis of Nationality)**

13
    **I**
14

15  The plaintiff incorporates herein by reference each and all paragraphs of the SECOND

16  CAUSE OF ACTION.

17
    **II**
18

19  That at the time that the plaintiff and the defendants A.P. Moller and Maesrk Lines

20  entered into the agreement and contract between the plaintiff and the defendants A.P.

21  Moller and Maersk Lines, the defendant Maersk Lines represented to the plaintiff that

22  cargo shipping container MSKU8123727; S Number 50666, following arrival at Apapa,

23
    Lagos Nigeria, would be inspected by the defendants Port Authority and Customs, and,
24

25  then, the contents of the shipping container would be released to recipients of the

26  plaintiff.

27
    **III**
28  14.

1       That at the time that the plaintiff and the defendants A.P. Moller and Maesrk Lines

2   entered into the agreement and contract between the plaintiff and the defendants A.P.

3   Moller and Maersk Lines, the defendants A.P. Moller and Maersk Lines should,

4

5   reasonably have known, and should reasonably have foreseen, that the defendants A.P.

6   Moller Nigeria, Maersk Nigeria, Blosada, Port Authority, and Customs would keep and

7   maintain possession of cargo shipping container MSKU8123727; S Number 50666, after

8   it had arrived in Apapa, Port of Lagos Nigeria until all charges demanded by the

9

10  defendants, A.P. Moller Nigeria, Maersk Nigeria, Blosada, Port Authority, and Customs

11  were paid.

12                              **IV**

13

14      That at the time that the plaintiff and the defendants A.P. Moller and Maesrk Lines

15  entered into the agreement and contract between the plaintiff and the defendants A.P.

16  Moller and Maersk Lines, the defendants A.P. Moller and Maersk Lines should,

17  reasonably have known, and should reasonably have foreseen, that the defendants A.P.

18  Moller Nigeria, Maersk Nigeria, Blosada, Port Authority, and Customs would keep and

19

20  maintain possession of cargo shipping container MSKU8123727; S Number 50666 until

21  the plaintiff paid the defendants A.P. Moller Nigeria, Maersk Nigeria, Blosada, Port

22  Authority, and Customs an additional $10,000.00.

23

24                              **V**

25      That at the time that the plaintiff and the defendants A.P. Moller and Maersk Lines

26  entered into the agreement and contract between the plaintiff and the defendants A.P.

27  Moller and Maersk Lines, the defendant Maersk Lines represented to the plaintiff that

28                             15.

1   cargo shipping container MSKU8123727; S Number 50666, following arrival at Apapa,

2   Lagos Nigeria, would be inspected by the defendants Port Authority and Customs, and,

3
4   then, the contents of the shipping container would be released to recipients of the

5   plaintiff, the defendants, and each of the defendants, had a duty to disclose to plaintiff any

6   matter that might effect the plaintiff's contract with the defendants A.P. Moller and

7   Maersk Lines, but neither of the defendants ever made any such disclosure.

8
                                    **VI**
9

10      That at the time that the plaintiff and the defendants A.P. Moller and Maersk Lines

11  entered into the agreement and contract between the plaintiff and the defendants A.P.

12  Moller and Maersk Lines, the defendant Maersk Lines represented to the plaintiff that

13
14  cargo shipping container MSKU8123727; S Number 50666, following arrival at Apapa,

15  Lagos Nigeria, would be inspected by the defendants Port Authority and Customs, and,

16  then, the contents of the shipping container would be released to recipients of the

17  plaintiff, the defendants A.P. Moller and Maersk Lines caused the plaintiff's reliance

18
19  upon the defendants, and each of the defendants, services as a dependable oceangoing

20  cargo shipping service.

21                                  **VII**

22
23      That at the time that the plaintiff and the defendants A.P. Moller and Maersk Lines

24  entered into the agreement and contract between the plaintiff and the defendants A.P.

25  Moller and Maersk Lines, the defendant Maersk Lines represented to the plaintiff that

26  cargo shipping container MSKU8123727; S Number 50666, following arrival at Apapa,

27  Lagos Nigeria, would be inspected by the defendants Port Authority and Customs, and,

28                                   16.

1    then, the contents of the shipping container would be released to recipients of the

2    plaintiff, causing the plaintiff to tender to the defendants A.P. Moller and Maersk Lines

3    $5,100.00.

4

5                                           **VIII**

6        That at the time that the plaintiff and the defendants A.P. Moller and Maersk Lines

7    entered into the agreement and contract between the plaintiff and the defendants A.P.

8
9    Moller and Maersk Lines, the defendant Maersk Lines intentionally represented to the

10   plaintiff that cargo shipping container MSKU8123727; S Number 50666, following

11   arrival at Apapa, Lagos Nigeria, would be inspected by the defendants Port Authority and

12   Customs, and, would, then, the contents of the shipping container would be released to

13   recipients of the plaintiff, the plaintiff's reliance was justified.
14

15                                           **IX**

16       That as of this filing the defendants, and each of the defendants, continue to demand

17   that the plaintiff tender to the defendants A.P. Moller Nigeria, Maersk Nigeria, Blosada,

18   Port Authority, and Customs $90,000.00 before the contents of cargo shipping container
19

20   MSKU8123727; S Number 50666 would be released to the plaintiff.

21                                            **X**

22       The defendants, and each of the defendants, have committed a negligent

23
24   misrepresentation as against the plaintiff, and have caused the plaintiff damages.

25                                           **XI**

26       The defendants, A.P. Moller and Maersk Lines, have, by their actions, and wrongful

27   failures to act, negligently made misrepresentations of material facts to the plaintiff, and

28                                            17.

1    have committed a negligent misrepresentation against the plaintiff, impeding the flow of

2    commerce as prohibited by 18 U.S.C. 1951(a), acting to finance the wrongful influence of

3    foreign officials as prohibited by 15 U.S.C. 78dd-1 et seq., and, acting to violate the

4

5    plaintiff's civil rights because of plaintiff's national origin as prohibited against by 42

6    U.S.C. 1981(a), causing the plaintiff damages.

7

8                              **FOURTH CAUSE OF ACTION**

9                                    **(Conversion)**
                               **(Interference With Commerce)**
10             **(Violation of the Foreign Corrupt Practices Act)**
                   **(Discrimination on the Basis of Nationality)**
11

12                                          **I**

13
       The plaintiff incorporates herein by reference each and all paragraphs of the <u>THIRD</u>
14
15    <u>CAUSE OF ACTION</u>.

16                                         **II**

17     That as of this filing the defendants, and each of the defendants, continue to demand

18
      that the plaintiff tender to the defendants A.P. Moller Nigeria, Maersk Nigeria, Blosada,
19
20    Port Authority, and Customs $90,000.00 before the contents of cargo shipping container

21    MSKU8123727; S Number 50666 would be released to the plaintiff.

22                                        **III**

23
       At all times herein mentioned, the defendants, and each of the defendants, intended to
24
25    act, and maintain an intent to act, to invade the plaintiff's interest in plaintiff's personal

26    property, and to take possession of the plaintiff's personal property for the defendants',

27    and each defendant's, personal gain.

28                                         18.

1  U.S.C. 78dd-1 et seq., and, have acted to violate the plaintiff's civil rights because of

2  plaintiff's national origin as prohibited against by 42 U.S.C. 1981(a), causing the plaintiff

3  damages.

4

5  **WHEREFORE**, the plaintiff prays,

6      1. For damages for the defendants', and each defendant's, breach of contract;

7      2. For damages for the defendants', and each defendant's, intentional

8  misrepresentation;

9

10     3. For damages for the defendants', and each defendant's, negligent misrepresentation;

11     4. For damages for the defendants', and each defendant's, conversion;

12     5. For damages for the defendants', and each defendant's, violation of 18 U.S.C.

13  1951(a);

14

15     6. For damages for the defendants', and each defendant's, violation of the Foreign

16  Corrupt Practices Act of 1977, 15 U.S.C. 78dd-1 et seq.;

17     7. For damages for the defendants', and each defendant's, violation of 42 U.S.C.

18  1981(a);

19

20     8. For costs of suit; and,

21     9. For such other and further relief as the court may deem meet and just under the

22  premises.

23

24  **And, in the alternative,**

25     1. For damages in an amount of not less than $10,000,000.00

26     2. For costs of suit; and,

27

28     3. For such other and further relief as the court may deem meet and just under the
                                    20.

1    premises.

2    Dated: January 17, 2008

3    _____
     RAIMI SHOAGA-Plaintiff In Pro Se

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                              21.

# TARGET SHIPPING

**BILL OF LADING**

| | |
|---|---|
| **SHIPPER** RAIMI SHAOGA 1080 67TH STREET OAKLAND, CA 94681 | **REFERENCE NO.** TGT 21368   **CARRIER BOOKING NO.** 2435171 |
| | **EXPORT REFERENCES** |

**CONSIGNEE - ( NOT NEGOTIABLE UNLESS CONSIGNED TO ORDER ):**
RAIMI SHOAGA
C/O JELILAT NAFFO & BILLY SHOAGA
P.O. BOX 1924 - SAPON, ABEOKUT 7
OGUN NIGERIA, WEST AFRICA

**FORWARDING AGENT - References 6123**
SKY 2 C FREIGHT SYSTEMS
25072 VIKING STREET
HAYWARD, CA 94545

**POINT AND COUNTRY OF ORIGIN**
CALIFORNIA          UNITED STATES OF AMERICA

**NOTIFY PARTY**
SAME AS ABOVE

**ALSO NOTIFY - ROUTING INSTRUCTIONS.**

| PIER | PLACE OF RECEIPT by PRE-CARRIER | RELEASE AGENT MAERSK NIGERIA LTD-LAGOS MAERSK HOUSE, 121 LOUIS SOLOMON CLOSE, PO BOX 72554 VICTORIA ISLAND, LAGOS NIGERIA TEL: +234 01 2626430 |
|---|---|---|
| **VESSEL AND VOYAGE NUMBER** CONDOR 0415 | **PORT OF LOADING** OAKLAND | |
| **PORT OF DISCHARGE** LAGOS | **PLACE OF DELIVERY** | |

| Mrks & Nos/Container Nos | Container Type | Description | Cargo | Gross Weight | Measurement |
|---|---|---|---|---|---|
| MSKU 812372 7 S#: 506667 | 1x40HC | CONTAINER SLAC: 1 LOT HOUSEHOLD GOODS & PERSONAL EFFECTS THESE COMMODITIES, TECHNOLOGY OR SOFTWARE WERE EXPORTED FROM THE UNITED STATES IN ACCORDANCE WITH THE EXPORT ADMINISTRATION REGULATIONS. ULTIMATE DESTINATION NIGERIA. DIVERSION CONTRARY TO UNITED STATES LAW PROHIBITED. | | 30000.00L 13607.91K | |

FREIGHT PREPAID
NO SED REQUIRED-VALUE UNDER $2500
SHIPPER'S LOAD STOW & COUNT

Phone # 1-977-699-9444

**NON NEGOTIABLE**

1-877-6999 44 x 5768

These commodities, technology or software were exported from the United States in accordance with the export administrative regulations. Diversion contrary to U.S. law prohibited.

**SHIPPER DECLARED VALUE $**

| RATES | BASE | PREPAID | COLLECT | CUR |
|---|---|---|---|---|
| | | | | |
| | | | | |
| FREIGHT PREPAID | | | | |
| | | | | |

**Place and Date of Issue**
JUL 29, 2004

**Number of Original Bills of Lading**
3

**Place and Date of Issue**
JUL 29, 2004

Dated  JUL 29  2004

**SERIAL OF LADING NO.** TGT 21368      EX 4-5



**MAERSK SEALAND**

OCEAN INVOICE

COPY

Olce Code: SHC068

Invoice Number: 645189540

Invoice Date: 13-Jan-08

Prepared by:

Bill of Lading No(s): SJN428134

Customer: FEMI SHOAGA
c/o FEMI SHOAGA FEFO & BILLY SHOAGA
P.O. BOX 1924
SAPONE ABEOKUTA

Place of Receipt: OAKLANDE
Loaded Port: NEWARK
Discharge Port: APAPA
Place of Delivery: APAPA
Attending Vessel: CRISTIAN MAERSK
Arrival Date: 05-Sep-08

Freetime Dry: Standard   Days
Freetime Reefer: Standard   Days

| Container No. | Size | Type | Charges | Basis | Unit | Rate | Amount |
|---|---|---|---|---|---|---|---|
| MSKU6133727 | 40 | HIGH | THC | 40 | 1 | 56,300 | 56,300 |
| | | | Doc Fees | CBL | 1 | 2,190 | 2,190 |
| | | | Cleaning Charge | 40 | 1 | 840 | 840 |
| | | | Mowca Charge | 40 | 1 | | |
| | | | Deposit - Outside Lagos | 40 | 1 | 300,000 | 300,000 |
| | | | Com Dep | ls | 0.05 | 300,000 | 15,000 |
| | | | Demurrage | 40 | | 22,893 | 160,251 |
| | | | Demurrage | 40 | | 128 | 163,998 |
| | | | Telex Release | BL | | 10,000 | 10,000 |

| | | | | | | Total Charges | 698,565 |
| | | | VAT | 5.00% | NAIRA | 393,565 | 19,677 |
| | | | GRAND TOTAL | | NAIRA | | 713,242 |

VAT N: ARV19002229330

DEPT. APPROVAL



**MAERSK SEALAND**

CHARGE CALCULATION BREAKDOWN    05/01/13 22:20

RBGS MLODSADA

Type: DET    Loc: NGAPP    DMG IMP

Vsl/Voy/Line

RAIMI SHOAGA

Grand Total (DET): NGN    308,745.00

Container Id...: MSKU8123727(HVH )
Detention Period: 04/09/08-05/09/14    (FT) NGAPP    00034,001
Exemption Period: 04/09/15-05/01/27
Chargeable    NGN    2,287.00 x135 days NGAPP    00034,004

308,745.00
308,745.00

137,220



## NIGERIAN PORTS AUTHORITY
## CONTAINER TERMINAL APAPA/IJORA    № 014333

To: ...... As Under ............................    Date: ..... 13/1/2005 ..............

From: ... Port Manager, CT ...............    Ref: .. CT/PM/OP/R.2/ ○5.| ........

### CLEARANCE NOTIFICATION

Please raise Debit Note for the following Container(s) not yet listed as Overtime to: ...................

.................. RAIMI SHOAGA ATTN: COST & FREIGHT AG. LTD. ....................

provided the container(s) is/are not under detention.

This is subject to payment of Customs Import Duty, Shipping Company Charges and Other Applicable Port Charges.

| CONTAINER NUMBER(S) | VESSEL | DATE OF ARRIVAL | TOTAL NUMBER OF CONTAINER(S) | REMARKS |
|---|---|---|---|---|
| MSKU 812372-1 | CHRISTIAN MSK B/L/NO. 171 | 24/8/2004 | 1x40' Cont. (one) only. | |

On receipt of this memo, the Principal Manager (Marketing) is directed to ensure that Customs Exchange Control, Shipping Company's Release Slip, Bank Revenue Receipt for Import Duty are in order and other formalities at the port Strictly complied with before issuance of N.P.A. Delivery documents

However companies without IDR should **NOT** be treated, please.

PORT MANAGER 13/1/05
for: PORT MANAGER, CT

DISTRIBUTION:
Traffic Manager, CT.
Prin. Manager (Marketing) CT.
Senior Manager (Traffic) Lilypond, Ijora
P. A. - Port Manager, CT.

**JS 44** (Rev. 12/07) (cand rev 1-16-08)

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

### I. (a) PLAINTIFFS

RAIMI SHOAGA

### DEFENDANTS

A.P. MOLLER-MAERSK GROUP, aka A.P. MOLLER-MAERSK A/S, aka DANISH A.P. MOLLER-MAERSK GRUPPEN, et al.

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

ALAMEDA

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

RAIMI SHOAGA
P.O. Box 7274
Oakland, California 94601
(510) 395-2926

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question
(U.S. Government Not a Party)

☒ 4 Diversity
(Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☒ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | Security Act | ☐ 871 IRS—Third Party | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | 26 USC 7609 | ☐ 900 Appeal of Fee |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | **IMMIGRATION** | | Determination |
| | Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | Under Equal Access |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – | | to Justice |
| | Other | | Alien Detainee | | ☐ 950 Constitutionality of |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration | | State Statutes |
| | | | Actions | | |

### V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
18 U.S.C. 1951(a); 15 U.S.C. 78dd-1 et seq.; 42 U.S.C. 1981; 28 U.S.C. 1331, 28 U.S.C. 1332(2), and 28 U.S.C. 1333(1)

Brief description of cause:
Breach of Contract, Fraud, Conversion, Intereference With Commerce, Foreign Corrupt Practices Act, Discrimination

### VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $ 10,000,000.00

CHECK YES only if demanded in complaint
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE
"NOTICE OF RELATED CASE".

### IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

☒ SAN FRANCISCO/OAKLAND   ☐ SAN JOSE

DATE  2/4/08

SIGNATURE OF ATTORNEY OF RECORD   Shoaga