1  JOHN D. GIFFIN, CASB No. 89608
   john.giffin@kyl.com
2  JOHN COX, CASB No. 197687
   john.cox@kyl.com
3  KEESAL, YOUNG & LOGAN
   A Professional Corporation
4  Four Embarcadero Center, Suite 1500
   San Francisco, California  94111
5  Telephone:   (415) 398-6000
   Facsimile:    (415) 981-0136
6
7  Attorney For Defendants
   MAERSK, INC. and MAERSK LINES LIMITED

8              UNITED STATES DISTRICT COURT

9           NORTHERN DISTRICT OF CALIFORNIA

10

11  RAIMI SHOAGA,                          )  Case No. C08-00786-BZ
                                           )
12                        Plaintiff,       )
                                           )
13            vs.                          )  **NOTICE OF MOTION AND MOTION**
                                           )  **TO DISMISS DUPLICATIVE**
14                                         )  **COMPLAINT FOR LACK OF**
    A.P. MOLLER-MAERSK GROUP, aka          )  **JURISDICTION AND FAILURE TO**
15  A.P. MOLLER-MAERSK A/S, aka            )  **STATE A CLAIM UPON WHICH**
    DANISH A.P. MOLLER-MAERSK              )  **RELIEF CAN BE GRANTED**
16  GRUPPEN, aka FIRMAET A.P. MOLLER       )
    MAERSK; MAERSK, INC.; MAERSK           )  [FRCP 12(B)(1)]
17  LINES LTD.; MAERSK NIGERIA, LTD.,      )  [FRCP 12(B)(6)]
    aka MAERSK, aka MAERSK SEALAND;        )
18  A.P. MOLLER NIGERIA, LTD.;             )  Date:  July 2, 2008
    BLOSADA; NIGERIAN PORT                 )  Time:  10:00 a.m.
19  AUTHORITY; NIGERIAN CUSTOMS            )  Dept:  Courtroom G, 15th Floor, Magistrate
    AUTHORITY; ATTORNEY GENERAL OF )          Judge Bernard Zimmerman
20  THE FEDERAL REPUBLIC OF                )
    NIGERIA,                               )
21                                         )
                          Defendant.       )
22  _____  )

23

24

25

26

27

28

KYL_SF462413

NOTICE OF MOTION AND MOTION TO DISMISS - Case No. C08-00786

1
2

# <u>TABLE OF CONTENTS</u>

NOTICE OF MOTION ........................................................................................... 1

MOTION ............................................................................................................. 1

I. INTRODUCTION ............................................................................................. 1

II. APPLICABLE LAW GOVERNING MOTIONS TO DISMISS ......................... 3

    A.    Motions To Dismiss For Lack Of Jurisdiction ......................................... 3

    B.    Motions To Dismiss For Failure To State A Claim Upon Which Relief
        Can Be Granted ..................................................................................... 3

III. RELEVANT FACTS ....................................................................................... 4

IV. LEGAL ARGUMENT ...................................................................................... 7

    A.    This Court Lacks Subject Matter Jurisdiction Over This Case
        Pending Resolution Of Plaintiff's Appeal To The Ninth Circuit ............... 7

    B.    Plaintiff Has Failed To State A Claim For Which Relief Can Be
        Granted ................................................................................................. 8

        1.    Plaintiff's New Claims Are Precluded By This Court's
            Final Judgment In The Prior Action Between These
            Parties On These Claims .............................................................. 8

            a)    Plaintiff's Entire New Claim Is Precluded ........................... 9

            b)    The Issues Previously Litigated Are Precluded .................. 11

    C.    Plaintiff Is Barred From Bringing A Duplicative Complaint ..................... 12

    D.    Plaintiff's Claims Are Time Barred ......................................................... 13

        1.    Plaintiff's Breach Of Contract Claim Is Time Barred ................... 14

        2.    Plaintiff's Negligent and Intentional Misrepresentation
            (Fraud) Claims Are Time Barred ................................................. 14

        3.    Plaintiff's Conversion Claim Is Time Barred ................................ 14

        4.    Plaintiff's Interference With Commerce And Foreign
            Corrupt Practices Act Claims Are Criminal Statutes
            With No Private Right Of Action ................................................... 15

        5.    Plaintiff's Discrimination Based Upon National Origin
            Claim Is Time Barred .................................................................. 15

V. CONCLUSION .............................................................................................. 15

KYL_SF462413

NOTICE OF MOTION AND MOTION TO DISMISS - Case No. C08-00786

# TABLE OF AUTHORITIES

## Cases

Adams v. California Department of Health Services,
    487 F.3d 684 (9th Cir. 2007) .................................................................. 12, 13

Allen v. McCurry,
    449 U.S. 90 (1980) ................................................................................. 8, 11

Allsopp v. Joshua Hendy Mach. Works,
    5 Cal. App. 228 (1907) ................................................................................ 14

Arizona v. California,
    530 U.S. 392 (2000) ............................................................................... 11, 12

Assoc. of Am. Med. Colleges v. United States,
    217 F. 3d 770 (9th Cir. 2000) ........................................................................ 3

Bankers Trust Co. v. Mallis,
    435 U.S. 381 (1978) ....................................................................................... 9

Big Bear Lodging Ass'n v. Snow Summit, Inc.,
    182 F.3d 1096 (9th Cir. 1999) ....................................................................... 3

Bingaman v. Department of the Treasury,
    127 F.3d 1431 (Fed.Cir.1997) ..................................................................... 11

Blonder-Tongue Laboratories v. University of Ill. Found.,
    402 U.S. 313 (1971) ....................................................................................... 8

Carson v. Department of Energy,
    398 F.3d 1369 (Fed.Cir.2005) ....................................................................... 8

Colello v. U.S. Securities and Exchange Commission,
    908 F. Supp. 738 (C.D. Cal. 1995) ................................................................ 9

Costantini v. Trans World Airlines,
    681 F.2d 1199 (9th Cir. 1982) ....................................................................... 9

Curtis v. Citibank, N.A.,
    226 F.3d 133 (2nd Cir. 2000) ...................................................................... 12

Davis v. United States,
    667 F.2d 822 (9th Cir. 1982) .................................................................... 7, 12

Day v. Moscow,
    955 F.2d 807 (2nd Cir. 1992) ..................................................................... 4, 8

Faust v. United States,
    101 F.3d 675 (Fed.Cir.1996) ......................................................................... 8

Federated Dep't Stores, Inc. v. Moitie,
    452 U.S. 394 (1981) ....................................................................................... 9

NOTICE OF MOTION AND MOTION TO DISMISS - Case No. C08-00786

<u>Hartsel Springs Ranch of Colorado, Inc. v. Bluegreen Corp.</u>,
    296 F.3d 982 (10th Cir.2002) ................................................................. 12

<u>In re Delorean Motor Co.</u>,
    991 F.2d 1236 (6th Cir. 1993) .................................................................. 4

<u>Kokkonen v. Guardian Life Ins. Co.</u>,
    511 U.S. 375 (1994) ............................................................................ 3, 7

<u>Kremer v. Chemical Construction Corporation</u>,
    456 U.S. 461 (1982) ................................................................................ 8

<u>Lamb v. Phillip Morris, Inc.</u>,
    915 F.2d 1024 (6th Cir. 1990) ........................................................... 13, 15

<u>McClatchy Newspapers v. Central Valley Typographical Union No. 46, Intern.
    Typographical Union</u>,
    686 F. 2d 731 (9th Cir. 1982) .................................................................. 7

<u>MGIC Indem. Corp. v. Weisman</u>,
    803 F.2d 500 (9th Cir. 1986) ................................................................... 4

<u>Mullis v. United States Bank. Ct.</u>,
    828 F.2d 1385 (9th Cir. 1987) ................................................................. 4

<u>Nordhorn v. Ladish Co., Inc.</u>, 9 F.3d at 1405 ........................................... 9

<u>Oliney v. Gardner</u>,
    771 F.2d 856 (5th Cir.1985) .................................................................. 12

<u>Pareto v. F.D.I.C.</u>,
    139 F.3d 696 (9th Cir. 1998) ................................................................... 4

<u>Rio Properties, Inc. v. Rio Int'l Interlink</u>,
    284 F.3d 1007 (9th Cir. 2002) ................................................................. 3

<u>Safe Air for Everyone v. Meyer</u>,
    373 F. 3d 1035 (9th Cir. 2004) ................................................................ 3

<u>Saint Francis College v. Al-Khazraji</u>,
    481 U.S. 604 (1987) .............................................................................. 13

<u>Sea-Land Services, Inc. v. Lozen Int'l LLC</u>,
    285 F.3d 808 (9th Cir. 2002) ................................................................. 14

<u>Serlin v. Arthur Andersen & Co.</u>,
    3 F.3d 221 (7th Cir.1993) ...................................................................... 12

<u>Smith v. McCullough</u>,
    270 U.S. 456 (1926) ................................................................................ 3

<u>Stock West, Inc. v. Confederated Tribes of the Colville Reservation</u>,
    873 F.2d 1221 (9th Cir. 1989) .............................................................. 3, 7

<u>Sumida v. Yumen</u>,
    409 F.2d 654 (9th Cir. 1969), cert. denied, 405 U.S. 964,
    92 S.Ct. 1168, 31 L.Ed.2d 240 (1972) ..................................................... 7

KYL_SF462413
NOTICE OF MOTION AND MOTION TO DISMISS - Case No. C08-00786

Sutcliffe Storage & Warehouse Co. v. United States,
    162 F.2d 849 (1st Cir.1947) ............................................................. 12

Taylor v. Wood,
    458 F.2d 15 (9th Cir. 1972) ........................................................ 7, 15

Thompson v. Thompson,
    484 U.S. 174 (1998) .......................................................................... 15

Tosco Corp. v. Communities for a Better Env't,
    236 F.3d 495 (9th Cir. 2001) ............................................................ 3

Walton v. Eaton Corp.,
    563 F.2d 66 (3rd Cir. 1977) ........................................................... 12

Williamson v. Gen. Dynamics Corp.,
    208 F.3d 1144 (9th Cir. 2000) ......................................................... 3

Wisdom v. First Midwest Bank,
    167 F.3d 402 (8th Cir. 1999) ......................................................... 15

Zerilli v. Evening News Ass'n,
    628 F.2d 217 (D.C.Cir.1980) ......................................................... 12

## Statutes

15 U.S.C. sections 78dd-1 *et seq.*........................................................ 6, 1415

18 U.S.C. section 201 ............................................................................... 4, 5

18 U.S.C. section 1951 ............................................................................. 5, 6

18 U.S.C. section 1951(b)(2) .................................................................... 4, 5

42 U.S.C. § 1981 ......................................................................................... 15

42 U.S.C. section 1981 ........................................................................... 6, 13

46 U.S.C. sections 1300-1315 ................................................................... 14

46 U.S.C. § 1303(6) .................................................................................... 14

46 U.S.C. app. § 1300 ................................................................................ 14

Cal. Civ. Proc. § 338(c) ............................................................................. 14

Cal. Civ. Proc. § 338(d) ............................................................................. 14

## Rules

Fed. Rule Civ. Proc.
    Rule 12(b)(6) ...................................................................... 1, 3, 4, 8
    Rule 12(b)(1) ................................................................................... 1

Local Rule 3-3 ............................................................................................. 2

KYL_SF462413

NOTICE OF MOTION AND MOTION TO DISMISS - Case No. C08-00786

1  **TO THE COURT AND PLAINTIFF RAIMI SHOAGA:**

2          NOTICE IS HEREBY GIVEN that on July 2, 2008 at 10:00 a.m. Courtroom

3  G, 15th Floor, of the above-entitled Court, Magistrate Judge Bernard Zimmerman

4  presiding[1], Defendants MAERSK, INC. and MAERSK LINES LIMITED (hereinafter

5  "Defendants") will, and hereby do, move to dismiss proceedings pursuant to the Federal

6  Rules of Civil Procedure, Rules 12(b)(1) and 12(b)(6), on all causes of action against

7  Defendants contained in *in propria persona* Plaintiff RAIMI SHOAGA's ("Plaintiff")

8  duplicative Complaint re-filed herein.  Defendants further request that this Court take

9  judicial notice of its own file C05-02213-SBA.[2]  Plaintiff originally filed the above

10  captioned Complaint under that docket number, currently pending appeal before the

11  Ninth Circuit.

12          This Motion and Request will be based upon this Notice of Motion and

13  Motion to Dismiss and Stay Proceedings, the accompanying Memorandum of Points and

14  Authorities, Defendant's Request For Judicial Notice, the Declaration of John Cox and

15  all Exhibits attached thereto and such other oral argument as may be introduced at the

16  hearing of this matter.

17  **I.      INTRODUCTION**

18          This case is a contract dispute between Plaintiff and Defendants.

19  Defendant's previously prevailed in a motion for summary judgment on this same claim

20  in case number C05-02213-SBA.  The appeal in that case is pending.  Rather than wait

21  for the resolution of the appeal, Plaintiff has simply refiled this lawsuit.

22          In July 2004, Plaintiff entered into a contract with a shipping company,

23  Target Shipping, Inc. to ship a cargo container of household goods from Oakland,

24  California to Lagos, Nigeria.  Target Shipping is not named as a Defendant.  Plaintiff's

25  goods were delivered to Lagos, Nigeria in August 2004.  The Nigerian government then

26  ──────────────────────────────

27  [1] Defendants have concurrently filed a declination to proceed before a magistrate judge and an Administrative Motion to Relate This Case with case C05-02213-SBA.

28  [2] Defendants have concurrently filed a Request For Judicial Notice.

1    detained Plaintiff's goods until January 2005. When the Nigerian government released

2    Plaintiff's goods he refused to pay the demurrage charges for the extended use of the

3    cargo container. Demurrage charges are in essence rent for the use of the container.

4    Plaintiff is obligated to pay the demurrage charges according to the terms of the bill of

5    lading, or shipping contract, between Plaintiff and Target Shipping. As Plaintiff has

6    admitted in the past, and this Court has recognized, his dispute is with the Nigerian

7    government and has no connection to the moving defendants or the courts of the United

8    States.

9         Plaintiff originally filed this action by Complaint in case number C05-

10    02213-SBA. This Court granted Moving Defendants' Motion For Summary Judgment on

11    November 7, 2006. The Complaint was dismissed with prejudice in its entirety on

12    December 11, 2006. Plaintiff appealed that dismissal and all interlocutory orders on

13    January 11, 2007. The appeal is currently pending before the United States Court of

14    Appeals for the Ninth Circuit under Docket Number 07-15073. Plaintiff has now refiled

15    a nearly identical Complaint in the above captioned matter involving the same

16    transaction and occurrence and causes of action. However, Plaintiff failed to file a notice

17    of related case in violation of Local Rule 3-3.[3]

18         This case must be dismissed in its entirety for the following reasons: First,

19    this court lacks subject matter jurisdiction over the matters alleged in the Complaint

20    while the case is pending appeal. Second, Plaintiff's duplicative Complaint is barred by

21    Res Judicata. Third, Plaintiff's claims are time barred by the applicable statutes of

22    limitations.

23         Defendants respectfully request that this Court dismiss this case in its

24    entirety with prejudice. Defendants further request that this Court take judicial notice

25    of its own files and those of the United States Court of Appeals including the documents

26    attached to the Declaration of John Cox filed concurrently with this Motion.

27    _____

      [3] Defendants have concurrently filed an Administrative Motion to Consider Whether

28    Cases Should Be Related.

## II.    APPLICABLE LAW GOVERNING MOTIONS TO DISMISS

### A.    Motions To Dismiss For Lack Of Jurisdiction

On a motion to dismiss for lack of jurisdiction, the plaintiff bears the burden of establishing that jurisdiction exists. Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1019 (9th Cir. 2002). Unless a plaintiff can prove otherwise, a federal court must presume an action lies outside of its jurisdiction. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); see also, Stock West, Inc. v. Confederated Tribes of the Colville Reservation, 873 F.2d 1221, 1225 (9th Cir. 1989). "A plaintiff suing in federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." Smith v. McCullough, 270 U.S. 456, 459 (1926); Tosco Corp. v. Communities for a Better Env't, 236 F.3d 495, 499 (9th Cir. 2001).

A party moving to dismiss for lack of subject matter jurisdiction may submit "affidavits or any other evidence properly before the court.... It then becomes necessary for the party opposing the motion to present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." Assoc. of Am. Med. Colleges v. United States, 217 F. 3d 770, 778 (9th Cir. 2000); Safe Air for Everyone v. Meyer, 373 F. 3d 1035, 1038 (9th Cir. 2004).

### B.    Motions To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted

Federal Rule of Civil Procedure ("FRCP"), Rule 12(b)(6), provides for the dismissal of an action where plaintiff cannot state a claim upon which relief can be granted. Fed. Rule Civ. Proc. 12(b)(6). Dismissal is appropriate when it is clear that no relief may be granted consistent with the allegations set forth in the complaint. See Williamson v. Gen. Dynamics Corp., 208 F.3d 1144, 1149 (9th Cir. 2000); Big Bear Lodging Ass'n v. Snow Summit, Inc., 182 F.3d 1096, 1101 (9th Cir. 1999).

Normally, the court must accept as true all material allegations in the

1  complaint, as well as reasonable inferences to be drawn from them. Pareto v. F.D.I.C.,

2  139 F.3d 696, 699 (9th Cir. 1998). However, the Court need not accept as true

3  conclusionary allegations or legal characterizations. In re Delorean Motor Co., 991 F.2d

4  1236, 1240 (6th Cir. 1993).

5        Moreover, the court need not accept as true allegations that contradict facts

6  which may be judicially noticed by the court. Mullis v. United States Bank. Ct., 828

7  F.2d 1385, 1388 (9th Cir. 1987). A matter that is properly the subject of judicial notice

8  may be considered along with the complaint when deciding a motion to dismiss for

9  failure to state a claim. MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir.

10  1986). Therefore, the defense of res judicata can be raised by a Rule 12(b)(6) motion

11  when "all relevant facts are shown by the court's own records, of which the court takes

12  notice." Day v. Moscow, 955 F.2d 807, 811 (2nd Cir. 1992).

13  **III.    RELEVANT FACTS**

14        On June 1, 2005, Plaintiff filed his original Complaint in this matter under

15  USDC docket number C05-02213-SBA. (Declaration of John Cox ("Cox Decl.") Exhibits 1

16  and 8.) That Complaint named Maersk Nigeria, Ltd., Maersk Sealand Shipping

17  Worldwide, and Target Shipping Inc. as defendants. (Id.) Plaintiff alleged causes of

18  action for "extortion", breach of contract of carriage, "illegal revenue enhancement,"

19  fraudulent misrepresentation, intentional and negligent misrepresentation, "corruption,"

20  and illegal demurrage charges. (Id.)

21        On September 6, 2005, Plaintiff voluntarily dismissed Defendant Target

22  Shipping Inc. (Cox Decl., Exhibit 8.)

23        On October 14, 2005, Plaintiff filed an Amended Complaint against

24  "Blosada," Maersk, Inc., Maersk Lines, Ltd., and Maersk Nigeria Ltd. (Id.; Cox Decl.,

25  Exhibit 2.) The Amended Complaint alleged causes of action for breach of contract,

26  violations of 18 U.S.C. sections 1951(b)(2) and 201, and fraud. (Id.) On January 24,

27  2006, this Court dismissed with prejudice the causes of action for violations of 18 U.S.C.

28  sections 1951(b)(2) and 201. (Id.; Cox Decl., Exhibit 3.) The Court further dismissed the

1  fraud cause of action but granted Plaintiff leave to amend.  (Id.)  The Court also

2  dismissed without prejudice Defendants Blosada and Maersk Nigeria, Ltd for lack of

3  personal jurisdiction.  (Id.)

4        On February 16, 2006, Plaintiff filed a Second Amended Complaint against

5  Blosada, Maersk, Inc., Maersk Lines Ltd., and Maersk Nigeria Ltd.  (Cox Decl., Exhibit

6  4.)  The Second Amended Complaint failed to plead facts sufficient to establish

7  jurisdiction over Defendants Blosada and Maersk Nigeria Ltd.  (Id.)  On April 13, 2006,

8  this Court dismissed Plaintiff's fraud claim.  (Cox Decl., Exhibit 12.)  On April 26, 2006,

9  this Court dismissed defendants Blosada and Maersk Nigeria Ltd.  (Cox Decl., Exhibit

10  5.)

11        On July 27, 2006, Plaintiff filed a Third Amended Complaint against

12  Defendants A.P. Moller-Maersk Group, Maersk, Inc., and Maersk Lines Ltd.  (Cox Decl.,

13  Exhibit 6.)  The Third Amended Complaint alleged a cause of action for breach of

14  contract.  On November 7, 2006, this Court granted Defendants Maersk, Inc. and

15  Maersk Lines Limited Motion to Dismiss.  (Cox Decl., Exhibit 7.)  In the Order granting

16  the Motion this Court held that

17        Plaintiff has failed to offer any evidence that he had a contract
       of carriage with Maersk Line Limited.  Maersk Line Limited
18        did not issue a bill of lading for transport of Plaintiff's cargo.
       Maersk Line Limited does not own or operate the vessels on
19        which Plaintiff's cargo was carried from the United States to
       Lagos, Nigeria.  Accordingly, Plaintiff's cause of action for
20        breach of contract as against Maersk Line Limited is
       dismissed.
21
       Plaintiff has also failed to offer any evidence that Maersk, Inc.
22        breached the contract of carriage that was issued by Maersk,
       Inc. as the shipping agent for the carrier Target Shipping.
23        Maersk, Inc. was not the carrier of Plaintiff's cargo.  Instead, it
       operated only as a shipping agent whose responsibility was to
24        issue bills of lading on behalf of the carrier.  A bill of lading
       was issued and Maersk, Inc. fulfilled its duty to issue the bill
25        of lading.  Accordingly, Plaintiff's cause of action for breach of
       contract as against Maersk, Inc. is dismissed.
26
  (Id.)  The Court further ordered Plaintiff to show cause as to why his complaint should
27
  not be dismissed in its entirety for failure to serve A.P. Moller-Maersk.  (Id.)
28
        On December 11, 2006, this Court dismissed Plaintiff's Third Amended

1    Complaint in its entirety. (Cox Declaration, Exhibit 9.)  Plaintiff filed a Notice of Appeal

2    on January 10, 2007. (Cox Declaration, Exhibit 10.)  Plaintiff is appealing the Court's

3    December 11, 2006 Order and all interlocutory orders that gave rise to that judgment.

4    (Id.)  The appeal is currently pending before the United States Court of Appeals for the

5    Ninth Circuit under docket number 07-15073.

6            On February 4, 2008, Plaintiff filed a duplicative Complaint ("New

7    Complaint") in this case under docket number C08-00786. (Cox Decl., Exhibit 11.)  The

8    Complaint, as captioned above, names A.P. Moller-Maersk Group, Maersk, Inc., Maersk

9    Lines Limited, Maersk Nigeria, Ltd, A.P. Moller Nigeria, Ltd., Blosada, Nigerian Port

10   Authority, Nigerian Customs Authority, and the Attorney General of the Federal

11   Republic of Nigeria as Defendants.  (Id.)  Plaintiff has once again alleged causes of action

12   for (1) breach of contract; (2) intentional misrepresentation (Fraud); (3) negligent

13   misrepresentation; and (4) 18 U.S.C. section 1951.  The New Complaint has also added

14   for the first time causes of action under the Foreign Corrupt Practices Act, 15 U.S.C.

15   section 78dd-1 *et seq.* and discrimination on the basis of national origin pursuant to 42

16   U.S.C. section 1981.

17           All of Plaintiff's Complaints filed in the above captioned matter and in his

18   first lawsuit under docket number 05-02213-SBA involve the same operative facts.  (Cox

19   Decl., Exhibits 1 and 11.)  On July 29, 2004, Plaintiff entered into a contract  with

20   Target Shipping, Inc. to ship a cargo container of goods from Oakland, California to

21   Lagos, Nigeria.  (Id.)  Those goods were shipped to Nigeria in cargo container

22   MSKU8123127 and arrived on August 24, 2004.  (Id.) The Nigerian Port Authority did

23   not release the cargo container until January 13, 2005.  (Id.)  Plaintiff refused to pay

24   demurrage charges for the cargo container from August 2004 through January 2005.

25   (Id.)

26

27

28

1    **IV.**    **LEGAL ARGUMENT**

2      **A.**    **This Court Lacks Subject Matter Jurisdiction Over This Case**

3          **Pending Resolution Of Plaintiff's Appeal To The Ninth Circuit**

4       This Court lacks jurisdiction over Plaintiff's refiled Complaint for the

5 simple reason that the original case, docket number C05—02213-SBA, is on appeal

6 before the United States Court of Appeals for the Ninth Circuit. The filing of a notice of

7 appeal divests the district court of jurisdiction over the matters appealed. McClatchy

8 Newspapers v. Central Valley Typographical Union No. 46, Intern. Typographical

9 Union, 686 F. 2d 731, 734 (9th Cir. 1982) (citing Davis v. United States, 667 F.2d 822,

10 824 (9th Cir. 1982); Taylor v. Wood, 458 F.2d 15, 16 (9th Cir. 1972); Sumida v. Yumen,

11 409 F.2d 654, 656-57 (9th Cir. 1969), cert. denied, 405 U.S. 964, 92 S.Ct. 1168, 31

12 L.Ed.2d 240 (1972)). "When a judgment is appealed, jurisdiction over the case passes to

13 the appellate court." Id.

14       Rather than awaiting the decision of the Court of Appeals, Plaintiff has

15 essentially re-filed the same lawsuit against Maersk. Both actions involve the same

16 facts and circumstances – Plaintiff's claims arising out of his attempt to ship household

17 goods and personal effects from Oakland, California to Nigeria. Plaintiff has alleged

18 primarily identical causes of action, although he has renamed several of them on the

19 cover page of his New Complaint.

20       Plaintiff can not meet his burden of establishing that this Court has

21 jurisdiction over the New Complaint. Plaintiff's original lawsuit was dismissed in its

22 entirety. His appeal of that dismissal is still pending. That appeal divests this Court of

23 jurisdiction over the New Complaint. Unless a plaintiff can prove otherwise, a federal

24 court must presume an action lies outside of its jurisdiction. See Kokkonen v. Guardian

25 Life Ins. Co., 511 U.S. 375, 377 (1994); see also, Stock West, Inc. v. Confederated Tribes

26 of the Colville Reservation, 873 F.2d 1221, 1225 (9th Cir. 1989). Accordingly, this Court

27 lacks jurisdiction over the New Complaint and it must be dismissed in its entirety.

28

KYL_SF462413

NOTICE OF MOTION AND MOTION TO DISMISS - Case No. C08-00786

**B.     Plaintiff Has Failed To State A Claim For Which Relief Can Be Granted**

Plaintiff has failed to state a claim for which relief can be granted in the New Complaint.  The claims and issues in Plaintiff's New Complaint are precluded by the doctrine of Res Judicata.  In addition, this case must be dismissed in its entirety because it is a duplicative complaint.  Finally, Plaintiff's claims are barred by the applicable statute of limitations and there are no facts which will remedy this fatal defect.

**1.     Plaintiff's New Claims Are Precluded By This Court's Final Judgment In The Prior Action Between These Parties On These Claims**

A party who has had one fair and full opportunity to prove a claim and has failed in that effort, should not be permitted to go to trial on the merits of that claim a second time.  Blonder-Tongue Laboratories v. University of Ill. Found., 402 U.S. 313, 324 (1971).  "Under the doctrine of claim preclusion, a judgment on the merits precludes the same parties from re-litigating issues in a subsequent action that were, or could have been, raised in the prior action."  Faust v. United States, 101 F.3d 675, 677 (Fed.Cir.1996), citing Allen v. McCurry, 449 U.S. 90, 94 (1980). The Court should bar as res judicata claims in a suit that could have been raised in an earlier action, "so long as opposing parties had an adequate opportunity to litigate disputed issues of fact." Kremer v. Chemical Construction Corporation, 456 U.S. 461, 485 n.26 (1982).

The defense of res judicata can be raised by a Rule 12(b)(6) motion when "all relevant facts are shown by the court's own records, of which the court takes notice."[4] Day v. Moscow, 955 F.2d 807, 811 (2nd Cir. 1992).  "Claim preclusion prevents parties from litigating issues that could have been raised in a prior action." Carson v. Department of Energy, 398 F.3d 1369, 1375 (Fed.Cir.2005), citing Federated Dep't

---

[4] Moving Defendants have concurrently filed a Request For Judicial Notice asking this Court to notice its own files from the prior action.

KYL_SF462413

NOTICE OF MOTION AND MOTION TO DISMISS - Case No. C08-00786

1   Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981). "This form of res judicata applies if (1)

2   the prior decision was rendered by a forum with competent jurisdiction; (2) the prior

3   decision was a final decision on the merits; and (3) the same cause of action and the

4   same parties or their privies were involved in both cases." Id. "Unlike issue preclusion,

5   which only bars matters actually litigated in a prior proceeding, claim preclusion

6   forecloses matters that, although never litigated or even raised, could have been

7   advanced in an earlier suit." Id. at note 8.

8                    **a)    Plaintiff's Entire New Claim Is Precluded**

9                This Court previously dismissed Plaintiff's entire lawsuit.  In addition, this

10   court granted Moving Defendant's Motion for Summary Judgment.  This Court rendered

11   its decision under the same jurisdiction that it now has over this lawsuit.

12                This Court's grant of Defendants' various motions to dismiss and their

13   Motion for Summary Judgment were final decisions on the merits of Plaintiff's prior

14   claims.  See, Bankers Trust Co. v. Mallis, 435 U.S. 381, 387-88 (1978); Colello v. U.S.

15   Securities and Exchange Commission, 908 F. Supp. 738, 747 (C.D. Cal. 1995) [Summary

16   judgment is a judgment on the merits. (citations omitted).]  In this case, Plaintiff had the

17   opportunity to litigate each of his causes of action against Defendants and failed.

18                The Ninth Circuit determines whether or not two claims are the same for

19   purposes of res judicata with reference to the following criteria:  (1) whether the rights

20   or interests established in the prior judgment would be destroyed or impaired by

21   prosecution of the second action; (2) whether substantially the same evidence is

22   presented in the two actions; (3) whether the two suits involve infringement of the same

23   right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

24   Nordhorn v. Ladish Co., Inc., 9 F.3d 1402, 1405 (9th Cir. 1993).  The last of these criteria

25   is the most important.  Id.; Costantini v. Trans World Airlines, 681 F.2d 1199, 1201-02

26   (9th Cir. 1982).

27                Each of the criteria above support a determination that the claims in both

28   lawsuits are the same.  Defendants rights and interests would be destroyed or impaired

NOTICE OF MOTION AND MOTION TO DISMISS - Case No. C08-00786

1  by prosecution of Plaintiffs new case.  Defendants previously litigated Plaintiff's claims

2  and prevailed when this Court ultimately dismissed the complaint in its entirety.

3  Allowing Plaintiff to proceed with the New Complaint would in essence allow Plaintiff to

4  force Defendants to re-litigate the same meritless lawsuit a second time.

5          In the previous lawsuit, Plaintiff named moving Defendants Maersk, Inc.

6  and Maersk Lines Limited who were ultimately dismissed from the case by summary

7  judgment granted November 7, 2006.  Plaintiff also named A.P. Moller-Maersk Group,

8  Maersk Nigeria, Ltd. and Blosada.  Each of those parties were dismissed from the prior

9  lawsuit at various times by the Court's Orders.  Plaintiff has named each of the above

10 Defendants in the New Complaint.

11         The same evidence is involved in both cases.  A brief review of the New

12 Complaint and the various Complaints and Orders from the prior lawsuit shows that the

13 exact same facts and transaction are involved.  Plaintiff has refiled his lawsuit with the

14 same claims against the same parties out of displeasure with the prior dismissal.  The

15 evidence involved in the new case has already been heard by this Court in the prior

16 action.

17         The lawsuits involve the infringement of the same right.  Plaintiff claims

18 that Defendants have improperly prevented him from obtaining his goods from the cargo

19 container they were shipped in.  Plaintiff's causes of action are nearly identical between

20 the two lawsuits.

21         Most importantly the two lawsuits arise out of the same transactional

22 nucleus of facts.  On July 29, 2004, Plaintiff entered into a contract  with Target

23 Shipping, Inc. to ship a cargo container of goods from Oakland, California to Lagos,

24 Nigeria.  (Cox Decl., Exhibits 1 and 11.)  Those goods were shipped to Nigeria in cargo

25 container MSKU8123127 and arrived on August 24, 2004.  (Id.)The Nigerian Port

26 Authority did not release the cargo container until January 13, 2005.  (Id.)  Plaintiff

27 refused to pay demurrage charges for the cargo container from August 2004 through

28 January 2005.  (Id.)  This Court has already determined the legal issues and facts in the

1   prior litigation.

2      In summary, Plaintiff had a full and fair opportunity to litigate his claims

3   against Defendants in his prior lawsuit. This Court dismissed each of Plaintiff's claims

4   against Moving Defendants, and ultimately, the entire Complaint. Therefore, Plaintiff's

5   entire claim is barred.

6        **b)** **The Issues Previously Litigated Are Precluded**

7      The doctrine of collateral estoppel, or issue preclusion, "relieve[s] parties of

8   the cost and vexation of multiple lawsuits, conserve[s] judicial resources, and, by

9   preventing inconsistent decisions, encourage[s] reliance on adjudication." <u>Allen v.</u>

10  <u>McCurry</u>, 449 U.S. 90, 94 (1980). "The principle of collateral estoppel dictates that an

11  issue that is fully and fairly litigated, is determined by a final judgment, and is essential

12  to that judgment, is conclusive in a subsequent action between the same parties."

13  <u>Bingaman v. Department of the Treasury</u>, 127 F.3d 1431, 1436-37 (Fed.Cir.1997). The

14  effect may be to bar re-litigation of those issues, if not the entire claim. <u>Arizona v.</u>

15  <u>California</u>, 530 U.S. 392, 414 (2000).

16     This Court previously dismissed Plaintiff's claims for breach of contract,

17  intentional misrepresentation, fraud, negligent misrepresentation and interference with

18  commerce. (Cox Declaration, Exhibits 1-11.) Significantly, Plaintiff's entire Complaint

19  as it relates to Moving Defendants hinges upon a contractual relationship. This Court

20  previously ruled in the prior action on November 7, 2006, that Maersk Lines Limited

21  had no contractual relationship with Plaintiff. (Cox Decl., Exhibit 7.) The Court further

22  ruled that Maersk, Inc. had fulfilled its contractual obligations to Plaintiff and dismissed

23  the claims against both entities. Each of the issues underlying those causes of action are

24  precluded from re-litigation.

25     To the extent that Plaintiff contends he has any claim, including his newly

26  alleged claims under the Foreign Corrupt Practices Act and claims for discrimination

27  based upon national origin, those claims necessarily rest upon the assumption that there

28  was some contractual relationship between Plaintiff and Defendants. This Court

NOTICE OF MOTION AND MOTION TO DISMISS - Case No. C08-00786

1    previously determined all of the issues underlying the New Complaint against Plaintiff.

2    Therefore, the issue related to all causes of action set forth in the New Complaint are

3    precluded.  The effect of that preclusion must be a bar to this new lawsuit.  See, Arizona

4    v. California, 530 U.S. 392, 414 (2000).

5            C.    Plaintiff Is Barred From Bringing A Duplicative Complaint

6            Duplicative complaints are not allowed.  Plaintiffs generally have "no right

7    to maintain two separate actions involving the same subject matter at the same time in

8    the same court and against the same defendant." Adams v. California Department of

9    Health Services, 487 F.3d 684, 688-89 (9th Cir. 2007); Hartsel Springs Ranch of Colorado,

10   Inc. v. Bluegreen Corp., 296 F.3d 982, 989 (10th Cir.2002) (internal quotation marks

11   omitted). Walton v. Eaton Corp., 563 F.2d 66, 70 (3rd Cir. 1977); see also Curtis v.

12   Citibank, N.A., 226 F.3d 133, 138-39 (2nd Cir. 2000); Serlin v. Arthur Andersen & Co., 3

13   F.3d 221, 223-24 (7th Cir.1993); Oliney v. Gardner, 771 F.2d 856, 859 (5th Cir.1985);

14   Zerilli v. Evening News Ass'n, 628 F.2d 217, 222 (D.C.Cir.1980); Sutcliffe Storage &

15   Warehouse Co. v. United States, 162 F.2d 849, 851 (1st Cir.1947).  After weighing the

16   equities of the case, the district court may exercise its discretion to dismiss a duplicative

17   later-filed action.  Adams, 487 F.3d at 688.

18           To determine whether a suit is duplicative, we borrow from the test for

19   claim preclusion. Adams, 487 F.3d at 689.  As the Supreme Court stated in The Haytian

20   Republic, "the true test of the sufficiency of a plea of 'other suit pending' in another

21   forum [i]s the legal efficacy of the first suit, when finally disposed of, as 'the thing

22   adjudged,' regarding the matters at issue in the second suit." 154 U.S. 118, 124 (1894);

23   see also Hartsel Springs Ranch, 296 F.3d at 987 n. 1 ("[I]n the claim-splitting context,

24   the appropriate inquiry is whether, assuming that the first suit were already final, the

25   second suit could be precluded pursuant to claim preclusion."); Curtis, 226 F.3d at 139-

26   40 ("[T]he normal claim preclusion analysis applies and the court must assess whether

27   the second suit raises issues that should have been brought in the first."); Davis v. Sun

28   Oil Co., 148 F.3d 606, 613 (6th Cir.1998) (per curiam) (referring to the doctrine against

1   claim-splitting as "the 'other action pending' facet of the res judicata doctrine").

2        The fact that Plaintiff has set forth additional causes of action in the New

3   Complaint is irrelevant.  A Plaintiff is required to bring at one time all of the claims

4   against a party or privies relating to the same transaction or event.  <u>Adams</u>, 487 F.3d at

5   693.  Moreover, Plaintiff's new causes of action against Defendants in the New

6   Complaint, those causes of action are improper.  First, Plaintiff has alleged a new cause

7   of action under the Foreign Corrupt Practices Act, 15 U.S.C. section 78dd-1 <i>et seq.</i>

8   There is no private right of action under that act.  <u>Lamb v. Phillip Morris, Inc.</u>, 915 F.2d

9   1024 (6th Cir. 1990).  Second, Plaintiff now alleges discrimination based upon his

10  national origin pursuant to 42 U.S.C. section 1981(a).  Aside from the fact that Plaintiff

11  has not and can not plead any fact to support this claim, section 1981 does not cover

12  discrimination based upon national origin.  <u>Saint Francis College v. Al-Khazraji</u>, 481

13  U.S. 604, 606, 609 (1987).

14        As set forth above in section IV(B)(1)(a), claim preclusion bars Plaintiff's

15  New Complaint.  For those same reasons Plaintiff's New Complaint is duplicative.

16  Plaintiff's New Complaint seeks the same remedies against the same parties based upon

17  the same facts.  Moving Defendants assert that this Court should exercise its discretion,

18  in accord with its earlier rulings, and dismiss this lawsuit in its entirety.  In dismissing

19  a duplicative lawsuit with prejudice, the district court protects the parties from

20  vexatious and expensive litigation, conserves judicial resources and encourages reliance

21  upon adjudication.  <u>Adams</u>, 487 F.3d at 693.

22        **D.    Plaintiff's Claims Are Time Barred**

23        All of Plaintiff's claims in the New Complaint are time barred.  At the

24  latest, all of Plaintiff's causes of action accrued as of January 13, 2005 at which time the

25  Nigerian government released his cargo container and he learned of the additional

26  demurrage charges.  All of Plaintiff's causes of action in the New Complaint are time

27  barred.

28

NOTICE OF MOTION AND MOTION TO DISMISS - Case No. C08-00786

1    **1.    Plaintiff's Breach Of Contract Claim Is Time Barred**

2            Plaintiff's breach of contract cause of action is subject to a one year statute

3    of limitations.  Breach of maritime contract for the transportation of goods is controlled

4    by the Carriage of Goods by Sea Act, 46 U.S.C. sections 1300-1315.  "Every bill of lading

5    or similar document of title which is evidence of a contract for the carriage of goods by

6    sea to or from ports of the United States, in foreign trade, shall have effect subject to the

7    provisions of this chapter."  46 U.S.C. app. § 1300; Sea-Land Services, Inc. v. Lozen Int'l

8    LLC, 285 F.3d 808, 816-817 (9th Cir. 2002).  Plaintiff's contract to ship his goods to

9    Nigeria, which he attached to the New Complaint, is a billing of lading as it clearly

10   states on the top left corner of the document. "In any event the carrier and the ship shall

11   be discharged from all liability in respect of loss or damage unless suit is brought within

12   one year after delivery of the goods or the date when the goods should have been

13   delivered."  46 U.S.C. § 1303(6).  Therefore, Plaintiff's breach of contract claim is time

14   barred because he failed to file this New Complaint by January 13, 2006.

15   **2.    Plaintiff's Negligent and Intentional Misrepresentation**
16   **(Fraud) Claims Are Time Barred**

17           Claims for fraud and negligence are subject to a three year statute of

18   limitations in California.  Cal. Civ. Proc. § 338(d).  Accordingly, Plaintiff's claim for

19   negligent misrepresentation and intentional misrepresentation or fraud claim is three

20   years.  In the light most favorable to Plaintiff, he was required to file this claim no later

21   than January 13, 2008.  Having failed to do so, this claim is time barred.

22   **3.    Plaintiff's Conversion Claim Is Time Barred**

23           While Plaintiff does not specifically plead a claim for conversion, he

24   includes one on the caption of his New Complaint.  Under California law a cause of

25   action for conversion is subject to a three year statute of limitations.  Cal. Civ. Proc. §

26   338(c); Allsopp v. Joshua Hendy Mach. Works, 5 Cal. App. 228 (1907).  Therefore this

27   claim is also time barred as of January 13, 2008.

28

4.   **Plaintiff's Interference With Commerce And Foreign Corrupt Practices Act Claims Are Criminal Statutes With No Private Right Of Action**

Plaintiff has erroneously alleged a cause of action for violation of the Foreign Corrupt Practices Act, 15 U.S.C. sections 78dd-1 *et seq.*  As stated above, there is no private right of action under this Act.  Lamb v. Phillip Morris, Inc., 915 F.2d 1024 (6th Cir. 1990).  Similarly, as this Court previously determined in this case, there is no private right of action for interference with commerce pursuant to 18 U.S.C. 1951.  Wisdom v. First Midwest Bank, 167 F.3d 402, 407 (8th Cir. 1999); Thompson v. Thompson, 484 U.S. 174, 179 (1998); (Cox Decl., Exhibit  3).  Therefore, Plaintiff's claims are simply barred.

5.   **Plaintiff's Discrimination Based Upon National Origin Claim Is Time Barred**

California's one-year statute of limitations for personal injury actions governs claims brought pursuant to 42 U.S.C. § 1981.  Taylor v. Regents of the University of California, 993 F.2d 710, 711 (9th Cir.1993).  Accordingly, this claim was time barred as of January 13, 2006.

V.   **CONCLUSION**

Plaintiff's New Complaint is a vexatious attempt to re-litigate a lawsuit in which he failed to prevail while the appeal from his original case is still pending.  This Court has no jurisdiction over this case during the pendency of the appeal.  Even if the court had jurisdiction over the New Complaint, it is barred under principles of res judicata.  Moreover, this Court has the discretion to dismiss this duplicative complaint.  Aside from all of these dispositive arguments all of Plaintiff's claims are time barred.  In short, there is no legal or equitable reason that justifies the lawsuit.  Accordingly,

///

///

///

///

KYL_SF462413

NOTICE OF MOTION AND MOTION TO DISMISS - Case No. C08-00786

1  Defendants respectfully request that this Court dismiss Plaintiff's entire New Complaint

2  with prejudice.

3

4

5

6  DATED: May 15, 2008

JOHN D. GIFFIN
7  JOHN COX
KEESAL, YOUNG & LOGAN
8  Attorney For Defendants
MAERSK, INC. and MAERSK LINES
9  LIMITED

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KYL_SF462413

NOTICE OF MOTION AND MOTION TO DISMISS - Case No. C08-00786