JOHN D. GIFFIN, CASB No. 89608
john.giffin@kyl.com
JOHN COX, CASB NO. 197687
john.cox@kyl.com
KEESAL, YOUNG & LOGAN
A Professional Corporation, Suite 1500
Four Embarcadero Center
San Francisco, California 94111
Telephone:   (415) 398-6000
Facsimile:    (415) 981-0136

Attorneys for Defendants
MAERSK, INC. and MAERSK LINE LIMITED

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAIMI SHOAGA,<br><br>                              Plaintiff,<br><br>            vs.<br><br>A.P. MOLLER – MAERSK GROUP aka<br>A.P. Moller – Maersk a/s aka Danish A.P.<br>MOLLER-MAERSK GRUPPEN aka<br>FIRMET A.P. MOLLER, MAERSK, INC.,<br>MAERSK LINES, LTD.; MAERSK<br>NIGERIA, LTD., aka MAERSK, aka<br>MAERSK SEALAND; A.P. MOLLER<br>NIGERIA, LTD.; BLOSADA; NIGERIAN<br>PORT AUTHORITY; NIGERIAN<br>CUSTOMS AUTHORITY; ATTORNEY<br>GENERAL OF THE FEDERAL<br>REPUBLIC OF NIGERIA,<br><br>                              Defendants. | Case No. C08-00786 SBA<br><br>**DECLARATION OF JOHN COX IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S DUPLICATIVE COMPLAINT FOR LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**<br><br>Date:  July 2, 2008<br>Time:  10:00 a.m.<br>Dept:  Courtroom G, 15th Floor, Magistrate Judge Bernard Zimmerman |

I, JOHN COX declare as follows:

1.     I am an attorney at law licensed to practice before this Court and employed

by the law firm Keesal, Young & Logan, attorneys for Defendants MAERSK, INC.,

MAERSK LINES, LTD. ("Defendants") in this matter.  I have personal knowledge of the

1  facts set forth below and, if called upon to testify as a witness, could testify competently

2  thereto.

3      2.    This Declaration is submitted in support of Defendants' Motion to Dismiss

4  Plaintiff's Complaint pursuant to Rule 12(b)(1).

5      3.    On June 1, 2005, Mr. Shoaga filed his first lawsuit against Defendants

6  MAERSK, INC., MAERSK LINES, LTD, *Shoaga v. A.P. Moller-Maersk Group, et. al,*

7  Case No. C05-02213.  A true and correct copy of that Complaint is attached hereto as

8  "Exhibit 1."

9      4.    On October 14, 2005, Plaintiff filed an Amended Complaint in C05-02213-

10  SBA.  A true and correct copy of that Amended Complaint is attached hereto as "Exhibit

11  2."

12      5.    A true and correct copy of the Honorable Saundra Brown Armstrong's

13  Order dated January 24, 2006 is attached hereto as "Exhibit 3."

14      6.    On February 16, 2006, Plaintiff filed a Second Amended Complaint in C05-

15  02213-SBA.  A true and correct copy of that document is attached hereto as "Exhbit 4."

16      7.    A true and correct copy of the Honorable Saundra Brown Armstrong's

17  Order dated April 26, 2006 is attached hereto as "Exhibit 5."

18      8.    On July 27, 2006, Plaintiff filed a Third Amended Complaint in C05-02213-

19  SBA.  A true and correct copy of that document is attached hereto as "Exhibit 6."

20      9.    A true and correct copy of the Honorable Saundra Brown Armstrong's

21  Order dated November 7, 2006 is attached hereto as "Exhibit 7."

22      10.    A true and correct printout of the Civil Docket in C05-02213-SBA is

23  attached hereto as "Exhibit 8."

24      11.    A true and correct copy of the Honorable Saundra Brown Armstrong's

25  Order dated December 11, 2006 is attached hereto as "Exhibit 9."

26      12.    A true and correct copy of Plaintiff's Notice of Appeal in C05-02213-SBA

27  dated January 11, 2007 is attached hereto as "Exhibit 10."

28      13.    On February 4, , 2008, Mr. Shoaga filed this duplicative lawsuit against

- 2 -

DECLARATION OF JOHN COX IN SUPPORT DEFENDANTS MOTION TO DISMISS – C05-02213 SBA

1  Defendants MAERSK, INC., MAERSK LINES, LTD, *Shoaga v. A.P. Moller-Maersk*

2  *Group, et. al*, Case No. C08-00786.  A true and correct copy of that Complaint is attached

3  hereto as "Exhibit 11."

4      14.    A true and correct copy of the Honorable Saundra Brown Armstrong's

5  Order dated April 13, 2006 is attached hereto as "Exhibit 12."

6      15.    A true and correct copy of the United States Court of Appeals for the Ninth

7  Circuit's General Docket for Appellate Case Number 07-15073 is attached hereto as

8  "Exhibit 13."

9

10

11  Executed this *15th* day of May, 2008 at San Francisco, California.

12      I declare under penalty of perjury under the laws of the United States that the

13  foregoing is true and correct.

14

15                                                        JOHN COX

16

17

18

19

20

21

22

23

24

25

26

27

28

KYL_SF462118

DECLARATION OF JOHN COX IN SUPPORT DEFENDANTS MOTION TO DISMISS – C05-02213 SBA

EXHIBIT 1

RAIMI SHOAGA
1080 - 67th Street, Apt #E
Oakland, Calif. 94608
Tel: 510-597-9855 (H)

pro se

ORIGINAL
FILED

JUN - 1 2005

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

ADR

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RAIMI SHOAGA
EMMANUEL NTEKUME
CHARLES MAIKI
JOSEPH OLOKETUYI

vs.

BOLSADA
MAERSK SEALAND SHIPPING
WORLDWIDE (dba: MAERSK)
TARGET SHIPPING INC.
MAERSK NIG. LTD
and DOES 1-25

Case No. C05-02213

PLAINTIFF'S COMPLAINT FOR
DAMAGES ARISING FROM EXTORTION,
BREACH OF CONTRACT OF CARRIAGE,
ILLEGAL REVENUE ENHANCEMENT,
FRAUDULENT MISREPRESENTATION,
INTENTIONAL & NEGLIGENT
MISREPRESENTATION, CORRUPTION
(Bribery & Graft), ILLEGAL
DEMURRAGE CHARGES.

JURY TRIAL DEMANDED

## INTRODUCTION

Plaintiff Raimi Shoaga was a co-defendant in previous Federal Case No. C 04- 00373SBA Rilwan Latona v. Target Shipping Inc. et al. On or about July 29th 2004 plaintiff Raimi Shoaga entered into a shipping contract with Maersk through her shipping agent. This was a prepaid services whereby plaintiff paid $5,100 ($4,500 for actual shipping and $600 additional for equipment detention or demurrage of the container). The cargo was

1  discharged since August, 2004 at Apapa, Lagos, Nigeria. An empty

2  "certified ocean going container" readilly sells between $1,500

3  to $2,300 in Nigeria or in the United States. The release of the

4  cargo was the sole responsibility of the Federal Government of

5  Nigeria (FGN) who has exclusive authority as to time, place, and

6  when. Nigeria is a very **LAWLESS PLACE** with excessive high

7  inflation and unemployment rate. Any opportunity to make money or

8  bleed any individual for money seems lucrative to an average

9  Nigerian. Corruption (bribery and graft) is a way of life and

10 defendants are taking full advantages of lawlessness in Nigeria

11 to further enhance their revenues.

12     Plaintiff Raimi Shoaga was in Nigeria on or about January

13 2005 in order to investigate the delay of Maersk Container

14 #MSKU 8123727; S # 506667, and to visit with relatives. Maersk

15 demurrage charges was over $10,000 U. S dollars or N1.5 million

16 Naira as of January, 2005 and probably have exceeded $30,000 U.S

17 at the time of filing this case. This container will be paid

18 over15 times. Things just about to get interesting with

19 unreasonable and irresponsible Maersk. The demand went further as

20 follows:

21     (1) Maersk wants their container back within 24 hours after
        its release.
22     (2) Maersk wants a deposit equivalent tothe cost of buying
        another container before any release can take place,
23     apart from the illegal demurrage charges.
        PLEASE NOTE THAT THE SAID CONTAINER WAS IN THE CUSTODY
24     OF FGN AT THE NIGERIAN PORT AUTHORITY STORAGE YARD.

25     For the sake of simplicity, and since this case was in the

26 Federal court in the United States, all monetary value will be

27 stated in U. S dollars    . However, the official conversion rate

28 was N135.00 = $1.00 U.S. Therefore, about $8,000 is equivalent to

2

N1.0 million Naira. Any high ranking officer in the Nigerian government including a University Provost or the country's President does not make this type of money in salary per year. Besides this fact, plaintiff Raimi Shoaga do not have any implicit or explicit arrangements with defendants regarding demurrages charges. Any demurrage charges over and above the cost of buying a 40ft high cube container similar to the one in question is totally illegal because the container should be sold at that level. Sometimes in Feb. 2005, plaintiff approached Attorney James Nebel, the gentleman who represented Maersk in previous Cases # C 04-00373SBA in order to resolves this problems. Mr. Nebel was not interested in any type of resolution because he was just playing hide-and-seek. Also, plaintiff got some public relations (PR) going by sending numerous e-mail to Maersk, including making personal calls. So far, nothing seems to work.

Finally, plaintiff's baby brother in Nigeria , Billy Shoaga, a consignee wrote to Maersk on April 4th, 2005 for return of the cargo back to the United States after unrelenting efforts to persuade    another irresponsible, bribe taker named Bolsada, an employee, or so-called owner-president of Maersk Nig. Ltd. Mr. Bolsada jacked up the cargo demurrage price because he has figured out how to extort money in Nigeria. Besides this fact, the cargo in question was a trans-shipment and it got to Nigeria earlier than her scheduled arrival, whereas, Maersk received full fare for the cargo.

Maersk was the problem from the previous case as well. Mr. Rilwan Latona missed a golden opportunity to expose all the

3

1  inhumane acts, and wrongdoings perpetrated by Maersk because

2  he (Rilwan) cannot comprehend paying extra $12,000 in demurrage

3  charges for a prepaid services. Instead, he blamed the plaintiff

4  because he never believed plaintiff paid any freight charges.

5

6  <u>COMPLAINT</u>

7      COMES NOW THE PLAINTIFF, RAIMI SHOAGA herebysues Bolsada,

8  Maersk Sealand Shipping Worldwide (dba: Maersk); Target Shipping

9  Inc., Maersk Nig. Ltd and does 1-25the defendants jointly and

10  severally.

11  Plaintiff alleges as follows:

12      1. Plaintiff is claiming all damages recoverable for

13  cargo detention and forfeiture of the empty container belonging

14  to Maersk.

15      2. The goods contained in the cargo belonging to plaintiff

16  Raimi Shoaga are presently being delayed by Maersk for failure

17  to release the container since November, 2004 based on illegal

18  revenue enhancement and extortion.

19      3. Plaintiff believes that he had been, and also would be

20  subjected to further detention fees and demurrage charges by the

21  Nigerian customs on account of his goods being delayed at the

22  Nigerian port.

23      4. Based on the foregoing as well as the following

24  particulars, plaintiff believes, and therefore alleges, that he

25  is entitled to all damages claimed herein.

26      5. The plaintiff presently knows of no claims statues for

27  which plaintiff's compliance is required.

28      6. The plaintiff is presently unaware of the identities of

4

1    those defendants who are listed herein and above as DOES 1

2    THROUGH 25, but shall seek to amend plaintiff's complaint as such

3    identities are ascertained, and as such amendment may be required

4        7. Plaintiffs Emmanuel Ntekume, Charles Maiki, and Joseph

5    Oloketuyi have all decided to take inactive role in this lawsuit

6    while awaiting favorable outcome of this case.

7

8                          PARTIES

9        8. Plaintiff Raimi Shoaga, is a citizen of the State of

10   California.

11       9. Defendant Bolsada referred to herein as "Bolsada" is an

12   individual owner-agent, and employee of Maersk Nig. Ltd.

13       10. Defendants Maersk Sealand Shipping Worldwide (dba: Maersk)

14   referred to herein as "Maersk" and Target Shipping Inc.,

15   referred to herein as "Target" Both are incorporated under the

16   laws of the State of New Jersey, and has its principal place of

17   business at 123, North Union Avenue, Suite 101, Cranford.

18   New Jersey 07016

19

20                  JURISDICTION AND VENUE

21       11. The district court shall have original jurisdiction,

22   excusive of the courts of the States, of any civil case involving

23   maritime pursuant to 28 U.S.C 1333(1) and the Admiralty

24   Extension Act, 46 U.S.C 740

25       12. Under 18 U.S.C 1951 (b)(2) Extortion and 18 U.S.C 201

26   Corruption (Bribery and Graft) this court have exclusive

27   jurisdiction over this matter

28       13. Venue is proper in this judicial district pursuant to

                              5

28 U.S.C 1391(b)(1). Secondly, plaintiff reside in this judicial
district, and major events (the contract) giving rise to
Plaintiff's claims occurred in this judicial district.

### JURY TRIAL DEMANDED

The plaintiff demands a trial by jury on each and every one
of his claims.

### FIRST CAUSE OF ACTION
### EXTORTION

14. Plaintiff incorporates herein by reference each and all
paragraphs 1 through 13 of the general allegations as though the
same were set forth at lenght herein.

15. Defendants have mastered the arts of doubling their
shipping charges without any opposition. They have gotten the
FGN officials on their side where they get-together and share
their loot from plundering.

16. The idea of pursuing a lawsuit in Nigeria seems like a
wild joke with no offense. It will be a nitemare and a
disaster. Nigeria is a country where citizens paid monthly
electricity bills and never one day in the entire month enjoy
a full nite without power failure. Citizens paid for municipal
water but no services, people paid taxes and ended up with bad
roads, no road, worse hospitalsetc. And, nowhere in this entire
universe is similar to Nigeria.

17. An average container takes a life of 4months of
documentation, inspection etc before being released. Maersk
started their money countdown two weeks after unloading their

6

1  cargo, whereas, no one is at fault.

2

3          SECOND CAUSE OF ACTION
          BREACH OF CONTRACT OF CARRIAGE
4

5      18. Plaintiff incorporates herein by reference each and all

6  paragraphs of the FIRST CAUSE OF ACTION herein.

7      19. There was no implicit or explicit arrangements with

8  regards to demurrage charges at no time.

9

10          THIRD CAUSE OF ACTION

11          ILLEGAL REVENUE ENHANCEMENT

12  20. Plaintiff incorporates herein by reference each and all

13  paragraphs of the FIRST and SECOND CAUSE OF ACTION herein.

14

15          FOURTH CAUSE OF ACTION
          FRAUDULENT MISREPRESENTATION
16

17      21. Plaintiff incorporates herein by reference each and all

18  paragraphs of the FIRST, SECOND, AND THIRD CAUSE OF ACTION  as

19  though the same were set forth at lenght.

20

21          FIFTH CAUSE OF ACTION
          INTENTIONAL & NEGLIGENT MISREPRESENTATION
22

23      22. Plaintiff incorporates herein by reference each and all

24  pararaghs of the FOURTH CAUSE OF ACTION as though the same were

25  set forth at lenght.

26      23. The defendants, and each of the defendants, have acted

27  wrongfully, and have acted intentionally in order to exact more

28  money from the plaintiff.

                           7

SIXTH CAUSE OF ACTION
CORRUPTION (Bribery & Graft)

24. Plaintiff hereby incorporates herein by reference, repleads and realleges each and every allegation contained in paragraphs 1 through 23 as though the same were set forth at lenght.


SEVENTH CAUSE OF ACTION
ILLEGAL DEMURRAGE CHARGES

25. Plaintiff incorporates herein by reference each and all paragraphs of the SIXTH CAUSE OF ACTION as thought the same were set forth at lenght.

WHEREFORE, the plaintiff prays as follows:

1. For the defendants, and each of the defendant's engaged in Extortion, an amount not less than the maximum jurisdiction of this court.

2. For the defendants, and eand each of the defendant's Breach of Contract of Carriage, an amount not less than the maximum jurisdiction of this court.

3. For the defendants, and each of defendant's Illegal Revenue Enhancement, an amount not less than the maximum jurisdiction of this court.

4. For the defendants, and each of the defendant's Fraudulent Misrepresentation, an amount not less than the maximum jurisdiction of this court.

5. For the defendants, and each of defendant's Intentional and Negligent misrepresentation, an amount not less than the maximum jurisdiction of this court.

6. For the defendants, and each of the defendants engaged in Corruption (Bribery and Graft), an amount not less than the maximum jurisdiction of this court.

7. For the defendants, and each of the defendant's Illegal demurrage charges, an amount not less than the maximum jurisdiction of this court.

8. For costs of suit, and

9. For such other and further relief as the court may deem just and proper.

Dated: 6-1-05

RAIMI SHOAGA - Plaintiff In Pro Se

9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**VERIFICATION**

I, Raimi Shoaga, the plaintiff in this action. I have read the foregoing Complaint for Damages, and know the contents thereof. I declare that the same is true of my own knowledge, except as to the matters which are therein stated upon my information or belief, and as to those matter I believe it to be true.

I declare under penalty of perjury that the foregoing is true and correct. Executed on _June 1st_ ,2005, at _Oakland_ , California.

_____

RAIMI SHOAGA, Plaintiff In Pro Se,

# EXHIBITS

EX-1 thru EX-21

# TARGET SHIPPING

BILL OF LADING

| SHIPPER<br>RAIMI SHAOGA<br>1080 67TH STREET<br>OAKLAND, CA 94681 | REFERENCE NO.<br>TGT 21368 | CARRIER BOOKING NO.<br>2435171 |
|---|---|---|
| | EXPORT REFERENCES | |

| CONSIGNEE – ( NOT NEGOTIABLE UNLESS CONSIGNED TO ORDER )<br>RAIMI SHOAGA<br>C/O JELILAT KAFFO & BILLY SHOAGA<br>P.O.BOX 1924 – SAPON, ABEOKU 7<br>OGUN NIGERIA, WEST AFRICA | FORWARDING AGENT – References 6123<br>SKY 2 C FREIGHT SYSTEMS<br>25012 VIKING STREET<br>HAYWARD, CA 94545 |
|---|---|
| NOTIFY PARTY<br>SAME AS ABOVE | POINT AND COUNTRY OF ORIGIN<br>CALIFORNIA        UNITED STATES OF AMERICA |
| | ALSO NOTIFY – ROUTING INSTRUCTIONS |

| PIER | PLACE OF RECEIPT by PRE-CARRIER | RELEASE AGENT<br>MAERSK NIGERIA LTD-LAGOS<br>MAERSK HOUSE, 121 LOUIS SOLOMON<br>CLOSE, PO BOX 72554<br>VICTORIA ISLAND, LAGOS NIGERIA<br>TEL: +234 01 2626430 |
|---|---|---|
| VESSEL AND VOYAGE NUMBER<br>CONDOR 0415 | PORT OF LOADING<br>OAKLAND | |
| PORT OF DISCHARGE<br>LAGOS | PLACE OF DELIVERY | |

| Mrks & Nos/Container Nos | Container Type | Description of Cargo | Gross Weight | Measurement |
|---|---|---|---|---|
| MSKU 812372 7<br>S#: 506667 | 1x40HC | CONTAINER SLAC:<br>1 LOT<br>HOUSEHOLD GOODS & PERSONAL<br>EFFECTS<br><br>THESE COMMODITIES, TECHNOLOGY OR SOFTWARE WERE<br>EXPORTED FROM THE UNITED STATES IN ACCORDANCE WITH<br>THE EXPORT ADMINISTRATION REGULATIONS. ULTIMATE<br>DESTINATION NIGERIA.  DIVERSION CONTRARY TO UNITED<br>STATES LAW PROHIBITED. | 30000.00L<br>13607.91K | |

FREIGHT PREPAID
NO SED REQUIRED-VALUE UNDER $2500
SHIPPER'S LOAD STOW & COUNT

Phon# 1-877-699-9444

NON NEGOTIABLE

1-877-6999444 X 5168

These commodities, technology or software were exported from the United States in accordance with the export administration regulations.  Diversion contrary to U.S.law prohibited.

SHIPPER DECLARED VALUE $

If Shippers enter a value, Carrier's package limitation of liability does not apply and the ad valorem rate will be charged.  No value shall be deemed declared unless specifically approved in writing by the Carrier or his agent on the face of this B/L and extra freight actually paid.

| RATES | BASE | PREPAID | COLLECT | CUR |
|---|---|---|---|---|
| | | | | |

FREIGHT PREPAID

| Number of Original Bills of Lading<br>3 | Place and Date of Issue<br>Jul 29, 2004 |
|---|---|

Dated  Jul 29, 2004

BILL OF LADING NO.
TGT 21368

This message is not flagged. [ Flag Message - Mark as Unread ]

| | |
|---|---|
| Date: | Mon, 4 Apr 2005 08:49:53 -0700 (PDT) |
| From: | ☐ "Billy Shokis" <billyshokistenga@yahoo.com> 📖 Add to Address Book |
| Subject: | 📎 Notice of Application To Maersk Sealand Shipping Agent |
| To: | pico949@yahoo.com |

Notice of Application To Maersk Sealand Shipping Agent

Do you Yahoo!?
Yahoo! Personals - Better first dates. More second dates.
http://personals.yahoo.com

**Attachments**                     Attachment scanning provided by: 🔲 AntiVirus

**Files:**

📎 **New_Microsoft_Word_Document__2_.doc** (22k) [View]    Save to Computer - Save to Yahoo! Briefcase

Previous | Next | Back to Messages                                        Save Message Text

EV _2

EX-3



EX-L



NON NEGOTIABLE

FX -5

Mr. Nebel

From
RAIMI SHOAGA

FX-6

Home phone (510) 597-9855

15 FEB 2005

Mr. Nebel,

Maersk agent in Nigeria exist in a very corrupt country, therefore, they all taking advantages of the lawlessness. A Maersk agent was asking for an equivalent of $100 in order to send an e-mail back here to Maersk USA. which suppose to be free.

①  # Maersk is asking for twice the price of a 40' container in demurrage charges (plus)

②  A deposit for the ~~cost of an~~ exact cost of the container

③  Plus they will get the container within 24 hours.

So far, everything I have sent to Nigeria was sold to pay Maersk in all four ~~previous~~ previous dealings.

Ev-7

This time Maersk is asking for about $7,000 or N 733,000

1 Naira (#)

or N 140 = $ 1 U.S dollar.

N 733,000 is a lot of money in Nigeria only very few people have this kind of money.

I have offered to buy this Maersk container or replace it with another 'Certifed Ocean worthy' 40' container. This readily sell for $2,000 out here in the U.S.

Along with this fax is various dealers that Maersk can call to verify. I will like to get this done by Friday because we have another demurage with the Nigerian gov.



February 10, 2005 ISSUE 5 BIG TRUCK TRADER® • California / Nevada          Farm Equipment – Misc Parts/Accessories

**'05 TC29D 4X4**
ONLY 3 TO CHOOSE @ $12,660

NEW HOLLAND

**'05 TC29D 4X4**
9X3 TRANS, 29HP, DIESEL
MSRP 18,490
LEASE RETURN W/100-200 HRS
**$12,660\*** WITH REMAINDER OF FACTORY WARRANTY

*Visit Our Website at* **www.berchtold.com**

**BERCHTOLD**
EQUIPMENT COMPANY

BAKERSFIELD 330 E. 19th Street
1-800-691-7817 • 661-323-7817

GET THE MOST FOR YOUR MONEY! Sea boxes, 20ft, 40ft, 48ft, 53ft storage containers. Call now, many to choose from: E-Z delivery, dispatched from most major U.S. cities. Blow out prices... 1-877-256-3873·VISA/MC/Amex, check by phone, PRO BOX LEASING, Vancouver, WA CFA04306/ 00379229404

EX-9

"Case 4:08-cv-00786-SBA    Document 13    Filed 05/15/2008    Page 25 of 36"



222    www.AutoTrader.com

EX-10



Misc Parts/Accessories

February 10, 2005 ISSUE 5· BIG TRUCK TRADER® • California / Nevada

AFFORDABLE: on site 20ft & 40ft steel storage containers, wholesale prices to the public, do not pay retail, no junk, we will meet or beat any competitor's price on comparable units, E-Z delivery, self-offloading trucks, visa/ mastercard & check by phone accepted, call 800-216-1830 www.conex containers.com CFA04306/ 00379229803

AFFORDABLE, on site 20ft & 40ft steel storage container, wholesale prices to the public do not pay retail, no junk, we will meet or beat any competitor's price on comparable units, E-Z delivery, self offloading trucks, visa/ mastercard & check by phone accepted, call AMERICAN STEEL CARGO CONTAINERS LLC 800-216-1830 www.conexcontainers.com CFA04306/ 00379229503

IF A VEHICLE IS OUT THERE IT'S IN HERE!

AutoTrader magazine

www.traderOnline.com

SEEK AND YOU SHALL FIND

10,0 FRONT END LOADER FORKS ATTACHMENT ENGINEERED TO EXCEED, are you tired of jockeying around a front end loader trying to move things, you can attach our forks in 60 seconds, with only one man, overall length 80in 8in x 2in tube constructed of high tensile strength A500 structural tube, painted cat yellow available in 80in, 70in, 60in and 50in lenghts, US steel products, LLC, give us a call now, 866-736-3656 CFA04305/ 00345271305

10,0 FRONT END LOADER BALL MOUNT ATTACHMENT ENGINEERED TO EXCEED, are you tired of jockeying around a front end loader trying to move things, you can attach our ball mount in 60 seconds with only one man, constructed of high tensile strength A500 structural steel, painted cat yellow US steel products, LLC give us a call now, 866-736-3656 CFA04305/ 00345271304

232                                    www.AutoTrader.com

EX-11

2 MAR 2005

To. Mr. James B. Nebel

From RAIMI SHOAGA

0730 hrs

EX-12

2 MAR 2005

Mr. Nebel,

I didn't hear from you, and it seems like this problem will not be resolved. We will find the money but I will definitely be going back to A court with Maersk as a plaintiff this time. And, for every container that I sent since 2001 we will be asking for all demurrage charges that was over and above the cost of buying the container itself plus punitive damages.

Sincerely

KALMI     EX-13
(510) 597-9855

```
        ** COMMUNICATIONS REPORT **          AS OF  MAR 02 2005 07:28  PAGE.01

                                                 RECOVERY ROOM

        TOTAL PAGES                          TOTAL TIME

              SEND    : 0002                        SEND    : 00°00'29"
              RECEIVE : 0000                        RECEIVE : 00°00'29"


        DATE  TIME    TO/FROM         MODE   MIN/SEC  PGS   CMD#  STATUS
   01   03/02 07:20                   G3--R  00'29"   000         INC
   02   03/02 07:27 914156930410      EC--S  00'29"   002   247   OK
```

EX-4

24 MAR 2005

To, Natalie R. Haemon (Finance & Acct'g

From Raimi Shoaga

EX-15

**TARGET SHIPPING**

BILL OF LADING

| SHIPPER<br>PAIMI SHAOGA<br>1080 67TH STREET<br>OAKLAND, CA 94681 | REFERENCE NO.<br>TGT 21368 | CARRIER BOOKING NO.<br>2435171 |
|---|---|---|

EXPORT REFERENCES

| CONSIGNEE - ( NOT NEGOTIABLE UNLESS CONSIGNED TO ORDER )-<br>PAIMI SHOAGA<br>C/C JELLIAT KAFFO & BILLE SHOAGA<br>P.O. BOX 1924 - SAPON, ABEOKU 7<br>OGUN NIGERIA, WEST AFRICA | FORWARDING AGENT - References 6123<br>SKY 2 C FREIGHT SYSTEMS<br>25012 VIKING STREET<br>HAYWARD, CA 94545 |
|---|---|

POINT AND COUNTRY OF ORIGIN<br>CALIFORNIA          UNITED STATES OF AMERICA

| NOTIFY PARTY<br>SAME AS ABOVE | ALSO NOTIFY - ROUTING INSTRUCTIONS |
|---|---|

| PIER | PLACE OF RECEIPT by PRE-CARRIER | RELEASE AGENT |
|---|---|---|
| VESSEL AND VOYAGE NUMBER<br>CONDOR 0415 | PORT OF LOADING<br>OAKLAND | MAERSK NIGERIA LTD-LAGOS<br>MAERSK HOUSE, 121 LOUIS SOLOMON<br>CLOSE, PO BOX 72554<br>VICTORIA ISLAND, LAGOS NIGERIA |
| PORT OF DISCHARGE<br>LAGOS | PLACE OF DELIVERY | TEL: +234 01 2626430 |

| Mrks & Nos/Container Nos | Container Type | Description of Cargo | Gross Weight | Measurement |
|---|---|---|---|---|
| MSKU 812372 7<br>S#: 506667 | 1x40HC | CONTAINER SLAC:<br>1 LOT<br>HOUSEHOLD GOODS & PERSONAL<br>EFFECTS<br><br>THESE COMMODITIES, TECHNOLOGY OR SOFTWARE WERE<br>EXPORTED FROM THE UNITED STATES IN ACCORDANCE WITH<br>THE EXPORT ADMINISTRATION REGULATIONS. ULTIMATE<br>DESTINATION NIGERIA. DIVERSION CONTRARY TO UNITED<br>STATES LAW PROHIBITED.<br><br>FREIGHT PREPAID<br>NO SED REQUIRED VALUE UNDER $2500<br>SHIPPER'S LOAD STOW & COUNT | 30000.00L<br>13607.91K | |

*Phone # 1-877-699-9444* ~~5~~

NON NEGOTIABLE

*1-877-699-9444 x 5168*

These commodities, technology or software were exported from the United States in accordance with the export administration regulations. Diversion contrary to U.S.law prohibited.

| SHIPPER DECLARED VALUE\$<br>If Shipper sets a value, Carrier's package limitation of liability does not apply, and the ad valorem rate will be charged. No value shall be deemed declared unless specifically approved in writing by the Carrier or his agent on the face of this B/L and extra freight actually paid. | LAW AND JURISDICTION: Any claim or dispute (if any) arising under this bill of lading, including third party proceedings on those involving several defendants, shall be governed, except as herein otherwise provided, by the law and determined by the Court of the place where the Carrier (as specified above) has its principal place of business. |
|---|---|

| RATES | BASE | PREPAID | COLLECT | CUR. |
|---|---|---|---|---|
| | | | | |
| | | | | |

FREIGHT PREPAID

| Number of Original Bills of Lading<br>3 | Place and Date of Issue<br>Jul 29, 2004 |
|---|---|

Dated Jul 29, 2004    SIZE OF LADING NO.<br>TGT 21368

EX-16

```
** COMMUNICATIONS REPORT **              AS OF  MAR 24 2005 01:29  PAGE 01

                                                      RECOVERY ROOM

    TOTAL PAGES                                 TOTAL TIME

        SEND    : 0027                              SEND    : 00°07'12"
        RECEIVE : 0010                              RECEIVE : 00°04'35"
```

| | DATE | TIME | TO/FROM | MODE | MIN/SEC | PGS | CMD# | STATUS |
|---|---|---|---|---|---|---|---|---|
| 01 | 03/23 | 15:44 | | UF—R | 00'22" | 001 | 153 | OK |
| 02 | 03/23 | 15:46 | 92155115 | ——S | 00'00" | 000 | 149 | BUSY |
| 03 | 03/23 | 15:49 | MEDICAL ONCOLOGY | UF—R | 00'24" | 002 | 154 | OK |
| 04 | 03/23 | 15:51 | | EC—R | 01'09" | 002 | 155 | OK |
| 05 | 03/23 | 15:54 | 5102344921 | EC—R | 00'58" | 002 | 156 | OK |
| 06 | 03/23 | 16:01 | 5729 | UF—S | 00'39" | 001 | 157 | OK |
| 07 | 03/23 | 16:16 | 919257793601 | EC—S | 00'33" | 002 | 158 | OK |
| 08 | 03/23 | 16:25 | 2320005 | EC—R | 00'54" | 001 | 159 | OK |
| 09 | 03/23 | 16:42 | DMC-SP SURGERY | UF—R | 00'15" | 001 | 160 | OK |
| 10 | 03/23 | 16:57 | 92225487 | EC—S | 00'32" | 001 | 161 | OK |
| 11 | 03/23 | 17:13 | 15102379676 | EC—R | 00'33" | 001 | 162 | OK |
| 12 | 03/23 | 17:49 | 5751 | EC—S | 00'49" | 004 | 163 | OK |
| 13 | 03/23 | 17:50 | 5149 | EC—S | 00'50" | 004 | 164 | OK |
| 14 | 03/23 | 18:01 | 5746 | UF—S | 00'38" | 004 | 165 | OK |
| 15 | 03/23 | 18:05 | 2344189 | ——S | 00'00" | 000 | 166 | BUSY |
| 16 | 03/23 | 18:06 | 5743 | UF—S | 00'29" | 003 | 168 | OK |
| 17 | 03/23 | 18:16 | 5870 | ——S | 00'00" | 000 | 167 | BUSY |
| 18 | 03/23 | 18:23 | 919259522993 | EC—S | 00'46" | 002 | 169 | OK |
| 19 | 03/23 | 19:03 | 919259522993 | EC—S | 00'42" | 002 | 170 | OK |
| 20 | 03/23 | 21:36 | 919259522993 | EC—S | 00'38" | 002 | 171 | OK |
| 21 | 03/24 | 01:27 | 918775150511 | EC—S | 00'38" | 002 | 172 | OK |

EX-17

**Maersk Sealand shipping containers worldwide**            Page 1 of 1

# ✦ MAERSK SEALAND

Sitemap

Do business

| Home | Our services | Media room | Careers | About us | Contact | Local websites |

**Contact**

» Send an e-mail
» Find employees
» Offices
» Help & assistance
» Webmaster

## Send an e-mail to Maersk Sealand

Use this mail form if you have questions or comments
regarding Maersk Sealand and our services.

**Send message**

| | |
|---|---|
| Subject:* | Overdue container in Nigeria |
| Message:* | I have a cargo that was overdue and demurrage at Nigerian port. I spoke to your attorney representing you in a previous case Rilwan Latona vs. Maersk et al. He Mr. James Nebel was |
| First name:* | Mr. |
| | raimi |
| Last name:* | shoaga |
| E-mail:* | pico949@yahoo.com |
| Company:* | Individual |
| Address: | P. O. Box 7274  Oakland Calif. 94601 |
| Country:* | United States |
| State: | (Only US) |
| Phone: | |
| Fax: | n/a |

» Log in
» Control centre
» Tracking
» Schedules
» Rates
» Booking
» Shipping Instr
» Transport doc
» Statement
» Reports
» Claims
» My profile
» Learn more

**Help & Ass**


» Live
Let us
an on-

» FAQ

 = context

**E-mail serv**

» E-mail trackin
» Arrival notice

User terms • Privacy policy • Website info •
© A.P. Møller - Mærsk A/S. All rights reserved

A.P. Møller - Mærsk Group

3/21/2005

EX-18

 **MAERSK SEALAND**    Sitemap 

Home | Our services | Media room | Careers | About us | Contact | Local websites

Do business

United States home



» Start page
» Offices & contact
» Export
» Import
» General information
» Jobs
» Sailing schedules
» Pay freight
» E-solutions
» Newsletter
» Industry links

Local news

Updated weekly

- North American railroad network status update - Week of 03/14/05 [2005-03-16]

- Fumigation to cease for cargo to Australia / New Zealand [2005-03-14]

- USDA suspends China woodcraft imports [2005-03-10]

- Revised cargo cutoffs for Good Friday [2005-03-08]

Global news

» New weekly Hispaniola service [2005-03-10]

» Regulations on wood packaging material into the EU [2005-03-03]

» Safari service improvements

## Offices & contacts

Select the office you want detailed information about.

| City | Company | Phone | Fax |
|------|---------|-------|-----|
| Atlanta | Maersk Inc. | +1 (770) 399-2070 | +1 (770) 399-4101 |
| Baltimore | Maersk Inc. | +1 (410) 332-0500 | +1 (410) 332-0927 |
| Bentonville | Maersk Inc. | +1 (479) 254-8756 | +1 (479) 254-6813 |
| Boston | Maersk Inc. | +1 (617) 261-8700 | +1 (617) 261-8799 |
| Charleston | Maersk Inc. | +1 (843) 881-2700 | +1 (843) 849-2674 |
| Charlotte | Maersk Inc. | +1 (704) 571-2000 | +1 (704) 571-2100 |
| Chicago | Maersk Inc. | +1 (630) 574-6600 | +1 (630) 645-3694 |
| Cincinnati | Maersk Inc. | +1 (859) 341-4161 | +1 (859) 341-4682 |
| Cleveland | Maersk Inc. | +1 (440) 899-7260 | +1 (440) 899-7531 |
| Dallas | Maersk Inc. | +1 (972) 663-8340 | +1 (972) 663-8386 |
| Denver | Maersk Inc. | +1 (303) 650-5551 | +1 (303) 650-1331 |
| Detroit | Maersk Inc. | +1 (734) 946-5789 | +1 (734) 946-6754 |
| Honolulu | Maersk Inc. Agency | +1 (808) 842-5300 | +1 (808) 842-5395 |
| Houston | Maersk Inc. | +1 (281) 297-7200 | +1 (281) 863-6842 |
| Jacksonville | Maersk Inc. | +1 (904) 751-8313 | +1 (904) 751-8343 |
| Kansas City | Maersk Inc. | +1 (913) 338-3030 | +1 (913) 338-3063 |
| Kenai, AK | Maersk Inc. | +1 (907) 283-2858 | +1 (907) 283-2858 |
| Los Angeles | Maersk Inc. | +1 (714) 428- | +1 (714) 428- |

» Log in
» Control centre
» Tracking
» Schedules
» Rates
» Booking
» Shipping instr
» Transport doc
» Statement
» Reports
» Claims
» My profile
» Learn more

Help & Ass

 » Live Let us an on-

» FAQ

 = context

E-mail serv

» E-mail trackir
» Arrival notice

EX-19

**Maersk Sealand shipping containers worldwide**                    **Page 2 of 2**

[2005-02-28]

|  |  | 5300 | 5339 |
|---|---|---|---|
| Madison | Maersk Inc. Corporate Office | +1 (973) 514-5000 | +1 (973) 514-5410 |
| Memphis | Maersk Inc. | +1 (901) 309-7794 | +1 (901) 309-9277 |
| Miami | Maersk Inc. | +1 (305) 220-6660 | +1 (305) 220-7065 |
| Minneapolis | Maersk Inc. | +1 (952) 707-6528 | +1 (852) 707-6537 |
| Nashville | Maersk Inc. | +1 (615) 824-9332 | +1 (615) 822-2471 |
| New Orleans | Maersk Inc. | +1 (504) 942-1311 | +1 (504) 948-2113 |
| New York City | Maersk Inc. | +1 (973) 490-3400 | +1 (973) 734-3600 |
| Norfolk | Maersk Inc. | +1 (757) 627-4504 | +1 (757) 622-8536 |
| Philadelphia | Maersk Inc. | +1 (856) 665-8600 | +1 (856) 665-6336 |
| Portland | Maersk Inc. | +1 (503) 221-0092 | +1 (503) 223-9619 |
| Rochester | Maersk Inc. | +1 (585) 458-2320 | +1 (585) 458-1342 |
| San Diego | Maersk Inc. | +1 (858) 277-4800 | +1 (858) 277-3518 |
| San Francisco | Maersk Inc. | +1 (415) 283-4600 | +1 (415) 283-4643 |
| Savannah | Maersk Inc. | +1 (912) 963-1144 | +1 (912) 963-0085 |
| Seattle | Maersk Inc. | +1 (206) 461-1200 | +1 (206) 461-1239 |
| Washington D.C. | Maersk Inc. | +1 (703) 351-9200 | +1 (202) 887-5014 |

User terms • Privacy policy • Website info •
© A.P. Møller - Mærsk A/S. All rights reserved

A.P. Møller - Maersk Group


EX - 20

 **MAERSK SEALAND**                    Sitemap 

Do business

| Home | Our services | Media room | Careers | About us | Contact | Local websites |

Nigeria home.



» Start page
» Offices & contact
» Export
» Import
» General information
» Jobs

Global news

» New weekly Hispaniola service
[2005-03-10]

» Regulations on wood packaging material into the EU
[2005-03-03]

» Safari service improvements
[2005-02-28]

## Offices & contacts

Select the office you want detailed information about.

| City | Company | Phone | Fax |
|------|---------|-------|-----|
| Lagos | Maersk Nigeria Ltd. | +234 1 2626 430 - 9 | +234 1 2626 428 |
| Port Harcourt | Maersk Nigeria Ltd. | +234 8 4461 100 | +234 8 4644 08 |
| Warri | Maersk Nigeria Ltd. | +234 8 0332 630 37 | |
| Calabar | Maersk Nigeria Ltd. | +234 8 7210 543 | +234 8 7210 544 |

» Log in
» Control centre
» Tracking
» Schedules
» Rates
» Booking
» Shipping instr
» Transport doc
» Statement
» Reports
» Claims
» My profile
» Learn more

**Help & Ass**

 » Live
Let us
an on-

» FAQ

 = context

**E-mail serv**

» E-mail trackir
» Arrival notice

User terms • Privacy policy • Website info •
© A.P. Møller - Mærsk A/S. All rights reserved

A.P. Møller - Maersk Group


EX-24

EXHIBIT 2

1   RAIMI SHOAGA
    1080 67ᵗʰ Street #E
2   Oakland, California 94608
    (510) 597-9855
3
                                                    ORIGINAL
4   Plaintiff In Pro Se                             FILED

5                                                   OCT 1 4 2005

6                                                   RICHARD W. WIEKING
                                                    CLERK, U.S. DISTRICT COURT
                                                    NORTHERN DISTRICT OF CALIFORNIA
                                                    OAKLAND
7           UNITED STATES DISTRICT COURT FOR THE

8              NORTHERN DISTRICT OF CALIFORNIA

9

10  RAIMI SHOAGA,

11          Plaintiff              Case No. C05-02213 SBA

12      v.                         **PLAINTIFF'S AMENDED COMPLAINT FOR
                                   DAMAGES**
13  BLOSADA, MAESRK, INC.,         Breach of Contract, Extortion, Fraud
    MAERSK LINES, LTD.,
14  MAERSK NIG. LTD.
            Defendants
15  _____

16      The plaintiff herein, Raimi Shoaga, complains and alleges as follows:

17                  **FIRST CAUSE OF ACTION**

18                              I

19      This case is one over which the United States District Courts shall have original jurisdiction in

20  that it is based upon the violation of Maritime and Admiralty laws of the United States. The plaintiff

21  claims of the defendants' violations of 18 U.S.C. 1951(b)(2) and 18 U.S.C. 201. Jurisdiction is

22  conferred upon this court by 28. U.S.C 1333(1), and by 46 U.S.C. 740.

23                              II

24      Venue is proper in this court because this judicial district is the district in which the plaintiff's

25  claim arose in that the defendants are, and each defendant is, doing business within this judicial

26  district, and all contracts referred to and alleged herein were entered into in this district.

27                              III

28      The plaintiff demands a jury trial.

                                -1-

IV

The plaintiff is an individual and a resident of the city of Oakland, County of Alameda, State of California, and is not a shipping company or maritime services agent.

V

The defendant Blosada, ("Blosada"),                                an agent of the defendants Maersk Nig., Ltd., , with principal offices located in Lagos, Nigeria.

VI

The defendant Maersk, Incorporated, (Maersk, Inc.), is an oceangoing shipping company and an agent for maritime cargo shipping services, with cargo forwarding facilities in Oakland, Alameda County, California.

VII

The defendant Maersk Lines, Limited, (Maersk Lines, Ltd.), is an oceangoing shipping company and agent for maritime cargo shipping services, with cargo forwarding facilities in Oakland, California.

VIII

The defendant Maersk Nig. Ltd. is an oceangoing shipping company and an agent for the receipt of maritime cargo shipping services and cargo, with principal offices in Lagos, Nigeria.

IX

On or about July 29, 2004, the plaintiff entered into a pre-paid shipping agreement with the defendants Maersk, Incorporated, ("Maersk, Inc.), Maersk Lines, Limited. (Maersk Lines, Ltd.), wherein it was agreed that in exchange for the plaintiff paying to the defendants Maersk, Inc., Maersk Lines, Ltd. the total sum of Five Thousand, One Hundred Dollars, ($5,100.00), the defendants Maersk, Inc., Maersk Lines, Ltd. would provide the plaintiff cargo shipping and demurrage services to Apapa, Lagos, in the country of Nigeria, utilization of Maersk Lines, Ltd.'s cargo shipping container number "MSKU 8123727; S Number 506667".

X

That according to the agreement and contract between the plaintiff, Maersk, Inc., and Maersk Lines, Limited, the above referenced container, which contained goods and cargo owned by the

plaintiff was, upon delivery to Apapa, Lagos, Nigeria, in August of the year 2004, to have been released by the Federal Government of Nigeria, (FGN), which would, after inspection, have sole responsibility for the release of the plaintiff's cargo, as delivered.

XI

That from August of 2004 to January of the year 2005, the plaintiff's cargo, as shipped by the defendants Maersk, Inc., Maersk Lines, Ltd., was not released by the named defendants..

XII

That in January of the year 2005, the plaintiff visited Nigeria to inquire about the delay in the release of the plaintiff's cargo, as shipped in July of 2004.

XIII

That in January of 2005, the plaintiff was informed that the defendants , and each of the defendants were claiming that the plaintiff had an outstanding balance, shipping service, and demurrage charge of more than, (Ten Thousand Dollars), $10,000.00, and that the defendants, although  refusing to release the cargo and goods that had been shipped by the plaintiff until all charges were paid, were also demanding the return of the container.

XIV

That from January of 2005 to April of 2005, the plaintiff and his brother sought out those responsible for explaining and justifying the additional charges, but were never able to have the increased costs justified or explained.

XV

That in April of 2005, the plaintiff and his brother were informed by the defendants Blosada, Maersk Nig. Ltd. that the plaintiff was liable to the defendants, and each of the defendants, for the $10,000.00 plus additional costs.

XVI

That the defendants, and each of the defendants, have, by their wrongful acts and breach of contract violated 18 U.S.C. 1951(b)(2) and 18 U.S.C. 201, and have caused the plaintiff damages.

**SECOND CAUSE OF ACTION**

I

The plaintiff incorporates herein by reference each and all paragraphs of the plaintiff's FIRST CAUSE OF ACTION herein.

II

That the defendants, and each of the defendants, have, by their wrongful acts and breach of contract violated 18 U.S.C. 1951(b)(2) and 18 U.S.C. 201, have committed extortion as against the plaintiff, and have caused the plaintiff damages.

**THIRD CAUSE OF ACTION**

I.

The plaintiff incorporates herein by reference each and all paragraphs of the plaintiff's SECOND CAUSE OF ACTION herein.

II

That the defendants, and each of the defendants, have made false statements to the plaintiff, and that said statements were known to be false at the time that they were communicated by the defendants to the plaintiff.

III

That the statements made by the defendants were made to the plaintiff while the defendants intended to induce reliance, by the plaintiff, upon said statements and to induce the plaintiff to act by paying the defendants an amount of not less than $5,100.00.

IV

That the plaintiff did, in fact, rely upon statements made by the defendants, and did, in fact, pay to the defendants an amount of not less than $5,100.00 in order to obtain shipping container space and oceangoing cargo shipping services from California to Lagos, Nigeria.

V

That as the result reliance by the plaintiff upon statements made by the defendant, the plaintiff has suffered economic loss and damages.

**WHEREFORE**, the plaintiff prays,

1. For damages for the defendants', and each defendant's breach of contract;

2. For damages for the defendants', and each defendant's, extortion;

3. For damages for the defendants', and each defendant's, fraud and misrepresentation;

4. For costs of suit; and,

5. For such other and further relief as the court may deem meet and just under the premises.

Dated: October 13, 2005

RAIMI SHOAGA-Plaintiff In Pro Se

-5-

# EXHIBITS

EXH-1 thru EXH-9



This message is not flagged. [ Flag Message - Mark as Unread ]

| Date: | Mon, 4 Apr 2005 08:49:53 -0700 (PDT) |
| From: | "Billy Shokis" <billyshokistenga@yahoo.com>    Add to Address Book |
| Subject: | Notice of Application To Maersk Sealand Shipping Agent |
| To: | pico949@yahoo.com |

Notice of Application To Maersk Sealand Shipping Agent

Do you Yahoo!?
Yahoo! Personals - Better first dates. More second dates.
http://personals.yahoo.com

**Attachments**                    Attachment scanning provided by: 

Files:

New_Microsoft_Word_Document__2_.doc (22k) [View]    Save to Computer - Save to Yahoo! Briefcase



Previous | Next | Back to Messages                    Save Message Tex

EV4-1



# SHOLAB VENTURES NIG. ENT.

**VENTURES**
**RC: LAZ02286**

*Head Office:* 14, Ola-Oluwa Crescent, Igando - Lagos.
*Branch:*      35, Gaskiya Shopping Complex, Apapa - Lagos.
              c/o P.O. Box 2931, Wharf - Apapa, Lagos.

**Telephone: 0803 323 0577**

4th April 2005.

The Chief Executive Officer
Maerks Sealand Nigeria Limited
Plot 121, Louis Solomon Close
Victoria Island,
Lagos Nigeria

Dear Sir,

### REQUEST FOR CONTAINER #MSKU 8123727 SIZE 40 HIGH TO BE RETURNED TO PORT OF LOADING (NEWARK, OAKLAND, U.S.A)

I hereby write for the above consignment to be re-shipped back to its original port of loading in Newark, Oakland, U.S.A.  This is on the heel of shipment discrepancies and unrealistic invoice prepared Maersk Sealand Nigeria Limited.

The consignee MR RAIMI SHOAGA who also is the customer and MR MARREKS, the forwarding agent, both in Oakland, U.S.A, have duly been informed by copies of this letter.

I attach herewith, a photocopy of invoice prepared by one BLOSADA, with grand total ₦713,242.00 (seven hundred and thirteen thousand, two hundred and forty-two Naira only) in January 2005. Also attached is the bill of lading for your verification.  I hope this request would be given urgent attention.

Thank you,

Very truly yours,

**BILLY SHOAGA**
**w/attachments**

EXH-2

# ★ MAERSK SEALAND

COPY
Local Invoice

| | | | | | | |
|---|---|---|---|---|---|---|
| Customer | | | | Invoice Number | | 98815 |
| CNR Bks Code : 28300027867 | Cics Code : SHC066 | | | Invoice Valid to | | 27-Jan-05 |
| MR FRANK SHAOGA | | | | Invoice Date | | 03-Jan-05 |
| C/O OLIER ALSAFO & BILLY SHOAGA | | | | Prepared by | | hoseda |
| AND P O BOX 1924 | | | | | | |
| SARTON ABEOKU7 | | | | Bill of Lading No(s) | | 744428145 |
| Agent | | | | | | |
| CORE & FREIGHT | | | | Place of Receipt | | OAKLAND |
| | | | | Load Port | | NEWARK |
| Freetime Dry : Standard Days | | | | Discharge Port | | SAPAPA |
| Freetime Reefer : Standard Days | | | | Place of Delivery | | APAPA |
| | | | | Arriving vessel | | CHRISTIAN MAERSK 0508E |
| | | | | Arrival Date | | 08-Sep-04 |

| Container No. | Size | Type | Charges | Basis | Unit/CM | Rate | Amount |
|---|---|---|---|---|---|---|---|
| MSKU923272? | 40 | HIGH | THC | 40 | | 56,300 | 56,300 |
| | | | Doc Fees | BL | 1 | 2,100 | 2,100 |
| | | | Cleaning Charge | 40 | 1 | 840 | 840 |
| | | | Mowca Charge | 40 | 1 | 980 | 980 |
| | | | Deposit - Outside Lagos | 40 | 1 | 300,000 | 300,000 |
| | | | Com Dep | Is | 0.05 | 300,000 | 15,000 |
| | | | Demurrage | 40 | | 2,285 | 16,000 |
| | | | Demurrage | 40 | | 2,285 | 196,000 |
| | | | A Telex Release | BL | | 10,000 | 10,000 |

| | | | | | | |
|---|---|---|---|---|---|---|
| Total Charges | | | | | | 696,585 |
| VAT | 5.00% | NAIRA | 393,585 | | | 19,677 |
| **GRAND TOTAL** | | | | **NAIRA** | | **713,242** |

DEPT APPROVAL

EXH-3



MAERSK SEALAND

CHARGE CALCULATION BREAKDOWN

REGS MEDOCADA

Ch.Type :DET    Tariff    Loc :NGAPP

Vsl/Voy/Line

RAIMI SHOAGA

Grand Total (EST) : NGN    308,745.00

B/L No.: 511442814 VSL/VOY/ROUTE   826 CHRISTIAN MAERSK/0439/21

( MSKU8123727 ( 40HVH )

Free time Period.: 04/09/08 - 04/09/14    ( FT) NGAPP    00034,001

Detention Period: 04/09/15 - 05/01/27

Receivable:    NGN    2,287.00 x135 days NGAPP    00034,004

Subtotal:    308,745.00
Total:    308,745.00

32,220

EXH-4

# TARGET SHIPPING

BILL OF LADING

| SHIPPER | REFERENCE NO. | CARRIER BOOKING NO. |
|---|---|---|
| RAIMI SHOAGA<br>1080 67TH STREET<br>OAKLAND, CA 94681 | TGT 21368 | 2435171 |

EXPORT REFERENCES

| CONSIGNEE - ( NOT NEGOTIABLE UNLESS CONSIGNED TO ORDER ) | FORWARDING AGENT - References 6123 |
|---|---|
| RAIMI SHOAGA<br>C/O JELILAT KAFFO & BILLY SHOAGA<br>P.O.BOX 1924 - SAPON, ABEOKUT F<br>OGUN NIGERIA, WEST AFRICA | SKY 2 C FREIGHT SYSTEMS<br>25012 VIKING STREET<br>HAYWARD, CA 94545 |

POINT AND COUNTRY OF ORIGIN
CALIFORNIA          UNITED STATES OF AMERICA

| NOTIFY PARTY | ALSO NOTIFY - ROUTING INSTRUCTIONS |
|---|---|
| SAME AS ABOVE | |

| PIER | PLACE OF RECEIPT by Pre-Carrier | RELEASE AGENT |
|---|---|---|
| | | MAERSK NIGERIA LTD-LAGOS |
| VESSEL AND VOYAGE NUMBER<br>CONDOR 0415 | PORT OF LOADING<br>OAKLAND | MAERSK HOUSE, 121 LOUIS SOLOMON<br>CLOSE, PO BOX 72554<br>VICTORIA ISLAND, LAGOS NIGERIA |
| PORT OF DISCHARGE<br>LAGOS | PLACE OF DELIVERY | TEL: +234 01 2626430 |

| Mrks & Nos/Container Nos | Container Type | Description of Cargo | Gross Weight | Measurement |
|---|---|---|---|---|
| MSKU 812372 7<br>S#: 506667 | 1x40HC | CONTAINER SLAC:<br>1 LOT<br>HOUSEHOLD GOODS & PERSONAL<br>EFFECTS<br><br>THESE COMMODITIES, TECHNOLOGY OR SOFTWARE WERE<br>EXPORTED FROM THE UNITED STATES IN ACCORDANCE WITH<br>THE EXPORT ADMINISTRATION REGULATIONS. ULTIMATE<br>DESTINATION NIGERIA. DIVERSION CONTRARY TO UNITED<br>STATES LAW PROHIBITED. | 30000.00L<br>13607.91K | |

FREIGHT PREPAID
NO SED REQUIRED VALUE UNDER $2500
SHIPPER'S LOAD STOW & COUNT

Phone # 1-877-699-9444

NON NEGOTIABLE

1-877-699-9444 X 5168

SHIPPER DECLARED VALUE $

| RATES | BASE | PREPAID | COLLECT | CUR. |
|---|---|---|---|---|
| | | | | |

FREIGHT PREPAID

Number of Original BL(s) of Lading
3

Place and Date of Issue
JUL 29, 2004

Dated   Jul 29, 2004

BILL OF LADING NO.
TGT 21368

Misc Parts / Accessories



**2005 SUZUKI QUV 620,** 4x4 utility vehicle, Vin #JK8AFCL115B500068, wow, MSRP $8799, now only $8699 OTD, OC Motorsports.com, CC MOTORSPORTS KAWASAKI/SUZUKI, 714-258-3311 CFA14405/ 00459104002



**2005 STORAGE CONTAINER,** all sizes, EZ delivery, financing avail, we accept Visa, Master Card, Amex & Discover, also leasing programs avail, Nation wide, low prices, roll off, Containers avail, CONTAINER USA, Where America Goes to for Storage, www.containerusa.com, call now, toll free, Patrick 888-440-9736 CFA21006/ 00378389101



**2005 KAWASAKI MULE 610,** 4x4, brand new, 0 mi, the only 4x4 utility vehicle that fits in full sized pickup bed, MSRP $7099 now only $6,999 OTD, including tax, license + fees, CC MOTORSPORTS, KAWASAKI/SUZUKI, 714-258-3311 CFA14405/ 00459107303



**2005 NEW PIRANAH ROOT GRAPPLES,** come standard w/60in to 84in, 80k psi steel, 8k psi hoses, countersunk grease fittings, flat face couplers, 3/4in clamps, all protected hoses, 12 mo limited warranty, starting from $1,400 for either, DEALERS WELCOME, 336-857-2564, Denton, NC, P I R A N H A A T T A C H M E N T S . C O M CFA40005/ 00408695903



**2005 NEW Piranah Buckets $270 & up,** forks $450, PRICES SUBJECT TO CHANGE, same day shipping, 8am-6pm EDT, DEALER INQUIRIES WELCOME, DISCOUNT ON MULTIPLE UNITS, 336-857-2564, P I R A N H A A T T A C H M E N T S . C O M CFA40005/ 00408695902



**1995 NEAL PAVER & TRAILER,** gas, perfect cond, low hours & interstate trailer, 26' w/ramps, must sell, $18,500 obo, 702-610-6000 CFA21606/ 00385790205

EXH-6

Misc Parts / Accessories                    February 10, 2005 ISSUE 5  BIG TRUCK TRADER® • California / Nevada



**AFFORDABLE. on site 20ft & 40ft steel storage containers,** wholesale prices to the public, do not pay retail, no junk, we will meet or beat any competitor's price on comparable units, E-Z delivery, self-offloading trucks, visa/ mastercard & check by phone accepted, call 800-216-1830 www.conex containers.com CFA04306/ 00379229803



**AFFORDABLE,** on site 20ft & 40ft steel storage container, wholesale prices to the public, do not pay retail, no junk, we will meet or beat any competitor's price on comparable units, E-Z delivery, self-offloading trucks, visa/ mastercard & check by phone accepted, call AMERICAN STEEL CARGO CONTAIN- ERS LLC 800-216-1830 www.conexcontainers.com CFA04306/ 00379229503



**10;0** FRONT END LOADER FORKS ATTACHMENT ENGI-NEERED TO EXCEED, are you tired of jockeying around a front end loader trying to move things, you can attach our forks in 60 seconds with only one man, overall length 80in 6in x 2in tube constructed a high tensile strength A500 structural tube, painted cat yellow available in 80in, 70in, 60in and 50in lenghts, US. steel products, LLC, give us a call now, 866-736-3656 CFA04305/ 00345271305



**10;0** FRONT END LOADER BALL MOUNT ATTACHMENT ENGI-NEERED TO EXCEED, are you tired of jockeying around a front end loader trying to move things, you can attach our ball mount in 60 seconds with only one man, constructed of high tensile strenght A36 structural steel, painted cat yellow US. steel products, LLC give us a call now, 866-736-3656 CFA04305/ 00345271304

232                                 www.AutoTrader.com

EXH-7

IF A VEHICLE IS OUT THERE IT'S IN HERE!

Auto Trader Magazines

www.traderonline.com

SEEK, AND YOU SHALL FIND

February 10, 2005 ISSUE 5  BIG TRUCK TRADER® • California / Nevada    Farm Equipment - Misc Parts / Accessories



## NEW HOLLAND

# '05 TC29D 4X4
## ONLY 3 TO CHOOSE @ $12,660

### '05 TC29D 4X4
9X3 TRANS, 29HP, DIESEL
MSRP 18,490*
LEASE RETURN W/100-208 HRS
## $12,660* WITH REMAINDER
OF FACTORY WARRANTY

*Visit Our Website at* www.berchtold.com

### BERCHTOLD
EQUIPMENT COMPANY

BAKERSFIELD 330 E. 19th Street
1-800-691-7817 • 661-323-7817

*Optional equipment. Add $4,200 for front loader. Offer ends 5 days after publication date.    097098  05DL-0504R



GET THE MOST FOR YOUR MONEY! Sea boxes, 20ft, 40ft, 48ft, 53ft storage containers. Call now, many to choose from. E-Z delivery, dispatched from most major U.S. cities. Blow out prices... 1-877-256-3876 VISA/MC/Amex, check by phone, PRO BOX LEASING, Vancouver, WA CFA04306/ 00379229404



2002 TORO Z-MASTER 757 MOWER, professional turf, 52" cut, 24hp Kohler, very nice cond, only 256 hrs, recycler kit installed, extra blades, must see, needs nothing, new price $5,6K; asking, $3500 obo, 760-802-5208 CFA21509/ 0044339010

2002 DIAMOND, flat bed only with under bed boxes and hard weld side boards headache rack bumper cleats 8 x 16, $2000, OBO, 805-384-0215 CFA21305/ 0000867OEB1



2000 ASV-4810, rubber tracks, 72" bucket, aux hydraulic, 1500 hrs, $22,500 obo, 714-321-8159 CFA20009/ 0046S330501



1999 JD210LE LOADER, 4x4, 4/1, hyd scraper, 5 to choose from from 1999-2000, start at $32500, 916-207-8200, 530-656-2486- CFA21007/0044S237314



1997 JCB 217, backhoe, 4WD, power shift trans, 21'6" digging depth, 5 to choose from, $24,999 add breaker for $5k, Cook Equipment Co, Fullerton, www.cookequipment.com, 800-558-9993 CFA14405/ 0045910S101



1995 INGERSOLL-RAND COMPRESSOR, gray, $3200, 310-261-5483, CFA21305/ 0045437S904


EXH-8

# ✳ MAERSK SEALAND

Sitemap

Do business

**Contact**

» Send an e-mail
» Find employees
» Offices
» Help & assistance
» Webmaster

## Send an e-mail to Maersk Sealand

Use this mail form if you have questions or comments regarding Maersk Sealand and our services.

**Send message**

| | |
|---|---|
| Subject:* | Overdue container in Nigeria |
| Message:* | I have a cargo that was overdue and demurrage at Nigerian port. I spoke to your attorney representing you in a previous case Rilwan Latona vs. Maersk et al. He Mr. James Nebel was |
| First name:* | Mr. |
| | raimi |
| Last name:* | shoaga |
| E-mail:* | pico949@yahoo.com |
| Company:* | Individual |
| Address: | P. O. Box 7274  Oakland Calif. 94601 |
| Country:* | United States |
| State: | (Only US) |
| Phone: | |
| Fax: | n/a |

» Log in
» Control centre
» Tracking
» Schedules
» Rates
» Booking
» Shipping instr
» Transport doc
» Statement
» Reports
» Claims
» My profile
» Learn more

**Help & Ass**



» Live
Let us
an on-

» FAQ

= context

**E-mail serv**

» E-mail tracki
» Arrival notice

3/21/2005

EXH-9

EXHIBIT 3

1

2

3                    IN THE UNITED STATES DISTRICT COURT

4

5              FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

7   RAIMI SHOAGA,                          No. C 05-02213 SBA

8              Plaintiff,                  **ORDER**

9        v.                               [Docket No. 27]

10  BLOSADA, et al.,

11             Defendants.
                                    /

12

13         This matter comes before the Court on Defendants Maersk, Inc. and Maersk Lines, Ltd.'s Motion

14  to Dismiss [Docket No. 27]. Having read and considered the arguments presented by the parties in the

15  papers submitted to the Court, the Court finds this matter appropriate for resolution without a hearing.

16  The Court hereby GRANTS IN PART AND DENIES IN PART Defendants Maersk, Inc. and Maersk

17  Lines, Ltd.'s Motion to Dismiss [Docket No. 27].

18                              **BACKGROUND**

19  A.    **Factual Background**[1]

20        1.    **Parties**

21        Defendant Maersk, Inc. ("Maersk, Inc.") is an oceangoing shipping company and an agent for

22

23        [1]The following facts have been taken from Plaintiff's Amended Complaint. The Court notes that
24  both Plaintiff and the moving defendants have attempted to supplement the factual allegations contained
    in the Amended Complaint by submitting additional evidence and testimony through declarations.
25  However, since the Amended Complaint is before the Court on a 12(b)(6) motion, the Court's analysis
    is limited to the allegations that are actually contained in the Amended Complaint and any exhibits that
26  have been incorporated by reference. *See* Fed. R. Civ. P. 12(b)(6). The Court may *not* consider
    additional allegations or evidence without converting the motion into a motion for summary judgment.
27  *Id.* Accordingly, the Court has not considered the Declaration of Michael Hopkins, the Supplemental
    Declaration of Michael Hopkins, the Declaration of Massoud Messkoub, the Declaration of Aogu
28  Andrew Tsukamoto, the Declaration of Raimi Shoaga, or the exhibits attached to the Opposition of
    Raimi Shoaga.

1   maritime cargo shipping services, with cargo forwarding facilities in Oakland, California. Amended

2   Complaint ("AC") at 2:8-10. Defendant Maersk Lines, Ltd. ("Maersk Lines") is similarly an oceangoing

3   shipping company and agent for maritime cargo shipping services, with cargo forwarding facilities in

4   Oakland, California. *Id.* at 2:12-14. Maersk Nigeria, Ltd. ("Maersk Nigeria") and Blosada are also

5   named as defendants, but neither has joined the instant motion. Both Maersk Nigeria and Blosada are

6   located in Lagos, Nigeria. *Id.* at 2:5-6, 2:16-17. Plaintiff Raimi Shoaga ("Plaintiff") is an individual

7   and resident of the city of Oakland, California. *Id.* at 2:2-3.

8       2.   **Allegations**

9       According to Plaintiff, on or about January 29, 2004, Plaintiff entered into a pre-paid shipping

10  agreement with both Maersk, Inc. and Maersk Lines, wherein it was agreed that in exchange for $5,100,

11  Maersk, Inc. and Maersk Lines would provide Plaintiff with cargo shipping and demurrage services to

12  Lagos, Nigeria in connection with the delivery of a shipping container supplied by Defendants and filled

13  with Plaintiff's personal effects. *Id.* at 2:19-3:1.[2] Pursuant to this contract, the container was to be

14  released by the Federal Government of Nigeria. *Id.* at 2:27-3:3. The alleged contract also provided that

15  the Federal Government of Nigeria would have, after inspection, the sole responsibility for the release

16  of Plaintiff's cargo. *Id.*

17      The container arrived in Lagos in August 2004. *Id.* at 2:27-3:1. However, from August 2004

18  to January 2005, the cargo was not released. *Id.* at 3:5-6. In January of 2005, Plaintiff visited Nigeria

19  and was informed that he owed an outstanding balance for additional shipping and demurrage charges

20  of more than $10,000 and that the defendants would not release the container to Plaintiff until such

21  charges were paid. *Id.* at 3:8-15. Plaintiff subsequently attempted to receive an explanation justifying

22  the additional charges, but never received such explanation. *Id.* at 3:17-19. In April 2005, Plaintiff was

23  informed by defendants Blosada and Maersk Nigeria that Plaintiff was liable to all of the defendants for

24

25

26

_____

27   [2]The alleged contract between Plaintiff and Maersk, Inc. and Maersk Lines is not attached to
    Plaintiff's Amended Complaint. However, Plaintiff has attached the Bill of Lading, which appears to

28  have been issued by a company named Target Shipping, Inc. *Id.* at Ex. 5. The Bill of Lading indicates
    that the "Release Agent" is Maersk Nigeria.

2

1    the additional charges. *Id.* at 3:21-23.[3]

2       Plaintiff contends that, during the relevant period, each of the defendants knowingly made

3    certain unspecified false statements to him and that these statements were made with the intention of

4    inducing Plaintiff to pay $5,100 in shipping charges. *Id.* at 4:13-23.

5    **B.**     **Procedural Background**

6       On June 1, 2005, Plaintiff filed a Complaint in *propria persona* on behalf of himself and three

7    other individuals. The Complaint named as defendants a person known as "Bolsada," an entity referred

8    to as "Maersk Sealand Shipping Worldwide dba Maersk," Target Shipping, Inc., and Maersk Nig. Ltd.

9    From the Complaint, it appeared that Bolsada and Maersk Nig. Ltd. were foreign entities or persons

10   located in Nigeria. Plaintiff's Complaint alleged causes of action for "extortion," breach of contract of

11   carriage, "illegal revenue enhancement," fraudulent misrepresentation, intentional and negligent

12   misrepresentation, "corruption," and illegal demurrage charges. Plaintiff also alleged that federal

13   jurisdiction was premised on admiralty and maritime jurisdiction, pursuant to 28 U.S.C. § 1333.

14      On September 6, 2005, Plaintiff filed a motion for entry of default as to defendants Bolsada,

15   Maersk Nig. Ltd., and Maersk Sealand Shipping Worldwide. Additionally, Plaintiff moved for entry

16   of default against Maersk Lines, Ltd. Also on September 6, 2005, Plaintiff voluntarily dismissed

17   defendant Target Shipping, Inc.

18      On September 19, 2005, the Clerk of Court declined to enter default against defendants Bolsada

19   and Maersk Nig. Ltd. The Clerk also declined to enter default against Maersk Lines, Ltd.

20      On September 22, 2005, Maersk, Inc. and Maersk Lines, Ltd. specially appeared in the action

21   by filing a Separate Case Management Conference Statement and Motion for Sanctions ("Motion for

22   Sanctions"). In the Motion for Sanctions, Maersk, Inc. and Maersk Lines, Ltd. informed the Court that

23   "Maersk Sealand Shipping Worldwide" was a non-existent entity and that Plaintiff had attempted to

24   serve process on Maersk, Inc. and Maersk Lines, Ltd., despite the fact that the companies were not

25   actually named as defendants in Plaintiff's Complaint.

26

27       [3]Although it is not entirely clear, it appears that Plaintiff received certain invoices detailing the

28   charges. *See id.* at Exs. 3-4. These invoices appear to have been prepared by an entity known as "Maersk Sealand." *Id.*

1    On September 29, 2005, Plaintiff filed an Opposition to Maersk, Inc. and Maersk Lines, Ltd.'s

2    Motion for Sanctions.

3    On October 5, 2005, the Court issued an Order denying the Motion for Sanctions. The Court

4    also struck reference to the three other "plaintiffs" on whose behalf Plaintiff had brought the suit.

5    Additionally, Plaintiff was explicitly instructed to file proofs of service with the Court demonstrating

6    that the defendants named in the Complaint had been properly served pursuant to Federal Rule of Civil

7    Procedure 4 on or before October 19, 2005.

8    On October 14, 2005, Plaintiff filed the instant Amended Complaint in *propria persona* on

9    behalf of himself and against defendants "Blosada," Maersk, Inc., Maersk Lines, Ltd., and Maersk Nig.

10    Ltd. The Amended Complaint alleges three causes of action for: (1) breach of contract; (2) violations

11    of 18 U.S.C. § 1951(b)(2)[4] and 18 U.S.C. § 201;[5] and (3) fraud. Plaintiff contends that federal

12    jurisdiction is premised on admiralty and maritime jurisdiction, pursuant to 28 U.S.C. § 1333(1) and 46

13    U.S.C. § 740.

14    On November 3, 2005, defendants Maersk, Inc. and Maersk Lines, Ltd. filed the instant Motion

15    to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b). Defendants Blosada and

16    Maersk Nigeria have not yet appeared in this action.

17                            **LEGAL STANDARD**

18    **A.    Federal Rule of Civil Procedure 12(b)(6)**

19    Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted if it

20    appears beyond a doubt that the plaintiff "can prove no set of facts in support of his claim which would

21    entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). For purposes of such a motion, the

22    complaint is construed in a light most favorable to the plaintiff and all properly pleaded factual

23    allegations are taken as true. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Everest and Jennings,*

24    *Inc. v. American Motorists Ins. Co.*, 23 F.3d 226, 228 (9th Cir. 1994). All reasonable inferences are to

25    be drawn in favor of the plaintiff. *Jacobson v. Hughes Aircraft*, 105 F.3d 1288, 1296 (9th Cir. 1997).

26

27    [4] 18 U.S.C. § 1951 is entitled "Interference with commerce by threats or violence."

28    [5] 18 U.S.C. § 201 is entitled "Bribery of public officials and witnesses."

4

*United States District Court*
For the Northern District of California

1  When a plaintiff attaches exhibits to the complaint, those exhibits may be considered as part of the

2  pleadings. *Cooper v. Bell*, 628 F.2d 1208, 1210 n. 2 (9th Cir. 1980).

3       The court does not accept as true unreasonable inferences or conclusory legal allegations cast

4  in the form of factual allegations. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981);

5  *see Miranda v. Clark County, Nev.*, 279 F.3d 1102, 1106 (9th Cir. 2002) ("[C]onclusory allegations of

6  law and unwarranted inferences will not defeat a motion to dismiss for failure to state a claim.");

7  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 ("Nor is the court required to accept as true

8  allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."),

9  *as amended by*, 275 F.3d 1187 (9th Cir. 2001); *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th

10 Cir. 1988) ("[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for

11 failure to state a claim.")).

12      When a complaint is dismissed for failure to state a claim, "leave to amend should be granted

13 unless the court determines that the allegation of other facts consistent with the challenged pleading

14 could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d

15 1393, 1401 (9th Cir. 1986). The court should consider factors such as "the presence or absence of undue

16 delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue

17 prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package

18 Express*, 885 F.2d 531, 538 ( 9th Cir. 1989). Of these factors, prejudice to the opposing party is the

19 most important. *See Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (citing *Zenith

20 Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-31 (1971)). Leave to amend is properly

21 denied "where the amendment would be futile." *DeSoto v. Yellow Freight Sys.*, 957 F.2d 655, 658 (9th

22 Cir. 1992).

23 **B.      Federal Rule of Civil Procedure 9(b)**

24      Federal Rule of Civil Procedure 9(b) provides as follows:

25           In all averments of fraud or mistake, the circumstances constituting
             fraud or mistake shall be stated with particularity. Malice, intent,
26           knowledge, and other condition of mind of a person may be averred
             generally.
27

28 Fed. R. Civ. P. 9(b).

United States District Court
For the Northern District of California

"[The Ninth Circuit] has interpreted Rule 9(b) to require that 'allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong.'" *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993) (quoting *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985)). "The pleader must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (citing *Semegen*, 780 F.2d at 731).

## ANALYSIS

### I.    Maersk, Inc. and Maersk Lines' Motion to Dismiss

In the instant Motion to Dismiss, Defendants Maersk, Inc. and Maersk Lines (hereinafter referred to as the "Moving Defendants") have moved to dismiss Plaintiff's Amended Complaint on the grounds that: (1) Plaintiff's first cause of action fails to state a claim against the Moving Defendants because Maersk, Inc. and Maersk Lines never entered into a contract with Plaintiff; (2) Plaintiff has not stated a claim for bribery or extortion and may not prosecute alleged violations of those criminal statutes as a private citizen; and (3) Plaintiff has not plead fraud with the requisite specificity.[6]

### A.    Plaintiff's First Cause of Action for Breach of Contract

In support of his first cause of action, Plaintiff claims that he entered into a pre-paid shipping agreement with the Moving Defendants to deliver cargo from Oakland, California to Lagos, Nigeria. In support of these allegations, Plaintiff has attached to his Amended Complaint a Bill of Lading, which functions as a contract in the shipping industry. The Bill of Lading appears to be a contract between Target Shipping, Inc. and Plaintiff. There is no reference to either Maersk, Inc. or Maersk Lines on the Bill of Lading.

Accordingly, the Moving Defendants argue that Plaintiff's cause of action for breach of contract must be dismissed because the Bill of Lading does not show that either Maersk, Inc. or Maersk Lines

---

[6]The Moving Defendants also assert that Plaintiff's Opposition was filed late and should therefore be disregarded by this Court. The Court hereby admonishes Plaintiff for filing an untimely Opposition, and therefore failing to comply with the Civil Local Rules. However, the Court notes that the Moving Defendants have not been unduly prejudiced by Plaintiff's late filing. In fact, it appears that the Moving Defendants had an adequate amount of time to review and respond to Plaintiff's Opposition. Accordingly, the Court declines to strike Plaintiff's Opposition.

6

1    ever directly entered into an agreement with Plaintiff. However, the fact that Plaintiff contracted with

2    Target Shipping, Inc. to arrange for the transport of his cargo does not necessarily prove, as a matter of

3    law, that the Moving Defendants were not also parties to the transaction. For example, it appears that

4    Target Shipping, Inc. may be a non-vessel operating common carrier ("NVOCC"), which acts as an

5    intermediary between shippers and vessel operators to arrange for the consolidation of small shipments

6    into larger ones. *See* 1 THOMAS J. SCHOENBAUM, ADMIRALTY AND MARITIME LAW 609 (4th ed. 2001);

7    *see also National Customs Brokers & Forwarders Ass'n of America, Inc. v. U.S.*, 883 F.2d 93, 101 (D.C.

8    Cir. 1989) (citing 46 U.S.C. § 1702(17)) ("The Shipping Act of 1984 recognized the NVOCC as a legal

9    entity with the status of 'a shipper in its relationship with an ocean common carrier but the status of a

10    carrier in its relationship with exporter customers.'"). It is therefore possible that Target Shipping, Inc.

11    entered into an agreement with the Moving Defendants on behalf of Plaintiff for the shipment of his

12    goods. If this were indeed the structure of the relationship, then it is possible that the Moving

13    Defendants could be liable to Plaintiff for breach of contract.[7]

14        The Moving Defendants also argue that they are not liable under Plaintiff's breach of contract

15    theory because the instant dispute arose in Nigeria and solely concerns Maersk Nigeria, which is a

16    separate entity. The Court agrees that it appears that Plaintiff is alleging that the dispute arose after the

17    unloading of the cargo in Lagos. However, at this stage in the litigation, the Court has no basis to

18    conclude that the Moving Defendant's alleged contractual liability ended after the unloading of the cargo

19    at the port. For example, sea carriers generally contract with a stevedore company to load and unload

20    freighters at port. *See* SCHOENBAUM, *supra*, at 610. However, the contract of carriage may continue

21    to govern the relationship between the shipper and the carrier after the discharge but before the delivery

22    of the cargo to the consignee. *Id.*; *Leather's Best, Inc. v. S.S. Mormaclynx*, 451 F.2d 800, 807 (2d Cir.

23    1971). Thus, it is possible for a shipping contract with a carrier to continue to have effect after the cargo

24

25

26
_____

27    [7]The Court finds it important to note that this not a finding by the Court that Plaintiff has shown such facts to be true or applicable. However, since Plaintiff is *pro per*, the Court must construe his pleadings liberally. Further, on a 12(b)(6) motion to dismiss, all reasonable inferences are to be drawn

28    in Plaintiff's favor. *Jacobson*, 105 F.3d at 1296.

7

*United States District Court*
For the Northern District of California

1  is unloaded, even when the dispute arises from subsequent actions of the stevedore company.[8]

2      Given the standard that this Court must apply on a 12(b)(6) motion to dismiss, the Moving

3  Defendants' arguments against Plaintiff's breach of contract claim are therefore insufficient to warrant

4  dismissal of his claim. Plaintiff has specifically alleged that the Moving Defendants entered into a

5  contract with him for the transport of his goods and subsequently breached that agreement. When the

6  Court construes these allegations in the light most favorable to Plaintiff, Plaintiff's allegations are

7  sufficient to state a claim. Accordingly, the Moving Defendants' Motion to Dismiss Plaintiff's first

8  cause of action is DENIED.

9      **B.**    **Plaintiff's Second Cause of Action for Extortion and Bribery**

10      The Moving Defendants have also moved for dismissal of Plaintiff's second cause of action

11  on the grounds that Plaintiff has failed to state a claim for either extortion or bribery and on the

12  alternative grounds that the statutes cited in Plaintiff's second cause of action are criminal and do not

13  provide Plaintiff with a private right of action.

14      **1.**    **Extortion Claim**

15      Plaintiff's second cause of action is premised in part on 18 U.S.C. § 1951(b)(2). This statute

16  reads in pertinent part:

17
18      (a) Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical

19  violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or

20  imprisoned not more than twenty years, or both.

21      (b) As used in this section–
    . . .

22      (2) The term "extortion" means the obtaining of property from

23  another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right.

24      (3) The term "commerce" means commerce within the District of Columbia, or any Territory or Possession of the

25  United States; all commerce between any point in a State, Territory, Possession, or the District of Columbia and any

26  point outside thereof; all commerce between points within the same State through any place outside such State; and all other

27

28  ——————————
[8] Again, this not a finding by the Court that Plaintiff has shown such facts to be true or applicable.

8

United States District Court
For the Northern District of California

1    commerce over which the United States has jurisdiction.

2    18 U.S.C.A § 1951.

3    As an initial matter, the Moving Defendants argue that Plaintiff's dispute over the release of his

4    cargo is actually with the Federal Government of Nigeria. In support of this, the Moving Defendants

5    refer the Court to the portion of Plaintiff's Amended Complaint wherein he admits that the Federal

6    Government of Nigeria had sole responsibility for the inspection of, and release of, his cargo. However,

7    the Amended Complaint also states that Maersk, Inc. and Maersk Lines were responsible for failing to

8    release Plaintiff's cargo from August 2004 to January 2005. AC at 3:5-6. Thus, even with this apparent

9    contradiction, the Amended Complaint could still be reasonably interpreted as asserting that the Moving

10   Defendants were required to release the cargo to the Federal Government of Nigeria before the cargo

11   could be released to the owner. However, the statute also requires that Plaintiff plead and prove that

12   the defendants interfered with his cargo by robbery, extortion, or through the commission or threat of

13   physical violence. Plaintiff's Amended Complaint does not state any such facts. Accordingly, he has

14   not stated a claim under 18 U.S.C.A § 1951.

15   More importantly, however, Plaintiff cannot proceed on this claim because no private right of

16   action exists under 18 U.S.C. § 1951, which is a criminal statute. *See Wisdom v. First Midwest Bank,*

17   167 F.3d 402, 407 (8th Cir. 1999) (citing *Thompson v. Thompson,* 484 U.S. 174, 179 (1998)) ("We agree

18   that neither the statutory language of 18 U.S.C. § 1951 nor its legislative history reflect an intent by

19   Congress to create a private right of action."). The Court finds that no factual pleading by Plaintiff

20   could cure this deficiency. As such, Plaintiff's claim under 18 U.S.C. § 1951 is DISMISSED WITH

21   PREJUDICE.

22       **2.    Bribery Claim**

23   Plaintiff's second cause of action is also brought under 18 U.S.C. § 201. This statute reads in

24   pertinent part:

25       (a) For the purpose of this section--

26       (1) the term "public official" means Member of Congress, Delegate, or
         Resident Commissioner . . . or an officer or employee or person acting for or

27       on behalf of the *United States* . . . in any official function, under or by authority
         of any such department, agency, or branch of Government, or a juror;

28

9

United States District Court
For the Northern District of California

1    ...

2    (3) the term "official act" means any decision or action on any question, matter,
     cause, suit, proceeding or controversy, which may at any time be pending, or
3    which may by law be brought before any public official, in such official's
     official capacity, or in such official's place of trust or profit.

4
     (b) Whoever--
5

6        (1) directly or indirectly, corruptly gives, offers or promises
         anything of value to any public official . . . or offers or promises
7        any public official . . . to give anything of value to any other
         person or entity, with intent--

8            (A) to influence any official act; or

9            (B) to influence such public official . . . to commit or aid
             in committing, or collude in, or allow, any fraud, or
10           make opportunity for the commission of any fraud, on
             the United States; or
11
             (C) to induce such public official . . . to do or omit to do
12           any act in violation of the lawful duty of such official or
             person[.]
13
     18 U.S.C. § 201 (emphasis added).
14

15       As the Moving Defendants point out, the Amended Complaint does not contain any facts that

16   would trigger liability under this statute.  In fact, the Amended Complaint merely states, without any

17   factual support, that a violation of 18 U.S.C. § 201 has been committed.  There is no accusation that

18   anything was offered or given to anyone in return for any influence.  Moreover, Plaintiff has failed to

19   show how any United States official was involved, or could possibly have been involved, in the alleged

20   criminal activities, as required by the statute.

21       Additionally, like 18 U.S.C. § 1951, 18 U.S.C. § 201 is a criminal statute and does not provide

22   Plaintiff with a private right of action.  *See Ray v. Proxmire*, 581 F.2d 998, 1101 (D.C. Cir. 1978), *cert.*

23   *denied*, 439 U.S. 933 (1978) ("[T]his legislation 'is a bare criminal statute with absolutely no indication

24   that civil enforcement of any kind was available to anyone.' . . . [A]ppellant has no privately-enforceable

25   right under this penal provision."); *accord City of San Francisco v. United States*, 443 F. Supp. 1116,

26   1129 (N.D. Cal. 1977).  Because the Court finds that no factual pleading by Plaintiff could cure this

27   deficiency, Plaintiff's claim under 18 U.S.C. § 201 is DISMISSED WITH PREJUDICE.  The Moving

28   Defendants' Motion to Dismiss Plaintiff's second cause of action is therefore GRANTED.

10

### C.    Plaintiff's Third Cause of Action for Fraud

Last, the Moving Defendants argue that Plaintiff's third cause of action must be dismissed because Plaintiff has failed to comply with the more stringent pleading requirements of Federal Rule of Civil Procedure 9(b).

The Moving Defendants are correct that the Rule 9(b) pleading requirements are applicable to Plaintiff's cause of action for fraud. Applying the Rule 9(b) pleading standard, it is quite apparent that the Amended Complaint falls considerably short of its requirements. For example, Plaintiff does not provide any specifics as to when, where, or how the alleged fraudulent acts took place. Instead, he merely makes conclusory statements that the defendants knowingly made false statements and induced him to rely on these statements. The Moving Defendants cannot possibly be expected to adequately defend against such broad and unparticularized assertions. Under the standards mandated by Rule 9(b), more specificity is clearly required.

Plaintiff also fails to "plead with sufficient particularity attribution of the alleged misrepresentations or omissions to **each** defendant . . . to 'distinguish among those [being sued to] enlighten each defendant as to his or her part in the alleged fraud.'" *In Re Silicon Graphics*, 970 F.Supp. 746, 752 (N.D. Cal. 1997) (quoting *Erickson v. Kiddie*, 1986 WL 544, *7 (N.D. Cal 1986)) (emphasis added). In fact, Plaintiff has made absolutely no effort to distinguish between defendant Maersk, Inc.'s and Maersk Lines' contributions to the alleged fraudulent behavior.

Accordingly, the Court GRANTS the Moving Defendants' Motion to Dismiss Plaintiff's third cause of action. However, since it is conceivable that Plaintiff could cure the deficiencies in his Amended Complaint by sufficiently pleading the particular facts necessary to satisfy the Rule 9(b) requirements, Plaintiff is granted LEAVE TO AMEND his Amended Complaint.

### II.    The Defendants Who Have Not Filed a Motion to Dismiss

As a final matter, although the Court notes that defendants Blosada and Maersk Nigeria have not filed a motion to dismiss or any responsive pleading or document in this action, the Court finds it necessary to raise the question of personal jurisdiction *sua sponte*. *See, e.g., Burleson v. Toback*, 391 F. Supp. 2d 401, 422 (M.D.N.C. 2005) (citing *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir.2001)). Raising this issue *sua sponte* is necessary and appropriate when the

United States District Court

For the Northern District of California

1  allegations in a complaint do not establish a basis for the court's exercise of personal jurisdiction. *Id.*

2  Here, Plaintiff admits in his Amended Complaint that Blosada resides in Lagos, Nigeria and that Maersk

3  Nigeria is an entity located in Lagos, Nigeria. *See* AC at 2:5-6, 2:16-17. Further, the Amended

4  Complaint does not state that Blosada or Maersk Nigeria committed any acts outside of Nigeria. *See*

5  *id.* at 3:8-23.[9]  As such, the question of whether this Court may exercise personal jurisdiction over

6  Blosada and Maersk Nigeria is squarely presented.

7          Personal jurisdiction can be asserted over a foreign defendant only if permitted by California's

8  long-arm statute and if doing so will not violate federal due process. *See Fireman's Fund Ins. Co. v.*

9  *National Bank of Cooperatives*, 103 F.3d 888, 893 (9th Cir.1996). Thus, in order to establish personal

10  jurisdiction, Plaintiff must demonstrate "that the forum state's jurisdictional statute confers personal

11  jurisdiction, and that the exercise of jurisdiction accords with federal constitutional principles of due

12  process." *Shute v. Carnival Cruise Lines*, 897 F.2d 377, 380 (9th Cir.1990), *rev'd on other grounds*, 499

13  U.S. 585 (1991). Here, California's long arm statute provides that the court can exercise jurisdiction "on

14  any basis not inconsistent with the Constitution of this state or of the United States." Cal. Code Civ.

15  Proc. § 410.10. Therefore, it is only necessary to analyze whether the assertion of jurisdiction comports

16  with due process under the U.S. Constitution. *See Rocke v. Canadian Auto. Sport Club*, 660 F.2d 395,

17  398 (9th Cir.1981).

18          Under the jurisdictional test enunciated in *International Shoe v. Washington*, 326 U.S. 310,

19  (1945), "due process require[s] that non-resident defendants have certain minimum contacts with the

20

21          [9]Further, it does not appear that Plaintiff has effectively served Blosada or Maersk Nigeria
22  pursuant to the standards set forth in Federal Rule of Civil Procedure 4(f). In fact, it appears that
     Plaintiff has merely "served" these defendants by mailing a copy of the summons and Amended
23  Complaint to an address in Nigeria. The postal cards attached to Plaintiff's proofs of service do not
     indicate that the mail was ever received by a Nigerian post office, much less by the actual defendants.
24  This also warrants dismissal of these two defendants. The Court cannot exercise personal jurisdiction
     over a defendant unless there has been proper service over a defendant pursuant to Federal Rule of Civil
25  Procedure 4. *Direct Mail Specialists v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 688 (9th
     Cir.1988) (citing *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir.1982)). Without substantial
26  compliance with Rule 4, it is irrelevant whether a defendant has notice of a plaintiff's claims. *Id.* Here,
     not only does Plaintiff's method of service fail to comport with Rule 4(f)(2)(C)(ii), but it does not appear
27  that service by mail is even allowed in Nigeria. *See Zhu v. First Atlantic* Bank, 2005 WL 2757536
     (S.D.N.Y. 2005) ("We are satisfied that Nigerian law . . . prohibit[s] service of process by mail[.]").

28

United States District Court
For the Northern District of California

1  forum state, so that the exercise of jurisdiction does not offend traditional notions of fair play and

2  substantial justice." *Id.* The factors to be balanced when considering whether the exercise of jurisdiction

3  would comport with "fair play and substantial justice" are: (1) the extent of the defendant's purposeful

4  interjection within the forum state; (2) the burden on the defendant in defending in the forum; (3) the

5  extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in

6  adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance

7  of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an

8  alternative forum. *See Burger King v. Rudzewicz*, 471 U.S. 464, 476 (1985).

9      There are two types of personal jurisdiction: general and specific. *Reebok International, Ltd.*

10  *v. McLaughlin*, 49 F.3d 1387, 1391 (9th Cir. 1997), *cert. denied*, 516 U.S. 908 (1995). The presence

11  of either general or specific jurisdiction will sustain the exercise of personal jurisdiction over a

12  defendant. *Rano v. SIPA Press, Inc.*, 987 F.2d 580, 587 (9th Cir. 1993). If the court has "general

13  jurisdiction" over the defendant, it may "hear cases unrelated to the defendant's forum-related activities."

14  *Shute*, 897 F.2d at 380. However, general jurisdiction exists only when it is established that the

15  defendant has "continuous and systematic contacts with the forum [such] that the exercise of jurisdiction

16  does not offend traditional notions of fair play and substantial justice." *Id.* The Supreme Court and the

17  Ninth Circuit have indicated that the necessary contacts to establish general jurisdiction are quite high.

18  *See Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414 (1984).

19      If the defendant's contacts are not sufficient to establish general jurisdiction, then "a court may

20  nevertheless assert jurisdiction for a cause of action arising out of the defendant's activities *within* the

21  forum." *Shute*, 897 F.2d at 381 (emphasis added). This type of jurisdiction is referred to as "specific"

22  or "limited" jurisdiction. *Id.* In order to establish "specific jurisdiction" over a non-resident defendant,

23  the defendant must have done some act by which he purposefully availed himself of the privilege of

24  conducting activities in the forum state, thereby invoking the benefits and protections of its laws. *Id.*

25  Further, the claim must arise out of the defendant's forum related activities. *Id.*

26      Based on the standards set forth above, the Court concludes that the allegations in the Amended

27  Complaint do not sufficiently establish that this Court has either general or specific personal jurisdiction

28  over Blosada or Maersk Nigeria. Accordingly, Blosada and Maersk Nigeria are hereby DISMISSED

13

United States District Court
For the Northern District of California

1   from the lawsuit. However, although the Court is doubtful that Plaintiff will be able to effectively

2   demonstrate that the exercise of jurisdiction over these defendants would comport with the notions of

3   "fair play and substantial justice," the Court recognizes that it may not dismiss these defendants from

4   the lawsuit without prejudice until Plaintiff has been afforded "a reasonable opportunity to present any

5   available evidence supporting the Court's jurisdiction." *System Pipe & Supply*, 242 F.3d at 325;

6   *Burleson*, 391 F. Supp. 2d at 422. Accordingly, Plaintiff is hereby granted leave to file a second

7   amended complaint against Blosada and Maersk Nigeria *only if* he can allege, in good faith, facts

8   sufficient to show that the Court can exercise either general or specific personal jurisdiction over these

9   defendants. **Plaintiff is explicitly warned that, if he does not sufficiently demonstrate in his second**

10  **amended complaint that jurisdiction over these defendants is proper, he will be immediately**

11  **ordered to show cause why the case should not dismissed *with prejudice* with respect to these**

12  **defendants.**

13                                    **CONCLUSION**

14          IT IS HEREBY ORDERED THAT defendants Maersk, Inc. and Maersk Lines, Ltd.'s Motion

15  to Dismiss [Docket No. 27] is GRANTED IN PART AND DENIED IN PART. The Motion to Dismiss

16  is DENIED with respect to Plaintiff's first cause of action. However, the Motion is GRANTED with

17  respect to Plaintiff's second cause of action, which is hereby DISMISSED WITH PREJUDICE. The

18  Motion is also GRANTED with respect to Plaintiff's third cause of action, which is hereby DISMISSED

19  WITHOUT PREJUDICE.

20          IT IS FURTHER ORDERED THAT defendants Blosada and Maersk Nigeria, Ltd. are

21  DISMISSED from this lawsuit WITHOUT PREJUDICE. Plaintiff is hereby granted leave to file a

22  second amended complaint **by no later than thirty (30) days from the date of this Order**. Plaintiff

23  may name Blosada and Maersk Nigeria, Ltd. in his second amended complaint **so long as Plaintiff can**

24  **sufficiently demonstrate that this Court has a basis to assert personal jurisdiction over those**

25  **defendants**. Plaintiff is expressly warned that, if he fails to plead facts sufficient to establish personal

26  jurisdiction, **the Court will issue an order to show cause and Plaintiff will be directed to appear**

27  **before the Court and will be required to produce specific evidence demonstrating that jurisdiction**

28  **is proper**. The Court further reminds Plaintiff that, once a second amended complaint is filed, it will

1  supercede the prior complaints. The second amended complaint must be self-contained and cannot refer

2  to, or incorporate by reference, any part of the initial Complaint or the Amended Complaint.

3  Additionally, Plaintiff is expressly warned that, if his second amended complaint fails to rectify the

4  deficiencies identified in this Order, it shall constitute sufficient grounds to support a finding that further

5  leave to amend would be futile. If Plaintiff elects not to file a second amended complaint, the Amended

6  Complaint will remain the operative complaint, and Plaintiff will be allowed to proceed on his first

7  cause of action against defendants Maersk, Inc. and Maersk Lines, Ltd. ONLY.

8      IT IS FURTHER ORDERED THAT the Case Management Conference currently scheduled for

9  January 24, 2006 at 1:00 p.m. is VACATED.  The parties shall appear for a telephonic Case

10  Management Conference on **Wednesday, March 8, 2006 at 2:30 p.m.**  The parties shall **meet and**

11  **confer** prior to the conference and shall prepare a **joint** Case Management Conference Statement which

12  shall be filed no later than ten (10) days prior to the Case Management Conference.  Counsel for

13  defendants shall be responsible for filing the statement as well as for arranging the conference call. All

14  parties shall be on the line and shall call (510) 637-3559 at the above indicated date and time.

15      IT IS SO ORDERED.

16
17  Dated: January 24, 2006

*Saundra B Armstrong*

SAUNDRA BROWN ARMSTRONG
United States District Judge

18
19
20
21
22
23
24
25
26
27
28

15

EXHIBIT 4

2379-659

RAIMI SHOAGA
1080 67th Street #E
Oakland, California 94608
(510) 597-9855

Plaintiff In Pro Se



ORIGINAL
FILED

FEB 1 6 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

RAIMI SHOAGA,

        Plaintiff

    v.

BLOSADA, MAERSK, INC., MAERSK
LINES LTD., MAERSK NIG. LTD.,

        Defendants

_____/

Case No. C05-02213 SBA

**PLAINTIFF'S SECOND AMENDED COMP-
LAINT FOR DAMAGES**
**Breach of Contract, Fraud**

The plaintiff, Raimi Shoaga, brings this Second Amended Complaint for Damages and

complains as follows:

## FIRST CAUSE OF ACTION

I

The United States District Court has original jurisdiction over this case because it involves a

citizen of the United States and citizens and subjects of a foreign state, and because it is a civil

case based upon admiralty and maritime jurisdiction. Jurisdiction is conferred upon this court by

28 U.S.C. 1332(a)(2), by 28 U.S.C. 1333(1), and, by 46 U.S.C. 740.

II

1.



RECEIVED

FEB 17 2006

KEESAL, YOUNG & LOGAN

2/16/06

Venue is proper in this court because this jurisdictional district is the district in which the plaintiff's claims arose in that the defendants are, and each defendant is, doing business in this judicial district, and all contracts referred to and alleged herein were entered into in this district.

III

The plaintiff demands a jury trial.

IV

The plaintiff is an individual and a resident of the city of Oakland, County of Alameda, State of California, and is not a shipping company or maritime services agent.

V

The defendant Blosada, ("Blosada"), is the president and agent of the defendants Maersk Nig. Ltd., which is a branch location, business affiliate, and releasing agent of Maersk, Inc. and Maersk Lines, Limited, ("Maersk, Inc." and "Maersk Lines, Ltd."), and which has principal offices in Lagos, Nigeria.

VI

The defendant Maersk, Incorporated, ("Maersk, Inc."), is an oceangoing shipping company and an agent for maritime cargo shipping services, with cargo loading and forwarding facilities in Oakland, California.

VII

The defendant Maersk Lines, Limited, ("Maersk Lines, Ltd."), is an oceangoing shipping company and agent for maritime cargo shipping services, with cargo loading and forwarding facilities in Oakland, California.

VIII

2.

The defendants Oakland California's Maersk, Inc. and Oakland, California's Maersk Lines, Ltd. are contracted with and to the Target Shipping Company, which accommodates the provision of cargo shipping containers to individuals and residents of the city of Oakland, Alameda County, California; which does local billings for the services that are provided by the defendants Maersk, Inc. and Maersk Lines, Ltd.; and, which designates to local residents and shipping clients the drop-off and release site for cargo containers that are shipped by the defendants Maersk, Inc. and Maersk Lines, Ltd., according to their contracts with the Target Shipping Company.

IX

The defendant Maersk Nig., Ltd. is operated by the defendant Blosada, and is a branch location, business affiliate, and releasing site of Oakland, California's Maersk, Inc. and Oakland, California's Maersk Lines, Ltd., with principal offices in Lagos, Nigeria.

X

On about July 29, 2004 the plaintiff entered into a pre-paid shipping agreement with the defendants Maersk, Inc., Maersk Lines, Ltd. Wherein it was agreed that in exchange for the plaintiff paying the defendants Maersk, Inc., Maersk Lines, Ltd. The total sum of Five Thousand, One Hundred Dollars, ($5,100.00), United States Currency, the defendant Maersk, Inc., Maersk Lines, Ltd. would provide the plaintiff cargo shipping and demurrage services to Apapa, Lagos, in the country of Nigeria, utilizing Maersk Lines, Ltd.'s cargo shipping container number "MSKU 8123727; S Number 506667".

XI

According to the agreement and contract between the plaintiff, Maersk, Inc., and Maersk

3.

1    Lines, Ltd., the above-referenced cargo container, which contained goods owned by the plaintiff

2    was, upon delivery to Apapa, Lagos, Nigeria in September of 2004, to have been released by the

3    Federal Government of Nigeria, which, following a routine inspection, would have sole

4    responsibility for the release of the plaintiff's cargo.

5

6                                                  XII

7    The plaintiff's hired Maersk, Inc., Maersk Lines, Ltd., hired cargo container did arrive in

8    Apapa, Lagos, Nigeria in September of 2004.

9

10                                                 XIII

11   That from September of 2004 to January of 2005, and following numerous inquiries regarding

12   the disposition of the plaintiff's cargo container by relatives of the plaintiff, the defendants, and

13   each defendant, failed to release the plaintiff's cargo container.

14

15                                                 XIV

16   In January of 2005, the plaintiff visited Nigeria to inquire about the delay in the release of

17   plaintiff's hired cargo container.

18

19                                                  XV

20   In January of 2005, the plaintiff was informed that the defendants, and each of the

21   defendants, were claiming that the plaintiff had an outstanding balance due for shipping and

22   demurrage charges of more than Ten Thousand Dollars, ($10,000.00), United States Currency

23   and that the defendants were demanding the return of the Maersk, Inc., Maersk Lines, Ltd. Cargo

24   container.

25

26                                                 XVI

27   From January of 2005 to April of 2005, the plaintiff and his brother in Nigeria sought to have

28

                                                   4.

the added costs and charges explained by Maersk, Inc., Maersk Lines, Ltd., to include inquiries made to Maersk, Inc.'s offices in New Jersey.

### XVII

In April of 2005, the plaintiff and his brother were informed by the defendant Blosada, Maersk Nig., Ltd. that the plaintiff was liable to the defendants, and each of the defendants, for the added $10,000.00 in costs.

### XVIII

The defendants, and each of the defendants, have, by their failure to perform as agreed upon entering into contract with the plaintiff on about July 29, 2004, by charging the plaintiff additional costs, and, by not releasing the cargo contained in the Maersk, Inc. Maersk Lines, Ltd. Shipping container number "MSKU 8123727; S Number 506667" upon arrival at Apapa, Lagos Nigeria, breached the contract entered into with the plaintiff, causing the plaintiff damages.

**SECOND CAUSE OF ACTION**

### I

The plaintiff incorporates herein by reference each and all causes of the FIRST CAUSE OF ACTION herein.

### II

In July of 2004 the defendants, and each defendant, agreed with the plaintiff that the defendants Maersk, Inc., Maersk Lines, Ltd., Blosada, and Maersk Nig., Ltd. would provide the plaintiff cargo shipping and demurrage services to Apapa, Lagos, in the country of Nigeria, utilizing Maersk Lines, Ltd.'s cargo shipping container number "MSKU 8123727; S Number 506667", and agreed with the plaintiff that upon delivery to Apapa, Lagos, Nigeria in August of

5.

2004, container number "MSKU 8123727; S Number 506667" would be released by the Federal Government of Nigeria following a routine inspection.

### III

That in July of 2004, the defendants, and each defendant, to include the defendants Maersk, Inc., Maersk Lines, Ltd., Blosada, and Maersk Nig., Ltd., knew, and should have known, that there could be no certainty that either of the defendants would be able to meet their obligations under the contract entered into with the plaintiff.

### IV

The defendants, and each defendant, failed to fully inform the plaintiff of the conditions under which his cargo was being shipped, nor did any defendant fully inform the plaintiff of the terms, conditions, and requirements for plaintiff's cargo to be released following delivery to Apapa, Lagos, Nigeria.

### V

In July of 2004, the defendants concealed material information from the plaintiff, and, in fact, made misrepresentations to the plaintiff, that concerned the conditions under which plaintiff's cargo was being shipped, and the terms, conditions, and requirements for plaintiff's cargo to be released following delivery to Apapa, Lagos, Nigeria.

### VI

In July of 2004, the defendants, and each of the defendants, failed to fully inform the plaintiff, and made misrepresentations to the plaintiff in order to induce the plaintiff's reliance upon the shipping services of the Maesrk, Inc., the Maersk Lines, Ltd., Blosada, and the Maersk Nig., Ltd.,

6.

and to induce the plaintiff to tender to the defendants a dollar amount of not less than $5,100.00.

VII

In July of 2004, the defendants, and each of the defendants, failed to fully inform the plaintiff, and made misrepresentations to the plaintiff, causing the plaintiff to tender to the defendants a dollar amount of not less than $5,100.00.

VIII

According to the agreement and contract between the plaintiff, Maersk, Inc., and Maersk Lines, Ltd., the above-referenced cargo container, which contained goods owned by the plaintiff was, upon delivery to Apapa, Lagos, Nigeria in August of 2004, to have been released by the Federal Government of Nigeria, which, following a routine inspection, would have sole responsibility for the release of the plaintiff's cargo.

IX

The plaintiff's hired Maersk, Inc., Maersk Lines, Ltd., hired cargo container did arrive in Apapa, Lagos, Nigeria in September of 2004.

X

From September of 2004 to January of 2005, and following numerous inquiries regarding the disposition of the plaintiff's cargo container by relatives of the plaintiff, the defendants, and each defendant, failed to, and refused to release the plaintiff's cargo container.

XI

In January of 2005, the plaintiff visited Nigeria to inquire about the delay in the release of plaintiff's hired cargo container.

XII

7.

In January of 2005, the plaintiff was informed that the defendants, and each of the defendants, were claiming that the plaintiff had an outstanding balance due for shipping and demurrage charges of more than Ten Thousand Dollars, ($10,000.00), United States Currency and that the defendants were demanding the return of the Maersk, Inc., Maersk Lines, Ltd. Cargo container.

XIII

The plaintiff's reliance upon the defendants, and each defendant's, concealments and misrepresentations, as made to the plaintiff in July of 2004,  was justifiable reliance.

XIV

The plaintiff, because of the defendants, and each defendant's, fraudulent concealments and misrepresentations, as made to the plaintiff in July of 2004, has been caused economic loss and damages.

**WHEREFORE**, the plaintiff prays,

1. For damages for the defendants', and each defendant's, breach of contract;

2. For damages for the defendants', and each defendant's, fraudulent concealment and misrepresentation;

3. For costs of suit; and,

4. For such other and further relief as the court may deem meet and just.

Dated: February 13, 2006

RAIMI SHOAGA-Plaintiff In Pro Se

8.

EXHIBIT 5

2379-659 pld

FILED

APR 2 6 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

1

2

3           IN THE UNITED STATES DISTRICT COURT

4

5           FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

7    RAIMI SHOAGA,                          No. C 05-02213 SBA

8              Plaintiff,                    **ORDER**

9      v.                                    [Docket No. 59]

10   BLOSADA, et al.,

11             Defendants.
                                    /
12

13           This matter comes before the Court on the Court's Order to Show Cause why defendants Blosada

14   and Maersk Nigeria, Ltd. should not be dismissed for lack of personal jurisdiction [Docket No. 59].

15   Having read and considered Plaintiff's Certificate of Counsel, and the documents attached thereto, the

16   Court finds this matter appropriate for resolution without a hearing.  Defendants Blosada and Maersk

17   Nigeria, Ltd. are hereby DISMISSED from this lawsuit for lack of personal jurisdiction.

18                                  **BACKGROUND**

19   **A.    Factual Background**[1]

20           According to Plaintiff, on or about July 29, 2004, Plaintiff entered into a pre-paid shipping

21   agreement with both Maersk, Inc. and Maersk Lines, wherein it was agreed that in exchange for $5,100,

22   Maersk, Inc. and Maersk Lines would provide Plaintiff with cargo shipping and demurrage services to

23   the port of Apapa in Lagos, Nigeria in connection with the delivery of a shipping container supplied by

24   Maersk Lines and filled with Plaintiff's personal effects.  Second Amended Complaint ("SAC") at 3:17-

25   4:1.  Pursuant to this contract, the container was to be released by the Federal Government of Nigeria.

26   *Id.* at 4:1-4 & 7:8-14.  The alleged contract also provided that the Federal Government of Nigeria would

27

28           [1]The following facts are taken from Plaintiff's Second Amended Complaint.

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1  have, after inspection, the sole responsibility for the release of Plaintiff's cargo. *Id.*

2  The container arrived in Lagos, Nigeria in September 2004. *Id.* at 4:7-8 & 7:16-17. However,

3  from September 2004 to January 2005, defendants Maersk, Inc., Maersk Lines, Blosada, and Maersk

4  Nig., Ltd. failed to release the cargo to Plaintiff. *Id.* at 4:11-13 & 7:20-22. During that time, Plaintiff

5  made numerous inquiries regarding the disposition of the cargo container. *Id.* In January of 2005,

6  Plaintiff was informed by the defendants that he owed an outstanding balance for additional shipping

7  and demurrage charges of more than $10,000, and that the defendants were demanding the return of the

8  cargo container. *Id.* at 4:20-25. From January 2005 to April 2005, Plaintiff and his brother, who was

9  located in Nigeria, sought an explanation from Maersk Inc. and Maersk Lines justifying the additional

10  charges. *Id.* at 4:28-5:2. In April 2005, Plaintiff was informed by defendants Blosada and Maersk Nig.,

11  Ltd. that Plaintiff was liable to all of the defendants for the additional charges. *Id.* at 5:5-7.

12  **B.     Procedural Background**

13  On June 1, 2005, Plaintiff filed a Complaint, in *propria persona*, on behalf of himself and three

14  other individuals. The Complaint named as defendants a person known as "Bolsada," an entity referred

15  to as "Maersk Sealand Shipping Worldwide dba Maersk," Target Shipping, Inc., and Maersk Nig., Ltd.

16  Plaintiff's Complaint alleged causes of action for "extortion," breach of contract of carriage, "illegal

17  revenue enhancement," fraudulent misrepresentation, intentional and negligent misrepresentation,

18  "corruption," and illegal demurrage charges. Plaintiff also alleged that federal jurisdiction was premised

19  on admiralty and maritime jurisdiction, pursuant to 28 U.S.C. § 1333.

20  On September 6, 2005, Plaintiff filed a motion for entry of default as to defendants Bolsada, Maersk

21  Nig., Ltd., and Maersk Sealand Shipping Worldwide. Additionally, Plaintiff moved for entry of default

22  against Maersk Lines, Ltd. Also on September 6, 2005, Plaintiff voluntarily dismissed defendant Target

23  Shipping, Inc.

24  On September 19, 2005, the Clerk of Court declined to enter default against defendants Bolsada

25  and Maersk Nig., Ltd. The Clerk also declined to enter default against Maersk Lines, Ltd.

26  On September 22, 2005, Maersk, Inc. and Maersk Lines, Ltd. specially appeared in the action

27  by filing a Separate Case Management Conference Statement and Motion for Sanctions ("Motion for

28  Sanctions"). In the Motion for Sanctions, Maersk, Inc. and Maersk Lines, Ltd. informed the Court that

United States District Court

For the Northern District of California

1    "Maersk Sealand Shipping Worldwide" was a non-existent entity and that Plaintiff had attempted to

2    serve process on Maersk, Inc. and Maersk Lines, Ltd., despite the fact that the companies were not

3    actually named as defendants in Plaintiff's Complaint.  On September 29, 2005, Plaintiff filed an

4    Opposition to Maersk, Inc. and Maersk Lines, Ltd.'s Motion for Sanctions.

5        On October 5, 2005, the Court issued an Order denying the Motion for Sanctions. The Court also

6    struck reference to the three other "plaintiffs" on whose behalf Plaintiff had brought the suit.

7    Additionally, Plaintiff was explicitly instructed to file proofs of service with the Court demonstrating

8    that the defendants named in the complaint had been properly served pursuant to Federal Rule of Civil

9    Procedure 4 on or before October 19, 2005.

10       On October 14, 2005, Plaintiff filed an Amended Complaint, in *propria persona*, on behalf of

11   himself and against defendants "Blosada," Maersk, Inc., Maersk Lines, Ltd., and Maersk Nig., Ltd. The

12   Amended Complaint alleged three causes of action for: (1) breach of contract; (2) violations of 18 U.S.C.

13   § 1951(b)(2)[2] and 18 U.S.C. § 201;[3] and (3) fraud.  In the Amended Complaint, Plaintiff alleged that

14   federal jurisdiction was premised on admiralty and maritime jurisdiction, pursuant to 28 U.S.C. §

15   1333(1) and 46 U.S.C. § 740.

16       On November 3, 2005, defendants Maersk, Inc. and Maersk Lines, Ltd. filed a Motion to Dismiss

17   pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b).  On January 24, 2006, this Court issued

18   an Order granting in part and denying in part defendants Maersk, Inc. and Maersk Lines, Ltd.'s Motion

19   to Dismiss. The January 24, 2006 Order also dismissed defendants Blosada and Maersk Nig., Ltd. from

20   the action without prejudice for lack of personal jurisdiction.  Plaintiff was granted leave to file an

21   amended complaint against Blosada and Maersk Nig., Ltd. *only if* he could allege, in good faith, specific

22   facts sufficient to show that the Court could exercise either general or specific personal jurisdiction over

23   those defendants.  Plaintiff was also explicitly warned that, if he was not able to sufficiently demonstrate

24   the basis for personal jurisdiction over those defendants, he would be immediately ordered to show cause

25   why the case should not dismissed *with prejudice* with respect to those defendants.

26

27       [2] 18 U.S.C. § 1951 is entitled "Interference with commerce by threats or violence."

28       [3] 18 U.S.C. § 201 is entitled "Bribery of public officials and witnesses."

3

**United States District Court**

For the Northern District of California

1    On February 16, 2006, Plaintiff filed a Second Amended Complaint against Blosada, Maersk,

2    Inc., Maersk Lines Ltd., and Maersk Nig., Ltd. The Second Amended Complaint did not include any

3    facts sufficient to show that this Court has personal jurisdiction over Blosada or Maersk Nig., Ltd.

4    On March 7, 2006, this Court issued an Order to Show Cause, instructing Plaintiff and/or

5    Plaintiff's counsel of record to appear in in this courtroom on April 26, 2006 to show cause why

6    defendants Blosada and Maersk Nig., Ltd. should not be dismissed with prejudice for lack of personal

7    jurisdiction. This Court also ordered Plaintiff and/or Plaintiff's counsel of record to file the instant

8    Certificate of Counsel explaining why Blosada and Maersk Nig., Ltd. should not be dismissed with

9    prejudice for lack of personal jurisdiction and to attach to it any and all relevant evidence supporting

10   Plaintiff's assertion that personal jurisdiction over Blosada and/or Maersk Nig., Ltd. is proper.

11   On March 14, 2006, Maersk, Inc. and Maersk Lines Ltd. filed a Motion to Dismiss Plaintiff's

12   Second Cause of Action. On April 13, 2006, the Court granted Maersk, Inc. and Maersk Lines Ltd.'s

13   Motion to Dismiss and dismissed Plaintiff's fraud claim with prejudice.

14   **C.    Jurisdictional Allegations**

15   In his Certificate of Counsel, Plaintiff contends that Maersk-Sealand shipping company is a

16   subsidiary of A.P. Moller-Maersk Group, which maintains a cargo container shipping business with

17   terminals in Oakland, California and Onne, Nigeria. Plaintiff's Certificate of Counsel ("COC"), ¶4.

18   Maersk-Sealand has a shipping terminal for pickup, receipt, and storage and has a discharge port and

19   place of delivery at Apapa, Nigeria. *Id.* at ¶5. Maersk-Sealand also has representative agents and an

20   office in Lagos, Nigeria. *Id.* Defendant Blosada is an agent of and prepares invoices for Maersk-

21   Sealand so that cargo shipping services received in Oakland, California and bound for Apapa, Nigeria

22   may be paid for. *Id.* at ¶¶6,7. Representative agents of Maersk-Sealand are also "located in Maersk

23   Nigeria Ltd." with offices in Lagos, Nigeria. *Id.* at ¶8. Plaintiff believes that defendants Blosada and

24   Maersk Nig., Ltd. are employees, representatives, and/or agents of the Maersk-Sealand shipping

25   company which is a subsidiary of the A.P. Moller-Maersk Group. *Id.* at ¶10. Maersk-Sealand and A.P.

26   Moller-Maersk Group do business in both Oakland, California and Apapa, Nigeria. *Id.* at ¶10.

27   Plaintiff admits, however, that Blosada and Maersk Nig., Ltd. are citizens and subjects of

28   Nigeria. *Id.* at ¶12. Nevertheless, it appears that Plaintiff contends that jurisdiction is proper over

1  Blosada and Maersk Nig., Ltd. because they are agents, employees, and/or representatives of Maersk-

2  Sealand, a subsidiary of A.P. Moller-Maersk Group, both of which Plaintiff believes are subject to

3  personal jurisdiction within the United States or the state of California, although neither of which is

4  named as a defendant in this action. *Id.*

5  **LEGAL STANDARD**

6      Personal jurisdiction can be asserted over a foreign defendant only if permitted by California's

7  long-arm statute and if doing so will not violate federal due process. *See Fireman's Fund Ins. Co. v.*

8  *National Bank of Cooperatives*, 103 F.3d 888, 893 (9th Cir.1996). Thus, in order to establish personal

9  jurisdiction, Plaintiff must demonstrate "that the forum state's jurisdictional statute confers personal

10  jurisdiction, and that the exercise of jurisdiction accords with federal constitutional principles of due

11  process." *Shute v. Carnival Cruise Lines*, 897 F.2d 377, 380 (9th Cir.1990), *rev'd on other grounds*, 499

12  U.S. 585 (1991). Here, California's long arm statute provides that the court can exercise jurisdiction "on

13  any basis not inconsistent with the Constitution of this state or of the United States." Cal. Code Civ.

14  Proc. § 410.10.  Therefore, it is only necessary for the Court to analyze whether the assertion of

15  jurisdiction comports with due process under the United States Constitution. *See Rocke v. Canadian*

16  *Auto. Sport Club*, 660 F.2d 395, 398 (9th Cir.1981).

17      Under the jurisdictional test enunciated in *International Shoe v. Washington*, 326 U.S. 310

18  (1945), "due process require[s] that non-resident defendants have certain minimum contacts with the

19  forum state, so that the exercise of jurisdiction does not offend traditional notions of fair play and

20  substantial justice." *Id.* The factors to be balanced when considering whether the exercise of jurisdiction

21  would comport with "fair play and substantial justice" are: (1) the extent of the defendant's purposeful

22  interjection within the forum state; (2) the burden on the defendant in defending in the forum; (3) the

23  extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in

24  adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance

25  of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an

26  alternative forum. *See Burger King v. Rudzewicz*, 471 U.S. 464, 476-77 (1985).

27      There are two types of personal jurisdiction: general and specific. *Reebok International, Ltd.*

28  *v. McLaughlin*, 49 F.3d 1387, 1391 (9th Cir. 1997), *cert. denied*, 516 U.S. 908 (1995). The presence

5

United States District Court
For the Northern District of California

1  of either general or specific jurisdiction will sustain the exercise of personal jurisdiction over a

2  defendant. *Rano v. SIPA Press, Inc.*, 987 F.2d 580, 587 (9th Cir. 1993). If the court has "general

3  jurisdiction" over the defendant, it may "hear cases unrelated to the defendant's forum-related activities."

4  *Shute*, 897 F.2d at 380. However, general jurisdiction exists only when it is established that the

5  defendant has "continuous and systematic contacts with the forum [such] that the exercise of jurisdiction

6  does not offend traditional notions of fair play and substantial justice." *Id.* The Supreme Court and the

7  Ninth Circuit have indicated that the necessary contacts to establish general jurisdiction are quite high.

8  *See Id.*; *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414 (1984).

9      If the defendant's contacts are not sufficient to establish general jurisdiction, then "a court may

10  nevertheless assert jurisdiction for a cause of action arising out of the defendant's activities *within* the

11  forum." *Shute*, 897 F.2d at 381 (emphasis added). This type of jurisdiction is referred to as "specific"

12  or "limited" jurisdiction. *Id.* The Ninth Circuit has devised a three part test to determine whether the

13  exercise of "specific jurisdiction" comports with due process: (1) the defendant must have done some

14  act or consummate some transaction with the forum or perform some act by which he purposely avails

15  himself of the privilege of conducting activities in the forum, thereby invoking the benefits and

16  protections of the laws; (2) the claim must arise out of the forum-related activities; *and* (3) the exercise

17  of jurisdiction must be reasonable. *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995).

18      The purposeful availment test focuses on whether a "defendant's conduct and connection with

19  the forum state are such that he should reasonably anticipate being haled into court there." *World Wide*

20  *Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). The focus on the defendant's affirmative

21  conduct is designed to ensure that the defendant is not haled into court as a result of "random, fortuitous

22  or attenuated contacts." *Gray & Co. v. Firstenberg Machinery Co.*, 913 F.2d 758, 760 (9th Cir. 1990).

23  "Purposeful availment analysis examines whether the defendant's contacts with the forum are attributable

24  to his own actions or are solely the actions of plaintiff." *Sinatra v. National Enquirer*, 854 F.2d 1191,

25  1195 (9th Cir. 1988).

26      The plaintiff bears the burden of meeting this test. *Haisten v. Grass Valley Medical*

27  *Reimbursement Fund, Ltd.*, 784 F.2d 1392, 1397 (9th Cir. 1986). In the event that the plaintiff makes

28  a prima facie showing of purposeful availment and forum related activities, "a presumption of

United States District Court
For the Northern District of California

1    reasonableness" arises, which the defendant bears the burden of overcoming. *Id.*

2    <u>ANALYSIS</u>

3       In the instant case, Plaintiff has failed to allege any facts or to supply sufficient documentation

4    supporting the assertion that either general or specific personal jurisdiction is proper over defendants

5    Blosada and Maersk Nig., Ltd. (hereinafter referred to as "Defendants"). Plaintiff's only argument in

6    support of jurisdiction is his assertion that Defendants are subject to personal jurisdiction because they

7    are agents, employees or representatives of a company, Maersk-Sealand, which is purportedly subject

8    to personal jurisdiction in California but not named as a defendant in this case.

9       However, both the Supreme Court and the Ninth Circuit have rejected this ground for jurisdiction

10   over foreign entities. *Keetan v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984) ("[J]urisdiction

11   over an employee does not automatically follow from jurisdiction over the corporation which employs

12   him; nor does jurisdiction over a parent corporation automatically establish jurisdiction over a wholly

13   owned subsidiary.") (citations omitted); *Church of Scientology v. Adams*, 584 F.2d 893, 897 (9th Cir.

14   1978) ("Even in cases where the contacts of a parent or subsidiary corporation are sufficient to subject

15   it to personal jurisdiction, we recognize that the activities of one related corporation are irrelevant to the

16   issue of jurisdiction over the other, so long as a separation between the corporations has been

17   maintained.")(citing *Uston v. Grand Resorts, Inc.*, 564 F.2d 1217, 1218 (9th Cir. 1977)). It is well

18   established that the requirements of *International Shoe* must be met as to each defendant over which the

19   forum state is attempting to exercise personal jurisdiction. *Rush v. Savchuk*, 444 U.S. 320, 332 (1980).

20       Plaintiff makes no other arguments which would directly establish general jurisdiction over

21   Blosada or Maersk Nig., Ltd. There is no allegation that Defendants have had continuous and systematic

22   contacts with California such that the exercise of jurisdiction would not offend traditional notions of fair

23   play and substantial justice. Plaintiff also does not present any evidence demonstrating that Defendants

24   have a place of business located in California, are licensed to do business in California, or have an agent

25   for service of process in California. *See Helicopteros Nacionales de Colombia*, 466 U.S. at 416 (citing

26   these factors as relevant when determining whether general jurisdiction applies). Furthermore, there is

27   no allegation that either of the Defendants have directors, management employees, or agents which

28   reside in California.

United States District Court

For the Northern District of California

United States District Court
For the Northern District of California

1    Although Plaintiff asserts that Defendants may regularly receive cargo shipments originating in

2    California and prepare invoices for their delivery, similar types of contacts have been rejected by the

3    Supreme Court as establishing sufficient connections for general jurisdiction. Namely, the Supreme

4    Court has found that purchasing products from a forum state, even if done at regular intervals, is

5    insufficient to establish jurisdiction. *Id.* at 418 (citing *Rosenburg Bros. & Co. v. Curtis Brown Co.*, 260

6    U.S. 516 (1923)). Here, the contacts are even more attenuated in that the Defendants did not seek out

7    Plaintiff's shipment from California to Nigeria – rather it was Plaintiff who indirectly involved the

8    services of the Defendants by purportedly entering into a contract with Maersk Inc. and Maersk Lines

9    to have his belongings transported to Nigeria.

10    Plaintiff also does not successfully show that Defendants should be subject to specific

11    jurisdiction. No factual allegations exist which demonstrate that the first prong of specific jurisdiction

12    is satisfied – *i.e.* that the Defendants purposely availed themselves of the privilege of conducting

13    activities in California, thereby invoking the benefits and protections of the laws of the state. The fact

14    that Defendants may have accepted Plaintiff's cargo from California does not demonstrate that they have

15    purposefully availed themselves of jurisdiction in this State. In fact, Plaintiff does not allege that he

16    entered into a contract with either Blosada or Maersk Nig., Ltd., only that he entered into a contract with

17    Maersk, Inc. and Maersk Lines.

18    Further, the purposeful availment prong turns on whether the defendant's contacts are attributable

19    to its own actions or solely to the actions of the plaintiff. *Decker Coal Co. v. Commonwealth Edison*

20    *Co.*, 805 F.2d 834, 840 (9th Cir. 1986). Here, the defendants were merely on the receiving end of a

21    contract between Plaintiff and other entities located in California. Plaintiff does not allege any facts

22    showing that the Defendants' activities promoted the commencement of business within this forum, such

23    as soliciting business in California, conducting contract negotiations in California, or making California

24    law the governing law under a contract. *Id.* It was Plaintiff, not Blosada or Maersk Nig., Ltd., who

25    chose to ship his belongings from California to Nigeria. The Defendants were therefore without "fair

26    warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign." *Burger*

27    *King*, 471 U.S. at 472. Further, the mere forseeability that a suit might be filed against Blosada and

28    Maersk Nig., Ltd. in California is insufficient to establish a connection to satisfy *International Shoe.*

8

United States District Court
For the Northern District of California

1    *See World-Wide Volkswagon Corp. v. Woodsen*, 444 U.S. 286 (1980).

2          Additionally, in order to fully satisfy the second prong of the jurisdictional test, the claim must

3    arise out of the forum-related activities.  The Ninth Circuit uses a "but for" test for this analysis.

4    *Ballard*, 65 F.3d at 1500 (citing *Shute v. Carnival Cruise Lines*, 897 F.2d 377 (9th Cir. 1990) *rev'd on*

5    *other grounds* 499 U.S. 585 (1991)).  Here, there are only two claims asserted in the Second Amended

6    Complaint: (1) breach of contract and (2) fraud.  As noted previously, the breach of contract claim is not

7    sufficient to sustain jurisdiction over Defendants because Plaintiff has not established any facts showing

8    that Blosada or Maersk Nig., Ltd. entered into a contract with Plaintiff.  As to the fraud claim, the

9    Second Amended Complaint makes clear that the alleged fraud took place in Nigeria.  In fact, Plaintiff's

10   Second Amended Complaint makes clear that all of his relevant contact with Blosada and Maersk Nig.,

11   Ltd. took place *in Nigeria*.

12         The final prong of the jurisdictional test requires that jurisdiction be reasonable.  The Ninth

13   Circuit considers seven factors when looking at the reasonableness of jurisdiction over a foreign

14   defendant:

15               (1) the extent of the defendants' purposeful interjection into the forum
                 state's affairs; (2) the burden on the defendant of defending in the forum;
16               (3) the extent of conflict with the sovereignty of the defendants' state; (4)
                 the forum state's interest in adjudicating the dispute; (5) the most efficient
17               judicial resolution of the controversy; (6) the importance of the forum to
                 the plaintiff's interest in convenient and effective relief; and (7) the
18               existence of an alternative forum.

19
20   *Mattel, Inc. v. Greiner & Hausser GmbH*, 354 F.3d 857, 866-67 (9th Cir. 2003).  No one factor is

21   dispositive; rather all seven must be balanced.  *Id.*

22         Here, although it may be more judicially efficient and convenient for Plaintiff to litigate his

23   claims in California, all other factors suggest that asserting jurisdiction over Defendants would be

24   manifestly unreasonable.  Indeed, the burden on the Defendants would be quite severe given that they

25   would be forced to travel from Nigeria and to defend against Plaintiff's allegations in a foreign tribunal.

26   *Asahi Metal Industry Co. v. Superior Court of California*, 480 U.S. 102, 114 (1987) ("The unique

27   burdens placed upon one who must defend oneself in a foreign legal system should have significant

28   weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national

9

United States District Court
For the Northern District of California

1    borders.") Moreover, California has little interest in providing a forum for Plaintiff in the instant case,

2    where the alleged wrongdoings of refusing to release cargo transpired on foreign soil.  Plaintiff also

3    presumably possesses an alternative forum in the Nigerian courts, despite the fact that he apparently has

4    little faith in the likelihood that he will be able to obtain justice there.

5        As a final matter, it should also be noted that the factual record does not support a finding of

6    personal jurisdiction based on the "federal" long-arm.  Federal Rule of Civil Procedure 4(k)(2)[4] does

7    authorizes jurisdiction based on a defendant's national contacts under certain limited circumstances.

8    The rule applies if three conditions are met:

9        (1) the cause of action must arise under federal law; (2) the defendant
10       must not be subject to the personal jurisdiction of any state court of
         general jurisdiction; and (3) the federal court's exercise of personal
11       jurisdiction must comport with due process.

12   *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1126 (9th Cir. 2002).

13   When a plaintiff depends upon Federal Rule of Civil Procedure 4(k)(2) to serve as the necessary

14   statutory authorization for the exercise of specific personal jurisdiction, the constitutional requirements

15   are the same, but the analytic exercises are performed with reference to the United States as a whole,

16   rather than with reference to a particular state.  *U.S. v. Swiss American Bank, Ltd.*, 191 F.3d 30, 36 (1st

17   Cir. 1999).  "The defendant's national contacts take center stage because the rule applies only to

18   situations in which federal courts draw jurisdictional authority from the federal sovereign (unreinforced

19   by 'borrowed' state statutes), and, thus, the applicable constitutional requirements devolve from the Fifth

20   rather than the Fourteenth Amendment."  *Id.*  Here, there is no evidence establishing that Defendants

21   have had contacts with the United States, as a whole, that would be sufficient to establish jurisdiction

22   over them.  Moreover, the same concerns regarding the reasonableness of asserting jurisdiction over

23   these two Defendants still apply.

24       Additionally, Plaintiff has not shown that he has properly served Defendants.  The Court cannot

25

26       [4]Rule 4(k)(2) provides: "If the exercise of jurisdiction is consistent with the Constitution and the
     laws of the United States, serving a summons or filing a waiver of service is also effective, with respect
27   to claims arising under federal law, to establish personal jurisdiction over the person of any defendant
     who is not subject to the jurisdiction of the courts of general jurisdiction of any state." Fed. R. Civ. P.
28   4(k)(2).

United States District Court
For the Northern District of California

1  exercise personal jurisdiction over a defendant unless there has been proper service over a defendant

2  pursuant to Federal Rule of Civil Procedure 4.  *Direct Mail Specialists v. Eclat Computerized*

3  *Technologies, Inc.*, 840 F.2d 685, 688 (9th Cir.1988) (citing *Jackson v. Hayakawa*, 682 F.2d 1344, 1347

4  (9th Cir.1982)). Without substantial compliance with Rule 4, it is irrelevant whether a defendant has

5  notice of a plaintiff's claims. *Id.*  A review of the case file reveals that Plaintiff has filed one "proof of

6  service" indicating that Maersk Nig., Ltd. was "personally" served in Lagos, Nigeria by "Reliable

7  Dispatch Services."[5]  However, the Proof of Service is very difficult to decipher and has not been

8  notarized.  There is no proof of service showing that Blosada has been served.  Considering all of the

9  factors set forth above, the Court concludes that asserting jurisdiction over either Blosada or Maersk

10  Nig., Ltd. would be improper.

## CONCLUSION

IT IS HEREBY ORDERED THAT defendants Blosada and Maersk Nigeria, Ltd. are
DISMISSED for lack of personal jurisdiction.

IT IS FURTHER ORDERED THAT the Order to Show Cause [Docket No. 59] hearing, set for
April 26, 2006 at 4:00 p.m., is VACATED.

IT IS SO ORDERED.

Dated:  *4-26-06*

SAUNDRA BROWN ARMSTRONG
United States District Judge

---

27  [5]Although the proof of service also indicates that Plaintiff mailed the summons and Second
Amended Complaint to Maersk Nig., Ltd., this Court has already advised Plaintiff that service by mail
28  does not appear to be allowed in Nigeria. *See, e.g., Zhu v. First Atlantic Bank*, 2005 WL 2757536
(S.D.N.Y. 2005) ("We are satisfied that Nigerian law . . . prohibit[s] service of process by mail[.]").

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SHOAGA et al,

          Plaintiff,

v.

BOLSADA et al,

          Defendant.

_____/

Case Number: CV05-02213 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 26, 2006, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

John D. Giffin
Keesal, Young & Logan
Four Embarcadero Center
Suite 1500
San Francisco, CA 94111

Kimberly Ann Alexander
Keesal, Young & Logan
Four Embarcadero Center
Suite 1500
San Francisco, CA 94111

Raimi Shoaga
1080 67th Street
Apt. #E
Oakland, CA 94608

Dated: April 26, 2006

                         Richard W. Wieking, Clerk
                         By: LISA R CLARK, Deputy Clerk

EXHIBIT 6

2379-659

1   RAIMI SHOAGA
2   1080 67th Street #E
    Oakland, California 94608
3   (510) 597-9855

4   Plaintiff In Pro Se

ORIGINAL
F I L E D

5                                               JUL·2 7 2006

6                                               RICHARD W. WIEKING
                                                CLERK, U.S. DISTRICT COURT
7       UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA
                                                OAKLAND
8           NORTHERN DISTRICT OF CALIFORNIA

9

10  RAIMI SHOAGA,
11                  Plaintiff              Case No. C05-02213 SBA

12            v.                           **PLAINTIFF'S THIRD AMENDED COMP-
                                           LAINT FOR DAMAGES**
13  A.P. MOLLER-  MAERSK GROUP,            Breach of Contract
14  (aka A.P. MOLLER-MAERSK s/a
    aka DANISH A.P. MOLLER-MAERSK
15  GRUPPEN, aka FIRMAET A.P. MOLLER,
16  MAERSK, INC., MAERSK LINES LTD.,

17              Defendants
18  _____/

19

20      The plaintiff, Raimi Shoaga, brings this Third Amended Complaint for Damages and

21  complains as follows:

22                          **FIRST CAUSE OF ACTION**

23

24                                    I

25      The United States District Court has original jurisdiction over this case because it involves a

26  citizen of the United States and citizens and subjects of a foreign state, and because it is a civil

27  case based upon admiralty and maritime jurisdiction. Jurisdiction is conferred upon this court by

28

                                    1.

RECEIVED
JUL 3 1 2006

CALENDARED
By          Date          Copy to WP

7/27/06

28 U.S.C. 1332(a)(2), by 28 U.S.C. 1333(1), and, by 46 U.S.C. 740.

II

Venue is proper in this court because this jurisdictional district is the district in which the plaintiff's claims arose in that the defendants are, and each defendant is, doing business in this judicial district, and all contracts referred to and alleged herein were entered into in this district.

III

The plaintiff demands a jury trial.

IV

The plaintiff is an individual and a resident of the city of Oakland, County of Alameda, State of California, and is not a shipping company or maritime services agent.

V

The defendants Maersk-Seland, A.P. Moller-Maersk Group, (aka A.P. Moller-Maersk s/a, aka Danish A.P. Moller-Maersk Gruppen, aka Firmaet A.P. Moller), is a corporation engaged in the cargo shipping business with principal office located in Copenhagen, Denmark, and is the parent company of the defendants Maersk, Incorporated, ("Maersk, Inc."), and of Maersk Lines Limited, ("Maersk Lines, Ltd.").

VI

The defendant Maersk, Incorporated, ("Maersk, Inc."), is an oceangoing shipping company and an agent for maritime cargo shipping services, with cargo loading and forwarding facilities in Oakland, California.

VII

The defendant Maersk Lines, Limited, ("Maersk Lines, Ltd."), is an oceangoing shipping company and agent for maritime cargo shipping services, with cargo loading and forwarding

2.

1  facilities in Oakland, California.

2                                    VIII

3
4  The defendants Oakland California's Maersk, Inc. and Oakland, California's Maersk Lines,

5  Ltd. are contracted with and to the Target Shipping Company, which accommodates the

6  provision of cargo shipping containers to individuals and residents of the city of Oakland,

7  Alameda County, California; which does local billings for the services that are provided by the

8  defendants Maersk, Inc. and Maersk Lines, Ltd.; and, which designates to local residents and

9  shipping clients the drop-off and release site for cargo containers that are shipped by the

10  defendants Maersk, Inc. and Maersk Lines, Ltd., according to their contracts with the Target

11  Shipping Company.

12

13                                    IX

14  The defendants Oakland, California's Maersk, Inc. and Oakland, California's Maersk Lines,

15  Ltd., are contracted with and to the Target Shipping Company, which accommodates the

16  provision of cargo shipping containers to individuals and residents of the city of Oakland,

17  Alameda County, California; which does local billings for the services that are provided by the

18  defendants Maersk, Inc. and Maersk Lines, Ltd.; and, which designates to local residents and

19  shipping clients the drop-off and release site for cargo containers that are shipped by the

20  defendants Maersk, Inc. and Maersk Lines, Ltd., according to their contracts with the Target

21  Shipping Company, to Lagos, Nigeria.

22

23                                    X

24  On about July 29, 2004 the plaintiff entered into a pre-paid shipping agreement with the

25  defendants Maersk, Inc., Maersk Lines, Ltd. wherein it was agreed that in exchange for the

26

27

28                                    3.

1   plaintiff paying the defendants Maersk, Inc., Maersk Lines, Ltd. The total sum of Five Thousand,

2   One Hundred Dollars, ($5,100.00), United States Currency, the defendant Maersk, Inc., Maersk

3   Lines, Ltd. would provide the plaintiff cargo shipping and demurrage services to Apapa, Lagos,

4

5   in the country of Nigeria, utilizing Maersk Lines, Ltd.'s cargo shipping container number

6   "MSKU 8123727; S Number 506667".

7                                   XI

8

9   According to the agreement and contract between the plaintiff, Maersk, Inc., and Maersk

10  Lines, Ltd., the above-referenced cargo container, which contained goods owned by the plaintiff

11  was, upon delivery to Apapa, Lagos, Nigeria in September of 2004, to have been released by the

12  Federal Government of Nigeria, which, following a routine inspection, would have sole

13

14  responsibility for the release of the plaintiff's cargo.

15                                  XII

16  The plaintiff's hired Maersk, Inc., Maersk Lines, Ltd., cargo container did arrive in Apapa,

17  Lagos, Nigeria in September of 2004.

18

19                                  XIII

20  That from September of 2004 to January of 2005, and following numerous inquiries regarding

21  the disposition of the plaintiff's cargo container by relatives of the plaintiff, the defendants, and

22

23  each defendant, failed to release the plaintiff's cargo container.

24                                  XIV

25  In January of 2005, the plaintiff visited Nigeria to inquire about the delay in the release of

26  plaintiff's hired cargo container.

27

28                                  XV

                                    4.

In January of 2005, the plaintiff was informed that the defendants, and each of the defendants, were claiming that the plaintiff had an outstanding balance due for shipping and demurrage charges of more than Ten Thousand Dollars, ($10,000.00), United States Currency and that the defendants were demanding the return of the Maersk, Inc., Maersk Lines, Ltd. Cargo container.

XVI

From January of 2005 to April of 2005, the plaintiff and his brother in Nigeria sought to have the added costs and charges explained by Maersk, Inc., Maersk Lines, Ltd., to include inquiries made to Maersk, Inc.'s offices in New Jersey.

XVII

In April of 2005, the plaintiff and his brother were informed by the defendants, and each defendant, that the plaintiff was liable to the defendants, and each of the defendants, for the added $10,000.00 in costs, and until all charges and costs were paid in full the plaintiff could not have the cargo that was shipped in the Maersk, Inc. Maersk Lines, Ltd. Shipping container number "MSKU 8123727; S Number 506667" released to the plaintiff.

XVIII

That to date, and to the best of the plaintiff's knowledge, the cargo that the plaintiff caused to be shipped by the defendants, and each defendant, to Apapa, Lagos, Nigeria, has yet to be released or removed from the Maersk, Inc. Maersk Lines, Ltd. Shipping container number "MSKU 8123727; S Number 506667" that arrived in Nigeria in September of 2004.

XIX

The defendants, and each of the defendants, have, by their failure to perform as agreed upon

5.

1  entering into contract with the plaintiff on about July 29, 2004, by charging the plaintiff

2  additional costs, and, by not releasing the cargo contained in the Maersk, Inc. Maersk Lines, Ltd.

3  Shipping container number "MSKU 8123727; S Number 506667" upon arrival at Apapa, Lagos

4  Nigeria, breached the contract entered into with the plaintiff, causing the plaintiff damages.

5

6  **WHEREFORE**, the plaintiff prays,

7      1. For damages for the defendants', and each defendant's, breach of contract;

8      2. For costs of suit; and,

9

10     3. For such other and further relief as the court may deem meet and just.

11  Dated: May 20, 2006                          _____

12                                              RAIMI SHOAGA-Plaintiff In Pro Se

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

# PROOF OF SERVICE

**U.S. District Court, Northern District Case No. C05-02213** *SBA*

STATE OF CALIFORNIA
COUNTY OF ALAMEDA

I am employed in the County of Alameda, State of California. I am over the age of 18 and my business address is: _5021 Jasmine Way, Apt Antioch, Ca_

On _7-27-06_, I served the foregoing documents described as:

_Plaintiff's Third Amended Complaint_

on the parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

_Attorney Kim Kearé_
_Keesal, Young & Logan_
_Four Embarcadero Ctr. SF Ca_
_94111_

✓ **BY ~~EXPRESS~~ MAIL:** I deposited such envelope(s) in the mail at _____ California. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after deposit for mailing in this declaration.

___ **BY UNITED STATES POSTAL SERVICE EXPRESS MAIL:** I caused such envelope(s), full prepaid on account, to be placed within the custody of UNITED STATES POSTAL SERVICE at _____ _____, California.

___ **BY UNITED STATES POSTAL SERVICE REGISTERED AIR MAIL/RETURN RECEIPT:** I caused such envelope(s), full prepaid on account, to be placed within the custody of UNITED STATES POSTAL SERVICE at _____, California.

___ **BY FACSIMILE:** I caused the above-referenced document(s) to be transmitted to the above-named person(s) at the facsimile telephone number exhibited therewith. The Facsimile machine I used complied with California Rules of court, Rule 2003 and the transmission was reported as complete and without error. Pursuant to California Rules of Court, Rule 2006(d). I caused the machine to print a transmission record of the transmission and the transmission report and the transmission report was properly issued by the transmitting facsimile machine.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on _7-27-06_ at _Oakland_ California.

_Gabriel Abigan_
Declarant

RECEIVED
JUL 3 1 2006
KEESAL, YOUNG & LOGAN

EXHIBIT 7

1  JOHN D. GIFFIN, CASB NO. 89608
   KIM A. KANE, CASB NO. 226896
2  KEESAL, YOUNG & LOGAN
   A Professional Corporation
3  Four Embarcadero Center, Suite 1500
   San Francisco, California 94111
4  Telephone:   (415) 398-6000
   Facsimile:   (415) 981-0136
5
   Attorneys for Defendants
6  MAERSK, INC. and MAERSK LINE LIMITED

**FILED**

NOV 0 7 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

**R E C E I V E D**

SEP 1 8 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11  RAIMI SHOAGA,                          )  Case No. C 05-02213 SBA
                                           )
12                          Plaintiff,     )  [PROPOSED] ORDER GRANTING
                                           )  DEFENDANTS MAERSK, INC.'S AND
13             vs.                         )  MAERSK LINE LIMITED'S MOTION FOR
                                           )  SUMMARY JUDGMENT
14  A.P. MOLLER – MAERSK GROUP (aka A.P.   )
    Moller – Maersk s/a aka Danish A.P. MOLLER- )
15  MAERSK GRUPPEN aka FIRMET A.P.         )
    MOLLER), MAERSK, INC., MAERSK LINES,   )
16  LTD.,                                  )  *Defendant's Counsel are directed to serve this*
                                           )  *order upon all other parties in this actions.*
17                          Defendants.    )
                                           )
18  _____ )

19          Defendants MAERSK, INC.'s and MAERSK LINE LIMITED's Motion for Summary

20  Judgment of Plaintiff RAIMI SHOAGA's Complaint ("Plaintiff") came before the above-entitled

21  Court on Tuesday, November 7, 2006, the Honorable Saundra Brown Armstrong presiding.  The

22  Court, having reviewed all of the papers filed by counsel, its files herein, and good cause appearing

23  therefore, **HEREBY ORDERS AS FOLLOWS:**

24

25                          **FACTUAL BACKGROUND**

26          On June 1, 2005, Plaintiff (on behalf of himself and three other individuals) filed his

27  first Complaint against Maersk Nig. Ltd., Bolsada, Maersk Sealand Shipping Worldwide, Target

28  Shipping Inc.

                                        - 1 -
                                                                            SF445739
[PROPOSED] ORDER GRANTING DEFENDANTS MAERSK, INC.'S AND MAERSK LINE LIMITED'S MOTION
FOR SUMMARY JUDGMENT - C 05-02213 SBA

1    On June October 14, 2005, Plaintiff filed his First Amended Complaint naming Maersk

2 Nig. Ltd, Blosada, Maersk, Inc. and Maersk Line Limited.

3    On January 24, 2006, the Court dismissed all of Plaintiff's causes of action against

4 Maersk, Inc. and Maersk Line Limited except for his fraud cause of action and his breach of contract

5 cause of action.

6    On February 16, 2006, Plaintiff filed a Second Amended Complaint against Blosada,

7 Maersk Nig. Ltd., Maersk, Inc. and Maersk Line Limited.  Maersk, Inc. and Maersk Line Limited filed

8 a motion to dismiss.

9    On April 13, 2006, the Court dismissed Plaintiffs cause of action for fraud.

10    On April 26, 2006, the Court dismissed Defendants Blosada and Maersk Nigeria, Ltd.

11 for lack of personal jurisdiction.

12    On May 31, 2006, Plaintiff moved for leave to amend his Second Amended Complaint

13 and to file a Third Amended Complaint to add Defendant A.P. Moller-Maersk.  The Court granted

14 Plaintiff's Motion and Plaintiff filed a Third Amended Complaint on July 27, 2006.  Plaintiff's Third

15 Amended Complaint alleges that defendants breached their contract of carriage.

16    Defendants Maersk, Inc. and Maersk Line Limited filed a Motion for Summary

17 Judgment on Plaintiff's only remaining cause of action for breach of contract.

18

19    **ORDER**

20    Summary Judgment should be granted when the moving party has demonstrated that

21 there is no genuine issue of material fact, and it is entitled to judgment as a matter of law.  FED. R. CIV.

22 PROC. 56(c); Anquiano v. Allstate Insurance Co., 209 F.3d 1167, 1109 (9th Cir. 2000).  "A moving

23 party without the ultimate burden of persuasion at trial . . . has both the initial burden of production

24 and ultimate burden of persuasion on a motion for summary judgment."  Nissan Fire & Marine Ins.

25 Co., Ltd. V. Fritz Cos., Inc., 210 F.3d 1099, 1102 (9th Cir. 2000).  The moving party may carry its

26 burden of production on summary judgment either by submitting affirmative evidence that disproves

27 an essential element of the opposing party's claim (see Adickes v. S.H. Kress & Co., 398 U.S. 144,

28

[PROPOSED] ORDER GRANTING DEFENDANTS MAERSK, INC.'S AND MAERSK LINE LIMITED'S MOTION
FOR SUMMARY JUDGMENT - C 05-02213 SBA

1    158-60 (1970)), or by showing that the opposing party lacks sufficient evidence to carry its ultimate

2    burden of production at trial (see Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)).

3             Here Plaintiff alleges that Defendants Maersk, Inc. and Maersk Line Limited breached

4    a contract of carriage to carry cargo from Oakland, California to Lagos, Nigeria.

5             Plaintiff has failed to offer any evidence that he had a contract of carriage with Maersk

6    Line Limited.  Maersk Line Limited did not issue a bill of lading for transport of Plaintiff's cargo.

7    Maersk Line Limited does not own or operate the vessels on which Plaintiff's cargo was carried from

8    the United States to Lagos, Nigeria.  Accordingly, Plaintiff's cause of action for breach of contract as

9    against Maersk Line Limited is dismissed.

10             Plaintiff has also failed to offer any evidence that Maersk, Inc. breached the contract of

11    carriage that was issued by Maersk, Inc. as the shipping agent for the carrier to Target Shipping.

12    Maersk, Inc. was not the carrier of Plaintiff's cargo.  Instead, it operated only as a shipping agent

13    whose responsibility was to issue bills of lading on behalf of the carrier.  A bill of lading was issued

14    and Maersk, Inc. fulfilled its duty to issue the bill of lading.  Accordingly, Plaintiff's cause of action

15    for breach of contract as against Maersk, Inc. is dismissed.

16

17                                           **CONCLUSION**

18             IT IS HEREBY ORDERED THAT Plaintiff's Complaint alleging breach of contract as

19    against Maersk, Inc. and Maersk Line Limited is DISMISSED.

20

21

22

23    DATED:  _11 - 7_____, 2006        _____
                                         SAUNDRA BROWN ARMSTRONG
24                                       United States District Judge

25

26

27

28

- 3 -
SF445739

[PROPOSED] ORDER GRANTING DEFENDANTS MAERSK, INC.'S AND MAERSK LINE LIMITED'S MOTION
FOR SUMMARY JUDGMENT - C 05-02213 SBA

EXHIBIT 8

ADRMOP, APPEAL, CLOSED, ENETERM, ProSe, REFSET-WDB

### U.S. District Court
### California Northern District (Oakland)
### CIVIL DOCKET FOR CASE #: 4:05-cv-02213-SBA

Shoaga v. Maersk Line, Inc. et al                    Date Filed: 06/01/2005
Assigned to: Hon. Saundra Brown Armstrong           Date Terminated: 12/11/2006
Case in other court: 07-15073                       Jury Demand: Plaintiff
Cause: 28:1331 Fed. Question                         Nature of Suit: 120 Contract: Marine
                                                     Jurisdiction: Federal Question

**Plaintiff**
**Raimi Shoaga**                          represented by   **Raimi Shoaga**
                                                           1080 67th Street
                                                           Apt. #E
                                                           Oakland, CA 94608
                                                           510-597-9855
                                                           PRO SE

**Plaintiff**
**Emmanuel Ntekume**
*TERMINATED: 10/05/2005*

**Plaintiff**
**Charles Maiki**
*TERMINATED: 10/05/2005*

**Plaintiff**
**Joseph Oloketuyi**
*TERMINATED: 10/05/2005*

V.

**Defendant**
**Bolsada**
*TERMINATED: 10/14/2005*

**Defendant**

**Maersk Sealand Shipping Worldwide**        represented by   **John D. Giffin**
                                                              Keesal Young & Logan
*TERMINATED: 10/14/2005*                                      A Professional Corporation
*doing business as*                                           Four Embarcadero Center, Suite1500
Maersk                                                        San Francisco, CA 94111
                                                              (415) 398-6000

Fax: (415) 981-0136
Email: john.giffin@kyl.com
*TERMINATED: 10/14/2005*
*ATTORNEY TO BE NOTICED*

**Kimberly Alexander Kane**
Morgan, Lewis & Bockius
One Market, Spear Tower`
San Francisco, CA 94105
415-442-1292
Fax: 415-442-1001
Email: kkane@morganlewis.com
*TERMINATED: 10/14/2005*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Target Shipping Inc.**
*TERMINATED: 09/06/2005*

**Defendant**

**Maersk Nig. Ltd**                      represented by **John D. Giffin**
*TERMINATED: 01/24/2006*                 (See above for address)
                                         *LEAD ATTORNEY*
                                         *ATTORNEY TO BE NOTICED*

                                         **Kimberly Alexander Kane**
                                         (See above for address)
                                         *LEAD ATTORNEY*
                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**Blosada**
*TERMINATED: 01/24/2006*

**Defendant**

**Maesrk, Inc.**                         represented by **John D. Giffin**
*TERMINATED: 11/07/2006*                 (See above for address)
                                         *LEAD ATTORNEY*
                                         *ATTORNEY TO BE NOTICED*

                                         **Kimberly Alexander Kane**
                                         (See above for address)
                                         *LEAD ATTORNEY*
                                         *ATTORNEY TO BE NOTICED*

                                         **John Cox**
                                         Keesal, Young & Logan
                                         Four Embarcadero Center
                                         Suite 1500
                                         San Francisco, CA 94111

415-398-6000
Fax: 415-981-0186
Email: john.cox@kyl.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Maersk Lines, Ltd.**                    represented by   **Kimberly Alexander Kane**
*TERMINATED: 11/07/2006*                                   (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **John D. Giffin**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

**Defendant**

**Blosada**
*TERMINATED: 01/24/2006*

**Defendant**

**Maersk Nig. Ltd.**
*TERMINATED: 04/26/2006*

**Defendant**

**A.P. Moller- Maersk Group**
*also known as*
A.P. Moller-Maersk s/a
*also known as*
Danish A.P. Moller-Maersk Gruppen
*also known as*
Firmaet A.P. Moller

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 06/01/2005 | 1 | COMPLAINT With Jury Demand against Maersk Nig. Ltd, Bolsada, Maersk Sealand Shipping Worldwide, Target Shipping Inc. ( Filing fee $ 250, receipt number 441144.). Filed byRaimi Shoaga. (jlm, COURT STAFF) (Filed on 6/1/2005) (Entered: 06/01/2005) |
| 06/01/2005 |   | Summons Issued as to Maersk Nig. Ltd, Bolsada, Maersk Sealand Shipping Worldwide, Target Shipping Inc.. (jlm, COURT STAFF) (Filed on 6/1/2005) (Entered: 06/01/2005) |
| 06/01/2005 | 2 | ADR SCHEDULING ORDER: Case Management Statement due by 9/22/2005. Case Management Conference set for 9/29/2005 03:00 PM. (jlm, COURT STAFF) (Filed on 6/1/2005) (Entered: 06/01/2005) |
| 06/20/2005 | 3 | CLERK'S NOTICE Case Management Conference set for 9/29/2005 03:00 PM via telephone. (kk, COURT STAFF) (Filed on 6/20/2005) (Entered: 06/22/2005) |

| | | |
|---|---|---|
| 09/06/2005 | 4 | SUMMONS Returned Executed by Raimi Shoaga, Emmanuel Ntekume, Charles Maiki, Joseph Oloketuyi. Maersk Nig. Ltd served on 7/18/2005, answer due 8/8/2005; Bolsada served on 6/1/2005, answer due 6/21/2005; Maersk Sealand Shipping Worldwide served on 6/1/2005, answer due 6/21/2005; Target Shipping Inc. served on 6/1/2005, answer due 6/21/2005. (jlm, COURT STAFF) (Filed on 9/6/2005) (Entered: 09/09/2005) |
| 09/06/2005 | 5 | CERTIFICATE OF SERVICE by Raimi Shoaga, Emmanuel Ntekume, Charles Maiki, Joseph Oloketuyi re 3 Clerks Notice, 1 Complaint, Summons Issued,, 2 ADR Scheduling Order (jlm, COURT STAFF) (Filed on 9/6/2005) (Entered: 09/09/2005) |
| 09/06/2005 | 6 | MOTION for Entry of Default as to Defendant Bolsada filed by Raimi Shoaga. (jlm, COURT STAFF) (Filed on 9/6/2005) (Entered: 09/09/2005) |
| 09/06/2005 | 7 | MOTION for Entry of Default as to Defendant Maersk Nigeria, Ltd. filed by Raimi Shoaga. (jlm, COURT STAFF) (Filed on 9/6/2005) (Entered: 09/09/2005) |
| 09/06/2005 | 8 | MOTION for Entry of Default as to Defendants Maersk Lines, Ltd., Maersk Lines filed by Raimi Shoaga. (jlm, COURT STAFF) (Filed on 9/6/2005) (Entered: 09/09/2005) |
| 09/06/2005 | 9 | Declaration of Raimi Shoaga in Support of Request for Judgment by Default filed byRaimi Shoaga. (jlm, COURT STAFF) (Filed on 9/6/2005) (Entered: 09/09/2005) |
| 09/06/2005 | 10 | STIPULATION for Dismissal of Defendant Target Shipping, Inc. by Raimi Shoaga, Target Shipping Inc. (jlm, COURT STAFF) (Filed on 9/6/2005) (Entered: 09/09/2005) |
| 09/08/2005 | 11 | NOTICE of Ex Parte Motion for Scheduling of Case Management Conference by Raimi Shoaga (jlm, COURT STAFF) (Filed on 9/8/2005) (Entered: 09/12/2005) |
| 09/08/2005 | 12 | Ex Parte MOTION for Scheduling of Case Management Conference. filed by Raimi Shoaga. (jlm, COURT STAFF) (Filed on 9/8/2005) Modified on 9/12/2005 (jlm, COURT STAFF). (Entered: 09/12/2005) |
| 09/08/2005 | 13 | MEMORANDUM in Support re 12 MOTION for Scheduling of Case Management Conference filed byRaimi Shoaga. (Related document(s) 12 ) (jlm, COURT STAFF) (Filed on 9/8/2005) (Entered: 09/12/2005) |
| 09/08/2005 | 14 | CERTIFICATE OF SERVICE by Raimi Shoaga re 11 Notice (Other), 12 MOTION for Scheduling of Case Management Conference, 13 Memorandum in Support (jlm, COURT STAFF) (Filed on 9/8/2005) (Entered: 09/12/2005) |
| 09/16/2005 | | Received Order re 12 MOTION for Scheduling of Case Management Conference by Raimi Shoaga. (jlm, COURT STAFF) (Filed on 9/16/2005) (Entered: 09/19/2005) |

| 09/19/2005 | 15 | Clerk's DECLINATION OF DEFAULT as to Defendant(s): Bolsada, Maersk Nigeria, Ltd., Maersk Lines, Ltd. (jlm, COURT STAFF) (Filed on 9/19/2005) (Entered: 09/19/2005) |
|---|---|---|
| 09/22/2005 | 16 | CLERK'S NOTICE Telephonic Case Management Conference set for 10/5/2005 at 03:15 PM. (jlm, COURT STAFF) (Filed on 9/22/2005) (Entered: 09/22/2005) |
| 09/22/2005 | 17 | MOTION for Sanctions and Case Management Conference Statement filed by Maersk Nig. Ltd, Maersk Sealand Shipping Worldwide. Motion Hearing set for 9/29/2005 03:00 PM. (jlm, COURT STAFF) (Filed on 9/22/2005) (Entered: 09/22/2005) |
| 09/29/2005 | 18 | MEMORANDUM in Oppostion re 17 MOTION for Sanctions filed by Raimi Shoaga. (Related document(s) 17 ) (jlm, COURT STAFF) (Filed on 9/29/2005) (Entered: 09/29/2005) |
| 09/29/2005 | 19 | CERTIFICATE OF SERVICE by Raimi Shoaga re 18 Memorandum in Opposition (jlm, COURT STAFF) (Filed on 9/29/2005) (Entered: 09/29/2005) |
| 10/05/2005 | 20 | ORDER by Judge Saundra Brown Armstrong DENYING 12 Ex Parte Motion for Scheduling of Case Management Conference, DENYING 17 Motion for Sanctions and Separate Case Management Conference Statement. Plaintiffs Emmanuel Ntekume, Charles Maiki, and Joseph Oloketuyi are DISMISSED from this action and are STRICKEN from the Complaint. A Telephonic Case Management Conference is set for 11/10/05 at 3:00 p.m.. (jlm, COURT STAFF) (Filed on 10/5/2005) (Entered: 10/05/2005) |
| 10/05/2005 | | Set Deadlines/Hearings: Telephonic Case Management Conference set for 11/10/2005 at 03:00 PM. (jlm, COURT STAFF) (Filed on 10/5/2005) (Entered: 10/05/2005) |
| 10/14/2005 | 21 | AMENDED COMPLAINT With Jury Demand against Maersk Nig. Ltd, Blosada, Maesrk, Inc., Maersk Lines, Ltd.. Filed by Raimi Shoaga. (jlm, COURT STAFF) (Filed on 10/14/2005) (Entered: 10/17/2005) |
| 10/14/2005 | | Summons Issued as to Maersk Nig. Ltd, Blosada, Maesrk, Inc., Maersk Lines, Ltd.. (jlm, COURT STAFF) (Filed on 10/14/2005) (Entered: 10/17/2005) |
| 10/14/2005 | 22 | CERTIFICATE OF SERVICE by Raimi Shoaga (jlm, COURT STAFF) (Filed on 10/14/2005) (Entered: 10/17/2005) |
| 10/14/2005 | 23 | CERTIFICATE OF SERVICE by Raimi Shoaga re 21 Amended Complaint, Summons Issued, (jlm, COURT STAFF) (Filed on 10/14/2005) (Entered: 10/17/2005) |
| 10/14/2005 | 24 | CERTIFICATE OF SERVICE by Raimi Shoaga (jlm, COURT STAFF) (Filed on 10/14/2005) (Entered: 10/17/2005) |
| 10/18/2005 | 25 | SUMMONS Returned Executed by Raimi Shoaga. Maersk Nig. Ltd served on 10/18/2005, answer due 11/7/2005; Blosada served on |

| | | |
|---|---|---|
| | | 10/18/2005, answer due 11/7/2005; Maesrk, Inc. served on 10/14/2005, answer due 11/3/2005; Maersk Lines, Ltd. served on 10/14/2005, answer due 11/3/2005. (jlm, COURT STAFF) (Filed on 10/18/2005) (Entered: 10/19/2005) |
| 10/24/2005 | 26 | CASE MANAGEMENT SCHEDULING ORDER: Telephonic Case Management Conference set for 12/8/2005 at 02:30 PM. Signed by Judge Saundra Brown Armstrong on 10/21/05. (jlm, COURT STAFF) (Filed on 10/24/2005) (Entered: 10/25/2005) |
| 11/03/2005 | 27 | MOTION to Dismiss *Defendants' Notice of Motion and Motion to Dismiss* filed by Maesrk, Inc., Maersk Lines, Ltd.. Motion Hearing set for 1/24/2006 01:00 PM in Courtroom 3, 3rd Floor, Oakland. (Alexander, Kimberly) (Filed on 11/3/2005) (Entered: 11/03/2005) |
| 11/03/2005 | 28 | MEMORANDUM in Support re 27 MOTION to Dismiss *Defendants' Notice of Motion and Motion to Dismiss* filed byMaesrk, Inc., Maersk Lines, Ltd.. (Related document(s) 27 ) (Alexander, Kimberly) (Filed on 11/3/2005) (Entered: 11/03/2005) |
| 11/03/2005 | 29 | Declaration of Massoud Messkoub in Support re 27 Motion to Dismiss filed by Maesrk, Inc., Maersk Lines, Ltd.. (Related document(s) 27 ) (Alexander, Kimberly) (Filed on 11/3/2005) Modified on 11/7/2005 (jlm, COURT STAFF). (Entered: 11/03/2005) |
| 11/03/2005 | 30 | Declaration of Michael Hopkins in Support re 27 Motion to Dismiss filed by Maesrk, Inc., Maersk Lines, Ltd.. (Related document(s) 27 ) (Alexander, Kimberly) (Filed on 11/3/2005) Modified on 11/7/2005 (jlm, COURT STAFF). (Entered: 11/03/2005) |
| 11/03/2005 | 31 | Proposed Order re 27 Motion to Dismiss by Maesrk, Inc., Maersk Lines, Ltd.. (Alexander, Kimberly) (Filed on 11/3/2005) Modified on 11/7/2005 (jlm, COURT STAFF). (Entered: 11/03/2005) |
| 11/03/2005 | 32 | ***DUPLICATE ENTRY, SAME AS DOCUMENT 31 *** Proposed Order re 27 Motion to Dismiss by Maesrk, Inc., Maersk Lines, Ltd. (Alexander, Kimberly) (Filed on 11/3/2005) Modified on 11/7/2005 (jlm, COURT STAFF). Modified on 11/7/2005 (jlm, COURT STAFF). (Entered: 11/03/2005) |
| 11/07/2005 | 33 | CLERK'S NOTICE re: Documents E-Filed by Defendants in a case not designated for ECF re 27 , 28 , 29 , 30 , 31 & 32 . (jlm, COURT STAFF) (Filed on 11/7/2005) (Entered: 11/07/2005) |
| 11/15/2005 | 34 | CASE MANAGEMENT SCHEDULING ORDER: Case Management Conference set for 1/24/2006 at 01:00 PM. Signed by Judge Saundra Brown Armstrong on 11/15/05. (jlm, COURT STAFF) (Filed on 11/15/2005) (Entered: 11/15/2005) |
| 01/03/2006 | 35 | CASE MANAGEMENT STATEMENT filed by Raimi Shoaga. (jlm, COURT STAFF) (Filed on 1/3/2006) (Entered: 01/05/2006) |
| 01/03/2006 | 36 | NOTICE re Opposition by Raimi Shoaga (jlm, COURT STAFF) (Filed |

| | | on 1/3/2006) (Entered: 01/05/2006) |
|---|---|---|
| 01/03/2006 | 37 | Memorandum in Opposition re 27 MOTION to Dismiss *Defendants' Notice of Motion and Motion to Dismiss* filed byRaimi Shoaga. (jlm, COURT STAFF) (Filed on 1/3/2006) (Entered: 01/05/2006) |
| 01/03/2006 | 38 | Declaration of Raimi Shoaga in Support of 37 Memorandum in Opposition filed byRaimi Shoaga. (Related document(s) 37 ) (jlm, COURT STAFF) (Filed on 1/3/2006) (Entered: 01/05/2006) |
| 01/03/2006 | | Received Order re 37 Memorandum in Opposition by Raimi Shoaga. (jlm, COURT STAFF) (Filed on 1/3/2006) (Entered: 01/05/2006) |
| 01/03/2006 | 39 | CERTIFICATE OF SERVICE by Raimi Shoaga (jlm, COURT STAFF) (Filed on 1/3/2006) (Entered: 01/05/2006) |
| 01/03/2006 | 40 | CERTIFICATE OF SERVICE by Raimi Shoaga re 38 Declaration in Support, Received Order, 35 Case Management Statement, 36 Notice (Other), 37 Memorandum in Opposition (jlm, COURT STAFF) (Filed on 1/3/2006) (Entered: 01/05/2006) |
| 01/03/2006 | 41 | CERTIFICATE OF SERVICE by Raimi Shoaga (jlm, COURT STAFF) (Filed on 1/3/2006) (Entered: 01/06/2006) |
| 01/10/2006 | 42 | Reply Memorandum re 27 MOTION to Dismiss *Defendants' Notice of Motion and Motion to Dismiss* filed byMaesrk, Inc., Maersk Lines, Ltd.. (jlm, COURT STAFF) (Filed on 1/10/2006) (Entered: 01/11/2006) |
| 01/10/2006 | 43 | Supplemental Declaration of Michael A. Hopkins in Support of 42 Reply Memorandum filed by Maesrk, Inc., Maersk Lines, Ltd.. (Related document(s) 42 ) (jlm, COURT STAFF) (Filed on 1/10/2006) Modified on 1/11/2006 (jlm, COURT STAFF). (Entered: 01/11/2006) |
| 01/10/2006 | 44 | Declaration of Kim Alexander in Support of 42 Reply Memorandum filed byMaesrk, Inc., Maersk Lines, Ltd.. (Related document(s) 42 ) (jlm, COURT STAFF) (Filed on 1/10/2006) (Entered: 01/11/2006) |
| 01/10/2006 | 45 | Declaration of Aogu Andrew Tsukamoto in Support of 42 Reply Memorandum filed byMaesrk, Inc., Maersk Lines, Ltd.. (Related document(s) 42 ) (jlm, COURT STAFF) (Filed on 1/10/2006) (Entered: 01/11/2006) |
| 01/10/2006 | | Received Order re 42 Reply Memorandum by Maesrk, Inc., Maersk Lines, Ltd.. (jlm, COURT STAFF) (Filed on 1/10/2006) (Entered: 01/11/2006) |
| 01/10/2006 | 46 | CERTIFICATE OF SERVICE by Maesrk, Inc., Maersk Lines, Ltd. re 42 Reply Memorandum, 43 Declaration in Support, 44 Declaration in Support, 45 Declaration in Support, Received Order (jlm, COURT STAFF) (Filed on 1/10/2006) (Entered: 01/11/2006) |
| 01/13/2006 | 47 | Second Declaration of Raimi Shoaga in Support of 37 Memorandum in Opposition filed byRaimi Shoaga. (Related document(s) 37 ) (jlm, COURT STAFF) (Filed on 1/13/2006) (Entered: 01/18/2006) |

| 01/13/2006 | 48 | CERTIFICATE OF SERVICE by Raimi Shoaga re 47 Declaration in Support, 35 Case Management Statement (jlm, COURT STAFF) (Filed on 1/13/2006) (Entered: 01/18/2006) |
| 01/13/2006 | 49 | CERTIFICATE OF SERVICE by Raimi Shoaga re 47 Declaration in Support, 35 Case Management Statement (jlm, COURT STAFF) (Filed on 1/13/2006) (Entered: 01/18/2006) |
| 01/13/2006 | 50 | CASE MANAGEMENT STATEMENT and Proposed Order filed by Maesrk, Inc., Maersk Lines, Ltd.. (jlm, COURT STAFF) (Filed on 1/13/2006) (Entered: 01/18/2006) |
| 01/17/2006 |  | Received Order re 27 MOTION to Dismiss *Defendants' Notice of Motion and Motion to Dismiss* by Maesrk, Inc., Maersk Lines, Ltd.. (jlm, COURT STAFF) (Filed on 1/17/2006) (Entered: 01/18/2006) |
| 01/17/2006 | 51 | ORDER: That Plaintiff's 47 Second Declaration of Raimi Shoaga in Support of Memorandum in Opposition is STRICKEN FROM THE RECORD. Plaintiff may not file any further memoranda, papers, or letters concerning the Motion to Dismiss or the Case Management Conference without first seeking leave of Court. Signed by Judge Saundra Brown Armstrong on 01/17/06. (jlm, COURT STAFF) (Filed on 1/17/2006) Additional attachment(s) added on 1/20/2006 (jlm, COURT STAFF). Modified on 1/24/2006 (jlm, COURT STAFF). (Entered: 01/20/2006) |
| 01/24/2006 | 52 | ORDER by Judge Saundra Brown Armstrong GRANTING IN PART AND DENYING IN PART 27 Motion to Dismiss. Defendants Blosada and Maersk Nigeria, Ltd are DISMISSED from this lawsuit WITHOUT PREJUDICE. Plaintiff is granted leave to file second amended complaint within (30) thirty-days of the date of this Order. A Telephonic Case Management Conference is set for 03/08/06 at 2:30 PM. Counsel for Defendants shall arrange conference call. (jlm, COURT STAFF) (Filed on 1/24/2006) (Entered: 01/27/2006) |
| 01/24/2006 |  | Set Deadlines/Hearings: re 52 Case Management Conference set for 3/8/2006 02:30 PM. (jlm, COURT STAFF) (Filed on 1/24/2006) (Entered: 01/27/2006) |
| 02/16/2006 | 54 | SECOND AMENDED COMPLAINT against Blosada, Maersk Nig. Ltd., Maesrk, Inc., Maersk Lines, Ltd.. Filed byRaimi Shoaga. (jlm, COURT STAFF) (Filed on 2/16/2006) (Entered: 02/24/2006) |
| 02/16/2006 | 55 | CERTIFICATE OF SERVICE by Raimi Shoaga re 54 Amended Complaint (jlm, COURT STAFF) (Filed on 2/16/2006) (Entered: 02/24/2006) |
| 02/16/2006 | 56 | CERTIFICATE OF SERVICE by Raimi Shoaga re 4 Summons Returned Executed,, 5 Certificate of Service (jlm, COURT STAFF) (Filed on 2/16/2006) (Entered: 02/24/2006) |
| 02/21/2006 |  | Amended Summons Issued as to Maersk Nig. Ltd., Maesrk, Inc., Maersk Lines, Ltd.. (jlm, COURT STAFF) (Filed on 2/21/2006) Modified on |

| | | 2/24/2006 (jlm, COURT STAFF). (Entered: 02/24/2006) |
|---|---|---|
| 02/23/2006 | 58 | SUMMONS Returned Executed by Raimi Shoaga. Maersk Nig. Ltd. served on 2/23/2006, answer due 3/15/2006; Macsrk, Inc. served on 2/22/2006, answer due 3/14/2006; Maersk Lines, Ltd. served on 2/22/2006, answer due 3/14/2006. (jlm, COURT STAFF) (Filed on 2/23/2006) (Entered: 03/02/2006) |
| 02/24/2006 | 53 | JOINT CASE MANAGEMENT STATEMENT *by Plaintiff and Defendants* filed by Maesrk, Inc., Maersk Lines, Ltd.. (Alexander, Kimberly) (Filed on 2/24/2006) (Entered: 02/24/2006) |
| 02/27/2006 | 57 | CLERK'S NOTICE re: Documents E-Filed by Plaintiff and Defendants in a case not designated for ECF re 53 (jlm, COURT STAFF) (Filed on 2/27/2006) (Entered: 02/27/2006) |
| 03/07/2006 | 59 | ORDER TO SHOW CAUSE: Order to Show Cause Hearing set for 4/26/2006 at 04:00 PM., in Courtroom 3, before Judge Saundra Brown Armstrong, Certificate of Counsel due by 4/12/2006.A Telephonic Case Management Conference is set for 05/17/06 at 3:30 P.M. Signed by Judge Saundra Brown Armstrong on 03/07/06. (jlm, COURT STAFF) (Filed on 3/7/2006) (Entered: 03/16/2006) |
| 03/07/2006 | | Set Deadlines/Hearings: re 59 Case Management Conference set for 5/17/2006 03:30 PM. (jlm, COURT STAFF) (Filed on 3/7/2006) (Entered: 03/16/2006) |
| 03/14/2006 | 60 | MOTION to Dismiss Second Cause of Action in the Second Amended Complaint filed by Maesrk, Inc., Maersk Lines, Ltd.. Motion Hearing set for 4/18/2006 01:00 PM in Courtroom 3, 3rd Floor, Oakland. (jlm, COURT STAFF) (Filed on 3/14/2006) (Entered: 03/23/2006) |
| 03/14/2006 | 61 | MEMORANDUM in Support re 60 MOTION to Dismiss filed byMaesrk, Inc., Maersk Lines, Ltd.. (Related document(s) 60 ) (jlm, COURT STAFF) (Filed on 3/14/2006) (Entered: 03/23/2006) |
| 03/14/2006 | | Received Order re 60 MOTION to Dismiss by Maesrk, Inc., Maersk Lines, Ltd.. (jlm, COURT STAFF) (Filed on 3/14/2006) (Entered: 03/23/2006) |
| 03/14/2006 | 62 | CERTIFICATE OF SERVICE by Maesrk, Inc., Maersk Lines, Ltd. re 60 MOTION to Dismiss, 61 Memorandum in Support, Received Order (jlm, COURT STAFF) (Filed on 3/14/2006) (Entered: 03/23/2006) |
| 03/16/2006 | 63 | CERTIFICATE of Counsel re 59 Order to Show Cause, by Raimi Shoaga (jlm, COURT STAFF) (Filed on 3/16/2006) (Entered: 03/23/2006) |
| 03/16/2006 | 64 | CERTIFICATE OF SERVICE by Raimi Shoaga re 63 Certificate of Counsel (jlm, COURT STAFF) (Filed on 3/16/2006) (Entered: 03/23/2006) |
| 04/03/2006 | 65 | Memorandum in Opposition re 60 MOTION to Dismiss filed byRaimi Shoaga. (jlm, COURT STAFF) (Filed on 4/3/2006) (Entered: 04/05/2006) |

| 04/03/2006 | 66 | Memorandum in Opposition (With Points and Authorities) re 60 MOTION to Dismiss filed byRaimi Shoaga. (jlm, COURT STAFF) (Filed on 4/3/2006) (Entered: 04/05/2006) |
|---|---|---|
| 04/03/2006 | | Received Order re 66 Memorandum in Opposition, 65 Memorandum in Opposition by Raimi Shoaga. (jlm, COURT STAFF) (Filed on 4/3/2006) (Entered: 04/05/2006) |
| 04/05/2006 | 67 | Reply Memorandum re 60 MOTION to Dismiss filed byMaesrk, Inc., Maersk Lines, Ltd.. (jlm, COURT STAFF) (Filed on 4/5/2006) (Entered: 04/06/2006) |
| 04/05/2006 | 68 | ORDER: That the hearing on Defendant's 60 MOTION to Dismiss is CONTINUED to 4/25/2006 at 01:00 PM in Courtroom 3, 3rd Floor, Oakland. Plaintiff's Opposition shall be deemed filed as of 04/03/06. Defendants are granted leave to file Reply Brief, in any, no later than 04/11/06. Signed by Judge Saundra Brown Armstrong on 04/05/06. (jlm, COURT STAFF) (Filed on 4/5/2006) (Entered: 04/07/2006) |
| 04/13/2006 | 69 | ORDER by Judge Saundra Brown Armstrong GRANTING 60 Motion to Dismiss the Second Cause of Action for Fraud. Plaintiff's Second Cause of Action is DISMISSED WITH PREJUDICE. (jlm, COURT STAFF) (Filed on 4/13/2006) Modified on 4/14/2006 (jlm, COURT STAFF). (Entered: 04/14/2006) |
| 04/17/2006 | 70 | NOTICE by Maesrk, Inc., Maersk Lines, Ltd. re 69 Order on Motion to Dismiss, (jlm, COURT STAFF) (Filed on 4/17/2006) (Entered: 04/18/2006) |
| 04/20/2006 | 71 | CERTIFICATE OF SERVICE by Raimi Shoaga re 54 Amended Complaint (jlm, COURT STAFF) (Filed on 4/20/2006) (Entered: 04/24/2006) |
| 04/24/2006 | 72 | CLERK'S NOTICE: Telephonic Case Management Conference CONTINUED to 5/17/2006 at 10:15 AM. (jlm, COURT STAFF) (Filed on 4/24/2006) (Entered: 04/25/2006) |
| 04/26/2006 | 73 | ORDER: That Defendants Blosada and Maersk Nigeria, Ltd. are DISMISSED for lack of subject personal jurisdiction. The Order to Show Cause hearing set for 04/26/06 is VACATED. Signed by Judge Saundra Brown Armstrong on 04/26/06. (jlm, COURT STAFF) (Filed on 4/26/2006) (Entered: 04/27/2006) |
| 04/27/2006 | 74 | Answer to 54 Second Amended Complaint byMaesrk, Inc., Maersk Line, Ltd.. (jlm, COURT STAFF) (Filed on 4/27/2006) (Entered: 04/28/2006) |
| 05/02/2006 | 75 | CERTIFICATE OF SERVICE by Raimi Shoaga re 72 Clerks Notice (jlm, COURT STAFF) (Filed on 5/2/2006) (Entered: 05/02/2006) |
| 05/02/2006 | 76 | CERTIFICATE OF SERVICE by Raimi Shoaga re 72 Clerks Notice (jlm, COURT STAFF) (Filed on 5/2/2006) (Entered: 05/02/2006) |
| 05/05/2006 | 77 | ADR Clerks Notice re: Non-Compliance with Court Order. (tjs, COURT STAFF) (Filed on 5/5/2006) (Entered: 05/05/2006) |

| 05/05/2006 | 78 | JOINT CASE MANAGEMENT STATEMENT filed by Raimi Shoaga, Maesrk, Inc., Maersk Line, Ltd.. (jlm, COURT STAFF) (Filed on 5/5/2006) (Entered: 05/05/2006) |
| 05/05/2006 | 79 | CERTIFICATE OF SERVICE by Raimi Shoaga re 78 Case Management Statement (Joint) (jlm, COURT STAFF) (Filed on 5/5/2006) (Entered: 05/05/2006) |
| 05/15/2006 | 80 | CERTIFICATE OF SERVICE by Raimi Shoaga re 77 ADR Clerks Notice (jlm, COURT STAFF) (Filed on 5/15/2006) (Entered: 05/18/2006) |
| 05/17/2006 | 81 | Minute Entry: Initial Case Management Conference held on 5/17/2006 before Judge Saundra Brown Armstrong (Date Filed: 5/17/2006), Case referred to early neutral evaluation., CASE REFERRED to Magistrate Judge for Settlement Conference. Discovery due by 10/2/2006. Motions due by 11/14/2006. Jury Trial set for 1/22/2007 08:30 AM. Pretrial Conference set for 1/16/2007 01:00 PM. (Court Reporter Not Reported.) (jlm, COURT STAFF) (Date Filed: 5/17/2006) (Entered: 05/19/2006) |
| 05/17/2006 | 82 | SCHEDULING ORDER: Motion Hearing set for 11/14/2006 01:00 PM. Signed by Judge Saundra Brown Armstrong on 05/18/06. (jlm, COURT STAFF) (Filed on 5/17/2006) (Entered: 05/19/2006) |
| 05/18/2006 |  | CASE REFERRED to Magistrate Judge Wayne D. Brazil for Settlement (wh, COURT STAFF) (Filed on 5/18/2006) (Entered: 05/18/2006) |
| 05/22/2006 | 83 | ADR Clerk's Notice Setting ADR Phone Conference on Tuesday, June 6, 2006 at 10:00 a.m. PDT. ADR Unit will initiate the call. (af, COURT STAFF) (Filed on 5/22/2006) (Entered: 05/22/2006) |
| 05/31/2006 | 84 | MOTION for Leave to Amend 54 Second Amended Complaint filed by Raimi Shoaga. Motion Hearing set for 7/25/2006 at 01:00 PM. (kc, COURT STAFF) (Filed on 5/31/2006) (Entered: 06/02/2006) |
| 05/31/2006 | 85 | NOTICE of Hearing on Motion re 84 MOTION for Leave to Amend 54 Second Amended Complaint. Motion Hearing set for 7/25/2006 at 01:00 PM. (kc, COURT STAFF) (Filed on 5/31/2006) Modified on 6/5/2006 (kk, COURT STAFF). (Entered: 06/02/2006) |
| 05/31/2006 | 86 | MEMORANDUM in Support re 84 MOTION for leave to amend 54 Second Amended Complaint filed byRaimi Shoaga. (Related document (s) 84 ) (kc, COURT STAFF) (Filed on 5/31/2006) (Entered: 06/02/2006) |
| 05/31/2006 | 87 | Declaration of Raimi Shoaga in Support of 84 MOTION for leave to amend 54 Second Amended Complaint filed byRaimi Shoaga. (Related document(s) 84 ) (kc, COURT STAFF) (Filed on 5/31/2006) (Entered: 06/02/2006) |
| 05/31/2006 |  | Received Document, Third Amended Complaint, by Raimi Shoaga. (kc, COURT STAFF) (Filed on 5/31/2006) (Entered: 06/02/2006) |
| 05/31/2006 | 88 | CERTIFICATE OF SERVICE by Raimi Shoaga re 82 Order (kc, COURT STAFF) (Filed on 5/31/2006) Modified on 6/2/2006 (kc, |

| | | |
|---|---|---|
| | | COURT STAFF). (Entered: 06/02/2006) |
| 06/06/2006 | | ADR Remark: ADR Phone Conference conducted by RWS on 6/6/2006. (af, COURT STAFF) (Filed on 6/6/2006) (Entered: 06/06/2006) |
| 06/23/2006 | 89 | ADR Clerk's Notice Appointing Matthew P. Vafidis as ENE Evaluator dated 6/23/2006. (af, COURT STAFF) (Filed on 6/23/2006) (Entered: 06/23/2006) |
| 06/29/2006 | 90 | CLERK'S NOTICE Settlement Conference set for 11/20/2006 at 02:00 PM., before Magistrate Judge Wayne D. Brazil in Courtroom 4, 3rd Floor. (jlm, COURT STAFF) (Filed on 6/29/2006) (Entered: 07/07/2006) |
| 06/30/2006 | 91 | Memorandum in Opposition re 84 MOTION to Amend/Correct 54 Second Amended Complaint filed byMaesrk, Inc., Maersk Line, Ltd.. (jlm, COURT STAFF) (Filed on 6/30/2006) (Entered: 07/07/2006) |
| 07/07/2006 | 92 | Reply to Opposition 91 filed byRaimi Shoaga. (kc, COURT STAFF) (Filed on 7/7/2006) (Entered: 07/10/2006) |
| 07/18/2006 | | Set/Reset Hearings: ENE Hearing set for 8/4/2006. (af, COURT STAFF) (Filed on 7/18/2006) (Entered: 07/18/2006) |
| 07/24/2006 | | Received Proposed Order denying 84 MOTION to Amend 54 Amended Complaint by Maesrk, Inc., Maersk Line, Ltd. (kc, COURT STAFF) (Filed on 7/24/2006) (Entered: 07/25/2006) |
| 07/25/2006 | 93 | Minute Entry: Motion Hearing held on 7/25/2006 before Judge Saundra Brown Armstrong re 84 MOTION to Amend 54 Second Amended Complaint filed by Raimi Shoaga. Plaintiff has leave to file third amended complaint. Case Management Conference set for 10/18/2006 at 03:45 PM. (Court Reporter Raynee Mercado.) (kc, COURT STAFF) (Date Filed: 7/25/2006) (Entered: 07/26/2006) |
| 07/26/2006 | 94 | ORDER GRANTING 84 Motion for Leave to Amend the Second Amended Complaint. Plaintiff shall file the Third Amended Complaint no later than 7/28/2006. Case Management Conference set for 10/18/2006 at 3:45 PM before Hon. Saundra Brown Armstrong. Signed by Judge Saundra Brown Armstrong on 7/25/06. (kc, COURT STAFF) (Filed on 7/26/2006) (Entered: 07/27/2006) |
| 07/27/2006 | 95 | THIRD AMENDED COMPLAINT against A.P. Moller- Maersk Group, Maesrk, Inc., Maersk Lines, Ltd.. Filed byRaimi Shoaga. (jlm, COURT STAFF) (Filed on 7/27/2006) Modified on 7/28/2006 (jlm, COURT STAFF). (Entered: 07/28/2006) |
| 07/27/2006 | | Summons Issued as to A.P. Moller- Maersk Group. (jlm, COURT STAFF) (Filed on 7/27/2006) (Entered: 07/28/2006) |
| 08/08/2006 | 96 | CERTIFICATION OF ENE Session on 8/4/2006, case not settled, no follow up contemplated, ENE complete. Filed by Evaluator, Matthew P. Vafidis, dated 8/6/2006. (af, COURT STAFF) (Filed on 8/8/2006) (Entered: 08/08/2006) |
| | | |

| | | |
|---|---|---|
| 08/15/2006 | 97 | ANSWER to Third Amended Complaint byMaesrk, Inc., Maersk Lines, Ltd.. (jlm, COURT STAFF) (Filed on 8/15/2006) (Entered: 08/15/2006) |
| 09/15/2006 | 98 | MOTION for Summary Judgment filed by Maesrk, Inc., Maersk Lines, Ltd.. Motion Hearing set for 10/24/2006 01:00 PM in Courtroom 3, 3rd Floor, Oakland. (jlm, COURT STAFF) (Filed on 9/15/2006) (Entered: 09/18/2006) |
| 09/15/2006 | 99 | MEMORANDUM in Support re 98 MOTION for Summary Judgment filed byMaesrk, Inc., Maersk Lines, Ltd.. (Related document(s) 98 ) (jlm, COURT STAFF) (Filed on 9/15/2006) (Entered: 09/18/2006) |
| 09/15/2006 | 100 | Declaration of Michael A. Hopkins in Support of 98 MOTION for Summary Judgment filed byMaesrk, Inc., Maersk Lines, Ltd.. (Related document(s) 98 ) (jlm, COURT STAFF) (Filed on 9/15/2006) (Entered: 09/18/2006) |
| 09/15/2006 | 101 | Declaration of Massoud Messkoub in Support of 98 MOTION for Summary Judgment filed byMaesrk, Inc., Maersk Lines, Ltd.. (Related document(s) 98 ) (jlm, COURT STAFF) (Filed on 9/15/2006) (Entered: 09/18/2006) |
| 09/15/2006 | 102 | Declaration of Kim Alexander Kane in Support of 98 MOTION for Summary Judgment filed byMaesrk, Inc., Maersk Lines, Ltd.. (Related document(s) 98 ) (jlm, COURT STAFF) (Filed on 9/15/2006) (Entered: 09/18/2006) |
| 09/15/2006 | | Received Order re 98 MOTION for Summary Judgment by Macsrk, Inc., Maersk Lines, Ltd.. (jlm, COURT STAFF) (Filed on 9/15/2006) (Entered: 09/18/2006) |
| 09/15/2006 | 103 | CERTIFICATE OF SERVICE by Maesrk, Inc., Maersk Lines, Ltd. re 98 MOTION for Summary Judgment, 99 Memorandum in Support, Received Order, 101 Declaration in Support, 100 Declaration in Support, 102 Declaration in Support (jlm, COURT STAFF) (Filed on 9/15/2006) (Entered: 09/18/2006) |
| 09/18/2006 | 104 | MOTION for Summary Judgment filed by Maesrk, Inc., Maersk Lines, Ltd.. Motion Hearing set for 11/7/2006 01:00 PM in Courtroom 3, 3rd Floor, Oakland. (jlm, COURT STAFF) (Filed on 9/18/2006) (Entered: 09/19/2006) |
| 09/18/2006 | 105 | MEMORANDUM in Support re 104 MOTION for Summary Judgment filed byMaesrk, Inc., Maersk Lines, Ltd.. (Related document(s) 104 ) (jlm, COURT STAFF) (Filed on 9/18/2006) (Entered: 09/19/2006) |
| 09/18/2006 | 106 | Declaration of Michael A. Hopkins in Support of 104 MOTION for Summary Judgment filed byMaesrk, Inc., Maersk Lines, Ltd.. (Related document(s) 104 ) (jlm, COURT STAFF) (Filed on 9/18/2006) (Entered: 09/19/2006) |
| 09/18/2006 | 107 | Declaration of Massoud Messkoub in Support of 104 MOTION for Summary Judgment filed byMaesrk, Inc., Maersk Lines, Ltd.. (Related document(s) 104 ) (jlm, COURT STAFF) (Filed on 9/18/2006) (Entered: |

| | | 09/19/2006) |
|---|---|---|
| 09/18/2006 | 108 | Declaration of Kim Alexander Kane in Support of 104 MOTION for Summary Judgment filed byMaesrk, Inc., Maersk Lines, Ltd.. (Related document(s) 104 ) (jlm, COURT STAFF) (Filed on 9/18/2006) (Entered: 09/19/2006) |
| 09/18/2006 | 109 | CERTIFICATE OF SERVICE by Maesrk, Inc., Maersk Lines, Ltd. re 106 Declaration in Support, 104 MOTION for Summary Judgment, 107 Declaration in Support, 108 Declaration in Support, 105 Memorandum in Support (jlm, COURT STAFF) (Filed on 9/18/2006) (Entered: 09/19/2006) |
| 09/19/2006 | | Received Order re 104 MOTION for Summary Judgment by Maesrk, Inc., Maersk Lines, Ltd.. (jlm, COURT STAFF) (Filed on 9/19/2006) (Entered: 09/19/2006) |
| 10/03/2006 | 110 | SUMMONS Returned Executed by Raimi Shoaga. A.P. Moller- Maersk Group served on 7/29/2006, answer due 8/18/2006. (jlm, COURT STAFF) (Filed on 10/3/2006) (Entered: 10/05/2006) |
| 10/05/2006 | 111 | Memorandum in Opposition re 104 MOTION for Summary Judgment, 98 MOTION for Summary Judgment filed byRaimi Shoaga. (jlm, COURT STAFF) (Filed on 10/5/2006) (Entered: 10/06/2006) |
| 10/06/2006 | 112 | JOINT CASE MANAGEMENT STATEMENT filed by Maesrk, Inc., Maersk Lines, Ltd.. (jlm, COURT STAFF) (Filed on 10/6/2006) (Entered: 10/11/2006) |
| 10/16/2006 | 113 | CLERK'S NOTICE: Case Management Conference set for 11/7/2006 01:00 PM., to follow hearing on the motion in Courtroom 3 of the U.S. Courthouse, 1301 Clay Street, 3rd Floor, Oakland, CA 94612. (jlm, COURT STAFF) (Filed on 10/16/2006) (Entered: 10/17/2006) |
| 10/17/2006 | 114 | Memorandum in Opposition re 104 MOTION for Summary Judgment, 98 MOTION for Summary Judgment filed byRaimi Shoaga. (jlm, COURT STAFF) (Filed on 10/17/2006) (Entered: 10/18/2006) |
| 10/17/2006 | 115 | Declaration of Raimi Shoaga in Support of 114 Memorandum in Opposition filed byRaimi Shoaga. (Related document(s) 114 ) (jlm, COURT STAFF) (Filed on 10/17/2006) (Entered: 10/18/2006) |
| 10/23/2006 | 116 | CERTIFICATE OF SERVICE by Maesrk, Inc., Maersk Lines, Ltd. re 113 Clerks Notice (jlm, COURT STAFF) (Filed on 10/23/2006) (Entered: 10/25/2006) |
| 10/25/2006 | 117 | Reply Memorandum re Motion for Summary Judgment filed byMaesrk, Inc.. (Cox, John) (Filed on 10/25/2006) Modified on 10/26/2006 (jlm, COURT STAFF). (Entered: 10/25/2006) |
| 10/26/2006 | 118 | CLERK'S NOTICE re: Documents E-Filed by Defendants in a case not designated for ECF re 117 (jlm, COURT STAFF) (Filed on 10/26/2006) (Entered: 10/26/2006) |
| | | |

| | | |
|---|---|---|
| 11/07/2006 | 119 | Minute Entry: Motion Hearing held on 11/7/2006 before Saundra Brown Armstrong (Date Filed: 11/7/2006) re 104 MOTION for Summary Judgment filed by Maesrk, Inc., Maersk Lines, Ltd. Motion for Summary Judgment GRANTED. Order to Show Cause Hearing re dismissal for failure to serve as to A.P. Moeller set for 12/5/2006 at 01:00 PM. Plaintiff to submit evidence by 11/14/2006. Opposition due 11/21/2006. Reply due 11/27/2006. (Court Reporter Starr Wilson.) (kc, COURT STAFF) (Date Filed: 11/7/2006) Modified on 11/8/2006 (jlm, COURT STAFF). (Entered: 11/07/2006) |
| 11/07/2006 | 120 | ORDER by Judge Saundra Brown Armstrong GRANTING 104 Motion for Summary Judgment. Plaintiffs complaint alleging breach of contract against Maersk, Inc. and Maersk Line Limited is DISMISSED. (kc, COURT STAFF) (Filed on 11/7/2006) (Entered: 11/07/2006) |
| 11/14/2006 | 121 | Response to Order to Show Cause 119 Motion Hearing byRaimi Shoaga. (jlm, COURT STAFF) (Filed on 11/14/2006) (Entered: 11/15/2006) |
| 11/21/2006 | 122 | Memorandum in Opposition re 121 Response to Order to Show Cause filed byA.P. Moller- Maersk Group. (jlm, COURT STAFF) (Filed on 11/21/2006) (Entered: 11/29/2006) |
| 12/11/2006 | 123 | ORDER DISMISSING CASE: Plaintiffs Third Amended Complaint is DISMISSED in its entirety for failure to serve Defendant A.P. Moeller-Maersk. Signed by Judge Saundra Brown Armstrong on 12/11/06. (jlm, COURT STAFF) (Filed on 12/11/2006) (Entered: 12/12/2006) |
| 01/10/2007 | 124 | NOTICE OF APPEAL as to 120 Order on Motion for Summary Judgment, 94 Order, 123 Order Dismissing Case by Raimi Shoaga. Fee not paid. (jlm, COURT STAFF) (Filed on 1/10/2007) (Entered: 01/10/2007) |
| 01/10/2007 | | Mailed request for payment of docket fee to appellant (cc to USCA) (jlm, COURT STAFF) (Filed on 1/10/2007) (Entered: 01/10/2007) |
| 01/10/2007 | | Transmission of Notice of Appeal and Docket Sheet to US Court of Appeals re 124 Notice of Appeal. Counsel notified. (jlm, COURT STAFF) (Filed on 1/10/2007) (Entered: 01/10/2007) |
| 01/10/2007 | 125 | DESIGNATION of Record on Appeal by Raimi Shoaga re 124 Notice of Appeal. No Transcripts Designated. (jlm, COURT STAFF) (Filed on 1/10/2007) (Entered: 01/10/2007) |
| 01/10/2007 | | Certificate of Record Mailed to USCA re appeal 124 Notice of Appeal. Counsel notified. (jlm, COURT STAFF) (Filed on 1/10/2007) (Entered: 01/10/2007) |
| 01/17/2007 | 126 | MOTION for Leave to Appeal in forma pauperis filed by Raimi Shoaga. (jlm, COURT STAFF) (Filed on 1/17/2007) (Entered: 01/18/2007) |
| 01/19/2007 | | USCA Case Number 07-15073 for 124 Notice of Appeal. (jlm, COURT STAFF) (Filed on 1/19/2007) (Entered: 01/19/2007) |
| 01/23/2007 | 127 | ORDER by Judge Saundra Brown Armstrong DENYING WITHOUT |

| | | |
|---|---|---|
| | | PREJUDICE 126 Motion for Leave to Appeal in forma pauperis. (jlm, COURT STAFF) (Filed on 1/23/2007) (Entered: 01/25/2007) |
| 02/02/2007 | | USCA Appeal Fees received $ 455 receipt number 4461100026 re 124 Notice of Appeal filed by Raimi Shoaga. (jlm, COURT STAFF) (Filed on 2/2/2007) (Entered: 02/05/2007) |
| 02/02/2007 | | Amended Docket Fee Notification Form and Case Information Sheet to US Court of Appeals re 124 Notice of Appeal (jlm, COURT STAFF) (Filed on 2/2/2007) (Entered: 02/05/2007) |
| 02/06/2007 | 128 | ORDER of USCA: That appellant has not paid the docketing fees for this appeal, as to 124 Notice of Appeal. (jlm, COURT STAFF) (Filed on 2/6/2007) (Entered: 02/06/2007) |
| 04/17/2007 | 129 | CERTIFICATE OF SERVICE by Raimi Shoaga re 124 Notice of Appeal *AP Moller-Maersk Group* (jlm, COURT STAFF) (Filed on 4/17/2007) (Entered: 04/18/2007) |
| 04/17/2007 | 130 | CERTIFICATE OF SERVICE by Raimi Shoaga re 124 Notice of Appeal (jlm, COURT STAFF) (Filed on 4/17/2007) (Entered: 04/18/2007) |
| 04/17/2007 | 131 | CERTIFICATE OF SERVICE by Raimi Shoaga re 95 Amended Complaint, Summons Issued,, 94 Terminate Hearings,, Order,, Set Hearings, (jlm, COURT STAFF) (Filed on 4/17/2007) (Entered: 04/18/2007) |
| 04/17/2007 | 132 | CERTIFICATE OF SERVICE by Raimi Shoaga re 95 Amended Complaint, Summons Issued,, 94 Terminate Hearings,, Order,, Set Hearings, (jlm, COURT STAFF) (Filed on 4/17/2007) (Entered: 04/18/2007) |
| 06/04/2007 | | Certified and Transmitted Record on Appeal to US Court of Appeals re 124 Notice of Appeal. Counsel notified. (jlm, COURT STAFF) (Filed on 6/4/2007) (Entered: 06/04/2007) |
| 06/07/2007 | 133 | Receipt for Appeal Record re appeal 124 Notice of Appeal. (jlm, COURT STAFF) (Filed on 6/7/2007) (Entered: 06/07/2007) |
| 10/16/2007 | 134 | CLERK'S NOTICE Fee Past Due Notice. (kk, COURT STAFF) (Filed on 10/16/2007) (Entered: 11/16/2007) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 05/01/2008 19:03:59 | | |
| **PACER Login:** | ky0005 | **Client Code:** | 2379-659 |
| **Description:** | Docket Report | **Search Criteria:** | 4:05-cv-02213-SBA |
| **Billable Pages:** | 10 | **Cost:** | 0.80 |

EXHIBIT 9

**FILED**

DEC 1 1 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RAIMI SHOAGA,                                    )    No. C 05-02213 SBA
                                                 )
                    Plaintiff,                   )    **ORDER**
                                                 )
        vs.                                      )
                                                 )
A.P. MOELLER-MAERSK GROUP                        )
(a.k.a. Moller-Maersk s/a kak Danish             )
A.P. MOLLER GRUPPEN aka                          )
FIRMET A.P. MOLLER), MAERSK,                     )
INC. MAERSK LINES, LTD.,                         )
                                                 )
                    Defendants.                  )

*123*

        On November 7, 2006 this Court ordered Plaintiff Shoaga to show cause why the Plaintiff's Complaint should not be dismissed in its entirety.  This matter comes before the Court on Plaintiff's "Response to the Court's Order to Show Cause Why Plaintiff's Complaint Should Not Be Dismissed in its Entirety"

## BACKGROUND

**1.    Remaining Parties to this Action[1]**

        Plaintiff Raimi Shoaga ("Plaintiff") is an individual and resident of the city of Oakland, California.  TAC at 2:11-12.   Defendant Maersk-Sealand, A.P. Moller-Maersk Group, is a corporation engaged in cargo shipping with its corporate headquarters located in Copenhagen. Shoaga Decl., Exh.s 1 & 2.

**2.    Procedural History**

        Plaintiff filed his original Complaint on June 1, 2005, an Amended Complaint on October 14,

_____

[1]This Court dismissed Defendants Maersk, Inc. and Maersk Line, Ltd. on November 7, 2006.

DEC 1 2 2006

Entered on Civil Docket _____ 

United States District Court
For the Northern District of California

1   2005, a Second Amended Complaint on February 16, 2006, and a Third Amended Complaint on July

2   27, 2006. The Third Amended Complaint alleged a breach of contract claim against Defendants

3   A.P. Moeller-Maersk Group, Maersk, Inc., and Maersk Lines, Ltd. Defendants Maersk, Inc. and

4   Maersk Lines, Ltd. moved for summary judgment on September 14, 2006. Defendant A.P. Moeller-

5   Maersk Group did not join the motion for summary judgment.

6       This Court granted summary judgment for Defendants Maersk, Inc. and Maersk Line, Ltd. on

7   November 7, 2006. At the hearing this Court also ordered Plaintiff to show cause as to why his

8   complaint should not be dismissed in its entirety for failure to serve A.P. Moeller.

## LEGAL STANDARD

10      Federal Rule of Civil Procedure 4(f) provides, in relevant part:

11      [u]nless otherwise provided by federal law, service upon an individual from whom a waiver
        has not been obtained and filed, other than an infant or an incompetent person, may be
12      effected in a place not within any judicial district of the United States:
13      (1) by any internationally agreed means reasonably calculated to give notice, such as those
        means authorized by the Hague Convention on the Service Abroad of Judicial and
14      Extrajudicial Documents;

15
16  In the event of a plaintiff serving a defendant in Denmark, this provision applies as Denmark is a
17  signatory to the Hague Convention.

18                                  ## DISCUSSION

19      Plaintiff argues he properly served Defendant A.P. Moeller-Maersk on September 20, 2006

20  when he served copies of his summons and complaint on Maersk, Inc., because according to

21  Plaintiff, Maersk, Inc. is A.P. Moeller-Maersk's agent. Pl.'s Resp. at 3. Plaintiff argues further that

22  Maersk, Inc. is a wholly-owned subsidiary of A.P. Moeller-Maersk, and that as such, Maersk, Inc.

23  may be considered A.P. Moeller-Maersk's agent for service of process as a matter of law. *Id.* at 4.

24  Plaintiff cites *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694 (1988) in support of his

25  argument, but does not provide this Court with a pin cite or specific reference to any holding in that

26  case.

27      Dismissed Defendant Maersk, Inc. filed a response in which it argues that Plaintiff has not

28  demonstrated he complied with Rule 4(f). First, Maersk, Inc. argues that Plaintiff has not provided

United States District Court
For the Northern District of California

2

1   this Court with facts demonstrating he contacted the designated Central Authority in Denmark,

2   produced a certificate of service from the Central Authority in Denmark, or translated the documents

3   to be served, and has failed to address the fact that Denmark does not accept service of documents by

4   mail. Def.'s Opp. at 2.

5          Maersk, Inc. also argues that Plaintiff's reliance on *Volkswagenwerk v. Schlunk* is misplaced

6   because in that case the Illinois long-arm statute implicated by the facts authorized service of a

7   foreign corporation by substitute service on a domestic agent. *See* 486 U.S. at 696-97, 706-08; *see*

8   *also* Ill. Rev. Stat., Ch. 110, §2-209(a)(1).  In this case, neither Federal Rule of Civil Procedure 4(f)

9   nor the California long-arm statute provide for similar substitute service, and both rules state clearly

10  that service on a foreign individual is subject to the Hague Convention. *See* Fed. R. of Civ. Proc.

11  §4(f); Cal. Civ. Proc. §413.10 (California is subject to the provisions of the Hague Convention).

12  Maersk, Inc. is correct on this point.

13         Maersk, Inc. also argues that it is *not* an agent of A.P. Moeller-Maersk as alleged by Plaintiff,

14  and that Plaintiff has not demonstrated that Maersk, Inc. is an agent of A.P. Moeller-Maersk as a

15  matter of law.  Maersk, Inc. is correct on this point as well.  Plaintiff has not provided this Court

16  with any facts to support his conclusion that Maersk, Inc. is an agent of A.P. Moeller-Maersk. He

17  states only that the two share a parent-subsidiary relationship, and that this relationship establishes

18  that Maersk, Inc. is an agent of A.P. Moeller-Maersk.  However, even assuming that Maersk, Inc. is

19  A.P. Moeller-Maersk's subsidiary (which Plaintiff has not established, and Maersk, Inc. does not

20  concede), a parent-subsidiary relationship does not itself make one corporation the agent for service

21  of process on the other.  Service of process on a subsidiary does not effect service of process on the

22  parent corporation, absent evidence that the two corporations are not independently operated. *See*

23  *Adams v. AlliedSignal General Aviation Avionics*, 74 F.3d 882, 885 (8th Cir. 1996).

## CONCLUSION

25         Therefore, this Court DISMISSES Plaintiff's Third Amended Complaint in its Entirety for

26  failure to serve Defendant A.P. Moeller-Maersk.  Plaintiff has completely failed to show that he has

27  properly served the one remaining Defendant, A.P. Moeller-Maersk consistent with Federal Rule of

28  Civil Procedure 4(f).

1    IT IS SO ORDERED.

2

3

4

5    Dated:  12/11/06

SAUNDRA BROWN ARMSTRONG
United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

4

EXHIBIT 10

1  Raimi Shoaga
2  1080 - 67th Street Apt #E
   Oakland, Calif. 94608
3  Telephone: 510-597-9855
4
5
6
7
8
9
10



RECEIVED
JAN 11 2007
KEESAL, YOUNG & LOGAN

ORIGINAL
FILED
JAN 10 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

11  RAIMI SHOAGA,                    )
12          Plaintiff/Appellant,    )   No....................
                                     )   Dist. Ct. No. C05-02213SBA
13  v.                               )
                                     )   NOTICE OF APPEAL TO THE
14  A.P. moller-Maersk Group,        )   UNITED STATES COURT OF
    et al.                           )   APPEALS FOR THE NINTH
15          Defendant/Appellee,      )   CIRCUIT
                                     )
16                                   )
                                     )
17  _____)

18

19      RAIMI SHOAGA, the plaintiff herein (or simply "Plaintiff")

20  appeal to the United States Court of Appeals for the Ninth

21  Circuit from the final judgment of the district court, entered

22  in this case on Dec. 11th, 2006, and all interlocutory orders

23  that gave rise to that judgment, including but not limited to

24  Order (Docket No. 84) adding A.P. Moller-Maersk Group et al, as a

25  named defendant.

26

27  Dated: 1/10/2007        _____
                            Raimi Shoaga    Pro Se
28

1/10/07

EXHIBIT 11

1   RAIMI SHOAGA
    P.O. Box 7274
2   Oakland, California 94601
    (510) 395-2926
3
4   In Pro Se

*Original*
*E-Filing*
*FILED*
FEB - 4 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

8        IN THE UNITED STATES DISTRICT COURT FOR THE

9               NORTHERN DISTRICT OF CALIFORNIA

12  RAIMI SHOAGA,
                    Plaintiff        Case No: **C08-00786**

13
        v.
14                                   **COMPLAINT FOR DAMAGES**
15  A.P. MOLLER-MAERSK GROUP,        Breach of Contract, Intentional Misrep-
    aka A.P. MOLLER-MAERSK aka       resentation (Fraud), Negligent Misrep-
16  DANISH A.P. MOLLER-MAERSK        resentation, Conversion, Interference
    GRUPPEN aka FIRMAET A.P.         With Commerce, Violation of the
17  MOLLER MAERSK; MAERSK            Foreign Corrupt Practices Act,
18  INC., MAERSK LINES LTD.; MAERSK  Discrimination the Basis of National
    NIGERIA, LTD., aka MAERSK, aka   Origin
19  MAERSK SEALAND; A.P. MOLLER
20  NIGERIA, LTD.; BLOSADA; NIGER-
    IAN PORT AUTHORITY; NIGERIAN
21  CUSTOMS AUTHORITY; ATTOR-
    NEY GENERAL OF THE FEDERAL
22  REPUBLIC OF NIGERIA
23                  Defendants
24  _____/

25      The plaintiff herein, Raimi Shoaga, complains and alleges as follows:

26
27              **FIRST CAUSE OF ACTION**
                   **(Breach of Contract)**
28
                          1.

GO 44 SEC. N
NOTICE OF ASSIGNMENT
TO MAGISTRATE JUDGE SENT

**(Interference With Commerce)**
**(Violation of the Foreign Corrupt Practices Act)**
**(Discrimination on the Basis of Nationality)**

**I**

This case is one over which the United States District Court for the Northern District of California shall have original jurisdiction in that it is based upon the violation of Maritime and Admiralty laws of the United States, to include 18 U.S.C. 1951(a), the violation of the Foreign Corrupt Practices Act of 1977, 15 U.S.C. 78dd-1 et seq., and the violation of Civil Rights statute 42 U.S.C. 1981(a). Jurisdiction is conferred upon this court by 28 U.S.C. 1331, 28 U.S.C. 1332(2), and 28 U.S.C. 1333(1).

**II**

Venue is conferred on this court by 28 U.S.C. 1391(a) in that this judicial district is the district in which the plaintiff's claims arose, and, in which the defendants A.P. Moller-Maersk Group, aka A.P. Moller-Maersk s/a, aka Danish A.P. Moller-Maersk Gruppen aka Firmaet A.P. Moller Maersk and Maersk lines, Inc. and Maersk Lines, Ltd. are doing business. All contracts referred to herein were entered into in this judicial district.

**III**

The plaintiff demands a jury trial.

**IV**

The plaintiff is an individual of Nigerian national origin, who, at all times herein mentioned, resided in the city of Oakland, County of Alameda, state of California. The plaintiff is not a shipping company, public carrier, or shipping services agent.

2.

**V**

The defendant A.P. Moller-Maersk Group, aka A.P. Moller-Maersk s/a, aka Danish A.P. Moller-Maersk Gruppen aka Firmaet A.P. Moller Maersk, referred to hereafter as "A.P. Moller", is a Corporation registered in the country of Denmark, and, as part of its business operations sells oceangoing cargo and freight shipping services.

**VI**

The defendants Maersk lines, Inc., and Maersk Lines, Ltd., referred to hereafter as "Maersk Lines", are subsidiaries of the defendants A.P. Moller of Denmark, is an oceangoing cargo and freight shipping company, and does business at offices located within the city of Oakland, California.

**VII**

The defendant Maersk Nigeria, Ltd.., aka Maersk, aka Maersk Sealand, referred to hereafter as "Maersk Nigeria", is a subsidiary of the defendants A.P. Moller of Denmark, is an oceangoing cargo and freight shipping company, and, is doing business and having offices at Apapa, Port of Lagos, Federal Republic of Nigeria.

**VIII**

The defendant A.P. Moller Nigeria, Ltd., referred to hereafter as "A.P. Moller Nigeria", is the Nigerian managing subsidiary of the A.P. Moller of Denmark, and, as part of its business operations, sells oceangoing cargo and freight shipping services, doing business and having offices in Lagos, Federal Republic of Nigeria.

**IX**

The defendant Blosada is an individual, billing agent, and employee of Maersk

3.

1  Nigeria, and does business at offices located within Apapa, Port of Lagos, Federal

2  Republic of Nigeria.

3                                       **X**

4

5      The defendant Nigerian Port Authority, referred to hereafter as "Port Authority", is an

6  agency and administrative department of the Federal Republic of Nigeria, doing business

7  and having offices in Apapa, Port of Lagos, Federal Republic of Nigeria.

8

9                                      **XI**

10     The defendant Nigerian Customs Authority, referred to hereafter as "Customs", is an

11  agency and administrative department of the Federal Republic of Nigeria, doing business

12  and having offices in Apapa, Port of Lagos, Federal Republic of Nigeria.

13

14                                     **XII**

15     The defendant Attorney General of the Nigerian Federal Republic, referred to hereafter

16  as "Attorney General", is a government official and chief legal officer of the Federal

17  Republic of Nigeria, and, is responsible for the legality of business operations of the

18  defendants Port Authority and Customs.

19

20                                    **XIII**

21     On about July 29, 2004, the plaintiff entered into a pre-paid shipping agreement with

22  the defendants, A.P. Moller by and through its subsidiary Maersk Lines, wherein it was

23  agreed that in exchange for the plaintiff paying to the defendant Maersk Lines the total

24  sum of Five Thousand, One Hundred Dollars, American, ($5,100.00), the defendants

25  Maersk Lines would provide the plaintiff cargo shipping and demurrage services to

26

27  Apapa, Lagos, in the country of Nigeria.

28                                       4.

**XIV**

On about July 29, 2004, the plaintiff entered into a pre-paid shipping agreement with the defendants, A.P. Moller by and through its subsidiary Maersk Lines, wherein it was agreed that the defendants A.P. Moller, by and through its subsidiary Maersk Lines, would provide the plaintiff the use of Maersk Lines cargo shipping container MSKU8123727; S Number 50666 for the shipping, to Lagos, Nigeria, of the plaintiff's personal property.

**XV**

That according to the agreement and contract between the plaintiff and the defendants A.P. Moller and Maersk Lines, the defendant Maersk Lines represented to the plaintiff that cargo shipping container MSKU8123727; S Number 50666, which was to contain the plaintiff's personal property, would be shipped to Apapa, Lagos, Nigeria, in time to arrive in Nigeria by August of the year 2004.

**XVI**

That according to the agreement and contract between the plaintiff and the defendants A.P. Moller and Maersk Lines, the defendant Maersk Lines represented to the plaintiff that cargo shipping container MSKU8123727; S Number 50666, following arrival at Apapa, Lagos Nigeria, would be inspected by the defendants Port Authority and Customs, and, then, the contents of the shipping container would be released to recipients of the plaintiff.

**XVII**

That the plaintiff is informed and believes that the cargo shipping container

5.

1  MSKU8123727; S Number 50666 did arrive in Apapa, Port of Lagos, Nigeria, in August

2  of 2004.

3                                    **XVIII**

4

5      That in January 2005, the defendants, A.P. Moller Nigeria, Maersk Nigeria, Blosada,

6  Port Authority, and Customs were in possession of cargo shipping container

7  MSKU8123727; S Number 50666, which had arrived in Apapa, Port of Lagos Nigeria.

8                                     **XIX**

9

10     That in January of 2005, the plaintiff visited Nigeria to inquire about the status of

11  cargo shipping container MSKU8123727; S Number 50666, which, the plaintiff is

12  informed and believes, arrived at Apapa, Port of Lagos, Nigeria in August of 2004, but, as

13
   of January of 2005, remained in the possession of the defendants, A.P. Moller Nigeria,
14

15  Maersk Nigeria, Blosada, Port Authority, and Customs.

16                                     **XX**

17     That in January of 2005, upon the plaintiff's inquiry about the status of cargo shipping

18
   container MSKU8123727; S Number 50666, the defendants A.P. Moller Nigeria, Maersk
19

20  Nigeria, Blosada, Port Authority, and Customs informed the plaintiff that plaintiff had an

21  outstanding balance of over Ten Thousand Dollars, American, ($10,000.00), for shipping

22  services and demurrage charges, and that the contents of cargo shipping container
23
   MSKU8123727; S Number 50666 would not be released to the plaintiff until all charges
24

25  were paid.

26                                     **XXI**

27
       That in January of 2005, upon the plaintiff's inquiry about the status of cargo shipping
28
                                        6.

1  container MSKU8123727; S Number 50666, the defendants A.P. Moller, Maersk Lines,
2  A.P. Moller Nigeria, Maersk Nigeria, Blosada, Port Authority, and Customs informed the
3  plaintiff that the defendants A.P. Moller and Maersk Lines were demanding that the
4  plaintiff return cargo shipping container MSKU8123727; S Number 50666 to the
5
6  defendant Maersk Lines.
7                                    **XXII**
8
9       That from January of 2005 to April of 2005, the plaintiff, plaintiff's brother, and
10  associates sought an explanation from the defendants, and each of the defendants, of the
11  additional $10,000.00 charges, but were unable to receive an explanation of the increased
12
13  costs.
14                                   **XXIII**
15      That as of this filing the defendants, and each of the defendants, continue to demand
16  that the plaintiff tender to the defendants A.P. Moller Nigeria, Maersk Nigeria, Blosada,
17  Port Authority, and Customs $90,000.00 before the contents of cargo shipping container
18
19  MSKU8123727; S Number 50666 would be released to the plaintiff.
20                                   **XXIV**
21      The defendants, and each of the defendants, have breached the contract for shipping
22  services, as entered into by the plaintiff and the defendants, and have caused the plaintiff
23
24  damages.
25                                    **XXV**
26      The defendants, and each of the defendants, have, by their breach of contract, acted to
27  impede the flow of commerce as prohibited by 18 U.S.C. 1951(a), have acted to finance
28                                       7.

1 the wrongful influence of foreign officials as prohibited by 15 U.S.C. 78dd-1 et seq., and

2 have acted to violate the plaintiff's civil rights because of plaintiff's national origin as

3 prohibited against by 42 U.S.C. 1981(a), and, have caused the plaintiff damages.

4

5 ### SECOND CAUSE OF ACTION
[Intentional Misrepresentation (Fraud)]
6 (Interference With Commerce)
(Violation of the Foreign Corrupt Practices Act)
7 (Discrimination on the Basis of Nationality)

8

9 **I**

10 The plaintiff incorporates herein by reference each and all paragraphs of the FIRST

11 CAUSE OF ACTION..

12 **II**

13

14 On about July 29, 2004, the plaintiff entered into a pre-paid shipping agreement with

15 the defendants, A.P. Moller by and through its subsidiary Maersk Lines, wherein it was

16 agreed that in exchange for the plaintiff paying to the defendant Maersk Lines the total

17 sum of Five Thousand, One Hundred Dollars, American, ($5,100.00), the defendants

18 Maersk Lines would provide the plaintiff cargo shipping and demurrage services to

19

20 Apapa, Lagos, in the country of Nigeria.

21 **III**

22

23 On about July 29, 2004, the plaintiff entered into a pre-paid shipping agreement

24 with the defendants, A.P. Moller by and through its subsidiary Maersk Lines, wherein it

25 was agreed that the defendants A.P. Moller, by and through its subsidiary Maersk Lines,

26 would provide the plaintiff the use of Maersk Lines cargo shipping container

27 MSKU8123727; S Number 50666 for the shipping, to Lagos, Nigeria, of the plaintiff's

28 8.

1    personal property.

2                                        **IV**

3        That according to the agreement and contract between the plaintiff and the defendants

4    A.P. Moller and Maersk Lines, the defendant Maersk Lines represented to the plaintiff

5    that cargo shipping container MSKU8123727; S Number 50666, which was to contain

6    the plaintiff's personal property, would be shipped to Apapa, Lagos, Nigeria, in time to

7    arrive in Nigeria by August of the year 2004.

8
9                                        **V**

10       That according to the agreement and contract between the plaintiff and the defendants

11   A.P. Moller and Maersk Lines, the defendant Maersk Lines represented to the plaintiff

12   that cargo shipping container MSKU8123727; S Number 50666, following arrival at

13
14   Apapa, Lagos Nigeria, would be inspected by the defendants Port Authority and Customs,

15   and, then, the contents of the shipping container would be released to recipients of the

16   plaintiff.

17
18                                       **VI**

19       That the plaintiff is informed and believes that the cargo shipping container

20   MSKU8123727; S Number 50666 did arrive in Apapa, Port of Lagos, Nigeria, in August

21   of 2004.

22
23                                      **VII**

24       That in January 2005, the defendants, A.P. Moller Nigeria, Maersk Nigeria, Blosada,

25   Port Authority, and Customs were in possession of cargo shipping container

26   MSKU8123727; S Number 50666, which had arrived in Apapa, Port of Lagos Nigeria.

27
28                                        9.

**VIII**

That in January of 2005, the plaintiff visited Nigeria to inquire about the status of cargo shipping container MSKU8123727; S Number 50666, which, the plaintiff is informed and believes, arrived at Apapa, Port of Lagos, Nigeria in August of 2004, but, as of January of 2005, remained in the possession of the defendants, A.P. Moller Nigeria, Maersk Nigeria, Blosada, Port Authority, and Customs.

**IX**

That in January of 2005, upon the plaintiff's inquiry about the status of cargo shipping container MSKU8123727; S Number 50666, the defendants A.P. Moller Nigeria, Maersk Nigeria, Blosada, Port Authority, and Customs informed the plaintiff that plaintiff had an outstanding balance of over Ten Thousand Dollars, American, ($10,000.00), for shipping services and demurrage charges, and that the contents of cargo shipping container MSKU8123727; S Number 50666 would not be released to the plaintiff until all charges were paid.

**X**

That in January of 2005, upon the plaintiff's inquiry about the status of cargo shipping container MSKU8123727; S Number 50666, the defendants A.P. Moller, Maersk Lines, A.P. Moller Nigeria, Maersk Nigeria, Blosada, Port Authority, and Customs informed the plaintiff that the defendants A.P. Moller and Maersk Lines were demanding that the plaintiff return cargo shipping container MSKU8123727; S Number 50666 to the defendant Maersk Lines.

**XI**

10.

1    That from January of 2005 to April of 2005, the plaintiff, plaintiff's brother, and

2    associates sought an explanation from the defendants, and each of the defendants, of the

3    additional $10,000.00 charges, but were unable to receive an explanation of the increased

4    costs.

5

6                                        XII

7    That as of this filing the defendants, and each of the defendants, continue to demand

8    that the plaintiff tender to the defendants A.P. Moller Nigeria, Maersk Nigeria, Blosada,

9    Port Authority, and Customs $90,000.00 before the contents of cargo shipping container

10   MSKU8123727; S Number 50666 would be released to the plaintiff.

11

12                                       XIII

13   That at the time that the plaintiff and the defendants A.P. Moller and Maesrk Lines

14   entered into the agreement and contract between the plaintiff and the defendants A.P.

15   Moller and Maersk Lines, the defendant Maersk Lines intentionally represented to the

16   plaintiff that cargo shipping container MSKU8123727; S Number 50666, following

17   arrival at Apapa, Lagos Nigeria, would be inspected by the defendants Port Authority and

18   Customs, and, then, the contents of the shipping container would be released to recipients

19   of the plaintiff.

20

21                                       XIV

22   That at the time that the plaintiff and the defendants A.P. Moller and Maesrk Lines

23   entered into the agreement and contract between the plaintiff and the defendants A.P.

24   Moller and Maersk Lines, the defendants A.P. Moller and Maersk Lines knew that

25   the defendants A.P. Moller Nigeria, Maersk Nigeria, Blosada, Port Authority. and

26                                        11.

1    Customs would keep and maintain possession of cargo shipping container

2    MSKU8123727; S Number 50666, after it had arrived in Apapa, Port of Lagos Nigeria

3
     until all charges demanded by the defendants, A.P. Moller Nigeria, Maersk Nigeria,
4
5    Blosada, Port Authority, and Customs were paid.

6                                    **XV**

7        That at the time that the plaintiff and the defendants A.P. Moller and Maesrk Lines

8
     entered into the agreement and contract between the plaintiff and the defendants A.P.
9
10   Moller and Maersk Lines, the defendants A.P. Moller and Maersk Lines knew that

11   the defendants A.P. Moller Nigeria, Maersk Nigeria, Blosada, Port Authority, and

12   Customs would keep and maintain possession of cargo shipping container
13
14   MSKU8123727; S Number 50666 until the plaintiff paid the defendants A.P. Moller

15   Nigeria, Maersk Nigeria, Blosada, Port Authority, and Customs an additional $10,000.00.

16                                   **XVI**

17       That at the time that the plaintiff and the defendants A.P. Moller and Maesrk Lines
18
19   entered into the agreement and contract between the plaintiff and the defendants A.P.

20   Moller and Maersk Lines, the defendant Maersk Lines intentionally represented to the

21   plaintiff that cargo shipping container MSKU8123727; S Number 50666, following

22   arrival at Apapa, Lagos Nigeria, would be inspected by the defendants Port Authority and
23
24   Customs, and, then, the contents of the shipping container would be released to recipients

25   of the plaintiff in order to induce the plaintiff's reliance upon Maersk Lines as a

26   dependable oceangoing cargo shipping service.

27                                   **XVII**
28                                    12.

1   That at the time that the plaintiff and the defendants A.P. Moller and Maesrk Lines

2   entered into the agreement and contract between the plaintiff and the defendants A.P.

3   Moller and Maersk Lines, the defendant Maersk Lines intentionally represented to the

4   plaintiff that cargo shipping container MSKU8123727; S Number 50666, following

5   arrival at Apapa, Lagos Nigeria, would be inspected by the defendants Port Authority and

6   Customs, and, then, the contents of the shipping container would be released to recipients

7   of the plaintiff, in order to induce the plaintiff to tender to the defendants A.P. Moller and

8   Maersk Lines $5,100.00.

9

10

11                                      **XVIII**

12   That at the time that the plaintiff and the defendants A.P. Moller and Maersk Lines

13   entered into the agreement and contract between the plaintiff and the defendants A.P.

14   Moller and Maersk Lines, the defendant Maersk Lines intentionally represented to the

15   plaintiff that cargo shipping container MSKU8123727; S Number 50666, following

16   arrival at Apapa, Lagos Nigeria, would be inspected by the defendants Port Authority and

17   Customs, and, then, the contents of the shipping container would be released to recipients

18   of the plaintiff, the defendants A.P. Moller and Maesrk Lines caused the plaintiff to rely

19

20   on the defendants' dependability as an oceangoing cargo shipping service.

21

22                                       **XIX**

23   The defendants, A.P. Moller and Maersk Lines, have committed an intentional

24   misrepresentation as against the plaintiff, and have caused the plaintiff's reliance upon

25   such misrepresentations, and have caused the plaintiff damages.

26

27                                        **XX**

28                                        13.

1    The defendants, A.P. Moller and Maesrk Lines, have, by their actions, and wrongful

2    failures to act, intentionally made misrepresentations of material facts to the plaintiff, and

3    have committed intentional fraud against the plaintiff, acting to impede the flow of

4
commerce as prohibited by 18 U.S.C. 1951(a), acting to finance the wrongful influence of
5
foreign officials as prohibited by 15 U.S.C. 78dd-1 et seq., and, acting to cause the
6
7    violation of the plaintiff's civil rights because of plaintiff's national origin as prohibited

8    against by 42 U.S.C. 1981(a), causing the plaintiff damages.

9

10                        **THIRD CAUSE OF ACTION**
                         **(Negligent Misrepresentation)**
11                        **(Interference With Commerce)**
                 **(Violation of the Foreign Corrupt Practices Act)**
12               **(Discrimination on the Basis of Nationality)**

13
                                **I**
14

15    The plaintiff incorporates herein by reference each and all paragraphs of the SECOND

16    CAUSE OF ACTION.

17
                                **II**
18

19    That at the time that the plaintiff and the defendants A.P. Moller and Maesrk Lines

20    entered into the agreement and contract between the plaintiff and the defendants A.P.

21    Moller and Maersk Lines, the defendant Maersk Lines represented to the plaintiff that

22
cargo shipping container MSKU8123727; S Number 50666, following arrival at Apapa,
23
Lagos Nigeria, would be inspected by the defendants Port Authority and Customs, and,
24
25    then, the contents of the shipping container would be released to recipients of the

26    plaintiff.

27
                                **III**
28                              14.

1    That at the time that the plaintiff and the defendants A.P. Moller and Maesrk Lines

2    entered into the agreement and contract between the plaintiff and the defendants A.P.

3

4    Moller and Maersk Lines, the defendants A.P. Moller and Maersk Lines should,

5    reasonably have known, and should reasonably have foreseen, that the defendants A.P.

6    Moller Nigeria, Maersk Nigeria, Blosada, Port Authority, and Customs would keep and

7    maintain possession of cargo shipping container MSKU8123727; S Number 50666, after

8

9    it had arrived in Apapa, Port of Lagos Nigeria until all charges demanded by the

10    defendants, A.P. Moller Nigeria, Maersk Nigeria, Blosada, Port Authority, and Customs

11    were paid.

12

13                       **IV**

14    That at the time that the plaintiff and the defendants A.P. Moller and Maesrk Lines

15    entered into the agreement and contract between the plaintiff and the defendants A.P.

16    Moller and Maersk Lines, the defendants A.P. Moller and Maersk Lines should,

17    reasonably have known, and should reasonably have foreseen, that the defendants A.P.

18

19    Moller Nigeria, Maersk Nigeria, Blosada, Port Authority, and Customs would keep and

20    maintain possession of cargo shipping container MSKU8123727; S Number 50666 until

21    the plaintiff paid the defendants A.P. Moller Nigeria, Maersk Nigeria, Blosada, Port

22    Authority, and Customs an additional $10,000.00.

23

24                       **V**

25    That at the time that the plaintiff and the defendants A.P. Moller and Maersk Lines

26    entered into the agreement and contract between the plaintiff and the defendants A.P.

27    Moller and Maersk Lines, the defendant Maersk Lines represented to the plaintiff that

28                    15.

1   cargo shipping container MSKU8123727; S Number 50666, following arrival at Apapa,

2   Lagos Nigeria, would be inspected by the defendants Port Authority and Customs, and,

3

4   then, the contents of the shipping container would be released to recipients of the

5   plaintiff, the defendants, and each of the defendants, had a duty to disclose to plaintiff any

6   matter that might effect the plaintiff's contract with the defendants A.P. Moller and

7   Maersk Lines, but neither of the defendants ever made any such disclosure.

8
                                            VI
9

10      That at the time that the plaintiff and the defendants A.P. Moller and Maersk Lines

11  entered into the agreement and contract between the plaintiff and the defendants A.P.

12  Moller and Maersk Lines, the defendant Maersk Lines represented to the plaintiff that

13
    cargo shipping container MSKU8123727; S Number 50666, following arrival at Apapa,
14

15  Lagos Nigeria, would be inspected by the defendants Port Authority and Customs, and,

16  then, the contents of the shipping container would be released to recipients of the

17
    plaintiff, the defendants A.P. Moller and Maersk Lines caused the plaintiff's reliance
18

19  upon the defendants, and each of the defendants, services as a dependable oceangoing

20  cargo shipping service.

21
                                           VII
22

23      That at the time that the plaintiff and the defendants A.P. Moller and Maersk Lines

24  entered into the agreement and contract between the plaintiff and the defendants A.P.

25  Moller and Maersk Lines, the defendant Maersk Lines represented to the plaintiff that

26  cargo shipping container MSKU8123727; S Number 50666, following arrival at Apapa,

27
    Lagos Nigeria, would be inspected by the defendants Port Authority and Customs, and,
28
                                           16.

1   then, the contents of the shipping container would be released to recipients of the

2   plaintiff, causing the plaintiff to tender to the defendants A.P. Moller and Maersk Lines

3   $5,100.00.

4

5                                         **VIII**

6        That at the time that the plaintiff and the defendants A.P. Moller and Maersk Lines

7   entered into the agreement and contract between the plaintiff and the defendants A.P.

8   Moller and Maersk Lines, the defendant Maersk Lines intentionally represented to the

9

10   plaintiff that cargo shipping container MSKU8123727; S Number 50666, following

11   arrival at Apapa, Lagos Nigeria, would be inspected by the defendants Port Authority and

12   Customs, and, would, then, the contents of the shipping container would be released to

13   recipients of the plaintiff, the plaintiff's reliance was justified.

14

15                                         **IX**

16        That as of this filing the defendants, and each of the defendants, continue to demand

17   that the plaintiff tender to the defendants A.P. Moller Nigeria, Maersk Nigeria, Blosada,

18   Port Authority, and Customs $90,000.00 before the contents of cargo shipping container

19   MSKU8123727; S Number 50666 would be released to the plaintiff.

20

21                                         **X**

22   The defendants, and each of the defendants, have committed a negligent

23   misrepresentation as against the plaintiff, and have caused the plaintiff damages.

24

25                                         **XI**

26   The defendants, A.P. Moller and Maersk Lines, have, by their actions, and wrongful

27   failures to act, negligently made misrepresentations of material facts to the plaintiff, and

28                                         17.

1  have committed a negligent misrepresentation against the plaintiff, impeding the flow of

2  commerce as prohibited by 18 U.S.C. 1951(a), acting to finance the wrongful influence of

3  foreign officials as prohibited by 15 U.S.C. 78dd-1 et seq., and, acting to violate the

4

5  plaintiff's civil rights because of plaintiff's national origin as prohibited against by 42

6  U.S.C. 1981(a), causing the plaintiff damages.

7

8                            **FOURTH CAUSE OF ACTION**

9                                  **(Conversion)**
10                          **(Interference With Commerce)**
                 **(Violation of the Foreign Corrupt Practices Act)**
11                    **(Discrimination on the Basis of Nationality)**

12                                        **I**

13
         The plaintiff incorporates herein by reference each and all paragraphs of the THIRD
14

15  CAUSE OF ACTION.

16                                        **II**

17
         That as of this filing the defendants, and each of the defendants, continue to demand
18

19  that the plaintiff tender to the defendants A.P. Moller Nigeria, Maersk Nigeria, Blosada,

20  Port Authority, and Customs $90,000.00 before the contents of cargo shipping container

21  MSKU8123727; S Number 50666 would be released to the plaintiff.

22
                                         **III**
23

24       At all times herein mentioned, the defendants, and each of the defendants, intended to

25  act, and maintain an intent to act, to invade the plaintiff's interest in plaintiff's personal

26  property, and to take possession of the plaintiff's personal property for the defendants',

27  and each defendant's, personal gain.

28                                        18.

1   U.S.C. 78dd-1 et seq., and, have acted to violate the plaintiff's civil rights because of

2   plaintiff's national origin as prohibited against by 42 U.S.C. 1981(a), causing the plaintiff

3   damages.

4

5   **WHEREFORE**, the plaintiff prays,

6       1. For damages for the defendants', and each defendant's, breach of contract;

7       2. For damages for the defendants', and each defendant's, intentional

8   misrepresentation;

9

10      3. For damages for the defendants', and each defendant's, negligent misrepresentation;

11      4. For damages for the defendants', and each defendant's, conversion;

12      5. For damages for the defendants', and each defendant's, violation of 18 U.S.C.

13
14  1951(a);

15      6. For damages for the defendants', and each defendant's, violation of the Foreign

16  Corrupt Practices Act of 1977, 15 U.S.C. 78dd-1 et seq.;

17      7. For damages for the defendants', and each defendant's, violation of 42 U.S.C.

18
19  1981(a);

20      8. For costs of suit; and,

21      9. For such other and further relief as the court may deem meet and just under the

22  premises.

23
24  **And, in the alternative,**

25      1. For damages in an amount of not less than $10,000,000.00

26      2. For costs of suit; and,

27
28      3. For such other and further relief as the court may deem meet and just under the
                                                20.

1  premises.

2  Dated: January 17, 2008

3  _____

RAIMI SHOAGA, Plaintiff In Pro Se

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

21.

# TARGET SHIPPING

| | BILL OF LADING |
|---|---|

SHIPPER
PRIME SHAOGA
1080 67TH STREET
OAKLAND, CA 94681

REFERENCE NO.    CARRIER BOOKING NO.
TGT 21368        2435171

EXPORT REFERENCES

CONSIGNEE - ( NOT NEGOTIABLE UNLESS CONSIGNED TO ORDER )
PRIME SHOAGA
C/O JELILI MAFFO & BILLY SHOAGA
P.O. BOX 1924 - SAPON, ABEOKUTA 7
OGUN NIGERIA, WEST AFRICA

FORWARDING AGENT - References6123
SKY 2 C FREIGHT SYSTEMS
25072 VIKING STREET
HAYWARD, CA 94545

POINT AND COUNTRY OF ORIGIN
CALIFORNIA          UNITED STATES OF AMERICA

NOTIFY PARTY
SAME AS ABOVE

ALSO NOTIFY - ROUTING INSTRUCTIONS

| PIER | PLACE OF RECEIPT by PRE-CARRIER | RELEASE AGENT |
|---|---|---|
| | | MAERSK NIGERIA LTD-LAGOS |
| VESSEL AND VOYAGE NUMBER | PORT OF LOADING | MAERSK HOUSE, 121 LOUIS SOLOMON |
| CONDOR 0415 | OAKLAND | CLOSE, PO BOX 72554 |
| PORT OF DISCHARGE | PLACE OF DELIVERY | VICTORIA ISLAND, LAGOS NIGERIA |
| LAGOS | | TEL: +234 01 2626430 |

| Mrks & Nos/Container Nos | Container Type | Description | Gross Weight | Measurement |
|---|---|---|---|---|
| MSKU 812372 7 | 1x40HC | CONTAINER SLAC: | 30006.00L | |
| S#: 506667 | | 1 LOT | 13607.91K | |
| | | HOUSEHOLD GOODS & PERSONAL | | |
| | | EFFECTS | | |

THESE COMMODITIES, TECHNOLOGY OR SOFTWARE WERE
EXPORTED FROM THE UNITED STATES IN ACCORDANCE WITH
THE EXPORT ADMINISTRATION REGULATIONS. ULTIMATE
DESTINATION NIGERIA. DIVERSION CONTRARY TO UNITED
STATES LAW PROHIBITED.

FREIGHT PREPAID
NO SED REQUIRED VALUE UNDER $2500
SHIPPER'S LOAD STOW & COUNT

Phn# 1-877-699-9444

NON NEGOTIABLE

1-877-6999444 x 5168

SHIPPER DECLARED VALUE $

| RATES | BASE | PREPAID | COLLECT | CUR |
|---|---|---|---|---|
| | | | | |

FREIGHT PREPAID

| Number of Original Bills of Lading | | Place and Date of Issue |
|---|---|---|
| 3 | | Jul 29, 2004 |

Dated    Jul 29, 2004

BILL OF LADING NO.
TGT 21368

EV 4-5





**MAERSK SEALAND**

CHARGE CALCULATION BREAKDOWN

Vsl/Voy/Line: RFT0027867  RFTME SHOAGES

Cal(DET): NGN     308,745.00

ST144281  VSL/VOY/ROUTE: 826 CHRISTIAN MAERSK/0804W2
Container: MSKU123727
Period: 04/09/08 - 05/08/14     (FTL)NGAPP     00034,001
Retention Period: 04/09/15 - 05/08/27
NGN     2,287.00 x135 days  NGAPP     00034,00

308,745.00
308,745.00

$27,220



## NIGERIAN PORTS AUTHORITY
### CONTAINER TERMINAL APAPA/IJORA    № 014333

To: ........ As Under ........................................    Date: .... 13/1/2005 .......

From: .... Port Manager, CT ...................    Ref: .. CT/PM/OP/R.2/ O S ..

### CLEARANCE NOTIFICATION

Please raise Debit Note for the following Container(s) not yet listed as Overtime to: .....................

.................. RAIMI SHOAGA ATTN: COST & FREIGHT AG. LTD ...............
provided the container(s) is/are not under detention.

This is subject to payment of Customs Import Duty, Shipping Company Charges and Other Applicable
Port Charges.

| CONTAINER NUMBER(S) | VESSEL | DATE OF ARRIVAL | TOTAL NUMBER OF CONTAINER(S) | REMARKS |
|---|---|---|---|---|
| NSKU 812372-1 | CHRISTIAN MSK  B/L/NO. 171 | 24/8/2004 | 1x40' Cont. (One) only. | |

On receipt of this memo, the Principal Manager (Marketing) is directed to ensure that Customs Exchange
Control, Shipping Company's Release Slip, Bank Revenue Receipt for Import Duty are in order and
other formalities at the port Strictly complied with before issuance of N.P.A. Delivery documents

However companies without IDR should NOT be treated, please.

PORT MANAGER  18/1/05
for: PORT MANAGER, CT
DISTRIBUTION:
Traffic Manager, CT.
Prin. Manager (Marketing) CT.
Senior Manager (Traffic) Lilypond, Ijora
P. A. - Port Manager, CT

Case 3:08-cv-00786-BZ    Document 1-2    Filed 02/04/2008    Page 1 of 1

3:08 786 BZ
ADR ECF

**JS 44** (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
RAIMI SHOAGA

## DEFENDANTS
A.P. MOLLER-MAERSK GROUP, aka A.P. MOLLER-MAERSK A/S, aka DANISH A.P. MOLLER-MAERSK GRUPPEN, et al.

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)
ALAMEDA

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
RAIMI SHOAGA
P.O. Box 7274
Oakland, California 94601
(510) 395-2926

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question (U.S. Government Not a Party)
- [X] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product | Med. Malpractice | [ ] 625 Drug Related Seizure | 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | Liability | [ ] 365 Personal Injury — | of Property 21 USC 881 | | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel & | Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 460 Deportation |
| & Enforcement of Judgment | Slander | [ ] 368 Asbestos Personal | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' | Injury Product | [ ] 650 Airline Regs. | [ ] 830 Patent | Corrupt Organizations |
| [ ] 152 Recovery of Defaulted | Liability | Liability | [ ] 660 Occupational | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| Student Loans | [ ] 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | [ ] 490 Cable/Sat TV |
| (Excl. Veterans) | [ ] 345 Marine Product | [ ] 370 Other Fraud | [ ] 690 Other | | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment | Liability | [ ] 371 Truth in Lending | | **SOCIAL SECURITY** | [ ] 850 Securities/Commodities/ |
| of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 380 Other Personal | **LABOR** | [ ] 861 HIA (1395ff) | Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle | Property Damage | [ ] 710 Fair Labor Standards | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge |
| [ ] 190 Other Contract | Product Liability | [ ] 385 Property Damage | Act | [ ] 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury | Product Liability | [ ] 720 Labor/Mgmt. Relations | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt.Reporting | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| | | | & Disclosure Act | | [ ] 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate | [ ] 790 Other Labor Litigation | [ ] 870 Taxes (U.S. Plaintiff | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | Sentence | [ ] 791 Empl. Ret. Inc. | or Defendant) | [ ] 895 Freedom of Information |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ | Habeas Corpus: | Security Act | [ ] 871 IRS—Third Party | Act |
| [ ] 240 Torts to Land | Accommodations | [ ] 530 General | | 26 USC 7609 | [ ] 900 Appeal of Fee |
| [ ] 245 Tort Product Liability | [ ] 444 Welfare | [ ] 535 Death Penalty | **IMMIGRATION** | | Determination |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities – | [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | Under Equal Access |
| | Employment | [ ] 550 Civil Rights | [ ] 463 Habeas Corpus – | | to Justice |
| | [ ] 446 Amer. w/Disabilities – | [ ] 555 Prison Condition | Alien Detainee | | [ ] 950 Constitutionality of |
| | Other | | [ ] 465 Other Immigration | | State Statutes |
| | [ ] 440 Other Civil Rights | | Action | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from another district (specify)
- [ ] 6  Multidistrict Litigation
- [ ] 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
18 U.S.C. 1951(a); 15 U.S.C. 78dd-1 et seq.; 42 U.S.C. 1981; 28 U.S.C. 1331, 28 U.S.C. 1332(2), and 28 U.S.C. 1333(1)

Brief description of cause:
Breach of Contract, Fraud, Conversion, Interference With Commerce, Foreign Corrupt Practices Act, Discrimination

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 10,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
[X] SAN FRANCISCO/OAKLAND    [ ] SAN JOSE

DATE  2/4/08

SIGNATURE OF ATTORNEY OF RECORD
Shoaga

EXHIBIT 12

2379-659p

FILED

APR 1 8 2006

1   JOHN D. GIFFIN, CASB NO. 89608
2   KIM ALEXANDER KANE, CASB NO. 226896
    KEESAL, YOUNG & LOGAN
3   A Professional Corporation, Suite 1500
    Four Embarcadero Center
4   San Francisco, California 94111
    Telephone:   (415) 398-6000
5   Facsimile:   (415) 981-0136
6   john.giffin@kyl.com
    kim.kane@kyl.com
7
    Attorneys for Defendants
8   MAERSK, INC. and MAERSK LINE, LIMITED

Submitting Counsel are directed to serve this
order upon all other parties in this action.

9

10  **R E C E I V E D** UNITED STATES DISTRICT COURT

11  MAR 14 2006        NORTHERN DISTRICT OF CALIFORNIA
    RICHARD W. WIEKING
12  CLERK, U.S. DISTRICT COURT
    NORTHERN DISTRICT OF CALIFORNIA
    OAKLAND
13  RAIMI SHOAGA,                     )  Case No. C05-02213 SBA
14                        Plaintiff,  )
                                      )  [~~PROPOSED~~] ORDER GRANTING
15               vs.                  )  DEFENDANTS MAERSK, INC. AND
                                      )  MAERSK LINE, LIMITED'S MOTION TO
16                                    )  DISMISS THE SECOND CAUSE OF
                                      )  ACTION FOR FRAUD FROM PLAINTIFF'S
17  BLOSADA, MAESRK, INC., MAERSK LINES, )  SECOND AMENDED COMPLAINT
18  LTD., MAERSK NIG. LTD. ,          )
                                      )
19                        Defendants. )  **BY FAX**
                                      )
20
21
22          The Motion of Defendants MAERSK, INC. and MAERSK LINE, LIMITED ("MLL")

23  to dismiss Plaintiff RAIMI SHOAGA's ("Plaintiff") Second Cause of Action for Fraud from the

24  Second Amended Complaint, pursuant to Federal Rule of Civil Procedure ("FRCP") Rules 12(b)(6)

25  and 9(b), came on regularly for hearing on April 18, 2006 at 1:00 p.m. in Department 3 of the above-

26  entitled Court, the Honorable Saundra Brown Armstrong presiding. The Court, having reviewed all of

27  the papers filed by counsel, its files herein, and the oral argument of counsel, and good cause

28
                                       -1-                              SF438848

1   appearing therefore, **HEREBY ORDERS AS FOLLOWS:**

2      Federal Rule of Civil Procedure 9(b) provides as follows:

3

4      In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred

5      generally.

6   Fed. R. Civ. P. 9(b).

7      Under Ninth Circuit law, the "circumstances constituting fraud" must include the

8   precise "time, place, and nature of the misleading statements, misrepresentations, [or] specific acts of

9   fraud." *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994). Moreover, where a plaintiff levels

10   allegations of fraud at more than one defendant, Rule 9(b) requires that plaintiff plead with sufficient

11   particularity attribution of the alleged misrepresentations to each defendant. *In re Silicon Graphics,*

12   *Inc. Sec. Litig.*, 970 F. Supp. 746, 752 (N.D. Cal. 1997), citing *Lubin v. Sybedon Corp.*, 688 F. Supp.

13   1425, 1443 (N.D. Cal. 1988) (finding that the plaintiff's "'dragnet' tactic of indiscriminately grouping

14   all of the individual defendants into one wrongdoing monolith" failed to fulfill requirements of Rule

15   9(b)). Further, the Ninth Circuit has observed that plaintiffs seeking to satisfy Rule 9(b) must "set

16   forth an explanation as to why the statement or omission complained of was false and misleading." *In*

17   *re Glenfed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc).

18      Here, Plaintiff does not provide any specifics as to when, where, or how the alleged

19   fraudulent acts took place. Instead, he merely makes conclusory statements that all four defendants

20   knowingly made false statements to him, induced him to rely on those statements and he suffered an

21   unidentified amount of economic loss and damage. Furthermore, Plaintiff has made no effort to

22   distinguish between Maersk, Inc.'s, Maersk Line, Limited's "Blosada's", or Maersk, Nig. Ltd.'s

23   contributions to the alleged fraudulent behavior.

24      Dismissal of a fraud cause of action with prejudice is proper when a plaintiff cannot

25   cure the defects through allegations of other facts and he has failed to plead the cause of action with

26   particularity after repeated opportunities. *See Vess v. Ciba-Geigy Corp. USA*, 317 F. 3d 1097, 1108

27   (9th Cir. 2003) (Dismissal with prejudice proper where pleading could not possibly be cured by the

28   allegation of other facts). By Order dated January 24, 2006, the Court expressly warned Plaintiff that

SF438848

[PROPOSED] ORDER GRANTING DEFENDANTS MAERSK, INC. AND MAERSK LINE, LIMITED'S MOTION TO DISMISS THE SECOND CAUSE OF ACTION FOR FRAUD FROM PLAINTIFF'S SECOND AMENDED COMPLAINT – CASE NO. C05-02213 SBA

1    if his Second Amended Complaint failed to rectify the deficiencies identified in the Order, it would

2    constitutes grounds to support a finding that further leave to amend would be futile.  Plaintiff has

3    failed to rectify the identified deficiencies.  Accordingly, Plaintiff's Second Cause of Action for Fraud

4    is DISMISSED WITH PREJUDICE pursuant to FRCP 12(b)(6) and 9(b) because he cannot state facts

5    sufficient to sustain this cause of action and he cannot plead this cause of action with particularity.

6

7        **IT IS SO ORDERED.**

8

9    DATED:  _4-13-06_                    _____

10                                The Honorable Saundra Brown Armstrong

11                                United States District Court Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 3 -                                    SF438848

[PROPOSED] ORDER GRANTING DEFENDANTS MAERSK, INC. AND MAERSK LINE, LIMITED'S MOTION TO
DISMISS THE SECOND CAUSE OF ACTION FOR FRAUD FROM PLAINTIFF'S SECOND AMENDED
COMPLAINT – CASE NO. C05-02213 SBA

EXHIBIT 13

Court
Home

Case
Search

Orders/Judgments

Billing
History

XML    TXT    Logout    Help

### General Docket
### United States Court of Appeals for the Ninth Circuit

| | |
|---|---|
| **Court of Appeals Docket #: 07-15073** | **Docketed:** 01/16/2007 |

**Nature of Suit:** 3120 Marine Contract Actions
Shoaga v. A.P. Moller-Maersk, et al
**Appeal From:** US District Court for Northern California, Oakland

**Case Type Information:**
1) civil
2) private
3) null

**Originating Court Information:**
**District:** 0971-4 : CV-05-02213-SBA
**Trial Judge:** Saundra B. Armstrong, U.S. District Judge
**Date Filed:** 06/01/2005

| **Date Order/Judgment:** 12/12/2006 | **Date NOA Filed:** 01/10/2007 |
|---|---|

**Prior Cases:**
None

**Current Cases:**
None

| | |
|---|---|
| RAIMI SHOAGA<br>       Plaintiff - Appellant | Raimi Shoaga<br>Direct: 510/597-9855<br>[COR LD NTC Pro Se]<br>Apt. #E<br>1080 - 67th Street<br>Oakland, CA 94608-0000 |
| v. | |
| A.P. MOLLER-MAERSK GROUP, aka A.P.<br>Moller-Maersk s/a aka Danish A.P. Moller-<br>Maersk Grruppen aka Firmet A.P. Moller)<br>       Defendant - Appellee | No Appearance<br>No address<br>City Name, 00000-0000<br>Country |
| MAERSK INC.<br>       Defendant - Appellee | John Cox, Esq., Attorney<br>Direct: 415/398-6000<br>Fax: 415/981-0136<br>[COR LD NTC Retained]<br>KEESAL, YOUNG & LOGAN<br>Suite 1500<br>Four Embarcadero Center |

San Francisco, CA 94111-0000

John D. Giffin, Esq., Attorney
Direct: 415/989-0616
[COR LD NTC Retained]
KEESAL, YOUNG & LOGAN
Suite 1500
Four Embarcadero Center
San Francisco, CA 94111-0000

MAERSK LINES LTD                John D. Cox, Esq., Attorney
        Defendant - Appellee    Direct: 415/398-6000
                                [COR LD NTC Retained]
                                (see above)

                                John D. Giffin, Esq., Attorney
                                Direct: 415/989-0616
                                [COR LD NTC Retained]
                                (see above)

---

RAIMI SHOAGA,

        Plaintiff - Appellant

v.

A.P. MOLLER-MAERSK GROUP, aka A.P. Moller-Maersk s/a aka Danish A.P. Moller-Maersk
Grruppen aka Firmet A.P. Moller); MAERSK INC.; MAERSK LINES LTD,

        Defendants - Appellees

---

| 01/16/2007 | 1 | DOCKETED CAUSE AND ENTERED APPEARANCE OF APLT IN PRO PER AND COUNSEL FOR APLES. CADS SENT (Y/N): n. setting schedule as follows: Fee payment is due 1/30/07 ; appellant's opening brief is due 2/26/07; appellees' brief is due 3/28/07,, ; appellants' reply brief is due 4/11/07; [07-15073] |
| 01/16/2007 | 2 | Received certificate of record. RT filed in DC none [07-15073] |
| 01/16/2007 | 3 | Filed Raimi Shoaga Civil Appeals Docketing Statement served on 1/10/07 (to CONFATT) [07-15073] [07-15073] |
| 01/19/2007 | 5 | Copy DC motion received re: application to proceed ifp (Casefile) [07-15073] |
| 01/26/2007 | 6 | Received copy of District Court order filed on 1/23/07 re: ... application to proceed ifp is denied without prejudice. (Saundra Brown Armstrong) (Casefile) [07-15073] |
| 02/05/2007 | 8 | Filed order (Deputy Clerk/PRO SE: jlc) A review of the district court docket reflects that appellant has not paid the docketing and filing fees for this appeal. Within 21 days from the date of entry of this order, appellant shall: (1) file a motion with this court to proceed in forma pauperis (2) pay $455.00 to the district court as the docketing and filing fees for this appeal and provide proof of payment |

|  |  | to this court or (3) otherwise show cause why the appeal should not be dismissed for failure to prosecute. If appellant fails to comply with this order, the appeal will be dismissed automatically by the Clerk under Ninth Circuit Rule 42-1. [07-15073] |
| 02/06/2007 | 10 | Received notification from District Court re payment of docket fee. (Date: 2/2/07) (Casefile) [07-15073] |
| 02/20/2007 | 11 | 14 day oral extension by phone of time to file Appellant's opening brief. [07-15073] appellant's opening brief due March 12, 2007; appellee's answering brief due April 11, 2007; and the optional reply brief is due 14 days after service of the answering brief. |
| 03/09/2007 | 12 | Filed original & 15 copies Appellant Raimi Shoaga opening brief (Informal: n) 11 pages [5 appendix in support of br]; served on 3/8/07 [07-15073] |
| 04/11/2007 | 13 | Filed original & 15 copies Aples A.P. Moller-Maersk, Maersk Inc., Maersk Lines Ltd's 17 pages brief; 5 Supplemental Excs.; served on 4/11/07 [07-15073] |
| 04/25/2007 | 15 | Filed original & 15 copies Raimi Shoaga reply brief (Informal: n) 7 pages; served on 4/25/07 [07-15073] |
| 06/01/2007 | 19 | Calendar check performed [07-15073] |
| 06/05/2007 | 20 | FILED CERTIFIED RECORD ON APPEAL IN 4 CLERKS RECORD. [07-15073] |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 05/01/2008 17:25:05 | | | |
| **PACER Login:** | ky0005 | **Client Code:** | 5296-300 |
| **Description:** | Docket Report (filtered) | **Search Criteria:** | 07-15073 |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |





hours & address

**Food & Wine      About Us      Calendar      Book A Table      Directions      Large Parties**

# DIGRECTIONS

**Address**

**Rose Pistola**
532 Columbus Avenue,
San Francisco, CA 94133

Main: (415) 399-0499

**Valet parking**
$6 for lunch
$11 for dinner

**Map Resources**

YAHOO! Maps ▶

Map Quest ▶
Google Local ▶



## Bay Area Directions

### From the North Bay via the Golden Gate Bridge

After you pass through the toll booth, continue on for a bit as the road veers around to the left.
Exit onto Lombard Street heading east.
Take Lombard Street several blocks to Van Ness Avenue.
Turn right onto Van Ness Avenue and travel six blocks to Broadway.
Turn left onto Broadway and pass through the Broadway tunnel.
Just as you exit the tunnel, turn left onto Powell Street.
Go one block to Vallejo Street and turn right onto Vallejo.
Go one block to Stockton Street and turn left onto Stockton.
Go one block further and make a soft left onto Columbus.
Rose Pistola will be on the right side, in the middle of the block, with blue & beige striped awnings.
top of page
....................................................................................................

### From the Peninsula & South Bay

**From 101 North**
Follow 101 North into the city, continuing on towards the Bay Bridge and the last San Francisco exit.
Exit at 4th Street and continue straight through the intersection, putting you on Bryant Street.
Go one block to 3rd Street and turn left onto 3rd.
Follow 3rd Street for five blocks to Market Street and continue straight across Market.
After you cross Market, 3rd Street becomes Kearny Street.
Stay on Kearny for a while, through the financial district (approximately 10 blocks).
Make a soft left onto Columbus Avenue.
Go three blocks and Rose Pistola will be on the right side, in the middle of the next block, with blue
and beige striped awnings.

**From 280 North**
Follow 280 North into the city, toward the Port of San Francisco.

Exit at 6th Street, continuing straight directly onto 6th.

Go three blocks to Folsom Street and turn right onto Folsom.

Go three blocks to 3rd Street and turn left onto 3rd.

Follow 3rd Street for five blocks to Market Street and continue straight across Market.

After you cross Market, 3rd Street becomes Kearny Street.

Stay on Kearny for a while, through the financial district (approximately 10 blocks).

Make a soft left onto Columbus Avenue.

Go three blocks and Rose Pistola will be on the right side, in the middle of the next block, with blue and beige striped awnings.

top of page

.......................................................................................................

### From the East Bay, Crossing the Bay Bridge

Follow 80 East into the city, across the Bay Bridge.

Exit at Fremont Street, staying in one of the left two lanes.

Turn left onto Fremont Street.

Go three blocks to Market Street and continue across Market.

After you cross Market, Fremont Street becomes Front Street.

Go three blocks to Sacramento Street and turn left onto Sacramento.

Go four blocks to Kearny Street and turn right onto Kearny.

Go four blocks to Columbus Avenue and make a soft left onto Columbus.

Go three blocks and Rose Pistola will be on the right side, in the middle of the next block, with blue and beige striped awnings.

top of page

©2005 Nice Ventures All Rights Reserved.
website: design

http://www.rosepistolasf.com/directions.shtml                          5/1/2008

### General Docket
### United States Court of Appeals for the Ninth Circuit

| | |
|---|---|
| **Court of Appeals Docket #: 07-15073** | **Docketed:** 01/16/2007 |

**Nature of Suit:** 3120 Marine Contract Actions
Shoaga v. A.P. Moller-Maersk, et al
**Appeal From:** US District Court for Northern California, Oakland

**Case Type Information:**
   **1)** civil
   **2)** private
   **3)** null

**Originating Court Information:**
   **District:** 0971-4 : CV-05-02213-SBA
   **Trial Judge:** Saundra B. Armstrong, U.S. District Judge
   **Date Filed:** 06/01/2005
   **Date Order/Judgment:**            **Date NOA Filed:**
   12/12/2006                     01/10/2007

**Prior Cases:**
   None

**Current Cases:**
   None

| | |
|---|---|
| RAIMI SHOAGA<br>      Plaintiff - Appellant | Raimi Shoaga<br>Direct: 510/597-9855<br>[COR LD NTC Pro Se]<br>Apt. #E<br>1080 - 67th Street<br>Oakland, CA 94608-0000 |
| v. | |
| A.P. MOLLER-MAERSK GROUP, aka A.P.<br>Moller-Maersk s/a aka Danish A.P. Moller-<br>Maersk Grruppen aka Firmet A.P. Moller)<br>      Defendant - Appellee | No Appearance<br>No address<br>City Name, 00000-0000<br>Country |
| MAERSK INC.<br>      Defendant - Appellee | John Cox, Esq., Attorney<br>Direct: 415/398-6000<br>Fax: 415/981-0136<br>[COR LD NTC Retained]<br>KEESAL, YOUNG & LOGAN<br>Suite 1500<br>Four Embarcadero Center |

San Francisco, CA 94111-0000

John D. Giffin, Esq., Attorney
Direct: 415/989-0616
[COR LD NTC Retained]
KEESAL, YOUNG & LOGAN
Suite 1500
Four Embarcadero Center
San Francisco, CA 94111-0000

MAERSK LINES LTD
    Defendant - Appellee

John Cox, Esq., Attorney
Direct: 415/398-6000
[COR LD NTC Retained]
(see above)

John D. Giffin, Esq., Attorney
Direct: 415/989-0616
[COR LD NTC Retained]
(see above)

---

RAIMI SHOAGA,

        Plaintiff - Appellant

v.

A.P. MOLLER-MAERSK GROUP, aka A.P. Moller-Maersk s/a aka Danish A.P. Moller-Maersk
Grruppen aka Firmet A.P. Moller); MAERSK INC.; MAERSK LINES LTD,

        Defendants - Appellees

---

| | | |
|---|---|---|
| 01/16/2007 | 1 | DOCKETED CAUSE AND ENTERED APPEARANCE OF APLT IN PRO PER AND COUNSEL FOR APLES. CADS SENT (Y/N): n. setting schedule as follows: Fee payment is due 1/30/07 ; appellant's opening brief is due 2/26/07; appellees' brief is due 3/28/07,, ; appellants' reply brief is due 4/11/07; [07-15073] |
| 01/16/2007 | 2 | Received certificate of record. RT filed in DC none [07-15073] |
| 01/16/2007 | 3 | Filed Raimi Shoaga Civil Appeals Docketing Statement served on 1/10/07 (to CONFATT) [07-15073] [07-15073] |
| 01/19/2007 | 5 | Copy DC motion received re: application to proceed ifp (Casefile) [07-15073] |
| 01/26/2007 | 6 | Received copy of District Court order filed on 1/23/07 re: ... application to proceed ifp is denied without prejudice. (Saundra Brown Armstrong) (Casefile) [07-15073] |
| 02/05/2007 | 8 | Filed order (Deputy Clerk/PRO SE: jlc) A review of the district court docket reflects that appellant has not paid the docketing and filing fees for this appeal. Within 21 days from the date of entry of this order, appellant shall: (1) file a motion with this court to proceed in forma pauperis (2) pay $455.00 to the district court as the docketing and filing fees for this appeal and provide proof of payment |

|            |    | to this court or (3) otherwise show cause why the appeal should not be dismissed for failure to prosecute. If appellant fails to comply with this order, the appeal will be dismissed automatically by the Clerk under Ninth Circuit Rule 42-1. [07-15073] |
| 02/06/2007 | 10 | Received notification from District Court re payment of docket fee. (Date: 2/2/07) (Casefile) [07-15073] |
| 02/20/2007 | 11 | 14 day oral extension by phone of time to file Appellant's opening brief. [07-15073] appellant's opening brief due March 12, 2007; appellee's answering brief due April 11, 2007; and the optional reply brief is due 14 days after service of the answering brief. |
| 03/09/2007 | 12 | Filed original & 15 copies Appellant Raimi Shoaga opening brief (Informal: n) 11 pages [5 appendix in support of br]; served on 3/8/07 [07-15073] |
| 04/11/2007 | 13 | Filed original & 15 copies Aples A.P. Moller-Maersk, Maersk Inc., Maersk Lines Ltd's 17 pages brief; 5 Supplemental Excs.; served on 4/11/07 [07-15073] |
| 04/25/2007 | 15 | Filed original & 15 copies Raimi Shoaga reply brief (Informal: n) 7 pages; served on 4/25/07 [07-15073] |
| 06/01/2007 | 19 | Calendar check performed [07-15073] |
| 06/05/2007 | 20 | FILED CERTIFIED RECORD ON APPEAL IN 4 CLERKS RECORD. [07-15073] |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 05/01/2008 17:34:28 | | | |
| PACER Login: | ky0005 | Client Code: | 5926-299 |
| Description: | Docket Report (filtered) | Search Criteria: | 07-15073 |
| Billable Pages: | 1 | Cost: | 0.08 |