1  RAIMI SHOAGA
   P.O. Box 7274
2  Oakland, California 94601
3  (510) 395-3926

4  In Pro Se

5

6

7

8            **IN THE UNITED STATES DISTRICT COURT FOR THE**

9               **NORTHERN DISTRICT OF CALIFORNIA**

10

11

12  RAIMI SHOAGA,
              Plaintiff              Case No: C08-00786 PJH

13

14            v.                     **PLAINTIFF'S OPPOSITION TO**
                                     **MOTION TO DISMISS DUPLI-**
15  A.P. MOLLER-MAERSK GROUP,        **CATIVE COMPLAINT FOR LACK OF**
    aka A.P. MOLLER-MAERSK A/S, aka  **JURISDICTION AND FAILURE TO**
16  DANISH A.P. MOLLER-MAERSK        **STATE A CLAIM UPON WHICH**
    GRUPPEN aka FIRMAET A.P.         **RELIEF CAN BE GRANTED**
17  MOLLER MAERSK; MAERSK LINES,
18  INC., MAERSK LINES LTD.; MAERSK  Date: June 9, 2008
    NIGERIA, LTD., aka MAERSK, aka   Time: 9:00 a.m
19  MAERSK SEALAND; A.P. MOLLER      Courtroom: 3
20  NIGERIA, LTD.; BLOSADA; NIGER-
    IAN PORT AUTHORITY; NIGERIAN
21  CUSTOMS AUTHORITY; ATTOR-
22  NEY GENERAL OF THE FEDERAL
    REPUBLIC OF NIGERIA,
23            Defendants
                              /
24

25      The Appellant in this case, Raimi Shoaga, moves this Court of Appeal for an order

26  denying the Appellees Motion to Dismiss Duplicative Complaint for Lack of Jurisdiction

27  and Failure to State a Claim Upon Which Relief Can Be Granted on the grounds that

28                                      1.

1    changing circumstances and events, to include the adequate and proper service of all

2    named defendants and the disposal by sale of the Appellant's property that is subject of

3    appeal, have been cause for the Appellant to file a lawsuit in the United States

4

5    District Court for the Northern District Court that involves substantially the same parties-

6    defendant and the same property, U.S. District Court Case No. C08-00786.

7    The two cases concern the same parties and property, but the plaintiff argues that since

8    the filing of action number C05-02213 SBA, the defendants A.P. Moller-Maersk Group,

9

10   Maersk, Inc, Maersk Lines Limited, et al., have sold the plaintiff's property without

11   proper and adequate notice to the plaintiff, the plaintiff having found out about the

12   defendants' disposal of his property only by  : word of his Uncle, Ayodele Akinwande,

13   who presently resides in the Republic of Nigeria. The plaintiff argues that since the event

14

15   of the sale of plaintiff's property by the defendants, with the joint participation of each of

16   the defendants, case number C08-00786 PJH involves substantially different transactions

17   from case number C05-02213 SBA.

18

19   Further, because of the differences in events and transactions in the two cases, the

20   most material factual and legal issues involved in case number C05-02213 SBA have yet

21   to be decided in case number C08-00786 PJH. As a consequence of present disposition of

22   the plaintiff's property made by the defendants, the plaintiff, Raimi Shoaga, will move

23

24   concurrently with the filing of this opposition paper, to dismiss the action C05-02213

25   SBA that is presently appealed to the United States Court of Appeal for the Ninth Circuit

26   under docket Number 07-15073.

27

28   Although the same defendants and property are the subject of the lawsuit that

2.

1  underlies this appeal, U.S. District Court Case No. C05-02213, and, also the more recent

2  case that has been filed in the U.S. District Court as Case No. C08-00786, there have

3  been newly discovered transactions and events, which has caused the filing of Case No.

4

5  C08-00786.                              . The Appellant has, in fact filed a Motion to

6  Dismiss the Appellant's United States Court of Appeal for the Ninth Circuit docketed

7  Case No. 07-15073, Case No. C05-02213 SBA in the U.S. District Court, which must

8  make the defendants' arguments that this District Court lacks jurisdiction in the present
9

10  case, the defendants' argument that the plaintiff has failed to state a cause of action

11  upon which relief can be granted, and the defendants' argument that all of the plaintiff's

12  claims in this present case are precluded by law, presently moot. (*Exhibit* $\left. A \right)$

13

14

15      As of this filing there cannot exists any "duplicative" complaint.

16      Further, the Appellant in this case, Raimi Shoaga, moves this Court             for an

17  order denying the           Motion to Dismiss Duplicative Complaint for Lack of
18
     Jurisdiction and Failure to State a Claim Upon Which Relief Can Be Granted on the
19

20  grounds that the plaintiff's claims are not time barred by time or other reason as argued

21  by the defendants Maersk         , Inc. and Maersk Lines Limited.

22
                                    **LEGAL ARGUMENT**
23

24      An appeal may be dismissed on the appellant's motion on terms fixed by the court.

25  **Federal Rule of Appellate Procedure 42(b)**.

26      Although the same defendants and property are the subject of the lawsuit that

27
     underlies this appeal, U.S. District Court Case No. C05-02213, and, also the more recent
28                                         3.

1  case that has been filed in the U.S. District Court as Case No. C08-00786, there have

2  been newly discovered transactions and events, which caused the filing of Case No. C08-

3  00786.

4

5  The Appellant has, in fact filed a Motion to Dismiss the Appellant's United States

6  Court of Appeal for the Ninth Circuit docketed Case No. 07-15073, Case No. C05-02213

7  SBA in the U.S. District Court, which must make the defendants' arguments that this

8  District Court lacks jurisdiction in the present case, the defendants' argument that the

9

10  plaintiff has failed to state a cause of action upon which relief can be granted, and the

11  defendants' argument that all of the plaintiff's claims in this present case are precluded by

12  law, presently moot.

13  As of this filing there cannot exists any "duplicative" complaint.

14

15  **Plaintiff's Breach of Contract Claim Is Not Time Barred**

16  An action upon any contract, obligation, or liability founded upon an instrument in

17  writing is subject to a four year statute of limitations in California. **California Code of**

18  **Civil Procedure 337(1).**

19

20  The plaintiff and the defendants entered into the original contract for shipment of the

21  plaintiff's personal property to Nigeria in the state of California. California contract law

22  must be applied in this case. The plaintiff's claim of breach of contract cannot be time

23  barred as argued by the defendants Maersk, Inc. and Maersk Lines Limited.

24

25  **Plaintiff's Misrepresentation (Fraud) Claims Are Not Time Barred**

26  An action for relief on the grounds of fraud is subject to a three year statute of

27  limitations in California. The cause of action in such a case is deemed not to have accrued

28  4.

1 Corrupt Practices Act or for interference with commerce, because federal statutes do not

2 expressly provide for private enforcement, and cites **Lamb v. Phillip Morris**, 915 F.2d

3

4 1024 (1990).

5   The plaintiff's claims are, essentially, claims of unfair business practices.

6   The California Business and Professions Code prohibits against unfair competition, to

7 include unlawful, unfair, and fraudulent business acts which interfere with commerce.

8

9 **California Business and Professions Code 17200, et seq.**. California Business and

10 Professions Code 17200 "borrows" violations from other laws by making them

11 independently actionable as unfair competitive practices. An action under 17200 may be

12

13 predicated upon a violation of a federal law, so long as it is not preempted by the federal

14 law. **Korean Supply Company v. Lockheed Martin,** 29 Cal.4th 1134 (2003). There is

15 no unfair competition law that with language that bars the Foreign Corrupt Practices Act,

16 or interference with commerce, as a predicate for an unfair competition action. **Korean**

17

18 **Supply Company v. Lockheed Martin, supra**.

19 **Plaintiff's Discrimination Claim Is Not Time Barred**

20   An act for injury to an individual caused by the wrongful act or neglect of another is

21 subject to a two year and not a one year statute of limitations in California. **California**

22

23 **Code of Civil Procedure 335.1.**

24                               **CONCLUSION**

25   For each and all of the reasons stated herein and above, the defendants Maersk, Inc.'s

26 and Maersk Lines, Limited's motion to dismiss must be denied.

27 /////

28

6.

1    Dated: June 15, 2008                                     

RAIMI SHOAGA-Plaintiff In Pro Se

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                            7.

# EXHIBIT A

1   RAIMI SHOAGA
    P.O. Box 7274
2   Oakland, California 94601
3   (510) 395-3926

4   In Pro Se

5

6

7

8                    **UNITED STATES COURT OF APPEAL FOR THE**

9                              **NINTH CIRCUIT**

10

11

    RAIMI SHOAGA,
12              Plaintiff                    U.S. Court of Appeal Docket No. 07-15073

13
                  v.                         U. S. District Court, Northern District of
14                                           California Case No. C05-02213 SBA

15  A.P. MOLLER-MAERSK GROUP,
    aka A.P. MOLLER-MAERSK A/S, aka          **NOTICE OF APPELLANT RAIMI**
16  DANISH A.P. MOLLER-MAERSK                **SHOAGA'S MOTION AND MOTION**
    GRUPPEN aka FIRMAET A.P.                  **TO DISMISS APPEAL**
17  MOLLER MAERSK; MAERSK LINES,             Fed. Rule of App. Pro. 27(a)(b), Fed. Rule
18  INC., MAERSK LINES LTD.; MAERSK          of App. Pro 42(b)
    NIGERIA, LTD., aka MAERSK, aka
19  MAERSK SEALAND; A.P. MOLLER
20  NIGERIA, LTD.; BLOSADA; NIGER-
    IAN PORT AUTHORITY; NIGERIAN
21  CUSTOMS AUTHORITY; ATTOR-
22  NEY GENERAL OF THE FEDERAL
    REPUBLIC OF NIGERIA,
23              Defendants
                                    /
24

25                          **NOTICE OF MOTION**

26      As pursuant to the Federal Rules of Appellate Procedure 27(a)(b) and 42 (b), The

27      Appellant in this action, Raimi Shoaga, will move the United States Court of Appeal for
28                                           1.

1    the Ninth Circuit, the Court in which this present appeal is pending, for an Order granting

2    the Appellant's request for a dismissal of the present appeal in its entirety.

3
     Said motion is made on the ground that there has been a substantial change in the
4
5    circumstances of the present case, and the  issues in the appeal that is presently before the

6    Court have changed.

7    This motion for dismissal is based upon this Notice of motion, the Appellant's motion

8
9    itself, Points and Authorities in support of the motion, and the records and papers on file

10   in this matter, to date.

11   Date; June 15, 2008          _____

12                               RAIMI SHOAGA-Appellant In Pro Se

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                    2.

1

**APPELLANT'S MOTION**

2    The Appellant in this case, Raimi Shoaga, moves this Court of Appeal for an order

3
     granting the Appellant a dismissal of this present appeal. The Appellant moves for a
4
5    dismissal of all claims and causes in this appeal on the ground that changing

6    circumstances and events, to include the adequate and proper service of all named

7    defendants and the disposal by sale of the Appellant's property that is subject of this

8    appeal, have been cause for the Appellant to file a lawsuit in the United States District
9
10   Court for the Northern District Court that involves substantially the same parties-

11   defendant and the same property, U.S. District Court Case No. C08-00786.

12   The two cases concern the same parties and property, but the plaintiff argues that since

13
     the filing of action number C05-02213 SBA, Court of Appeals Court Docket No. 07-
14
15   15073, the defendants A.P. Moller-Maersk Group, Maersk, Inc, Maersk Lines Limited, et

16   al., have sold the plaintiff's property without proper and adequate notice to the plaintiff,

17   the plaintiff having found out about the defendants' disposal of his property only by he
18
19   word of his Uncle, Ayodele Akinwande, who presently resides in the Republic of Nigeria.

20   The plaintiff argues that since the event of the sale of plaintiff's property by the

21   defendants, with the joint participation of each of the defendants, case number C08-00786

22   PJH involves substantially different transactions from case number C05-02213 SBA.
23
24   Although the same defendants and property are the subject of the lawsuit that

25   underlies this appeal, U.S. District Court Case No. C05-02213, and, also the more recent

26   case that has been filed in the U.S. District Court as Case No. C08-00786, there have

27   been newly discovered transactions and events, which caused the filing of Case No. C08-
28                                                3.

1   00786. *(Exhibits A-1 through A-26.)*.

2       The defendants, Maersk, Inc. and Maersk Line Limited have filed an Administrative

3   Motion to Consider Whether Cases Should be Related in the District Court, *(Exhibits B-1*

4

5   *through B-6, attached.)*, and in order to resolve all issues presented by said

6   Administrative Motion, the Appellant files this Motion to Dismiss.

7   Date: June 15, 2008                   _____

8                                         RAIMI SHOAGA-Appellant In Pro Se

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                        4.

1

## POINTS AND AUTHORITIES

2

## LEGAL ARGUMENT

3

4

An appeal may be dismissed on the appellant's motion on terms fixed by the court.

5

**Federal Rule of Appellate Procedure 42(b)**.

6

Although the same defendants and property are the subject of the lawsuit that

7

underlies this appeal, U.S. District Court Case No. C05-02213, and, also the more recent

8

9

case that has been filed in the U.S. District Court as Case No. C08-00786, there have

10

been newly discovered transactions and events, which caused the filing of Case No. C08-

11

00786. *(Exhibits B-1 through B-25.)*.

12

The defendants, Maersk, Inc. and Maersk Line Limited have filed an

13

14

Administrative Motion to Consider Whether Cases Should be Related in the District

15

Court, *(Exhibits A-1 through A-8, attached.)*, and in order to resolve all issues presented

16

by said Administrative Motion, the Appellant files this Motion to Dismiss.

17

## CONCLUSION

18

19

For each and all of the reasons stated herein and above, this Court of Appeal must

20

grant the Appellant Appellant's order for dismissal as requested.

21

Dated: June 15, 2008

22

RAIMI S+HOAGA-Appellant In Pro Se

23

24

25

26

27

28

5.

1  JOHN D. GIFFIN, CASB NO. 89608
2  JOHN COX, CASB NO. 197687
   KEESAL, YOUNG & LOGAN
   A Professional Corporation, Suite 1500
3  Four Embarcadero Center
   San Francisco, California 94111
4  Telephone:   (415) 398-6000
   Facsimile:   (415) 981-0136
5  john.giffin@kyl.com
   john.cox@kyl.com
6
   Attorneys for Defendants
7  MAERSK, INC. and MAERSK LINE LIMITED

8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11
   RAIMI SHOAGA,                    )  Case No. C05-02213 SBA
12                                  )
                        Plaintiff,  )  **ADMINISTRATIVE MOTION TO**
13                                  )  **CONSIDER WHETHER CASES**
              vs.                   )  **SHOULD BE RELATED**
14                                  )
   A.P. MOLLER – MAERSK GROUP (aka  )  **[Proposed Related Case – C08-00786]**
15 A.P. Moller – Maersk s/a aka Danish A.P. )
   MOLLER-MAERSK GRUPPEN aka        )
16 FIRMET A.P. MOLLER), MAERSK, INC., )
   MAERSK LINES, LTD.,              )
17                                  )
                        Defendants. )
18 _____)

19        Pursuant to Local Rules 3-12 and 7-11, Defendants MAERSK, INC. and MAERSK

20 LINE LIMITED ("Defendants") respectfully submit this Administrative Motion to

21 Consider Whether Cases Should be Related ("Motion"). Defendants submit that Plaintiff

22 *in propria persona* RAIMI SHOAGA's newly filed Complaint in case number C08-00786

23 should be related to case number C05-02213-SBA.

24        Defendants submit that *Shoaga v. A.P. Moller-Maersk Group, et. al*, Case No. C08-

25 00786, is related to the above-captioned matter. In C05-02213-SBA, Mr. Shoaga

26 appealed the Judge Armstrong's December 11, 2006 Order dismissing Plaintiff's

27 Complaint in its entirety. That appeal is currently pending before the United States

28 Court of Appeal for the Ninth Circuit under docket number 07-15073.

- 1 -

1    The above-captioned case is related to Case No. C08-00786 in that (1) it was filed

2  by the same Plaintiff; (2) the named Defendants include each Defendant named in the

3  instant matter; and (3) it involves the same underlying facts and claims as the instant

4  matter. Specifically, both cases involve Plaintiff's claims arising out of the shipment of a

5  single cargo container from Oakland, California to Lagos, Nigeria between July 29 and

6  August 24, 2004. The factual and legal issues involved in C08-00786 have already been

7  determined by the District Court in the above-captioned case.

8    Any party who files an action in multiple divisions or dismisses an action and

9  subsequently refiles it for the purpose of obtaining an assignment in contravention of

10  Civil Local Rule 3-3(b) shall subject to appropriate sanctions. Civ. L. R. 3-3(c) and 3-3(f).

11  Because Mr. Shoaga has essentially re-filed this action while his original lawsuit is

12  pending appeal he was required to file a Notice of Related Case. His failure to do so

13  subjects him to appropriate sanctions.

14    Therefore, Defendants request that the Court grant its Administrative Motion to

15  Consider Whether Cases Should be Related.

16

17

18  DATED: May 14, 2008

John D. Giffin
19                                                      John Cox
                                                        KEESAL, YOUNG & LOGAN
20                                                      Attorneys for Defendants
                                                        MAERSK LINE LIMITED
21                                                      and MAERSK, INC.

22

23

24

25

26

27

28

- 2 -                                    KYL_SF462450
ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED – CASE NO.
C05-02213 SBA

1

## PROOF OF SERVICE

2

### *Shoaga v. Maersk, Inc. et al.*
### USDC Case No. C05-02213 SBA

3

4       I am employed in the County of San Francisco, State of California. I am over the
age of 18 and not a party to the within action; my business address is Keesal, Young &

5    Logan, Suite 1500, Four Embarcadero Center, San Francisco, California, 94111.

6       On the date indicated below, I served the foregoing documents described as:

7

### [PROPOSED] ORDER GRANTING DEFENDANTS MAERSK, INC. AND
### MAERSK LINE, LIMITED'S ADMINISTRATIVE MOTION TO CONSIDER
8   ### CASES RELATED

9

on the parties in this action by placing a true copy thereof enclosed in a sealed envelope
10   addressed as follows:

11
**Raimi Shoaga**
12   **P.O. Box 7274**
**Oakland, CA 94601**
13

14       ☒       **BY MAIL:** I deposited such envelope(s) in the mail at San Francisco,
California. I am readily familiar with the firm's practice of collection and processing
15   correspondence for mailing. It is deposited with the U.S. Postal Service on that same
day in the ordinary course of business. I am aware that on motion of party served,
16   service is presumed invalid if postal cancellation date or postage meter date is more than
one day after deposit for mailing in this declaration.
17

18       Pursuant to the Local Rules of the United States District Court, I certify that all
originals and service copies (including exhibits) of the papers referred to herein were
19   produced and reproduced on paper purchased as recycled, as defined by Section 42202 of
the Public Resources Code. I declare that I am employed in the office of a member of the
20   bar of this court at whose direction the service was made.

21       Executed on May 15, 2008 at San Francisco, California.

22

23

24                                   K'Ann M. Klein

25

26

27

28

[PROPOSED] ORDER GRANTING DEFENDANTS MAERSK, INC. AND MAERSK LINE, LIMITED'S
ADMINISTRATIVE MOTION TO CONSIDER CASES RELATED – CASE NO. C05-02213 SBA



1   RAIMI SHOAGA
    P.O. Box 7274
2   Oakland, California 94601
    (510) 395-2926
3

4   In Pro Se

5                                                    *Original*
                                                     *E-Filing*
6                                                    *FILED*
7                                                    FEB - 4 2008
                                                     RICHARD W. WIEKING
                                                     CLERK, U.S. DISTRICT COURT
                                                     NORTHERN DISTRICT OF CALIFORNIA
                                                     OAKLAND
                                                     *Fee Paid*
                                                     *$5.*

8            IN THE UNITED STATES DISTRICT COURT FOR THE

9               NORTHERN DISTRICT OF CALIFORNIA

10

11
    RAIMI SHOAGA,
12                Plaintiff          Case No: **C08-00786**
13
                                     **COMPLAINT FOR DAMAGES**
14        v.                         Breach of Contract, Intentional Misrep-
                                     resentation (Fraud), Negligent Misrep-
15   A.P. MOLLER-MAERSK GROUP,       resentation, Conversion, Interference
     aka A.P. MOLLER-MAERSK, aka     With Commerce, Violation of the
16   DANISH A.P. MOLLER-MAERSK       Foreign Corrupt Practices Act,
     GRUPPEN aka FIRMAET A.P.        Discrimination the Basis of National
17   MOLLER MAERSK; MAERSK           Origin
     INC., MAERSK LINES LTD.; MAERSK
18   NIGERIA, LTD., aka MAERSK, aka
     MAERSK SEALAND; A.P. MOLLER
19   NIGERIA, LTD.; BLOSADA; NIGER-
     IAN PORT AUTHORITY; NIGERIAN
20   CUSTOMS AUTHORITY; ATTOR-
     NEY GENERAL OF THE FEDERAL
21   REPUBLIC OF NIGERIA
22                Defendants
23   _____/
24
25      The plaintiff herein, Raimi Shoaga, complains and alleges as follows:
26
                         **FIRST CAUSE OF ACTION**
27                          **(Breach of Contract)**
28
                                1.

GO 44 SEC. N
NOTICE OF ASSIGNMENT
TO MAGISTRATE JUDGE SENT

**(Interference With Commerce)**
**(Violation of the Foreign Corrupt Practices Act)**
**(Discrimination on the Basis of Nationality)**

**I**

This case is one over which the United States District Court for the Northern District of California shall have original jurisdiction in that it is based upon the violation of Maritime and Admiralty laws of the United States, to include 18 U.S.C. 1951(a), the violation of the Foreign Corrupt Practices Act of 1977, 15 U.S.C. 78dd-1 et seq., and the violation of Civil Rights statute 42 U.S.C. 1981(a). Jurisdiction is conferred upon this court by 28 U.S.C. 1331, 28 U.S.C. 1332(2), and 28 U.S.C. 1333(1).

**II**

Venue is conferred on this court by 28 U.S.C. 1391(a) in that this judicial district is the district in which the plaintiff's claims arose, and, in which the defendants A.P. Moller-Maersk Group, aka A.P. Moller-Maersk s/a, aka Danish A.P. Moller-Maersk Gruppen aka Firmaet A.P. Moller Maersk and Maersk lines, Inc. and Maersk Lines, Ltd. are doing business. All contracts referred to herein were entered into in this judicial district.

**III**

The plaintiff demands a jury trial.

**IV**

The plaintiff is an individual of Nigerian national origin, who, at all times herein mentioned, resided in the city of Oakland, County of Alameda, state of California. The plaintiff is not a shipping company, public carrier, or shipping services agent.

2.



**V**

The defendant A.P. Moller-Maersk Group, aka A.P. Moller-Maersk s/a, aka Danish A.P. Moller-Maersk Gruppen aka Firmaet A.P. Moller Maersk, referred to hereafter as "A.P. Moller", is a Corporation registered in the country of Denmark, and, as part of its business operations sells oceangoing cargo and freight shipping services.

**VI**

The defendants Maersk lines, Inc., and Maersk Lines, Ltd., referred to hereafter as "Maersk Lines", are subsidiaries of the defendants A.P. Moller of Denmark, is an oceangoing cargo and freight shipping company, and does business at offices located within the city of Oakland, California.

**VII**

The defendant Maersk Nigeria, Ltd.., aka Maersk, aka Maersk Sealand, referred to hereafter as "Maersk Nigeria", is a subsidiary of the defendants A.P. Moller of Denmark, is an oceangoing cargo and freight shipping company, and, is doing business and having offices at Apapa, Port of Lagos, Federal Republic of Nigeria.

**VIII**

The defendant A.P. Moller Nigeria, Ltd., referred to hereafter as "A.P. Moller Nigeria", is the Nigerian managing subsidiary of the A.P. Moller of Denmark, and, as part of its business operations, sells oceangoing cargo and freight shipping services, doing business and having offices in Lagos, Federal Republic of Nigeria.

**IX**

The defendant Blosada is an individual, billing agent, and employee of Maersk

3.



1   Nigeria, and does business at offices located within Apapa, Port of Lagos, Federal

2   Republic of Nigeria.

3

4                                              X

5       The defendant Nigerian Port Authority, referred to hereafter as "Port Authority", is an

6   agency and administrative department of the Federal Republic of Nigeria, doing business

7   and having offices in Apapa, Port of Lagos, Federal Republic of Nigeria.

8

9                                              XI

10      The defendant Nigerian Customs Authority, referred to hereafter as "Customs", is an

11  agency and administrative  department of the Federal Republic of Nigeria, doing business

12  and having offices in Apapa, Port of Lagos, Federal Republic of Nigeria.

13

14                                            XII

15      The defendant Attorney General of the Nigerian Federal Republic, referred to hereafter

16  as "Attorney General", is a government official and chief legal officer of the Federal

17  Republic of Nigeria, and, is responsible for the legality of business operations of the

18  defendants Port Authority and Customs.

19

20                                            XIII

21      On about July 29, 2004, the plaintiff entered into a pre-paid shipping agreement with

22  the defendants, A.P. Moller by and through its subsidiary Maersk Lines, wherein it was

23
    agreed that in exchange for the plaintiff paying to the defendant Maersk Lines the total
24
25  sum of Five Thousand, One Hundred Dollars, American, ($5,100.00), the defendants

26  Maersk Lines would provide the plaintiff cargo shipping and demurrage services to

27
    Apapa, Lagos, in the country of Nigeria.
28                                              4.

**XIV**

On about July 29, 2004, the plaintiff entered into a pre-paid shipping agreement with the defendants, A.P. Moller by and through its subsidiary Maersk Lines, wherein it was agreed that the defendants A.P. Moller, by and through its subsidiary Maersk Lines, would provide the plaintiff the use of Maersk Lines cargo shipping container MSKU8123727; S Number 50666 for the shipping, to Lagos, Nigeria, of the plaintiff's personal property.

**XV**

That according to the agreement and contract between the plaintiff and the defendants A.P. Moller and Maersk Lines, the defendant Maersk Lines represented to the plaintiff that cargo shipping container MSKU8123727; S Number 50666, which was to contain the plaintiff's personal property, would be shipped to Apapa, Lagos, Nigeria, in time to arrive in Nigeria by August of the year 2004.

**XVI**

That according to the agreement and contract between the plaintiff and the defendants A.P. Moller and Maersk Lines, the defendant Maersk Lines represented to the plaintiff that cargo shipping container MSKU8123727; S Number 50666, following arrival at Apapa, Lagos Nigeria, would be inspected by the defendants Port Authority and Customs, and, then, the contents of the shipping container would be released to recipients of the plaintiff.

**XVII**

That the plaintiff is informed and believes that the cargo shipping container

5.

1    MSKU8123727; S Number 50666 did arrive in Apapa, Port of Lagos, Nigeria, in August

2    of 2004.

3                                      **XVIII**

4

5        That in January 2005, the defendants, A.P. Moller Nigeria, Maersk Nigeria, Blosada,

6    Port Authority, and Customs were in possession of cargo shipping container

7    MSKU8123727; S Number 50666, which had arrived in Apapa, Port of Lagos Nigeria.

8                                       **XIX**

9

10       That in January of 2005, the plaintiff visited Nigeria to inquire about the status of

11   cargo shipping container MSKU8123727; S Number 50666, which, the plaintiff is

12   informed and believes, arrived at Apapa, Port of Lagos, Nigeria in August of 2004, but, as

13
     of January of 2005, remained in the possession of the defendants, A.P. Moller Nigeria,
14

15   Maersk Nigeria, Blosada, Port Authority, and Customs.

16                                       **XX**

17       That in January of 2005, upon the plaintiff's inquiry about the status of cargo shipping

18
     container MSKU8123727; S Number 50666, the defendants A.P. Moller Nigeria, Maersk
19

20   Nigeria, Blosada, Port Authority, and Customs informed the plaintiff that plaintiff had an

21   outstanding balance of over Ten Thousand Dollars, American, ($10,000.00), for shipping

22   services and demurrage charges, and that the contents of cargo shipping container

23
     MSKU8123727; S Number 50666 would not be released to the plaintiff until all charges
24

25   were paid.

26                                       **XXI**

27
         That in January of 2005, upon the plaintiff's inquiry about the status of cargo shipping
28                                        6.

1    container MSKU8123727; S Number 50666, the defendants A.P. Moller, Maersk Lines,

2    A.P. Moller Nigeria, Maersk Nigeria, Blosada, Port Authority, and Customs informed the

3

4    plaintiff that the defendants A.P. Moller and Maersk Lines were demanding that the

5    plaintiff return cargo shipping container MSKU8123727; S Number 50666 to the

6    defendant Maersk Lines.

7                            **XXII**

8

9      That from January of 2005 to April of 2005, the plaintiff, plaintiff's brother, and

10   associates sought an explanation from the defendants, and each of the defendants, of the

11   additional $10,000.00 charges, but were unable to receive an explanation of the increased

12   costs.

13

14                           **XXIII**

15   That as of this filing the defendants, and each of the defendants, continue to demand

16   that the plaintiff tender to the defendants A.P. Moller Nigeria, Maersk Nigeria, Blosada,

17   Port Authority, and Customs $90,000.00 before the contents of cargo shipping container

18

19   MSKU8123727; S Number 50666 would be released to the plaintiff.

20                           **XXIV**

21      The defendants, and each of the defendants, have breached the contract for shipping

22   services, as entered into by the plaintiff and the defendants, and have caused the plaintiff

23

24   damages.

25                           **XXV**

26      The defendants, and each of the defendants, have, by their breach of contract, acted to

27   impede the flow of commerce as prohibited by 18 U.S.C. 1951(a), have acted to finance

28                              7.

1   the wrongful influence of foreign officials as prohibited by 15 U.S.C. 78dd-1 et seq., and,

2   have acted to violate the plaintiff's civil rights because of plaintiff's national origin as

3   prohibited against by 42 U.S.C. 1981(a), and, have caused the plaintiff damages.

4

5                          **SECOND CAUSE OF ACTION**
                         **[Intentional Misrepresentation (Fraud)]**
6                          **(Interference With Commerce)**
                    **(Violation of the Foreign Corrupt Practices Act)**
7                     **(Discrimination on the Basis of Nationality)**

8
                                        **I**
9

10      The plaintiff incorporates herein by reference each and all paragraphs of the <u>FIRST</u>

11   <u>CAUSE OF ACTION</u>..

12                                      **II**

13
        On about July 29, 2004, the plaintiff entered into a pre-paid shipping agreement with
14

15   the defendants, A.P. Moller by and through its subsidiary Maersk Lines, wherein it was

16   agreed that in exchange for the plaintiff paying to the defendant Maersk Lines the total

17   sum of Five Thousand, One Hundred Dollars, American, ($5,100.00), the defendants

18
     Maersk Lines would provide the plaintiff cargo shipping and demurrage services to
19

20   Apapa, Lagos, in the country of Nigeria.

21                                     **III**

22
        On about July 29, 2004, the plaintiff entered into a pre-paid shipping agreement
23

24   with the defendants, A.P. Moller by and through its subsidiary Maersk Lines, wherein it

25   was agreed that the defendants A.P. Moller, by and through its subsidiary Maersk Lines,

26   would provide the plaintiff the use of Maersk Lines cargo shipping container

27
     MSKU8123727; S Number 50666 for the shipping, to Lagos, Nigeria, of the plaintiff's
28
                                          8.

Case 3:08-cv-00786-BZ    Document 1    Filed 02/04/2008    Page 9 of 24

1    personal property.

2                                      IV

3        That according to the agreement and contract between the plaintiff and the defendants

4    A.P. Moller and Maersk Lines, the defendant Maersk Lines represented to the plaintiff

5

6    that cargo shipping container MSKU8123727; S Number 50666, which was to contain

7    the plaintiff's personal property, would be shipped to Apapa, Lagos, Nigeria, in time to

8    arrive in Nigeria by August of the year 2004.

9

10                                      V

11       That according to the agreement and contract between the plaintiff and the defendants

12   A.P. Moller and Maersk Lines, the defendant Maersk Lines represented to the plaintiff

13
     that cargo shipping container MSKU8123727; S Number 50666, following arrival at
14

15   Apapa, Lagos Nigeria, would be inspected by the defendants Port Authority and Customs,

16   and, then, the contents of the shipping container would be released to recipients of the

17   plaintiff.

18
                                        VI
19

20       That the plaintiff is informed and believes that the cargo shipping container

21   MSKU8123727; S Number 50666 did arrive in Apapa, Port of Lagos, Nigeria, in August

22   of 2004.

23

24                                      VII

25       That in January 2005, the defendants, A.P. Moller Nigeria, Maersk Nigeria, Blosada,

26   Port Authority, and Customs were in possession of cargo shipping container

27
     MSKU8123727; S Number 50666, which had arrived in Apapa, Port of Lagos Nigeria.
28
                                        9.

**VIII**

That in January of 2005, the plaintiff visited Nigeria to inquire about the status of

cargo shipping container MSKU8123727; S Number 50666, which, the plaintiff is

informed and believes, arrived at Apapa, Port of Lagos, Nigeria in August of 2004, but, as

of January of 2005, remained in the possession of the defendants, A.P. Moller Nigeria,

Maersk Nigeria, Blosada, Port Authority, and Customs.

**IX**

That in January of 2005, upon the plaintiff's inquiry about the status of cargo shipping

container MSKU8123727; S Number 50666, the defendants A.P. Moller Nigeria, Maersk

Nigeria, Blosada, Port Authority, and Customs informed the plaintiff that plaintiff had an

outstanding balance of over Ten Thousand Dollars, American, ($10,000.00), for shipping

services and demurrage charges, and that the contents of cargo shipping container

MSKU8123727; S Number 50666 would not be released to the plaintiff until all charges

were paid.

**X**

That in January of 2005, upon the plaintiff's inquiry about the status of cargo shipping

container MSKU8123727; S Number 50666, the defendants A.P. Moller, Maersk Lines,

A.P. Moller Nigeria, Maersk Nigeria, Blosada, Port Authority, and Customs informed the

plaintiff that the defendants A.P. Moller and Maersk Lines were demanding that the

plaintiff return cargo shipping container MSKU8123727; S Number 50666 to the

defendant Maersk Lines.

**XI**

10.

1    That from January of 2005 to April of 2005, the plaintiff, plaintiff's brother, and

2    associates sought an explanation from the defendants, and each of the defendants, of the

3    additional $10,000.00 charges, but were unable to receive an explanation of the increased

4

5    costs.

6                                       **XII**

7    That as of this filing the defendants, and each of the defendants, continue to demand

8
     that the plaintiff tender to the defendants A.P. Moller Nigeria, Maersk Nigeria, Blosada,
9

10   Port Authority, and Customs $90,000.00 before the contents of cargo shipping container

11   MSKU8123727; S Number 50666 would be released to the plaintiff.

12                                      **XIII**

13
     That at the time that the plaintiff and the defendants A.P. Moller and Maesrk Lines
14

15   entered into the agreement and contract between the plaintiff and the defendants A.P.

16   Moller and Maersk Lines, the defendant Maersk Lines intentionally represented to the

17   plaintiff that cargo shipping container MSKU8123727; S Number 50666, following

18
     arrival at Apapa, Lagos Nigeria, would be inspected by the defendants Port Authority and
19

20   Customs, and, then, the contents of the shipping container would be released to recipients

21   of the plaintiff.

22                                      **XIV**

23
     That at the time that the plaintiff and the defendants A.P. Moller and Maesrk Lines
24

25   entered into the agreement and contract between the plaintiff and the defendants A.P.

26   Moller and Maersk Lines, the defendants A.P. Moller and Maersk Lines knew that

27
     the defendants A.P. Moller Nigeria, Maersk Nigeria, Blosada, Port Authority. and
28
                                         11.

1  Customs would keep and maintain possession of cargo shipping container

2  MSKU8123727; S Number 50666, after it had arrived in Apapa, Port of Lagos Nigeria

3
   until all charges demanded by the defendants, A.P. Moller Nigeria, Maersk Nigeria,
4
5  Blosada, Port Authority, and Customs were paid.

6                                      XV

7      That at the time that the plaintiff and the defendants A.P. Moller and Maesrk Lines
8
9  entered into the agreement and contract between the plaintiff and the defendants A.P.

10 Moller and Maersk Lines, the defendants A.P. Moller and Maersk Lines knew that

11 the defendants A.P. Moller Nigeria, Maersk Nigeria, Blosada, Port Authority, and

12 Customs would keep and maintain possession of cargo shipping container
13
   MSKU8123727; S Number 50666 until the plaintiff paid the defendants A.P. Moller
14
15 Nigeria, Maersk Nigeria, Blosada, Port Authority, and Customs an additional $10,000.00.

16                                     XVI

17     That at the time that the plaintiff and the defendants A.P. Moller and Maesrk Lines
18
19 entered into the agreement and contract between the plaintiff and the defendants A.P.

20 Moller and Maersk Lines, the defendant Maersk Lines intentionally represented to the

21 plaintiff that cargo shipping container MSKU8123727; S Number 50666, following

22
   arrival at Apapa, Lagos Nigeria, would be inspected by the defendants Port Authority and
23
24 Customs, and, then, the contents of the shipping container would be released to recipients

25 of the plaintiff in order to induce the plaintiff's reliance upon Maersk Lines as a

26 dependable oceangoing cargo shipping service.

27                                     XVII
28                                      12.


1    That at the time that the plaintiff and the defendants A.P. Moller and Maesrk Lines

2    entered into the agreement and contract between the plaintiff and the defendants A.P.

3    Moller and Maersk Lines, the defendant Maersk Lines intentionally represented to the

4

5    plaintiff that cargo shipping container MSKU8123727; S Number 50666, following

6    arrival at Apapa, Lagos Nigeria, would be inspected by the defendants Port Authority and

7    Customs, and, then, the contents of the shipping container would be released to recipients

8    of the plaintiff, in order to induce the plaintiff to tender to the defendants A.P. Moller and

9

10   Maersk Lines $5,100.00.

11                                    **XVIII**

12   That at the time that the plaintiff and the defendants A.P. Moller and Maersk Lines

13

14   entered into the agreement and contract between the plaintiff and the defendants A.P.

15   Moller and Maersk Lines, the defendant Maersk Lines intentionally represented to the

16   plaintiff that cargo shipping container MSKU8123727; S Number 50666, following

17   arrival at Apapa, Lagos Nigeria, would be inspected by the defendants Port Authority and

18

19   Customs, and, then, the contents of the shipping container would be released to recipients

20   of the plaintiff, the defendants A.P. Moller and Maesrk Lines caused the plaintiff to rely

21   on the defendants' dependability as an oceangoing cargo shipping service.

22                                    **XIX**

23

24   The defendants, A.P. Moller and Maersk Lines, have committed an intentional

25   misrepresentation as against the plaintiff, and have caused the plaintiff's reliance upon

26   such misrepresentations, and have caused the plaintiff damages.

27                                    **XX**

28                                    13.

1    The defendants, A.P. Moller and Maesrk Lines, have, by their actions, and wrongful

2    failures to act, intentionally made misrepresentations of material facts to the plaintiff, and

3    have committed intentional fraud against the plaintiff, acting to impede the flow of

4

5    commerce as prohibited by 18 U.S.C. 1951(a), acting to finance the wrongful influence of

6    foreign officials as prohibited by 15 U.S.C. 78dd-1 et seq., and, acting to cause the

7    violation of the plaintiff's civil rights because of plaintiff's national origin as prohibited

8    against by 42 U.S.C. 1981(a), causing the plaintiff damages.

9

10                                **THIRD CAUSE OF ACTION**
                                    **(Negligent Misrepresentation)**
11                                  **(Interference With Commerce)**
                                **(Violation of the Foreign Corrupt Practices Act)**
12                               **(Discrimination on the Basis of Nationality)**

13
                                              **I**
14

15    The plaintiff incorporates herein by reference each and all paragraphs of the SECOND

16    CAUSE OF ACTION.

17                                            **II**

18
     That at the time that the plaintiff and the defendants A.P. Moller and Maesrk Lines
19

20    entered into the agreement and contract between the plaintiff and the defendants A.P.

21    Moller and Maersk Lines, the defendant Maersk Lines represented to the plaintiff that

22    cargo shipping container MSKU8123727; S Number 50666, following arrival at Apapa,

23
     Lagos Nigeria, would be inspected by the defendants Port Authority and Customs, and,
24

25    then, the contents of the shipping container would be released to recipients of the

26    plaintiff.

27                                           III
28                                           14.

1   That at the time that the plaintiff and the defendants A.P. Moller and Maesrk Lines

2   entered into the agreement and contract between the plaintiff and the defendants A.P.

3
    Moller and Maersk Lines, the defendants A.P. Moller and Maersk Lines should,
4
5   reasonably have known, and should reasonably have foreseen, that the defendants A.P.

6   Moller Nigeria, Maersk Nigeria, Blosada, Port Authority, and Customs would keep and

7   maintain possession of cargo shipping container MSKU8123727; S Number 50666, after

8
    it had arrived in Apapa, Port of Lagos Nigeria until all charges demanded by the
9
10  defendants, A.P. Moller Nigeria, Maersk Nigeria, Blosada, Port Authority, and Customs

11  were paid.

12                                          IV

13
    That at the time that the plaintiff and the defendants A.P. Moller and Maesrk Lines
14
15  entered into the agreement and contract between the plaintiff and the defendants A.P.

16  Moller and Maersk Lines, the defendants A.P. Moller and Maersk Lines should,

17  reasonably have known, and should reasonably have foreseen, that the defendants A.P.

18
    Moller Nigeria, Maersk Nigeria, Blosada, Port Authority, and Customs would keep and
19
20  maintain possession of cargo shipping container MSKU8123727; S Number 50666 until

21  the plaintiff paid the defendants A.P. Moller Nigeria, Maersk Nigeria, Blosada, Port

22  Authority, and Customs an additional $10,000.00.

23
24                                           V

25  That at the time that the plaintiff and the defendants A.P. Moller and Maersk Lines

26  entered into the agreement and contract between the plaintiff and the defendants A.P.

27
    Moller and Maersk Lines, the defendant Maersk Lines represented to the plaintiff that
28                                          15.

1    cargo shipping container MSKU8123727; S Number 50666, following arrival at Apapa,

2    Lagos Nigeria, would be inspected by the defendants Port Authority and Customs, and,

3
4    then, the contents of the shipping container would be released to recipients of the

5    plaintiff, the defendants, and each of the defendants, had a duty to disclose to plaintiff any

6    matter that might effect the plaintiff's contract with the defendants A.P. Moller and

7    Maersk Lines, but neither of the defendants ever made any such disclosure.

8
                                            **VI**
9
10    That at the time that the plaintiff and the defendants A.P. Moller and Maersk Lines

11    entered into the agreement and contract between the plaintiff and the defendants A.P.

12    Moller and Maersk Lines, the defendant Maersk Lines represented to the plaintiff that

13
14    cargo shipping container MSKU8123727; S Number 50666, following arrival at Apapa,

15    Lagos Nigeria, would be inspected by the defendants Port Authority and Customs, and,

16    then, the contents of the shipping container would be released to recipients of the

17    plaintiff, the defendants A.P. Moller and Maersk Lines caused the plaintiff's reliance

18
19    upon the defendants, and each of the defendants, services as a dependable oceangoing

20    cargo shipping service.

21
                                            **VII**
22
23    That at the time that the plaintiff and the defendants A.P. Moller and Maersk Lines

24    entered into the agreement and contract between the plaintiff and the defendants A.P.

25    Moller and Maersk Lines, the defendant Maersk Lines represented to the plaintiff that

26    cargo shipping container MSKU8123727; S Number 50666, following arrival at Apapa,

27    Lagos Nigeria, would be inspected by the defendants Port Authority and Customs, and,

28                                            16.

1   then, the contents of the shipping container would be released to recipients of the

2   plaintiff, causing the plaintiff to tender to the defendants A.P. Moller and Maersk Lines

3   $5,100.00.

4

5                                        **VIII**

6       That at the time that the plaintiff and the defendants A.P. Moller and Maersk Lines

7   entered into the agreement and contract between the plaintiff and the defendants A.P.

8
    Moller and Maersk Lines, the defendant Maersk Lines intentionally represented to the
9

10  plaintiff that cargo shipping container MSKU8123727; S Number 50666, following

11  arrival at Apapa, Lagos Nigeria, would be inspected by the defendants Port Authority and

12  Customs, and, would, then, the contents of the shipping container would be released to

13
    recipients of the plaintiff, the plaintiff's reliance was justified.
14

15                                        **IX**

16      That as of this filing the defendants, and each of the defendants, continue to demand

17  that the plaintiff tender to the defendants A.P. Moller Nigeria, Maersk Nigeria, Blosada,

18
    Port Authority, and Customs $90,000.00 before the contents of cargo shipping container
19

20  MSKU8123727; S Number 50666 would be released to the plaintiff.

21                                        **X**

22      The defendants, and each of the defendants, have committed a negligent

23
    misrepresentation as against the plaintiff, and have caused the plaintiff damages.
24

25                                        **XI**

26      The defendants, A.P. Moller and Maersk Lines, have, by their actions, and wrongful

27
    failures to act, negligently made misrepresentations of material facts to the plaintiff, and
28                                        17.

1   have committed a negligent misrepresentation against the plaintiff, impeding the flow of

2   commerce as prohibited by 18 U.S.C. 1951(a), acting to finance the wrongful influence of

3   foreign officials as prohibited by 15 U.S.C. 78dd-1 et seq., and, acting to violate the

4

5   plaintiff's civil rights because of plaintiff's national origin as prohibited against by 42

6   U.S.C. 1981(a), causing the plaintiff damages.

7

8                          **FOURTH CAUSE OF ACTION**

9                               **(Conversion)**
10                        **(Interference With Commerce)**
                   **(Violation of the Foreign Corrupt Practices Act)**
11                  **(Discrimination on the Basis of Nationality)**

12                                        I

13      The plaintiff incorporates herein by reference each and all paragraphs of the THIRD
14
15   CAUSE OF ACTION.

16                                        II

17      That as of this filing the defendants, and each of the defendants, continue to demand
18
19   that the plaintiff tender to the defendants A.P. Moller Nigeria, Maersk Nigeria, Blosada,
20   Port Authority, and Customs $90,000.00 before the contents of cargo shipping container
21   MSKU8123727; S Number 50666 would be released to the plaintiff.

22                                       III

23      At all times herein mentioned, the defendants, and each of the defendants, intended to
24
25   act, and maintain an intent to act, to invade the plaintiff's interest in plaintiff's personal
26   property, and to take possession of the plaintiff's personal property for the defendants',
27   and each defendant's, personal gain.
28                                       18.

**IV**

At all times herein mentioned, the defendants, and each of the defendants, intended to act, and maintain an intent to act, to invade the plaintiff's interest in plaintiff's chattel, and to take management and control of the plaintiff's chattel for the defendants', and each defendant's, personal gain.

**V**

At all times herein mentioned, the plaintiff was entitled to the immediate possession of the plaintiff's personal property and chattel, as shipped by the defendants to Apapa, Port of Lagos, Nigeria.

**VI**

At all times herein mentioned, the defendants, and each defendant, did, in fact, invade the plaintiff's interest in the plaintiff's personal property and chattel, and did, in fact, take possession of the plaintiff's personal property and chattel for the defendants' own personal gain.

**VII**

The defendants, and each of the defendants, have, by their actions, and wrongful failures to act, committed a conversion with regard to the personal property of the plaintiff, and have caused the plaintiff damages.

**VIII**

The defendants, and each of the defendants, have, by their acts of wrongful conversion, acted to impede the flow of commerce as prohibited by 18 U.S.C. 1951(a), have acted to finance the wrongful influence of foreign officials as prohibited by 15

19.

1  U.S.C. 78dd-1 et seq., and, have acted to violate the plaintiff's civil rights because of

2  plaintiff's national origin as prohibited against by 42 U.S.C. 1981(a), causing the plaintiff

3  damages.

4

5  **WHEREFORE**, the plaintiff prays,

6      1. For damages for the defendants', and each defendant's, breach of contract;

7      2. For damages for the defendants', and each defendant's, intentional

8
9  misrepresentation;

10      3. For damages for the defendants', and each defendant's, negligent misrepresentation;

11      4. For damages for the defendants', and each defendant's, conversion;

12      5. For damages for the defendants', and each defendant's, violation of 18 U.S.C.

13
14  1951(a);

15      6. For damages for the defendants', and each defendant's, violation of the Foreign

16  Corrupt Practices Act of 1977, 15 U.S.C. 78dd-1 et seq.;

17      7. For damages for the defendants', and each defendant's, violation of 42 U.S.C.

18
19  1981(a);

20      8. For costs of suit; and,

21      9. For such other and further relief as the court may deem meet and just under the

22  premises.

23
24  **And, in the alternative,**

25      1. For damages in an amount of not less than $10,000,000.00

26      2. For costs of suit; and,

27      3. For such other and further relief as the court may deem meet and just under the

28                                                    20.

1    premises.

2    Dated: January 17, 2008

3    RAIMI SHOAGA, Plaintiff In Pro Se

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                    21.

# TARGET SHIPPING

**BILL OF LADING**

| | |
|---|---|
| SHIPPER<br>PRIME SHIAOGA<br>1080 ENTH STREET<br>OAKLAND, CA 94681 | REFERENCE NO.<br>TGT 21368     CARRIER BOOKING NO.<br>2435171<br><br>EXPORT REFERENCES |
| CONSIGNEE - ( NOT NEGOTIABLE UNLESS CONSIGNED TO ORDER )<br>PRIMI SHOAGA<br>C/O JULIET NASSO & BILLY SHOAGA<br>P. O. BOX 1924 - SAPON, ABEOKT T<br>OGUN NIGERIA, WEST AFRICA | FORWARDING AGENT - References 6173<br>SKY 2 C FREIGHT SYSTEMS<br>25012 VIKING STREET<br>HEYWARD, CA 94545<br><br>POINT AND COUNTRY OF ORIGIN<br>CALIFORNIA       UNITED STATES OR AMERICA |
| NOTIFY PARTY<br>SAME AS ABOVE | ALSO NOTIFY - ROUTING INSTRUCTIONS |

| PIER | PLACE OF RECEIPT by PRE-CARRIER | RELEASE AGENT |
|---|---|---|
| VESSEL AND VOYAGE NUMBER<br>CONDOR 0415 | PORT OF LOADING<br>OAKLAND | MAERSK NIGERIA LTD-LAGOS<br>MAERSK HOUSE, 121 LOUIS SOLOMON<br>CLOSE, PO BOX 72554<br>VICTORIA ISLAND, LAGOS NIGERIA<br>TEL: +234 01 2626430 |
| PORT OF DISCHARGE<br>LAGOS | PLACE OF DELIVERY | |

| Mrks & Nos/Container Nos | Container Type | Description | Gross Weight | Measurement |
|---|---|---|---|---|
| MSKU 812372 7<br>S#: 506667 | 1x40HC | CONTAINER SLAC:<br>1 LOT<br>HOUSEHOLD GOODS & PERSONAL<br>EFFECTS<br><br>THESE COMMODITIES, TECHNOLOGY OR SOFTWARE WERE<br>EXPORTED FROM THE UNITED STATES IN ACCORDANCE WITH<br>THE EXPORT ADMINISTRATION REGULATIONS. ULTIMATE<br>DESTINATION NIGERIA. DIVERSION CONTRARY TO UNITED<br>STATES LAW PROHIBITED | 30000.00L<br>13607.91K | |

FREIGHT PREPAID
NO SED REQUIRED-VALUE UNDER $2500
SHIPPER'S LOAD STOW & COUNT

Phone # 1-877-699-9444

NON NEGOTIABLE

1-877-699-9444 X 5168

FREIGHT PREPAID

Place and Date of Issue
Jul 29, 2004

Dated Jul 29, 2004     BILL OF LADING NO.
TGT 21368   VII-5



| Container No. | Size | Type | Charges | Basis | Units | Rate | Amount |
|---|---|---|---|---|---|---|---|
| | 40 | HIGH | THC | | 1 | 56,305 | 56,305 |
| | | | Doc Fees | | 1 | 2,095 | |
| | | | Cleaning Charge | | 40 | 1 | |
| | | | Mowca Charge | | 40 | 1 | |
| | | | Deposit - Outside Lagos | | 40 | 1 | |
| | | | Com Dep | | ls | 0.05 | |
| | | | Demurrage | | 40 | | |
| | | | Demurrage | | 40 | | |
| | | | Crew Release | | BL | | |

| | | | | |
|---|---|---|---|---|
| Total Charges | | | | 698,565 |
| VAT | 5.00% | NAIRA | 393,565 | 19,677 |
| GRAND TOTAL | | NAIRA | | 713,242 |

VAT N°: ARV19002229330

DEPT. APPROVAL



**MAERSK SEALAND**

CHARGE CALCULATION BREAKDOWN

308,745.00
308,745.00

32,220

Case 3:08-cv-00786-BZ    Document 1    Filed 02/04/2008    Page 24 of 24



# NIGERIAN PORTS AUTHORITY
## CONTAINER TERMINAL APAPA/IJORA    № 014333

To: ....As Under..............................    Date: ...13/1/2005...........

From:...Port Manager, CT....    Ref: CT/PM/OP/R.2/ O5.|.....

## CLEARANCE NOTIFICATION

Please raise Debit Note for the following Container(s) not yet listed as Overtime to: ....................

..............RAIMI. SHOAGA. ATTN:. COST. & FREIGHT. AG. LTD.............................
provided the container(s) is/are not under detention.

This is subject to payment of Customs Import Duty, Shipping Company Charges and Other Applicable Port Charges.

| CONTAINER NUMBER(S) | VESSEL | DATE OF ARRIVAL | TOTAL NUMBER OF CONTAINER(S) | REMARKS |
|---|---|---|---|---|
| NSKU 812372-1 | CHRISTIAN MSK B/C/NO. 171 | 24/8/2004 | 1x40' Cont. (One) only. | |

On receipt of this memo, the Principal Manager (Marketing) is directed to ensure that Customs Exchange Control, Shipping Company's Release Slip, Bank Revenue Receipt for Import Duty are in order and other formalities at the port Strictly complied with before issuance of N.P.A. Delivery documents.

However companies without IDR should NOT be treated, please.

PORT MANAGER 13/1/05
for: PORT MANAGER, CT.
DISTRIBUTION:
Traffic Manager, CT.
Prin. Manager (Marketing) CT.
Senior Manager (Traffic) Lilypond, Ijora
P. A. - Port Manager, CT.

Case 3:08-cv-00786-BZ    Document 1-2    Filed 02/04/2008    Page 1 of 86    BZ

ADR ECF

**℀ JS 44** (Rev. 12/07) (cand rev 1-16-08)

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| RAIMI SHOAGA | A.P. MOLLER-MAERSK GROUP, aka A.P. MOLLER-MAERSK A/S, aka DANISH A.P. MOLLER-MAERSK GRUPPEN, et al. |

| (b) County of Residence of First Listed Plaintiff | Country of Residence of First Listed Defendant |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| ALAMEDA | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |

(c) Attorney's (Firm Name, Address, and Telephone Number)

RAIMI SHOAGA
P.O. Box 7274
Oakland, California 94601
(510) 395-2926

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)

(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | ☐ 870 Taxes (U.S. Plaintiff | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | Security Act | or Defendant) | Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 900 Appeal of Fee |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | 26 USC 7609 | Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities – | ☐ 540 Mandamus & Other | **IMMIGRATION** | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | to Justice |
| | ☐ 446 Amer. w/Disabilities – | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – | | ☐ 950 Constitutionality of |
| | Other | | Alien Detainee | | State Statutes |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration Actions | | |

### V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
18 U.S.C. 1951(a); 15 U.S.C. 78dd-1 et seq.; 42 U.S.C. 1981; 28 U.S.C. 1331, 28 U.S.C. 1332(2), and 28 U.S.C. 1333(1)

Brief description of cause:
Breach of Contract, Fraud, Conversion, Interference With Commerce, Foreign Corrupt Practices Act, Discrimination

### VII. REQUESTED IN COMPLAINT:

- ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ 10,000,000.00
- CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

### IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)

☒ SAN FRANCISCO/OAKLAND    ☐ SAN JOSE

DATE 2/4/08    SIGNATURE OF ATTORNEY OF RECORD  Shoaga