1  JOHN D. GIFFIN, CASB No. 89608
   john.giffin@kyl.com
2  JOHN COX, CASB No. 197687
   john.cox@kyl.com
3  KEESAL, YOUNG & LOGAN
   A Professional Corporation
4  Four Embarcadero Center, Suite 1500
   San Francisco, California 94111
5  Telephone:  (415) 398-6000
   Facsimile:  (415) 981-0136
6
7  Attorney For Defendants
   MAERSK, INC. and MAERSK LINES LIMITED

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11 RAIMI SHOAGA,                              )  Case No. C08-00786-PJH
                                              )
12                          Plaintiff,        )
                                              )
13                                            )  REPLY BRIEF IN SUPPORT OF
              vs.                             )  MOTION TO DISMISS DUPLICATIVE
14                                            )  COMPLAINT FOR LACK OF
   A.P. MOLLER-MAERSK GROUP, aka              )  JURISDICTION AND FAILURE TO
15 A.P. MOLLER-MAERSK A/S, aka                )  STATE A CLAIM UPON WHICH
   DANISH A.P. MOLLER-MAERSK                  )  RELIEF CAN BE GRANTED
16 GRUPPEN, aka FIRMAET A.P. MOLLER )
   MAERSK; MAERSK, INC.; MAERSK              )  [FRCP 12(B)(1)]
17 LINES LTD.; MAERSK NIGERIA, LTD.,          )  [FRCP 12(B)(6)]
   aka MAERSK, aka MAERSK SEALAND;            )
18 A.P. MOLLER NIGERIA, LTD.;                 )  Date:  July 9, 2008
   BLOSADA; NIGERIAN PORT                     )  Time:  9:00 a.m.
19 AUTHORITY; NIGERIAN CUSTOMS                )  Dept:  Courtroom 3, 17th Floor, United
   AUTHORITY; ATTORNEY GENERAL OF )  States District Judge Phyllis J. Hamilton
20 THE FEDERAL REPUBLIC OF                    )
   NIGERIA,                                   )
21                                            )
                          Defendant.          )
22 _____)

23

24

25

26

27

28

1  **I.    INTRODUCTION**

2          Plaintiff makes three arguments for denial of the Motion to Dismiss.  First,

3  he has now served all of the defendants in this action which he failed to do in his prior

4  nearly identical lawsuit.  Second, he has moved to dismiss his appeal of the dismissal of

5  the prior lawsuit rendering this new case a non-duplicative complaint.  Third, he

6  recently learned that the cargo at issue in this dispute has now been sold.  None of these

7  arguments change the fact that this Court lacks jurisdiction over this case and all of

8  Plaintiff's claims are time barred.

9          Plaintiff's argument is flawed for four reasons:  First, Plaintiff's claimed

10  changes of circumstance have no bearing on the issues underlying this Motion to

11  Dismiss.  Second, Plaintiff has NOT moved to dismiss the appeal despite his claim to

12  have filed a request for dismissal.  Third, even if Plaintiff dismissed his appeal this new

13  lawsuit is barred by the doctrine of res judicata.  Fourth, Plaintiff's claims are all time

14  barred because Plaintiff failed to file this lawsuit within the one year statute of

15  limitations mandated by the Carriage of Goods by Sea Act, 46 U.S.C. 30701, et seq.[1]

16          The fact that Plaintiff has allegedly served the defendants in this case does

17  not mean that his earlier lawsuit disappears.  That lawsuit was dismissed in its entirety

18  after summary judgment.  Service of other defendants is totally irrelevant to the facts

19  and causes of action alleged against these moving defendants.

20          Moreover, Plaintiff implicitly acknowledges in his Opposition that his

21  Complaint is duplicative by arguing that his attempts to dismiss his appeal of the earlier

22  lawsuit avoids the duplicative complaint doctrine.  However, as set forth below Plaintiff

23  has not moved to dismiss his appeal.  Even if Plaintiff had moved to dismiss the appeal

24  his claims are barred by the doctrine of res judicata.

25

26  [1] In the Opening Brief, Defendants inadvertently referenced the former code sections
    enacting COGSA (46 U.S.C. App. §§ 1300-1315) related to the period of limitations.  In
27  2006, those sections were renumbered as 46 U.S.C. §§ 30701 *et seq*. without revision,
    repeal, or omission (Pub. L. 109-304, Oct. 6, 2006; *See also*, 46 U.S.C. § 30701, note.)
28

1       Finally, Plaintiff can not avoid the fact that his claims are time barred by

2   the period of limitations applicable under COGSA.  Plaintiff's argument in his

3   Opposition brief that circumstances have changed because he only recently learned that

4   his goods have been sold is irrelevant.  The Complaint makes no reference to these facts

5   and there is no indication that the sale of the goods have any connection to the moving

6   Defendants.  Moreover, COGSA mandates that there is no liability for loss or damage to

7   cargo unless the shipper brings suit within one year of the date when the goods should

8   have been delivered.  The fact that the goods may have been sold after Plaintiff's lawsuit

9   was dismissed is not a changed circumstance – Plaintiff lost the goods one year before

10  January 2006.

11      Plaintiff is continuing his efforts to manipulate the courts and harass the

12  defendants by bringing an endless series of lawsuits and appeals.  Plaintiff has filed

13  numerous documents with this court which are contradicted by the facts and the law.

14  Judge Armstrong properly dismissed Plaintiff's original complaint in its entirety.  Mr.

15  Shoaga's ongoing efforts to void the outcome of his earlier lawsuit through the filing of

16  false documents with this Court are sanctionable.

17  **II.     LEGAL ARGUMENT**

18      **A.     This Court Lacks Jurisdiction**

19      This Court lacks jurisdiction over this lawsuit for two reasons.  First, this

20  Court is divested of jurisdiction due to the fact that the prior action is pending appeal

21  before the United States Court of Appeals for the Ninth Circuit.  Second, this case is

22  time barred.

23      **1.     This Court Lacks Jurisdiction Because Plaintiff's Appeal Of**

24          **This Matter Is Currently Pending**

25      This Court lacks jurisdiction over this lawsuit because this matter is

26  currently pending appeal before the United States Court of Appeal for the Ninth Circuit.

27  The filing of a notice of appeal divests the district court of jurisdiction over the matters

28  appealed. <u>McClatchy Newspapers v. Central Valley Typographical Union No. 46, Intern.</u>

KYL_SF463387

REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS - Case No. C08-00786 PJH

1    Typographical Union, 686 F. 2d 731, 734 (9th Cir. 1982)  Despite Plaintiff's assertion to

2    the contrary in his Opposition, he has not moved to dismiss his appeal in case number

3    05-2213 SBA currently pending before the Ninth Circuit.  A true and correct copy of the

4    Ninth Circuit Court of Appeal's docket in case number 07-15073/05-2213 SBA dated

5    June 25, 2008 is attached to the concurrently filed Declaration of John Cox as "Exhibit

6    A."  That docket shows that Plaintiff has not filed the motion to dismiss his appeal which

7    he attached to his Opposition.  Indeed, the motion to dismiss the appeal attached to

8    Plaintiff's Opposition shows no evidence that it has been filed with any court.  There is

9    no file stamp or other notation on the document indicating otherwise.  Based upon this

10   evidence Plaintiff's claim that he has moved to dismiss his appeal is incorrect.

11   Accordingly, this court has no jurisdiction over Plaintiff's Complaint pending resolution

12   of his appeal.

13            Plaintiff's argument that he has now served all of the defendants in the

14   new lawsuit has no bearing on this Motion.  While Judge Armstrong did in fact dismiss

15   the lawsuit partially due to Plaintiff's failure to prosecute his case, that issue is

16   irrelevant to moving defendants and this Motion.  Maersk, Inc. and Maersk Line,

17   Limited were previously served in the prior action and ultimately were dismissed by

18   summary judgment.  That dismissal is currently pending appeal and this court has no

19   jurisdiction over this lawsuit.

20            **2.      Plaintiff's Complaint Is Barred As A Duplicative Complaint**

21                 **And By The Doctrine Of Res Judicata**

22            Plaintiff's Complaint is barred as a duplicative complaint and by the

23   doctrine of Res Judicata.  Plaintiffs generally have "no right to maintain two separate

24   actions involving the same subject matter at the same time in the same court and

25   against the same defendant." Adams v. California Department of Health Services, 487

26   F.3d 684, 688-89 (9th Cir. 2007).  After weighing the equities of the case, the district

27   court may exercise its discretion to dismiss a duplicative later-filed action.  Adams, 487

28   F.3d at 688.  To determine whether a suit is duplicative, we borrow from the test for

1   claim preclusion. Adams, 487 F.3d at 689.  Plaintiff has incorrectly argued that his

2   Complaint is not duplicative because he has, after the filing of this Motion to Dismiss,

3   moved for a dismissal of his appeal.  As stated above, Plaintiff has not moved to dismiss

4   his appeal and he can not avoid the fact that this new lawsuit is a duplicative complaint.

5          The Ninth Circuit determines whether or not two claims are the same for

6   purposes of res judicata with reference to the following criteria:  (1) whether the rights

7   or interests established in the prior judgment would be destroyed or impaired by

8   prosecution of the second action; (2) whether substantially the same evidence is

9   presented in the two actions; (3) whether the two suits involve infringement of the same

10  right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

11  Nordhorn v. Ladish Co., Inc., 9 F.3d 1402, 1405 (9th Cir. 1993).  The last of these criteria

12  is the most important.  Id.; Costantini v. Trans World Airlines, 681 F.2d 1199, 1201-02

13  (9th Cir. 1982).  A review of these factors in relation to the two lawsuits establishes that

14  Plaintiff's new claim must be barred.  First, moving defendants litigated and prevailed

15  in the prior lawsuit after the court found no merit to any of Plaintiff's claims.  Allowing

16  this new lawsuit would destroy the rights and interests of moving defendants from that

17  prior action.  Second, the two complaints are nearly identical and involve entirely the

18  same set of facts.  Third, the two lawsuits address the same alleged infringement of

19  rights – i.e. Plaintiff's claim that he did not receive his cargo.  Finally, both complaint

20  arise out of the same transactional nucleus of facts because both lawsuits pertain to the

21  shipment of the same cargo container from Oakland, California to Lagos, Nigeria.

22  Under a duplicative complaint analysis this evidence establishes that Plaintiff's new

23  Complaint should be dismissed as duplicative of case number 05-2213 SBA.

24         Even if Plaintiff could avoid the duplicative complaint doctrine by

25  dismissing his appeal, which he has not done, he can not avoid the fact that this new

26  lawsuit is barred by the doctrine of res judicata.  The same analysis above mandates

27  dismissal of this lawsuit on the grounds that Plaintiff's entire claim is precluded as a

28  result of the dismissal of his prior action by Judge Armstrong.

1        Moreover, each of the issues necessarily litigated in the earlier action are

2    precluded in this new lawsuit.  The doctrine of collateral estoppel, or issue preclusion,

3    "relieve[s] parties of the cost and vexation of multiple lawsuits, conserve[s] judicial

4    resources, and, by preventing inconsistent decisions, encourage[s] reliance on

5    adjudication." Allen v. McCurry, 449 U.S. 90, 94 (1980). "The principle of collateral

6    estoppel dictates that an issue that is fully and fairly litigated, is determined by a final

7    judgment, and is essential to that judgment, is conclusive in a subsequent action

8    between the same parties." Bingaman v. Department of the Treasury, 127 F.3d 1431,

9    1436-37.

10        Plaintiff is barred from re-litigating the issues in his new appeal that were

11   previously determined.  Judge Armstrong previously dismissed Plaintiff's claims for

12   breach of contract, intentional misrepresentation, fraud, negligent misrepresentation

13   and interference with commerce.  (Cox Declaration In Support of Motion to Dismiss,

14   Exhibits 1-11.)  Significantly, Plaintiff's entire Complaint as it relates to Moving

15   Defendants hinges upon a contractual relationship.  This Court previously ruled in the

16   prior action on November 7, 2006, that Maersk Lines Limited had no contractual

17   relationship with Plaintiff.  (Cox Declaration In Support of Motion to Dismiss, Exhibit

18   7.)  The Court further ruled that Maersk, Inc. had fulfilled its contractual obligations to

19   Plaintiff and dismissed the claims against both entities.  (Id.)  Plaintiff is collaterally

20   estopped from bringing this claim yet again.

21        Plaintiff's claim that he has now served other defendants has no bearing on

22   the fact that this new matter is a duplicative complaint barred by the doctrine of res

23   judicata as it relates to Maersk, Inc. and Maersk Line Limited.  Moreover, Plaintiff's

24   allegation that he just learned that his goods were sold does not change the nature of

25   this lawsuit or the matters previously litigated.  Plaintiff has no additional claim due to

26   the fact that the goods that he never received due to his own failure to pay demurrage

27   have been liquidated.  Accordingly, the Motion to Dismiss should be granted in its

28   entirety with prejudice.

KYL_SF463387
REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS - Case No. C08-00786 PJH

**B.    This Lawsuit Is Time Barred By The Applicable Statutes Of Limitations**

In addition to the fact that this Court has no jurisdiction over this lawsuit, all of Plaintiff's claims are time barred by the applicable statutes of limitations. At the latest, all of Plaintiff's causes of action accrued as of January 13, 2005 at which time the Nigerian government released his cargo container and he learned of the additional demurrage charges. All of Plaintiff's causes of action in the New Complaint are time barred.

**1.    A One Year Statute Of Limitations Applies To All Of Plaintiff's Claims Pursuant to COGSA**

This case is governed by the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. §§ 30701, *et seq.*[2] COGSA applies to carriers engaged in the carriage of goods to or from any port in the United States. 46 U.S.C. § 30702. COGSA has a one year statute of limitations. See, Vimar Seguros y Reaseguros, S.A. v. M/V SKY REEFER, 515 U.S. 528, 535, 1995 AMC 1817, 1822 (1995). Plaintiff failed to file this lawsuit by January 13, 2006. Therefore all of Plaintiff's claims are time barred and this lawsuit must be dismissed.

"Every bill of lading or similar document of title which is evidence of a contract for the carriage of goods by sea to or from ports of the United States, in foreign trade, shall have effect subject to the provisions of this chapter." 46 U.S.C. 30701, note;

---

[2] In the Opening Brief, moving Defendants inadvertently cited to former section 46 U.S.C. Appendix § 1303 referencing the one year period of limitations. However, in 2006 COGSA was revised and the period of limitations was incorporated into the notes following 46 U.S.C. § 30701. Those notes reference the origination of COGSA as the Harter Act of February 13, 1893 (ch. 105, 27 Stat. 445). Section 3(6) of the Harter Act setting forth the period of limitations states, "In any event the carrier and the ship shall be discharged from all liability in respect of loss or damage unless suit is brought within one year after delivery of the goods or the date when the goods should have been delivered." The inadvertent citation to the former code section does not substantively change any of the statute of limitations arguments.

KYL_SF463387
REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS - Case No. C08-00786 PJH

1  Sea-Land Services, Inc. v. Lozen Int'l LLC, 285 F.3d 808, 816-817 (9th Cir. 2002).  "In
2  any event the carrier and the ship shall be discharged from all liability in respect of loss
3  or damage unless suit is brought within one year after delivery of the goods or the date
4  when the goods should have been delivered."  46 U.S.C. § 30701, note.

5           As Plaintiff acknowledged in his Opposition, this case arises from an
6  alleged agreement to ship Plaintiff's goods from California to Nigeria.  (Opposition, p. 4)
7  All of Plaintiff's claims are factually dependent upon that alleged agreement.  As such
8  they are all time barred pursuant to COGSA.

9           Even assuming COGSA did not apply to Plaintiff's causes of action other
10  than breach of contract, they are time barred.  As set forth in moving Defendants
11  Motion, the longest statute of limitations for any of the causes of action alleged in the
12  Complaint is three years.  The three year time bar applies universally to all of Plaintiff's
13  claims because he failed to file this lawsuit within that period.  Accordingly, all of
14  Plaintiff's claims must be dismissed.

15  **III.    CONCLUSION**

16           Based upon the foregoing, Maersk, Inc. and Maersk Line, Limited submit
17  that Plaintiff has failed to meet his burden of establishing that this Court has
18  jurisdiction or that he is entitled to any relief based upon the time barred allegations in
19  his Complaint.  Therefore, Defendants respectfully request that this Court grant the
20  Motion to Dismiss in its entirety with prejudice.

21
22
23  DATED:  June 25, 2008
24                                               JOHN D. GIFFIN
25                                               JOHN COX
                                                 KEESAL, YOUNG & LOGAN
                                                 Attorney For Defendants
26                                               MAERSK, INC. and MAERSK LINES
                                                 Limited
27
28

KYL_SF463387
REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS - Case No. C08-00786 PJH

## PROOF OF SERVICE

***Shoaga v. Maersk, Inc. et al.***
**USDC Case No. C08-00786 PJH**

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is Keesal, Young & Logan, Suite 1500, Four Embarcadero Center, San Francisco, California, 94111.

On the date indicated below, I served the foregoing documents described as:

**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS DUPLICATIVE COMPLAINT FOR LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

on the parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

**Raimi Shoaga**
**P.O. Box 7274**
**Oakland, CA 94601**

☒    **BY E-MAIL:** I caused such document(s) to be served electronically via the Court's ECF filing system.

☒    **BY USPS EXPRESS MAIL:** I caused such envelope(s), fully prepaid on account, to be placed within the custody of the United States Postal Service at San Francisco, California. I am readily familiar with Keesal, Young & Logan's practice for collection and processing of correspondence for overnight delivery and know that in the ordinary course of Keesal, Young & Logan's business practice, the document described above will be deposited in a box or other facility regularly maintained by the USPS.

Pursuant to the Local Rules of the United States District Court, I certify that all originals and service copies (including exhibits) of the papers referred to herein were produced and reproduced on paper purchased as recycled, as defined by Section 42202 of the Public Resources Code. I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on June 25, 2008 at San Francisco, California.

K'Ann M. Klein

KYL_SF463387

REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS - Case No. C08-00786 PJH