1  JOHN D. GIFFIN, CASB No. 89608
   john.giffin@kyl.com
2  JOHN COX, CASB No. 197687
   john.cox@kyl.com
3  KEESAL, YOUNG & LOGAN
   A Professional Corporation
4  Four Embarcadero Center, Suite 1500
   San Francisco, California 94111
5  Telephone:  (415) 398-6000
   Facsimile:  (415) 981-0136
6
   Specially Appearing for Defendant A.P. MOLLER-MAERSK A/S
7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11  RAIMI SHOAGA,                          )  Case No. C08-00786-PJH
                                           )
12                          Plaintiff,     )  **NOTICE OF MOTION AND MOTION**
                                           )  **OF SPECIALLY APPEARING**
13         vs.                             )  **DEFENDANT A.P. MOLLER-MAERSK**
                                           )  **A/S TO SET ASIDE DEFAULT AND**
14  A.P. MOLLER-MAERSK GROUP, aka          )  **DISMISS**
    A.P. MOLLER-MAERSK A/S, aka            )
15  DANISH A.P. MOLLER-MAERSK              )  [FRCP 55(C); FRCP 12(B)]
    GRUPPEN, aka FIRMAET A.P. MOLLER       )
16  MAERSK; MAERSK, INC.; MAERSK           )  Date: August 13, 2008
    LINES LTD.; MAERSK NIGERIA, LTD.,      )  Time: 9:00 a.m.
17  aka MAERSK, aka MAERSK SEALAND;        )  Dept: Courtroom 3, 17th Floor, United
    A.P. MOLLER NIGERIA, LTD.;             )  States District Judge Phyllis J. Hamilton
18  BLOSADA; NIGERIAN PORT                 )
    AUTHORITY; NIGERIAN CUSTOMS            )
19  AUTHORITY; ATTORNEY GENERAL OF         )
    THE FEDERAL REPUBLIC OF                )
20  NIGERIA,                               )
                                           )
21                          Defendant.     )
                                           )
22  _____    )

23

24

25

26

27

28

                                                            KYL_SF463544

1
2

# TABLE OF CONTENTS

3

I.     INTRODUCTION ................................................................................ 2

II.    APPLICABLE LAW GOVERNING MOTIONS TO SET ASIDE DEFAULT
     AND MOTIONS TO DISMISS ........................................................... 4

     A.   Motion To Set Aside Default ................................................... 4

     B.   Motion To Dismiss Due To Lack Of Jurisdiction............................ 5

     C.   Motions To Dismiss For Failure To State A Claim Upon Which Relief
        Can Be Granted .................................................................... 5

     D.   Motions To Dismiss For Insufficiency Of Service Of Process ......... 6

III.   RELEVANT FACTS ........................................................................... 7

IV.   LEGAL ARGUMENT ........................................................................ 10

     A.   This Court Lacks Jurisdiction Due To The Pending Appeal. ......... 10

          1.   The Entry Of Default Is Void Due To Lack Of
              Jurisdiction ................................................................ 11

     B.   Plaintiff's Claims Are Precluded Because This Court Dismissed
        Plaintiff's Original Case For Failure To Prosecute. ..................... 12

     C.   Plaintiff Is Barred From Bringing A Duplicative Complaint ......... 15

     D.   Plaintiff Has Failed To Properly Serve Defendants For More Than
        Five Months Since Filing The New Complaint ........................... 17

          1.   The Entry Of Default Is Void Due To Insufficient
              Service .................................................................... 20

     E.   PLAINTIFF'S CLAIMS ARE TIME BARRED ........................... 21

          1.   Plaintiff's Breach Of Contract Claim Is Time Barred ......... 21

          2.   Plaintiff's Negligent and Intentional Misrepresentation
              (Fraud) Claims Are Time Barred........................................ 22

          3.   Plaintiff's Conversion Claim Is Time Barred ..................... 22

          4.   Plaintiff's Interference With Commerce And Foreign
              Corrupt Practices Act Claims Are Criminal Statutes
              With No Private Right Of Action......................................... 22

          5.   Plaintiff's Discrimination Based Upon National Origin
              Claim Is Time Barred................................................... 23

V.    CONCLUSION .................................................................................. 23

KYL_SF463544

NOTICE OF MOTION AND MOTION OF SPECIALLY APPEARING DEFENDANT A.P. MOLLER-
MAERSK A/S TO SET ASIDE DEFAULT AND DISMISS - Case No. C08-00786 PJH

# TABLE OF AUTHORITIES

## Cases

Adams v. California Department of Health Services,
    487 F.3d 684 (9th Cir. 2007) ................................................................ 15, 16, 17

Allsopp v. Joshua Hendy Mach. Works,
    5 Cal. App. 228 (1907) ................................................................................... 22

Assoc. of Am. Med. Colleges v. United States,
    217 F.3d 770 (9th Cir. 2000) ........................................................................... 5

Bailey v. Boilermakers Local 667 of Intern. Broth. of Boilermakers,
    480 F. Supp. 274 (N.D. W. Va. 1979) ............................................................. 7

Bauers v. Heisel,
    361 F.2d 581 (3d Cir. 1966) .......................................................................... 19

Beatie and Osborn LLP v. Patriot Scientific Corp.,
    431 F. Supp. 2d 367 (S.D.N.Y. 2006) .............................................................. 6

Big Bear Lodging Ass'n v. Snow Summit, Inc.,
    182 F.3d 1096 (9th Cir. 1999) ......................................................................... 6

Brand v. Mazda Motor of Am., Inc.,
    920 F. Supp. 1169 (D. Kan. 1996) ................................................................... 6

Briley v. Hidalgo,
    981 F.2d 246 (5th Cir. 1993) ......................................................................... 11

Brockmeyer v. May,
    383 F.3d 798 (9th Cir. 2004) ......................................................................... 18

Carimi v. Royal Caribbean Cruise Line, Inc.,
    959 F.2d 1344 (5th Cir. 1992) ................................................................... 5, 20

Costantini v. Trans World Airlines,
    681 F.2d 1199 (9th Cir. 1982) ....................................................................... 13

Curtis v. Citibank, N.A.,
    226 F.3d 133 (2nd Cir. 2000) ................................................................... 15, 16

Davis v. United States,
    667 F.2d 822 (9th Cir. 1982) ..................................................................... 10, 16

Foster v. Arletty 3 Sarl,
    278 F.3d 409 (4th Cir. 2002) ......................................................................... 11

Freedman v. Am. Export Isbrandtsen Lines, Inc.,
    451 F.2d 157, cert. denied 405 U.S. 992 (3d Cir. 1971) ......................... 6, 12, 13

Glendora v. City of White Plains,
    53 F. Supp. 2d 621 (S.D.N.Y. 1999) ........................................................... 6, 12

KYL_SF463544

NOTICE OF MOTION AND MOTION OF SPECIALLY APPEARING DEFENDANT A.P. MOLLER-
MAERSK A/S TO SET ASIDE DEFAULT AND DISMISS - Case No. C08-00786 PJH

<u>Hartsel Springs Ranch of Colorado, Inc. v. Bluegreen Corp.</u>,
296 F.3d 982 (10th Cir.2002) .................................................................. 15, 16

<u>Hayes v. Woodford</u>,
444 F. Supp. 2d 1127 (S.D. Cal. 2006) ........................................................ 19

<u>Hill v. Sands</u>,
403 F. Supp. 1368 (N.D. Ill. 1975) ............................................................... 7

<u>Jablon v. Dean Witter & Co.</u>,
614 F.2d 677 (9th Cir. 1980) ....................................................................... 6

<u>John v. Dayton Elec. Mgf. Co.</u>,
140 F.3d 781 (1998) .................................................................................... 4

<u>Koehler v. Dodwell</u>,
152 F.3d 304 (4th Cir. 1998) ................................................................. 4, 11

<u>Kokkonen v. Guardian Life Ins. Co.</u>,
511 U.S. 375 (1994) .............................................................................. 5, 11

<u>Kotakis v. Elgin, Joliet & Eastern Ry. Co.</u>,
520 F.2d 570 (7th Cir. 1975), <i>cert. denied</i> 423 U.S. 1016 ......................... 12

<u>Krulikowsky v. Metropolitan Dist. Council of Philadelphia and Vicinity</u>,
30 F.R.D. 24 (E.D. Pa. 1962) ...................................................................... 7

<u>Lamb v. Phillip Morris, Inc.</u>,
915 F.2d 1024 (6th Cir. 1990) .............................................................. 16, 22

<u>Lindsey v. United States</u>,
448 F. Supp. 2d 37 (D.D.C. 2006) ...................................................... 6, 7, 20

<u>Link v. Wabash R.R.</u>,
370 U.S. 626 (1962), <i>rehearing denied</i>, 371 U.S. 873 (1962) ....................... 6

<u>Lovelace v. Acme Mkts., Inc.</u>,
820 F.2d 81 (3d. Cir.), <i>cert. denied</i> 484 U.S. 965 (1987) ............................. 19

<u>Lyman Steel Corp. v. Ferrostaal Metals Corp.</u>,
747 F. Supp. 389 (N.D. Ohio 1990) ............................................................ 18

<u>M.W. Zack Metal Co. v. Int'l Nav. Corp. of Monrovia</u>,
675 F.2d 525 (C.A.N.Y. 1982) .................................................................... 12

<u>Mason v. Genisco Tech. Corp.</u>,
960 F.2d 849 (9th Cir. 1992) ..................................................................... 20

<u>Mattes v. Nat'l Hellenic Am. Line, S.A.</u>,
427 F. Supp. 619 (S.D.N.Y. 1977) ............................................................... 7

<u>McClatchy Newspapers v. Central Valley Typographical Union No. 46, Intern. Typographical Union</u>,
686 F.2d 731 (9th Cir. 1982) ..................................................................... 10

<u>Meadows v. Dominican Republic</u>,
817 F.2d 517 (9th Cir. 1987) ....................................................................... 4

KYL_SF463544

NOTICE OF MOTION AND MOTION OF SPECIALLY APPEARING DEFENDANT A.P. MOLLER-MAERSK A/S TO SET ASIDE DEFAULT AND DISMISS - Case No. C08-00786 PJH

Montalbano v. Easco Hand Tools, Inc.,
    766 F.2d 737 (2d Cir. 1985) ................................................................ 6, 7

Noerr Motor Freight, Inc. v. Eastern R. R. Presidents Conference,
    113 F. Supp. 737 (E.D. Pa. 1953)........................................................ 7

Nordhorn v. Ladish Co., Inc.,
    9 F.3d 1402 (9th Cir. 1993) ................................................................ 13

Oliney v. Gardner,
    771 F.2d 856 (5th Cir.1985) ............................................................... 15

Olsen v. Mapes,
    333 F.3d 1199 (10th Cir.2003) ........................................................... 6

O'Rourke Bros. Inc. v. Nesbitt Burns, Inc.,
    201 F.3d 948 (7th Cir. 2000) .............................................................. 6

Pena v. Seguros La Comercial, S.A.,
    770 F.2d 811 (9th Cir. 1985) .............................................................. 4

Picking v. Pennsylvania R. Co.,
    151 F.2d 240 (3d Cir. 1945) ............................................................... 19

Precision Etchings & Findings, Inc. v. LGP Gem, Ltd.,
    953 F.2d 21 (1st Cir. 1992) ................................................................ 11

Rasmussen v. American Nat. Red Cross,
    155 F.R.D. 549 (S.D.W.Va 1994) ....................................................... 4

Rio Properties, Inc. v. Rio Int'l Interlink,
    284 F.3d 1007 (9th Cir. 2002)............................................................ 5

Rodd v. Region Constr. Co.,
    783 F.2d 89 (7th Cir. 1986)................................................................ 11

Russell v. Rook,
    893 F. Supp. 949 (D. Wash. 1995) ..................................................... 19

Safe Air for Everyone v. Meyer,
    373 F.3d 1035 (9th Cir. 2004)............................................................ 5

Saint Francis College v. Al-Khazraji,
    481 U.S. 604 (1987) ........................................................................... 16

Sea-Land Services, Inc. v. Lozen Int'l LLC,
    285 F.3d 808 (9th Cir. 2002) ............................................................. 21

SEC v. Internet Solutions for Business Inc.,
    509 F.3d 1161 (9th Cir. 2007)............................................................ 5, 20

Serlin v. Arthur Andersen & Co.,
    3 F.3d 221 (7th Cir.1993)................................................................... 15

Serzysko v. Chase Manhattan Bank,
    461 F.2d 699 (2nd Cir.), *cert. denied,* 409 U.S. 883 (1972) ............. 12

KYL_SF463544

NOTICE OF MOTION AND MOTION OF SPECIALLY APPEARING DEFENDANT A.P. MOLLER-
MAERSK A/S TO SET ASIDE DEFAULT AND DISMISS - Case No. C08-00786 PJH

Smith v. McCullough,
    270 U.S. 456 (1926) ........................................................................... 5

Spencer v. Town of Chapel Hill,
    290 F. Supp. 2d 655 (M.D.N.C. 2003) ...................................................... 19

Stock West, Inc. v. Confederated Tribes of the Colville Reservation,
    873 F.2d 1221 (9th Cir. 1989) ........................................................... 5, 11

Sumida v. Yumen,
    409 F.2d 654 (9th Cir. 1969), cert. denied, 405 U.S. 964, 92 S.Ct. 1168, 31 L.Ed.2d
    240 (1972) ..................................................................................... 10

Sutcliffe Storage & Warehouse Co. v. United States,
    162 F.2d 849 (1st Cir.1947) ............................................................... 15

Taylor v. Wood,
    458 F.2d 15 (9th Cir. 1972) ........................................................... 10, 23

Thayer v. Dial Indus. Sales, Inc.,
    85 F. Supp. 2d 263 (D.C.N.Y.2000) ........................................................ 6

Thiel v. Becker,
    2002 WL 398546, *1 (not published) (7th Cir. 2002) ................................... 13

Thompson v. Thompson,
    484 U.S. 174 (1998) ......................................................................... 22

Tosco Corp. v. Communities for a Better Env't,
    236 F.3d 495 (9th Cir. 2001) ............................................................... 5

United States v. Forma,
    42 F.3d 759 (2d cir. 1994) ............................................................. 4, 11

United States v. Pink,
    315 U.S. 203 (1942) ......................................................................... 18

V.T.A., Inc. v. Airco, Inc.,
    597 F.2d 220 (10th Cir. 1979) ............................................................. 11

Volkswagenwerk Aktiengesellschaft v. Schlunk,
    486 U.S. 694 (1988) ......................................................................... 18

Walton v. Eaton Corp.,
    563 F.2d 66 (3d Cir. 1977) ................................................................. 16

Walton v. Eaton Corp.,
    563 F.2d 66 (3rd Cir. 1977) ................................................................ 15

Williamson v. Gen. Dynamics Corp.,
    208 F.3d 1144 (9th Cir. 2000) .............................................................. 5

Wisdom v. First Midwest Bank,
    167 F.3d 402 (8th Cir. 1999) ............................................................... 22

Zerilli v. Evening News Ass'n,
    628 F.2d 217 (D.C.Cir.1980) ............................................................... 15

- v -

NOTICE OF MOTION AND MOTION OF SPECIALLY APPEARING DEFENDANT A.P. MOLLER-
MAERSK A/S TO SET ASIDE DEFAULT AND DISMISS - Case No. C08-00786 PJH

## Statutes

15 U.S.C.

sections 78dd-1 *et seq.* ........................................................................... 9, 16, 22

18 U.S.C.

section 201 ............................................................................................. 7, 8

section 1951 .......................................................................................... 8, 9

section 1951(b)(2) ................................................................................. 7, 8

42 U.S.C.

§ 1981 .................................................................................................. 9, 16, 23

§§ 30701 *et seq.* .................................................................................... 21

§ 30701 .................................................................................................. 21

46 U.S.C. Appendix

§ 1300-1315 .......................................................................................... 21

27A Fed. Proc., L. Ed. § 62:495 (2008) ..................................................... 19

Hague Convention

20 U.S.T. 361, 362, T.I.A.S. No. 6638 .................................................. 17

20 U.S.T. 361; 658 U.N.T.S. 163 .......................................................... 18

Cal. Civ. Proc.

§ 338(c) .................................................................................................. 22

§ 338(d) ................................................................................................. 22

## Other Authorities

Cal. Prac. Guide Fed. Civ. Pro. Before Trial Ch. 5-E § 5:95 (2008) .................. 19

## Rules

Federal Rule of Civil Procedure

Rule 55 ................................................................................................... 1, 4

Rule 4, cmt. 4-17 ................................................................................... 18

Rule 4, cmt. 4-37 ................................................................................... 20

Rule 4(f) ................................................................................................ 8, 17

Rule 12(b)(6) ......................................................................................... 5, 6

Local Rule 3-3 .......................................................................................... 3

KYL_SF463544

NOTICE OF MOTION AND MOTION OF SPECIALLY APPEARING DEFENDANT A.P. MOLLER-MAERSK A/S TO SET ASIDE DEFAULT AND DISMISS - Case No. C08-00786 PJH

**TO THE COURT AND PLAINTIFF RAIMI SHOAGA:**

NOTICE IS HEREBY GIVEN that on August 13, 2008 at 9:00 a.m. in Courtroom 3, 17th Floor, of the above-entitled Court, United States District Judge Phyllis J. Hamilton presiding, Specially Appearing Defendant A.P. MOLLER-MAERSK A/S[1] (hereinafter "Defendant") will, and hereby does, move this Court to set aside the default entered June 27, 2008 against "A.P. Moller-Maersk Group, aka A.P. Moller Maersk A/S, aka Danish A.P. Moller-Maersk Gruppen, aka Firmaet A.P. Moller Maersk", and dismiss the above-entitled action.  This Motion to Set Aside Default and Dismiss this case is justified on the following grounds:

1.     This court lacks jurisdiction because this is a duplicative action and the original case. 05-2213 SBA, against Defendant is on appeal before the United States Court of Appeals for the Ninth Circuit docket number 07-15073.

2.     Defendant has not been properly served with process in this action, nor has Defendant waived service.

3.     When Plaintiff first filed this lawsuit in docket number 05-2213 SBA, Defendant was dismissed by Judge Armstrong due to Plaintiff's failure to prosecute his claim which precludes this refiled claim.

4.     Plaintiff's claims against the Defendant are time barred.

Defendants further request that this Court take judicial notice of its own file C05-02213-SBA.[2]  Plaintiff originally filed the above captioned Complaint under that docket number, which is currently pending appeal before the United States Court of Appeals for the Ninth Circuit under docket number 07-15073.

---

[1] Plaintiff has incorrectly named "A.P. MOLLER-MAERSK GROUP, aka A.P. MOLLER-MAERSK A/S, aka DANISH A.P. MOLLER-MAERSK GRUPPEN, aka FIRMAET A.P. MOLLER MAERSK," as a defendant in this action.  A.P. Moller-Maersk Group is a trade name under which many business entities operate including A.P. Moller-Maersk A/S.  A.P. Moller-Maersk Group is not an actual entity.  The other names Plaintiff associates with A.P. Moller-Maersk A/S are non-entities.  Therefore, this Motion is made only on behalf of A.P. Moller-Maersk A/S.

[2] Defendant has concurrently filed a Request For Judicial Notice.

NOTICE OF MOTION AND MOTION OF SPECIALLY APPEARING DEFENDANT A.P. MOLLER-MAERSK A/S TO SET ASIDE DEFAULT AND DISMISS - Case No. C08-00786 PJH

1    This Motion and Request will be based upon this Notice of Motion and

2    Motion to Set Aside Default and Dismiss, the accompanying Memorandum of Points and

3    Authorities, Defendant's Request For Judicial Notice, the Declaration of John Cox and

4    all Exhibits attached thereto and such other oral argument as may be introduced at the

5    hearing of this matter.

6

7    **I.    INTRODUCTION**

8    This case arises from an agreement between Plaintiff and a company called

9    Target Shipping to ship Plaintiff's cargo from Oakland, California to Lagos, Nigeria.

10   Plaintiff has inexplicably not named Target Shipping in this lawsuit despite the fact that

11   the bill of lading, or contract for shipping his goods, is with Target Shipping.  Defendant

12   A.P. Moller-Maersk A/S is a corporation, with its principle office and place of business in

13   Copenhagen, Denmark.  Defendant is the parent corporation to Defendants Maersk, Inc.

14   A.P. Moller-Maersk A/S is not in any way associated with the facts alleged

15   in the complaint.  Plaintiff Raimi Shoaga has acknowledged that A.P. Moller-Maersk A/S

16   is not involved in this action.  However, Mr. Shoaga has chosen to improperly attempt to

17   serve and then obtain a default against A.P. Moller-Maersk A/S.  A.P. Moller-Maersk

18   A/S has never done business of any kind with Plaintiff in this case.  Defendant's only

19   knowledge of contact between Plaintiff and Target Shipping has been through Plaintiff's

20   entry of a default against A.P. Moller-Maersk A/S.

21   Plaintiff filed his original Complaint with this Court on June 1, 2005, C05-

22   02213-SBA.  Plaintiff did not name Defendant as a party in that action until filing his

23   Third Amended Complaint on July 27, 2006.  Defendants Maersk, Inc. and Maersk Line

24   Limited filed a motion for summary judgment against Plaintiff, which was granted on

25   November 7, 2006.  Thereafter, the case was dismissed as to Defendant A.P. Moller-

26   Maersk A/S in its entirety on December 11, 2006 for failure to prosecute.  Despite

27   several extensions of time, Plaintiff failed to serve Defendant with the summons and

28   complaint.  Plaintiff appealed that dismissal and all interlocutory orders on January 10,

- 2 -                                                  KYL_SF463544

NOTICE OF MOTION AND MOTION OF SPECIALLY APPEARING DEFENDANT A.P. MOLLER-
MAERSK A/S TO SET ASIDE DEFAULT AND DISMISS - Case No. C08-00786 PJH

1    2007.  The appeal is currently pending before the United States Court of Appeals for the

2    Ninth Circuit under Docket Number 07-15073.  Plaintiff has now re-filed a nearly

3    identical Complaint in the above captioned matter involving the same transaction and

4    occurrence and causes of action.  At no time after filing the former Complaints with this

5    Court, or the instant Complaint has Plaintiff affected proper service of process on

6    Defendant A.P. Moller-Maersk A/S.  Moreover, Plaintiff failed to file a notice of related

7    case in violation of Local Rule 3-3.[3]

8           In July 2004, Plaintiff entered into a contract with a shipping company,

9    Target Shipping, Inc. to ship a cargo container filled with Plaintiff's household goods

10   from Oakland, California to Lagos, Nigeria.  Target Shipping is not named as a

11   Defendant in Plaintiff's re-filed Complaint.  The cargo was shipped in a cargo container

12   owned by an entity operating under the Maersk Line trade name.  That container was

13   transported aboard vessels operating under the Maersk Line trade name.  Plaintiff's

14   goods were delivered to Lagos, Nigeria in August 2004.  The Nigerian government then

15   detained Plaintiff's goods until January 2005.  When the Nigerian government released

16   Plaintiff's goods he refused to pay the demurrage charges for the extended use of the

17   cargo container in which the goods were stored.  Demurrage charges are in essence rent

18   for the use of the cargo container.  Plaintiff is obligated to pay the demurrage charges

19   according to the terms of the bill of lading, or shipping contract, between Plaintiff and

20   Target Shipping. As Plaintiff has admitted in the past, and this Court has recognized,

21   his dispute is with the Nigerian government and has no connection to the courts of the

22   United States.

23           This entry of default must be set aside and the case must be dismissed for

24   the following reasons:  First, this court lacks subject matter jurisdiction over the matters

25   alleged in this case while the case is pending appeal.  Second, Plaintiff has failed to

26   
27   [3] On May 14, 2008, Defendants Maersk Line Limited. and Maersk, Inc. filed an
     Administrative Motion to Consider Whether Cases Should Be Related.  That Motion is
28   currently pending.

                                                                    KYL_SF463544

NOTICE OF MOTION AND MOTION OF SPECIALLY APPEARING DEFENDANT A.P. MOLLER-
MAERSK A/S TO SET ASIDE DEFAULT AND DISMISS - Case No. C08-00786 PJH

1   properly serve Defendant A.P. Moller-Maersk A/S.  Third, Plaintiff's virtually identical

2   Complaint filed under docket number C05-02213-SBA was dismissed for failure to

3   prosecute.   Fourth, all Plaintiff's claims are time barred.

4        Defendant A.P. Moller-Maersk A/S respectfully requests that this Court set

5   aside the default entered in this case against Defendant and dismiss this case with

6   prejudice.  Defendant further requests that this Court take judicial notice of its own files

7   and those of the United States Court of Appeals including the documents attached to the

8   Declaration of John Cox filed concurrently in support of this Motion.

9

10  **II.    APPLICABLE LAW GOVERNING MOTIONS TO SET ASIDE DEFAULT
        AND MOTIONS TO DISMISS**

11      **A.    Motion to Set Aside Default**

12

13       For good cause shown the Court may set aside an entry of default.  Federal

14  Rule of Civil Procedure ("FRCP") 55.  The "good cause" standard for setting aside an

15  entry of default is more lenient and liberally applied as compared to the standard for

16  setting aside a default judgment.  John v. Dayton Elec. Mgf. Co., 140 F.3d 781, 783

17  (1998); Rasmussen v. American Nat. Red Cross, 155 F.R.D. 549, 550 (S.D.W.Va 1994).

18       Defaults are generally disfavored and as a result any doubts as to the

19  propriety of a default are usually resolved against the party seeking a default judgment.

20  Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985).  The court can

21  consider a variety of factors in ruling on a motion to set aside a default.  The basic

22  question is "has the moving party shown a reasonable excuse for the default." Meadows

23  v. Dominican Republic, 817 F.2d 517, 520 (9th Cir. 1987).

24       If the court lacks subject matter jurisdiction, any default entered against

25  the defendant is a nullity.  United States v. Forma, 42 F.3d 759, 762 (2d cir. 1994);

26  Koehler v. Dodwell, 152 F.3d 304, 307 (4th Cir. 1998).  Moreover, a motion for relief from

27  default may be granted where defendant (even if he or she had actual notice)

28  demonstrates defects in the service of process.  Carimi v. Royal Caribbean Cruise Line,

NOTICE OF MOTION AND MOTION OF SPECIALLY APPEARING DEFENDANT A.P. MOLLER-
MAERSK A/S TO SET ASIDE DEFAULT AND DISMISS - Case No. C08-00786 PJH

1  Inc., 959 F.2d 1344, 1345 (5th Cir. 1992); see SEC v. Internet Solutions for Business Inc.,

2  509 F.3d 1161, 1165-1166 (9th Cir. 2007).

3  **B.     Motion to Dismiss Due to Lack of Jurisdiction**

4  On a motion to dismiss for lack of jurisdiction pursuant to FRCP 12(B)(1),

5  the plaintiff bears the burden of establishing that jurisdiction exists.  Rio Properties,

6  Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1019 (9th Cir. 2002).  Unless a plaintiff can

7  prove otherwise, a federal court must presume an action lies outside of its jurisdiction.

8  See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); see also, Stock W.,

9  Inc. v. Confederated Tribes of the Colville Reservation, 873 F.2d 1221, 1225 (9th Cir.

10  1989).  "A plaintiff suing in federal court must show in his pleading, affirmatively and

11  distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does

12  not do so, the court, on having the defect called to its attention or on discovering the

13  same, must dismiss the case, unless the defect be corrected by amendment."  Smith v.

14  McCullough, 270 U.S. 456, 459 (1926); Tosco Corp. v. Cmtys. for a Better Env't, 236 F.3d

15  495, 499 (9th Cir. 2001).

16  A party moving to dismiss for lack of subject matter jurisdiction may

17  submit "affidavits or any other evidence properly before the court.... It then becomes

18  necessary for the party opposing the motion to present affidavits or any other evidence

19  necessary to satisfy its burden of establishing that the court, in fact, possesses subject

20  matter jurisdiction."  Assoc. of Am. Med. Colls. v. United States, 217 F. 3d 770, 778 (9th

21  Cir. 2000); Safe Air for Everyone v. Meyer, 373 F. 3d 1035, 1038 (9th Cir. 2004).

22  **C.     Motions To Dismiss For Failure To State A Claim Upon Which**
23  **      Relief Can Be Granted**

24  Federal Rule of Civil Procedure ("FRCP"), Rule 12(b)(6), provides for the

25  dismissal of an action where plaintiff cannot state a claim upon which relief can be

26  granted.  Fed. Rule Civ. Proc. 12(b)(6).  Dismissal is appropriate when it is clear that no

27  relief may be granted consistent with the allegations set forth in the complaint. See

28  Williamson v. Gen. Dynamics Corp., 208 F.3d 1144, 1149 (9th Cir. 2000); Big Bear

- 5 -     KYL_SF463544

NOTICE OF MOTION AND MOTION OF SPECIALLY APPEARING DEFENDANT A.P. MOLLER-
MAERSK A/S TO SET ASIDE DEFAULT AND DISMISS - Case No. C08-00786 PJH

1   Lodging Ass'n v. Snow Summit, Inc., 182 F.3d 1096, 1101 (9th Cir. 1999).

2           Courts have the discretion to grant Rule 12(b)(6) motions for failure to

3   prosecute. Link v. Wabash R.R., 370 U.S. 626, 629-630 (1962), *rehearing denied*, 371

4   U.S. 873 (1962) [Exercise of court's power to dismiss for failure to prosecute "is necessary

5   in order to prevent undue delays in the disposition of pending cases and to avoid

6   congestion in the calendars of the District Courts"]; Montalbano v. Easco Hand Tools,

7   Inc., 766 F.2d 737, 740 (2d Cir. 1985) [Dismissal justified where no attempt is made to

8   serve process in a foreign country]; Thayer v. Dial Indus. Sales, Inc., 85 F. Supp. 2d 263,

9   266 n.1 (D.C.N.Y.2000) [District court dismissed foreign defendant who had not yet been

10  served six months after filing of complaint]; See also Olsen v. Mapes, 333 F.3d 1199,

11  1204 n. 3 (10th Cir.2003) ("[T]he Rule has long been interpreted to permit courts to

12  dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules

13  of civil procedure or court's orders."); O'Rourke Bros. Inc. v. Nesbitt Burns, Inc., 201 F.3d

14  948, 952 (7th Cir. 2000).

15          Moreover, an order dismissing a prior action for failure to prosecute

16  precludes a subsequent identical suit. Freedman v. Am. Export Isbrandtsen Lines, Inc.,

17  451 F.2d 157, *cert. denied* 405 U.S. 992 (3d Cir. 1971); Glendora v. City of White Plains,

18  53 F. Supp. 2d 621, 625 (S.D.N.Y. 1999). Rule 12(b)(6) motions are also proper where

19  the facts and dates alleged in the complaint indicate the claim is barred by the

20  applicable statute of limitations. Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th

21  Cir. 1980); ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994).

22      **D.     Motions To Dismiss For Insufficiency Of Service Of Process**

23          When defendant files motion to dismiss challenging sufficiency of service of

24  process, plaintiff bears the burden of proving adequacy of service. Beatie and Osborn

25  LLP v. Patriot Scientific Corp., 431 F. Supp. 2d 367, 384 (S.D.N.Y. 2006); Lindsey v.

26  United States, 448 F. Supp. 2d 37, 42 (D.D.C. 2006) [The party on whose behalf service

27  of process is made has the burden of establishing its validity when challenged.]; Brand v.

28  Mazda Motor of Am., Inc., 920 F. Supp. 1169, 1170 (D. Kan. 1996) [Upon pretrial motion

- 6 -                                         KYL_SF463544

1  to dismiss for insufficient service of process, plaintiff must make prima facie showing

2  that service satisfied statutory requirements and constitutional requirement of due

3  process.]

4          The Court may dismiss a complaint for ineffective service of process

5  pursuant to FRCP 12(b)(5) if the plaintiff fails to establish that he or she has properly

6  effectuated service pursuant to Rule 4.  Lindsey, 448 F. Supp. 2d at 42; Montalbano, 766

7  F.2d at 740.  A motion to quash service of process may be raised by the defendant in the

8  alternative to a FRCP, Rule 12(b)(5) motion to dismiss (Noerr Motor Freight, Inc. v.

9  Eastern R. R. Presidents Conference, 113 F. Supp. 737, 748 (E.D. Pa. 1953));

10  Krulikowsky v. Metropolitan Dist. Council of Philadelphia and Vicinity, 30 F.R.D. 24, 25

11  (E.D. Pa. 1962); Bailey v. Boilermakers Local 667 of Intern. Broth. of Boilermakers, 480

12  F. Supp. 274, 278 (N.D. W. Va. 1979); Mattes v. Nat'l Hellenic Am. Line, S.A., 427 F.

13  Supp. 619, 630 (S.D.N.Y. 1977); Hill v. Sands, 403 F. Supp. 1368, 1370 (N.D. Ill. 1975).

14

15  **III.    RELEVANT FACTS**

16          On June 1, 2005, Plaintiff filed his original Complaint in this matter under

17  USDC docket number C05-02213-SBA.  (Declaration of John Cox ("Cox Decl.") Exhibits 1

18  and 8.)  That Complaint named Maersk Nigeria, Ltd., Maersk Sealand Shipping

19  Worldwide, and Target Shipping Inc. as defendants.  (Id.)  Plaintiff alleged causes of

20  action for "extortion", breach of contract of carriage, "illegal revenue enhancement,"

21  fraudulent misrepresentation, intentional and negligent misrepresentation, "corruption,"

22  and illegal demurrage charges.  (Id.)

23          On September 6, 2005, Plaintiff voluntarily dismissed Defendant Target

24  Shipping Inc.  (Cox Decl., Exhibit 8.)

25          On October 14, 2005, Plaintiff filed an Amended Complaint against

26  "Blosada," Maersk, Inc., Maersk Line Ltd., and Maersk Nigeria Ltd.  (Id.; Cox Decl.,

27  Exhibit 2.)  The Amended Complaint alleged causes of action for breach of contract,

28  violations of 18 U.S.C. sections 1951(b)(2) and 201, and fraud.  (Id.)  On January 24,

NOTICE OF MOTION AND MOTION OF SPECIALLY APPEARING DEFENDANT A.P. MOLLER-
MAERSK A/S TO SET ASIDE DEFAULT AND DISMISS - Case No. C08-00786 PJH

1   2006, this Court dismissed with prejudice the causes of action for violations of 18 U.S.C.

2   sections 1951(b)(2) and 201. (Id.; Cox Decl., Exhibit 3.)  The Court further dismissed the

3   fraud cause of action but granted Plaintiff leave to amend.  (Id.)  The Court also

4   dismissed without prejudice Defendants Blosada and Maersk Nigeria, Ltd. for lack of

5   personal jurisdiction.   (Id.)

6           On February 16, 2006, Plaintiff filed a Second Amended Complaint against

7   Blosada, Maersk, Inc., Maersk Line Ltd., and Maersk Nigeria Ltd. (Cox Decl., Exhibit

8   4.)  The Second Amended Complaint failed to plead facts sufficient to establish

9   jurisdiction over Defendants Blosada and Maersk Nigeria Ltd. (Id.)  On April 13, 2006,

10  this Court dismissed Plaintiff's fraud claim.  (Cox Decl., Exhibit 14.)  On April 26, 2006,

11  this Court dismissed defendants Blosada and Maersk Nigeria Ltd.  (Cox Decl., Exhibit

12  5.)

13          On July 27, 2006, Plaintiff filed a Third Amended Complaint against "A.P.

14  Moller-Maersk Group (aka A.P. Moller-Maersk s/a aka Danish A.P. Moller-Maersk

15  Gruppen, aka Firmaet A.P. Moller."  The Third Amended Complaint also named

16  Maersk, Inc., and Maersk Line Ltd. (Cox Decl., Exhibit 6.)  The Third Amended

17  Complaint alleged a cause of action for breach of contract.  On November 7, 2006, this

18  Court granted Defendants Maersk, Inc. and Maersk Line Ltd.'s Motion to Dismiss.  (Cox

19  Decl., Exhibit 7.)  The Court further ordered Plaintiff to show cause as to why his

20  complaint should not be dismissed in its entirety for failure to serve A.P. Moller-Maersk.

21  (Id.)

22          On December 11, 2006, this Court dismissed Plaintiff's Third Amended

23  Complaint in its entirety.  (Cox Decl., Exhibit 9.)  In the Order dismissing Plaintiff's case

24  this Court held that

25          *This Court Dismisses Plaintiff's Third Amended*
            *Complaint in its Entirety for failure to serve Defendant*
26          *A.P. Moeller-Maersk.  Plaintiff has completely failed to*
            *show that he has properly served the one remaining*
27
            *Defendant, A.P. Moeller-Maersk consistent with Federal*
28          *Rule of Civil Procedure 4(f).*

                                                        KYL_SF463544

NOTICE OF MOTION AND MOTION OF SPECIALLY APPEARING DEFENDANT A.P. MOLLER-
MAERSK A/S TO SET ASIDE DEFAULT AND DISMISS - Case No. C08-00786 PJH

1   (Id.)

2          Plaintiff filed a Notice of Appeal on January 10, 2007.  (Cox Decl., Exhibit

3   10.)  Plaintiff is appealing the Court's December 11, 2006 Order and all interlocutory

4   orders that gave rise to that judgment.  (Id.)  The appeal is currently pending before the

5   United States Court of Appeals for the Ninth Circuit under docket number 07-15073.

6   (Cox Decl., Exhibit 11.)

7          On February 4, 2008, Plaintiff filed a duplicative Complaint ("New

8   Complaint") in this case under docket number C08-00786.  (Cox Decl., Exhibit 12.)  The

9   New Complaint, as captioned above, names A.P. Moller-Maersk Group[4], Maersk, Inc.,

10  Maersk Line Ltd., Maersk Nigeria, Ltd, A.P. Moller Nigeria, Ltd., Blosada, Nigerian

11  Port Authority, Nigerian Customs Authority, and the Attorney General of the Federal

12  Republic of Nigeria as Defendants.  (Id.)  Plaintiff has once again alleged causes of action

13  for (1) breach of contract; (2) intentional misrepresentation (Fraud); (3) negligent

14  misrepresentation; and (4) 18 U.S.C. section 1951.  The New Complaint has also added

15  improper causes of action under the Foreign Corrupt Practices Act, 15 U.S.C. section

16  78dd-1 *et seq*. and discrimination on the basis of national origin pursuant to 42 U.S.C.

17  section 1981.

18          On February 29, 2008, Plaintiff attempted to serve Defendant A.P. Moller-

19  Maersk A/S by transmitting a Notice of Lawsuit and Request for Waiver of Service of

20  Summons to the Defendant.  (Cox Decl., Exhibit 13.)  Plaintiff has failed to comply with

21  FRCP 4 and the Hague Convention on the Service Abroad of Judicial and Extrajudicial

22  Documents.  The address on the Proof of Service is not the correct address of Defendant's

23  office in Copenhagen, Denmark.  Moreover, Plaintiff's proof of service on the Defendant

24  does not indicate what, if anything, was attempted to be served on Defendant at the

25  _____

26  [4] As set forth above, A.P. Moller-Maersk Group is not an actual business entity.  Plaintiff
    alleges that Defendant A.P. Moller-Maersk A/S is "also known as" A.P. Moller-Maersk

27  Group.  While Plaintiff is incorrect, Specially Appearing Defendant A.P. Moller-Maersk
    A/S has brought this Motion to remedy this matter.

28

NOTICE OF MOTION AND MOTION OF SPECIALLY APPEARING DEFENDANT A.P. MOLLER-
MAERSK A/S TO SET ASIDE DEFAULT AND DISMISS - Case No. C08-00786 PJH

1   incorrect address.  (Cox Decl., Exhibit 16.)

2        On May 14, 2008, Defendants Maersk, Inc. and Maersk Line Limited filed

3   an Administrative Motion to Consider Whether Cases Should be Related.  (Cox. Decl.,

4   Exhibit 17.)

5        On June 18, 2008, Plaintiff filed a "Request to Enter Default" and a

6   "Request for Default Judgment" against Defendant A.P. Moller-Maersk A/S. (Cox Decl.,

7   Exhibit 15.)  On June 27, 2008 default was entered as to Defendant A.P. Moller-Maersk

8   A/S. (Cox. Decl. Exhibit 18.)

9        All of Plaintiff's Complaints filed in the above captioned matter and in his

10  first lawsuit under docket number 05-02213-SBA involve the same operative facts.  (Cox

11  Decl., Exhibits 1 and 12.)  On July 29, 2004, Plaintiff entered into a contract with Target

12  Shipping, Inc. to ship a cargo container of goods from Oakland, California to Lagos,

13  Nigeria. (Id.)  Those goods were shipped to Nigeria in cargo container MSKU8123127

14  and arrived on August 24, 2004. (Id.) The Nigerian Port Authority did not release the

15  cargo container until January 13, 2005. (Id.)  Plaintiff refused to pay demurrage charges

16  for the cargo container from August 2004 through January 2005. (Id.)

17

18  **IV.    LEGAL ARGUMENT**

19        **A.    This Court Lacks Jurisdiction Due To The Pending Appeal.**

20        This Court lacks jurisdiction over Plaintiff's refiled Complaint for the

21  simple reason that the original case, docket number C05—02213-SBA, is on appeal

22  before the United States Court of Appeals for the Ninth Circuit.  The filing of a notice of

23  appeal divests the district court of jurisdiction over the matters appealed.  McClatchy

24  Newspapers v. Cent. Valley Typographical Union No. 46, Intern. Typographical Union,

25  686 F. 2d 731, 734 (9th Cir. 1982) (citing Davis v. United States, 667 F.2d 822, 824 (9th

26  Cir. 1982); Taylor v. Wood, 458 F.2d 15, 16 (9th Cir. 1972); Sumida v. Yumen, 409 F.2d

27  654, 656-57 (9th Cir. 1969), cert. denied, 405 U.S. 964 (1972). "When a judgment is

28  appealed, jurisdiction over the case passes to the appellate court." McClatchy, 686 F.2d

NOTICE OF MOTION AND MOTION OF SPECIALLY APPEARING DEFENDANT A.P. MOLLER-
MAERSK A/S TO SET ASIDE DEFAULT AND DISMISS - Case No. C08-00786 PJH

1   at 734.

2        Rather than awaiting the decision of the Court of Appeals, Plaintiff has

3   essentially re-filed the same lawsuit against this Defendant.  Both actions involve the

4   same facts and circumstances – Plaintiff's claims arising out of his attempt to ship

5   household goods and personal effects from Oakland, California to Nigeria.  Plaintiff has

6   alleged virtually identical causes of action, although he has renamed several of them on

7   the cover page of his New Complaint.

8        Plaintiff can not meet his burden of establishing that this Court has

9   jurisdiction over the New Complaint.  Plaintiff's original lawsuit was dismissed in its

10  entirety.  His appeal of that dismissal is still pending.  That appeal divests this Court of

11  jurisdiction over the New Complaint.  Unless a plaintiff can prove otherwise, a federal

12  court must presume an action lies outside of its jurisdiction.  See Kokkonen v. Guardian

13  Life Ins. Co., 511 U.S. 375, 377 (1994); see also, Stock W., Inc. v. Confederated Tribes of

14  the Colville Reservation, 873 F.2d 1221, 1225 (9th Cir. 1989).  Accordingly, this Court

15  lacks jurisdiction over the New Complaint and it must be dismissed in its entirety.

16       **1.    The Entry Of Default Is Void Due To Lack Of Jurisdiction**

17       Without jurisdiction, an entry of default is void.  A default judgment

18  entered by a court which lacks jurisdiction over the defendant is void and may be set

19  aside at any time.  United States v. Forma, 42 F.3d 759, 762 (2d cir. 1994); Koehler v.

20  Dodwell, 152 F.3d 304, 307 (4th Cir. 1998).  See also  Foster v. Arletty 3 Sarl, 278 F.3d

21  409, 414 (4th Cir. 2002); Precision Etchings & Findings, Inc. v. LGP Gem, Ltd., 953 F.2d

22  21, 23 (1st Cir. 1992); Briley v. Hidalgo, 981 F.2d 246, 249 (5th Cir. 1993); Rodd v.

23  Region Constr. Co., 783 F.2d 89,91 (7th Cir. 1986); V.T.A., Inc. v. Airco, Inc., 597 F.2d

24  220, 224 (10th Cir. 1979).

25       As explained above, this Court lacks jurisdiction over this case as it is

26  pending appeal with the Ninth Circuit.  Specifically, Plaintiff has appealed the dismissal

27  of Defendant for failure to prosecute due to insufficiency of service of process.  This

28  Court has no jurisdiction over that issue.  Thus, the default that was entered on June 27,

- 11 -                              KYL_SF463544

1    2008 is entirely void.

2    **B.    Plaintiff's Claims Are Precluded Because This Court Dismissed**
3         **Plaintiff's Original Case for Failure To Prosecute.**

4         This Court previously dismissed Plaintiff's entire lawsuit. (Cox Decl.,

5    Exhibit 9.) On December 11, 2006, this Court found that Plaintiff had failed to

6    prosecute and dismissed the Complaint. (Id.) Plaintiff can not reverse this dismissal by

7    simply re-filing his lawsuit. His claims are precluded by the doctrine of res judicata.

8    The rule calling for dismissal of a subsequently filed action that is virtually identical to a

9    prior action which was dismissed for failure to prosecute has been recognized by a slew

10   of federal courts and applies to pro se plaintiffs. <u>Freedman v. Am. Export Isbrandtsen</u>

11   <u>Lines, Inc.</u>, 451 F.2d 157, *cert. denied* 405 U.S. 992 (3d Cir. 1975) [Dismissal of a pro se

12   seaman's suit for failure to prosecute precluded through res judicata a subsequent pro se

13   complaint containing the same allegation and requesting the same relief.]

14        A court's dismissal for failure to prosecute is sufficient to justify dismissal

15   of subsequent claims requesting essentially identical relief. <u>M.W. Zack Metal Co. v. Int'l</u>

16   <u>Nav. Corp. of Monrovia</u>, 675 F.2d 525, 529 (C.A.N.Y. 1982) [In a suit making claims for

17   cargo damages, the court held that an action for fraud that could have been entertained

18   in the prior case, which was dismissed for failure to prosecute, was barred: "[a]n

19   independent action for fraud may not be entertained if 'there was an opportunity to have

20   the ground now relied upon to set aside the judgment fully litigated in the original

21   action.'" (quoting <u>Serzysko v. Chase Manhattan Bank</u>, 461 F.2d 699, 702 n.2 (2nd Cir.),

22   *cert. denied*, 409 U.S. 883 (1972)]; <u>Kotakis v. Elgin, Joliet & Eastern Ry. Co.</u>, 520 F.2d

23   570, 576-577 (7th Cir. 1975), *cert. denied* 423 U.S. 1016 [Since former railroad employee's

24   claim alleging conspiracy between union and railroad to deprive employee of his right to

25   proper representation by union at grievance hearing challenged the same conduct and

26   sought essentially the same relief as was challenged in an earlier action against the

27   railroad, the claim was barred by dismissal of earlier action for want of prosecution.]

28   <u>See also</u> <u>Glendora v. City of White Plains</u>, 53 F. Supp. 2d 621, 625 (S.D.N.Y. 1999)

KYL_SF463544

1    [Under New York law of res judicata, an order dismissing a prior action precluded a

2    subsequent identical suit after appeal of the prior action was dismissed for failure to

3    prosecute]; Thiel v. Becker, 2002 WL 398546, *1 (not published) (7th Cir. 2002) [Because

4    a dismissal for failure to prosecute operates as an adjudication on the merits, a second

5    suit brought against the same party was dismissed on the grounds of claim preclusion.]

6         Here, this Court dismissed Plaintiff's original lawsuit for failure to

7    prosecute and that case is currently pending appeal. Instead of awaiting the appellate

8    decision, Plaintiff re-filed the same case with the New Complaint, which is virtually

9    identical to his Complaints in the original case. This type of action is wholly improper

10   and, as in Freedman and the other referenced cases, dismissal is justified as the

11   subsequent action is precluded by the ruling of the court in the former action.

12        The Ninth Circuit determines whether or not two claims are the same for

13   purposes of res judicata or claim preclusion with reference to the following criteria: (1)

14   whether the rights or interests established in the prior judgment would be destroyed or

15   impaired by prosecution of the second action; (2) whether substantially the same

16   evidence is presented in the two actions; (3) whether the two suits involve infringement

17   of the same right; and (4) whether the two suits arise out of the same transactional

18   nucleus of facts. Nordhorn v. Ladish Co., Inc., 9 F.3d 1402, 1405 (9th Cir. 1993). The

19   last of these criteria is the most important. Id.; Costantini v. Trans World Airlines, 681

20   F.2d 1199, 1201-02 (9th Cir. 1982).

21        Each of the above factors supports a determination that the claims in this

22   lawsuit are precluded. Defendant's rights and interests would be destroyed or impaired

23   by prosecution of Plaintiff's new case. This Court ultimately dismissed Plaintiff's

24   complaint in its entirety. Allowing Plaintiff to proceed with the New Complaint would in

25   essence allow Plaintiff to force the Defendant to re-litigate the same meritless lawsuit a

26   second time.

27        In the previous lawsuit, Plaintiff named the Defendants Maersk, Inc. and

28   Maersk Line Ltd. who were ultimately dismissed from the case by summary judgment

- 13 -                                        KYL_SF463544

1    granted November 7, 2006.  Plaintiff also named "A.P. Moller-Maersk Group (a.k.a. **A.P.**

2    **Moller-Maersk A/S** aka Danish A.P. Moller Gruppen aka Firmet A.P. Moller", Maersk

3    Nigeria, Ltd. and Blosada.  Each of those parties was dismissed from the prior lawsuit at

4    various times by the Court's Orders.  Plaintiff has re-named each of the above

5    Defendants in the New Complaint.

6           The same evidence is involved in both cases.  A review of the New

7    Complaint and the various Complaints and Orders from the prior lawsuit shows that the

8    exact same facts and transaction are involved.  Plaintiff has re-filed his lawsuit with the

9    same claims against the same parties out of displeasure with the prior dismissal.  The

10   evidence involved in the new case has already been heard by this Court in the prior

11   action.

12          The lawsuits involve the alleged infringement of the same right.  Plaintiff

13   claims that Defendants have improperly prevented him from obtaining his goods from

14   the cargo container they were shipped in.  Plaintiff's causes of action in the New

15   Complaint are nearly identical to those in his suit on appeal.

16          Most importantly the two lawsuits arise out of the same transactional

17   nucleus of facts.  On July 29, 2004, Plaintiff entered into a contract  with Target

18   Shipping, Inc. to ship a cargo container of goods from Oakland, California to Lagos,

19   Nigeria.  (Cox Decl., Exhibits 1 and 12.)  Those goods were shipped to Nigeria in cargo

20   container MSKU8123127 and arrived on August 24, 2004.  (Id.)  The Nigerian Port

21   Authority did not release the cargo container until January 13, 2005.  (Id.)  Plaintiff

22   refused to pay demurrage charges for the cargo container from August 2004 through

23   January 2005.  (Id.)  This Court has already dealt with the legal issues and facts in the

24   prior litigation.  Plaintiff's original complaint was filed back in June of 2005, and this

25   Court afforded Plaintiff multiple opportunities to amend his complaint up until July

26   2006, when Plaintiff finally filed his Third and final Amended Complaint in the former

27   action.  After providing ample opportunity to Plaintiff and nearly six months after the

28   filing of the Third Amended Complaint, the court dismissed the entirety of Plaintiff's

KYL_SF463544

NOTICE OF MOTION AND MOTION OF SPECIALLY APPEARING DEFENDANT A.P. MOLLER-
MAERSK A/S TO SET ASIDE DEFAULT AND DISMISS - Case No. C08-00786 PJH

1  case for failure to prosecute as Plaintiff failed to serve process on Defendant.

2       In summary, Plaintiff cannot re-file virtually identical claims to circumvent

3  the prior ruling of this Court.  This Court dismissed the entirety of Plaintiff's claims for

4  failure to prosecute.  Therefore, Plaintiff's entire claim is precluded by the doctrine of res

5  judicata.

6       **C.    Plaintiff Is Barred From Bringing A Duplicative Complaint**

7       Duplicative complaints are not allowed.  Plaintiffs generally have "no right

8  to maintain two separate actions involving the same subject matter at the same time in

9  the same court and against the same defendant." <u>Adams v. California Dep't of Health</u>

10 <u>Servs.</u>, 487 F.3d 684, 688-89 (9th Cir. 2007); <u>Hartsel Springs Ranch of Colorado, Inc. v.</u>

11 <u>Bluegreen Corp.</u>, 296 F.3d 982, 989 (10th Cir.2002) (internal quotation marks omitted).

12 <u>Walton v. Eaton Corp.</u>, 563 F.2d 66, 70 (3rd Cir. 1977); <u>see also</u> <u>Curtis v. Citibank, N.A.</u>,

13 226 F.3d 133, 138-39 (2nd Cir. 2000); <u>Serlin v. Arthur Andersen & Co.</u>, 3 F.3d 221, 223-24

14 (7th Cir.1993); <u>Oliney v. Gardner</u>, 771 F.2d 856, 859 (5th Cir.1985); <u>Zerilli v. Evening</u>

15 <u>News Ass'n</u>, 628 F.2d 217, 222 (D.C.Cir.1980); <u>Sutcliffe Storage & Warehouse Co. v.</u>

16 <u>United States</u>, 162 F.2d 849, 851 (1st Cir.1947).  After weighing the equities of the case,

17 the district court may exercise its discretion to dismiss a duplicative later-filed action.

18 <u>Adams</u>, 487 F.3d at 688.

19      In <u>Adams</u>, the court observed that the plaintiff "filed her present [i.e.

20 subsequent] complaint in an attempt to circumvent the district court's denial of her

21 untimely motion for leave to amend her first complaint." <u>Id.</u> at 688.  The factual

22 similarity between <u>Adams</u> and the present case is nearly complete in that here, as in

23 <u>Adams</u>, the subsequent case is an attempt to circumvent actual or perceived barriers to

24 the desired outcome of the case that were erected as a result of the Plaintiff's failure to

25 prosecute.  As the court in <u>Adams</u> observed, " 'the fact that the plaintiff was denied leave

26 to amend does not give h[er] the right to file a second lawsuit based on the same facts.'

27 [Citation.] Plaintiffs generally have 'no right to maintain two separate actions involving

28 the same subject matter at the same time in the same court and against the same

- 15 -                                           KYL_SF463544

1    defendant.' [Citation.]" <u>Id.</u> (quoting <u>Hartsel Springs Ranch of Colorado, Inc. v.</u>

2    <u>Bluegreen Corp.</u>, 296 F.3d 982, 989 (10th Cir.2002); and <u>Walton v. Eaton Corp.</u>, 563 F.2d

3    66, 70-71 (3d Cir. 1977)).

4          To determine whether a suit is duplicative, we borrow from the test for

5    claim preclusion. <u>Adams</u>, 487 F.3d at 689. As the Supreme Court stated in The Haytian

6    Republic, "the true test of the sufficiency of a plea of 'other suit pending' in another

7    forum [i]s the legal efficacy of the first suit, when finally disposed of, as 'the thing

8    adjudged,' regarding the matters at issue in the second suit." 154 U.S. 118, 124 (1894);

9    <u>see also</u> <u>Hartsel Springs Ranch</u>, 296 F.3d at 987 n. 1 ("[I]n the claim-splitting context,

10   the appropriate inquiry is whether, assuming that the first suit were already final, the

11   second suit could be precluded pursuant to claim preclusion."); <u>Curtis</u>, 226 F.3d at 139-

12   40 ("[T]he normal claim preclusion analysis applies and the court must assess whether

13   the second suit raises issues that should have been brought in the first."); <u>Davis v. Sun</u>

14   <u>Oil Co.</u>, 148 F.3d 606, 613 (6th Cir.1998) (per curiam) [Referring to the doctrine against

15   claim-splitting as "the 'other action pending' facet of the res judicata doctrine."]

16         The fact that Plaintiff has set forth additional causes of action in the New

17   Complaint is irrelevant. A Plaintiff is required to bring at one time all of the claims

18   against a party or privies relating to the same transaction or event. <u>Adams</u>, 487 F.3d at

19   693. Moreover, Plaintiff's new causes of action against Defendant in the New Complaint

20   are improper. First, Plaintiff has alleged a new cause of action under the Foreign

21   Corrupt Practices Act, 15 U.S.C. section 78dd-1 <i>et seq.</i>  There is no private right of

22   action under that act. <u>Lamb v. Phillip Morris, Inc.</u>, 915 F.2d 1024, 1027 (6th Cir. 1990).

23   Second, Plaintiff now alleges discrimination based upon his national origin pursuant to

24   42 U.S.C. section 1981(a). Aside from the fact that Plaintiff has not and can not plead

25   any fact to support this claim, section 1981 does not address discrimination based upon

26   national origin. <u>Saint Francis Coll. v. Al-Khazraji</u>, 481 U.S. 604, 606, 609 (1987).

27         As set forth above in section IV(B), Plaintiff's New Complaint is precluded

28   under the doctrine of res judicata and should be dismissed. For those same reasons

- 16 -

NOTICE OF MOTION AND MOTION OF SPECIALLY APPEARING DEFENDANT A.P. MOLLER-
MAERSK A/S TO SET ASIDE DEFAULT AND DISMISS - Case No. C08-00786 PJH

1   Plaintiff's New Complaint is duplicative.  Plaintiff's New Complaint seeks the same

2   remedies against the same parties based upon the same facts.  In dismissing a

3   duplicative lawsuit with prejudice, the district court protects the parties from vexatious

4   and expensive litigation, conserves judicial resources and encourages reliance upon

5   adjudication.  Adams, 487 F.3d at 693.  Defendant asserts that this Court should

6   exercise its discretion, in accord with its earlier rulings, and dismiss this lawsuit in its

7   entirety with prejudice.

8           **D.     Plaintiff Has Failed To Properly Serve Defendants For More Than
9                    Five Months Since Filing The New Complaint**

10          Plaintiff has failed to properly serve Defendants for almost half a year since

11  filing the New Complaint.   Without proper service, Plaintiff has requested an entry of

12  default against Defendant.  Plaintiff's case should be dismissed for failure of service of

13  process.

14          Federal Rule of Civil Procedure 4(f) governs service of process upon entities

15  in foreign countries.   It provides, in relevant part:

16                  [u]nless otherwise provided by federal law, service upon an
                    individual from whom a waiver has not been obtained and
17                  filed, other than an infant or an incompetent person, may be
                    effected in a place not within any judicial district of the United
18                  States: (1) by any internationally agreed means reasonably
                    calculated to give notice, such as those means authorized by
19                  the Hague Convention on the Service Abroad of Judicial and
                    Extrajudicial Documents;

20

21  FRCP 4(f)(1).[5] Because both the United States and Denmark are signatories to the

22

23

24  [5] The Hague Convention applies when the internal law of the forum country requires the
    transmittal of documents abroad as a necessary part of the service.  Volkswagenwerk
25  Aktiengesellschaft v. Schlunk, 486 U.S. 694 (1988).  The Hague Convention is a
    multinational treaty, formed in 1965 for the purpose of creating an "appropriate means
26  to ensure that judicial and extrajudicial documents to be served abroad shall be brought
    to the notice of the addressee in sufficient time."  Hague Convention preamble, 20 U.S.T.
27  361, 362, T.I.A.S. No. 6638.

28

                                                                                    KYL_SF463544

NOTICE OF MOTION AND MOTION OF SPECIALLY APPEARING DEFENDANT A.P. MOLLER-
MAERSK A/S TO SET ASIDE DEFAULT AND DISMISS - Case No. C08-00786 PJH

1  Hague Convention,[6] service of process on a Denmark defendant in Denmark by an

2  American Plaintiff is governed by the provisions of the treaty.  Volkswagenwerk

3  Aktiengesellschaft v. Schlunk, 486 U.S. 694, 705 (1988).  The Hague Convention

4  provisions are mandatory; failure to comply voids the attempted service.  Id.  State and

5  Federal courts cannot exercise jurisdiction over foreign nationals where to do so would

6  violate an international treaty to which the United States is party.  United States v.

7  Pink, 315 U.S. 203, 230 (1942).

8          The Ninth Circuit has held that the Hague Convention requires service by

9  mail with proof that the summons was received by return receipt.  Brockmeyer v. May,

10  383 F.3d 798, 802-803 (9th Cir. 2004) (requiring signed receipt and sent by court clerk).

11  Moreover, Denmark does not accept service of documents by mail.  Hague Convention,

12  Article 10 (and annotations) 20 U.S.T. 361; Lyman Steel Corp. v. Ferrostaal Metals

13  Corp., 747 F. Supp. 389 (N.D. Ohio 1990) [Held that process had to be served upon a

14  corporation in accordance with the Hague Convention, Arts. 10, 10(a) and service could

15  not made by sending a copy of the summons and complaint, written in English, by

16  registered mail.]; 18 A.L.R. Fed. 2d 185 (See also Cox Decl., Exhibit 9, p.3: 3-4, where

17  this Court recognized the fact that Plaintiff has failed to address the fact that Denmark

18  does not accept service of documents by mail as one of the factors supporting dismissal of

19  Plaintiff's original case for failure to prosecute.)  Moreover, mere service of a request for

20  waiver of service of summons to the general address of a corporate defendant is

21  insufficient to constitute service, unless waiver is provided.  Fed. R. Civ. Proc. 4, cmt. 4-

22  17 ["A waiver request sent to the general address of a corporate defendant, for example,

23  won't do."]

24          Here, Plaintiff attempted to serve the New Complaint on Defendant by

25  requesting that Defendant execute and return a "Waiver Of Service Of Summons."  In

26  _____

27  [6] Hague Convention, opened for signature November 15, 1965; entered into force for the United States February 10, 1969; for Denmark October 1, 1969.  20 U.S.T. 361; 658 U.N.T.S. 163.

28

NOTICE OF MOTION AND MOTION OF SPECIALLY APPEARING DEFENDANT A.P. MOLLER-MAERSK A/S TO SET ASIDE DEFAULT AND DISMISS - Case No. C08-00786 PJH

1    February of 2008, Plaintiff sent a Request for Waiver of Service of Summons to "AP

2    Moller-Maersk Group A/S." The Request was not sent to the Defendant's principal office

3    in Copenhagen. Defendant did not execute the Waiver of Service of Summons form and

4    Plaintiff does not allege that he received such a waiver from the Defendant. It was

5    Plaintiff's choice to request a waiver. Cal. Prac. Guide Fed. Civ. Pro. Before Trial Ch. 5-

6    E § 5:95 (2008) [The notice and request for waiver of service procedure is optional with

7    plaintiff. Plaintiff is under no duty to utilize this procedure and may choose instead to

8    effect service of summons . . . .] Without waiver, Plaintiff was required to properly serve

9    Defendant. Plaintiff presented a proof of service form relating to the defective service on

10   the Defendant. (Cox Decl., Exhibit 16.) The proof lists the incorrect address for service

11   and also fails to identify what, if any, of the documents were served. (Id.) Plaintiff's

12   "half-hearted" efforts to effect service are not acceptable. Lovelace v. Acme Mkts., Inc.,

13   820 F.2d 81, 84 (3d. Cir.), cert. denied 484 U.S. 965 (1987).

14        Where service is defective, a defendant is entitled to move to dismiss the

15   action or quash the service of summons. Hayes v. Woodford, 444 F. Supp. 2d 1127, 1135

16   (S.D. Cal. 2006) [District Court lacked personal jurisdiction over prison official due to

17   improper service of process, where prisoner failed to personally serve official within the

18   120-day time limit and did not demonstrate any reason for this failure.] Picking v.

19   Pennsylvania R. Co., 151 F.2d 240, 252 (3d Cir. 1945), overruled on other grounds by

20   Bauers v. Heisel, 361 F.2d 581, 584 (3d Cir. 1966) [Federal district court has broad

21   discretion to dismiss at any time a complaint as to nonresident defendants who have not

22   been served with process.]; Spencer v. Town of Chapel Hill, 290 F. Supp. 2d 655, 658

23   (M.D.N.C. 2003) [Plaintiff's failure to serve summons and complaint on certain named

24   defendants warranted dismissal of claims against those defendants.]; Russell v. Rook,

25   893 F. Supp. 949, 951 (D. Wash. 1995) [Taxpayers' failure to demonstrate that they

26   made proper service of process on the United States, despite being reminded by court

27   order, necessitated dismissal of refund or quiet title action.]; 27A Fed. Proc., L. Ed. §

28   62:495 (2008).

KYL_SF463544

NOTICE OF MOTION AND MOTION OF SPECIALLY APPEARING DEFENDANT A.P. MOLLER-
MAERSK A/S TO SET ASIDE DEFAULT AND DISMISS - Case No. C08-00786 PJH

Because Plaintiff has failed to effect proper service on Defendant, the case should be dismissed or, at the very least, the service of the summons should be quashed. There is no credible evidence submitted by the Plaintiff that would establish that the Defendant waived proper service. Service of the complaint was required to be made in accordance with the rules of procedure regarding service of a summons and complaint as set forth in FRCP 4 and the Hague Convention and Plaintiff bears the burden of showing proper service. See e.g., Lindsey, 448 F. Supp. 2d at 42; Mazda Motor of Am., Inc., 920 F. Supp. at 1170. Plaintiff, however, failed to properly effect service pursuant to any of the authorized statutory means for service of process. Accordingly, the entry of default should be set aside and this action dismissed as to the moving Defendant.

### 1.    The Entry Of Default Is Void Due To Insufficient Service

Defects in the service of process render a judgment void and subject to direct attack by a motion for relief from default. Mason v. Genisco Tech. Corp., 960 F.2d 849, 851 (9th Cir. 1992). Default is not permitted without proper service. Fed. R. Civ. Proc. 4, cmt. 4-37 ["Of course, if the defendant was never served at all, not only will the default be vacated; the action will be dismissed as well."]; SEC v. Internet Solutions for Business Inc., 509 F.3d 1161, 1165-1166 (9th Cir. 2007) [A motion for relief from default may be granted where the defendant, even if he or she had actual notice, demonstrates defects in the service of process]; Carimi v. Royal Caribbean Cruise Line, Inc., 959 F.2d 1344, 1345 (5th Cir. 1992) (same).

As explained above, Plaintiff has failed to properly serve process on Defendant, instead making inadequate attempts at service by requesting waivers, and serving a proof to the wrong address with no information regarding the content of the service. Moreover, since these "half-hearted" attempts, Plaintiff continued to fail to effectuate service on the Defendant for over five months. Without service, Plaintiff improperly obtained an entry of default against the Defendant. The fatal defect in service of process renders the default void.

NOTICE OF MOTION AND MOTION OF SPECIALLY APPEARING DEFENDANT A.P. MOLLER-MAERSK A/S TO SET ASIDE DEFAULT AND DISMISS - Case No. C08-00786 PJH

1   **E.     Plaintiff's Claims Are Time Barred**

2           All of Plaintiff's claims in the New Complaint are time barred.  At the

3   latest, all of Plaintiff's causes of action accrued as of January 13, 2005 at which time the

4   Nigerian government released his cargo container and he learned of the additional

5   demurrage charges.  According to law, Plaintiff's claims all accrued in August of 2004

6   when his goods were delivered to Nigeria and he could not obtain them.  All of Plaintiff's

7   causes of action in the New Complaint are time barred.

8           **1.     Plaintiff's Breach Of Contract Claim Is Time Barred**

9           Plaintiff's breach of contract cause of action is subject to a one year statute

10  of limitations.  Breach of maritime contract for the transportation of goods is controlled

11  by the Carriage of Goods by Sea Act, 46 U.S.C. 30701, *et seq.*.[7]  "Every bill of lading or

12  similar document of title which is evidence of a contract for the carriage of goods by sea

13  to or from ports of the United States, in foreign trade, shall have effect subject to the

14  provisions of this chapter."  46 U.S.C. app. § 30701, note; <u>Sea-Land Servs., Inc. v. Lozen</u>

15  <u>Int'l LLC</u>, 285 F.3d 808, 816-817 (9th Cir. 2002).  Plaintiff's contract to ship his goods to

16  Nigeria, which he attached to the New Complaint, is a billing of lading as it clearly

17  states on the top left corner of the document. ***"In any event the carrier and the ship***

18  ***shall be discharged from all liability in respect of loss or damage unless suit is***

19  ***brought within one year after delivery of the goods or the date when the goods***

20  ***should have been delivered."***  46 U.S.C. § 30701, note (emphasis added).  Therefore,

21  Plaintiff's breach of contract claim is time barred because he failed to file this New

22  _____

23  [7] The Harter Act of February 13, 1893 (Ch. 105, 27 Stat. 445) enacted as the Carriage of
    Goods by Sea Act was until recently codified as former section 46 U.S.C. Appendix §
24  1300-1315.  In 2006, those sections were renumbered as 46 U.S.C. §§ 30701 *et seq.*
    without revision, repeal, or omission (Pub. L. 109-304, Oct. 6, 2006; *See also*, 46 U.S.C. §
25  30701, note.) Those notes reference the origination of COGSA as the Harter Act of
    February 13, 1893 (ch. 105, 27 Stat. 445).  Section 3(6) of the Harter Act setting forth the
26  period of limitations states, "In any event the carrier and the ship shall be discharged
    from all liability in respect of loss or damage unless suit is brought within one year after
27  delivery of the goods or the date when the goods should have been delivered."

28

KYL_SF463544

NOTICE OF MOTION AND MOTION OF SPECIALLY APPEARING DEFENDANT A.P. MOLLER-
MAERSK A/S TO SET ASIDE DEFAULT AND DISMISS - Case No. C08-00786 PJH

1 | Complaint by January 13, 2006.

### 2. Plaintiff's Negligent and Intentional Misrepresentation (Fraud) Claims Are Time Barred

While all of Plaintiff's claims are time barred pursuant to COGSA, they would also be time barred under California law.  Claims for fraud and negligence are subject to a three year statute of limitations in California.  Cal. Civ. Proc. § 338(d).  Accordingly, Plaintiff's claim for negligent misrepresentation and intentional misrepresentation or fraud claim is three years.  In the light most favorable to Plaintiff, he was required to file this claim no later than January 13, 2008.  Having failed to do so, this claim is time barred.

### 3. Plaintiff's Conversion Claim Is Time Barred

While Plaintiff does not specifically plead a claim for conversion, he includes one on the caption of his New Complaint.  Under California law a cause of action for conversion is subject to a three year statute of limitations.  Cal. Civ. Proc. § 338(c); Allsopp v. Joshua Hendy Mach. Works, 5 Cal. App. 228 (1907).  Therefore this claim is also time barred as of January 13, 2008.

### 4. Plaintiff's Interference With Commerce And Foreign Corrupt Practices Act Claims Are Criminal Statutes With No Private Right Of Action

Plaintiff has erroneously alleged a cause of action for violation of the Foreign Corrupt Practices Act, 15 U.S.C. sections 78dd-1 *et seq*.  As stated above, there is no private right of action under this Act.  Lamb v. Phillip Morris, Inc., 915 F.2d 1024, 1027 (6th Cir. 1990).  Similarly, as this Court previously determined in this case, there is no private right of action for interference with commerce pursuant to 18 U.S.C. 1951.  Wisdom v. First Midwest Bank, 167 F.3d 402, 407 (8th Cir. 1999); Thompson v. Thompson, 484 U.S. 174, 179 (1998); (Cox Decl., Exhibit 3).  Therefore, Plaintiff's claims are simply barred and he can not be entitled to any relief.

**5.    Plaintiff's Discrimination Based Upon National Origin Claim Is Time Barred**

California's one-year statute of limitations for personal injury actions governs claims brought pursuant to 42 U.S.C. § 1981. <u>Taylor v. Regents of the Univ. of California</u>, 993 F.2d 710, 711 (9th Cir.1993).  Accordingly, this claim was time barred as of January 13, 2006.

**V.    CONCLUSION**

Plaintiff's New Complaint is a vexatious attempt to re-litigate a lawsuit that he lost.  He has re-filed this lawsuit and obtained default against the Defendant while the appeal from his original case is still pending.  This Court has no jurisdiction over this case during the pendency of that appeal.  Even if the court had jurisdiction over the New Complaint, it is barred under principles of res judicata.  Moreover, this Court has the discretion to dismiss this duplicative complaint.  Aside from all of these dispositive arguments all of Plaintiff's claims are time barred.  In short, there is no legal or equitable theory for continuing this lawsuit, the default entered in this case is void, and Plaintiff's case should be dismissed with prejudice.  Accordingly, Defendant respectfully requests that this Court set aside the default and dismiss Plaintiff's entire New Complaint with prejudice.

DATED:  July ___, 2008

JOHN D. GIFFIN
JOHN COX
KEESAL, YOUNG & LOGAN
Specially Appearing for DefendantA.P.
MOLLER-MAERSK A/S

KYL_SF463544

NOTICE OF MOTION AND MOTION OF SPECIALLY APPEARING DEFENDANT A.P. MOLLER-MAERSK A/S TO SET ASIDE DEFAULT AND DISMISS - Case No. C08-00786 PJH