1   JOHN D. GIFFIN, CASB No. 89608
    john.giffin@kyl.com
2   JOHN COX, CASB NO. 197687
    john.cox@kyl.com
3   KEESAL, YOUNG & LOGAN
    A Professional Corporation, Suite 1500
4   Four Embarcadero Center
    San Francisco, California 94111
5   Telephone:   (415) 398-6000
    Facsimile:   (415) 981-0136
6
7   Specially Appearing for Defendant A.P. MOLLER-MAERSK A/S

8               UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11  RAIMI SHOAGA,                          )  Case No. C08-00786 PJH
                                           )
12                        Plaintiff,       )  **DECLARATION OF JOHN COX IN**
                                           )  **SUPPORT OF SPECIALLY**
13             vs.                         )  **APPEARING DEFENDANT A.P.**
                                           )  **MOLLER-MAERSK A/S' MOTION TO**
14  A.P. MOLLER – MAERSK GROUP aka         )  **SET ASIDE DEFAULT AND DISMISS**
    A.P. Moller – Maersk a/s aka Danish A.P. )
15  MOLLER-MAERSK GRUPPEN aka              )
    FIRMET A.P. MOLLER, MAERSK, INC.,      )  Date:  August 13, 2008
16  MAERSK LINES, LTD.; MAERSK             )  Time:  9 a.m.
    NIGERIA, LTD., aka MAERSK, aka         )  Dept:  Courtroom 3, 17th Floor, United
17  MAERSK SEALAND; A.P. MOLLER            )  States District Judge Phyllis J. Hamilton
    NIGERIA, LTD.; BLOSADA; NIGERIAN       )
18  PORT AUTHORITY; NIGERIAN               )
    CUSTOMS AUTHORITY; ATTORNEY            )
19  GENERAL OF THE FEDERAL                 )
    REPUBLIC OF NIGERIA,                   )
20                                         )
                                           )
21                        Defendants.      )
    _____)

22       I, JOHN COX declare as follows:

23       1.    I am an attorney at law licensed to practice before this Court and employed

24  as an associate by the law firm Keesal, Young & Logan, specially appearing for

25  Defendant A.P. MOLLER-MAERSK A/S ("Defendant") in this matter.  I have personal

26  knowledge of the facts set forth below and, if called upon to testify as a witness, could

27  testify competently thereto.

28                                    - 1 -                          KYL_SF463728

DECLARATION OF JOHN COX IN SUPPORT OF SPECIALLY APPEARING DEFENDANT A.P.
MOLLER-MAERSK A/S' MOTION TO SET ASIDE DEFAULT AND DISMISS – CASE NO. C08-00786
PJH

2.    This Declaration is submitted in support of Defendant's Motion to Set Aside Default and Dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 55, Rule 12(b)(1), 12(b)(5), and 12(b)(6).

3.    On June 1, 2005, Mr. Shoaga filed his first lawsuit against Defendants MAERSK, INC., MAERSK LINES, LTD, *Shoaga v. A.P. Moller-Maersk Group, et. al*, Case No. C05-02213. A true and correct copy of that Complaint is attached hereto as "Exhibit 1."

4.    On October 14, 2005, Plaintiff filed an Amended Complaint in C05-02213-SBA. A true and correct copy of that Amended Complaint is attached hereto as "Exhibit 2."

5.    A true and correct copy of the Honorable Saundra Brown Armstrong's Order dated January 24, 2006 is attached hereto as "Exhibit 3."

6.    On February 16, 2006, Plaintiff filed a Second Amended Complaint in C05-02213-SBA. A true and correct copy of that document is attached hereto as "Exhbit 4."

7.    A true and correct copy of the Honorable Saundra Brown Armstrong's Order dated April 26, 2006 is attached hereto as "Exhibit 5."

8.    On July 27, 2006, Plaintiff filed a Third Amended Complaint in C05-02213-SBA naming Defendant A.P. MOLLER-MAERSK A/S. A true and correct copy of that document is attached hereto as "Exhibit 6."

9.    A true and correct copy of the Honorable Saundra Brown Armstrong's Order dated November 7, 2006 is attached hereto as "Exhibit 7."

10.    A true and correct printout of the Civil Docket in C05-02213-SBA dated July 1, 2008 is attached hereto as "Exhibit 8."

11.    A true and correct copy of the Honorable Saundra Brown Armstrong's Order dated December 11, 2006 is attached hereto as "Exhibit 9."

12.    A true and correct copy of Plaintiff's Notice of Appeal in C05-02213-SBA dated January 11, 2007 is attached hereto as "Exhibit 10."

- 2 -

KYL_SF463728

1   13. A true and correct copy of the United States Court of Appeals for the Ninth

2 Circuit's General Docket for Appellate Case Number 07-15073 dated July 1, 2008 is

3 attached hereto as "Exhibit 11."

4   14. On February 4, 2008, Mr. Shoaga filed this duplicative lawsuit against

5 Defendant A.P. MOLLER-MAERSK A/S, *Shoaga v. A.P. Moller-Maersk Group, et. al*,

6 Case No. C08-00786.  A true and correct copy of that Complaint is attached hereto as

7 "Exhibit 12."

8   15. On February 19, 2008, Mr. Shoaga sent a "Notice of Lawsuit and Request

9 For Waiver of Service of Summons" to "A.P. Moller-Maersk Group A/S."  A true and

10 correct copy of Plaintiff's Request is attached hereto as "Exhibit 13."

11   16. A true and correct copy of the Honorable Saundra Brown Armstrong's

12 Order dated April 13, 2006 is attached hereto as "Exhibit 14."

13   17. On May 14, 2008, Defendants Maersk Line Limited and Maersk, Inc. filed

14 an Administrative Motion to Consider Whether Cases Should be Related.  A true and

15 correct copy of that Motion is attached hereto as "Exhibit 15."

16   18. On June 18, 2008, Mr. Shoaga filed a Request to Enter Default and a

17 Request for Default Judgment against Defendant A.P. Moller-Maersk A/S.  A true and

18 correct copy of Plaintiff's Request for Default and Default Judgment are attached hereto

19 as "Exhibit 16."

20   19. On June 24, 2008, Mr. Shoaga filed a proof of service with this court as

21 Exhibit B to Plaintiff's Opposition to Administrative Motion to Consider Whether Cases

22 Should be Related.  A true and correct copy of that Exhibit is attached hereto as "Exhibit

23 17."

24   20. On June 27, 2008, the clerk of this Court, entered default against

25 "Defendant A.P. Moller-Maersk Group, aka A.P. Moller Maersk A/S, aka Danish A.P.

26 Moller-Maersk Gruppen, aka Firmaet A.P. Moller Maersk."  A true and correct copy of

27

28          - 3 -         KYL_SF463728

1    the entry of default is attached as "Exhibit 18."

2            Executed this 1st day of July, 2008 at San Francisco, California.

3            I declare under penalty of perjury under the laws of the United States that the

4    foregoing is true and correct.

5

6                                                                    JOHN COX

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                          - 4 -                                    KYL_SF463728

DECLARATION OF JOHN COX IN SUPPORT OF SPECIALLY APPEARING DEFENDANT A.P.
MOLLER-MAERSK A/S' MOTION TO SET ASIDE DEFAULT AND DISMISS – CASE NO. C08-00786
PJH

1  RAIMI SHOAGA
   1080 - 67th Street, Apt #E
2  Oakland, Calif. 94608
   Tel: 510-597-9855 (H)
3

4  pro se

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11 RAIMI SHOAGA              )  Case No. C05-02213
   EMMANUEL NTEKUME          )
12 CHARLES MAIKI             )
   JOSEPH OLOKETUYI          )  PLAINTIFF'S COMPLAINT FOR
13                           )  DAMAGES ARISING FROM EXTORTION,
                             )  BREACH OF CONTRACT OF CARRIAGE,
14 VS.                       )  ILLEGAL REVENUE ENHANCEMENT,
                             )  FRAUDULENT MISREPRESENTATION,
15 BOLSADA                   )  INTENTIONAL & NEGLIGENT
   MAERSK SEALAND SHIPPING   )  MISREPRESENTATION, CORRUPTION
16 WORLDWIDE (dba: MAERSK)   )  (Bribery & Graft), ILLEGAL
   TARGET SHIPPING INC.      )  DEMURRAGE CHARGES.
17 MAERSK NIG - LTD          )
   and DOES 1-25             )  JURY TRIAL DEMANDED
18                           )
                             )
19 _____  )

20

21            INTRODUCTION

22     Plaintiff Raimi Shoaga was a co-defendant in previous

23 Federal Case No. C 04- 00373SBA Rilwan Latona v. Target Shipping

24 Inc. et al. On or about July 29th 2004 plaintiff Raimi Shoaga

25 entered into a shipping contract with Maersk through her shipping

26 agent. This was a prepaid services whereby plaintiff paid $5,100

27 ($4,500 for actual shipping and $600 additional for equipment

28 detention or demurrage of the container). The cargo was

                           1

ORIGINAL
FILED

JUN - 1 2005

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND



EXHIBIT  1
         6/1/05

1  discharged since August, 2004 at Apapa, Lagos, Nigeria. An empty

2  "certified ocean going container" readily sells between $1,500

3  to $2,300 in Nigeria or in the United States. The release of the

4  cargo was the sole responsibility of the Federal Government of

5  Nigeria (FGN) who has exclusive authority as to time, place, and

6  when. Nigeria is a very **LAWLESS PLACE** with excessive high

7  inflation and unemployment rate. Any opportunity to make money or

8  bleed any individual for money seems lucrative to an average

9  Nigerian. Corruption (bribery and graft) is a way of life and

10 defendants are taking full advantages of lawlessness in Nigeria

11 to further enhance their revenues.

12      Plaintiff Raimi Shoaga was in Nigeria on or about January

13 2005 in order to investigate the delay of Maersk Container

14 #MSKU 8123727; S # 506667, and to visit with relatives. Maersk

15 demurrage charges was over $10,000 U. S dollars or N1.5 million

16 Naira as of January, 2005 and probably have exceeded $30,000 U.S

17 at the time of filing this case. This container will be paid

18 over15 times. Things just about to get interesting with

19 unreasonable and irresponsible Maersk. The demand went further as

20 follows:

21      (1) Maersk wants their container back within 24 hours after
          its release.
22      (2) Maersk wants a deposit equivalent tothe cost of buying
          another container before any release can take place,
23          apart from the illegal demurrage charges.
          PLEASE NOTE THAT THE SAID CONTAINER WAS IN THE CUSTODY
24      OF FGN AT THE NIGERIAN PORT AUTHORITY STORAGE YARD.

25    For the sake of simplicity, and since this case was in the

26 Federal court in the United States, all monetary value will be

27 stated in U. S dollars    . However, the official conversion rate

28 was N135.00 = $1.00 U.S. Therefore, about $8,000 is equivalent to

N1.0 million Naira. Any high ranking officer in the Nigerian government including a University Provost or the country's President does not make this type of money in salary per year. Besides this fact, plaintiff Raimi Shoaga do not have any implicit or explicit arrangements with defendants regarding demurrages charges. Any demurrage charges over and above the cost of buying a 40ft high cube container similar to the one in question is totally illegal because the container should be sold at that level. Sometimes in Feb. 2005, plaintiff approached Attorney James Nebel, the gentleman who represented Maersk in previous Case# C 04-00373SBA in order to resolves this problems. Mr. Nebel was not interested in any type of resolution because he was just playing hide-and-seek. Also, plaintiff got some public relations (PR) going by sending numerous e-mail to Maersk, including making personal calls. So far, nothing seems to work.

Finally, plaintiff's baby brother in Nigeria , Billy Shoaga, a consignee wrote to Maersk on April 4th, 2005 for return of the cargo back to the United States after unrelenting efforts to persuade     another irresponsible, bribe taker named Bolsada, an employee, or so-called owner-president of Maersk Nig. Ltd.

Mr. Bolsada jacked up the cargo demurrage price because he has figured out how to extort money in Nigeria. Besides this fact, the cargo in question was a trans-shipment and it got to Nigeria earlier than her scheduled arrival, whereas, Maersk received full fare for the cargo.

Maersk was the problem from the previous case as well. Mr. Rilwan Latona missed a golden opportunity to expose all the

3

inhumane acts, and wrongdoings perpetrated by Maersk because

he (Rilwan) cannot comprehend paying extra $12,000 in demurrage

charges for a prepaid services. Instead, he blamed the plaintiff

because he never believed plaintiff paid any freight charges.

## COMPLAINT

COMES NOW THE PLAINTIFF, RAIMI SHOAGA herebysues Bolsada,

Maersk Sealand Shipping Worldwide (dba: Maersk); Target Shipping

Inc., Maersk Nig. Ltd and does 1-25the defendants jointly and

severally.

Plaintiff alleges as follows:

1. Plaintiff is claiming all damages recoverable for

cargo detention and forfeiture of the empty container belonging

to Maersk.

2. The goods contained in the cargo belonging to plaintiff

Raimi Shoaga are presently being delayed by Maersk for failure

to release the container since November, 2004 based on illegal

revenue enhancement and extortion.

3. Plaintiff believes that he had been, and also would be

subjected to further detention fees and demurrage charges by the

Nigerian customs on account of his goods being delayed at the

Nigerian port.

4. Based on the foregoing as well as the following

particulars, plaintiff believes, and therefore alleges, that he

is entitled to all damages claimed herein.

5. The plaintiff presently knows of no claims statues for

which plaintiff's compliance is required.

6. The plaintiff is presently unaware of the identities of

4

1  those defendants who are listed herein and above as DOES 1
2  THROUGH 25, but shall seek to amend plaintiff's complaint as such
3  identities are ascertained, and as such amendment may be required.

4      7. Plaintiffs Emmanuel Ntekume, Charles Maiki, and Joseph
5  Oloketuyi have all decided to take inactive role in this lawsuit
6  while awaiting favorable outcome of this case.

7

8                  <u>PARTIES</u>

9      8. Plaintiff Raimi Shoaga, is a citizen of the State of
10  California.

11      9. Defendant Bolsada referred to herein as "Bolsada" is an
12  individual owner-agent, and employee of Maersk Nig. Ltd.

13      10. Defendants Maersk Sealand Shipping Worldwide (dba: Maersk)
14  referred to herein as "Maersk" and Target Shipping Inc.,
15  referred to herein as "Target" Both are incorporated under the
16  laws of the State of New Jersey, and has its principal place of
17  business at 123, North Union Avenue, Suite 101, Cranford.
18  New Jersey 07016

19

20              <u>JURISDICTION AND VENUE</u>

21      11. The district court shall have original jurisdiction,
22  excusive of the courts of the States, of any civil case involving
23  maritime pursuant to 28 U.S.C 1333(1) and the Admiralty
24  Extension Act, 46 U.S.C 740

25      12. Under 18 U.S.C 1951 (b)(2) Extortion and 18 U.S.C 201
26  Corruption (Bribery and Graft) this court have exclusive
27  jurisdiction over this matter

28      13. Venue is proper in this judicial district pursuant to

28 U.S.C 1391(b)(1). Secondly, plaintiff reside in this judicial district, and major events (the contract) giving rise to Plaintiff's claims occurred in this judicial district.

### JURY TRIAL DEMANDED

The plaintiff demands a trial by jury on each and every one of his claims.

### FIRST CAUSE OF ACTION
### EXTORTION

14. Plaintiff incorporates herein by reference each and all paragraphs 1 through 13 of the general allegations as though the same were set forth at lenght herein.

15. Defendants have mastered the arts of doubling their shipping charges without any opposition. They have gotten the FGN officials on their side where they get-together and share their loot from plundering.

16. The idea of pursuing a lawsuit in Nigeria seems like a wild joke with no offense. It will be a nitemare and a disaster. Nigeria is a country where citizens paid monthly electricity bills and never one day in the entire month enjoy a full nite without power failure. Citizens paid for municipal water but no services, people paid taxes and ended up with bad roads, no road, worse hospitalsetc. And, nowhere in this entire universe is similar to Nigeria.

17. An average container takes a life of 4months of documentation, inspection etc before being released. Maersk started their money countdown two weeks after unloading their

cargo, whereas, no one is at fault.


## SECOND CAUSE OF ACTION
## BREACH OF CONTRACT OF CARRIAGE

18. Plaintiff incorporates herein by reference each and all paragraphs of the FIRST CAUSE OF ACTION herein.

19. There was no implicit or explicit arrangements with regards to demurrage charges at no time.


## THIRD CAUSE OF ACTION
## ILLEGAL REVENUE ENHANCEMENT

20. Plaintiff incorporates herein by reference each and all paragraphs of the FIRST and SECOND CAUSE OF ACTION herein.


## FOURTH CAUSE OF ACTION
## FRAUDULENT MISREPRESENTATION

21. Plaintiff incorporates herein by reference each and all paragraphs of the FIRST, SECOND, AND THIRD CAUSE OF ACTION as though the same were set forth at lenght.


## FIFTH CAUSE OF ACTION
## INTENTIONAL & NEGLIGENT MISREPRESENTATION

22. Plaintiff incorporates herein by reference each and all pararaghs of the FOURTH CAUSE OF ACTION as though the same were set forth at lenght.

23. The defendants, and each of the defendants, have acted wrongfully, and have acted intentionally in order to exact more money from the plaintiff.

7

### SIXTH CAUSE OF ACTION
### CORRUPTION (Bribery & Graft)

24. Plaintiff hereby incorporates herein by reference, repleads and realleges each and every allegation contained in paragraphs 1 through 23 as though the same were set forth at lenght.

### SEVENTH CAUSE OF ACTION
### ILLEGAL DEMURRAGE CHARGES

25. Plaintiff incorporates herein by reference each and all paragraphs of the SIXTH CAUSE OF ACTION as thought the same were set forth at lenght.

WHEREFORE, the plaintiff prays as follows:

1. For the defendants, and each of the defendant's engaged in Extortion, an amount not less than the maximum jurisdiction of this court.

2. For the defendants, and eand each of the defendant's Breach of Contract of Carriage, an amount not less than the maximum jurisdiction of this court.

3. For the defendants, and each of defendant's Illegal Revenue Enhancement, an amount not less than the maximum jurisdiction of this court.

4. For the defendants, and each of the defendant's Fraudulent Misrepresentation, an amount not less than the maximum jurisdiction of this court.

5. For the defendants, and each of defendant's Intentional and Negligent misrepresentation, an amount not less than the maximum jurisdiction of this court.

8

6. For the defendants, and each of the defendants engaged in Corruption (Bribery and Graft), an amount not less than the maximum jurisdiction of this court.

7. For the defendants, and each of the defendant's Illegal demurrage charges, an amount not less than the maximum jurisdiction of this court.

8. For costs of suit, and

9. For such other and further relief as the court may deem just and proper.

Dated: 6-1-05          RAIMI SHOAGA — Plaintiff In Pro Se

9

VERIFICATION

I, Raimi Shoaga, the plaintiff in this action. I have read the foregoing Complaint for Damages, and know the contents thereof. I declare that the same is true of my own knowledge, except as to the matters which are therein stated upon my information or belief, and as to those matter I believe it to be true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___June 1st___, 2005, at ___Oakland___, California.

_____
RAIMI SHOAGA, Plaintiff In Pro Se,

# EXHIBITS

EX-1 thru EX-21

**TARGET SHIPPING**

BILL OF LADING

| SHIPPER<br>RAIMI SHAOGA<br>1080 67TH STREET<br>OAKLAND, CA 94681 | REFERENCE NO.<br>TGT 21368 | CARRIER BOOKING NO.<br>2435171 |
|---|---|---|
| | EXPORT REFERENCES | |

| CONSIGNEE - ( NOT NEGOTIABLE UNLESS CONSIGNED TO ORDER )<br>RAIMI SHOAGA<br>C/O JELILAT KAEFO & BILLY SHOAGA<br>P.O.BOX 1924 - SAPON, ABEOKU 7<br>OGUN NIGERIA, WEST AFRICA | FORWARDING AGENT - References 6123<br>SKY 2 C FREIGHT SYSTEMS<br>25012 VIKING STREET<br>HAYWARD, CA 94545 |
|---|---|
| | POINT AND COUNTRY OF ORIGIN<br>CALIFORNIA            UNITED STATES OF AMERICA |
| NOTIFY PARTY<br>SAME AS ABOVE | ALSO NOTIFY - ROUTING INSTRUCTIONS |

| PIER | PLACE OF RECEIPT by PRE-CARRIER | RELEASE AGENT<br>MAERSK NIGERIA LTD-LAGOS<br>MAERSK HOUSE, 121 LOUIS SOLOMON<br>CLOSE, PO BOX 72554<br>VICTORIA ISLAND, LAGOS NIGERIA<br>TEL: +234 01 2626430 |
|---|---|---|
| VESSEL AND VOYAGE NUMBER<br>CONDOR 0415 | PORT OF LOADING<br>OAKLAND | |
| PORT OF DISCHARGE<br>LAGOS | PLACE OF DELIVERY | |

| Mrks & Nos/Container Nos | Container Type | Description of Cargo | Gross Weight | Measurement |
|---|---|---|---|---|
| MSKU 812372 7<br>S#: 506667 | 1x40HC | CONTAINER SLAC:<br>1 LOT<br>HOUSEHOLD GOODS & PERSONAL<br>EFFECTS<br><br>THESE COMMODITIES, TECHNOLOGY OR SOFTWARE WERE<br>EXPORTED FROM THE UNITED STATES IN ACCORDANCE WITH<br>THE EXPORT ADMINISTRATION REGULATIONS. ULTIMATE<br>DESTINATION NIGERIA. DIVERSION CONTRARY TO UNITED<br>STATES LAW PROHIBITED.<br><br><br>FREIGHT PREPAID<br>NO SED REQUIRED-VALUE UNDER $2500<br>SHIPPER'S LOAD STOW & COUNT | 30000.00L<br>13607.91K | |

Phone # 1-877-699-9444

NON NEGOTIABLE

1-877-6999444 X 5168

These commodities, technology or software were exported from the United States in accordance with the export administration regulations. Diversion contrary to U.S.law prohibited.

| SHIPPER DECLARED VALUE $<br>If shipper enter a value, Carrier's package limitation of liability does not apply and the ad valorem rate will be charged. No value shall be deemed declared unless specifically approved in writing by the Carrier or his agent on the face of this B/L and extra freight actually paid. | LAW AND JURISDICTION: Any claim or dispute (if any) arising under this Bill of Lading, including third party proceedings or those involving several defendants, shall be governed, except as herein otherwise provided, by the laws and determined by the Court of the place where the Carrier (as specified above) has registered office, which Act. |
|---|---|
| RATES | BASE | PREPAID | COLLECT | CUR | Received by the Carrier from Shipper in apparent good order and condition (unless noted herein) the total number or quantity of Containers or packages or units indicated, stated by the Shipper to comprise the Goods specified above, for Carriage subject to all the items hereof (INCLUDING THE TERMS OF THE CARRIER'S APPLICABLE TARIFF) from the Place of Receipt or the Port of Loading, whichever is applicable, to the Port of Discharge or the Place of Delivery, whichever is applicable. In accepting this Bill of Lading, the Merchant expressly accepts and agrees to all its terms, conditions and exceptions, whether printed, stamped or written, or otherwise incorporated, of which the Merchant is fully aware notwithstanding the non-signing of the Bill of Lading by the Merchant. |
| | | | | | Goods in containers, vans or trailers or perishable items may be carried on deck at the Carrier's option in accordance with clause 14(4). |
| FREIGHT PREPAID | | | | | Number of Original Bills of Lading<br>3 | Place and Date of Issue<br>Jul 29, 2004 |
| | | | | | IN WITNESS of the contract herein contained the number of original stated opposite have been issued each one being of the same content and date, one of which being accomplished the other(s) to be void. |

Dated  Jul 29, 2004

BILL OF LADING NO.
TGT 21368

EV-1

This message is not flagged. [ Flag Message - Mark as Unread ]

| | |
|---|---|
| **Date:** | Mon, 4 Apr 2005 08:49:53 -0700 (PDT) |
| **From:** | "Billy Shokis" <billyshokistenga@yahoo.com>  Add to Address Book |
| **Subject:** | Notice of Application To Maersk Sealand Shipping Agent |
| **To:** | pico949@yahoo.com |

Notice of Application To Maersk Sealand Shipping Agent

Do you Yahoo!?
Yahoo! Personals - Better first dates. More second dates.
http://personals.yahoo.com

**Attachments**                                    Attachment scanning provided by:

**Files:**

New_Microsoft_Word_Document__2_.doc (22k) [View]   Save to Computer - Save to Yahoo! Briefcase

Previous | Next | Back to Messages                                    Save Message Text

EV _2



EX-3



EX-4

NON-NEGOTIABLE

FX -5

Mr. Nebel

From

RAIMI SHOAGA

FX-6

Home phone (510) 597-9855

15 FEB 2005

Mr. Nebl,

Maersk agent in Nigeria exist in a very corrupt country, therefore, they all taking advantages of the lawlessness. A Maersk agent was asking for an equivalent of $100 in order to send an e-mail back here to Maersk USA which suppose to be free.

(1) Maersk is asking for twice the price of a 40' container in demurrage charges (plus)

(2) A deposit for the ~~cost~~ exact cost of the container

(3) Plus they will get the container within 24 hours.

So far, everything I have sent to Nigeria was ~~sold~~ to pay Maersk in all four ~~previous~~ previous dealings.

Ev-7

This time Maersk is asking for ~~over $~~ about $7,000 or ~~$~~ N 733,000

1 Naira (#) ~~$ $0~~
or #140 = $1 U.S dollar.

#733,000 is a lot of money in Nigeria only very few people have this kind of money.

I have offered ~~to buy this~~ Maersk container or replace it ~~with~~ another 'Certified Ocean worthy' 40' container. This readily sell for $2,000 out here in the U.S.
~~Attached or~~ Along with this fax. is various dealers ~~that~~ that Maersk can call ~~to~~ verify. I will like to get this done by Friday because we have another demurage with the Nigerian gov. 597-9855 R oimite



February 10, 2005 ISSUE 5 BIG TRUCK TRADER® • California / Nevada    Farm Equipment – Misc Parts/Accessories

**'05 TC29D 4X4**

**ONLY 3 TO CHOOSE @ $12,660**

NEW HOLLAND

**'05 TC29D 4X4**
9X3 TRANS, 29HP, DIESEL
MSRP 18,490
LEASE RETURN W/100-266 HRS
**$12,660*** WITH REMAINDER OF FACTORY WARRANTY

Visit Our Website at www.berchtold.com

**BERCHTOLD** EQUIPMENT COMPANY    BAKERSFIELD 330 E. 19th Street
1-800-691-7817 • 661-323-7817

*Optional equipment: Add 34,200 for front loader. Offer ends 5 days after publication date.    097098  05DL-0504R

GET THE MOST FOR YOUR MONEY! Sea boxes, 20ft, 40ft, 48ft, 53ft storage containers. Call now, many to choose from: E-Z delivery, dispatched from most major U.S. cities. Blow out prices... 1-877-256-3873 VISA/MC/Amex, check by phone, PRO BOX LEASING, Vancouver, WA CFA04306/ 00379229404

2000 ASV 48f.Q... rubber tracks, 72" bucket, aux hydraulic., 1500 hrs, $22,500 obo, 714-321-8109 CFX20006/ 00465300591

1999 JD210EE LOADER, 4X4, 4FT, hyd scrapes, 5 to choose from 1999-2000, start at $32500, 916-207-8200, 550-656-2488 CFX21007/ 0044S237314

1997 JCB 217, backhoe, 4WD, power shift trans, 21/2" digging depth, 5 to choose from, $24,999 add breaker for 95k, Cook Equipment Co., Fullerton, www.cookequipment.com, 800-699-8093 CFA14405/ 00459105101

1995 INGERSOLL-RAND COMPRESSOR, gray, $3200, 310-261-5493 CFA23106/ 00459139604

EX-9

Misc Parts/Accessories

February 10, 2005 ISSUE 5  BIG TRUCK TRADER® • California / Nevada





2005 SUZUKI QUV 620, 4x4 utility vehicle, Vin #JK8AFCL115B500068, wow, MSRP $8799, now only $8699 OTD, OC Motorsports.com, OC MOTORSPORTS KAWASAKI/SUZUKI, 714-258-3311 CFA14405/ 00459104902

2005 STORAGE CONTAINER, all sizes, EZ delivery, financing avail, we accept Visa, Master-Card, Amex & Discover, also leasing programs avail, Nation-wide, low prices, roll-off Containers avail, CONTAINER USA, Where America Goes to for Storage, www.containerusa.com, call now, toll free (Patrick) 888-440-9736 CFA21006/ 00378389101

$2,500   $2,500





2005 KAWASAKI MULE 610, 4x4, brand new, 0 mi, the only 4x4 utility vehicle that fits in full-sized pickup bed, MSRP $7099 now only $6,999 OTD, including tax, license + fees, OC MOTORSPORTS, KAWASAKI/SUZUKI, 714-258-3311 CFA14405/ 00459107303

2005 NEW PIRANAH ROOT GRAPPLES, come standard w/60in to 84in, 80k psi steel, 6k psi hoses, counters unk grease fittings, flat face couplers, 3/4in clamps, all protected hoses, 12 mo limited warranty, starting from $1,400 for either, DEALERS WELCOME, 336-857-2564, Denton, NC, P.I.R.A.N.H.A.A.T.T.A.C.H.M.E.N.T.S...C.O.M CFA40005/ 00408695903





2005 NEW Piranah Buckets $270 & up, forks $450, PRICES SUBJECT TO CHANGE, same day shipping, 8am-6pm EDT, DEALER INQUIRIES WELCOME, DISCOUNT ON MULTIPLE UNITS, 336-857-2564, P.I.R.A.N.H.A.A.T.T.A.C.H.M.E.N.T.S.C.O.M CFA40005/ 00408695902

1995 NEAL PAVER & TRAILER, gas, perfect cond, low hours & interstate trailer, 26' w/ramps, must sell, $18,500 obo, 702-810-6000 CFA21606/ 00385790205

EX -10

Misc Parts / Accessories

February 10, 2005, ISSUE 5  BIG TRUCK TRADER™ - California / Nevada





IF A VEHICLE IS OUT THERE IT'S IN HERE!

**AFFORDABLE, on site 20ft & 40ft steel storage containers,** wholesale prices to the public; do not pay retail, no junk; we will meet or beat any competitor's price on comparable units, E-Z delivery, self-offloading trucks, visa/ mastercard & check by phone accepted, call 800-216-1830 www.conex containers.com CFA04306/ 00379229803



**AFFORDABLE,** on site 20ft & 40ft steel storage container, wholesale prices to the public; do not pay retail, no junk, we will meet or beat any competitor's price on comparable units, E-Z delivery, self-offloading trucks, visa/ mastercard & check by phone accepted, call AMERICAN STEEL CARGO CONTAINERS LLC 800-216-1830 www.conexcontainers.com CFA04306/ 00379229503





**10.0 FRONT END LOADER FORKS ATTACHMENT ENGINEERED TO EXCEED,** are you tired of jockeying around a front end loader trying to move things, you can attach our forks in 60 seconds with only one man, overall length 80in, 6in x 2in tube constructed a high tensile strength A500 structural tube, painted cat yellow available in 80in, 70in, 60in and 50in lenghts, US steel products, LLC, give us a call now, 866-736-3656 CFA04305/ 00345271305

**10.0 FRONT END LOADER BALL MOUNT ATTACHMENT ENGINEERED TO EXCEED,** are you tired of jockeying around a front end loader trying to move things, you can attach our ball mount in 60 seconds with only one man, constructed of high tensile strength A500 structural steel, painted cat yellow US steel products, LLC give us a call now, 866-736-3656 CFA04305/ 00345271304

232

www.AutoTrader.com

EX - 11

2 MAR 2005

To. Mr. James B. Nebel

From RAIMI SHOAGA

0730 hrs

EX-12

2 MAR 2005

Mr. Nebel,

I didn't hear from you, and it seems like this problem will not be resolved. We will find the money but I will definitely be going back to A court with Maersk as a plaintiff this time. And, for every container that I sent since 2001 we will be asking for all demurrage charges that was over and above the cost of buying the container itself plus <u>punitive</u> damages.

Sincerely
RAImi    EX-13
(510) 597-9855

```
** COMMUNICATIONS REPORT **          AS OF   MAR 02 2005 07:28  PAGE 01

                                           RECOVERY ROOM

        TOTAL PAGES                        TOTAL TIME

             SEND    : 0002                     SEND    : 00'00'29"
             RECEIVE : 0000                     RECEIVE : 00'00'29"


        DATE TIME      TO/FROM        MODE   MIN/SEC   PGS   CMD#  STATUS
   01   03/02 07:20                   G3—R   00'29"    000         INC
   02   03/02 07:27 914156930410      EC—S   00'29"    002   247   OK
```

EX - 4

24 MAR 2005

To: Natalie R. Haemon (Finance & Acct'g

From Raimi Shoaga

EX-15

# TARGET SHIPPING

BILL OF LADING

| SHIPPER | | | |
|---|---|---|---|
| SHIPPER: RAIMI SHOAGA 1080 67TH STREET OAKLAND, CA 94681 | | REFERENCE NO. TGT 21368 | CARRIER BOOKING NO. 2435171 |
| | | EXPORT REFERENCES: | |

| CONSIGNEE - ( NOT NEGOTIABLE UNLESS CONSIGNED TO ORDER ) | FORWARDING AGENT - References6123 |
|---|---|
| RAIMI SHOAGA C/O JELILAH KAPPO & BILLY SHOAGA P.O. BOX 1924 – SAPON, ABEOKU T OGUN NIGERIA, WEST AFRICA | SKY 2 C FREIGHT SYSTEMS 25012 VIKING STREET HAYWARD, CA 94545 |
| | POINT AND COUNTRY OF ORIGIN CALIFORNIA          UNITED STATES OF AMERICA |

| NOTIFY PARTY SAME AS ABOVE | ALSO NOTIFY - ROUTING INSTRUCTIONS. |
|---|---|

| PIER | PLACE OF RECEIPT by PRE-CARRIER | RELEASE AGENT |
|---|---|---|
| VESSEL AND VOYAGE NUMBER CONDOR 0415 | PORT OF LOADING OAKLAND | MAERSK NIGERIA LTD–LAGOS MAERSK HOUSE, 121 LOUIS SOLOMON CLOSE, PO BOX 72554 VICTORIA ISLAND, LAGOS NIGERIA TEL: +234 01 2626430 |
| PORT OF DISCHARGE: LAGOS | PLACE OF DELIVERY | |

| Mrks & Nos/Container Nos | Container Type | Description of Cargo | Gross Weight | Measurement |
|---|---|---|---|---|
| MSKU 812372 7 S#: 506667 | 1x40HC | CONTAINER SLAC: 1 LOT HOUSEHOLD GOODS & PERSONAL EFFECTS | 30000.00L 13607.91K | |
| | | THESE COMMODITIES, TECHNOLOGY OR SOFTWARE WERE EXPORTED FROM THE UNITED STATES IN ACCORDANCE WITH THE EXPORT ADMINISTRATION REGULATIONS. ULTIMATE DESTINATION NIGERIA.  DIVERSION CONTRARY TO UNITED STATES LAW PROHIBITED. | | |

FREIGHT PREPAID
NO. SED REQUIRED VALUE UNDER $2500
SHIPPER'S LOAD STOW & COUNT

Phone # 1-877-699-9444

NON NEGOTIABLE

1-877-699 4446 X 5168

These commodities, technology or software were exported from the United States in accordance with the export administrative regulations. Diversion contrary to United States law prohibited.

| SHIPPER DECLARED VALUE $ | | | | |
|---|---|---|---|---|
| (a)Shipper rates a value, Carrier's package limitation of liability does not apply, and the (b)tariff rate will be charged. No value shall be deemed declared unless specifically approved in writing by the Carrier or his agent on the face of this B/L and extra freight actually paid. | | | | |
| RATES | BASE | PREPAID | COLLECT | CUR. |
| | | | | |
| | | | | |
| FREIGHT PREPAID | | | | |

| Number of Original BILLs of Lading | Place and Date of Issue |
|---|---|
| 3 | Jul 29, 2004 |

Dated Jul 29, 2004    BILL OF LADING NO. TGT 21368    EX-16

** COMMUNICATIONS REPORT **          AS OF   MAR 24 2005 01:29   PAGE:01

RECOVERY ROOM

TOTAL PAGES                                TOTAL TIME

SEND    : 0027                    SEND    : 00°07'12"
RECEIVE : 0010                    RECEIVE : 00°04'35"

| | DATE | TIME | TO/FROM | MODE | MIN/SEC | PGS | CMD# | STATUS |
|---|---|---|---|---|---|---|---|---|
| 01 | 03/23 | 15:44 | | UF—R | 00'22" | 001 | 153 | OK |
| 02 | 03/23 | 15:46 | 92155115 | ——S | 00'00" | 000 | 149 | BUSY |
| 03 | 03/23 | 15:49 | MEDICAL ONCOLOGY | UF—R | 00'24" | 002 | 154 | OK |
| 04 | 03/23 | 15:51 | | EC—R | 01'09" | 002 | 155 | OK |
| 05 | 03/23 | 15:54 | 5102344921 | EC—R | 00'58" | 002 | 156 | OK |
| 06 | 03/23 | 16:01 | 5729 | UF—S | 00'38" | 001 | 157 | OK |
| 07 | 03/23 | 16:16 | 919257793601 | EC—S | 00'33" | 002 | 158 | OK |
| 08 | 03/23 | 16:25 | 2320005 | EC—R | 00'54" | 001 | 159 | OK |
| 09 | 03/23 | 16:42 | DMC—SP SURGERY | UF—R | 00'15" | 001 | 160 | OK |
| 10 | 03/23 | 16:57 | 92225487 | EC—S | 00'32" | 001 | 161 | OK |
| 11 | 03/23 | 17:13 | 15102379676 | EC—S | 00'33" | 001 | 162 | OK |
| 12 | 03/23 | 17:49 | 5751 | EC—S | 00'49" | 004 | 163 | OK |
| 13 | 03/23 | 17:50 | 5149 | EC—S | 00'50" | 004 | 164 | OK |
| 14 | 03/23 | 18:01 | 5746 | UF—S | 00'38" | 004 | 165 | OK |
| 15 | 03/23 | 18:05 | 2344189 | ——S | 00'00" | 000 | 166 | BUSY |
| 16 | 03/23 | 18:06 | 5743 | UF—S | 00'29" | 003 | 168 | OK |
| 17 | 03/23 | 18:16 | 5870 | ——S | 00'00" | 000 | 167 | BUSY |
| 18 | 03/23 | 18:23 | 919259522993 | EC—S | 00'46" | 002 | 169 | OK |
| 19 | 03/23 | 19:03 | 919259522993 | EC—S | 00'42" | 002 | 170 | OK |
| 20 | 03/23 | 21:36 | 919259522993 | EC—S | 00'38" | 002 | 171 | OK |
| 21 | 03/24 | 01:27 | 918775150511 | EC—S | 00'38" | 002 | 172 | OK |

EX-17

 **MAERSK SEALAND**          Sitemap

Do business

Home   Our services   Media room   Careers   About us   Contact   Local websites

**Contact**
» Send an e-mail
» Find employees
» Offices
» Help & assistance
» Webmaster

# Send an e-mail to Maersk Sealand

Use this mail form if you have questions or comments regarding Maersk Sealand and our services.

| Send message | |
|---|---|
| Subject:* | Overdue container in Nigeria |
| Message:* | I have a cargo that was overdue and demurrage at Nigerian port. I spoke to your attorney representing you in a previous case Rilwan Latona vs. Maersk et al. He Mr. James Nebel was |
| First name:* | Mr.  |
| | raimi |
| Last name:* | shoaga |
| E-mail:* | pico949@yahoo.com |
| Company:* | Individual |
| Address: | P. O. Box 7274  Oakland Calif. 94601 |
| Country:* | United States |
| State: | (Only US) |
| Phone: | |
| Fax: | n/a |

Submit

» Log in
» Control centr.
» Tracking
» Schedules
» Rates
» Booking
» Shipping Instr
» Transport doc
» Statement
» Reports
» Claims
» My profile
» Learn more

**Help & Ass**

 » Live
Let us
an on-
» FAQ
= context

**E-mail ser**
» E-mail trackir
» Arrival notice

User terms • Privacy policy • Website info •          A.P. Møller - Maersk Group
© A.P. Møller - Maersk A/S. All rights reserved

3/21/2005

EX-18

 **MAERSK SEALAND**    Sitemap

Do business

Home | Our services | Media room | Careers | About us | Contact | Local websites

» Log in

» Control centre
» Tracking
» Schedules
» Rates
» Booking
» Shipping instr
» Transport doc
» Statement
» Reports
» Claims
» My profile
» Learn more

**Help & Ass**



» Live
Let us
an on-

» FAQ

= context

**E-mail serv**

» E-mail trackir
» Arrival notice

## United States home



» Start page
» Offices & contact
» Export
» Import
» General information
» Jobs
» Sailing schedules
» Pay. freight
» E-solutions
» Newsletter
» Industry links

Local news

Updated weekly

- North American railroad
network status update -
Week of 03/14/05
[2005-03-16]

– Fumigation to cease for
cargo to Australia / New
Zealand
[2005-03-14]

– USDA suspends China
woodcraft imports
[2005-03-10]

– Revised cargo cutoffs for
Good Friday
[2005-03-08]

Global news

» New weekly Hispaniola
service
[2005-03-10]

» Regulations on wood
packaging material into the
EU
[2005-03-03]

» Safari service
improvements

## Offices & contacts

Select the office you want detailed information about.

| City | Company | Phone | Fax |
|------|---------|-------|-----|
| Atlanta | Maersk Inc. | +1 (770) 399-2070 | +1 (770) 399-4101 |
| Baltimore | Maersk Inc. | +1 (410) 332-0500 | +1 (410) 332-0927 |
| Bentonville | Maersk Inc. | +1 (479) 254-8756 | +1 (479) 254-6813 |
| Boston | Maersk Inc. | +1 (617) 261-8700 | +1 (617) 261-8799 |
| Charleston | Maersk Inc. | +1 (843) 881-2700 | +1 (843) 849-2674 |
| Charlotte | Maersk Inc. | +1 (704) 571-2000 | +1 (704) 571-2100 |
| Chicago | Maersk Inc. | +1 (630) 574-6600 | +1 (630) 645-3694 |
| Cincinnati | Maersk Inc. | +1 (859) 341-4161 | +1 (859) 341-4682 |
| Cleveland | Maersk Inc. | +1 (440) 899-7260 | +1 (440) 899-7531 |
| Dallas | Maersk Inc. | +1 (972) 663-8340 | +1 (972) 663-8386 |
| Denver | Maersk Inc. | +1 (303) 650-5551 | +1 (303) 650-1391 |
| Detroit | Maersk Inc. | +1 (734) 946-5789 | +1 (734) 946-6754 |
| Honolulu | Maersk Inc. Agency | +1 (808) 842-5300 | +1 (808) 842-5395 |
| Houston | Maersk Inc. | +1 (281) 297-7200 | +1 (281) 863-6842 |
| Jacksonville | Maersk Inc. | +1 (904) 751-8313 | +1 (904) 751-8343 |
| Kansas City | Maersk Inc. | +1 (913) 338-3030 | +1 (913) 338-3063 |
| Kenai, AK | Maersk Inc. | +1 (907) 283-2858 | +1 (907) 283-2856 |
| Los Angeles | Maersk Inc. | +1 (714) 428- | +1 (714) 428- |

EX-19

## Maersk Sealand shipping containers worldwide

[2005-02-28]

| | | 5300 | 5339 |
|---|---|---|---|
| Madison | Maersk Inc. Corporate Office | +1 (973) 514-5000 | +1 (973) 514-5410 |
| Memphis | Maersk Inc. | +1 (901) 309-7794 | +1 (901) 309-9277 |
| Miami | Maersk Inc. | +1 (305) 220-6660 | +1 (305) 220-7065 |
| Minneapolis | Maersk Inc. | +1 (952) 707-6528 | +1 (852) 707-6537 |
| Nashville | Maersk Inc. | +1 (615) 824-9332 | +1 (615) 822-2471 |
| New Orleans | Maersk Inc. | +1 (504) 942-1311 | +1 (504) 948-2113 |
| New York City | Maersk Inc. | +1 (973) 490-3400 | +1 (973) 734-3600 |
| Norfolk | Maersk Inc. | +1 (757) 627-4504 | +1 (757) 622-8536 |
| Philadelphia | Maersk Inc. | +1 (856) 665-8600 | +1 (856) 665-6336 |
| Portland | Maersk Inc. | +1 (503) 221-0092 | +1 (503) 223-9619 |
| Rochester | Maersk Inc. | +1 (585) 458-2320 | +1 (585) 458-1342 |
| San Diego | Maersk Inc. | +1 (858) 277-4800 | +1 (858) 277-3518 |
| San Francisco | Maersk Inc. | +1 (415) 283-4600 | +1 (415) 283-4643 |
| Savannah | Maersk Inc. | +1 (912) 963-1144 | +1 (912) 963-0085 |
| Seattle | Maersk Inc. | +1 (206) 461-1200 | +1 (206) 461-1239 |
| Washington D.C. | Maersk Inc. | +1 (703) 351-9200 | +1 (202) 887-5014 |

User terms • Privacy policy • Website info •
© A.P. Møller - Maersk A/S. All rights reserved

A.P. Møller - Maersk Group

EX-20

Maersk Sealand shipping containers worldwide

 **MAERSK SEALAND**    Sitemap 

**Do business**

| Home | Our services | Media room | Careers | About us | Contact | Local websites |



**Nigeria home**

» Start page
» Offices & contact
» Export
» Import
» General information
» Jobs

**Global news**

» New weekly Hispaniola service [2005-03-10]

» Regulations on wood packaging material into the EU [2005-03-03]

» Safari service improvements [2005-02-28]

## Offices & contacts

Select the office you want detailed information about.

| City | Company | Phone | Fax |
|------|---------|-------|-----|
| Lagos | Maersk Nigeria Ltd. | +234 1 2626 430 9 | +234 1 2626 428 |
| Port Harcourt | Maersk Nigeria Ltd. | +234 8 4461 100 37 | +234 8 4644 08 |
| Warri | Maersk Nigeria Ltd. | +234 8 0332 630 | |
| Calabar | Maersk Nigeria Ltd. | +234 8 7210 543 | +234 8 7210 544 |

» Log in
» Control centre
» Tracking
» Schedules
» Rates
» Booking
» Shipping instr.
» Transport doc
» Statement
» Reports
» Claims
» My profile
» Learn more

**Help & Ass**

 » Live Let us an on-

» FAQ

 = context

**E-mail serv**

» E-mail trackir
» Arrival notice

User terms • Privacy policy • Website info •
© A.P. Møller - Mærsk A/S. All rights reserved

A.P. Møller - Maersk Group

EX-21

1  RAIMI SHOAGA
   1080 67th Street #E
2  Oakland, California 94608
   (510) 597-9855
3
                                        ORIGINAL
4  Plaintiff In Pro Se                   F I L E D

5                                        OCT 1 4 2005

6                                        RICHARD W. WIEKING
                                         CLERK, U.S. DISTRICT COURT
                                         NORTHERN DISTRICT OF CALIFORNIA
7                                              OAKLAND

           UNITED STATES DISTRICT COURT FOR THE
8
              NORTHERN DISTRICT OF CALIFORNIA
9

10  RAIMI SHOAGA,
                      Plaintiff          Case No. C05-02213 SBA
11
                                         PLAINTIFF'S AMENDED COMPLAINT FOR
12            v.                         DAMAGES
                                         Breach of Contract, Extortion, Fraud
13  BLOSADA, MAESRK, INC.,
    MAERSK LINES, LTD.,
14  MAERSK NIG. LTD.
                      Defendants
15

16      The plaintiff herein, Raimi Shoaga, complains and alleges as follows:

17                        FIRST CAUSE OF ACTION

18                                   I

19      This case is one over which the United States District Courts shall have original jurisdiction in

20  that it is based upon the violation of Maritime and Admiralty laws of the United States. The plaintiff

21  claims of the defendants' violations of 18 U.S.C. 1951(b)(2) and 18 U.S.C. 201. Jurisdiction is

22  conferred upon this court by 28. U.S.C 1333(1), and by 46 U.S.C. 740.

23                                  II

24      Venue is proper in this court because this judicial district is the district in which the plaintiff's

25  claim arose in that the defendants are, and each defendant is, doing business within this judicial

26  district, and all contracts referred to and alleged herein were entered into in this district.

27                                 III

28      The plaintiff demands a jury trial.

                                    - 1 -
                                              EXHIBIT 2

IV

The plaintiff is an individual and a resident of the city of Oakland, County of Alameda, State of California, and is not a shipping company or maritime services agent.

V

The defendant Blosada, ("Blosada"),                    an agent of the defendants Maersk Nig., Ltd., , with principal offices located in Lagos, Nigeria.

VI

The defendant Maersk, Incorporated, (Maersk, Inc.), is an oceangoing shipping company and an agent for maritime cargo shipping services, with cargo forwarding facilities in Oakland, Alameda County, California.

VII

The defendant Maersk Lines, Limited, (Maersk Lines, Ltd.), is an oceangoing shipping company and agent for maritime cargo shipping services, with cargo forwarding facilities in Oakland, California.

VIII

The defendant Maersk Nig. Ltd. is an oceangoing shipping company and an agent for the receipt of maritime cargo shipping services and cargo, with principal offices in Lagos, Nigeria.

IX

On or about July 29, 2004, the plaintiff entered into a pre-paid shipping agreement with the defendants Maersk, Incorporated, ("Maersk, Inc.), Maersk Lines, Limited. (Maersk Lines, Ltd.), wherein it was agreed that in exchange for the plaintiff paying to the defendants Maersk, Inc., Maersk Lines, Ltd. the total sum of Five Thousand, One Hundred Dollars, ($5,100.00), the defendants Maersk, Inc., Maersk Lines, Ltd. would provide the plaintiff cargo shipping and demurrage services to Apapa, Lagos, in the country of Nigeria, utilization of Maersk Lines, Ltd.'s cargo shipping container number "MSKU 8123727; S Number 506667".

X

That according to the agreement and contract between the plaintiff, Maersk, Inc., and Maersk Lines, Limited, the above referenced container, which contained goods and cargo owned by the

-2-

plaintiff was, upon delivery to Apapa, Lagos, Nigeria, in August of the year 2004, to have been released by the Federal Government of Nigeria, (FGN), which would, after inspection, have sole responsibility for the release of the plaintiff's cargo, as delivered.

XI

That from August of 2004 to January of the year 2005, the plaintiff's cargo, as shipped by the defendants Maersk, Inc., Maersk Lines, Ltd., was not released by the named defendants..

XII

That in January of the year 2005, the plaintiff visited Nigeria to inquire about the delay in the release of the plaintiff's cargo, as shipped in July of 2004.

XIII

That in January of 2005, the plaintiff was informed that the defendants , and each of the defendants were claiming that the plaintiff had an outstanding balance, shipping service, and demurrage charge of more than, (Ten Thousand Dollars), $10,000.00, and that the defendants, although  refusing to release the cargo and goods that had been shipped by the plaintiff until all charges were paid, were also demanding the return of the container.

XIV

That from January of 2005 to April of 2005, the plaintiff and his brother sought out those responsible for explaining and justifying the additional charges, but were never able to have the increased costs justified or explained.

XV

That in April of 2005, the plaintiff and his brother were informed by the defendants Blosada, Maersk Nig. Ltd. that the plaintiff was liable to the defendants, and each of the defendants, for the $10,000.00 plus additional costs.

XVI

That the defendants, and each of the defendants, have, by their wrongful acts and breach of contract violated 18 U.S.C. 1951(b)(2) and 18 U.S.C. 201, and have caused the plaintiff damages.

**SECOND CAUSE OF ACTION**

I

The plaintiff incorporates herein by reference each and all paragraphs of the plaintiff's FIRST CAUSE OF ACTION herein.

II

That the defendants, and each of the defendants, have, by their wrongful acts and breach of contract violated 18 U.S.C. 1951(b)(2) and 18 U.S.C. 201, have committed extortion as against the plaintiff, and have caused the plaintiff damages.

## THIRD CAUSE OF ACTION

I

The plaintiff incorporates herein by reference each and all paragraphs of the plaintiff's SECOND CAUSE OF ACTION herein.

II

That the defendants, and each of the defendants, have made false statements to the plaintiff, and that said statements were known to be false at the time that they were communicated by the defendants to the plaintiff.

III

That the statements made by the defendants were made to the plaintiff while the defendants intended to induce reliance, by the plaintiff, upon said statements and to induce the plaintiff to act by paying the defendants an amount of not less than $5,100.00.

IV

That the plaintiff did, in fact, rely upon statements made by the defendants, and did, in fact, pay to the defendants an amount of not less than $5,100.00 in order to obtain shipping container space and oceangoing cargo shipping services from California to Lagos, Nigeria.

V

That as the result reliance by the plaintiff upon statements made by the defendant, the plaintiff has suffered economic loss and damages.

**WHEREFORE**, the plaintiff prays,

1. For damages for the defendants', and each defendant's breach of contract;

2.  For damages for the defendants', and each defendant's, extortion;

3.  For damages for the defendants', and each defendant's, fraud and misrepresentation;

4.  For costs of suit; and;

5.  For such other and further relief as the court may deem meet and just under the premises.

Dated: October 13, 2005

RAIMI SHOAGA-Plaintiff In Pro Se

# EXHIBITS

EXH-1, thru EXH-9

This message is not flagged. [ Flag Message - Mark as Unread ]

| Date: | Mon, 4 Apr 2005 08:49:53 -0700 (PDT) |
|---|---|
| From: | "Billy Shokis" <billyshokistenga@yahoo.com>  Add to Address Book |
| Subject: | Notice of Application To Maersk Sealand Shipping Agent |
| To: | pico949@yahoo.com |

Notice of Application To Maersk Sealand Shipping Agent

---

Do you Yahoo!?
Yahoo! Personals - Better first dates. More second dates.
http://personals.yahoo.com

---

**Attachments**                                          Attachment scanning provided by: 

**Files:**

New_Microsoft_Word_Document__2_.doc (22k) [View]    Save to Computer - Save to Yahoo! Briefcase

  

Previous | Next | Back to Messages                              Save Message Text

EV4-1



# SHOLAB VENTURES NIG. ENT.

**VENTURES**
**RC: LAZ02286**

*Head Office:* 14, Ola-Oluwa Crescent, Igando - Lagos.
*Branch:* 35, Gaskiya Shopping Complex, Apapa - Lagos.
c/o P.O. Box 2931, Wharf - Apapa, Lagos.

**Telephone: 0803 323 0577**

4th April 2005.

The Chief Executive Officer
Maerks Sealand Nigeria Limited
Plot 121, Louis Solomon Close
Victoria Island,
Lagos Nigeria

Dear Sir,

### REQUEST FOR CONTAINER #MSKU 8123727 SIZE 40 HIGH TO BE RETURNED TO PORT OF LOADING (NEWARK, OAKLAND, U.S.A)

I hereby write for the above consignment to be re-shipped back to its original port of loading in Newark, Oakland, U.S.A. This is on the heel of shipment discrepancies and unrealistic invoice prepared Maersk Sealand Nigeria Limited.

The consignee MR RAIMI SHOAGA who also is the customer and MR MARREKS, the forwarding agent, both in Oakland, U.S.A, have duly been informed by copies of this letter.

I attach herewith, a photocopy of invoice prepared by one BLOSADA, with grand total N713,242.00 (seven hundred and thirteen thousand, two hundred and forty-two Naira only) in January 2005. Also attached is the bill of lading for your verification. I hope this request would be given urgent attention.

Thank you,

Very truly yours,

**BILLY SHOAGA**
**w/attachments**

EXH-2

# MAERSK SEALAND

COPY
Local Invoice

Customer
RKG Code: 29300027867    Cics Code: SHC068

FRAMESHOGA
CLEARING & BILL ESHOGA
P O BOX 1924
SEATON ABEOKU

Agent

CO&E & FREIGHT

Freetime Dry    Standard  Days
Freetime Reefer  Standard  Days

Invoice Number
Invoice Valid to
Invoice Date                   13-Jan-05
Prepared by             Biosade
Bill of Lading No(s)    S/M42813

Place of Receipt          OAKLAND
Load Port                 NEWARK
Discharge Port            APAPA
Place of Delivery         APAPA
Arriving vessel           CHRISTIAN MAERSK 0448
Arrival Date              05-Sep-04

| Container No. | Size | Type | Charges | Basis | Unit | Rate | Amount |
|---|---|---|---|---|---|---|---|
| MSK09123727 | 40 | HIGH | THC | 40 | 1 | 56,300 | 56,300 |
| | | | Doc Fees | 40 | 1 | 2,100 | 2,100 |
| | | | Cleaning Charge | 40 | 1 | 840 | 840 |
| | | | Mowca Charge | 40 | 1 | 800 | 800 |
| | | | Deposit - Outside Lagos | ls | 0.05 | 300,000 | 300,000 |
| | | | Com Dep | 40 | | | |
| | | | Demurrage | 40 | | | |
| | | | Demurrage | BL | | | |
| | | | Telex Release | | | | |

| | | | | | |
|---|---|---|---|---|---|
| Total Charges | | | | | 693,565 |
| VAT | 5.00% | NAIRA | 393,585 | | 19,677 |
| **GRAND TOTAL** | | | **NAIRA** | | 713,242 |

DEPT. APPROVAL

EXH-3


MAERSK SEALAND

```
MSKCHM44        CHARGE CALCULATION BREAKDOWN        05/01/12 12:20
                                                    REGS MLHOSADA
Place:  NGAPPT    Ch Type :DET    Tariff    Loc:NGAPP     Doc: IMP
B/L NGU027867    Vsl/Voy/Line    /
         NGU027867    RATMI SHOAGA
Demand Total(DET): NGN    308,745.00

B/L NGU     S11442814  VSL/VOY/ROUTE: 826 CHRISTIAN MAERS/0418/21
Container Id...: MSKU8123727(40HVH )
Freetime Period: 04/09/08-04/09/14         (FT) NGAPP    00034,001
Detention Period: 04/09/15-05/01/27
Receivable....: NGN    2,287.00 x135 days NGAPP    00034,004

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Sub Total:              308,745.00
Grand Total:            308,745.00
```

$37,220

EXH-4

# TARGET SHIPPING

BILL OF LADING

| SHIPPER<br>RAIMI SHOAGA<br>1080 67TH STREET<br>OAKLAND, CA 94681 | REFERENCE NO.<br>TGT 21368 | CARRIER BOOKING NO.<br>2435171 |
|---|---|---|
| | EXPORT REFERENCES | |

| CONSIGNEE - ( NOT NEGOTIABLE UNLESS CONSIGNED TO ORDER )<br>RAIMI SHOAGA<br>C/O JELILAT RAFFO & BILLY SHOAGA<br>P.O. BOX 1924 - SAPON, ABEOKU T<br>OGUN NIGERIA; WEST AFRICA | FORWARDING AGENT - References 6123<br>SKY 2 C FREIGHT SYSTEMS<br>25012 VIKING STREET<br>HAYWARD, CA 94545 |
|---|---|
| | POINT AND COUNTRY OF ORIGIN<br>CALIFORNIA         UNITED STATES OF AMERICA |
| NOTIFY PARTY<br>SAME AS ABOVE | ALSO NOTIFY - ROUTING INSTRUCTIONS |

| PIER | PLACE OF RECEIPT by PRE-CARRIER | RELEASE AGENT<br>MAERSK NIGERIA LTD-LAGOS<br>MAERSK HOUSE, 121 LOUIS SOLOMON<br>CLOSE, PO BOX 72554<br>VICTORIA ISLAND, LAGOS NIGERIA<br>TEL: +234 01 2626430 |
|---|---|---|
| VESSEL AND VOYAGE NUMBER<br>CONDOR 0415 | PORT OF LOADING<br>OAKLAND | |
| PORT OF DISCHARGE<br>LAGOS | PLACE OF DELIVERY | |

| Mrks & Nos/Container Nos | Container Type | Description of Cargo | Gross Weight | Measurement |
|---|---|---|---|---|
| MSKU 812372 7<br>S#: 506667 | 1x40HC | CONTAINER SLAC:<br>1 LOT<br>HOUSEHOLD GOODS & PERSONAL<br>EFFECTS<br><br>THESE COMMODITIES, TECHNOLOGY OR SOFTWARE WERE<br>EXPORTED FROM THE UNITED STATES IN ACCORDANCE WITH<br>THE EXPORT ADMINISTRATION REGULATIONS. ULTIMATE<br>DESTINATION NIGERIA. DIVERSION CONTRARY TO UNITED<br>STATES LAW PROHIBITED. | 30000.00L<br>13607.91K | |

FREIGHT PREPAID
NO SED REQUIRED-VALUE UNDER $2500
SHIPPER'S LOAD STOW & COUNT

Phone 1-877-699-9444

NON NEGOTIABLE

1-877-6994 44 X 5168

These commodities, technology or software were exported from the United States in accordance with the export administration regulations. Diversion contrary to U.S. law prohibited.

| SHIPPER DECLARED VALUE $_____ | |
|---|---|

| RATES | BASE | PREPAID | COLLECT | CUR |
|---|---|---|---|---|
| | | | | |

FREIGHT PREPAID

Number of Original Bills of Lading
3

Place and Date of Issue
Jul 29, 2004

Dated Jul 29, 2004

BILL OF LADING NO.
TGT 21368

Misc Parts/Accessories

February 10, 2005 ISSUE 5  BIG TRUCK TRADER • California/Nevada






**2005 SUZUKI QUV 620,** 4x4 utility vehicle, Vin #JK8AFCL115B500068, wow, MSRP $8799, now only $8699 OTD, OC Motorsports.com, OC MOTORSPORTS KAWASAKI/SUZUKI, 714-258-3311 CFA14405/ 00459104002

**2005 STORAGE CONTAINER,** all sizes, EZ delivery, financing avail, we accept Visa, Master Card, Amex & Discover, also leasing programs avail, Nation wide, low prices, roll off, Containers avail, CONTAINER USA, Where America Goes to for Storage, www.containerusa.com, call now, toll free, Patrick, 888-440-9736 CFA21005/ 00378389101

$2300  $2100

**2005 KAWASAKI MULE 610,** 4x4, brand new, 0 mi, the only 4x4 utility vehicle that fits in full-sized pickup bed, MSRP $7099 now only $6,999 OTD, including tax, license + fees, OC MOTORSPORTS, KAWASAKI/SUZUKI, 714-258-3311 CFA14406/ 00459107303



**2005 NEW PIRANAH ROOT GRAPPLES,** come standard w/60in to 84in, 80k psi steel, 5k psi hoses, countersunk grease fittings, flat face couplers, 3/4in clamps, all protected hoses, 12 mo limited warranty, starting from $1,400 for either, DEALERS WELCOME, 336-857-2564, Denton, NC, P I R A N H A A T T A C H M E N T S . C O M CFA40005/ 00408695903



**2005 NEW Piranah Buckets $270 & up,** forks $450, PRICES SUBJECT TO CHANGE, same day shipping, 8am-6pm EDT, DEALER INQUIRIES WELCOME, DISCOUNT ON MULTIPLE UNITS, 336-857-2564, P I R A N H A A T T A C H M E N T S . C O M CFA40005/ 00408695902



**1995 NEAL PAVER & TRAILER,** gas, perfect cond, low hours & interstate trailer, 26' w/ramps, must sell, $18,500 obo, 702-810-6000 CFA21606/ 00385790205

EXH-6

Misc Parts / Accessories
February 10, 2005 ISSUE 5  BIG TRUCK TRADER® • California / Nevada



**AFFORDABLE. on site 20ft & 40ft steel storage containers,** wholesale prices to the public, do not pay retail, no junk, we will meet or beat any competitor's price on comparable units, E-Z delivery, self-offloading trucks, visa/ mastercard & check by phone accepted, call 800-216-1830 www.conex containers.com CFA04306/ 00379229803



IF A VEHICLE IS OUT THERE IT'S IN HERE!

*Auto Trader Magazines*

www.trade-Online.com

SEEK AND YOU SHALL FIND



**AFFORDABLE.** on site 20ft & 40ft steel storage container, wholesale prices to the public, do not pay retail, no junk, we will meet or beat any competitor's price on comparable units, E-Z delivery, self-offloading trucks, visa/ mastercard & check by phone accepted, call AMERICAN STEEL CARGO CONTAINERS LLC. 800-216-1830 www.conexcontainers.com CFA04306/ 00379229503



**10;0 FRONT END LOADER FORKS ATTACHMENT ENGI-NEERED TO EXCEED,** are you tired of jockeying around a front end loader trying to move things, you can attach our forks in 60 seconds with only one man, overall length 80in 6in x 2in tube constructed a high tensile strength A500 structural tube, painted cat yellow available in 80in, 70in, 60in and 50in lenghts, US steel products, LLC, give us a call now, 866-736-3656 CFA04305/ 00345271305



**10;0 FRONT END LOADER BALL MOUNT ATTACHMENT ENGI-NEERED TO EXCEED,** are you tired of jockeying around a front end loader trying to move things, you can attach our ball mount in 60 seconds with only one man, constructed of high tensile strenght A36 structural steel, painted cat yellow US steel products, LLC give us a call now, 866-736-3656 CFA04305/ 00345271304

232
www.AutoTrader.com

EXH-7



February 10, 2005 ISSUE 5 **BIG TRUCK TRADER** • California / Nevada          Farm Equipment - Misc Parts/Accessories

# '05 *TC29D 4X4*
## ONLY 3 TO CHOOSE @ $12,660

**NEW HOLLAND**



**'05 TC29D 4X4**
9X3 TRANS, 29HP, DIESEL
MSRP 18,499*
LEASE RETURN W/100-208 HRS
**$12,660*** WITH REMAINDER
OF FACTORY WARRANTY

*Visit Our Website at* **www.berchtold.com**

**BERCHTOLD** EQUIPMENT COMPANY

**BAKERSFIELD** 330 E. 19th Street
1-800-691-7817 • 661-323-7817

*Optional equipment. Add $4,200 for front loader. Offer ends 6 days after publication date.        097098    0SDL-0504R



GET THE MOST FOR YOUR MONEY! Sea boxes, 20ft, 40ft, 48ft, 53ft storage containers. Call now, many to choose from. E-Z delivery, dispatched from most major U.S. cities. Blow out prices... 1-877-256-3873 VISA/MC/Amex, check by phone, PRO BOX LEASING, Vancouver, WA CFA04306/ 00379229404



DIC TORO Z-MASTER 153 MOWER, professional grade, 52" cut, 24hp Kohler, very nice cond, only 255 hrs, recycler kit installed, extra blades, must see, needs nothing, new price $8,9K, asking, $3500 obo, 760-802-5229 CFA21309/ 0046396010

2002 DIAMOND, flat bed only with under bed boxes and hard wood side boards headache rack super clean 8 x 16, $2000, OBO, 805-684-0215 CFA21335/ 0000867OE81



2000, ASV-6810, rubber tracks, 72" bucket, a/c hydraulic, 1500 hrs, $22,500 obo, 714-321-8199 CFA20006/ 0046330501



1999 J0210EE LOADER, -4x4, 4ft, hyd scraper, 5 to choose from 1999-2000, start at $32500, 916-207-6200, 530-559-2466 CFA21007/ 0046237314



1997 JCB 217, backhoe, 4WD, power shift trans, 21ft digging depth, 5 to choose from, $24,999 add breaker for $3k, Cook Equipment Co, Fullerton, www.cookequipment.com, 800-598-9293 CFA14405/ 0049105101



1995 INGERSOLL-RAND COMPRESSOR, gray, $3200, 310-261-5493, CFA21395/ 0045437960V

EXH-8

Maersk Sealand ship, ng containers worldwide                  Page 1 of 1

 **MAERSK SEALAND**                  Sitemap

Do business

Home | Our services | Media room | Careers | About us | Contact | Local websites

| Contact | |
|---|---|
| » Send an e-mail | |
| » Find employees | |
| » Offices | |
| » Help & assistance | |
| » Webmaster | |

## Send an e-mail to Maersk Sealand

Use this mail form if you have questions or comments regarding Maersk Sealand and our services.

**Send message**

| | |
|---|---|
| Subject:* | Overdue container in Nigeria |
| Message:* | I have a cargo that was overdue and demurrage at Nigerian port. I spoke to your attorney representing you in a previous case Rilwan Latona vs. Maersk et al. He Mr. James Nebel was |
| First name:* | Mr. |
| | raimi |
| Last name:* | shoaga |
| E-mail:* | pico949@yahoo.com |
| Company:* | Individual |
| Address: | P. O. Box 7274 Oakland Calif. 94601 |
| Country:* | United States |
| State: | (Only US) |
| Phone: | |
| Fax: | n/a |

Submit

Sitemap sidebar:
» Log in
» Control centre
» Tracking
» Schedules
» Rates
» Booking
» Shipping instr
» Transport doc
» Statement
» Reports
» Claims
» My profile
» Learn more

**Help & Ass**

 » Live
Let us
an on-

» FAQ
= context

**E-mail serv**
» E-mail tracking
» Arrival notice

User terms • Privacy policy • Website info •
© A.P. Møller – Mærsk A/S. All rights reserved

A.P. Moller – Maersk Group

3/21/2005

EXH-2

1

2

3                          IN THE UNITED STATES DISTRICT COURT

4

5                          FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

7   RAIMI SHOAGA,                             No. C 05-02213 SBA

8              Plaintiff,                     **ORDER**

9       v.                                    [Docket No. 27]

10  BLOSADA, et al.,

11             Defendants.
   _____/

12

13         This matter comes before the Court on Defendants Maersk, Inc. and Maersk Lines, Ltd.'s Motion

14  to Dismiss [Docket No. 27].  Having read and considered the arguments presented by the parties in the

15  papers submitted to the Court, the Court finds this matter appropriate for resolution without a hearing.

16  The Court hereby GRANTS IN PART AND DENIES IN PART Defendants Maersk, Inc. and Maersk

17  Lines, Ltd.'s Motion to Dismiss [Docket No. 27].

18                                    **BACKGROUND**

19  A.     **Factual Background**[1]

20         1.     **Parties**

21         Defendant Maersk, Inc. ("Maersk, Inc.") is an oceangoing shipping company and an agent for

22
   _____

23         [1]The following facts have been taken from Plaintiff's Amended Complaint. The Court notes that
   both Plaintiff and the moving defendants have attempted to supplement the factual allegations contained
24  in the Amended Complaint by submitting additional evidence and testimony through declarations.
   However, since the Amended Complaint is before the Court on a 12(b)(6) motion, the Court's analysis
25  is limited to the allegations that are actually contained in the Amended Complaint and any exhibits that
   have been incorporated by reference.  See Fed. R. Civ. P. 12(b)(6).  The Court may *not* consider
26  additional allegations or evidence without converting the motion into a motion for summary judgment.
   *Id.*  Accordingly, the Court has not considered the Declaration of Michael Hopkins, the Supplemental
27  Declaration of Michael Hopkins, the Declaration of Massoud Messkoub, the Declaration of Aogu
   Andrew Tsukamoto, the Declaration of Raimi Shoaga, or the exhibits attached to the Opposition of
28  Raimi Shoaga.

*United States District Court*
*For the Northern District of California*

EXHIBIT 3

United States District Court
For the Northern District of California

1   maritime cargo shipping services, with cargo forwarding facilities in Oakland, California. Amended

2   Complaint ("AC") at 2:8-10. Defendant Maersk Lines, Ltd. ("Maersk Lines") is similarly an oceangoing

3   shipping company and agent for maritime cargo shipping services, with cargo forwarding facilities in

4   Oakland, California. *Id.* at 2:12-14. Maersk Nigeria, Ltd. ("Maersk Nigeria") and Blosada are also

5   named as defendants, but neither has joined the instant motion. Both Maersk Nigeria and Blosada are

6   located in Lagos, Nigeria. *Id.* at 2:5-6, 2:16-17. Plaintiff Raimi Shoaga ("Plaintiff") is an individual

7   and resident of the city of Oakland, California. *Id.* at 2:2-3.

8        **2.**   **Allegations**

9        According to Plaintiff, on or about January 29, 2004, Plaintiff entered into a pre-paid shipping

10   agreement with both Maersk, Inc. and Maersk Lines, wherein it was agreed that in exchange for $5,100,

11   Maersk, Inc. and Maersk Lines would provide Plaintiff with cargo shipping and demurrage services to

12   Lagos, Nigeria in connection with the delivery of a shipping container supplied by Defendants and filled

13   with Plaintiff's personal effects. *Id.* at 2:19-3:1.[2] Pursuant to this contract, the container was to be

14   released by the Federal Government of Nigeria. *Id.* at 2:27-3:3. The alleged contract also provided that

15   the Federal Government of Nigeria would have, after inspection, the sole responsibility for the release

16   of Plaintiff's cargo. *Id.*

17        The container arrived in Lagos in August 2004. *Id.* at 2:27-3:1. However, from August 2004

18   to January 2005, the cargo was not released. *Id.* at 3:5-6. In January of 2005, Plaintiff visited Nigeria

19   and was informed that he owed an outstanding balance for additional shipping and demurrage charges

20   of more than $10,000 and that the defendants would not release the container to Plaintiff until such

21   charges were paid. *Id.* at 3:8-15. Plaintiff subsequently attempted to receive an explanation justifying

22   the additional charges, but never received such explanation. *Id.* at 3:17-19. In April 2005, Plaintiff was

23   informed by defendants Blosada and Maersk Nigeria that Plaintiff was liable to all of the defendants for

24

25

26

27        [2]The alleged contract between Plaintiff and Maersk, Inc. and Maersk Lines is not attached to
Plaintiff's Amended Complaint. However, Plaintiff has attached the Bill of Lading, which appears to

28   have been issued by a company named Target Shipping, Inc. *Id.* at Ex. 5. The Bill of Lading indicates
that the "Release Agent" is Maersk Nigeria.

2

1    the additional charges. *Id.* at 3:21-23.[3]

2        Plaintiff contends that, during the relevant period, each of the defendants knowingly made

3    certain unspecified false statements to him and that these statements were made with the intention of

4    inducing Plaintiff to pay $5,100 in shipping charges. *Id.* at 4:13-23.

5    **B.     Procedural Background**

6        On June 1, 2005, Plaintiff filed a Complaint in *propria persona* on behalf of himself and three

7    other individuals. The Complaint named as defendants a person known as "Bolsada," an entity referred

8    to as "Maersk Sealand Shipping Worldwide dba Maersk," Target Shipping, Inc., and Maersk Nig. Ltd.

9    From the Complaint, it appeared that Bolsada and Maersk Nig. Ltd. were foreign entities or persons

10   located in Nigeria. Plaintiff's Complaint alleged causes of action for "extortion," breach of contract of

11   carriage, "illegal revenue enhancement," fraudulent misrepresentation, intentional and negligent

12   misrepresentation, "corruption," and illegal demurrage charges. Plaintiff also alleged that federal

13   jurisdiction was premised on admiralty and maritime jurisdiction, pursuant to 28 U.S.C. § 1333.

14       On September 6, 2005, Plaintiff filed a motion for entry of default as to defendants Bolsada,

15   Maersk Nig. Ltd., and Maersk Sealand Shipping Worldwide. Additionally, Plaintiff moved for entry

16   of default against Maersk Lines, Ltd. Also on September 6, 2005, Plaintiff voluntarily dismissed

17   defendant Target Shipping, Inc.

18       On September 19, 2005, the Clerk of Court declined to enter default against defendants Bolsada

19   and Maersk Nig. Ltd. The Clerk also declined to enter default against Maersk Lines, Ltd.

20       On September 22, 2005, Maersk, Inc. and Maersk Lines, Ltd. specially appeared in the action

21   by filing a Separate Case Management Conference Statement and Motion for Sanctions ("Motion for

22   Sanctions"). In the Motion for Sanctions, Maersk, Inc. and Maersk Lines, Ltd. informed the Court that

23   "Maersk Sealand Shipping Worldwide" was a non-existent entity and that Plaintiff had attempted to

24   serve process on Maersk, Inc. and Maersk Lines, Ltd., despite the fact that the companies were not

25   actually named as defendants in Plaintiff's Complaint.

26

27       [3]Although it is not entirely clear, it appears that Plaintiff received certain invoices detailing the
     charges. *See id.* at Exs. 3-4. These invoices appear to have been prepared by an entity known as
28   "Maersk Sealand." *Id.*

United States District Court
For the Northern District of California

3

1      On September 29, 2005, Plaintiff filed an Opposition to Maersk, Inc. and Maersk Lines, Ltd.'s

2  Motion for Sanctions.

3      On October 5, 2005, the Court issued an Order denying the Motion for Sanctions. The Court

4  also struck reference to the three other "plaintiffs" on whose behalf Plaintiff had brought the suit.

5  Additionally, Plaintiff was explicitly instructed to file proofs of service with the Court demonstrating

6  that the defendants named in the Complaint had been properly served pursuant to Federal Rule of Civil

7  Procedure 4 on or before October 19, 2005.

8      On October 14, 2005, Plaintiff filed the instant Amended Complaint in *propria persona* on

9  behalf of himself and against defendants "Blosada," Maersk, Inc., Maersk Lines, Ltd., and Maersk Nig.

10  Ltd. The Amended Complaint alleges three causes of action for: (1) breach of contract; (2) violations

11  of 18 U.S.C. § 1951(b)(2)[4] and 18 U.S.C. § 201;[5] and (3) fraud. Plaintiff contends that federal

12  jurisdiction is premised on admiralty and maritime jurisdiction, pursuant to 28 U.S.C. § 1333(1) and 46

13  U.S.C. § 740.

14      On November 3, 2005, defendants Maersk, Inc. and Maersk Lines, Ltd. filed the instant Motion

15  to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b). Defendants Blosada and

16  Maersk Nigeria have not yet appeared in this action.

17                **LEGAL STANDARD**

18  **A.    Federal Rule of Civil Procedure 12(b)(6)**

19      Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted if it

20  appears beyond a doubt that the plaintiff "can prove no set of facts in support of his claim which would

21  entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). For purposes of such a motion, the

22  complaint is construed in a light most favorable to the plaintiff and all properly pleaded factual

23  allegations are taken as true. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Everest and Jennings,*

24  *Inc. v. American Motorists Ins. Co.*, 23 F.3d 226, 228 (9th Cir. 1994). All reasonable inferences are to

25  be drawn in favor of the plaintiff. *Jacobson v. Hughes Aircraft*, 105 F.3d 1288, 1296 (9th Cir. 1997).

26

27     [4]18 U.S.C. § 1951 is entitled "Interference with commerce by threats or violence."

28     [5]18 U.S.C. § 201 is entitled "Bribery of public officials and witnesses."

4

United States District Court

For the Northern District of California

1    When a plaintiff attaches exhibits to the complaint, those exhibits may be considered as part of the

2    pleadings. *Cooper v. Bell*, 628 F.2d 1208, 1210 n. 2 (9th Cir. 1980).

3        The court does not accept as true unreasonable inferences or conclusory legal allegations cast

4    in the form of factual allegations. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981);

5    *see Miranda v. Clark County, Nev.*, 279 F.3d 1102, 1106 (9th Cir. 2002) ("[C]onclusory allegations of

6    law and unwarranted inferences will not defeat a motion to dismiss for failure to state a claim.");

7    *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 ("Nor is the court required to accept as true

8    allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."),

9    *as amended by*, 275 F.3d 1187 (9th Cir. 2001); *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th

10   Cir. 1988) ("[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for

11   failure to state a claim.")).

12       When a complaint is dismissed for failure to state a claim, "leave to amend should be granted

13   unless the court determines that the allegation of other facts consistent with the challenged pleading

14   could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d

15   1393, 1401 (9th Cir. 1986). The court should consider factors such as "the presence or absence of undue

16   delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue

17   prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package

18   Express*, 885 F.2d 531, 538 ( 9th Cir. 1989). Of these factors, prejudice to the opposing party is the

19   most important. *See Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (citing *Zenith

20   Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-31 (1971)). Leave to amend is properly

21   denied "where the amendment would be futile." *DeSoto v. Yellow Freight Sys.*, 957 F.2d 655, 658 (9th

22   Cir. 1992).

23   **B.    Federal Rule of Civil Procedure 9(b)**

24       Federal Rule of Civil Procedure 9(b) provides as follows:

25           In all averments of fraud or mistake, the circumstances constituting
             fraud or mistake shall be stated with particularity. Malice, intent,
26           knowledge, and other condition of mind of a person may be averred
             generally.
27

28   Fed. R. Civ. P. 9(b).

United States District Court

For the Northern District of California

1    "[The Ninth Circuit] has interpreted Rule 9(b) to require that 'allegations of fraud are specific

2    enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud

3    charged so that they can defend against the charge and not just deny that they have done anything

4    wrong.'" *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993) (quoting *Semegen v. Weidner*, 780 F.2d

5    727, 731 (9th Cir. 1985)).   "The pleader must state the time, place, and specific content of the false

6    representations as well as the identities of the parties to the misrepresentation." *Schreiber Distributing*

7    *Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (citing *Semegen*, 780 F.2d at 731).

8                                        **ANALYSIS**

9    **I.      Maersk, Inc. and Maersk Lines' Motion to Dismiss**

10          In the instant Motion to Dismiss, Defendants Maersk, Inc. and Maersk Lines (hereinafter referred

11    to as the "Moving Defendants") have moved to dismiss Plaintiff's Amended Complaint on the grounds

12    that: (1) Plaintiff's first cause of action fails to state a claim against the Moving Defendants because

13    Maersk, Inc. and Maersk Lines never entered into a contract with Plaintiff; (2) Plaintiff has not stated

14    a claim for bribery or extortion and may not prosecute alleged violations of those criminal statutes as

15    a private citizen; and (3) Plaintiff has not plead fraud with the requisite specificity.[6]

16        **A.      Plaintiff's First Cause of Action for Breach of Contract**

17          In support of his first cause of action, Plaintiff claims that he entered into a pre-paid shipping

18    agreement with the Moving Defendants to deliver cargo from Oakland, California to Lagos, Nigeria.

19    In support of these allegations, Plaintiff has attached to his Amended Complaint a Bill of Lading, which

20    functions as a contract in the shipping industry.   The Bill of Lading appears to be a contract between

21    Target Shipping, Inc. and Plaintiff.   There is no reference to either Maersk, Inc. or Maersk Lines on the

22    Bill of Lading.

23          Accordingly, the Moving Defendants argue that Plaintiff's cause of action for breach of contract

24    must be dismissed because the Bill of Lading does not show that either Maersk, Inc. or Maersk Lines

25    _____

26        [6]The Moving Defendants also assert that Plaintiff's Opposition was filed late and should
    therefore be disregarded by this Court.   The Court hereby admonishes Plaintiff for filing an untimely
27    Opposition, and therefore failing to comply with the Civil Local Rules.   However, the Court notes that
    the Moving Defendants have not been unduly prejudiced by Plaintiff's late filing.   In fact, it appears that
28    the Moving Defendants had an adequate amount of time to review and respond to Plaintiff's Opposition.
    Accordingly, the Court declines to strike Plaintiff's Opposition.

United States District Court
For the Northern District of California

1    ever directly entered into an agreement with Plaintiff. However, the fact that Plaintiff contracted with

2    Target Shipping, Inc. to arrange for the transport of his cargo does not necessarily prove, as a matter of

3    law, that the Moving Defendants were not also parties to the transaction. For example, it appears that

4    Target Shipping, Inc. may be a non-vessel operating common carrier ("NVOCC"), which acts as an

5    intermediary between shippers and vessel operators to arrange for the consolidation of small shipments

6    into larger ones. *See* 1 THOMAS J. SCHOENBAUM, ADMIRALTY AND MARITIME LAW 609 (4th ed. 2001);

7    *see also National Customs Brokers & Forwarders Ass'n of America, Inc. v. U.S.*, 883 F.2d 93, 101 (D.C.

8    Cir. 1989) (citing 46 U.S.C. § 1702(17)) ("The Shipping Act of 1984 recognized the NVOCC as a legal

9    entity with the status of 'a shipper in its relationship with an ocean common carrier but the status of a

10   carrier in its relationship with exporter customers.'"). It is therefore possible that Target Shipping, Inc.

11   entered into an agreement with the Moving Defendants on behalf of Plaintiff for the shipment of his

12   goods. If this were indeed the structure of the relationship, then it is possible that the Moving

13   Defendants could be liable to Plaintiff for breach of contract.[7]

14        The Moving Defendants also argue that they are not liable under Plaintiff's breach of contract

15   theory because the instant dispute arose in Nigeria and solely concerns Maersk Nigeria, which is a

16   separate entity. The Court agrees that it appears that Plaintiff is alleging that the dispute arose after the

17   unloading of the cargo in Lagos. However, at this stage in the litigation, the Court has no basis to

18   conclude that the Moving Defendant's alleged contractual liability ended after the unloading of the cargo

19   at the port. For example, sea carriers generally contract with a stevedore company to load and unload

20   freighters at port. *See* SCHOENBAUM, *supra*, at 610. However, the contract of carriage may continue

21   to govern the relationship between the shipper and the carrier after the discharge but before the delivery

22   of the cargo to the consignee. *Id.*; *Leather's Best, Inc. v. S.S. Mormaclynx*, 451 F.2d 800, 807 (2d Cir.

23   1971). Thus, it is possible for a shipping contract with a carrier to continue to have effect after the cargo

24

25

26   —————————

27        [7]The Court finds it important to note that this not a finding by the Court that Plaintiff has shown
     such facts to be true or applicable. However, since Plaintiff is *pro per*, the Court must construe his
28   pleadings liberally. Further, on a 12(b)(6) motion to dismiss, all reasonable inferences are to be drawn
     in Plaintiff's favor. *Jacobson*, 105 F.3d at 1296.

7

1    is unloaded, even when the dispute arises from subsequent actions of the stevedore company.[8]

2         Given the standard that this Court must apply on a 12(b)(6) motion to dismiss, the Moving

3    Defendants' arguments against Plaintiff's breach of contract claim are therefore insufficient to warrant

4    dismissal of his claim.  Plaintiff has specifically alleged that the Moving Defendants entered into a

5    contract with him for the transport of his goods and subsequently breached that agreement. When the

6    Court construes these allegations in the light most favorable to Plaintiff, Plaintiff's allegations are

7    sufficient to state a claim.  Accordingly, the Moving Defendants' Motion to Dismiss Plaintiff's first

8    cause of action is DENIED.

9        **B.**    **Plaintiff's Second Cause of Action for Extortion and Bribery**

10        The Moving Defendants have also moved for dismissal of Plaintiff's second cause of action

11   on the grounds that Plaintiff has failed to state a claim for either extortion or bribery and on the

12   alternative grounds that the statutes cited in Plaintiff's second cause of action are criminal and do not

13   provide Plaintiff with a private right of action.

14       **1.**    **Extortion Claim**

15        Plaintiff's second cause of action is premised in part on 18 U.S.C. § 1951(b)(2).  This statute

16   reads in pertinent part:

17
18       (a) Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

19
20
21       (b) As used in this section–

      . . .

22       (2) The term "extortion" means the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right.

23
24       (3) The term "commerce" means commerce within the District of Columbia, or any Territory or Possession of the United States; all commerce between any point in a State, Territory, Possession, or the District of Columbia and any point outside thereof; all commerce between points within the same State through any place outside such State; and all other

25
26
27
28       [8]Again, this not a finding by the Court that Plaintiff has shown such facts to be true or applicable.

United States District Court

For the Northern District of California

1    commerce over which the United States has jurisdiction.

2    18 U.S.C.A § 1951.

3    As an initial matter, the Moving Defendants argue that Plaintiff's dispute over the release of his

4    cargo is actually with the Federal Government of Nigeria.  In support of this, the Moving Defendants

5    refer the Court to the portion of Plaintiff's Amended Complaint wherein he admits that the Federal

6    Government of Nigeria had sole responsibility for the inspection of, and release of, his cargo.  However,

7    the Amended Complaint also states that Maersk, Inc. and Maersk Lines were responsible for failing to

8    release Plaintiff's cargo from August 2004 to January 2005. AC at 3:5-6.  Thus, even with this apparent

9    contradiction, the Amended Complaint could still be reasonably interpreted as asserting that the Moving

10   Defendants were required to release the cargo to the Federal Government of Nigeria before the cargo

11   could be released to the owner.  However, the statute also requires that Plaintiff plead and prove that

12   the defendants interfered with his cargo by robbery, extortion, or through the commission or threat of

13   physical violence.  Plaintiff's Amended Complaint does not state any such facts.  Accordingly, he has

14   not stated a claim under 18 U.S.C.A § 1951.

15   More importantly, however, Plaintiff cannot proceed on this claim because no private right of

16   action exists under 18 U.S.C. § 1951, which is a criminal statute.  *See Wisdom v. First Midwest Bank*,

17   167 F.3d 402, 407 (8th Cir. 1999) (citing *Thompson v. Thompson*, 484 U.S. 174, 179 (1998)) ("We agree

18   that neither the statutory language of 18 U.S.C. § 1951 nor its legislative history reflect an intent by

19   Congress to create a private right of action.").  The Court finds that no factual pleading by Plaintiff

20   could cure this deficiency.  As such, Plaintiff's claim under 18 U.S.C. § 1951 is DISMISSED WITH

21   PREJUDICE.

22   **2.    Bribery Claim**

23   Plaintiff's second cause of action is also brought under 18 U.S.C. § 201.  This statute reads in

24   pertinent part:

25   (a) For the purpose of this section--

26   (1) the term "public official" means Member of Congress, Delegate, or
     Resident Commissioner . . . or an officer or employee or person acting for or

27   on behalf of the *United States* . . . in any official function, under or by authority
     of any such department, agency, or branch of Government, or a juror;

28

9

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

...

(3) the term "official act" means any decision or action on any question, matter, cause, suit, proceeding or controversy, which may at any time be pending, or which may by law be brought before any public official, in such official's official capacity, or in such official's place of trust or profit.

(b) Whoever--

(1) directly or indirectly, corruptly gives, offers or promises anything of value to any public official . . . or offers or promises any public official . . . to give anything of value to any other person or entity, with intent--

(A) to influence any official act; or

(B) to influence such public official . . . to commit or aid in committing, or collude in, or allow, any fraud, or make opportunity for the commission of any fraud, on the United States; or

(C) to induce such public official . . . to do or omit to do any act in violation of the lawful duty of such official or person[.]

18 U.S.C. § 201 (emphasis added).

As the Moving Defendants point out, the Amended Complaint does not contain any facts that would trigger liability under this statute. In fact, the Amended Complaint merely states, without any factual support, that a violation of 18 U.S.C. § 201 has been committed. There is no accusation that anything was offered or given to anyone in return for any influence. Moreover, Plaintiff has failed to show how any United States official was involved, or could possibly have been involved, in the alleged criminal activities, as required by the statute.

Additionally, like 18 U.S.C. § 1951, 18 U.S.C. § 201 is a criminal statute and does not provide Plaintiff with a private right of action. *See Ray v. Proxmire*, 581 F.2d 998, 1101 (D.C. Cir. 1978), *cert. denied*, 439 U.S. 933 (1978) ("[T]his legislation 'is a bare criminal statute with absolutely no indication that civil enforcement of any kind was available to anyone.' . . . [A]ppellant has no privately-enforceable right under this penal provision."); *accord City of San Francisco v. United States*, 443 F. Supp. 1116, 1129 (N.D. Cal. 1977). Because the Court finds that no factual pleading by Plaintiff could cure this deficiency, Plaintiff's claim under 18 U.S.C. § 201 is DISMISSED WITH PREJUDICE. The Moving Defendants' Motion to Dismiss Plaintiff's second cause of action is therefore GRANTED.

10

United States District Court
For the Northern District of California

**C.    Plaintiff's Third Cause of Action for Fraud**

Last, the Moving Defendants argue that Plaintiff's third cause of action must be dismissed because Plaintiff has failed to comply with the more stringent pleading requirements of Federal Rule of Civil Procedure 9(b).

The Moving Defendants are correct that the Rule 9(b) pleading requirements are applicable to Plaintiff's cause of action for fraud. Applying the Rule 9(b) pleading standard, it is quite apparent that the Amended Complaint falls considerably short of its requirements. For example, Plaintiff does not provide any specifics as to when, where, or how the alleged fraudulent acts took place. Instead, he merely makes conclusory statements that the defendants knowingly made false statements and induced him to rely on these statements. The Moving Defendants cannot possibly be expected to adequately defend against such broad and unparticularized assertions. Under the standards mandated by Rule 9(b), more specificity is clearly required.

Plaintiff also fails to "plead with sufficient particularity attribution of the alleged misrepresentations or omissions to *each* defendant . . . to 'distinguish among those [being sued to] enlighten each defendant as to his or her part in the alleged fraud.'" *In Re Silicon Graphics*, 970 F.Supp. 746, 752 (N.D. Cal. 1997) (quoting *Erickson v. Kiddie*, 1986 WL 544, *7 (N.D. Cal 1986)) (emphasis added). In fact, Plaintiff has made absolutely no effort to distinguish between defendant Maersk, Inc.'s and Maersk Lines' contributions to the alleged fraudulent behavior.

Accordingly, the Court GRANTS the Moving Defendants' Motion to Dismiss Plaintiff's third cause of action. However, since it is conceivable that Plaintiff could cure the deficiencies in his Amended Complaint by sufficiently pleading the particular facts necessary to satisfy the Rule 9(b) requirements, Plaintiff is granted LEAVE TO AMEND his Amended Complaint.

**II.    The Defendants Who Have Not Filed a Motion to Dismiss**

As a final matter, although the Court notes that defendants Blosada and Maersk Nigeria have not filed a motion to dismiss or any responsive pleading or document in this action, the Court finds it necessary to raise the question of personal jurisdiction *sua sponte*. *See, e.g., Burleson v. Toback*, 391 F. Supp. 2d 401, 422 (M.D.N.C. 2005) (citing *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir.2001)). Raising this issue *sua sponte* is necessary and appropriate when the

11

United States District Court
For the Northern District of California

1  allegations in a complaint do not establish a basis for the court's exercise of personal jurisdiction. *Id.*

2  Here, Plaintiff admits in his Amended Complaint that Blosada resides in Lagos, Nigeria and that Maersk

3  Nigeria is an entity located in Lagos, Nigeria. *See* AC at 2:5-6, 2:16-17. Further, the Amended

4  Complaint does not state that Blosada or Maersk Nigeria committed any acts outside of Nigeria. *See*

5  *id.* at 3:8-23.[9] As such, the question of whether this Court may exercise personal jurisdiction over

6  Blosada and Maersk Nigeria is squarely presented.

7          Personal jurisdiction can be asserted over a foreign defendant only if permitted by California's

8  long-arm statute and if doing so will not violate federal due process. *See Fireman's Fund Ins. Co. v.*

9  *National Bank of Cooperatives*, 103 F.3d 888, 893 (9th Cir.1996). Thus, in order to establish personal

10  jurisdiction, Plaintiff must demonstrate "that the forum state's jurisdictional statute confers personal

11  jurisdiction, and that the exercise of jurisdiction accords with federal constitutional principles of due

12  process." *Shute v. Carnival Cruise Lines*, 897 F.2d 377, 380 (9th Cir.1990), *rev'd on other grounds*, 499

13  U.S. 585 (1991). Here, California's long arm statute provides that the court can exercise jurisdiction "on

14  any basis not inconsistent with the Constitution of this state or of the United States." Cal. Code Civ.

15  Proc. § 410.10. Therefore, it is only necessary to analyze whether the assertion of jurisdiction comports

16  with due process under the U.S. Constitution. *See Rocke v. Canadian Auto. Sport Club*, 660 F.2d 395,

17  398 (9th Cir.1981).

18          Under the jurisdictional test enunciated in *International Shoe v. Washington*, 326 U.S. 310,

19  (1945), "due process require[s] that non-resident defendants have certain minimum contacts with the

20

21          [9]Further, it does not appear that Plaintiff has effectively served Blosada or Maersk Nigeria
22  pursuant to the standards set forth in Federal Rule of Civil Procedure 4(f). In fact, it appears that
   Plaintiff has merely "served" these defendants by mailing a copy of the summons and Amended
23  Complaint to an address in Nigeria. The postal cards attached to Plaintiff's proofs of service do not
   indicate that the mail was ever received by a Nigerian post office, much less by the actual defendants.
24  This also warrants dismissal of these two defendants. The Court cannot exercise personal jurisdiction
   over a defendant unless there has been proper service over a defendant pursuant to Federal Rule of Civil
25  Procedure 4. *Direct Mail Specialists v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 688 (9th
   Cir.1988) (citing *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir.1982)). Without substantial
26  compliance with Rule 4, it is irrelevant whether a defendant has notice of a plaintiff's claims. *Id.* Here,
   not only does Plaintiff's method of service fail to comport with Rule 4(f)(2)(C)(ii), but it does not appear
27  that service by mail is even allowed in Nigeria. *See Zhu v. First Atlantic Bank*, 2005 WL 2757536
   (S.D.N.Y. 2005) ("We are satisfied that Nigerian law . . . prohibit[s] service of process by mail[.]").

28

12

**United States District Court**
For the Northern District of California

1    forum state, so that the exercise of jurisdiction does not offend traditional notions of fair play and

2    substantial justice." *Id.* The factors to be balanced when considering whether the exercise of jurisdiction

3    would comport with "fair play and substantial justice" are: (1) the extent of the defendant's purposeful

4    interjection within the forum state; (2) the burden on the defendant in defending in the forum; (3) the

5    extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in

6    adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance

7    of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an

8    alternative forum. *See Burger King v. Rudzewicz*, 471 U.S. 464, 476 (1985).

9        There are two types of personal jurisdiction: general and specific. *Reebok International, Ltd.*

10   *v. McLaughlin*, 49 F.3d 1387, 1391 (9th Cir. 1997), *cert. denied*, 516 U.S. 908 (1995). The presence

11   of either general or specific jurisdiction will sustain the exercise of personal jurisdiction over a

12   defendant. *Rano v. SIPA Press, Inc.*, 987 F.2d 580, 587 (9th Cir. 1993). If the court has "general

13   jurisdiction" over the defendant, it may "hear cases unrelated to the defendant's forum-related activities."

14   *Shute*, 897 F.2d at 380. However, general jurisdiction exists only when it is established that the

15   defendant has "continuous and systematic contacts with the forum [such] that the exercise of jurisdiction

16   does not offend traditional notions of fair play and substantial justice." *Id.* The Supreme Court and the

17   Ninth Circuit have indicated that the necessary contacts to establish general jurisdiction are quite high.

18   *See Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414 (1984).

19       If the defendant's contacts are not sufficient to establish general jurisdiction, then "a court may

20   nevertheless assert jurisdiction for a cause of action arising out of the defendant's activities *within* the

21   forum." *Shute*, 897 F.2d at 381 (emphasis added). This type of jurisdiction is referred to as "specific"

22   or "limited" jurisdiction. *Id.* In order to establish "specific jurisdiction" over a non-resident defendant,

23   the defendant must have done some act by which he purposefully availed himself of the privilege of

24   conducting activities in the forum state, thereby invoking the benefits and protections of its laws. *Id.*

25   Further, the claim must arise out of the defendant's forum related activities. *Id.*

26       Based on the standards set forth above, the Court concludes that the allegations in the Amended

27   Complaint do not sufficiently establish that this Court has either general or specific personal jurisdiction

28   over Blosada or Maersk Nigeria. Accordingly, Blosada and Maersk Nigeria are hereby DISMISSED

1  from the lawsuit. However, although the Court is doubtful that Plaintiff will be able to effectively

2  demonstrate that the exercise of jurisdiction over these defendants would comport with the notions of

3  "fair play and substantial justice," the Court recognizes that it may not dismiss these defendants from

4  the lawsuit without prejudice until Plaintiff has been afforded "a reasonable opportunity to present any

5  available evidence supporting the Court's jurisdiction." *System Pipe & Supply*, 242 F.3d at 325;

6  *Burleson*, 391 F. Supp. 2d at 422. Accordingly, Plaintiff is hereby granted leave to file a second

7  amended complaint against Blosada and Maersk Nigeria *only if* he can allege, in good faith, facts

8  sufficient to show that the Court can exercise either general or specific personal jurisdiction over these

9  defendants. **Plaintiff is explicitly warned that, if he does not sufficiently demonstrate in his second**

10 **amended complaint that jurisdiction over these defendants is proper, he will be immediately**

11 **ordered to show cause why the case should not dismissed *with prejudice* with respect to these**

12 **defendants.**

13                                   **CONCLUSION**

14      IT IS HEREBY ORDERED THAT defendants Maersk, Inc. and Maersk Lines, Ltd.'s Motion

15 to Dismiss [Docket No. 27] is GRANTED IN PART AND DENIED IN PART. The Motion to Dismiss

16 is DENIED with respect to Plaintiff's first cause of action. However, the Motion is GRANTED with

17 respect to Plaintiff's second cause of action, which is hereby DISMISSED WITH PREJUDICE. The

18 Motion is also GRANTED with respect to Plaintiff's third cause of action, which is hereby DISMISSED

19 WITHOUT PREJUDICE.

20      IT IS FURTHER ORDERED THAT defendants Blosada and Maersk Nigeria, Ltd. are

21 DISMISSED from this lawsuit WITHOUT PREJUDICE. Plaintiff is hereby granted leave to file a

22 second amended complaint **by no later than thirty (30) days from the date of this Order**. Plaintiff

23 may name Blosada and Maersk Nigeria, Ltd. in his second amended complaint **so long as Plaintiff can**

24 **sufficiently demonstrate that this Court has a basis to assert personal jurisdiction over those**

25 **defendants**. Plaintiff is expressly warned that, if he fails to plead facts sufficient to establish personal

26 jurisdiction, **the Court will issue an order to show cause and Plaintiff will be directed to appear**

27 **before the Court and will be required to produce specific evidence demonstrating that jurisdiction**

28 **is proper**. The Court further reminds Plaintiff that, once a second amended complaint is filed, it will

*(left margin, vertical text)* United States District Court    For the Northern District of California

14

supercede the prior complaints. The second amended complaint must be self-contained and cannot refer to, or incorporate by reference, any part of the initial Complaint or the Amended Complaint. Additionally, Plaintiff is expressly warned that, if his second amended complaint fails to rectify the deficiencies identified in this Order, it shall constitute sufficient grounds to support a finding that further leave to amend would be futile. If Plaintiff elects not to file a second amended complaint, the Amended Complaint will remain the operative complaint, and Plaintiff will be allowed to proceed on his first cause of action against defendants Maersk, Inc. and Maersk Lines, Ltd. ONLY.

IT IS FURTHER ORDERED THAT the Case Management Conference currently scheduled for January 24, 2006 at 1:00 p.m. is VACATED. The parties shall appear for a telephonic Case Management Conference on **Wednesday, March 8, 2006 at 2:30 p.m.** The parties shall **meet and confer** prior to the conference and shall prepare a **joint** Case Management Conference Statement which shall be filed no later than ten (10) days prior to the Case Management Conference. Counsel for defendants shall be responsible for filing the statement as well as for arranging the conference call. All parties shall be on the line and shall call (510) 637-3559 at the above indicated date and time.

IT IS SO ORDERED.

Dated: January 24, 2006

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

15

2379-659

1  RAIMI SHOAGA
   1080 67th Street #E
2  Oakland, California 94608
3  (510) 597-9855

4  Plaintiff In Pro Se

**ORIGINAL FILED**

FEB 1 6 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

5

6

7                    UNITED STATES DISTRICT COURT FOR THE

8                       NORTHERN DISTRICT OF CALIFORNIA

9

10  RAIMI SHOAGA,

11                    Plaintiff              Case No. C05-02213 SBA

12          v.                              **PLAINTIFF'S SECOND AMENDED COMP-**
                                            **LAINT FOR DAMAGES**
13  BLOSADA, MAERSK, INC., MAERSK           **Breach of Contract, Fraud**
14  LINES LTD., MAERSK NIG. LTD.,
                      Defendants
15  ─────────────────────────────/

16

17      The plaintiff, Raimi Shoaga, brings this Second Amended Complaint for Damages and

18

19  complains as follows:

20                    <u>**FIRST CAUSE OF ACTION**</u>

21                              I

22
    The United States District Court has original jurisdiction over this case because it involves a
23
    citizen of the United States and citizens and subjects of a foreign state, and because it is a civil
24
    case based upon admiralty and maritime jurisdiction. Jurisdiction is conferred upon this court by
25
    28 U.S.C. 1332(a)(2), by 28 U.S.C. 1333(1), and, by 46 U.S.C. 740.
26

27                              II

28                              1.

RECEIVED

FEB 17 2006

KEESAL, YOUNG & LOGAN

EXHIBIT 4          2/16/06

Venue is proper in this court because this jurisdictional district is the district in which the plaintiff's claims arose in that the defendants are, and each defendant is, doing business in this judicial district, and all contracts referred to and alleged herein were entered into in this district.

III

The plaintiff demands a jury trial.

IV

The plaintiff is an individual and a resident of the city of Oakland, County of Alameda, State of California, and is not a shipping company or maritime services agent.

V

The defendant Blosada, ("Blosada"), is the president and agent of the defendants Maersk Nig. Ltd., which is a branch location, business affiliate, and releasing agent of Maersk, Inc. and Maersk Lines, Limited, ("Maersk, Inc." and "Maersk Lines, Ltd."), and which has principal offices in Lagos, Nigeria.

VI

The defendant Maersk, Incorporated, ("Maersk, Inc."), is an oceangoing shipping company and an agent for maritime cargo shipping services, with cargo loading and forwarding facilities in Oakland, California.

VII

The defendant Maersk Lines, Limited, ("Maersk Lines, Ltd."), is an oceangoing shipping company and agent for maritime cargo shipping services, with cargo loading and forwarding facilities in Oakland, California.

VIII

2.

The defendants Oakland California's Maersk, Inc. and Oakland, California's Maersk Lines, Ltd. are contracted with and to the Target Shipping Company, which accommodates the provision of cargo shipping containers to individuals and residents of the city of Oakland, Alameda County, California; which does local billings for the services that are provided by the defendants Maersk, Inc. and Maersk Lines, Ltd.; and, which designates to local residents and shipping clients the drop-off and release site for cargo containers that are shipped by the defendants Maersk, Inc. and Maersk Lines, Ltd., according to their contracts with the Target Shipping Company.

IX

The defendant Maersk Nig., Ltd. is operated by the defendant Blosada, and is a branch location, business affiliate, and releasing site of Oakland, California's Maersk, Inc. and Oakland, California's Maersk Lines, Ltd., with principal offices in Lagos, Nigeria.

X

On about July 29, 2004 the plaintiff entered into a pre-paid shipping agreement with the defendants Maersk, Inc., Maersk Lines, Ltd. Wherein it was agreed that in exchange for the plaintiff paying the defendants Maersk, Inc., Maersk Lines, Ltd. The total sum of Five Thousand, One Hundred Dollars, ($5,100.00), United States Currency, the defendant Maersk, Inc., Maersk Lines, Ltd. would provide the plaintiff cargo shipping and demurrage services to Apapa, Lagos, in the country of Nigeria, utilizing Maersk Lines, Ltd.'s cargo shipping container number "MSKU 8123727; S Number 506667".

XI

According to the agreement and contract between the plaintiff, Maersk, Inc., and Maersk

3.

1  Lines, Ltd., the above-referenced cargo container, which contained goods owned by the plaintiff

2  was, upon delivery to Apapa, Lagos, Nigeria in September of 2004, to have been released by the

3  Federal Government of Nigeria, which, following a routine inspection, would have sole

4  responsibility for the release of the plaintiff's cargo.

5

6                                    XII

7  The plaintiff's hired Maersk, Inc., Maersk Lines, Ltd., hired cargo container did arrive in

8  Apapa, Lagos, Nigeria in September of 2004.

9

10                                   XIII

11  That from September of 2004 to January of 2005, and following numerous inquiries regarding

12  the disposition of the plaintiff's cargo container by relatives of the plaintiff, the defendants, and

13  each defendant, failed to release the plaintiff's cargo container.

14

15                                   XIV

16  In January of 2005, the plaintiff visited Nigeria to inquire about the delay in the release of

17  plaintiff's hired cargo container.

18

19                                   XV

20  In January of 2005, the plaintiff was informed that the defendants, and each of the

21  defendants, were claiming that the plaintiff had an outstanding balance due for shipping and

22  demurrage charges of more than Ten Thousand Dollars, ($10,000.00), United States Currency

23  and that the defendants were demanding the return of the Maersk, Inc., Maersk Lines, Ltd. Cargo

24  container.

25

26                                   XVI

27  From January of 2005 to April of 2005, the plaintiff and his brother in Nigeria sought to have

28

                                     4.

the added costs and charges explained by Maersk, Inc., Maersk Lines, Ltd., to include inquiries made to Maersk, Inc.'s offices in New Jersey.

### XVII

In April of 2005, the plaintiff and his brother were informed by the defendant Blosada, Maersk Nig., Ltd. that the plaintiff was liable to the defendants, and each of the defendants, for the added $10,000.00 in costs.

### XVIII

The defendants, and each of the defendants, have, by their failure to perform as agreed upon entering into contract with the plaintiff on about July 29, 2004, by charging the plaintiff additional costs, and, by not releasing the cargo contained in the Maersk, Inc. Maersk Lines, Ltd. Shipping container number "MSKU 8123727; S Number 506667" upon arrival at Apapa, Lagos Nigeria, breached the contract entered into with the plaintiff, causing the plaintiff damages.

### SECOND CAUSE OF ACTION

#### I

The plaintiff incorporates herein by reference each and all causes of the FIRST CAUSE OF ACTION herein.

#### II

In July of 2004 the defendants, and each defendant, agreed with the plaintiff that the defendants Maersk, Inc., Maersk Lines, Ltd., Blosada, and Maersk Nig., Ltd. would provide the plaintiff cargo shipping and demurrage services to Apapa, Lagos, in the country of Nigeria, utilizing Maersk Lines, Ltd.'s cargo shipping container number "MSKU 8123727; S Number 506667", and agreed with the plaintiff that upon delivery to Apapa, Lagos, Nigeria in August of

5.

2004, container number "MSKU 8123727; S Number 506667" would be released by the Federal Government of Nigeria following a routine inspection.

III

That in July of 2004, the defendants, and each defendant, to include the defendants Maersk, Inc., Maersk Lines, Ltd., Blosada, and Maersk Nig., Ltd., knew, and should have known, that there could be no certainty that either of the defendants would be able to meet their obligations under the contract entered into with the plaintiff.

IV

The defendants, and each defendant, failed to fully inform the plaintiff of the conditions under which his cargo was being shipped, nor did any defendant fully inform the plaintiff of the terms, conditions, and requirements for plaintiff's cargo to be released following delivery to Apapa, Lagos, Nigeria.

V

In July of 2004, the defendants concealed material information from the plaintiff, and, in fact, made misrepresentations to the plaintiff, that concerned the conditions under which plaintiff's cargo was being shipped, and the terms, conditions, and requirements for plaintiff's cargo to be released following delivery to Apapa, Lagos, Nigeria.

VI

In July of 2004, the defendants, and each of the defendants, failed to fully inform the plaintiff, and made misrepresentations to the plaintiff in order to induce the plaintiff's reliance upon the shipping services of the Maesrk, Inc., the Maersk Lines, Ltd., Blosada, and the Maersk Nig., Ltd.,

6.

and to induce the plaintiff to tender to the defendants a dollar amount of not less than $5,100.00.

VII

In July of 2004, the defendants, and each of the defendants, failed to fully inform the plaintiff, and made misrepresentations to the plaintiff, causing the plaintiff to tender to the defendants a dollar amount of not less than $5,100.00.

VIII

According to the agreement and contract between the plaintiff, Maersk, Inc., and Maersk Lines, Ltd., the above-referenced cargo container, which contained goods owned by the plaintiff was, upon delivery to Apapa, Lagos, Nigeria in August of 2004, to have been released by the Federal Government of Nigeria, which, following a routine inspection, would have sole responsibility for the release of the plaintiff's cargo.

IX

The plaintiff's hired Maersk, Inc., Maersk Lines, Ltd., hired cargo container did arrive in Apapa, Lagos, Nigeria in September of 2004.

X

From September of 2004 to January of 2005, and following numerous inquiries regarding the disposition of the plaintiff's cargo container by relatives of the plaintiff, the defendants, and each defendant, failed to, and refused to release the plaintiff's cargo container.

XI

In January of 2005, the plaintiff visited Nigeria to inquire about the delay in the release of plaintiff's hired cargo container.

XII

7.

In January of 2005, the plaintiff was informed that the defendants, and each of the defendants, were claiming that the plaintiff had an outstanding balance due for shipping and demurrage charges of more than Ten Thousand Dollars, ($10,000.00), United States Currency and that the defendants were demanding the return of the Maersk, Inc., Maersk Lines, Ltd. Cargo container.

## XIII

The plaintiff's reliance upon the defendants, and each defendant's, concealments and misrepresentations, as made to the plaintiff in July of 2004,  was justifiable reliance.

## XIV

The plaintiff, because of the defendants, and each defendant's, fraudulent concealments and misrepresentations, as made to the plaintiff in July of 2004, has been caused economic loss and damages.

**WHEREFORE**, the plaintiff prays,

1. For damages for the defendants', and each defendant's, breach of contract;

2. For damages for the defendants', and each defendant's, fraudulent concealment and misrepresentation;

3. For costs of suit; and,

4. For such other and further relief as the court may deem meet and just.

Dated: February 13, 2006                    _____

                                           RAIMI SHOAGA-Plaintiff In Pro Se

8.

2379-659 ple

**FILED**

APR 2 6 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RAIMI SHOAGA,

            Plaintiff,

    v.

BLOSADA, et al.,

            Defendants.

No. C 05-02213 SBA

**ORDER**

[Docket No. 59]

      This matter comes before the Court on the Court's Order to Show Cause why defendants Blosada and Maersk Nigeria, Ltd. should not be dismissed for lack of personal jurisdiction [Docket No. 59]. Having read and considered Plaintiff's Certificate of Counsel, and the documents attached thereto, the Court finds this matter appropriate for resolution without a hearing. Defendants Blosada and Maersk Nigeria, Ltd. are hereby DISMISSED from this lawsuit for lack of personal jurisdiction.

## BACKGROUND

**A.    Factual Background[1]**

      According to Plaintiff, on or about July 29, 2004, Plaintiff entered into a pre-paid shipping agreement with both Maersk, Inc. and Maersk Lines, wherein it was agreed that in exchange for $5,100, Maersk, Inc. and Maersk Lines would provide Plaintiff with cargo shipping and demurrage services to the port of Apapa in Lagos, Nigeria in connection with the delivery of a shipping container supplied by Maersk Lines and filled with Plaintiff's personal effects. Second Amended Complaint ("SAC") at 3:17-4:1. Pursuant to this contract, the container was to be released by the Federal Government of Nigeria. *Id.* at 4:1-4 & 7:8-14. The alleged contract also provided that the Federal Government of Nigeria would

---

[1] The following facts are taken from Plaintiff's Second Amended Complaint.

EXHIBIT 5

1  have, after inspection, the sole responsibility for the release of Plaintiff's cargo. *Id.*

2      The container arrived in Lagos, Nigeria in September 2004. *Id.* at 4:7-8 & 7:16-17. However,

3  from September 2004 to January 2005, defendants Maersk, Inc., Maersk Lines, Blosada, and Maersk

4  Nig., Ltd. failed to release the cargo to Plaintiff. *Id.* at 4:11-13 & 7:20-22. During that time, Plaintiff

5  made numerous inquiries regarding the disposition of the cargo container. *Id.* In January of 2005,

6  Plaintiff was informed by the defendants that he owed an outstanding balance for additional shipping

7  and demurrage charges of more than $10,000, and that the defendants were demanding the return of the

8  cargo container. *Id.* at 4:20-25. From January 2005 to April 2005, Plaintiff and his brother, who was

9  located in Nigeria, sought an explanation from Maersk Inc. and Maersk Lines justifying the additional

10  charges. *Id.* at 4:28-5:2. In April 2005, Plaintiff was informed by defendants Blosada and Maersk Nig.,

11  Ltd. that Plaintiff was liable to all of the defendants for the additional charges. *Id.* at 5:5-7.

12  **B.    Procedural Background**

13      On June 1, 2005, Plaintiff filed a Complaint, in *propria persona,* on behalf of himself and three

14  other individuals. The Complaint named as defendants a person known as "Bolsada," an entity referred

15  to as "Maersk Sealand Shipping Worldwide dba Maersk," Target Shipping, Inc., and Maersk Nig., Ltd.

16  Plaintiff's Complaint alleged causes of action for "extortion," breach of contract of carriage, "illegal

17  revenue enhancement," fraudulent misrepresentation, intentional and negligent misrepresentation,

18  "corruption," and illegal demurrage charges. Plaintiff also alleged that federal jurisdiction was premised

19  on admiralty and maritime jurisdiction, pursuant to 28 U.S.C. § 1333.

20  On September 6, 2005, Plaintiff filed a motion for entry of default as to defendants Bolsada, Maersk

21  Nig., Ltd., and Maersk Sealand Shipping Worldwide. Additionally, Plaintiff moved for entry of default

22  against Maersk Lines, Ltd. Also on September 6, 2005, Plaintiff voluntarily dismissed defendant Target

23  Shipping, Inc.

24      On September 19, 2005, the Clerk of Court declined to enter default against defendants Bolsada

25  and Maersk Nig., Ltd. The Clerk also declined to enter default against Maersk Lines, Ltd.

26      On September 22, 2005, Maersk, Inc. and Maersk Lines, Ltd. specially appeared in the action

27  by filing a Separate Case Management Conference Statement and Motion for Sanctions ("Motion for

28  Sanctions"). In the Motion for Sanctions, Maersk, Inc. and Maersk Lines, Ltd. informed the Court that

1    "Maersk Sealand Shipping Worldwide" was a non-existent entity and that Plaintiff had attempted to

2    serve process on Maersk, Inc. and Maersk Lines, Ltd., despite the fact that the companies were not

3    actually named as defendants in Plaintiff's Complaint.   On September 29, 2005, Plaintiff filed an

4    Opposition to Maersk, Inc. and Maersk Lines, Ltd.'s Motion for Sanctions.

5        On October 5, 2005, the Court issued an Order denying the Motion for Sanctions. The Court also

6    struck reference to the three other "plaintiffs" on whose behalf Plaintiff had brought the suit.

7    Additionally, Plaintiff was explicitly instructed to file proofs of service with the Court demonstrating

8    that the defendants named in the complaint had been properly served pursuant to Federal Rule of Civil

9    Procedure 4 on or before October 19, 2005.

10        On October 14, 2005, Plaintiff filed an Amended Complaint, in *propria persona*, on behalf of

11    himself and against defendants "Blosada," Maersk, Inc., Maersk Lines, Ltd., and Maersk Nig., Ltd. The

12    Amended Complaint alleged three causes of action for: (1) breach of contract; (2) violations of 18 U.S.C.

13    § 1951(b)(2)[2] and 18 U.S.C. § 201;[3] and (3) fraud.  In the Amended Complaint, Plaintiff alleged that

14    federal jurisdiction was premised on admiralty and maritime jurisdiction, pursuant to 28 U.S.C. §

15    1333(1) and 46 U.S.C. § 740.

16        On November 3, 2005, defendants Maersk, Inc. and Maersk Lines, Ltd. filed a Motion to Dismiss

17    pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b).  On January 24, 2006, this Court issued

18    an Order granting in part and denying in part defendants Maersk, Inc. and Maersk Lines, Ltd.'s Motion

19    to Dismiss. The January 24, 2006 Order also dismissed defendants Blosada and Maersk Nig., Ltd. from

20    the action without prejudice for lack of personal jurisdiction.  Plaintiff was granted leave to file an

21    amended complaint against Blosada and Maersk Nig., Ltd. *only if* he could allege, in good faith, specific

22    facts sufficient to show that the Court could exercise either general or specific personal jurisdiction over

23    those defendants.  Plaintiff was also explicitly warned that, if he was not able to sufficiently demonstrate

24    the basis for personal jurisdiction over those defendants, he would be immediately ordered to show cause

25    why the case should not dismissed *with prejudice* with respect to those defendants.

26

27    [2]18 U.S.C. § 1951 is entitled "Interference with commerce by threats or violence."

28    [3]18 U.S.C. § 201 is entitled "Bribery of public officials and witnesses."

3

1    On February 16, 2006, Plaintiff filed a Second Amended Complaint against Blosada, Maersk,

2    Inc., Maersk Lines Ltd., and Maersk Nig., Ltd.  The Second Amended Complaint did not include any

3    facts sufficient to show that this Court has personal jurisdiction over Blosada or Maersk Nig., Ltd.

4    On March 7, 2006, this Court issued an Order to Show Cause, instructing Plaintiff and/or

5    Plaintiff's counsel of record to appear in in this courtroom on April 26, 2006 to show cause why

6    defendants Blosada and Maersk Nig., Ltd. should not be dismissed with prejudice for lack of personal

7    jurisdiction.  This Court also ordered Plaintiff and/or Plaintiff's counsel of record to file the instant

8    Certificate of Counsel explaining why Blosada and Maersk Nig., Ltd. should not be dismissed with

9    prejudice for lack of personal jurisdiction and to attach to it any and all relevant evidence supporting

10   Plaintiff's assertion that personal jurisdiction over Blosada and/or Maersk Nig., Ltd. is proper.

11   On March 14, 2006, Maersk, Inc. and Maersk Lines Ltd. filed a Motion to Dismiss Plaintiff's

12   Second Cause of Action.  On April 13, 2006, the Court granted Maersk, Inc. and Maersk Lines Ltd.'s

13   Motion to Dismiss and dismissed Plaintiff's fraud claim with prejudice.

14   **C.    Jurisdictional Allegations**

15   In his Certificate of Counsel, Plaintiff contends that Maersk-Sealand shipping company is a

16   subsidiary of A.P. Moller-Maersk Group, which maintains a cargo container shipping business with

17   terminals in Oakland, California and Onne, Nigeria.  Plaintiff's Certificate of Counsel ("COC"), ¶4.

18   Maersk-Sealand has a shipping terminal for pickup, receipt, and storage and has a discharge port and

19   place of delivery at Apapa, Nigeria. *Id.* at ¶5.  Maersk-Sealand also has representative agents and an

20   office in Lagos, Nigeria. *Id.*   Defendant Blosada is an agent of and prepares invoices for Maersk-

21   Sealand so that cargo shipping services received in Oakland, California and bound for Apapa, Nigeria

22   may be paid for. *Id.* at ¶¶6,7.  Representative agents of Maersk-Sealand are also "located in Maersk

23   Nigeria Ltd." with offices in Lagos, Nigeria. *Id.* at ¶8.  Plaintiff believes that defendants Blosada and

24   Maersk Nig., Ltd. are employees, representatives, and/or agents of the Maersk-Sealand shipping

25   company which is a subsidiary of the A.P. Moller-Maersk Group. *Id.* at ¶10.  Maersk-Sealand and A.P.

26   Moller-Maersk Group do business in both Oakland, California and Apapa, Nigeria. *Id.* at ¶10.

27   Plaintiff admits, however, that Blosada and Maersk Nig., Ltd. are citizens and subjects of

28   Nigeria. *Id.* at ¶12.  Nevertheless, it appears that Plaintiff contends that jurisdiction is proper over

4

United States District Court

For the Northern District of California

1    Blosada and Maersk Nig., Ltd. because they are agents, employees, and/or representatives of Maersk-

2    Sealand, a subsidiary of A.P. Moller-Maersk Group, both of which Plaintiff believes are subject to

3    personal jurisdiction within the United States or the state of California, although neither of which is

4    named as a defendant in this action. *Id.*

5                                              **LEGAL STANDARD**

6           Personal jurisdiction can be asserted over a foreign defendant only if permitted by California's

7    long-arm statute and if doing so will not violate federal due process. *See Fireman's Fund Ins. Co. v.*

8    *National Bank of Cooperatives*, 103 F.3d 888, 893 (9th Cir.1996). Thus, in order to establish personal

9    jurisdiction, Plaintiff must demonstrate "that the forum state's jurisdictional statute confers personal

10   jurisdiction, and that the exercise of jurisdiction accords with federal constitutional principles of due

11   process." *Shute v. Carnival Cruise Lines*, 897 F.2d 377, 380 (9th Cir.1990), *rev'd on other grounds*, 499

12   U.S. 585 (1991). Here, California's long arm statute provides that the court can exercise jurisdiction "on

13   any basis not inconsistent with the Constitution of this state or of the United States." Cal. Code Civ.

14   Proc. § 410.10. Therefore, it is only necessary for the Court to analyze whether the assertion of

15   jurisdiction comports with due process under the United States Constitution. *See Rocke v. Canadian*

16   *Auto. Sport Club*, 660 F.2d 395, 398 (9th Cir.1981).

17          Under the jurisdictional test enunciated in *International Shoe v. Washington*, 326 U.S. 310

18   (1945), "due process require[s] that non-resident defendants have certain minimum contacts with the

19   forum state, so that the exercise of jurisdiction does not offend traditional notions of fair play and

20   substantial justice." *Id.* The factors to be balanced when considering whether the exercise of jurisdiction

21   would comport with "fair play and substantial justice" are: (1) the extent of the defendant's purposeful

22   interjection within the forum state; (2) the burden on the defendant in defending in the forum; (3) the

23   extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in

24   adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance

25   of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an

26   alternative forum. *See Burger King v. Rudzewicz*, 471 U.S. 464, 476-77 (1985).

27          There are two types of personal jurisdiction: general and specific. *Reebok International, Ltd.*

28   *v. McLaughlin*, 49 F.3d 1387, 1391 (9th Cir. 1997), *cert. denied*, 516 U.S. 908 (1995). The presence

**United States District Court**
For the Northern District of California

1   of either general or specific jurisdiction will sustain the exercise of personal jurisdiction over a

2   defendant. *Rano v. SIPA Press, Inc.*, 987 F.2d 580, 587 (9th Cir. 1993). If the court has "general

3   jurisdiction" over the defendant, it may "hear cases unrelated to the defendant's forum-related activities."

4   *Shute*, 897 F.2d at 380. However, general jurisdiction exists only when it is established that the

5   defendant has "continuous and systematic contacts with the forum [such] that the exercise of jurisdiction

6   does not offend traditional notions of fair play and substantial justice." *Id.* The Supreme Court and the

7   Ninth Circuit have indicated that the necessary contacts to establish general jurisdiction are quite high.

8   *See Id.*; *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414 (1984).

9        If the defendant's contacts are not sufficient to establish general jurisdiction, then "a court may

10  nevertheless assert jurisdiction for a cause of action arising out of the defendant's activities *within* the

11  forum." *Shute*, 897 F.2d at 381 (emphasis added). This type of jurisdiction is referred to as "specific"

12  or "limited" jurisdiction. *Id.* The Ninth Circuit has devised a three part test to determine whether the

13  exercise of "specific jurisdiction" comports with due process: (1) the defendant must have done some

14  act or consummate some transaction with the forum or perform some act by which he purposely avails

15  himself of the privilege of conducting activities in the forum, thereby invoking the benefits and

16  protections of the laws; (2) the claim must arise out of the forum-related activities; *and* (3) the exercise

17  of jurisdiction must be reasonable. *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995).

18       The purposeful availment test focuses on whether a "defendant's conduct and connection with

19  the forum state are such that he should reasonably anticipate being haled into court there." *World Wide*

20  *Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). The focus on the defendant's affirmative

21  conduct is designed to ensure that the defendant is not haled into court as a result of "random, fortuitous

22  or attenuated contacts." *Gray & Co. v. Firstenberg Machinery Co.*, 913 F.2d 758, 760 (9th Cir. 1990).

23  "Purposeful availment analysis examines whether the defendant's contacts with the forum are attributable

24  to his own actions or are solely the actions of plaintiff." *Sinatra v. National Enquirer*, 854 F.2d 1191,

25  1195 (9th Cir. 1988).

26       The plaintiff bears the burden of meeting this test. *Haisten v. Grass Valley Medical*

27  *Reimbursement Fund, Ltd.*, 784 F.2d 1392, 1397 (9th Cir. 1986). In the event that the plaintiff makes

28  a prima facie showing of purposeful availment and forum related activities, "a presumption of

6

1    reasonableness" arises, which the defendant bears the burden of overcoming. *Id.*

2                                    **ANALYSIS**

3           In the instant case, Plaintiff has failed to allege any facts or to supply sufficient documentation

4    supporting the assertion that either general or specific personal jurisdiction is proper over defendants

5    Blosada and Maersk Nig., Ltd. (hereinafter referred to as "Defendants"). Plaintiff's only argument in

6    support of jurisdiction is his assertion that Defendants are subject to personal jurisdiction because they

7    are agents, employees or representatives of a company, Maersk-Sealand, which is purportedly subject

8    to personal jurisdiction in California but not named as a defendant in this case.

9           However, both the Supreme Court and the Ninth Circuit have rejected this ground for jurisdiction

10    over foreign entities. *Keetan v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984) ("[J]urisdiction

11    over an employee does not automatically follow from jurisdiction over the corporation which employs

12    him; nor does jurisdiction over a parent corporation automatically establish jurisdiction over a wholly

13    owned subsidiary.") (citations omitted); *Church of Scientology v. Adams*, 584 F.2d 893, 897 (9th Cir.

14    1978) ("Even in cases where the contacts of a parent or subsidiary corporation are sufficient to subject

15    it to personal jurisdiction, we recognize that the activities of one related corporation are irrelevant to the

16    issue of jurisdiction over the other, so long as a separation between the corporations has been

17    maintained.")(citing *Uston v. Grand Resorts, Inc.*, 564 F.2d 1217, 1218 (9th Cir. 1977)). It is well

18    established that the requirements of *International Shoe* must be met as to each defendant over which the

19    forum state is attempting to exercise personal jurisdiction. *Rush v. Savchuk*, 444 U.S. 320, 332 (1980).

20           Plaintiff makes no other arguments which would directly establish general jurisdiction over

21    Blosada or Maersk Nig., Ltd. There is no allegation that Defendants have had continuous and systematic

22    contacts with California such that the exercise of jurisdiction would not offend traditional notions of fair

23    play and substantial justice. Plaintiff also does not present any evidence demonstrating that Defendants

24    have a place of business located in California, are licensed to do business in California, or have an agent

25    for service of process in California. *See Helicopteros Nacionales de Colombia*, 466 U.S. at 416 (citing

26    these factors as relevant when determining whether general jurisdiction applies). Furthermore, there is

27    no allegation that either of the Defendants have directors, management employees, or agents which

28    reside in California.

1        Although Plaintiff asserts that Defendants may regularly receive cargo shipments originating in

2   California and prepare invoices for their delivery, similar types of contacts have been rejected by the

3   Supreme Court as establishing sufficient connections for general jurisdiction. Namely, the Supreme

4   Court has found that purchasing products from a forum state, even if done at regular intervals, is

5   insufficient to establish jurisdiction. *Id.* at 418 (citing *Rosenburg Bros. & Co. v. Curtis Brown Co.*, 260

6   U.S. 516 (1923)). Here, the contacts are even more attenuated in that the Defendants did not seek out

7   Plaintiff's shipment from California to Nigeria – rather it was Plaintiff who indirectly involved the

8   services of the Defendants by purportedly entering into a contract with Maersk Inc. and Maersk Lines

9   to have his belongings transported to Nigeria.

10       Plaintiff also does not successfully show that Defendants should be subject to specific

11   jurisdiction. No factual allegations exist which demonstrate that the first prong of specific jurisdiction

12   is satisfied – *i.e.* that the Defendants purposely availed themselves of the privilege of conducting

13   activities in California, thereby invoking the benefits and protections of the laws of the state. The fact

14   that Defendants may have accepted Plaintiff's cargo from California does not demonstrate that they have

15   purposefully availed themselves of jurisdiction in this State. In fact, Plaintiff does not allege that he

16   entered into a contract with either Blosada or Maersk Nig., Ltd., only that he entered into a contract with

17   Maersk, Inc. and Maersk Lines.

18       Further, the purposeful availment prong turns on whether the defendant's contacts are attributable

19   to its own actions or solely to the actions of the plaintiff. *Decker Coal Co. v. Commonwealth Edison*

20   *Co.*, 805 F.2d 834, 840 (9th Cir. 1986). Here, the defendants were merely on the receiving end of a

21   contract between Plaintiff and other entities located in California. Plaintiff does not allege any facts

22   showing that the Defendants' activities promoted the commencement of business within this forum, such

23   as soliciting business in California, conducting contract negotiations in California, or making California

24   law the governing law under a contract. *Id.* It was Plaintiff, not Blosada or Maersk Nig., Ltd., who

25   chose to ship his belongings from California to Nigeria. The Defendants were therefore without "fair

26   warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign." *Burger*

27   *King*, 471 U.S. at 472. Further, the mere forseeability that a suit might be filed against Blosada and

28   Maersk Nig., Ltd. in California is insufficient to establish a connection to satisfy *International Shoe*.

1   *See World-Wide Volkswagon Corp. v. Woodsen*, 444 U.S. 286 (1980).

2       Additionally, in order to fully satisfy the second prong of the jurisdictional test, the claim must

3   arise out of the forum-related activities.  The Ninth Circuit uses a "but for" test for this analysis.

4   *Ballard*, 65 F.3d at 1500 (citing *Shute v. Carnival Cruise Lines*, 897 F.2d 377 (9th Cir. 1990) *rev'd on*

5   *other grounds* 499 U.S. 585 (1991)).  Here, there are only two claims asserted in the Second Amended

6   Complaint: (1) breach of contract and (2) fraud.  As noted previously, the breach of contract claim is not

7   sufficient to sustain jurisdiction over Defendants because Plaintiff has not established any facts showing

8   that Blosada or Maersk Nig., Ltd. entered into a contract with Plaintiff.  As to the fraud claim, the

9   Second Amended Complaint makes clear that the alleged fraud took place in Nigeria.  In fact, Plaintiff's

10  Second Amended Complaint makes clear that all of his relevant contact with Blosada and Maersk Nig.,

11  Ltd. took place *in Nigeria*.

12      The final prong of the jurisdictional test requires that jurisdiction be reasonable.  The Ninth

13  Circuit considers seven factors when looking at the reasonableness of jurisdiction over a foreign

14  defendant:

15          (1) the extent of the defendants' purposeful interjection into the forum
16          state's affairs; (2) the burden on the defendant of defending in the forum;
            (3) the extent of conflict with the sovereignty of the defendants' state; (4)
17          the forum state's interest in adjudicating the dispute; (5) the most efficient
            judicial resolution of the controversy; (6) the importance of the forum to
18          the plaintiff's interest in convenient and effective relief; and (7) the
            existence of an alternative forum.

19

20  *Mattel, Inc. v. Greiner & Hausser GmbH*, 354 F.3d 857, 866-67 (9th Cir. 2003).  No one factor is

21  dispositive; rather all seven must be balanced.  *Id.*

22      Here, although it may be more judicially efficient and convenient for Plaintiff to litigate his

23  claims in California, all other factors suggest that asserting jurisdiction over Defendants would be

24  manifestly unreasonable.  Indeed, the burden on the Defendants would be quite severe given that they

25  would be forced to travel from Nigeria and to defend against Plaintiff's allegations in a foreign tribunal.

26  *Asahi Metal Industry Co. v. Superior Court of California*, 480 U.S. 102, 114 (1987) ("The unique

27  burdens placed upon one who must defend oneself in a foreign legal system should have significant

28  weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national

9

United States District Court

For the Northern District of California

1    borders.")  Moreover, California has little interest in providing a forum for Plaintiff in the instant case,

2    where the alleged wrongdoings of refusing to release cargo transpired on foreign soil.  Plaintiff also

3    presumably possesses an alternative forum in the Nigerian courts, despite the fact that he apparently has

4    little faith in the likelihood that he will be able to obtain justice there.

5         As a final matter, it should also be noted that the factual record does not support a finding of

6    personal jurisdiction based on the "federal" long-arm.  Federal Rule of Civil Procedure 4(k)(2)[4] does

7    authorizes jurisdiction based on a defendant's national contacts under certain limited circumstances.

8    The rule applies if three conditions are met:

9              (1) the cause of action must arise under federal law; (2) the defendant
10             must not be subject to the personal jurisdiction of any state court of
               general jurisdiction; and (3) the federal court's exercise of personal
11             jurisdiction must comport with due process.

12   *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1126 (9th Cir. 2002).

13   When a plaintiff depends upon Federal Rule of Civil Procedure 4(k)(2) to serve as the necessary

14   statutory authorization for the exercise of specific personal jurisdiction, the constitutional requirements

15   are the same, but the analytic exercises are performed with reference to the United States as a whole,

16   rather than with reference to a particular state.  *U.S. v. Swiss American Bank, Ltd.*, 191 F.3d 30, 36 (1st

17   Cir. 1999).  "The defendant's national contacts take center stage because the rule applies only to

18   situations in which federal courts draw jurisdictional authority from the federal sovereign (unreinforced

19   by 'borrowed' state statutes), and, thus, the applicable constitutional requirements devolve from the Fifth

20   rather than the Fourteenth Amendment."  *Id.*  Here, there is no evidence establishing that Defendants

21   have had contacts with the United States, as a whole, that would be sufficient to establish jurisdiction

22   over them.  Moreover, the same concerns regarding the reasonableness of asserting jurisdiction over

23   these two Defendants still apply.

24        Additionally, Plaintiff has not shown that he has properly served Defendants.  The Court cannot

25

26        [4]Rule 4(k)(2) provides: "If the exercise of jurisdiction is consistent with the Constitution and the
27   laws of the United States, serving a summons or filing a waiver of service is also effective, with respect
     to claims arising under federal law, to establish personal jurisdiction over the person of any defendant
28   who is not subject to the jurisdiction of the courts of general jurisdiction of any state." Fed. R. Civ. P.
     4(k)(2).

1   exercise personal jurisdiction over a defendant unless there has been proper service over a defendant

2   pursuant to Federal Rule of Civil Procedure 4.   *Direct Mail Specialists v. Eclat Computerized*

3   *Technologies, Inc.*, 840 F.2d 685, 688 (9th Cir.1988) (citing *Jackson v. Hayakawa*, 682 F.2d 1344, 1347

4   (9th Cir.1982)). Without substantial compliance with Rule 4, it is irrelevant whether a defendant has

5   notice of a plaintiff's claims. *Id.* A review of the case file reveals that Plaintiff has filed one "proof of

6   service" indicating that Maersk Nig., Ltd. was "personally" served in Lagos, Nigeria by "Reliable

7   Dispatch Services."[5]  However, the Proof of Service is very difficult to decipher and has not been

8   notarized.  There is no proof of service showing that Blosada has been served.  Considering all of the

9   factors set forth above, the Court concludes that asserting jurisdiction over either Blosada or Maersk

10  Nig., Ltd. would be improper.

**CONCLUSION**

12      IT IS HEREBY ORDERED THAT defendants Blosada and Maersk Nigeria, Ltd. are

13  DISMISSED for lack of personal jurisdiction.

15      IT IS FURTHER ORDERED THAT the Order to Show Cause [Docket No. 59] hearing, set for

16  April 26, 2006 at 4:00 p.m., is VACATED.

17      IT IS SO ORDERED.

19  Dated:  *4-26-06*

20                                          SAUNDRA BROWN ARMSTRONG
                                            United States District Judge

---

27      [5]Although the proof of service also indicates that Plaintiff mailed the summons and Second
    Amended Complaint to Maersk Nig., Ltd., this Court has already advised Plaintiff that service by mail
    does not appear to be allowed in Nigeria. *See, e.g., Zhu v. First Atlantic* Bank, 2005 WL 2757536
28  (S.D.N.Y. 2005) ("We are satisfied that Nigerian law . . . prohibit[s] service of process by mail[.]").

11

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


SHOAGA et al,

            Plaintiff,

   v.

BOLSADA et al,

            Defendant.

_____/

Case Number: CV05-02213 SBA

**CERTIFICATE OF SERVICE**


I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 26, 2006, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


John D. Giffin
Keesal, Young & Logan
Four Embarcadero Center
Suite 1500
San Francisco, CA 94111

Kimberly Ann Alexander
Keesal, Young & Logan
Four Embarcadero Center
Suite 1500
San Francisco, CA 94111

Raimi Shoaga
1080 67th Street
Apt. #E
Oakland, CA 94608

Dated: April 26, 2006

                        Richard W. Wieking, Clerk
                        By: LISA R CLARK, Deputy Clerk

2379-659

1  RAIMI SHOAGA
2  1080 67th Street #E
   Oakland, California 94608
3  (510) 597-9855

4  Plaintiff In Pro Se

ORIGINAL
F I L E D

JUL 2 7 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
5
6
7  UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA
   ©AKLAND

8  NORTHERN DISTRICT OF CALIFORNIA

9

10 RAIMI SHOAGA,
11             Plaintiff            Case No. C05-02213 SBA
12        v.                        **PLAINTIFF'S THIRD AMENDED COMP-
13                                  LAINT FOR DAMAGES**
   A.P. MOLLER- MAERSK GROUP,       **Breach of Contract**
14 (aka A.P. MOLLER-MAERSK s/a
   aka DANISH A.P. MOLLER-MAERSK
15 GRUPPEN, aka FIRMAET A.P. MOLLER,
16 MAERSK, INC., MAERSK LINES LTD.,
17             Defendants
18 _____/

19

20    The plaintiff, Raimi Shoaga, brings this Third Amended Complaint for Damages and

21 complains as follows:

22                     **FIRST CAUSE OF ACTION**

23

24                            I

25    The United States District Court has original jurisdiction over this case because it involves a

26 citizen of the United States and citizens and subjects of a foreign state, and because it is a civil

27 case based upon admiralty and maritime jurisdiction. Jurisdiction is conferred upon this court by

28
                            1.

RECEIVED

JUL 3 1 2006

KEESAL, YOUNG & LOGAN

7/27/06

CALENDARED
By _____ Date _____ Copy to WP _____

EXHIBIT 6

1  28 U.S.C. 1332(a)(2), by 28 U.S.C. 1333(1), and, by 46 U.S.C. 740.

2                                      II

3      Venue is proper in this court because this jurisdictional district is the district in which the

4  plaintiff's claims arose in that the defendants are, and each defendant is, doing business in this

5

6  judicial district, and all contracts referred to and alleged herein were entered into in this district.

7                                      III

8      The plaintiff demands a jury trial.

9

10                                     IV

11     The plaintiff is an individual and a resident of the city of Oakland, County of Alameda, State

12  of California, and is not a shipping company or maritime services agent.

13

14                                      V

15     The defendants Maersk-Seland, A.P. Moller-Maersk Group, (aka A.P. Moller-Maersk s/a, aka

16  Danish A.P. Moller-Maersk Gruppen, aka Firmaet A.P. Moller), is a corporation engaged in the

17  cargo shipping business with principal office located in Copenhagen, Denmark, and is the parent

18  company of the defendants Maersk, Incorporated, ("Maersk, Inc."), and of Maersk Lines Limited,

19

20  ("Maersk Lines, Ltd.").

21                                     VI

22     The defendant Maersk, Incorporated, ("Maersk, Inc."), is an oceangoing shipping company

23  and an agent for maritime cargo shipping services, with cargo loading and forwarding facilities in

24  Oakland, California.

25

26                                    VII

27     The defendant Maersk Lines, Limited, ("Maersk Lines, Ltd."), is an oceangoing shipping

28  company and agent for maritime cargo shipping services, with cargo loading and forwarding

                                        2.

1   facilities in Oakland, California.

2                                    VIII

3   The defendants Oakland California's Maersk, Inc. and Oakland, California's Maersk Lines,

4   
5   Ltd. are contracted with and to the Target Shipping Company, which accommodates the

6   provision of cargo shipping containers to individuals and residents of the city of Oakland,

7   Alameda County, California; which does local billings for the services that are provided by the

8   
9   defendants Maersk, Inc. and Maersk Lines, Ltd.; and, which designates to local residents and

10  shipping clients the drop-off and release site for cargo containers that are shipped by the

11  defendants Maersk, Inc. and Maersk Lines, Ltd., according to their contracts with the Target

12  Shipping Company.

13  
14                                   IX

15  The defendants Oakland, California's Maersk, Inc. and Oakland, California's Maersk Lines,

16  Ltd., are contracted with and to the Target Shipping Company, which accommodates the

17  provision of cargo shipping containers to individuals and residents of the city of Oakland,

18  
19  Alameda County, California; which does local billings for the services that are provided by the

20  defendants Maersk, Inc. and Maersk Lines, Ltd.; and, which designates to local residents and

21  shipping clients the drop-off and release site for cargo containers that are shipped by the

22  defendants Maersk, Inc. and Maersk Lines, Ltd., according to their contracts with the Target

23  
24  Shipping Company, to Lagos, Nigeria.

25                                   X

26  On about July 29, 2004 the plaintiff entered into a pre-paid shipping agreement with the

27  defendants Maersk, Inc., Maersk Lines, Ltd. wherein it was agreed that in exchange for the

28
                                     3.

1  plaintiff paying the defendants Maersk, Inc., Maersk Lines, Ltd. The total sum of Five Thousand,

2  One Hundred Dollars, ($5,100.00), United States Currency, the defendant Maersk, Inc., Maersk

3  Lines, Ltd. would provide the plaintiff cargo shipping and demurrage services to Apapa, Lagos,

4  in the country of Nigeria, utilizing Maersk Lines, Ltd.'s cargo shipping container number

5

6  "MSKU 8123727; S Number 506667".

7                                      XI

8

9      According to the agreement and contract between the plaintiff, Maersk, Inc., and Maersk

10 Lines, Ltd., the above-referenced cargo container, which contained goods owned by the plaintiff

11 was, upon delivery to Apapa, Lagos, Nigeria in September of 2004, to have been released by the

12 Federal Government of Nigeria, which, following a routine inspection, would have sole

13 responsibility for the release of the plaintiff's cargo.

14

15                                     XII

16     The plaintiff's hired Maersk, Inc., Maersk Lines, Ltd., cargo container did arrive in Apapa,

17 Lagos, Nigeria in September of 2004.

18

19                                    XIII

20     That from September of 2004 to January of 2005, and following numerous inquiries regarding

21 the disposition of the plaintiff's cargo container by relatives of the plaintiff, the defendants, and

22 each defendant, failed to release the plaintiff's cargo container.

23

24                                    XIV

25     In January of 2005, the plaintiff visited Nigeria to inquire about the delay in the release of

26 plaintiff's hired cargo container.

27

28                                     XV

4.

In January of 2005, the plaintiff was informed that the defendants, and each of the

defendants, were claiming that the plaintiff had an outstanding balance due for shipping and

demurrage charges of more than Ten Thousand Dollars, ($10,000.00), United States Currency

and that the defendants were demanding the return of the Maersk, Inc., Maersk Lines, Ltd. Cargo

container.

XVI

From January of 2005 to April of 2005, the plaintiff and his brother in Nigeria sought to have

the added costs and charges explained by Maersk, Inc., Maersk Lines, Ltd., to include inquiries

made to Maersk, Inc.'s offices in New Jersey.

XVII

In April of 2005, the plaintiff and his brother were informed by the defendants, and each

defendant, that the plaintiff was liable to the defendants, and each of the defendants, for

the added $10,000.00 in costs, and until all charges and costs were paid in full the plaintiff could

not have the cargo that was shipped in the Maersk, Inc. Maersk Lines, Ltd. Shipping container

number "MSKU 8123727; S Number 506667" released to the plaintiff.

XVIII

That to date, and to the best of the plaintiff's knowledge, the cargo that the plaintiff caused to

be shipped by the defendants, and each defendant, to Apapa, Lagos, Nigeria, has yet to be

released or removed from the Maersk, Inc. Maersk Lines, Ltd. Shipping container

number "MSKU 8123727; S Number 506667" that arrived in Nigeria in September of 2004.

XIX

The defendants, and each of the defendants, have, by their failure to perform as agreed upon

5.

1  entering into contract with the plaintiff on about July 29, 2004, by charging the plaintiff

2  additional costs, and, by not releasing the cargo contained in the Maersk, Inc. Maersk Lines, Ltd.

3  Shipping container number "MSKU 8123727; S Number 506667" upon arrival at Apapa, Lagos

4  Nigeria, breached the contract entered into with the plaintiff, causing the plaintiff damages.

5

6  **WHEREFORE**, the plaintiff prays,

7      1. For damages for the defendants', and each defendant's, breach of contract;

8      2. For costs of suit; and,

9

10     3. For such other and further relief as the court may deem meet and just.

11  Dated: May 20, 2006                    _____

12                                          RAIMI SHOAGA-Plaintiff In Pro Se

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

**PROOF OF SERVICE**

**U.S. District Court, Northern District Case No. C05-02213** SBA

STATE OF CALIFORNIA
COUNTY OF ALAMEDA

I am employed in the County of Alameda, State of California. I am over the age of 18 and my business address is:

5021 Jasmine Way, Apt Antioch, Ca

On 7-27-06 , I served the foregoing documents described as:

Plaintiff's Third Amended Complaint

on the parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Attorney Kim Keane
Keesal Young & Logan
Four Embarcadero Ctr. SF CA 94111

✓  **BY EXPRESS MAIL:** I deposited such envelope(s) in the mail at _____
_____ California. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after deposit for mailing in this declaration.

____  **BY UNITED STATES POSTAL SERVICE EXPRESS MAIL:** I caused such envelope(s), full prepaid on account, to be placed within the custody of UNITED STATES POSTAL SERVICE at _____
_____, California.

____  **BY UNITED STATES POSTAL SERVICE REGISTERED AIR MAIL/RETURN RECEIPT:** I caused such envelope(s), full prepaid on account, to be placed within the custody of UNITED STATES POSTAL SERVICE at _____, California.

____  **BY FACSIMILE:** I caused the above-referenced document(s) to be transmitted to the above-named person(s) at the facsimile telephone number exhibited therewith. The Facsimile machine I used complied with California Rules of court, Rule 2003 and the transmission was reported as complete and without error. Pursuant to California Rules of Court, Rule 2006(d). I caused the machine to print a transmission record of the transmission and the transmission report was properly issued by the transmitting facsimile machine.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on 7-27-06 at Oakland California.

Gabriel Abigan
Declarant

RECEIVED
JUL 3 1 2006
KEESAL, YOUNG & LOGAN

URIGINAL

1 | JOHN D. GIFFIN, CASB NO. 89608
  | KIM A. KANE, CASB NO. 226896
2 | KEESAL, YOUNG & LOGAN
  | A Professional Corporation
3 | Four Embarcadero Center, Suite 1500
  | San Francisco, California 94111
4 | Telephone:    (415) 398-6000
  | Facsimile:    (415) 981-0136
5 |
6 | Attorneys for Defendants
  | MAERSK, INC. and MAERSK LINE LIMITED

**FILED**

NOV 0 7 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

**RECEIVED**

SEP 1 8 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

7

8 | **UNITED STATES DISTRICT COURT**

9 | **NORTHERN DISTRICT OF CALIFORNIA**

10

11 | RAIMI SHOAGA,                                     ) Case No. C 05-02213 SBA
                                                     )
12 |                          Plaintiff,              ) [PROPOSED] ORDER GRANTING
                                                     ) DEFENDANTS MAERSK, INC.'S AND
13 |          vs.                                     ) MAERSK LINE LIMITED'S MOTION FOR
                                                     ) SUMMARY JUDGMENT
14 | A.P. MOLLER – MAERSK GROUP (aka A.P.             )
    | Moller – Maersk s/a aka Danish A.P. MOLLER-     )
15 | MAERSK GRUPPEN aka FIRMET A.P.                   )
    | MOLLER), MAERSK, INC., MAERSK LINES,            ) *Defendant's Counsel are directed to serve this*
16 | LTD.,                                            ) *order upon all other parties in this actions.*
                                                     )
17 |                          Defendants.            )
                                                     )
18 |
19 |          Defendants MAERSK, INC.'s and MAERSK LINE LIMITED's Motion for Summary

20 | Judgment of Plaintiff RAIMI SHOAGA's Complaint ("Plaintiff") came before the above-entitled

21 | Court on Tuesday, November 7, 2006, the Honorable Saundra Brown Armstrong presiding.  The

22 | Court, having reviewed all of the papers filed by counsel, its files herein, and good cause appearing

23 | therefore, **HEREBY ORDERS AS FOLLOWS:**

24 |

25 |                          **FACTUAL BACKGROUND**

26 |          On June 1, 2005, Plaintiff (on behalf of himself and three other individuals) filed his

27 | first Complaint against Maersk Nig. Ltd., Bolsada, Maersk Sealand Shipping Worldwide, Target

28 | Shipping Inc.

- 1 -

[PROPOSED] ORDER GRANTING DEFENDANTS MAERSK, INC.'S AND MAERSK LINE LIMITED'S MOTION
FOR SUMMARY JUDGMENT - C 05-02213 SBA

SF445739

EXHIBIT 7

1      On June October 14, 2005, Plaintiff filed his First Amended Complaint naming Maersk

2    Nig. Ltd, Blosada, Maersk, Inc. and Maersk Line Limited.

3          On January 24, 2006, the Court dismissed all of Plaintiff's causes of action against

4    Maersk, Inc. and Maersk Line Limited except for his fraud cause of action and his breach of contract

5    cause of action.

6          On February 16, 2006, Plaintiff filed a Second Amended Complaint against Blosada,

7    Maersk Nig. Ltd., Maersk, Inc. and Maersk Line Limited.  Maersk, Inc. and Maersk Line Limited filed

8    a motion to dismiss.

9          On April 13, 2006, the Court dismissed Plaintiffs cause of action for fraud.

10          On April 26, 2006, the Court dismissed Defendants Blosada and Maersk Nigeria, Ltd.

11    for lack of personal jurisdiction.

12          On May 31, 2006, Plaintiff moved for leave to amend his Second Amended Complaint

13    and to file a Third Amended Complaint to add Defendant A.P. Moller-Maersk.  The Court granted

14    Plaintiff's Motion and Plaintiff filed a Third Amended Complaint on July 27, 2006.  Plaintiff's Third

15    Amended Complaint alleges that defendants breached their contract of carriage.

16          Defendants Maersk, Inc. and Maersk Line Limited filed a Motion for Summary

17    Judgment on Plaintiff's only remaining cause of action for breach of contract.

18

19                              **ORDER**

20          Summary Judgment should be granted when the moving party has demonstrated that

21    there is no genuine issue of material fact, and it is entitled to judgment as a matter of law.  FED. R. CIV.

22    PROC. 56(c); Anquiano v. Allstate Insurance Co., 209 F.3d 1167, 1109 (9th Cir. 2000).  "A moving

23    party without the ultimate burden of persuasion at trial . . . has both the initial burden of production

24    and ultimate burden of persuasion on a motion for summary judgment."  Nissan Fire & Marine Ins.

25    Co., Ltd. V. Fritz Cos., Inc., 210 F.3d 1099, 1102 (9th Cir. 2000).  The moving party may carry its

26    burden of production on summary judgment either by submitting affirmative evidence that disproves

27    an essential element of the opposing party's claim (see Adickes v. S.H. Kress & Co., 398 U.S. 144,

28

- 2 -

SF445739

1  158-60 (1970)), or by showing that the opposing party lacks sufficient evidence to carry its ultimate

2  burden of production at trial (see Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)).

3       Here Plaintiff alleges that Defendants Maersk, Inc. and Maersk Line Limited breached

4  a contract of carriage to carry cargo from Oakland, California to Lagos, Nigeria.

5       Plaintiff has failed to offer any evidence that he had a contract of carriage with Maersk

6  Line Limited.  Maersk Line Limited did not issue a bill of lading for transport of Plaintiff's cargo.

7  Maersk Line Limited does not own or operate the vessels on which Plaintiff's cargo was carried from

8  the United States to Lagos, Nigeria.  Accordingly, Plaintiff's cause of action for breach of contract as

9  against Maersk Line Limited is dismissed.

10       Plaintiff has also failed to offer any evidence that Maersk, Inc. breached the contract of

11  carriage that was issued by Maersk, Inc. as the shipping agent for the carrier to Target Shipping.

12  Maersk, Inc. was not the carrier of Plaintiff's cargo.  Instead, it operated only as a shipping agent

13  whose responsibility was to issue bills of lading on behalf of the carrier.  A bill of lading was issued

14  and Maersk, Inc. fulfilled its duty to issue the bill of lading.  Accordingly, Plaintiff's cause of action

15  for breach of contract as against Maersk, Inc. is dismissed.

16

17  **CONCLUSION**

18       IT IS HEREBY ORDERED THAT Plaintiff's Complaint alleging breach of contract as

19  against Maersk, Inc. and Maersk Line Limited is DISMISSED.

20

21

22

23  DATED: _____11- 7_____, 2006

               SAUNDRA BROWN ARMSTRONG

24                 United States District Judge

25

26

27

28

                               - 3 -                   SF445739

ADRMOP, APPEAL, CLOSED, ENETERM, ProSe, REFSET-WDB

# U.S. District Court
## California Northern District (Oakland)
## CIVIL DOCKET FOR CASE #: 4:05-cv-02213-SBA

Shoaga v. Maersk Line, Inc. et al                    Date Filed: 06/01/2005
Assigned to: Hon. Saundra Brown Armstrong            Date Terminated: 12/11/2006
Case in other court: 07-15073                        Jury Demand: Plaintiff
Cause: 28:1331 Fed. Question                         Nature of Suit: 120 Contract: Marine
                                                     Jurisdiction: Federal Question

**Plaintiff**

**Raimi Shoaga**                       represented by   **Raimi Shoaga**
                                                        P.O. Box 7274
                                                        Oakland, CA 94601
                                                        510-395-3926
                                                        PRO SE

**Plaintiff**

**Emmanuel Ntekume**
*TERMINATED: 10/05/2005*

**Plaintiff**

**Charles Maiki**
*TERMINATED: 10/05/2005*

**Plaintiff**

**Joseph Oloketuyi**
*TERMINATED: 10/05/2005*

V.

**Defendant**

**Bolsada**
*TERMINATED: 10/14/2005*

**Defendant**

**Maersk Sealand Shipping Worldwide**   represented by   **John D. Giffin**
                                                         Keesal Young & Logan
*TERMINATED: 10/14/2005*                                 A Professional Corporation
*doing business as*                                      Four Embarcadero Center
Maersk                                                   Suite1500
                                                         San Francisco, CA 94111
                                                         415-398-6000

EXHIBIT 8

Fax: 415-981-0136
Email: john.giffin@kyl.com
*TERMINATED: 10/14/2005*
*ATTORNEY TO BE NOTICED*

**Kimberly Alexander Kane**
Morgan, Lewis & Bockius
One Market, Spear Tower`
San Francisco, CA 94105
415-442-1292
Fax: 415-442-1001
Email: kkane@morganlewis.com
*TERMINATED: 10/14/2005*
*ATTORNEY TO BE NOTICED*

**Defendant**
**Target Shipping Inc.**
*TERMINATED: 09/06/2005*

**Defendant**
**Maersk Nig. Ltd**                    represented by    **John D. Giffin**
*TERMINATED: 01/24/2006*                                 (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Kimberly Alexander Kane**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

**Defendant**
**Blosada**
*TERMINATED: 01/24/2006*

**Defendant**
**Maesrk, Inc.**                       represented by    **John D. Giffin**
*TERMINATED: 11/07/2006*                                 (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Kimberly Alexander Kane**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **John Cox**
                                                         Keesal, Young & Logan
                                                         Four Embarcadero Center
                                                         Suite 1500
                                                         San Francisco, CA 94111

415-398-6000
Fax: 415-981-0186
Email: john.cox@kyl.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Maersk Lines, Ltd.**
*TERMINATED: 11/07/2006*

represented by  **Kimberly Alexander Kane**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John D. Giffin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Blosada**
*TERMINATED: 01/24/2006*

**Defendant**

**Maersk Nig. Ltd.**
*TERMINATED: 04/26/2006*

**Defendant**

**A.P. Moller- Maersk Group**
*also known as*
A.P. Moller-Maersk s/a
*also known as*
Danish A.P. Moller-Maersk Gruppen
*also known as*
Firmaet A.P. Moller

| Date Filed | # | Docket Text |
|---|---|---|
| 06/01/2005 | 1 | COMPLAINT With Jury Demand against Maersk Nig. Ltd, Bolsada, Maersk Sealand Shipping Worldwide, Target Shipping Inc. ( Filing fee $ 250, receipt number 441144.). Filed byRaimi Shoaga. (jlm, COURT STAFF) (Filed on 6/1/2005) (Entered: 06/01/2005) |
| 06/01/2005 | | Summons Issued as to Maersk Nig. Ltd, Bolsada, Maersk Sealand Shipping Worldwide, Target Shipping Inc.. (jlm, COURT STAFF) (Filed on 6/1/2005) (Entered: 06/01/2005) |
| 06/01/2005 | 2 | ADR SCHEDULING ORDER: Case Management Statement due by 9/22/2005. Case Management Conference set 9/29/2005 03:00 PM. (jlm, COURT STAFF) (Filed on 6/1/2005) (Entered: 06/01/2005) |
| 06/20/2005 | 3 | CLERK'S NOTICE Case Management Conference set for 9/29/2005 03:00 PM via telephone. (kk, COURT STAFF) (Filed on 6/20/2005) (Entered: 06/22/2005) |

| 09/06/2005 | 4 | SUMMONS Returned Executed by Raimi Shoaga, Emmanuel Ntekume, Charles Maiki, Joseph Oloketuyi. Maersk Nig. Ltd served on 7/18/2005, answer due 8/8/2005; Bolsada served on 6/1/2005, answer due 6/21/2005; Maersk Sealand Shipping Worldwide served on 6/1/2005, answer due 6/21/2005; Target Shipping Inc. served on 6/1/2005, answer due 6/21/2005. (jlm, COURT STAFF) (Filed on 9/6/2005) (Entered: 09/09/2005) |
| --- | --- | --- |
| 09/06/2005 | 5 | CERTIFICATE OF SERVICE by Raimi Shoaga, Emmanuel Ntekume, Charles Maiki, Joseph Oloketuyi re 3 Clerks Notice, 1 Complaint, Summons Issued,, 2 ADR Scheduling Order (jlm, COURT STAFF) (Filed on 9/6/2005) (Entered: 09/09/2005) |
| 09/06/2005 | 6 | MOTION for Entry of Default as to Defendant Bolsada filed by Raimi Shoaga. (jlm, COURT STAFF) (Filed on 9/6/2005) (Entered: 09/09/2005) |
| 09/06/2005 | 7 | MOTION for Entry of Default as to Defendant Maersk Nigeria, Ltd. filed by Raimi Shoaga. (jlm, COURT STAFF) (Filed on 9/6/2005) (Entered: 09/09/2005) |
| 09/06/2005 | 8 | MOTION for Entry of Default as to Defendants Maersk Lines, Ltd., Maersk Lines filed by Raimi Shoaga. (jlm, COURT STAFF) (Filed on 9/6/2005) (Entered: 09/09/2005) |
| 09/06/2005 | 9 | Declaration of Raimi Shoaga in Support of Request for Judgment by Default filed byRaimi Shoaga. (jlm, COURT STAFF) (Filed on 9/6/2005) (Entered: 09/09/2005) |
| 09/06/2005 | 10 | STIPULATION for Dismissal of Defendant Target Shipping, Inc. by Raimi Shoaga, Target Shipping Inc. (jlm, COURT STAFF) (Filed on 9/6/2005) (Entered: 09/09/2005) |
| 09/08/2005 | 11 | NOTICE of Ex Parte Motion for Scheduling of Case Management Conference by Raimi Shoaga (jlm, COURT STAFF) (Filed on 9/8/2005) (Entered: 09/12/2005) |
| 09/08/2005 | 12 | Ex Parte MOTION for Scheduling of Case Management Conference. filed by Raimi Shoaga. (jlm, COURT STAFF) (Filed on 9/8/2005) Modified on 9/12/2005 (jlm, COURT STAFF). (Entered: 09/12/2005) |
| 09/08/2005 | 13 | MEMORANDUM in Support re 12 MOTION for Scheduling of Case Management Conference filed byRaimi Shoaga. (Related document(s) 12 ) (jlm, COURT STAFF) (Filed on 9/8/2005) (Entered: 09/12/2005) |
| 09/08/2005 | 14 | CERTIFICATE OF SERVICE by Raimi Shoaga re 11 Notice (Other), 12 MOTION for Scheduling of Case Management Conference, 13 Memorandum in Support (jlm, COURT STAFF) (Filed on 9/8/2005) (Entered: 09/12/2005) |
| 09/16/2005 | | Received Order re 12 MOTION for Scheduling of Case Management Conference by Raimi Shoaga. (jlm, COURT STAFF) (Filed on 9/16/2005) (Entered: 09/19/2005) |
| 09/19/2005 | 15 | Clerk's DECLINATION OF DEFAULT as to Defendant(s): Bolsada, Maersk Nigeria, Ltd., Maersk Lines, Ltd. (jlm, COURT STAFF) (Filed on 9/19/2005) (Entered: 09/19/2005) |

| 09/22/2005 | 16 | CLERK'S NOTICE Telephonic Case Management Conference set for 10/5/2005 at 03:15 PM. (jlm, COURT STAFF) (Filed on 9/22/2005) (Entered: 09/22/2005) |
| --- | --- | --- |
| 09/22/2005 | 17 | MOTION for Sanctions and Case Management Conference Statement filed by Maersk Nig. Ltd, Maersk Sealand Shipping Worldwide. Motion Hearing set for 9/29/2005 03:00 PM. (jlm, COURT STAFF) (Filed on 9/22/2005) (Entered: 09/22/2005) |
| 09/29/2005 | 18 | MEMORANDUM in Opposition re 17 MOTION for Sanctions filed byRaimi Shoaga. (Related document(s) 17 ) (jlm, COURT STAFF) (Filed on 9/29/2005) (Entered: 09/29/2005) |
| 09/29/2005 | 19 | CERTIFICATE OF SERVICE by Raimi Shoaga re 18 Memorandum in Opposition (jlm, COURT STAFF) (Filed on 9/29/2005) (Entered: 09/29/2005) |
| 10/05/2005 | 20 | ORDER by Judge Saundra Brown Armstrong DENYING 12 Ex Parte Motion for Scheduling of Case Management Conference, DENYING 17 Motion for Sanctions and Separate Case Management Conference Statement. Plaintiffs Emmanuel Ntekume, Charles Maiki, and Joseph Oloketuyi are DISMISSED from this action and are STRICKEN from the Complaint. A Telephonic Case Management Conference is set for 11/10/05 at 3:00 p.m.. (jlm, COURT STAFF) (Filed on 10/5/2005) (Entered: 10/05/2005) |
| 10/05/2005 | | Set Deadlines/Hearings: Telephonic Case Management Conference set for 11/10/2005 at 03:00 PM. (jlm, COURT STAFF) (Filed on 10/5/2005) (Entered: 10/05/2005) |
| 10/14/2005 | 21 | AMENDED COMPLAINT With Jury Demand against Maersk Nig. Ltd, Blosada, Maesrk, Inc., Maersk Lines, Ltd.. Filed byRaimi Shoaga. (jlm, COURT STAFF) (Filed on 10/14/2005) (Entered: 10/17/2005) |
| 10/14/2005 | | Summons Issued as to Maersk Nig. Ltd, Blosada, Maesrk, Inc., Maersk Lines, Ltd.. (jlm, COURT STAFF) (Filed on 10/14/2005) (Entered: 10/17/2005) |
| 10/14/2005 | 22 | CERTIFICATE OF SERVICE by Raimi Shoaga (jlm, COURT STAFF) (Filed on 10/14/2005) (Entered: 10/17/2005) |
| 10/14/2005 | 23 | CERTIFICATE OF SERVICE by Raimi Shoaga re 21 Amended Complaint, Summons Issued, (jlm, COURT STAFF) (Filed on 10/14/2005) (Entered: 10/17/2005) |
| 10/14/2005 | 24 | CERTIFICATE OF SERVICE by Raimi Shoaga (jlm, COURT STAFF) (Filed on 10/14/2005) (Entered: 10/17/2005) |
| 10/18/2005 | 25 | SUMMONS Returned Executed by Raimi Shoaga. Maersk Nig. Ltd served on 10/18/2005, answer due 11/7/2005; Blosada served on 10/18/2005, answer due 11/7/2005; Maesrk, Inc. served on 10/14/2005, answer due 11/3/2005; Maersk Lines, Ltd. served on 10/14/2005, answer due 11/3/2005. (jlm, COURT STAFF) (Filed on 10/18/2005) (Entered: 10/19/2005) |
| 10/24/2005 | 26 | CASE MANAGEMENT SCHEDULING ORDER: Telephonic Case Management Conference set for 12/8/2005 at 02:30 PM. Signed by Judge Saundra Brown Armstrong on 10/21/05. (jlm, COURT STAFF) (Filed on |

| | | |
|---|---|---|
| | | 10/24/2005) (Entered: 10/25/2005) |
| 11/03/2005 | 27 | MOTION to Dismiss *Defendants' Notice of Motion and Motion to Dismiss* filed by Maesrk, Inc., Maersk Lines, Ltd.. Motion Hearing set for 1/24/2006 01:00 PM in Courtroom 3, 3rd Floor, Oakland. (Alexander, Kimberly) (Filed on 11/3/2005) (Entered: 11/03/2005) |
| 11/03/2005 | 28 | MEMORANDUM in Support re 27 MOTION to Dismiss *Defendants' Notice of Motion and Motion to Dismiss* filed byMaesrk, Inc., Maersk Lines, Ltd.. (Related document(s) 27 ) (Alexander, Kimberly) (Filed on 11/3/2005) (Entered: 11/03/2005) |
| 11/03/2005 | 29 | Declaration of Massoud Messkoub in Support re 27 Motion to Dismiss filed by Maesrk, Inc., Maersk Lines, Ltd.. (Related document(s) 27 ) (Alexander, Kimberly) (Filed on 11/3/2005) Modified on 11/7/2005 (jlm, COURT STAFF). (Entered: 11/03/2005) |
| 11/03/2005 | 30 | Declaration of Michael Hopkins in Support re 27 Motion to Dismiss filed by Maesrk, Inc., Maersk Lines, Ltd.. (Related document(s) 27 ) (Alexander, Kimberly) (Filed on 11/3/2005) Modified on 11/7/2005 (jlm, COURT STAFF). (Entered: 11/03/2005) |
| 11/03/2005 | 31 | Proposed Order re 27 Motion to Dismiss by Maesrk, Inc., Maersk Lines, Ltd.. (Alexander, Kimberly) (Filed on 11/3/2005) Modified on 11/7/2005 (jlm, COURT STAFF). (Entered: 11/03/2005) |
| 11/03/2005 | 32 | ***DUPLICATE ENTRY, SAME AS DOCUMENT 31 ***<br><br>Proposed Order re 27 Motion to Dismiss by Maesrk, Inc., Maersk Lines, Ltd. (Alexander, Kimberly) (Filed on 11/3/2005) Modified on 11/7/2005 (jlm, COURT STAFF). Modified on 11/7/2005 (jlm, COURT STAFF). (Entered: 11/03/2005) |
| 11/07/2005 | 33 | CLERK'S NOTICE re: Documents E-Filed by Defendants in a case not designated for ECF re 27 , 28 , 29 , 30 , 31 & 32 . (jlm, COURT STAFF) (Filed on 11/7/2005) (Entered: 11/07/2005) |
| 11/15/2005 | 34 | CASE MANAGEMENT SCHEDULING ORDER: Case Management Conference set for 1/24/2006 at 01:00 PM. Signed by Judge Saundra Brown Armstrong on 11/15/05. (jlm, COURT STAFF) (Filed on 11/15/2005) (Entered: 11/15/2005) |
| 01/03/2006 | 35 | CASE MANAGEMENT STATEMENT filed by Raimi Shoaga. (jlm, COURT STAFF) (Filed on 1/3/2006) (Entered: 01/05/2006) |
| 01/03/2006 | 36 | NOTICE re Opposition by Raimi Shoaga (jlm, COURT STAFF) (Filed on 1/3/2006) (Entered: 01/05/2006) |
| 01/03/2006 | 37 | Memorandum in Opposition re 27 MOTION to Dismiss *Defendants' Notice of Motion and Motion to Dismiss* filed byRaimi Shoaga. (jlm, COURT STAFF) (Filed on 1/3/2006) (Entered: 01/05/2006) |
| 01/03/2006 | 38 | Declaration of Raimi Shoaga in Support of 37 Memorandum in Opposition filed byRaimi Shoaga. (Related document(s) 37 ) (jlm, COURT STAFF) |

| | | |
|---|---|---|
| | | (Filed on 1/3/2006) (Entered: 01/05/2006) |
| 01/03/2006 | | Received Order re 37 Memorandum in Opposition by Raimi Shoaga. (jlm, COURT STAFF) (Filed on 1/3/2006) (Entered: 01/05/2006) |
| 01/03/2006 | 39 | CERTIFICATE OF SERVICE by Raimi Shoaga (jlm, COURT STAFF) (Filed on 1/3/2006) (Entered: 01/05/2006) |
| 01/03/2006 | 40 | CERTIFICATE OF SERVICE by Raimi Shoaga re 38 Declaration in Support, Received Order, 35 Case Management Statement, 36 Notice (Other), 37 Memorandum in Opposition (jlm, COURT STAFF) (Filed on 1/3/2006) (Entered: 01/05/2006) |
| 01/03/2006 | 41 | CERTIFICATE OF SERVICE by Raimi Shoaga (jlm, COURT STAFF) (Filed on 1/3/2006) (Entered: 01/06/2006) |
| 01/10/2006 | 42 | Reply Memorandum re 27 MOTION to Dismiss *Defendants' Notice of Motion and Motion to Dismiss* filed byMaesrk, Inc., Maersk Lines, Ltd.. (jlm, COURT STAFF) (Filed on 1/10/2006) (Entered: 01/11/2006) |
| 01/10/2006 | 43 | Supplemental Declaration of Michael A. Hopkins in Support of 42 Reply Memorandum filed by Maesrk, Inc., Maersk Lines, Ltd.. (Related document(s) 42 ) (jlm, COURT STAFF) (Filed on 1/10/2006) Modified on 1/11/2006 (jlm, COURT STAFF). (Entered: 01/11/2006) |
| 01/10/2006 | 44 | Declaration of Kim Alexander in Support of 42 Reply Memorandum filed byMaesrk, Inc., Maersk Lines, Ltd.. (Related document(s) 42 ) (jlm, COURT STAFF) (Filed on 1/10/2006) (Entered: 01/11/2006) |
| 01/10/2006 | 45 | Declaration of Aogu Andrew Tsukamoto in Support of 42 Reply Memorandum filed byMaesrk, Inc., Maersk Lines, Ltd.. (Related document(s) 42 ) (jlm, COURT STAFF) (Filed on 1/10/2006) (Entered: 01/11/2006) |
| 01/10/2006 | | Received Order re 42 Reply Memorandum by Maesrk, Inc., Maersk Lines, Ltd.. (jlm, COURT STAFF) (Filed on 1/10/2006) (Entered: 01/11/2006) |
| 01/10/2006 | 46 | CERTIFICATE OF SERVICE by Maesrk, Inc., Maersk Lines, Ltd. re 42 Reply Memorandum, 43 Declaration in Support, 44 Declaration in Support, 45 Declaration in Support, Received Order (jlm, COURT STAFF) (Filed on 1/10/2006) (Entered: 01/11/2006) |
| 01/13/2006 | 47 | Second Declaration of Raimi Shoaga in Support of 37 Memorandum in Opposition filed byRaimi Shoaga. (Related document(s) 37 ) (jlm, COURT STAFF) (Filed on 1/13/2006) (Entered: 01/18/2006) |
| 01/13/2006 | 48 | CERTIFICATE OF SERVICE by Raimi Shoaga re 47 Declaration in Support, 35 Case Management Statement (jlm, COURT STAFF) (Filed on 1/13/2006) (Entered: 01/18/2006) |
| 01/13/2006 | 49 | CERTIFICATE OF SERVICE by Raimi Shoaga re 47 Declaration in Support, 35 Case Management Statement (jlm, COURT STAFF) (Filed on 1/13/2006) (Entered: 01/18/2006) |
| 01/13/2006 | 50 | CASE MANAGEMENT STATEMENT and Proposed Order filed by Maesrk, Inc., Maersk Lines, Ltd.. (jlm, COURT STAFF) (Filed on 1/13/2006) |

| | | |
|---|---|---|
| | | (Entered: 01/18/2006) |
| 01/17/2006 | | Received Order re 27 MOTION to Dismiss *Defendants' Notice of Motion and Motion to Dismiss* by Maesrk, Inc., Maersk Lines, Ltd.. (jlm, COURT STAFF) (Filed on 1/17/2006) (Entered: 01/18/2006) |
| 01/17/2006 | 51 | ORDER: That Plaintiff's 47 Second Declaration of Raimi Shoaga in Support of Memorandum in Opposition is STRICKEN FROM THE RECORD. Plaintiff may not file any further memoranda, papers, or letters concerning the Motion to Dismiss or the Case Management Conference without first seeking leave of Court. Signed by Judge Saundra Brown Armstrong on 01/17/06. (jlm, COURT STAFF) (Filed on 1/17/2006) Additional attachment(s) added on 1/20/2006 (jlm, COURT STAFF). Modified on 1/24/2006 (jlm, COURT STAFF). (Entered: 01/20/2006) |
| 01/24/2006 | 52 | ORDER by Judge Saundra Brown Armstrong GRANTING IN PART AND DENYING IN PART 27 Motion to Dismiss. Defendants Blosada and Maersk Nigeria, Ltd are DISMISSED from this lawsuit WITHOUT PREJUDICE. Plaintiff is granted leave to file second amended complaint within (30) thirty-days of the date of this Order. A Telephonic Case Management Conference is set for 03/08/06 at 2:30 PM. Counsel for Defendants shall arrange conference call. (jlm, COURT STAFF) (Filed on 1/24/2006) (Entered: 01/27/2006) |
| 01/24/2006 | | Set Deadlines/Hearings: re 52 Case Management Conference set for 3/8/2006 02:30 PM. (jlm, COURT STAFF) (Filed on 1/24/2006) (Entered: 01/27/2006) |
| 02/16/2006 | 54 | SECOND AMENDED COMPLAINT against Blosada, Maersk Nig. Ltd., Maesrk, Inc., Maersk Lines, Ltd.. Filed byRaimi Shoaga. (jlm, COURT STAFF) (Filed on 2/16/2006) (Entered: 02/24/2006) |
| 02/16/2006 | 55 | CERTIFICATE OF SERVICE by Raimi Shoaga re 54 Amended Complaint (jlm, COURT STAFF) (Filed on 2/16/2006) (Entered: 02/24/2006) |
| 02/16/2006 | 56 | CERTIFICATE OF SERVICE by Raimi Shoaga re 4 Summons Returned Executed,, 5 Certificate of Service (jlm, COURT STAFF) (Filed on 2/16/2006) (Entered: 02/24/2006) |
| 02/21/2006 | | Amended Summons Issued as to Maersk Nig. Ltd., Maesrk, Inc., Maersk Lines, Ltd.. (jlm, COURT STAFF) (Filed on 2/21/2006) Modified on 2/24/2006 (jlm, COURT STAFF). (Entered: 02/24/2006) |
| 02/23/2006 | 58 | SUMMONS Returned Executed by Raimi Shoaga. Maersk Nig. Ltd. served on 2/15/2006, answer due 3/15/2006; Maesrk, Inc. served on 2/22/2006, answer due 3/14/2006; Maersk Lines, Ltd. served on 2/22/2006, answer due 3/14/2006. (jlm, COURT STAFF) (Filed on 2/23/2006) (Entered: 03/02/2006) |
| 02/24/2006 | 53 | JOINT CASE MANAGEMENT STATEMENT *by Plaintiff and Defendants* filed by Maesrk, Inc., Maersk Lines, Ltd.. (Alexander, Kimberly) (Filed on 2/24/2006) (Entered: 02/24/2006) |
| 02/27/2006 | 57 | CLERK'S NOTICE re: Documents E-Filed by Plaintiff and Defendants in a case not designated for ECF re 53 (jlm, COURT STAFF) (Filed on 2/27/2006) (Entered: 02/27/2006) |
| | | |

| 03/07/2006 | 59 | ORDER TO SHOW CAUSE: Order to Show Cause Hearing set for 4/26/2006 at 04:00 PM., in Courtroom 3, before Judge Saundra Brown Armstrong, Certificate of Counsel due by 4/12/2006. A Telephonic Case Management Conference is set for 05/17/06 at 3:30 P.M. Signed by Judge Saundra Brown Armstrong on 03/07/06. (jlm, COURT STAFF) (Filed on 3/7/2006) (Entered: 03/16/2006) |
|---|---|---|
| 03/07/2006 | | Set Deadlines/Hearings: re 59 Case Management Conference set for 5/17/2006 03:30 PM. (jlm, COURT STAFF) (Filed on 3/7/2006) (Entered: 03/16/2006) |
| 03/14/2006 | 60 | MOTION to Dismiss Second Cause of Action in the Second Amended Complaint filed by Maesrk, Inc., Maersk Lines, Ltd.. Motion Hearing set for 4/18/2006 01:00 PM in Courtroom 3, 3rd Floor, Oakland. (jlm, COURT STAFF) (Filed on 3/14/2006) (Entered: 03/23/2006) |
| 03/14/2006 | 61 | MEMORANDUM in Support re 60 MOTION to Dismiss filed byMaesrk, Inc., Maersk Lines, Ltd.. (Related document(s) 60 ) (jlm, COURT STAFF) (Filed on 3/14/2006) (Entered: 03/23/2006) |
| 03/14/2006 | | Received Order re 60 MOTION to Dismiss by Maersk, Inc., Maersk Lines, Ltd.. (jlm, COURT STAFF) (Filed on 3/14/2006) (Entered: 03/23/2006) |
| 03/14/2006 | 62 | CERTIFICATE OF SERVICE by Maesrk, Inc., Maersk Lines, Ltd. re 60 MOTION to Dismiss, 61 Memorandum in Support, Received Order (jlm, COURT STAFF) (Filed on 3/14/2006) (Entered: 03/23/2006) |
| 03/16/2006 | 63 | CERTIFICATE of Counsel re 59 Order to Show Cause, by Raimi Shoaga (jlm, COURT STAFF) (Filed on 3/16/2006) (Entered: 03/23/2006) |
| 03/16/2006 | 64 | CERTIFICATE OF SERVICE by Raimi Shoaga re 63 Certificate of Counsel (jlm, COURT STAFF) (Filed on 3/16/2006) (Entered: 03/23/2006) |
| 04/03/2006 | 65 | Memorandum in Opposition re 60 MOTION to Dismiss filed byRaimi Shoaga. (jlm, COURT STAFF) (Filed on 4/3/2006) (Entered: 04/05/2006) |
| 04/03/2006 | 66 | Memorandum in Opposition (With Points and Authorities) re 60 MOTION to Dismiss filed byRaimi Shoaga. (jlm, COURT STAFF) (Filed on 4/3/2006) (Entered: 04/05/2006) |
| 04/03/2006 | | Received Order re 66 Memorandum in Opposition, 65 Memorandum in Opposition by Raimi Shoaga. (jlm, COURT STAFF) (Filed on 4/3/2006) (Entered: 04/05/2006) |
| 04/05/2006 | 67 | Reply Memorandum re 60 MOTION to Dismiss filed byMaesrk, Inc., Maersk Lines, Ltd.. (jlm, COURT STAFF) (Filed on 4/5/2006) (Entered: 04/06/2006) |
| 04/05/2006 | 68 | ORDER: That the hearing on Defendant's 60 MOTION to Dismiss is CONTINUED to 4/25/2006 at 01:00 PM in Courtroom 3, 3rd Floor, Oakland. Plaintiff's Opposition shall be deemed filed as of 04/03/06. Defendants are granted leave to file Reply Brief, in any, no later than 04/11/06. Signed by Judge Saundra Brown Armstrong on 04/05/06. (jlm, COURT STAFF) (Filed on 4/5/2006) (Entered: 04/07/2006) |
| | | |

| 04/13/2006 | 69 | ORDER by Judge Saundra Brown Armstrong GRANTING 60 Motion to Dismiss the Second Cause of Action for Fraud. Plaintiff's Second Cause of Action is DISMISSED WITH PREJUDICE. (jlm, COURT STAFF) (Filed on 4/13/2006) Modified on 4/14/2006 (jlm, COURT STAFF). (Entered: 04/14/2006) |
|---|---|---|
| 04/17/2006 | 70 | NOTICE by Maesrk, Inc., Maersk Lines, Ltd. re 69 Order on Motion to Dismiss, (jlm, COURT STAFF) (Filed on 4/17/2006) (Entered: 04/18/2006) |
| 04/20/2006 | 71 | CERTIFICATE OF SERVICE by Raimi Shoaga re 54 Amended Complaint (jlm, COURT STAFF) (Filed on 4/20/2006) (Entered: 04/24/2006) |
| 04/24/2006 | 72 | CLERK'S NOTICE: Telephonic Case Management Conference CONTINUED to 5/17/2006 at 10:15 AM. (jlm, COURT STAFF) (Filed on 4/24/2006) (Entered: 04/25/2006) |
| 04/26/2006 | 73 | ORDER: That Defendants Blosada and Maersk Nigeria, Ltd. are DISMISSED for lack of subject personal jurisdiction. The Order to Show Cause hearing set for 04/26/06 is VACATED. Signed by Judge Saundra Brown Armstrong on 04/26/06. (jlm, COURT STAFF) (Filed on 4/26/2006) (Entered: 04/27/2006) |
| 04/27/2006 | 74 | Answer to 54 Second Amended Complaint byMaesrk, Inc., Maersk Line, Ltd.. (jlm, COURT STAFF) (Filed on 4/27/2006) (Entered: 04/28/2006) |
| 05/02/2006 | 75 | CERTIFICATE OF SERVICE by Raimi Shoaga re 72 Clerks Notice (jlm, COURT STAFF) (Filed on 5/2/2006) (Entered: 05/02/2006) |
| 05/02/2006 | 76 | CERTIFICATE OF SERVICE by Raimi Shoaga re 72 Clerks Notice (jlm, COURT STAFF) (Filed on 5/2/2006) (Entered: 05/02/2006) |
| 05/05/2006 | 77 | ADR Clerks Notice re: Non-Compliance with Court Order. (tjs, COURT STAFF) (Filed on 5/5/2006) (Entered: 05/05/2006) |
| 05/05/2006 | 78 | JOINT CASE MANAGEMENT STATEMENT filed by Raimi Shoaga, Maesrk, Inc., Maersk Line, Ltd.. (jlm, COURT STAFF) (Filed on 5/5/2006) (Entered: 05/05/2006) |
| 05/05/2006 | 79 | CERTIFICATE OF SERVICE by Raimi Shoaga re 78 Case Management Statement (Joint) (jlm, COURT STAFF) (Filed on 5/5/2006) (Entered: 05/05/2006) |
| 05/15/2006 | 80 | CERTIFICATE OF SERVICE by Raimi Shoaga re 77 ADR Clerks Notice (jlm, COURT STAFF) (Filed on 5/15/2006) (Entered: 05/18/2006) |
| 05/17/2006 | 81 | Minute Entry: Initial Case Management Conference held on 5/17/2006 before Judge Saundra Brown Armstrong (Date Filed: 5/17/2006), Case referred to early neutral evaluation., CASE REFERRED to Magistrate Judge for Settlement Conference. Discovery due by 10/2/2006. Motions due by 11/14/2006. Jury Trial set for 1/22/2007 08:30 AM. Pretrial Conference set for 1/16/2007 01:00 PM. (Court Reporter Not Reported.) (jlm, COURT STAFF) (Date Filed: 5/17/2006) (Entered: 05/19/2006) |
| 05/17/2006 | 82 | SCHEDULING ORDER: Motion Hearing set for 11/14/2006 01:00 PM. Signed by Judge Saundra Brown Armstrong on 05/18/06. (jlm, COURT |

| | | |
|---|---|---|
| | | STAFF) (Filed on 5/17/2006) (Entered: 05/19/2006) |
| 05/18/2006 | | CASE REFERRED to Magistrate Judge Wayne D. Brazil for Settlement (wh, COURT STAFF) (Filed on 5/18/2006) (Entered: 05/18/2006) |
| 05/22/2006 | 83 | ADR Clerk's Notice Setting ADR Phone Conference on Tuesday, June 6, 2006 at 10:00 a.m. PDT. ADR Unit will initiate the call. (af, COURT STAFF) (Filed on 5/22/2006) (Entered: 05/22/2006) |
| 05/31/2006 | 84 | MOTION for Leave to Amend 54 Second Amended Complaint filed by Raimi Shoaga. Motion Hearing set for 7/25/2006 at 01:00 PM. (kc, COURT STAFF) (Filed on 5/31/2006) (Entered: 06/02/2006) |
| 05/31/2006 | 85 | NOTICE of Hearing on Motion re 84 MOTION for Leave to Amend 54 Second Amended Complaint. Motion Hearing set for 7/25/2006 at 01:00 PM. (kc, COURT STAFF) (Filed on 5/31/2006) Modified on 6/5/2006 (kk, COURT STAFF). (Entered: 06/02/2006) |
| 05/31/2006 | 86 | MEMORANDUM in Support re 84 MOTION for leave to amend 54 Second Amended Complaint filed by Raimi Shoaga. (Related document(s) 84 ) (kc, COURT STAFF) (Filed on 5/31/2006) (Entered: 06/02/2006) |
| 05/31/2006 | 87 | Declaration of Raimi Shoaga in Support of 84 MOTION for leave to amend 54 Second Amended Complaint filed by Raimi Shoaga. (Related document(s) 84 ) (kc, COURT STAFF) (Filed on 5/31/2006) (Entered: 06/02/2006) |
| 05/31/2006 | | Received Document, Third Amended Complaint, by Raimi Shoaga. (kc, COURT STAFF) (Filed on 5/31/2006) (Entered: 06/02/2006) |
| 05/31/2006 | 88 | CERTIFICATE OF SERVICE by Raimi Shoaga re 82 Order (kc, COURT STAFF) (Filed on 5/31/2006) Modified on 6/2/2006 (kc, COURT STAFF). (Entered: 06/02/2006) |
| 06/06/2006 | | ADR Remark: ADR Phone Conference conducted by RWS on 6/6/2006. (af, COURT STAFF) (Filed on 6/6/2006) (Entered: 06/06/2006) |
| 06/23/2006 | 89 | ADR Clerk's Notice Appointing Matthew P. Vafidis as ENE Evaluator dated 6/23/2006. (af, COURT STAFF) (Filed on 6/23/2006) (Entered: 06/23/2006) |
| 06/29/2006 | 90 | CLERK'S NOTICE Settlement Conference set for 11/20/2006 at 02:00 PM., before Magistrate Judge Wayne D. Brazil in Courtroom 4, 3rd Floor. (jlm, COURT STAFF) (Filed on 6/29/2006) (Entered: 07/07/2006) |
| 06/30/2006 | 91 | Memorandum in Opposition re 84 MOTION to Amend/Correct 54 Second Amended Complaint filed by Maesrk, Inc., Maersk Line, Ltd.. (jlm, COURT STAFF) (Filed on 6/30/2006) (Entered: 07/07/2006) |
| 07/07/2006 | 92 | Reply to Opposition 91 filed by Raimi Shoaga. (kc, COURT STAFF) (Filed on 7/7/2006) (Entered: 07/10/2006) |
| 07/18/2006 | | Set/Reset Hearings: ENE Hearing set for 8/4/2006. (af, COURT STAFF) (Filed on 7/18/2006) (Entered: 07/18/2006) |
| 07/24/2006 | | Received Proposed Order denying 84 MOTION to Amend 54 Amended Complaint by Maesrk, Inc., Maersk Line, Ltd. (kc, COURT STAFF) (Filed on |

| | | 7/24/2006) (Entered: 07/25/2006) |
|---|---|---|
| 07/25/2006 | 93 | Minute Entry: Motion Hearing held on 7/25/2006 before Judge Saundra Brown Armstrong re 84 MOTION to Amend 54 Second Amended Complaint filed by Raimi Shoaga. Plaintiff has leave to file third amended complaint. Case Management Conference set for 10/18/2006 at 03:45 PM. (Court Reporter Raynee Mercado.) (kc, COURT STAFF) (Date Filed: 7/25/2006) (Entered: 07/26/2006) |
| 07/26/2006 | 94 | ORDER GRANTING 84 Motion for Leave to Amend the Second Amended Complaint. Plaintiff shall file the Third Amended Complaint no later than 7/28/2006. Case Management Conference set for 10/18/2006 at 3:45 PM before Hon. Saundra Brown Armstrong. Signed by Judge Saundra Brown Armstrong on 7/25/06. (kc, COURT STAFF) (Filed on 7/26/2006) (Entered: 07/27/2006) |
| 07/27/2006 | 95 | THIRD AMENDED COMPLAINT against A.P. Moller- Maersk Group, Maesrk, Inc., Maersk Lines, Ltd.. Filed byRaimi Shoaga. (jlm, COURT STAFF) (Filed on 7/27/2006) Modified on 7/28/2006 (jlm, COURT STAFF). (Entered: 07/28/2006) |
| 07/27/2006 | | Summons Issued as to A.P. Moller- Maersk Group. (jlm, COURT STAFF) (Filed on 7/27/2006) (Entered: 07/28/2006) |
| 08/08/2006 | 96 | CERTIFICATION OF ENE Session on 8/4/2006, case not settled, no follow up contemplated, ENE complete. Filed by Evaluator, Matthew P. Vafidis, dated 8/6/2006. (af, COURT STAFF) (Filed on 8/8/2006) (Entered: 08/08/2006) |
| 08/15/2006 | 97 | ANSWER to Third Amended Complaint byMaesrk, Inc., Maersk Lines, Ltd.. (jlm, COURT STAFF) (Filed on 8/15/2006) (Entered: 08/15/2006) |
| 09/15/2006 | 98 | MOTION for Summary Judgment filed by Maesrk, Inc., Maersk Lines, Ltd.. Motion Hearing set for 10/24/2006 01:00 PM in Courtroom 3, 3rd Floor, Oakland. (jlm, COURT STAFF) (Filed on 9/15/2006) (Entered: 09/18/2006) |
| 09/15/2006 | 99 | MEMORANDUM in Support re 98 MOTION for Summary Judgment filed byMaesrk, Inc., Maersk Lines, Ltd.. (Related document(s) 98 ) (jlm, COURT STAFF) (Filed on 9/15/2006) (Entered: 09/18/2006) |
| 09/15/2006 | 100 | Declaration of Michael A. Hopkins in Support of 98 MOTION for Summary Judgment filed byMaesrk, Inc., Maersk Lines, Ltd.. (Related document(s) 98 ) (jlm, COURT STAFF) (Filed on 9/15/2006) (Entered: 09/18/2006) |
| 09/15/2006 | 101 | Declaration of Massoud Messkoub in Support of 98 MOTION for Summary Judgment filed byMaesrk, Inc., Maersk Lines, Ltd.. (Related document(s) 98 ) (jlm, COURT STAFF) (Filed on 9/15/2006) (Entered: 09/18/2006) |
| 09/15/2006 | 102 | Declaration of Kim Alexander Kane in Support of 98 MOTION for Summary Judgment filed byMaesrk, Inc., Maersk Lines, Ltd.. (Related document(s) 98 ) (jlm, COURT STAFF) (Filed on 9/15/2006) (Entered: 09/18/2006) |
| 09/15/2006 | | Received Order re 98 MOTION for Summary Judgment by Maesrk, Inc., Maersk Lines, Ltd.. (jlm, COURT STAFF) (Filed on 9/15/2006) (Entered: |

| | | 09/18/2006) |
|---|---|---|
| 09/15/2006 | 103 | CERTIFICATE OF SERVICE by Maesrk, Inc., Maersk Lines, Ltd. re 98 MOTION for Summary Judgment, 99 Memorandum in Support, Received Order, 101 Declaration in Support, 100 Declaration in Support, 102 Declaration in Support (jlm, COURT STAFF) (Filed on 9/15/2006) (Entered: 09/18/2006) |
| 09/18/2006 | 104 | MOTION for Summary Judgment filed by Maesrk, Inc., Maersk Lines, Ltd.. Motion Hearing set for 11/7/2006 01:00 PM in Courtroom 3, 3rd Floor, Oakland. (jlm, COURT STAFF) (Filed on 9/18/2006) (Entered: 09/19/2006) |
| 09/18/2006 | 105 | MEMORANDUM in Support re 104 MOTION for Summary Judgment filed byMaesrk, Inc., Maersk Lines, Ltd.. (Related document(s) 104 ) (jlm, COURT STAFF) (Filed on 9/18/2006) (Entered: 09/19/2006) |
| 09/18/2006 | 106 | Declaration of Michael A. Hopkins in Support of 104 MOTION for Summary Judgment filed byMaesrk, Inc., Maersk Lines, Ltd.. (Related document(s) 104 ) (jlm, COURT STAFF) (Filed on 9/18/2006) (Entered: 09/19/2006) |
| 09/18/2006 | 107 | Declaration of Massoud Messkoub in Support of 104 MOTION for Summary Judgment filed byMaesrk, Inc., Maersk Lines, Ltd.. (Related document(s) 104 ) (jlm, COURT STAFF) (Filed on 9/18/2006) (Entered: 09/19/2006) |
| 09/18/2006 | 108 | Declaration of Kim Alexander Kane in Support of 104 MOTION for Summary Judgment filed byMaesrk, Inc., Maersk Lines, Ltd.. (Related document(s) 104 ) (jlm, COURT STAFF) (Filed on 9/18/2006) (Entered: 09/19/2006) |
| 09/18/2006 | 109 | CERTIFICATE OF SERVICE by Maesrk, Inc., Maersk Lines, Ltd. re 106 Declaration in Support, 104 MOTION for Summary Judgment, 107 Declaration in Support, 108 Declaration in Support, 105 Memorandum in Support (jlm, COURT STAFF) (Filed on 9/18/2006) (Entered: 09/19/2006) |
| 09/19/2006 | | Received Order re 104 MOTION for Summary Judgment by Maesrk, Inc., Maersk Lines, Ltd.. (jlm, COURT STAFF) (Filed on 9/19/2006) (Entered: 09/19/2006) |
| 10/03/2006 | 110 | SUMMONS Returned Executed by Raimi Shoaga. A.P. Moller- Maersk Group served on 7/29/2006, answer due 8/18/2006. (jlm, COURT STAFF) (Filed on 10/3/2006) (Entered: 10/05/2006) |
| 10/05/2006 | 111 | Memorandum in Opposition re 104 MOTION for Summary Judgment, 98 MOTION for Summary Judgment filed byRaimi Shoaga. (jlm, COURT STAFF) (Filed on 10/5/2006) (Entered: 10/06/2006) |
| 10/06/2006 | 112 | JOINT CASE MANAGEMENT STATEMENT filed by Maesrk, Inc., Maersk Lines, Ltd.. (jlm, COURT STAFF) (Filed on 10/6/2006) (Entered: 10/11/2006) |
| 10/16/2006 | 113 | CLERK'S NOTICE: Case Management Conference set for 11/7/2006 01:00 PM., to follow hearing on the motion in Courtroom 3 of the U.S. Courthouse, 1301 Clay Street, 3rd Floor, Oakland, CA 94612. (jlm, COURT STAFF) (Filed on 10/16/2006) (Entered: 10/17/2006) |

| 10/17/2006 | 114 | Memorandum in Opposition re 104 MOTION for Summary Judgment, 98 MOTION for Summary Judgment filed byRaimi Shoaga. (jlm, COURT STAFF) (Filed on 10/17/2006) (Entered: 10/18/2006) |
| 10/17/2006 | 115 | Declaration of Raimi Shoaga in Support of 114 Memorandum in Opposition filed byRaimi Shoaga. (Related document(s) 114 ) (jlm, COURT STAFF) (Filed on 10/17/2006) (Entered: 10/18/2006) |
| 10/23/2006 | 116 | CERTIFICATE OF SERVICE by Maesrk, Inc., Maersk Lines, Ltd. re 113 Clerks Notice (jlm, COURT STAFF) (Filed on 10/23/2006) (Entered: 10/25/2006) |
| 10/25/2006 | 117 | Reply Memorandum re *Motion for Summary Judgment* filed byMaesrk, Inc.. (Cox, John) (Filed on 10/25/2006) Modified on 10/26/2006 (jlm, COURT STAFF). (Entered: 10/25/2006) |
| 10/26/2006 | 118 | CLERK'S NOTICE re: Documents E-Filed by Defendants in a case not designated for ECF re 117 (jlm, COURT STAFF) (Filed on 10/26/2006) (Entered: 10/26/2006) |
| 11/07/2006 | 119 | Minute Entry: Motion Hearing held on 11/7/2006 before Saundra Brown Armstrong (Date Filed: 11/7/2006) re 104 MOTION for Summary Judgment filed by Maesrk, Inc., Maersk Lines, Ltd. Motion for Summary Judgment GRANTED. Order to Show Cause Hearing re dismissal for failure to serve as to A.P. Moeller set for 12/5/2006 at 01:00 PM. Plaintiff to submit evidence by 11/14/2006. Opposition due 11/21/2006. Reply due 11/27/2006. (Court Reporter Starr Wilson.) (kc, COURT STAFF) (Date Filed: 11/7/2006) Modified on 11/8/2006 (jlm, COURT STAFF). (Entered: 11/07/2006) |
| 11/07/2006 | 120 | ORDER by Judge Saundra Brown Armstrong GRANTING 104 Motion for Summary Judgment. Plaintiff's complaint alleging breach of contract against Maersk, Inc. and Maersk Line Limited is DISMISSED. (kc, COURT STAFF) (Filed on 11/7/2006) (Entered: 11/07/2006) |
| 11/14/2006 | 121 | Response to Order to Show Cause 119 Motion Hearing byRaimi Shoaga. (jlm, COURT STAFF) (Filed on 11/14/2006) (Entered: 11/15/2006) |
| 11/21/2006 | 122 | Memorandum in Opposition re 121 Response to Order to Show Cause filed byA.P. Moller- Maersk Group. (jlm, COURT STAFF) (Filed on 11/21/2006) (Entered: 11/29/2006) |
| 12/11/2006 | 123 | ORDER DISMISSING CASE: Plaintiff's Third Amended Complaint is DISMISSED in its entirety for failure to serve Defendant A.P. Moeller-Maersk. Signed by Judge Saundra Brown Armstrong on 12/11/06. (jlm, COURT STAFF) (Filed on 12/11/2006) (Entered: 12/12/2006) |
| 01/10/2007 | 124 | NOTICE OF APPEAL as to 120 Order on Motion for Summary Judgment, 94 Order, 123 Order Dismissing Case by Raimi Shoaga. Fee paid. (jlm, COURT STAFF) (Filed on 1/10/2007) Modified on 6/25/2008 (jlm, COURT STAFF). (Entered: 01/10/2007) |
| 01/10/2007 | | Mailed request for payment of docket fee to appellant (cc to USCA) (jlm, COURT STAFF) (Filed on 1/10/2007) (Entered: 01/10/2007) |

| 01/10/2007 | | Transmission of Notice of Appeal and Docket Sheet to US Court of Appeals re 124 Notice of Appeal. Counsel notified. (jlm, COURT STAFF) (Filed on 1/10/2007) (Entered: 01/10/2007) |
|---|---|---|
| 01/10/2007 | 125 | DESIGNATION of Record on Appeal by Raimi Shoaga re 124 Notice of Appeal. No Transcripts Designated. (jlm, COURT STAFF) (Filed on 1/10/2007) (Entered: 01/10/2007) |
| 01/10/2007 | | Certificate of Record Mailed to USCA re appeal 124 Notice of Appeal. Counsel notified. (jlm, COURT STAFF) (Filed on 1/10/2007) (Entered: 01/10/2007) |
| 01/17/2007 | 126 | MOTION for Leave to Appeal in forma pauperis filed by Raimi Shoaga. (jlm, COURT STAFF) (Filed on 1/17/2007) (Entered: 01/18/2007) |
| 01/19/2007 | | USCA Case Number 07-15073 for 124 Notice of Appeal. (jlm, COURT STAFF) (Filed on 1/19/2007) (Entered: 01/19/2007) |
| 01/23/2007 | 127 | ORDER by Judge Saundra Brown Armstrong DENYING WITHOUT PREJUDICE 126 Motion for Leave to Appeal in forma pauperis. (jlm, COURT STAFF) (Filed on 1/23/2007) (Entered: 01/25/2007) |
| 02/02/2007 | | USCA Appeal Fees received $ 455 receipt number 4461100026 re 124 Notice of Appeal filed by Raimi Shoaga, (jlm, COURT STAFF) (Filed on 2/2/2007) (Entered: 02/05/2007) |
| 02/02/2007 | | Amended Docket Fee Notification Form and Case Information Sheet to US Court of Appeals re 124 Notice of Appeal (jlm, COURT STAFF) (Filed on 2/2/2007) (Entered: 02/05/2007) |
| 02/06/2007 | 128 | ORDER of USCA: That appellant has not paid the docketing fees for this appeal, as to 124 Notice of Appeal. (jlm, COURT STAFF) (Filed on 2/6/2007) (Entered: 02/06/2007) |
| 04/17/2007 | 129 | CERTIFICATE OF SERVICE by Raimi Shoaga re 124 Notice of Appeal *AP Moller-Maersk Group* (jlm, COURT STAFF) (Filed on 4/17/2007) (Entered: 04/18/2007) |
| 04/17/2007 | 130 | CERTIFICATE OF SERVICE by Raimi Shoaga re 124 Notice of Appeal (jlm, COURT STAFF) (Filed on 4/17/2007) (Entered: 04/18/2007) |
| 04/17/2007 | 131 | CERTIFICATE OF SERVICE by Raimi Shoaga re 95 Amended Complaint, Summons Issued,, 94 Terminate Hearings,, Order,, Set Hearings, (jlm, COURT STAFF) (Filed on 4/17/2007) (Entered: 04/18/2007) |
| 04/17/2007 | 132 | CERTIFICATE OF SERVICE by Raimi Shoaga re 95 Amended Complaint, Summons Issued,, 94 Terminate Hearings,, Order,, Set Hearings, (jlm, COURT STAFF) (Filed on 4/17/2007) (Entered: 04/18/2007) |
| 06/04/2007 | | Certified and Transmitted Record on Appeal to US Court of Appeals re 124 Notice of Appeal. Counsel notified. (jlm, COURT STAFF) (Filed on 6/4/2007) (Entered: 06/04/2007) |
| 06/07/2007 | 133 | Receipt for Appeal Record re appeal 124 Notice of Appeal. (jlm, COURT STAFF) (Filed on 6/7/2007) (Entered: 06/07/2007) |

| 10/16/2007 | 134 | CLERK'S NOTICE Fee Past Due Notice. (kk, COURT STAFF) (Filed on 10/16/2007) (Entered: 11/16/2007) |
| 05/14/2008 | 135 | MOTION to Relate Case *Administrative Motion to Consider Whether Cases Should be Related filed by Maersk Line Limited and* filed by Maesrk, Inc.. (Cox, John) (Filed on 5/14/2008) (Entered: 05/14/2008) |
| 05/15/2008 | 136 | Proposed Order re 135 *Motion to Relate Cases* filed by A.P. Moller-Maersk Group (Cox, John) (Filed on 5/15/2008) Modified on 5/16/2008 (jlm, COURT STAFF). (Entered: 05/15/2008) |
| 06/24/2008 | 137 | Memorandum in Opposition re 135 *Motion to Relate Case* filed byRaimi Shoaga. (Attachments: # 1 Main Document, Part 2)(jlm, COURT STAFF) (Filed on 6/24/2008) (Entered: 06/24/2008) |
| 06/24/2008 | 138 | CERTIFICATE OF SERVICE by Raimi Shoaga re 137 *Memorandum in Opposition* (jlm, COURT STAFF) (Filed on 6/24/2008) (Entered: 06/24/2008) |
| 06/26/2008 | 139 | Appeal Record Returned: USCA No. 07-15073. (jlm, COURT STAFF) (Filed on 6/26/2008) (Entered: 06/26/2008) |

| **PACER Service Center** | | |
| **Transaction Receipt** | | |
| 07/01/2008 14:16:15 | | |
| **PACER Login:** | ky0005 | **Client Code:** | 2379-659 |
| **Description:** | Docket Report | **Search Criteria:** | 4:05-cv-02213-SBA |
| **Billable Pages:** | 10 | **Cost:** | 0.80 |

**FILED**

DEC 1 1 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAIMI SHOAGA, | No. C 05-02213 SBA |
| Plaintiff, | **ORDER** |
| vs. | |
| A.P. MOELLER-MAERSK GROUP (a.k.a. Moller-Maersk s/a kak Danish A.P. MOLLER GRUPPEN aka FIRMET A.P. MOLLER), MAERSK, INC. MAERSK LINES, LTD., | |
| Defendants. | |

123

On November 7, 2006 this Court ordered Plaintiff Shoaga to show cause why the Plaintiff's Complaint should not be dismissed in its entirety. This matter comes before the Court on Plaintiff's "Response to the Court's Order to Show Cause Why Plaintiff's Complaint Should Not Be Dismissed in its Entirety"

## BACKGROUND

**1.    Remaining Parties to this Action[1]**

Plaintiff Raimi Shoaga ("Plaintiff") is an individual and resident of the city of Oakland, California. TAC at 2:11-12. Defendant Maersk-Sealand, A.P. Moller-Maersk Group, is a corporation engaged in cargo shipping with its corporate headquarters located in Copenhagen. Shoaga Decl., Exh.s 1 & 2.

**2.    Procedural History**

Plaintiff filed his original Complaint on June 1, 2005, an Amended Complaint on October 14,

---

[1]This Court dismissed Defendants Maersk, Inc. and Maersk Line, Ltd. on November 7, 2006.



**Entered on Civil Docket** DEC 1 2 2006



EXHIBIT 9

United States District Court
For the Northern District of California

1  2005, a Second Amended Complaint on February 16, 2006, and a Third Amended Complaint on July

2  27, 2006. The Third Amended Complaint alleged a breach of contract claim against Defendants

3  A.P. Moeller-Maersk Group, Maersk, Inc., and Maersk Lines, Ltd. Defendants Maersk, Inc. and

4  Maersk Lines, Ltd. moved for summary judgment on September 14, 2006. Defendant A.P. Moeller-

5  Maersk Group did not join the motion for summary judgment.

6     This Court granted summary judgment for Defendants Maersk, Inc. and Maersk Line, Ltd. on

7  November 7, 2006. At the hearing this Court also ordered Plaintiff to show cause as to why his

8  complaint should not be dismissed in its entirety for failure to serve A.P. Moeller.

9                              **LEGAL STANDARD**

10     Federal Rule of Civil Procedure 4(f) provides, in relevant part:

11     [u]nless otherwise provided by federal law, service upon an individual from whom a waiver
       has not been obtained and filed, other than an infant or an incompetent person, may be
12     effected in a place not within any judicial district of the United States:
13     (1) by any internationally agreed means reasonably calculated to give notice, such as those
       means authorized by the Hague Convention on the Service Abroad of Judicial and
14     Extrajudicial Documents;

15
16  In the event of a plaintiff serving a defendant in Denmark, this provision applies as Denmark is a

17  signatory to the Hague Convention.

18                              **DISCUSSION**

19     Plaintiff argues he properly served Defendant A.P. Moeller-Maersk on September 20, 2006

20  when he served copies of his summons and complaint on Maersk, Inc., because according to

21  Plaintiff, Maersk, Inc. is A.P. Moeller-Maersk's agent. Pl.'s Resp. at 3. Plaintiff argues further that

22  Maersk, Inc. is a wholly-owned subsidiary of A.P. Moeller-Maersk, and that as such, Maersk, Inc.

23  may be considered A.P. Moeller-Maersk's agent for service of process as a matter of law. *Id.* at 4.

24  Plaintiff cites *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694 (1988) in support of his

25  argument, but does not provide this Court with a pin cite or specific reference to any holding in that

26  case.

27     Dismissed Defendant Maersk, Inc. filed a response in which it argues that Plaintiff has not

28  demonstrated he complied with Rule 4(f). First, Maersk, Inc. argues that Plaintiff has not provided

                                        2

1    this Court with facts demonstrating he contacted the designated Central Authority in Denmark,

2    produced a certificate of service from the Central Authority in Denmark, or translated the documents

3    to be served, and has failed to address the fact that Denmark does not accept service of documents by

4    mail. Def.'s Opp. at 2.

5         Maersk, Inc. also argues that Plaintiff's reliance on *Volkswagenwerk v. Schlunk* is misplaced

6    because in that case the Illinois long-arm statute implicated by the facts authorized service of a

7    foreign corporation by substitute service on a domestic agent. *See* 486 U.S. at 696-97, 706-08; *see*

8    *also* Ill. Rev. Stat., Ch. 110, §2-209(a)(1). In this case, neither Federal Rule of Civil Procedure 4(f)

9    nor the California long-arm statute provide for similar substitute service, and both rules state clearly

10   that service on a foreign individual is subject to the Hague Convention. *See* Fed. R. of Civ. Proc.

11   §4(f); Cal. Civ. Proc. §413.10 (California is subject to the provisions of the Hague Convention).

12   Maersk, Inc. is correct on this point.

13        Maersk, Inc. also argues that it is *not* an agent of A.P. Moeller-Maersk as alleged by Plaintiff,

14   and that Plaintiff has not demonstrated that Maersk, Inc. is an agent of A.P. Moeller-Maersk as a

15   matter of law. Maersk, Inc. is correct on this point as well. Plaintiff has not provided this Court

16   with any facts to support his conclusion that Maersk, Inc. is an agent of A.P. Moeller-Maersk. He

17   states only that the two share a parent-subsidiary relationship, and that this relationship establishes

18   that Maersk, Inc. is an agent of A.P. Moeller-Maersk. However, even assuming that Maersk, Inc. is

19   A.P. Moeller-Maersk's subsidiary (which Plaintiff has not established, and Maersk, Inc. does not

20   concede), a parent-subsidiary relationship does not itself make one corporation the agent for service

21   of process on the other. Service of process on a subsidiary does not effect service of process on the

22   parent corporation, absent evidence that the two corporations are not independently operated. *See*

23   *Adams v. AlliedSignal General Aviation Avionics*, 74 F.3d 882, 885 (8th Cir. 1996).

## CONCLUSION

25        Therefore, this Court DISMISSES Plaintiff's Third Amended Complaint in its Entirety for

26   failure to serve Defendant A.P. Moeller-Maersk. Plaintiff has completely failed to show that he has

27   properly served the one remaining Defendant, A.P. Moeller-Maersk consistent with Federal Rule of

28   Civil Procedure 4(f).

3

1    IT IS SO ORDERED.

2

3

4

5    Dated:  *12/11/06*

                                      SAUNDRA BROWN ARMSTRONG
                                        United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

Raimi Shoaga
1080 - 67th Street Apt #E
Oakland, Calif. 94608
Telephone: 510-597-9855



ORIGINAL
FILED

JAN 1 0 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

RAIMI SHOAGA,                              )
            Plaintiff/Appellant,           )   No....................
                                           )   Dist. Ct. No. C05-02213SBA
                                           )
v.                                         )
                                           )   NOTICE OF APPEAL TO THE
A.P. moller-Maersk Group,                  )   UNITED STATES COURT OF
et al.                                     )   APPEALS FOR THE NINTH
            Defendant/Appellee,            )   CIRCUIT
                                           )
                                           )
_____

        RAIMI SHOAGA, the plaintiff herein (or simply "Plaintiff")

appeal to the United States Court of Appeals for the Ninth

Circuit from the final judgment of the district court, entered

in this case on Dec. 11th, 2006, and all interlocutory orders

that gave rise to that judgment, including but not limited to

Order (Docket No. 84) adding A.P. Moller-Maersk Group et al, as a

named defendant.

Dated: 1/10/2007          _____
                          Raimi Shoaga——Pro Se

1/10/07
EXHIBIT 10

Court
Home

Case
Search

Orders/Judgments

Billing
History

XML    TXT    Logout    Help

**General Docket**
**United States Court of Appeals for the Ninth Circuit**

| | |
|---|---|
| **Court of Appeals Docket #:** 07-15073 | **Docketed:** 01/16/2007 |

**Nature of Suit:** 3120 Marine Contract Actions
Shoaga v. A.P. Moller-Maersk, et al
**Appeal From:** US District Court for Northern California, Oakland

**Case Type Information:**
   **1)** civil
   **2)** private
   **3)** null

**Originating Court Information:**
   **District:** 0971-4 : CV-05-02213-SBA
   **Trial Judge:** Saundra B. Armstrong, U.S. District Judge
   **Date Filed:** 06/01/2005

| **Date Order/Judgment:** | **Date NOA Filed:** |
|---|---|
| 12/12/2006 | 01/10/2007 |

**Prior Cases:**
   None

**Current Cases:**
   None

| | |
|---|---|
| RAIMI SHOAGA<br>     Plaintiff - Appellant | Raimi Shoaga<br>Direct: 510/597-9855<br>[COR LD NTC Pro Se]<br>Apt. #E<br>1080 - 67th Street<br>Oakland, CA 94608-0000 |
| v. | |
| A.P. MOLLER-MAERSK GROUP, aka A.P. Moller-Maersk s/a aka Danish A.P. Moller-Maersk Grruppen aka Firmet A.P. Moller)<br>     Defendant - Appellee | No Appearance<br>No address<br>City Name, 00000-0000<br>Country |
| MAERSK INC.<br>     Defendant - Appellee | John Cox, Esq., Attorney<br>Direct: 415/398-6000<br>Fax: 415/981-0136<br>[COR LD NTC Retained]<br>KEESAL, YOUNG & LOGAN<br>Suite 1500<br>Four Embarcadero Center |

EXHIBIT  11

San Francisco, CA 94111-0000

John D. Giffin, Esq., Attorney
Direct: 415/989-0616
[COR LD NTC Retained]
KEESAL, YOUNG & LOGAN
Suite 1500
Four Embarcadero Center
San Francisco, CA 94111-0000

MAERSK LINES LTD
          Defendant - Appellee

John Cox, Esq., Attorney
Direct: 415/398-6000
[COR LD NTC Retained]
(see above)

John D. Giffin, Esq., Attorney
Direct: 415/989-0616
[COR LD NTC Retained]
(see above)

---

RAIMI SHOAGA,

          Plaintiff - Appellant

v.

A.P. MOLLER-MAERSK GROUP, aka A.P. Moller-Maersk s/a aka Danish A.P. Moller-Maersk
Grruppen aka Firmet A.P. Moller); MAERSK INC.; MAERSK LINES LTD,

          Defendants - Appellees

---

| 01/16/2007 | 1 | DOCKETED CAUSE AND ENTERED APPEARANCE OF APLT IN PRO PER AND COUNSEL FOR APLES. CADS SENT (Y/N): n. setting schedule as follows: Fee payment is due 1/30/07 ; appellant's opening brief is due 2/26/07; appellees' brief is due 3/28/07,, ; appellants' reply brief is due 4/11/07; [07-15073] |
| 01/16/2007 | 2 | Received certificate of record. RT filed in DC none [07-15073] |
| 01/16/2007 | 3 | Filed Raimi Shoaga Civil Appeals Docketing Statement served on 1/10/07 (to CONFATT) [07-15073] [07-15073] |
| 01/19/2007 | 5 | Copy DC motion received re: application to proceed ifp (Casefile) [07-15073] |
| 01/26/2007 | 6 | Received copy of District Court order filed on 1/23/07 re: ... application to proceed ifp is denied without prejudice. (Saundra Brown Armstrong) (Casefile) [07-15073] |
| 02/05/2007 | 8 | Filed order (Deputy Clerk/PRO SE: jlc) A review of the district court docket reflects that appellant has not paid the docketing and filing fees for this appeal. Within 21 days from the date of entry of this order, appellant shall: (1) file a motion with this court to proceed in forma pauperis (2) pay $455.00 to the district court as the docketing and filing fees for this appeal and provide proof of payment |

| | | to this court or (3) otherwise show cause why the appeal should not be dismissed for failure to prosecute. If appellant fails to comply with this order, the appeal will be dismissed automatically by the Clerk under Ninth Circuit Rule 42-1. [07-15073] |
|---|---|---|
| 02/06/2007 | 10 | Received notification from District Court re payment of docket fee. (Date: 2/2/07) (Casefile) [07-15073] |
| 02/20/2007 | 11 | 14 day oral extension by phone of time to file Appellant's opening brief. [07-15073] appellant's opening brief due March 12, 2007; appellee's answering brief due April 11, 2007; and the optional reply brief is due 14 days after service of the answering brief. |
| 03/09/2007 | 12 | Filed original & 15 copies Appellant Raimi Shoaga opening brief (Informal: n) 11 pages [5 appendix in support of br]; served on 3/8/07 [07-15073] |
| 04/11/2007 | 13 | Filed original & 15 copies Aples A.P. Moller-Maersk, Maersk Inc., Maersk Lines Ltd's 17 pages brief; 5 Supplemental Excs.; served on 4/11/07 [07-15073] |
| 04/25/2007 | 15 | Filed original & 15 copies Raimi Shoaga reply brief (Informal: n) 7 pages; served on 4/25/07 [07-15073] |
| 06/01/2007 | 19 | Calendar check performed [07-15073] |
| 06/05/2007 | 20 | FILED CERTIFIED RECORD ON APPEAL IN 4 CLERKS RECORD. [07-15073] |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 07/01/2008 14:17:10 | | |
| **PACER Login:** ky0005 | **Client Code:** | 2379-659 |
| **Description:** Docket Report (filtered) | **Search Criteria:** | 07-15073 |
| **Billable Pages:** 1 | **Cost:** | 0.08 |

1    RAIMI SHOAGA
     P.O. Box 7274
2    Oakland, California 94601
     (510) 395-2926
3
4    In Pro Se

*Original*
E-Filing
FILED
FEB - 4 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

Fee
Paid
ISS.

8            IN THE UNITED STATES DISTRICT COURT FOR THE

9                   NORTHERN DISTRICT OF CALIFORNIA

11

12   RAIMI SHOAGA,                          Case No: **C08-00786**
                     Plaintiff
13
14            v.                            **COMPLAINT FOR DAMAGES**
                                            **Breach of Contract, Intentional Misrep-**
15   A.P. MOLLER-MAERSK GROUP,              **resentation (Fraud), Negligent Misrep-**
     aka A.P. MOLLER-MAERSK aka             **resentation, Conversion, Interference**
16   DANISH A.P. MOLLER-MAERSK              **With Commerce, Violation of the**
     GRUPPEN aka FIRMAET A.P.               **Foreign Corrupt Practices Act,**
17   MOLLER MAERSK; MAERSK                  **Discrimination the Basis of National**
     INC., MAERSK LINES LTD.; MAERSK        **Origin**
18   NIGERIA, LTD., aka MAERSK, aka
     MAERSK SEALAND; A.P. MOLLER
19   NIGERIA, LTD.; BLOSADA; NIGER-
     IAN PORT AUTHORITY; NIGERIAN
20   CUSTOMS AUTHORITY; ATTOR-
     NEY GENERAL OF THE FEDERAL
22   REPUBLIC OF NIGERIA
                     Defendants
23
                                    /
24

25       The plaintiff herein, Raimi Shoaga, complains and alleges as follows:

26
                          **FIRST CAUSE OF ACTION**
27                           **(Breach of Contract)**

28                                  1.

GO 44 SEC. N
NOTICE OF ASSIGNMENT
TO MAGISTRATE JUDGE SENT

EXHIBIT 12

**(Interference With Commerce)**
**(Violation of the Foreign Corrupt Practices Act)**
**(Discrimination on the Basis of Nationality)**

**I**

This case is one over which the United States District Court for the Northern District of California shall have original jurisdiction in that it is based upon the violation of Maritime and Admiralty laws of the United States, to include 18 U.S.C. 1951(a), the violation of the Foreign Corrupt Practices Act of 1977, 15 U.S.C. 78dd-1 et seq., and the violation of Civil Rights statute 42 U.S.C. 1981(a). Jurisdiction is conferred upon this court by 28 U.S.C. 1331, 28 U.S.C. 1332(2), and 28 U.S.C. 1333(1).

**II**

Venue is conferred on this court by 28 U.S.C. 1391(a) in that this judicial district is the district in which the plaintiff's claims arose, and, in which the defendants A.P. Moller-Maersk Group, aka A.P. Moller-Maersk s/a, aka Danish A.P. Moller-Maersk Gruppen aka Firmaet A.P. Moller Maersk and Maersk lines, Inc. and Maersk Lines, Ltd. are doing business. All contracts referred to herein were entered into in this judicial district.

**III**

The plaintiff demands a jury trial.

**IV**

The plaintiff is an individual of Nigerian national origin, who, at all times herein mentioned, resided in the city of Oakland, County of Alameda, state of California. The plaintiff is not a shipping company, public carrier, or shipping services agent.

2.

**V**

The defendant A.P. Moller-Maersk Group, aka A.P. Moller-Maersk s/a, aka Danish A.P. Moller-Maersk Gruppen aka Firmaet A.P. Moller Maersk, referred to hereafter as "A.P. Moller", is a Corporation registered in the country of Denmark, and, as part of its business operations sells oceangoing cargo and freight shipping services.

**VI**

The defendants Maersk ~~lines~~, Inc., and Maersk Lines, Ltd., referred to hereafter as "Maersk Lines", are subsidiaries of the defendants A.P. Moller of Denmark, is an oceangoing cargo and freight shipping company, and does business at offices located within the city of Oakland, California.

**VII**

The defendant Maersk Nigeria, Ltd., aka Maersk, aka Maersk Sealand, referred to hereafter as "Maersk Nigeria", is a subsidiary of the defendants A.P. Moller of Denmark, is an oceangoing cargo and freight shipping company, and, is doing business and having offices at Apapa, Port of Lagos, Federal Republic of Nigeria.

**VIII**

The defendant A.P. Moller Nigeria, Ltd., referred to hereafter as "A.P. Moller Nigeria", is the Nigerian managing subsidiary of the A.P. Moller of Denmark, and, as part of its business operations, sells oceangoing cargo and freight shipping services, doing business and having offices in Lagos, Federal Republic of Nigeria.

**IX**

The defendant Blosada is an individual, billing agent, and employee of Maersk

3.

1   Nigeria, and does business at offices located within Apapa, Port of Lagos, Federal

2   Republic of Nigeria.

3                                          X

4

5       The defendant Nigerian Port Authority, referred to hereafter as "Port Authority", is an

6   agency and administrative department of the Federal Republic of Nigeria, doing business

7   and having offices in Apapa, Port of Lagos, Federal Republic of Nigeria.

8

9                                         XI

10      The defendant Nigerian Customs Authority, referred to hereafter as "Customs", is an

11  agency and administrative department of the Federal Republic of Nigeria, doing business

12  and having offices in Apapa, Port of Lagos, Federal Republic of Nigeria.

13

14                                        XII

15      The defendant Attorney General of the Nigerian Federal Republic, referred to hereafter

16  as "Attorney General", is a government official and chief legal officer of the Federal

17  Republic of Nigeria, and, is responsible for the legality of business operations of the

18  defendants Port Authority and Customs.

19

20                                        XIII

21      On about July 29, 2004, the plaintiff entered into a pre-paid shipping agreement with

22  the defendants, A.P. Moller by and through its subsidiary Maersk Lines, wherein it was

23  agreed that in exchange for the plaintiff paying to the defendant Maersk Lines the total

24  sum of Five Thousand, One Hundred Dollars, American, ($5,100.00), the defendants

25  Maersk Lines would provide the plaintiff cargo shipping and demurrage services to

26  Apapa, Lagos, in the country of Nigeria.

27

28                                        4.

**XIV**

On about July 29, 2004, the plaintiff entered into a pre-paid shipping agreement with the defendants, A.P. Moller by and through its subsidiary Maersk Lines, wherein it was agreed that the defendants A.P. Moller, by and through its subsidiary Maersk Lines, would provide the plaintiff the use of Maersk Lines cargo shipping container MSKU8123727; S Number 50666 for the shipping, to Lagos, Nigeria, of the plaintiff's personal property.

**XV**

That according to the agreement and contract between the plaintiff and the defendants A.P. Moller and Maersk Lines, the defendant Maersk Lines represented to the plaintiff that cargo shipping container MSKU8123727; S Number 50666, which was to contain the plaintiff's personal property, would be shipped to Apapa, Lagos, Nigeria, in time to arrive in Nigeria by August of the year 2004.

**XVI**

That according to the agreement and contract between the plaintiff and the defendants A.P. Moller and Maersk Lines, the defendant Maersk Lines represented to the plaintiff that cargo shipping container MSKU8123727; S Number 50666, following arrival at Apapa, Lagos Nigeria, would be inspected by the defendants Port Authority and Customs, and, then, the contents of the shipping container would be released to recipients of the plaintiff.

**XVII**

That the plaintiff is informed and believes that the cargo shipping container

5.

1  MSKU8123727; S Number 50666 did arrive in Apapa, Port of Lagos, Nigeria, in August

2  of 2004.

### XVIII

That in January 2005, the defendants, A.P. Moller Nigeria, Maersk Nigeria, Blosada,

Port Authority, and Customs were in possession of cargo shipping container

MSKU8123727; S Number 50666, which had arrived in Apapa, Port of Lagos Nigeria.

### XIX

That in January of 2005, the plaintiff visited Nigeria to inquire about the status of

cargo shipping container MSKU8123727; S Number 50666, which, the plaintiff is

informed and believes, arrived at Apapa, Port of Lagos, Nigeria in August of 2004, but, as

of January of 2005, remained in the possession of the defendants, A.P. Moller Nigeria,

Maersk Nigeria, Blosada, Port Authority, and Customs.

### XX

That in January of 2005, upon the plaintiff's inquiry about the status of cargo shipping

container MSKU8123727; S Number 50666, the defendants A.P. Moller Nigeria, Maersk

Nigeria, Blosada, Port Authority, and Customs informed the plaintiff that plaintiff had an

outstanding balance of over Ten Thousand Dollars, American, ($10,000.00), for shipping

services and demurrage charges, and that the contents of cargo shipping container

MSKU8123727; S Number 50666 would not be released to the plaintiff until all charges

were paid.

### XXI

That in January of 2005, upon the plaintiff's inquiry about the status of cargo shipping

6.

1  container MSKU8123727; S Number 50666, the defendants A.P. Moller, Maersk Lines,

2  A.P. Moller Nigeria, Maersk Nigeria, Blosada, Port Authority, and Customs informed the

3  plaintiff that the defendants A.P. Moller and Maersk Lines were demanding that the

4  plaintiff return cargo shipping container MSKU8123727; S Number 50666 to the

5  defendant Maersk Lines.

6

7                              **XXII**

8      That from January of 2005 to April of 2005, the plaintiff, plaintiff's brother, and

9  associates sought an explanation from the defendants, and each of the defendants, of the

10  additional $10,000.00 charges, but were unable to receive an explanation of the increased

11  costs.

12

13                              **XXIII**

14      That as of this filing the defendants, and each of the defendants, continue to demand

15  that the plaintiff tender to the defendants A.P. Moller Nigeria, Maersk Nigeria, Blosada,

16  Port Authority, and Customs $90,000.00 before the contents of cargo shipping container

17  MSKU8123727; S Number 50666 would be released to the plaintiff.

18

19                              **XXIV**

20      The defendants, and each of the defendants, have breached the contract for shipping

21  services, as entered into by the plaintiff and the defendants, and have caused the plaintiff

22  damages.

23

24                              **XXV**

25      The defendants, and each of the defendants, have, by their breach of contract, acted to

26  impede the flow of commerce as prohibited by 18 U.S.C. 1951(a), have acted to finance

27                                   7.

1    the wrongful influence of foreign officials as prohibited by 15 U.S.C. 78dd-1 et seq., and

2    have acted to violate the plaintiff's civil rights because of plaintiff's national origin as

3    prohibited against by 42 U.S.C. 1981(a), and, have caused the plaintiff damages.

4
5    **SECOND CAUSE OF ACTION**
     **[Intentional Misrepresentation (Fraud)]**
6    **(Interference With Commerce)**
     **(Violation of the Foreign Corrupt Practices Act)**
7    **(Discrimination on the Basis of Nationality)**

8
                                    **I**
9
10   The plaintiff incorporates herein by reference each and all paragraphs of the FIRST

11   CAUSE OF ACTION..

12
                                    **II**
13
14   On about July 29, 2004, the plaintiff entered into a pre-paid shipping agreement with

15   the defendants, A.P. Moller by and through its subsidiary Maersk Lines, wherein it was

16   agreed that in exchange for the plaintiff paying to the defendant Maersk Lines the total

17   sum of Five Thousand, One Hundred Dollars, American, ($5,100.00), the defendants

18
19   Maersk Lines would provide the plaintiff cargo shipping and demurrage services to

20   Apapa, Lagos, in the country of Nigeria.

21
                                    **III**
22
23   On about July 29, 2004, the plaintiff entered into a pre-paid shipping agreement

24   with the defendants, A.P. Moller by and through its subsidiary Maersk Lines, wherein it

25   was agreed that the defendants A.P. Moller, by and through its subsidiary Maersk Lines,

26   would provide the plaintiff the use of Maersk Lines cargo shipping container

27   MSKU8123727; S Number 50666 for the shipping, to Lagos, Nigeria, of the plaintiff's

28                                    8.

1   personal property.

2                                    **IV**

3

4       That according to the agreement and contract between the plaintiff and the defendants

5   A.P. Moller and Maersk Lines, the defendant Maersk Lines represented to the plaintiff

6   that cargo shipping container MSKU8123727; S Number 50666, which was to contain

7   the plaintiff's personal property, would be shipped to Apapa, Lagos, Nigeria, in time to

8
    arrive in Nigeria by August of the year 2004.
9

10                                    **V**

11      That according to the agreement and contract between the plaintiff and the defendants

12  A.P. Moller and Maersk Lines, the defendant Maersk Lines represented to the plaintiff

13
    that cargo shipping container MSKU8123727; S Number 50666, following arrival at
14

15  Apapa, Lagos Nigeria, would be inspected by the defendants Port Authority and Customs,

16  and, then, the contents of the shipping container would be released to recipients of the

17
    plaintiff.
18

19                                    **VI**

20      That the plaintiff is informed and believes that the cargo shipping container

21  MSKU8123727; S Number 50666 did arrive in Apapa, Port of Lagos, Nigeria, in August

22
    of 2004.
23

24                                    **VII**

25      That in January 2005, the defendants, A.P. Moller Nigeria, Maersk Nigeria, Blosada,

26  Port Authority, and Customs were in possession of cargo shipping container

27
    MSKU8123727; S Number 50666, which had arrived in Apapa, Port of Lagos Nigeria.
28
                                       9.

**VIII**

That in January of 2005, the plaintiff visited Nigeria to inquire about the status of cargo shipping container MSKU8123727; S Number 50666, which, the plaintiff is informed and believes, arrived at Apapa, Port of Lagos, Nigeria in August of 2004, but, as of January of 2005, remained in the possession of the defendants, A.P. Moller Nigeria, Maersk Nigeria, Blosada, Port Authority, and Customs.

**IX**

That in January of 2005, upon the plaintiff's inquiry about the status of cargo shipping container MSKU8123727; S Number 50666, the defendants A.P. Moller Nigeria, Maersk Nigeria, Blosada, Port Authority, and Customs informed the plaintiff that plaintiff had an outstanding balance of over Ten Thousand Dollars, American, ($10,000.00), for shipping services and demurrage charges, and that the contents of cargo shipping container MSKU8123727; S Number 50666 would not be released to the plaintiff until all charges were paid.

**X**

That in January of 2005, upon the plaintiff's inquiry about the status of cargo shipping container MSKU8123727; S Number 50666, the defendants A.P. Moller, Maersk Lines, A.P. Moller Nigeria, Maersk Nigeria, Blosada, Port Authority, and Customs informed the plaintiff that the defendants A.P. Moller and Maersk Lines were demanding that the plaintiff return cargo shipping container MSKU8123727; S Number 50666 to the defendant Maersk Lines.

**XI**

10.

1       That from January of 2005 to April of 2005, the plaintiff, plaintiff's brother, and

2   associates sought an explanation from the defendants, and each of the defendants, of the

3   additional $10,000.00 charges, but were unable to receive an explanation of the increased

4   

5   costs.

6                           **XII**

7       That as of this filing the defendants, and each of the defendants, continue to demand

8   that the plaintiff tender to the defendants A.P. Moller Nigeria, Maersk Nigeria, Blosada,

9   

10  Port Authority, and Customs $90,000.00 before the contents of cargo shipping container

11  MSKU8123727; S Number 50666 would be released to the plaintiff.

12                          **XIII**

13  

14      That at the time that the plaintiff and the defendants A.P. Moller and Maesrk Lines

15  entered into the agreement and contract between the plaintiff and the defendants A.P.

16  Moller and Maersk Lines, the defendant Maersk Lines intentionally represented to the

17  plaintiff that cargo shipping container MSKU8123727; S Number 50666, following

18  

19  arrival at Apapa, Lagos Nigeria, would be inspected by the defendants Port Authority and

20  Customs, and, then, the contents of the shipping container would be released to recipients

21  of the plaintiff.

22                          **XIV**

23  

24      That at the time that the plaintiff and the defendants A.P. Moller and Maesrk Lines

25  entered into the agreement and contract between the plaintiff and the defendants A.P.

26  Moller and Maersk Lines, the defendants A.P. Moller and Maersk Lines knew that

27  the defendants A.P. Moller Nigeria, Maersk Nigeria, Blosada, Port Authority, and

28                          11.

1  Customs would keep and maintain possession of cargo shipping container

2  MSKU8123727; S Number 50666, after it had arrived in Apapa, Port of Lagos Nigeria

3
   until all charges demanded by the defendants, A.P. Moller Nigeria, Maersk Nigeria,
4
5  Blosada, Port Authority, and Customs were paid.

6                                   **XV**

7      That at the time that the plaintiff and the defendants A.P. Moller and Maesrk Lines

8
   entered into the agreement and contract between the plaintiff and the defendants A.P.
9
10 Moller and Maersk Lines, the defendants A.P. Moller and Maersk Lines knew that

11 the defendants A.P. Moller Nigeria, Maersk Nigeria, Blosada, Port Authority, and

12 Customs would keep and maintain possession of cargo shipping container

13
   MSKU8123727; S Number 50666 until the plaintiff paid the defendants A.P. Moller
14
15 Nigeria, Maersk Nigeria, Blosada, Port Authority, and Customs an additional $10,000.00.

16                                  **XVI**

17     That at the time that the plaintiff and the defendants A.P. Moller and Maesrk Lines

18
   entered into the agreement and contract between the plaintiff and the defendants A.P.
19
20 Moller and Maersk Lines, the defendant Maersk Lines intentionally represented to the

21 plaintiff that cargo shipping container MSKU8123727; S Number 50666, following

22
   arrival at Apapa, Lagos Nigeria, would be inspected by the defendants Port Authority and
23
24 Customs, and, then, the contents of the shipping container would be released to recipients

25 of the plaintiff in order to induce the plaintiff's reliance upon Maersk Lines as a

26 dependable oceangoing cargo shipping service.

27                                  **XVII**
28                                   12.

1  That at the time that the plaintiff and the defendants A.P. Moller and Maesrk Lines

2  entered into the agreement and contract between the plaintiff and the defendants A.P.

3  Moller and Maersk Lines, the defendant Maersk Lines intentionally represented to the

4
5  plaintiff that cargo shipping container MSKU8123727; S Number 50666, following

6  arrival at Apapa, Lagos Nigeria, would be inspected by the defendants Port Authority and

7  Customs, and, then, the contents of the shipping container would be released to recipients

8
9  of the plaintiff, in order to induce the plaintiff to tender to the defendants A.P. Moller and

10  Maersk Lines $5,100.00.

11  **XVIII**

12  That at the time that the plaintiff and the defendants A.P. Moller and Maersk Lines

13
14  entered into the agreement and contract between the plaintiff and the defendants A.P.

15  Moller and Maersk Lines, the defendant Maersk Lines intentionally represented to the

16  plaintiff that cargo shipping container MSKU8123727; S Number 50666, following

17  arrival at Apapa, Lagos Nigeria, would be inspected by the defendants Port Authority and

18
19  Customs, and, then, the contents of the shipping container would be released to recipients

20  of the plaintiff, the defendants A.P. Moller and Maesrk Lines caused the plaintiff to rely

21  on the defendants' dependability as an oceangoing cargo shipping service.

22  **XIX**

23
24  The defendants, A.P. Moller and Maersk Lines, have committed an intentional

25  misrepresentation as against the plaintiff, and have caused the plaintiff's reliance upon

26  such misrepresentations, and have caused the plaintiff damages.

27  **XX**

28  13.

1    The defendants, A.P. Moller and Maesrk Lines, have, by their actions, and wrongful

2    failures to act, intentionally made misrepresentations of material facts to the plaintiff, and

3    have committed intentional fraud against the plaintiff, acting to impede the flow of

4    commerce as prohibited by 18 U.S.C. 1951(a), acting to finance the wrongful influence of

5    foreign officials as prohibited by 15 U.S.C. 78dd-1 et seq., and, acting to cause the

6    violation of the plaintiff's civil rights because of plaintiff's national origin as prohibited

7    against by 42 U.S.C. 1981(a), causing the plaintiff damages.

8

9

10    **THIRD CAUSE OF ACTION**
      **(Negligent Misrepresentation)**
11    **(Interference With Commerce)**
      **(Violation of the Foreign Corrupt Practices Act)**
12    **(Discrimination on the Basis of Nationality)**

13                                  **I**

14

15    The plaintiff incorporates herein by reference each and all paragraphs of the SECOND

16    CAUSE OF ACTION.

17                                  **II**

18

19    That at the time that the plaintiff and the defendants A.P. Moller and Maesrk Lines

20    entered into the agreement and contract between the plaintiff and the defendants A.P.

21    Moller and Maersk Lines, the defendant Maersk Lines represented to the plaintiff that

22    cargo shipping container MSKU8123727; S Number 50666, following arrival at Apapa,

23    Lagos Nigeria, would be inspected by the defendants Port Authority and Customs, and,

24    then, the contents of the shipping container would be released to recipients of the

25    plaintiff.

26

27                                  **III**
28                                  14.

1    That at the time that the plaintiff and the defendants A.P. Moller and Maesrk Lines

2    entered into the agreement and contract between the plaintiff and the defendants A.P.

3
     Moller and Maersk Lines, the defendants A.P. Moller and Maersk Lines should,
4
5    reasonably have known, and should reasonably have foreseen, that the defendants A.P.

6    Moller Nigeria, Maersk Nigeria, Blosada, Port Authority, and Customs would keep and

7    maintain possession of cargo shipping container MSKU8123727; S Number 50666, after
8
     it had arrived in Apapa, Port of Lagos Nigeria until all charges demanded by the
9
10   defendants, A.P. Moller Nigeria, Maersk Nigeria, Blosada, Port Authority, and Customs

11   were paid.

12                                         IV
13
14   That at the time that the plaintiff and the defendants A.P. Moller and Maesrk Lines

15   entered into the agreement and contract between the plaintiff and the defendants A.P.

16   Moller and Maersk Lines, the defendants A.P. Moller and Maersk Lines should,

17
     reasonably have known, and should reasonably have foreseen, that the defendants A.P.
18
19   Moller Nigeria, Maersk Nigeria, Blosada, Port Authority, and Customs would keep and

20   maintain possession of cargo shipping container MSKU8123727; S Number 50666 until

21   the plaintiff paid the defendants A.P. Moller Nigeria, Maersk Nigeria, Blosada, Port

22
     Authority, and Customs an additional $10,000.00.
23
24                                         V

25   That at the time that the plaintiff and the defendants A.P. Moller and Maersk Lines

26   entered into the agreement and contract between the plaintiff and the defendants A.P.

27
     Moller and Maersk Lines, the defendant Maersk Lines represented to the plaintiff that
28
                                          15.

1    cargo shipping container MSKU8123727; S Number 50666, following arrival at Apapa,

2    Lagos Nigeria, would be inspected by the defendants Port Authority and Customs, and,

3    then, the contents of the shipping container would be released to recipients of the

4    plaintiff, the defendants, and each of the defendants, had a duty to disclose to plaintiff any

5    matter that might effect the plaintiff's contract with the defendants A.P. Moller and

6

7    Maersk Lines, but neither of the defendants ever made any such disclosure.

8                                        **VI**

9

10       That at the time that the plaintiff and the defendants A.P. Moller and Maersk Lines

11   entered into the agreement and contract between the plaintiff and the defendants A.P.

12   Moller and Maersk Lines, the defendant Maersk Lines represented to the plaintiff that

13   cargo shipping container MSKU8123727; S Number 50666, following arrival at Apapa,

14

15   Lagos Nigeria, would be inspected by the defendants Port Authority and Customs, and,

16   then, the contents of the shipping container would be released to recipients of the

17   plaintiff, the defendants A.P. Moller and Maersk Lines caused the plaintiff's reliance

18

19   upon the defendants, and each of the defendants, services as a dependable oceangoing

20   cargo shipping service.

21                                       **VII**

22       That at the time that the plaintiff and the defendants A.P. Moller and Maersk Lines

23

24   entered into the agreement and contract between the plaintiff and the defendants A.P.

25   Moller and Maersk Lines, the defendant Maersk Lines represented to the plaintiff that

26   cargo shipping container MSKU8123727; S Number 50666, following arrival at Apapa,

27

28   Lagos Nigeria, would be inspected by the defendants Port Authority and Customs, and,

                                         16.

1  then, the contents of the shipping container would be released to recipients of the

2  plaintiff, causing the plaintiff to tender to the defendants A.P. Moller and Maersk Lines

3
4  $5,100.00.

5                             **VIII**

6     That at the time that the plaintiff and the defendants A.P. Moller and Maersk Lines

7  entered into the agreement and contract between the plaintiff and the defendants A.P.

8
9  Moller and Maersk Lines, the defendant Maersk Lines intentionally represented to the

10  plaintiff that cargo shipping container MSKU8123727; S Number 50666, following

11  arrival at Apapa, Lagos Nigeria, would be inspected by the defendants Port Authority and

12  Customs, and, would, then, the contents of the shipping container would be released to

13
14  recipients of the plaintiff, the plaintiff's reliance was justified.

15                             **IX**

16     That as of this filing the defendants, and each of the defendants, continue to demand

17  that the plaintiff tender to the defendants A.P. Moller Nigeria, Maersk Nigeria, Blosada,

18
19  Port Authority, and Customs $90,000.00 before the contents of cargo shipping container

20  MSKU8123727; S Number 50666 would be released to the plaintiff.

21                             **X**

22     The defendants, and each of the defendants, have committed a negligent

23
24  misrepresentation as against the plaintiff, and have caused the plaintiff damages.

25                             **XI**

26     The defendants, A.P. Moller and Maersk Lines, have, by their actions, and wrongful

27  failures to act, negligently made misrepresentations of material facts to the plaintiff, and

28                         17.

1    have committed a negligent misrepresentation against the plaintiff, impeding the flow of

2    commerce as prohibited by 18 U.S.C. 1951(a), acting to finance the wrongful influence of

3    foreign officials as prohibited by 15 U.S.C. 78dd-1 et seq., and, acting to violate the

4

5    plaintiff's civil rights because of plaintiff's national origin as prohibited against by 42

6    U.S.C. 1981(a), causing the plaintiff damages.

7

8                        **FOURTH CAUSE OF ACTION**

9                             **(Conversion)**
10                      **(Interference With Commerce)**
                **(Violation of the Foreign Corrupt Practices Act)**
11            **(Discrimination on the Basis of Nationality)**

12                                  **I**

13
       The plaintiff incorporates herein by reference each and all paragraphs of the THIRD
14
15    CAUSE OF ACTION.

16                                  **II**

17       That as of this filing the defendants, and each of the defendants, continue to demand

18
     that the plaintiff tender to the defendants A.P. Moller Nigeria, Maersk Nigeria, Blosada,
19
20    Port Authority, and Customs $90,000.00 before the contents of cargo shipping container

21    MSKU8123727; S Number 50666 would be released to the plaintiff.

22                                  **III**
23
       At all times herein mentioned, the defendants, and each of the defendants, intended to
24
25    act, and maintain an intent to act, to invade the plaintiff's interest in plaintiff's personal

26    property, and to take possession of the plaintiff's personal property for the defendants',

27    and each defendant's, personal gain.
28                                 18.

U.S.C. 78dd-1 et seq., and, have acted to violate the plaintiff's civil rights because of

plaintiff's national origin as prohibited against by 42 U.S.C. 1981(a), causing the plaintiff

damages.

**WHEREFORE**, the plaintiff prays,

1. For damages for the defendants', and each defendant's, breach of contract;

2. For damages for the defendants', and each defendant's, intentional

misrepresentation;

3. For damages for the defendants', and each defendant's, negligent misrepresentation;

4. For damages for the defendants', and each defendant's, conversion;

5. For damages for the defendants', and each defendant's, violation of 18 U.S.C.

1951(a);

6. For damages for the defendants', and each defendant's, violation of the Foreign

Corrupt Practices Act of 1977, 15 U.S.C. 78dd-1 et seq.;

7. For damages for the defendants', and each defendant's, violation of 42 U.S.C.

1981(a);

8. For costs of suit; and,

9. For such other and further relief as the court may deem meet and just under the

premises.

**And, in the alternative,**

1. For damages in an amount of not less than $10,000,000.00

2. For costs of suit; and,

3. For such other and further relief as the court may deem meet and just under the

20.

1  premises.

2  Dated: January 17, 2008

3  _____
   RAIMI SHOAGA Plaintiff In Pro Se

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

21.

**TARGET SHIPPING**

BILL OF LADING

| | |
|---|---|
| SHIPPER | REFERENCE NO.    TGT 21363    CARRIER BOOKING NO.    2435171 |
| REIME SHAOGA 1080 6TH STREET OAKLAND, CA 94681 | EXPORT REFERENCES |

CONSIGNEE - ( NOT NEGOTIABLE UNLESS CONSIGNED TO ORDER ):
REIME SHOAGA
C/O JHILIET NAFFO & BILLY SHEOGA
P.O. BOX 1924 - SAPON, ABEOKIT 7
OGUN NIGERIA, WEST AFRICA

FORWARDING AGENT - References 6123
SKY 2 C FREIGHT SYSTEMS
25012 VIKING STREET
HAYWARD, CA 94545

POINT AND COUNTRY OF ORIGIN
CALIFORNIA    UNITED STATES OF AMERICA

NOTIFY PARTY
SAME AS ABOVE

ALSO NOTIFY - ROUTING INSTRUCTIONS.

| PIER | PLACE OF RECEIPT by PRE-CARRIER | RELEASE AGENT |
|---|---|---|
| VESSEL AND VOYAGE NUMBER CONDOR 0415 | PORT OF LOADING OAKLAND | MAERSK NIGERIA LTD-LAGOS MAERSK HOUSE, 121 LOUIS-SOLOMON CLOSE, PO BOX 72554 VICTORIA ISLAND, LAGOS NIGERIA TEL: +234 01 2626430 |
| PORT OF DISCHARGE LAGOS | PLACE OF DELIVERY | |

| Mrks & Nos/Container Nos | Container Type | Description | Cargo | Gross Weight | Measurement |
|---|---|---|---|---|---|
| MSKU 812372 7 S#: 506667 | 1x40HC | CONTAINER SLAC: 1 LOT HOUSEHOLD GOODS & PERSONAL EFFECTS | | 30000.00L 13687.91K | |

THESE COMMODITIES, TECHNOLOGY OR SOFTWARE WERE
EXPORTED FROM THE UNITED STATES IN ACCORDANCE WITH
THE EXPORT ADMINISTRATION REGULATIONS. ULTIMATE
DESTINATION NIGERIA.  DIVERSION CONTRARY TO UNITED
STATES LAW PROHIBITED.

FREIGHT PREPAID
NO SED REQUIRED VALUE UNDER $2500
SHIPPER'S LOAD STOW & COUNT

Phone 1-877-699-9444

NON NEGOTIABLE

1-877-6999444 x 5168

SHIPPER DECLARED VALUE $

| RATES | BASE | PREPAID | COLLECT | CUR. |
|---|---|---|---|---|
| | | | | |

**FREIGHT PREPAID**

Dated  Jul 29, 2004

Number of Original BILLS of Lading    Place and Date of Issue
3    Jul 29, 2004

SEAL OF LADING:    TGT 21363

EX4-5





CHARGE CALCUATION BREAKDOWN

308,745.00

308,745.00

308,745.00

$37,220

Case 3:08-cv-00786-BZ    Document 1    Filed 02/04/2008    Page 24 of 24



# NIGERIAN PORTS AUTHORITY
## CONTAINER TERMINAL APAPA/IJORA    № 014333

To: ...... As Under ......................................    Date: ...... 13/1/2005 ......

From: .. Port Manager, CT ..............    Ref: .. CT/PM/OP/R.2/ .. QS |

### CLEARANCE NOTIFICATION

Please raise Debit Note for the following Container(s) not yet listed as Overtime to: ..................

.................. RAIMI SHOAGA ATTN: COST & FREIGHT AG. LTD ..............

provided the container(s) is/are not under detention.

This is subject to payment of Customs Import Duty, Shipping Company Charges and Other Applicable Port Charges.

| CONTAINER NUMBER(S) | VESSEL | DATE OF ARRIVAL | TOTAL NUMBER OF CONTAINER(S) | REMARKS |
|---|---|---|---|---|
| NSKU 812372-1 | CHRISTIAN MSK B/L/NO. 171 | 24/8/2004 | 1x40' Cont. (One) only. | |

*[handwritten notes across table]* MT 24/M6/G/PS0/S70 ... Pls deliver upon Confirmatin that they have Psid all NPA Charges and the Cont is not under Seizure nor detent...

*[stamps: NIGERIAN PORTS AUTHORITY PORT MANAGER'S OFFICE — VALID UNTIL; NIGERIAN PORTS PLC 14/6/05 OPERATIONS DEPT]*

On receipt of this memo, the Principal Manager (Marketing) is directed to ensure that Customs Exchange Control, Shipping Company's Release Slip, Bank Revenue Receipt for Import Duty are in order and other formalities at the port Strictly complied with before issuance of N.P.A. Delivery documents.

However companies without IDR should **NOT** be treated, please.

*[signature]* 13/1/05

PORT MANAGER
for: PORT MANAGER, CT.
DISTRIBUTION:
Traffic Manager, CT.
Prin. Manager (Marketing) CT.
Senior Manager (Traffic) Lilypond, Ijora
P. A. - Port Manager, CT

Case 3:08-cv-00786-BZ    Document 1-2    Filed 02/04/2008    Page 1 of 786 BZ
ADR ECF

**JS 44** (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
RAIMI SHOAGA

**DEFENDANTS**
A.P. MOLLER-MAERSK GROUP, aka A.P. MOLLER-MAERSK A/S, aka DANISH A.P. MOLLER-MAERSK GRUPPEN, et al.

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)
ALAMEDA

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
RAIMI SHOAGA
P.O. Box 7274
Oakland, California 94601
(510) 395-2926

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☒ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury— Med. Malpractice
- ☐ 365 Personal Injury— Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus – Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
18 U.S.C. 1951(a); 15 U.S.C. 78dd-1 et seq.; 42 U.S.C. 1981; 28 U.S.C. 1331, 28 U.S.C. 1332(2), and 28 U.S.C. 1333(1)
Brief description of cause:
Breach of Contract, Fraud, Conversion, Interference With Commerce, Foreign Corrupt Practices Act, Discrimination

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 10,000,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
☒ SAN FRANCISCO/OAKLAND    ☐ SAN JOSE

DATE  2/4/08

SIGNATURE OF ATTORNEY OF RECORD    Shoaga

① A P Moller – Maersk
Group a/s

② Maersk Inc

or

③ Maersk Lines Ltd

Last known attorney
of record

EXHIBIT 13

UNITED STATES DISTRICT COURT *E-filing*
NORTHERN DISTRICT OF CALIFORNIA

*ORIGINAL FILED FEB - 4 2008 RICHARD W. WIEKING CLERK U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA OAKLAND*

RAIMI SHOAGA,

Plaintiff (s),

v.

A.P. MOLLER-MAERSK GROUP,
Defendant(s).

No. C 08-00786 BZ

**ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES**

IT IS HEREBY ORDERED that this action is assigned to the Honorable Bernard Zimmerman.  When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order , the Notice of Assignment of Case to a United States Magistrate Judge for Trial, and all other documents specified in Civil Local Rule 4-2.  Counsel must comply with the case schedule listed below unless the Court otherwise orders.

IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3.  Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court ADR Internet site at www.adr.cand.uscourts.gov.  A limited number of printed copies are available from the Clerk's Office for parties in cases not subject to the court's Electronic Case Filing program (ECF).

## CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|------|-------|----------------|
| 2/4/2008 | Complaint filed | |
| 4/21/2008 | *Last day to: | |
| | • meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR L.R.3-5 |
| | • file Joint ADR Certification with Stipulation to ADR Process or Notice of Need for ADR Phone Conference | Civil L.R. 16-8 |
| 5/5/2008 | *Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at http://www.cand.uscourts.gov) | FRCivP 26(a) (1) Civil L.R . 16-9 |
| 5/12/2008 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) in Ctrm G, 15th Floor, SF at 4:00 PM | Civil L.R. 16-10 |

*  If the Initial Case Management Conference is continued, the other deadlines are continued accordingly.

# United States District Court
## NORTHERN DISTRICT OF CALIFORNIA

*E-filing*

*ADR*

RAIMI SHOAGA,

　　　　　　　　Plaintiff

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: **C08-00786**

V.

A.P. MOLLER-MAERSK GROUP, aka A.P.
MOLLER-MAERSK A/S; et al.,

　　　　　　　　Defendants

TO: (Name and address of defendant)

① A. P. MOLLER-MAERSK GROUP a/s
Esplanaden 50
1098, Copenhagen K
DENMARK

⑥ *Maersk Inc, & Maersk Lines Ltd*

⑤ *Maersk Nig. Ltd, A P Moller Nig Ltd*
*BLOSADA*

(2) *Nigerian Customs Authority*
*(same as Nigerian Customs Service)*
*Zone 3, Wuse, PMB 26 Abuja Nigeria*

(3) *Nigerian Ports Authority*
*Roko/Tincan Island, PMB 1198*
*Lagos, Nigeria, West Africa*

(4) *The Attorney General & Ministry*
*of Justice, Federal Secretariat*
*Abuja, Nigeria*

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

RAIMI SHOAGA
P.O. Box 7274
Oakland, California 94601

an answer to the complaint which is herewith served upon you, within   20     days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in
the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Richard W. Wieking
CLERK

DATE FEB - 4 2008

(BY) DEPUTY CLERK

## NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF SERVICE OF SUMMONS

TO: (A) _A P Moller – Maersk Group a/s_

as (B) _Feb 4_ of (C) _2008_

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed.)
A copy of the complaint is attached to this notice. It has been filed in the United States District Court
for the (D) _Northern_ District of _California_
and has been assigned docket number (E) _C08 - 00786 BZ_

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) _30_ days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States.)

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiff, this _19th_ day of _Feb_ _2008_

_____
Signature of Plaintiff's Attorney
or Unrepresented Plaintiff

A - Name of individual defendant (or name of officer or agent of corporate defendant)
B - Title, or other relationship of individual to corporate defendant
C - Name of corporate defendant, if any
D - District
E - Docket number of action
F - Addressee must be given at least 30 days (60 days if located in foreign country) in which to return waiver

# WAIVER OF SERVICE OF SUMMONS

TO: _____

(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, _____, acknowledge receipt of your request

(DEFENDANT NAME)

that I waive service of summons in the action of _____

(CAPTION OF ACTION)

which is case number _____ in the United States District Court

(DOCKET NUMBER)

for the _____ District of _____

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after _____

(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

_____        _____
(DATE)                           (SIGNATURE)

Printed/Typed Name: _____

As _____ of _____

(TITLE)                              (CORPORATE DEFENDANT)

## Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

# WAIVER OF SERVICE OF SUMMONS

TO: _A P Moller - Maersk Group a/s_

(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, _____, acknowledge receipt of your request

(DEFENDANT NAME)

that I waive service of summons in the action of _____

(CAPTION OF ACTION)

which is case number _C 08-00786 BZ_ in the United States District Court

(DOCKET NUMBER)

for the _Northern_ District of _Calif_

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after _____,

(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

_____          _____
(DATE)                                             (SIGNATURE)

Printed/Typed Name: _____

As _____ of _____

(TITLE)                                    (CORPORATE DEFENDANT)

## Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

AO 398 (12/93)

# NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF SERVICE OF SUMMONS

TO:   (A) _Maersk Inc_

as    (B) _Feb. 4_ of (C) _2008_

    A lawsuit has been commenced against you (or the entity on whose behalf you are addressed.)
A copy of the complaint is attached to this notice. It has been filed in the United States District Court
for the (D) _Northern_ District of _California_

and has been assigned docket number (E) _C08-00786BZ_

    This is not a formal summons or notification from the court, but rather my request that you sign and return the
enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the
complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) _30_ days after the
date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope
(or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

    If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be
served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will
not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice
is sent (or before 90 days from that date if your address is not in any judicial district of the United States.)

    If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service
in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask
the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that
connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set
forth at the foot of the waiver form.

    I affirm that this request is being sent to you on behalf of the plaintiff, this _19th_ day of _Feb, 2008_

                                                            _____
                                                  Signature of Plaintiff's Attorney
                                                  or Unrepresented Plaintiff

A - Name of individual defendant (or name of officer or agent of corporate defendant)
B - Title, or other relationship of individual to corporate defendant
C - Name of corporate defendant, if any
D - District
E - Docket number of action
F - Addressee must be given at least 30 days (60 days if located in foreign country) in which to return waiver

# WAIVER OF SERVICE OF SUMMONS

TO: _____
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, _____, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of _____
(CAPTION OF ACTION)

which is case number _____ in the United States District Court
(DOCKET NUMBER)

for the _____ District of _____

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting)

if an answer or motion under Rule 12 is not served upon you within 60 days after _____
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

_____            _____
(DATE)                              (SIGNATURE)

Printed/Typed Name: _____

As _____ of _____
(TITLE)                              (CORPORATE DEFENDANT)

## Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

AO 398 (12/93)

## NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF SERVICE OF SUMMONS

TO:    (A)  _Maersk Lines Ltd_

as    (B)  _Feb 4_                    of (C)  _2008_

        A lawsuit has been commenced against you (or the entity on whose behalf you are addressed.)
A copy of the complaint is attached to this notice. It has been filed in the United States District Court
for the (D) _____ Northern _____ District of _____ California _____

and has been assigned docket number (E) _C08-00786BZ_

        This is not a formal summons or notification from the court, but rather my request that you sign and return the
enclosed waiver of service In order to save the cost of serving you with a judicial summons and an additional copy of the
complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) _30_ days after the
date designated below as the date on which this Notice and Request Is sent. I enclose a stamped and addressed envelope
(or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

        If you comply with this request and return the signed waiver, It will be filed with the court and no summons will be
served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will
not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice
is sent (or before 90 days f rom that date if your address is not in any judicial district of the United States.)

        If you do not return the signed waiver within the time Indicated, I will take appropriate steps to effect formal service
in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask
the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that
connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set
forth at the foot of the waiver form.

        I affirm that this request Is being sent to you on behalf of the plaintiff, this _19th_ day of _Feb_ ,_2008_

                                                _____
                                                Signature of Plaintiff's Attorney
                                                Or Unrepresented Plaintiff

A - Name of Individual defendant (or name of officer or agent of corporate defendant)
B - Title, or other relationship of Individual to corporate defendant
C - Name of corporate defendant, If any
D - District
E - Docket number of action
F- Addressee must be given at least 30 days (60 days If located In foreign country) In which to return waiver

AO 399 (Rev. 10/95)

## WAIVER OF SERVICE OF SUMMONS

TO: _____
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, _____ , acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of _____ ,
(CAPTION OF ACTION)

which is case number _____ in the United States District Court
(DOCKET NUMBER)

for the _____ District of _____ .

 I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

 I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

 I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

 I understand that a judgment may be entered against me (or the party on whose behalf I am acting)

if an answer or motion under Rule 12 is not served upon you within 60 days after _____ ,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

_____  _____
(DATE)                 (SIGNATURE)

Printed/Typed Name: _____

As_____ of _____
(TITLE)         (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

 Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

 It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

 A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

E-filing

1  RAIMI SHOAGA
   P.O. Box 7274
2  Oakland, California 94601
3  (510) 395-2926

4  In Pro Se

ORIGINAL
FILED

FEB - 4 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

5

6

7

8       IN THE UNITED STATES DISTRICT COURT FOR THE

9           NORTHERN DISTRICT OF CALIFORNIA

10

11

12  RAIMI SHOAGA,                    C08-00786
              Plaintiff
13                                   Case No: _____

14          v.

15  A.P. MOLLER-MAERSK GROUP,    **COMPLAINT FOR DAMAGES**
    aka A.P. MOLLER-MAERSK a/s, aka   Breach of Contract, Intentional Misrep-
16  DANISH A.P. MOLLER-MAERSK         resentation (Fraud), Negligent Misrep-
    GRUPPEN aka FIRMAET A.P.          resentation, Conversion, Interference
17  MOLLER MAERSK; MAERSK            With Commerce, Violation of the
    INC., MAERSK LINES LTD.; MAERSK  Foreign Corrupt Practices Act,
18  NIGERIA, LTD., aka MAERSK, aka   Discrimination the Basis of National
19  MAERSK SEALAND; A.P. MOLLER      Origin
    NIGERIA, LTD.; BLOSADA; NIGER-
20  IAN PORT AUTHORITY; NIGERIAN
    CUSTOMS AUTHORITY; ATTOR-
21  NEY GENERAL OF THE FEDERAL
22  REPUBLIC OF NIGERIA
              Defendants
23  _____/

24

25  The plaintiff herein, Raimi Shoaga, complains and alleges as follows:

26

27          **FIRST CAUSE OF ACTION**
                **(Breach of Contract)**
28
                        1.

**(Interference With Commerce)**
**(Violation of the Foreign Corrupt Practices Act)**
**(Discrimination on the Basis of Nationality)**

**I**

This case is one over which the United States District Court for the Northern District of California shall have original jurisdiction in that it is based upon the violation of Maritime and Admiralty laws of the United States, to include 18 U.S.C. 1951(a), the violation of the Foreign Corrupt Practices Act of 1977, 15 U.S.C. 78dd-1 et seq., and the violation of Civil Rights statute 42 U.S.C. 1981(a). Jurisdiction is conferred upon this court by 28 U.S.C. 1331, 28 U.S.C. 1332(2), and 28 U.S.C. 1333(1).

**II**

Venue is conferred on this court by 28 U.S.C. 1391(a) in that this judicial district is the district in which the plaintiff's claims arose, and, in which the defendants A.P. Moller-Maersk Group, aka A.P. Moller-Maersk s/a, aka Danish A.P. Moller-Maersk Gruppen aka Firmaet A.P. Moller Maersk and Maersk Lines, Inc. and Maersk Lines, Ltd. are doing business. All contracts referred to herein were entered into in this judicial district.

**III**

The plaintiff demands a jury trial.

**IV**

The plaintiff is an individual of Nigerian national origin, who, at all times herein mentioned, resided in the city of Oakland, County of Alameda, state of California. The plaintiff is not a shipping company, public carrier, or shipping services agent.

2.

## V

The defendant A.P. Moller-Maersk Group, aka A.P. Moller-Maersk s/a, aka Danish A.P. Moller-Maersk Gruppen aka Firmaet A.P. Moller Maersk, referred to hereafter as "A.P. Moller", is a Corporation registered in the country of Denmark, and, as part of its business operations sells oceangoing cargo and freight shipping services.

## VI

The defendants Maersk ~~Lines~~, Inc., and Maersk Lines, Ltd., referred to hereafter as "Maersk Lines", are subsidiaries of the defendants A.P. Moller of Denmark, is an oceangoing cargo and freight shipping company, and does business at offices located within the city of Oakland, California.

## VII

The defendant Maersk Nigeria, Ltd.., aka Maersk, aka Maersk Sealand, referred to hereafter as "Maersk Nigeria", is a subsidiary of the defendants A.P. Moller of Denmark, is an oceangoing cargo and freight shipping company, and, is doing business and having offices at Apapa, Port of Lagos, Federal Republic of Nigeria.

## VIII

The defendant A.P. Moller Nigeria, Ltd., referred to hereafter as "A.P. Moller Nigeria", is the Nigerian managing subsidiary of the A.P. Moller of Denmark, and, as part of its business operations, sells oceangoing cargo and freight shipping services, doing business and having offices in Lagos, Federal Republic of Nigeria.

## IX

The defendant Blosada is an individual, billing agent, and employee of Maersk

3.

Nigeria, and does business at offices located within Apapa, Port of Lagos, Federal Republic of Nigeria.

## X

The defendant Nigerian Port Authority, referred to hereafter as "Port Authority", is an agency and administrative department of the Federal Republic of Nigeria, doing business and having offices in Apapa, Port of Lagos, Federal Republic of Nigeria.

## XI

The defendant Nigerian Customs Authority, referred to hereafter as "Customs", is an agency and administrative department of the Federal Republic of Nigeria, doing business and having offices in Apapa, Port of Lagos, Federal Republic of Nigeria.

## XII

The defendant Attorney General of the Nigerian Federal Republic, referred to hereafter as "Attorney General", is a government official and chief legal officer of the Federal Republic of Nigeria, and, is responsible for the legality of business operations of the defendants Port Authority and Customs.

## XIII

On about July 29, 2004, the plaintiff entered into a pre-paid shipping agreement with the defendants, A.P. Moller by and through its subsidiary Maersk Lines, wherein it was agreed that in exchange for the plaintiff paying to the defendant Maersk Lines the total sum of Five Thousand, One Hundred Dollars, American, ($5,100.00), the defendants Maersk Lines would provide the plaintiff cargo shipping and demurrage services to Apapa, Lagos, in the country of Nigeria.

4.

**XIV**

On about July 29, 2004, the plaintiff entered into a pre-paid shipping agreement with the defendants, A.P. Moller by and through its subsidiary Maersk Lines, wherein it was agreed that the defendants A.P. Moller, by and through its subsidiary Maersk Lines, would provide the plaintiff the use of Maersk Lines cargo shipping container MSKU8123727; S Number 50666 for the shipping, to Lagos, Nigeria, of the plaintiff's personal property.

**XV**

That according to the agreement and contract between the plaintiff and the defendants A.P. Moller and Maersk Lines, the defendant Maersk Lines represented to the plaintiff that cargo shipping container MSKU8123727; S Number 50666, which was to contain the plaintiff's personal property, would be shipped to Apapa, Lagos, Nigeria, in time to arrive in Nigeria by August of the year 2004.

**XVI**

That according to the agreement and contract between the plaintiff and the defendants A.P. Moller and Maersk Lines, the defendant Maersk Lines represented to the plaintiff that cargo shipping container MSKU8123727; S Number 50666, following arrival at Apapa, Lagos Nigeria, would be inspected by the defendants Port Authority and Customs, and, then, the contents of the shipping container would be released to recipients of the plaintiff.

**XVII**

That the plaintiff is informed and believes that the cargo shipping container

5.

1  MSKU8123727; S Number 50666 did arrive in Apapa, Port of Lagos, Nigeria, in August

2  of 2004.

3

4                                    **XVIII**

5     That in January 2005, the defendants, A.P. Moller Nigeria, Maersk Nigeria, Blosada,

6  Port Authority, and Customs were in possession of cargo shipping container

7  MSKU8123727; S Number 50666, which had arrived in Apapa, Port of Lagos Nigeria.

8

9                                     **XIX**

10    That in January of 2005, the plaintiff visited Nigeria to inquire about the status of

11  cargo shipping container MSKU8123727; S Number 50666, which, the plaintiff is

12  informed and believes, arrived at Apapa, Port of Lagos, Nigeria in August of 2004, but, as

13  of January of 2005, remained in the possession of the defendants, A.P. Moller Nigeria,

14

15  Maersk Nigeria, Blosada, Port Authority, and Customs.

16

17                                     **XX**

18    That in January of 2005, upon the plaintiff's inquiry about the status of cargo shipping

19  container MSKU8123727; S Number 50666, the defendants A.P. Moller Nigeria, Maersk

20  Nigeria, Blosada, Port Authority, and Customs informed the plaintiff that plaintiff had an

21  outstanding balance of over Ten Thousand Dollars, American, ($10,000.00), for shipping

22  services and demurrage charges, and that the contents of cargo shipping container

23  MSKU8123727; S Number 50666 would not be released to the plaintiff until all charges

24

25  were paid.

26

27                                     **XXI**

28    That in January of 2005, upon the plaintiff's inquiry about the status of cargo shipping

                                        6.

container MSKU8123727; S Number 50666, the defendants A.P. Moller, Maersk Lines, A.P. Moller Nigeria, Maersk Nigeria, Blosada, Port Authority, and Customs informed the plaintiff that the defendants A.P. Moller and Maersk Lines were demanding that the plaintiff return cargo shipping container MSKU8123727; S Number 50666 to the defendant Maersk Lines.

## XXII

That from January of 2005 to April of 2005, the plaintiff, plaintiff's brother, and associates sought an explanation from the defendants, and each of the defendants, of the additional $10,000.00 charges, but were unable to receive an explanation of the increased costs.

## XXIII

That as of this filing the defendants, and each of the defendants, continue to demand that the plaintiff tender to the defendants A.P. Moller Nigeria, Maersk Nigeria, Blosada, Port Authority, and Customs $90,000.00 before the contents of cargo shipping container MSKU8123727; S Number 50666 would be released to the plaintiff.

## XXIV

The defendants, and each of the defendants, have breached the contract for shipping services, as entered into by the plaintiff and the defendants, and have caused the plaintiff damages.

## XXV

The defendants, and each of the defendants, have, by their breach of contract, acted to impede the flow of commerce as prohibited by 18 U.S.C. 1951(a), have acted to finance

7.

1   the wrongful influence of foreign officials as prohibited by 15 U.S.C. 78dd-1 et seq., and,

2   have acted to violate the plaintiff's civil rights because of plaintiff's national origin as

3   prohibited against by 42 U.S.C. 1981(a), and, have caused the plaintiff damages.

4

5                   **SECOND CAUSE OF ACTION**

6             **[Intentional Misrepresentation (Fraud)]**
               **(Interference With Commerce)**

7        **(Violation of the Foreign Corrupt Practices Act)**
         **(Discrimination on the Basis of Nationality)**

8

9                            **I**

10   The plaintiff incorporates herein by reference each and all paragraphs of the **FIRST**

11   **CAUSE OF ACTION.**.

12

13

14                          **II**

  On about July 29, 2004, the plaintiff entered into a pre-paid shipping agreement with

15   the defendants, A.P. Moller by and through its subsidiary Maersk Lines, wherein it was

16   agreed that in exchange for the plaintiff paying to the defendant Maersk Lines the total

17   sum of Five Thousand, One Hundred Dollars, American, ($5,100.00), the defendants

18   Maersk Lines would provide the plaintiff cargo shipping and demurrage services to

19   Apapa, Lagos, in the country of Nigeria.

20

21

22                        **III**

23   On about July 29, 2004, the plaintiff entered into a pre-paid shipping agreement

24   with the defendants, A.P. Moller by and through its subsidiary Maersk Lines, wherein it

25   was agreed that the defendants A.P. Moller, by and through its subsidiary Maersk Lines,

26   would provide the plaintiff the use of Maersk Lines cargo shipping container

27   MSKU8123727; S Number 50666 for the shipping, to Lagos, Nigeria, of the plaintiff's

28                          8.

1   personal property.

2

3                                    **IV**

4       That according to the agreement and contract between the plaintiff and the defendants

5   A.P. Moller and Maersk Lines, the defendant Maersk Lines represented to the plaintiff

6   that cargo shipping container MSKU8123727; S Number 50666, which was to contain

7   the plaintiff's personal property, would be shipped to Apapa, Lagos, Nigeria, in time to

8

9   arrive in Nigeria by August of the year 2004.

10                                   **V**

11      That according to the agreement and contract between the plaintiff and the defendants

12  A.P. Moller and Maersk Lines, the defendant Maersk Lines represented to the plaintiff

13  that cargo shipping container MSKU8123727; S Number 50666, following arrival at

14

15  Apapa, Lagos Nigeria, would be inspected by the defendants Port Authority and Customs,

16  and, then, the contents of the shipping container would be released to recipients of the

17  plaintiff.

18

19                                   **VI**

20      That the plaintiff is informed and believes that the cargo shipping container

21  MSKU8123727; S Number 50666 did arrive in Apapa, Port of Lagos, Nigeria, in August

22  of 2004.

23

24                                   **VII**

25      That in January 2005, the defendants, A.P. Moller Nigeria, Maersk Nigeria, Blosada,

26  Port Authority, and Customs were in possession of cargo shipping container

27  MSKU8123727; S Number 50666, which had arrived in Apapa, Port of Lagos Nigeria.

28
                                        9.

**VIII**

That in January of 2005, the plaintiff visited Nigeria to inquire about the status of cargo shipping container MSKU8123727; S Number 50666, which, the plaintiff is informed and believes, arrived at Apapa, Port of Lagos, Nigeria in August of 2004, but, as of January of 2005, remained in the possession of the defendants, A.P. Moller Nigeria, Maersk Nigeria, Blosada, Port Authority, and Customs.

**IX**

That in January of 2005, upon the plaintiff's inquiry about the status of cargo shipping container MSKU8123727; S Number 50666, the defendants A.P. Moller Nigeria, Maersk Nigeria, Blosada, Port Authority, and Customs informed the plaintiff that plaintiff had an outstanding balance of over Ten Thousand Dollars, American, ($10,000.00), for shipping services and demurrage charges, and that the contents of cargo shipping container MSKU8123727; S Number 50666 would not be released to the plaintiff until all charges were paid.

**X**

That in January of 2005, upon the plaintiff's inquiry about the status of cargo shipping container MSKU8123727; S Number 50666, the defendants A.P. Moller, Maersk Lines, A.P. Moller Nigeria, Maersk Nigeria, Blosada, Port Authority, and Customs informed the plaintiff that the defendants A.P. Moller and Maersk Lines were demanding that the plaintiff return cargo shipping container MSKU8123727; S Number 50666 to the defendant Maersk Lines.

**XI**
10.

That from January of 2005 to April of 2005, the plaintiff, plaintiff's brother, and associates sought an explanation from the defendants, and each of the defendants, of the additional $10,000.00 charges, but were unable to receive an explanation of the increased costs.

## XII

That as of this filing the defendants, and each of the defendants, continue to demand that the plaintiff tender to the defendants A.P. Moller Nigeria, Maersk Nigeria, Blosada, Port Authority, and Customs $90,000.00 before the contents of cargo shipping container MSKU8123727; S Number 50666 would be released to the plaintiff.

## XIII

That at the time that the plaintiff and the defendants A.P. Moller and Maesrk Lines entered into the agreement and contract between the plaintiff and the defendants A.P. Moller and Maersk Lines, the defendant Maersk Lines intentionally represented to the plaintiff that cargo shipping container MSKU8123727; S Number 50666, following arrival at Apapa, Lagos Nigeria, would be inspected by the defendants Port Authority and Customs, and, then, the contents of the shipping container would be released to recipients of the plaintiff.

## XIV

That at the time that the plaintiff and the defendants A.P. Moller and Maesrk Lines entered into the agreement and contract between the plaintiff and the defendants A.P. Moller and Maersk Lines, the defendants A.P. Moller and Maersk Lines knew that the defendants A.P. Moller Nigeria, Maersk Nigeria, Blosada, Port Authority, and

11.

1  Customs would keep and maintain possession of cargo shipping container

2  MSKU8123727; S Number 50666, after it had arrived in Apapa, Port of Lagos Nigeria

3

4  until all charges demanded by the defendants, A.P. Moller Nigeria, Maersk Nigeria,

5  Blosada, Port Authority, and Customs were paid.

6                                    **XV**

7      That at the time that the plaintiff and the defendants A.P. Moller and Maesrk Lines

8

9  entered into the agreement and contract between the plaintiff and the defendants A.P.

10 Moller and Maersk Lines, the defendants A.P. Moller and Maersk Lines knew that

11 the defendants A.P. Moller Nigeria, Maersk Nigeria, Blosada, Port Authority, and

12
   Customs would keep and maintain possession of cargo shipping container
13
   MSKU8123727; S Number 50666 until the plaintiff paid the defendants A.P. Moller
14
15 Nigeria, Maersk Nigeria, Blosada, Port Authority, and Customs an additional $10,000.00.

16                                   **XVI**

17
      That at the time that the plaintiff and the defendants A.P. Moller and Maesrk Lines
18
19 entered into the agreement and contract between the plaintiff and the defendants A.P.

20 Moller and Maersk Lines, the defendant Maersk Lines intentionally represented to the

21 plaintiff that cargo shipping container MSKU8123727; S Number 50666, following

22
   arrival at Apapa, Lagos Nigeria, would be inspected by the defendants Port Authority and
23
24 Customs, and, then, the contents of the shipping container would be released to recipients

25 of the plaintiff in order to induce the plaintiff's reliance upon Maersk Lines as a

26 dependable oceangoing cargo shipping service.

27
                                     **XVII**
28
                                      12.

1    That at the time that the plaintiff and the defendants A.P. Moller and Maesrk Lines

2    entered into the agreement and contract between the plaintiff and the defendants A.P.

3    Moller and Maersk Lines, the defendant Maersk Lines intentionally represented to the

4    plaintiff that cargo shipping container MSKU8123727; S Number 50666, following

5    arrival at Apapa, Lagos Nigeria, would be inspected by the defendants Port Authority and

6    Customs, and, then, the contents of the shipping container would be released to recipients

7    of the plaintiff, in order to induce the plaintiff to tender to the defendants A.P. Moller and

8    Maersk Lines $5,100.00.

9

10

11                                        XVIII

12   That at the time that the plaintiff and the defendants A.P. Moller and Maersk Lines

13   entered into the agreement and contract between the plaintiff and the defendants A.P.

14   Moller and Maersk Lines, the defendant Maersk Lines intentionally represented to the

15   plaintiff that cargo shipping container MSKU8123727; S Number 50666, following

16   arrival at Apapa, Lagos Nigeria, would be inspected by the defendants Port Authority and

17   Customs, and, then, the contents of the shipping container would be released to recipients

18   of the plaintiff, the defendants A.P. Moller and Maesrk Lines caused the plaintiff to rely

19   on the defendants' dependability as an oceangoing cargo shipping service.

20

21                                        XIX

22   The defendants, A.P. Moller and Maersk Lines, have committed an intentional

23   misrepresentation as against the plaintiff, and have caused the plaintiff's reliance upon

24   such misrepresentations, and have caused the plaintiff damages.

25

26                                        XX

27                                        13.

28

The defendants, A.P. Moller and Maesrk Lines, have, by their actions, and wrongful failures to act, intentionally made misrepresentations of material facts to the plaintiff, and have committed intentional fraud against the plaintiff, acting to impede the flow of commerce as prohibited by 18 U.S.C. 1951(a), acting to finance the wrongful influence of foreign officials as prohibited by 15 U.S.C. 78dd-1 et seq., and, acting to cause the violation of the plaintiff's civil rights because of plaintiff's national origin as prohibited against by 42 U.S.C. 1981(a), causing the plaintiff damages.

**THIRD CAUSE OF ACTION**
**(Negligent Misrepresentation)**
**(Interference With Commerce)**
**(Violation of the Foreign Corrupt Practices Act)**
**(Discrimination on the Basis of Nationality)**

**I**

The plaintiff incorporates herein by reference each and all paragraphs of the SECOND CAUSE OF ACTION.

**II**

That at the time that the plaintiff and the defendants A.P. Moller and Maesrk Lines entered into the agreement and contract between the plaintiff and the defendants A.P. Moller and Maersk Lines, the defendant Maersk Lines represented to the plaintiff that cargo shipping container MSKU8123727; S Number 50666, following arrival at Apapa, Lagos Nigeria, would be inspected by the defendants Port Authority and Customs, and, then, the contents of the shipping container would be released to recipients of the plaintiff.

**III**
14.

1  That at the time that the plaintiff and the defendants A.P. Moller and Maesrk Lines

2  entered into the agreement and contract between the plaintiff and the defendants A.P.

3  Moller and Maersk Lines, the defendants A.P. Moller and Maersk Lines should,

4  reasonably have known, and should reasonably have foreseen, that the defendants A.P.

5  Moller Nigeria, Maersk Nigeria, Blosada, Port Authority, and Customs would keep and

6  maintain possession of cargo shipping container MSKU8123727; S Number 50666, after

7  it had arrived in Apapa, Port of Lagos Nigeria until all charges demanded by the

8  defendants, A.P. Moller Nigeria, Maersk Nigeria, Blosada, Port Authority, and Customs

9  were paid.

10

11

12                                        IV

13  That at the time that the plaintiff and the defendants A.P. Moller and Maesrk Lines

14  entered into the agreement and contract between the plaintiff and the defendants A.P.

15  Moller and Maersk Lines, the defendants A.P. Moller and Maersk Lines should,

16  reasonably have known, and should reasonably have foreseen, that the defendants A.P.

17  Moller Nigeria, Maersk Nigeria, Blosada, Port Authority, and Customs would keep and

18  maintain possession of cargo shipping container MSKU8123727; S Number 50666 until

19  the plaintiff paid the defendants A.P. Moller Nigeria, Maersk Nigeria, Blosada, Port

20  Authority, and Customs an additional $10,000.00.

21

22                                        V

23  That at the time that the plaintiff and the defendants A.P. Moller and Maersk Lines

24  entered into the agreement and contract between the plaintiff and the defendants A.P.

25  Moller and Maersk Lines, the defendant Maersk Lines represented to the plaintiff that

26                                       15.

27

28

1  cargo shipping container MSKU8123727; S Number 50666, following arrival at Apapa,

2  Lagos Nigeria, would be inspected by the defendants Port Authority and Customs, and,

3

4  then, the contents of the shipping container would be released to recipients of the

5  plaintiff, the defendants, and each of the defendants, had a duty to disclose to plaintiff any

6  matter that might effect the plaintiff's contract with the defendants A.P. Moller and

7  Maersk Lines, but neither of the defendants ever made any such disclosure.

8

9                                     VI

10     That at the time that the plaintiff and the defendants A.P. Moller and Maersk Lines

11  entered into the agreement and contract between the plaintiff and the defendants A.P.

12  Moller and Maersk Lines, the defendant Maersk Lines represented to the plaintiff that

13

14  cargo shipping container MSKU8123727; S Number 50666, following arrival at Apapa,

15  Lagos Nigeria, would be inspected by the defendants Port Authority and Customs, and,

16  then, the contents of the shipping container would be released to recipients of the

17

18  plaintiff, the defendants A.P. Moller and Maersk Lines caused the plaintiff's reliance

19  upon the defendants, and each of the defendants, services as a dependable oceangoing

20  cargo shipping service.

21

22                                     VII

23     That at the time that the plaintiff and the defendants A.P. Moller and Maersk Lines

24  entered into the agreement and contract between the plaintiff and the defendants A.P.

25  Moller and Maersk Lines, the defendant Maersk Lines represented to the plaintiff that

26  cargo shipping container MSKU8123727; S Number 50666, following arrival at Apapa,

27  Lagos Nigeria, would be inspected by the defendants Port Authority and Customs, and,

28
                                      16.

then, the contents of the shipping container would be released to recipients of the

plaintiff, causing the plaintiff to tender to the defendants A.P. Moller and Maersk Lines

$5,100.00.

**VIII**

That at the time that the plaintiff and the defendants A.P. Moller and Maersk Lines

entered into the agreement and contract between the plaintiff and the defendants A.P.

Moller and Maersk Lines, the defendant Maersk Lines intentionally represented to the

plaintiff that cargo shipping container MSKU8123727; S Number 50666, following

arrival at Apapa, Lagos Nigeria, would be inspected by the defendants Port Authority and

Customs, and, would, then, the contents of the shipping container would be released to

recipients of the plaintiff, the plaintiff's reliance was justified.

**IX**

That as of this filing the defendants, and each of the defendants, continue to demand

that the plaintiff tender to the defendants A.P. Moller Nigeria, Maersk Nigeria, Blosada,

Port Authority, and Customs $90,000.00 before the contents of cargo shipping container

MSKU8123727; S Number 50666 would be released to the plaintiff.

**X**

The defendants, and each of the defendants, have committed a negligent

misrepresentation as against the plaintiff, and have caused the plaintiff damages.

**XI**

The defendants, A.P. Moller and Maersk Lines, have, by their actions, and wrongful

failures to act, negligently made misrepresentations of material facts to the plaintiff, and

17.

1  have committed a negligent misrepresentation against the plaintiff, impeding the flow of

2  commerce as prohibited by 18 U.S.C. 1951(a), acting to finance the wrongful influence of

3

4  foreign officials as prohibited by 15 U.S.C. 78dd-1 et seq., and, acting to violate the

5  plaintiff's civil rights because of plaintiff's national origin as prohibited against by 42

6  U.S.C. 1981(a), causing the plaintiff damages.

7

8                          **FOURTH CAUSE OF ACTION**

9
                                    **(Conversion)**
10                         **(Interference With Commerce)**
                **(Violation of the Foreign Corrupt Practices Act)**
11               **(Discrimination on the Basis of Nationality)**

12
                                          **I**
13

14  The plaintiff incorporates herein by reference each and all paragraphs of the THIRD

15  CAUSE OF ACTION.

16
                                         **II**
17

18  That as of this filing the defendants, and each of the defendants, continue to demand

19  that the plaintiff tender to the defendants A.P. Moller Nigeria, Maersk Nigeria, Blosada,

20  Port Authority, and Customs $90,000.00 before the contents of cargo shipping container

21  MSKU8123727; S Number 50666 would be released to the plaintiff.

22
                                        **III**
23

24  At all times herein mentioned, the defendants, and each of the defendants, intended to

25  act, and maintain an intent to act, to invade the plaintiff's interest in plaintiff's personal

26  property, and to take possession of the plaintiff's personal property for the defendants',

27  and each defendant's, personal gain.

28                                       18.

U.S.C. 78dd-1 et seq., and, have acted to violate the plaintiff's civil rights because of

plaintiff's national origin as prohibited against by 42 U.S.C. 1981(a), causing the plaintiff

damages.

**WHEREFORE**, the plaintiff prays;

1. For damages for the defendants', and each defendant's, breach of contract;

2. For damages for the defendants', and each defendant's, intentional

misrepresentation;

3. For damages for the defendants', and each defendant's, negligent misrepresentation;

4. For damages for the defendants', and each defendant's, conversion;

5. For damages for the defendants', and each defendant's, violation of 18 U.S.C.

1951(a);

6. For damages for the defendants', and each defendant's, violation of the Foreign

Corrupt Practices Act of 1977, 15 U.S.C. 78dd-1 et seq.;

7. For damages for the defendants', and each defendant's, violation of 42 U.S.C.

1981(a);

8. For costs of suit; and,

9. For such other and further relief as the court may deem meet and just under the

premises.

**And, in the alternative,**

1. For damages in an amount of not less than $10,000,000.00

2. For costs of suit; and,

3. For such other and further relief as the court may deem meet and just under the

20.

1 | premises.

2 | Dated: January 17, 2008

3 | RAIMI SHOAGA-Plaintiff In Pro Se

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

21.

# TARGET SHIPPING

BILL OF LADING

| SHIPPER | REFERENCE NO. | CARRIER BOOKING NO. |
|---|---|---|
| RAIME SHOGA | TCF 21368 | 2435171 |
| 1080 57TH STREET | | |
| OAKLAND, CA 94681 | EXPORT REFERENCES | |

| CONSIGNEE - ( NOT NEGOTIABLE UNLESS CONSIGNED TO ORDER ): | FORWARDING AGENT - References 6123 |
|---|---|
| RAIME SHOGA | SKY 2 C FREIGHT SYSTEMS |
| C/O JELILAT RAFFO & BILLY SHOGA | 25012 VIKING STREET |
| P.O. BOX 1924 - SAPON, ABEOKT 7 | HAYWARD, CA 94545 |
| OGUN NIGERIA, WEST AFRICA | POINT AND COUNTRY OF ORIGIN |
| | CALIFORNIA          UNITED STATES OF AMERICA |

| NOTIFY PARTY | ALSO NOTIFY - ROUTING INSTRUCTIONS. |
|---|---|
| SAME AS ABOVE | |

| PIER | PLACE OF RECEIPT by PRE-CARRIER | RELEASE AGENT |
|---|---|---|
| | | MAERSK NIGERIA LTD-LAGOS |
| VESSEL AND VOYAGE NUMBER | PORT OF LOADING | MAERSK HOUSE, 121 LOUIS SOLOMON |
| CONDOR 0415 | OAKLAND | CLOSE, PO BOX 72554 |
| PORT OF DISCHARGE | PLACE OF DELIVERY | VICTORIA ISLAND, LAGOS NIGERIA |
| LAGOS | | TEL: +234 01 2626430 |

| Mrks & Nos/Container Nos | Container Type | Description | Gross Weight | Measurement |
|---|---|---|---|---|
| MSKU 812372 7 | 1x40HC | CONTAINER SLAC: | 30000.00L | |
| S#: 506667 | | 1 LOT | 13697.91K | |
| | | HOUSEHOLD GOODS & PERSONAL | | |
| | | EFFECTS | | |

THESE COMMODITIES, TECHNOLOGY OR SOFTWARE WERE
EXPORTED FROM THE UNITED STATES IN ACCORDANCE WITH
THE EXPORT ADMINISTRATION REGULATIONS. ULTIMATE
DESTINATION NIGERIA. DIVERSION CONTRARY TO UNITED
STATES LAW PROHIBITED

FREIGHT PREPAID
NO SED REQUIRED VALUE UNDER $2500
SHIPPER'S LOAD STOW & COUNT

Phn# 1-877-699-9444

NON NEGOTIABLE

1-877-6994444 x 576

These commodities, technology or software were exported from the United States in accordance with the export administration regulations. Diversion contrary to U.S. law prohibited.

SHIPPER DECLARED VALUE $

| RATES | BASE | PREPAID | COLLECT | CUR |
|---|---|---|---|---|
| | | | | |

FREIGHT PREPAID

FREIGHT PREPAID

3

DEC 28, 2004

# ★ MAERSK SEALAND

COPY

Local Invoice

| | |
|---|---|
| Date: 2030002786 | Cles Code: SH3068 |
| MARAM SHOAGA | |
| DEPT KAFFO & BILLY SHOAGA | |
| P O BOX 1924 | |
| SAHON ABEOKU 7 | |

Agent

LAGOSE FREIGHT

Freetime Dry    Standard    Days
Freetime Reefer    Standard    Days

| | |
|---|---|
| Invoice Number | |
| Invoice Date | Jan-05 |
| Prepared by ALANOMAE | |
| Bill of Lading No | SH4281 |
| Place of Receipt | OAKLAND |
| Load Port | NEWARK |
| Discharge Port | APAPA |
| Place of Delivery | APAPA |
| Loading Vessel | CHRISTIAN MAERSK |
| Arrival Date | 08-Sep-04 |

| Container No | Size | Type | Charges | Basis | Unit | Rate | Amount |
|---|---|---|---|---|---|---|---|
| | 40 | HIGH | THC | 40 | 1 | 56,300 | 56,300 |
| | | | Doc Fees | | 1 | 2,100 | 2,000 |
| | | | Cleaning Charge | 40 | 1 | | |
| | | | Mowca Charge | 40 | 1 | | |
| | | | Deposit - Outside Lagos | 40 | 1 | 300,000 | 300,000 |
| | | | Com Dep | ls | 0.05 | | |
| | | | Demurrage | 40 | | | |
| | | | Demurrage | 40 | | | |
| | | | Telex Release | BL | | | |

| | | | | |
|---|---|---|---|---|
| Total Charges | | | | 698,565 |
| VAT | 5.00% | NAIRA | 393,565 | 19,677 |
| **GRAND TOTAL** | | **NAIRA** | | **713,242** |

VAT No: APV19002229330



# MAERS SEALAND

CHARGE CALCULATION BREAKDOWN

Ch.Type :DET    Tariff Loc :NGAPP

Vsl/Voy/Line

NGN027867    FATMI SHOAGA

(DET)    NGN    308,745.00

SJ1442814 VSL/VOY/ROUTE : 826 CHRISTIAN MAERSK/0418N

Id :  MSKU8123722(40HVH )

Period : 04/09/08 - 04/09/14    (FT) NGAPP    00034,001

Period : 04/09/15 - 05/01/27

Receivable    NGN    2,287.00 x135 days NGAPP    00034,00

308,745.00
308,745.00

137,220

# NIGERIAN PORTS AUTHORITY
## CONTAINER TERMINAL APAPA/IJORA     № 014333

To:  As Under                                              Date:  13/1/2005

From:  Port Manager, CT                                    Ref.:  CT/PM/OP/R.2/ 051

## CLEARANCE NOTIFICATION

Please raise Debit Note for the following Container(s) not yet listed as Overtime to: ...............

............ RAIMI SHOAGA ATTN: COST & FREIGHT AG. LTD.

provided the container(s) is/are not under detention.

This is subject to payment of Customs Import Duty, Shipping Company Charges and Other Applicable Port Charges.

| CONTAINER NUMBER(S) | VESSEL | DATE OF ARRIVAL | TOTAL NUMBER OF CONTAINER(S) | REMARKS |
|---|---|---|---|---|
| MSKU 812372-1 | CHRISTIAN MSK B/L NO. 171 | 24/8/2004 | 1x40' Cont. (one) only. | |

On receipt of this memo, the Principal Manager (Marketing) is directed to ensure that Customs Exchange Control, Shipping Company's Release Slip) Bank Revenue Receipt for Import Duty are in order and other formalities at the port strictly complied with before issuance of N.P.A. Delivery documents.

However companies without IDR should NOT be treated, please.

PORT MANAGER 13/1/05
for: PORT MANAGER, CT
DISTRIBUTION:
Traffic Manager, CT.
Prin. Manager (Marketing) CT.
Senior Manager (Traffic) Lilypond, Ijora
P. A. - Port Manager, CT.

RAIMI SHOAGA
P.O. Boks 7274
Oakland, California 94601
(510) 395-2926

I Pro Se

RECEIVED

FEB - 4 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

Danish
E-filing

ADR

## I DEN Amerika KVARTER GARDSPLADS NEMLIG

### Den NORD-KVARTER I CALIFORNIA

RAIMI SHOAGA,
                    Sagsoger

            v.

A.P. MOLLER MAERSK Sammenstille
Aka A.P. MOLLER-MAERSK s/en aka
DANSK A.P. MOLLER MAERSK
GRUPPEN aka FAST A.P. MOLLER
MAERSK; Linier, Indfojet MAERSK
NIGERIA LTD. Aka MAERSK aka
MAERSK HAVLande; A.P. MOLLER
NIGERIA LTD.; Udfolde sig NIGER-
IAN HAVNEBY Autoritet; NIGERIAN
AFGIFT Autoritet; Advokat GENERAL
I DEN NIGERIAN Forbunds Republik,
                    Anklagede

Kasse Ikke C08-00786 BZ

**BEKLAGELSE NEMLIG**
**Erstatning Kontraktbrud, Forsaetlight**
**Misrepresentation, (bedrag), Skodeslos**
**Misresentation, Omdannelse, Indblanding**
**Hos Kommerciel, Overtraedelse i den**
**Udenlandsk Korrupt Skik Opfore, skelnen**
**pa basis af National Opstaen**

Den sagsoger heri Raimi Shoaga, anke og pasta som folger:

### FORST Arsag til Aktionen
### (kontraktbrud)
### (inblanding Hos Kommerciel)
### (overtraedes I Undenlandsk Korrupt Skik Opfore)
### (skelnen pa basis af Nationalitet)
### 1.

I

Indevaerende kasse er sig kvorover den Amerika Kvarter Gardsplads menlig den Nord-Kvarter i California skal nyde selvstaendig jurisdiction i at den er baseret pa den overtrades i Maritime og Admiralitet love i den Amerika, hen til omfatte 18 U.S.C. 1951a(), den overtraedelse i den Undelandsk Korrupt Skik Opfore i 1977, 15 U.S.C. et seq., og den overtraedelse i Hoflig Befojelser hojde 42 U.S.C. 1981(a). Jurisdiction er konferere pa indevaerende gardsplads af 28 U.S.C. 1331, 28 U.S.C. 13322(), og 28 U.S.C. 1333(1).

II

Venue er konferere herpa gardsplads af 28 U.S.C. 1391a() i At indevaerende retslig kvarter er the kvarter hvori den sagsoger krav opstod, og, hvori den anklagede A.P.Moller Maersk Sammenstille aka A.P. Moller Maersk s/ en aka Dansk A.P. Moller Maersk Gruppen aka Fast A.P. Moller Maersk og Maersk Linier, Indfojet er ger firma. Al akkorder henvist til heri var noterede i heri retslig kvarter.

III

Den sagsoger anfordringer en jury retssag.

IV

Den sagsoger er indiv i Nigerian national opstaen, hvem, til enhver tid heri naevnt, bo i den by i Oakland, Amt i Alameda, pasta i California, Den sagsoger er langt fra rederi, offentlig baerer, eller afskibning service middel.

V

Den anklagede A.P. Moller Maersk Gruppen aka A.P. Moller Maersk a/ en aka Dansk

2.

A.P. Moller Maersk Gruppen aka Fast A.P. Moller Maersk, henvist hen til hereafter nemlig "A.P. Moller", er en Aktiesalskab anbefalet ude pa landet i Danmark, og, nemlig noget af dens firma operationer afhaende oceangoing cargo og fragt afskibning tjenester.

## VI

Den anklagede Maersk Linier, Indfojet, henvist hen til hereafter nemlig Maersk Linier", er underrordnet i den anklgede A.P. Moller i Danmark, er en oceangoing cargo og fragt rederi, og gor firma henne ved knotorer placeret inde den by i Oakland California.

## VII

Den Anklgede Maersk Nigeria Ltd. Aka Maersk aka Maersk Lukke, henvist hen til hereafter nemlig Maersk Nigeria", er en underordnet i den anklagede A.P. Moller i Danmark, er en oceangoing cargo og skrobelig rederi, og, er gor firma og har knotorer henne ved Apapa, Havneby i Lagos, Forbunds Republik i Nigeria.

## VIII

Den anklagede A.P. Moller Nigeria Ltd., henvist hen til hereafter nemlig "A.P. Moller Nigeria", er den Nigerian herskesyg underordnet i den A.P. Mollern i Danmark, og, nemlig noget af dens firma operationer, afhaende oceangoing cargo og fragt afskibning tjenester, gor firma og has kontorer i Lagos, Forbunds Republik i Nigeria.

## IX

Den anklagede Udfolde sig er en individ, udskriver regning middel, og ansat i Maersk Nigeria, og gor firma henne ved knotorer placeret inde Apapa, Havneby i Lagos, Forbunds Republik i Nigeria.

3.

X

Den anklagede Nigerian Havneby Autoritet, henvist hen til hereafter nemlig :"havneby Autoritet", er en agentur og administrative afdeling i den Forbunds Republik i Nigeria, gor firma og har kontorer i Apapa, Havneby i Lagos, Forbunds Republik i Nigeria.

XI

Den anklagede Nigerian Afgift Autoritet, henvist hen til hereafter nemlig :afgift", er en agentur og administrative afdeling i den Forbunds Republik i Nigeria, gor firma og har kontorer i Apapa, Havneby i Lagos, Forbunds Republik i Nigeria.

XII

Den Advokat General i den Nigerian Forbunds Republik, henvist hen til hereafter nemlig "advokat General", er en regering funktionaer og hoved-retslig befalingsmand i den Forbunds Republik i Nigeria, og er ansvarlig nemlig den lovmaessighed i firma opertaioner i den anklagede Havneby Autoritet og Afgift

XIII

Oven pa omkring Juli 29, 2004, den sagsoger noterede i en pre-aflonnede afskibning overensstemmelse med den anklagede, A.P. Moller lidt efter lidt indgribende dens Underordnet Maersk Linier, hvori den var indforstaet at i udveksle nemlig den sagsoger betaler hen til den anklagede Maersk Linier den hele indbegreb i Fem Tusind, Et hundrede Dollars, Amerikaner, ($5,100.00), den anklagede Maersk Linier ville levere den sagsoger cargo afskibning og demurrage tjenester hen til Apapa Lagos, ude pa landet i Nigeria.

XIV

4.

Oven pa omkring Juli 29, 2004, den sagsoger noterede i en pre-aflonnede afskibning overensstemmelse med den anklagede, A.P. Moller lidt efter lidt indgribende dens Underordnet Maersk Linier, hvori den var indforstaet at den anklagede A.P. Moller, lidt efter lidt igennem dens underordnet Maersk Liner, ville levere den sagsoger den hjaelp i maersk Linier cargo afskibning beholder MSKU8123727; S AntaL 50666 nemlig den afskibning, hen til Lagos Nigeria, i den sagsoger personlig ejendele

## XV

At i overnsstemmelse med den aftalen og indga imellem den sagsoger og den anklagede A,P. Moller og Maersk Linier, den anklagede Maersk Linier repraesenteret hen til den sagsoger at cargo afskibning beholder MSKU8123727; S Antal 50666, hvilker var hen til kneehole den sagsoger personlig ejendele, ville vaere afsendte hen til Apapa Lagos Nigeria, taktfast hen til ankomme til Nigeria af August i den ar 2004.

## XVI

At i overnsstemmelse med den aftalen og indga imellem den sagsoger og den anklagede A,P. Moller og Maersk Linier, den anklagede Maersk Linier repraesenteret hen til den sagsoger at cargo afskibning beholder MSKU8123727; S Antal 50666, naeste ankomst henne ved Apapa Lagos Nigeria, ville vaere have opsyn med af den anklagede Havneby Autoritet og Afgift, og, sa er der ikke mere, den indhold i den afskibning beholder ville vaere lost hen til modtager i den sagsoger.

## XVII

At den sagsoger er indforstaet og tro at den cargo afskibning beholder S Antal gjorde komme ibn Apapa Havneby i Lagos Nigeria, i August i 2004.

## XVIII

At i Januar 2005, den anklagede A.P. Moller Nigeria Maersk Nigeria, Udfolde sig, Havneby Autoritet, og Afgift var i nydelse i cargo afskibning beholder S Antal 50666, hvilke fik ankom til Apapa, Havneby i Lagos Nigeria.

## XIX

At i Januar i 2005, den sagsoger opsoge Nigeria hen til sporge om den status i cargo afskibning beholedr S Antal 50666, hvilke, den sagsoger er indforstaet og tro, drog folgende slutning Apapa, Havneby i Lagos Nigeria i August i 2004, men, nemlig i Januar i 2005, restere i den nydelse i den anklagede A.P. Moller Nigeria Maersk Nigeria, Udfolde sig, Havneby Autoritet. og Afgift.

## XX

At i Januar i 2005, pa den sagsoger foresporgsel omkring den status i cargo afskibning beholder S Antal 50666, den anklagede A.P. Moller Nigeria Maersk Nigeria, Udfolde sig, Havneby Autoritet, og Afgift indforstaet den sagsoger at sagsoger fik en undestaende saldo pa slut Ti Tusind Dollars, Amerikaner, ($10,000.00), nemlig afskibning og demurrage priser, og at den indhold i cargo beholder S Antal 50666 ville ikke vaere lost hen til den sagsoger indtil at priser var aflonnede.

## XXI

At i Januar i 2005, pa den sagsoger foresporgsel omkring den status i cargo afskibning beholder S Antal 50666, den anklagede A.P. Moller Maersk Linier, A.P. Moller Nigeria Maersk Nigeria, Udflode sig, Havneby Autoritet, og Afgift indforstaet den sagsoger at den anklagede A.P. Moller og Maersk Linier var kraevende at den sagsoger retur cargo

6.

afskibning beholder MSKU8123727 S Antal 50666 hen til den anklagede Maersk Linier.

## XXII

At af Januar i 2005 hen til April i 2005, den sagsoger, sagsoger broder, og medarbejdere sought an forklaring af den anklagede, og hver i den anklagede, i den naermere $10,000.00 priser, men var afskaret fra byde welcome en forlaring i den forogede koster.

## XXIII

At nemlig heraf arkivering den anklagede, og hver i den anklagede, fortsaette hen til anfordring at den sagsoger licitationstilbud hen til den anklagede A.P. Moller Nigeria Maersk Nigeria, Udfolde sig, Havneby Autoritet, og Afgift $90,000.00 i naervaerelse af den indhold i cargo afskibning beholder S Antal 50666 ville vaers lost hen til den sagsoger.

## XXIV

Den anklagede, og hver i den anklagede, nyde overtrades den kontrakt vedrorende afskibning tjenester, nemlig noterede i af den sagsoger og den anklagede, og nyde bemired den sagsoger erstatning.

## XXV

Den anklagede, og hver i den anklagede, nyde, af deres knotraktbrud, disponeret hen til hindre den lobe i kommerciel nemlig forbudt af 18 U.S.C. 1951a(), nyde disponeret hen til finans den urigtig have indflydelse pa i udenlandsk funktionaer nemlig forbudt af 15 U.S.C. et seq., og, nyde disponeret hen til overtraede den sagsoger hoflig befojelser af hensyn til den sagsoger national opstaen nemlig forbudt imod af 42 U.S.C. 1981a(), og,

7.

nyde bemired den sagsoger erstatning.

**OTHER Arsag til Aktionen**
**[Forsaetligt Misrepresentation (bedrag)]**
**(inblanding Hos Kommerciel)**
**(overtrades I Undenlandsk Korrupt Skik Opfore)**
**(skelnen pa basis af Nationalitet)**

I

Den sagsoger indiemmer hen af anbefaling hver og al paragraphed i den FORST Arsag
til Aktionen

II

Oven pa omkring Juli 29, 2004, den sagsoger noterede i en pre-aflonnede afskibning
overensstemmelse med den anklagede, A.P. Moller lidt efter lidt indgribende dens
Underordnet Maersk Linier, hvori den var indforstaet at i udveksle nemlig den sagsoger
betaler hen til den anklagede Maersk Linier den hele indbegreb i Fem Tusind, Et
hundrede Dollars, Amerikaner, ($5,100.00), den anklagede Maersk Linier ville levere den
sagsoger cargo afskibning og demurrage tjenester hen til Apapa Lagos, ude pa landet I
Nigeria.

III

Oven pa omkring Juli 29, 2004, den sagsoger noterede i en pre-aflonnede afskibning
overensstemmelse med den anklagede, A.P. Moller lidt efter lidt indgribende dens
Underordnet Maersk Linier, hvori den var indforstaet at den anklagede A.P. Moller, lidt
efter lidt igennem dens underordnet Maersk Liner, ville levere den sagsoger den hjaelp i
maersk Linier cargo afskibning beholder MSKU8123727; S AntaL 50666 nemlig den
afskibning, hen til Lagos Nigeria, i den sagsoger personlig ejendele

8.

## IV

At i overnsstemmelse med den aftalen og indga imellem den sagsoger og den anklagede A.P. Moller og Maersk Linier, den anklagede Maersk Linier repraesenteret hen til den sagsoger at cargo afskibning beholder MSKU8123727; S Antal 50666, hvilker var hen til kneehole den sagsoger personlig ejendele, ville vaere afsendte hen til Apapa Lagos Nigeria, taktfast hen til ankomme til Nigeria af August i den ar 2004.

## V

At i overnsstemmelse med den aftalen og indga imellem den sagsoger og den anklagede A.P. Moller og Maersk Linier, den anklagede Maersk Linier repraesenteret hen til den sagsoger at cargo afskibning beholder MSKU8123727; S Antal 50666, naeste ankomst henne ved Apapa Lagos Nigeria, ville vaere have opsyn med af den anklagede Havneby Autoritet og Afgift, og, sa er der ikke mere, den indhold i den afskibning beholder ville vaere lost hen til modtager i den sagsoger.

## VI

At den sagsoger er indforstaet og tro at den cargo afskibning beholder S Antal gjorde komme ibn Apapa Havneby i Lagos Nigeria, i August i 2004.

## VII

At i Januar 2005, den anklagede A.P. Moller Nigeria Maersk Nigeria, Udfolde sig, Havneby Autoritet, og Afgift var i nydelse i cargo afskibning beholder S Antal 50666, hvilke fik ankom til Apapa, Havneby i Lagos Nigeria.

## VIII

At i Januar i 2005, den sagsoger opsoge Nigeria hen til sporge om den status i cargo

9.

afskibning beholedr S Antal 50666, hvilke, den sagsoger er indforstaet og tro, drog folgende slutning Apapa, Havneby i Lagos Nigeria i August i 2004, men, nemlig i Januar i 2005, restere i den nydelse i den anklagede A.P. Moller Nigeria Maersk Nigeria, Udfolde sig, Havneby Autoritet. og Afgift.

## IX

At i Januar i 2005, pa den sagsoger foresporgsel omkring den status i cargo afskibning beholder S Antal 50666, den anklagede A.P. Moller Nigeria Maersk Nigeria, Udfolde sig, Havneby Autoritet, og Afgift indforstaet den sagsoger at sagsoger fik en undestaende saldo pa slut Ti Tusind Dollars, Amerikaner, ($10,000.00), nemlig afskibning og demurrage priser, og at den indhold i cargo beholder S Antal 50666 ville ikke vaere lost hen til den sagsoger indtil at priser var aflonnede.

## X

At i Januar i 2005, pa den sagsoger foresporgsel omkring den status i cargo afskibning beholder S Antal 50666, den anklagede A.P. Moller Maersk Linier, A.P. Moller Nigeria Maersk Nigeria, Udflode sig, Havneby Autoritet, og Afgift indforstaet den sagsoger at den anklagede A.P. Moller og Maersk Linier var kraevende at den sagsoger retur cargo afskibning beholder MSKU8123727 S Antal 50666 hen til den anklagede Maersk Linier.

## XI

At af Januar i 2005 hen til April i 2005, den sagsoger, sagsoger broder, og medarbejdere sought an forklaring af den anklagede, og hver i den anklagede, i den naermere $10,000.00 priser, men var afskaret fra byde welcome en forlaring i den forogede koster.

10.

## XII

At nemlig heraf arkivering den anklagede, og hver i den anklagede, fortsaette hen til anfordring at den sagsoger licitationstilbud hen til den anklagede A.P. Moller Nigeria Maersk Nigeria, Udfolde sig, Havneby Autoritet, og Afgift $90,000.00 i naervaerelse af den indhold i cargo afskibning beholder S Antal 50666 ville vaers lost hen til den sagsoger.

## XIII

At pa den tid at den sagsoger og den anklagede A.P. Moller og Maersk Linier noterede i den aftalen og indga imellem den sagsoger og den anklagede A.P. Moller og Maersk Linier, den anklagede Maersk Linier med dem hensigt represented hen til den sagsoger at cargo afskibning beholder S Antal 50666, naeste ankomst henne ved Apapa Lagos Nigeria, ville vaere have opsyn med af den anklagede Ghavneby Autoritet og Afgift, og sa er der ikke mere, den indhold i den afskibning beholder ville vaere lost hen til modtager i den sagsoger.

## XIV

At pa den tid at den sagsoger og den anklagede A.P. Moller og Maersk Linier noterede i den aftalen og indga imellem den sagsoger og den anklagede A.P. Moller og Maersk Linier, den anklagede A.P. Moller og Maersk Linier kendte at den anklagede A.P. Moller Nigeria Maersk Nigeria, Udfolde sig, Havneby Autoritet, og Afgift ville opbevare og pasta nydelse i cargo afskibning beholder S Antal 50666, efter sig fik ankom til Apapa, Havneby i Lagos Nigeria indtil at priser nodvendiggjort af den anklagede, A.P. Moller Nigeria Maersk Nigeria, Udfolde sig, Havneby Autoritet, og Afgift var aflonnede.

11.

## XV

At pa den tid at den sagsoger og den anklagede A.P. Moller og Maersk Linier noterede i den aftalen og indga imellem den sagsoger og den anklagede A.P. Moller og Maersk Linier, den anklagede A.P. Moller og Maersk Linier kendte at den anklagede A.P. Moller Nigeria Maersk Nigeria, Udfolde sig, Havneby Autoritet, og Afgift ville opbevare og pasta nydelse i cargo afskibning beholder S Antal 50666 indtil den sagsoger aflonnede den anklagede A.P. Moller Nigeria Maersk Nigeria, Udfolde sig, Havneby Autoritet, og Afgift og naermere $10,000.00.

## XVI

At pa den tid at den sagsoger og den anklagede A.P. Moller og Maersk Linier noterede i den aftalen og indga imellem den sagsoger og den anklagede A.P. Moller og Maersk Linier, den anklagede Maersk Linier med den hensigt repraesenteret hen til den sagsoger at cargo afskibning beholder S Antal 50666, naeste ankomst henne ved Apapa Lagos Nigeria, ville vaere have opsyn med af den anklagede Havneby Auotritet og Afgift, og, sa er der ikke mere, den indhold i den afskibning beholder ville vaere lost hen til modtager i den sagsoger for at indkalde den sagsoger reliance pa Maersk Linier nemlig en politely oceangoing cargo afskibning service.

## XVII

At pa den tid at den sagsoger og den anklagede A.P. Moller og Maersk Linier noterede i den aftalen og indga imellem den sagsoger og den anklagede A.P. Moller og Maersk Linier, den anklagede Maersk Linier med den hensigt repraesenteret hen til den sagsoger at cargo afskibning beholder S Antal 50666, naeste ankomst henne ved Apapa

12.

Lagos Nigeria, ville vaere have opsyn med af den anklagede Havneby Auotritet og Afgift, og, sa er der ikke mere, den indhold i den afskibning beholder ville vaere lost hen til modtager i den sagsoger for at indkalde den sagsoger hen til licitationstilbud hen til den anklagede A.P. Moller og Maersk Linier $5,100.00.

## XVIII

At pa den tid at den sagsoger og den anklagede A.P. Moller og Maersk Linier noterede i den aftalen og indga imellem den sagsoger og den anklagede A.P. Moller og Maersk Linier, den anklagede Maersk Linier med den hensigt repraesenteret hen til den sagsoger at cargo afskibning beholder S Antal 50666, naeste ankomst henne ved Apapa Lagos Nigeria, ville vaere have opsyn med af den anklagede Havneby Auotritet og Afgift, og, sa er der ikke mere, den indhold i den afskibning beholder ville vaere lost hen til modtager i den sagsoger for at indkalde den sagsoger, den anklagede A.P. Moller og Maersk Linier bevirkede den sagsoger hen til stole pa den anklagede palidelighed nemlig en oceangoing cargo afskibning service.

## XIX

At pa den tid at den sagsoger og den anklagede A.P. Moller og Maersk Linier noterede i den aftalen og indga imellem den sagsoger og den anklagede A.P. Moller og Maersk Linier, den anklagede Maersk Linier med den hensigt repraesenteret hen til den sagsoger at cargo afskibning beholder S Antal 50666, naeste ankomst henne ved Apapa Lagos Nigeria, ville vaere have opsyn med af den anklagede Havneby Auotritet og Afgift, og, sa er der ikke mere, den indhold i den afskibning beholder ville vaere lost hen til modtager i den sagsoger, den sagsoger gjorde, ja endog rely pa den beskrivelse I den

13.

anklagede A.P. Moller og Maersk Linier, og den sagsoger reliance var berettiget.

## XX

At i Januar i 2005, den sagsoger opsoge Nigeria hen til sporge om den status i cargo afskibning beholedr S Antal 50666, hvilke, den sagsoger er indforstaet og tro, drog folgende slutning Apapa, Havneby i Lagos Nigeria i August i 2004, men, nemlig i Januar i 2005, restere i den nydelse i den anklagede A.P. Moller Nigeria Maersk Nigeria, Udfolde sig, Havneby Autoritet. og Afgift.

## XXI

At i Januar i 2005, pa den sagsoger foresporgsel omkring den status i cargo afskibning beholder S Antal 50666, den anklagede A.P. Moller Nigeria Maersk Nigeria, Udfolde sig, Havneby Autoritet, og Afgift indforstaet den sagsoger at sagsoger fik en undestaende saldo pa slut Ti Tusind Dollars, Amerikaner, ($10,000.00), nemlig afskibning og demurrage priser, og at den indhold i cargo beholder S Antal 50666 ville ikke vaere lost hen til den sagsoger indtil at priser var aflonnede.

## XXII

At i Januar i 2005, pa den sagsoger foresporgsel omkring den status i cargo afskibning beholder S Antal 50666, den anklagede A.P. Moller Maersk Linier, A.P. Moller Nigeria Maersk Nigeria, Udflode sig, Havneby Autoritet, og Afgift indforstaet den sagsoger at den anklagede A.P. Moller og Maersk Linier var kraevende at den sagsoger retur cargo afskibning beholder MSKU8123727 S Antal 50666 hen til den anklagede Maersk Linier.

## XXIII

Den anklagede, A.P. Moller og Maersk Linier, nyde forpligtet en forsaetligt

14.

misrepresentation nemlig imod den sagsoger, og nyde bevirkede den sagsoger reliance pa sadan misrepresentations, og nyde bevirkede den sagsoger erstatning.

## XXIV

Den anklagede. A.P. Moller og Maersk Linier, nyde, af deres aktioner, og urigtig bankerot hen til opfore med den hensigt skabt beskrivelse i klaede det givne hen til den sagsoger, og nyde forpligtet med den hensigt bedrag imod den sagsoger, handlende hen til hendre den lobe i kommerciel nemlig forbudt af 18 U.S.C. 1951a(), handlende hen til finans den uritig have indflydelse pa i udenlandsk funktionaer nemlig forbudt af 15 U.S.C. et seq., og, handlende hen til hid fore den lovbrud sagsoger hoflig befojelser nemlig i sagsoger national opstaen nemlig forbudt igen af 42 U.S.C. 1981a(), forarsager den sagsoger erstatning.

## TREDJEDEL Arsag til Aktionen
### (skodeslos Misrepresentation)
### (inblanding Hos Kommerciel)
### (overtrades I Undenlandsk Korrupt Skik Opfore)
### (skelnen pa basis af Nationalitet)

### I

Den sagsoger indiemmer hen af anbefaling hver og al paragraphed i den OTHER Arsag til Aktionen

### II

At pa den tid at den sasoger og den anklagede A.P. Moller og Maersk Linier noterede i den aftalen og indga imellem den sagsoger og den anklagede A.P. Moller og Maersk Linier, den anklagede Maersk Linier med dem hensigt represented hen til den sagsoger at cargo afskibning beholder S Antal 50666, naeste ankomst henne ved Apapa Lagos

15.

Nigeria, ville vaere have opsyn med af den anklagede Ghavneby Autoritet og Afgift, og sa er der ikke mere, den indhold i den afskibning beholder ville vaere lost hen til modtager i den sagsoger.

### III

At pa den tid at den sasoger og den anklagede A.P. Moller og Maersk Linier noterede i den aftalen og indga imellem den sagsoger og den anklagede A.P. Moller og Maersk Linier, den anklagede A.P. Moller og Maersk Linier kendte at den anklagede A.P. Moller Nigeria Maersk Nigeria, Udfolde sig, Havneby Autoritet, og Afgift ville opbevare og pasta nydelse i cargo afskibning beholder S Antal 50666, efter sig fik ankom til Apapa, Havneby i Lagos Nigeria indtil at priser nodvendiggjort af den anklagede, A.P. Moller Nigeria Maersk Nigeria, Udfolde sig, Havneby Autoritet, og Afgift var aflonnede.

### IV

At pa den tid at den sasoger og den anklagede A.P. Moller og Maersk Linier noterede i den aftalen og indga imellem den sagsoger og den anklagede A.P. Moller og Maersk Linier, den anklagede A.P. Moller og Maersk Linier kendte at den anklagede A.P. Moller Nigeria Maersk Nigeria, Udfolde sig, Havneby Autoritet, og Afgift ville opbevare og pasta nydelse i cargo afskibning beholder S Antal 50666 indtil den sagsoger aflonnede den anklagede A.P. Moller Nigeria Maersk Nigeria, Udfolde sig, Havneby Autoritet, og Afgift og naermere $10,000.00.

### V

At pa den tid at den sasoger og den anklagede A.P. Moller og Maersk Linier noterede i den aftalen og indga imellem den sagsoger og den anklagede A.P. Moller og Maersk

Linier, den anklagede Maersk Linier repraesenteret hen til den sasoger at cargo afskibning beholder S Antal 50666, naeste ankomst henne ved Apapa Lagos Nigeria, ville vaere have opsyn med af den anklagede Havneby Auotritet og Afgift, og, sa er der ikke mere, den indhold i den afskibning beholder ville vaere lost hen til modtager i den sagsoger, den anklagede, og hver i den anklagede, fik en hvery hen til offentliggore hen til sagsoger hviken som helst sporgsmal at matte environing den sagsoger indga hos den anklagede A.P. Moller og Maersk og Maersk Linier, men ingen i den anklagede nogen sende skabt hviken som helst sada afsloring.

VI

At pa den tid at den sasoger og den anklagede A.P. Moller og Maersk Linier noterede i den aftalen og indga imellem den sagsoger og den anklagede A.P. Moller og Maersk Linier, den anklagede Maersk Linier repraesenteret hen til den sasoger at cargo afskibning beholder S Antal 50666, naeste ankomst henne ved Apapa Lagos Nigeria, ville vaere have opsyn med af den anklagede Havneby Auotritet og Afgift, og, sa er der ikke mere, den indhold i den afskibning beholder ville vaere lost hen til modtager i den sagsoger, den anklagede A.P. Moller og Maersk Linier bevirkede den sgasoger reliance pa den anklagede, og hver i den anklagede, tjenester nemlig em politely oceangoing cargo afskibning service.

VII

At pa den tid at den sasoger og den anklagede A.P. Moller og Maersk Linier noterede i den aftalen og indga imellem den sagsoger og den anklagede A.P. Moller og Maersk Linier, den anklagede Maersk Linier repraesenteret hen til den sasoger at cargo afskibning

17.

beholder S Antal 50666, naeste ankomst henne ved Apapa Lagos Nigeria, ville vaere

have opsyn med af den anklagede Havneby Auotritet og Afgift, og, sa er der ikke mere,

den indhold i den afskibning beholder ville vaere lost hen til modtager i den sagsoger,

forarsager den sagsoger hen til licitationstilbud hen til den anklagede A.P. Moller og

Maersk Linier $5,100.00.

## VIII

At pa den tid at den sasoger og den anklagede A.P. Moller og Maersk Linier noterede i

den aftalen og indga imellem den sagsoger og den anklagede A.P. Moller og Maersk

Linier, den anklagede Maersk Linier repraesenteret hen til den sasoger at cargo afskibning

beholder S Antal 50666, naeste ankomst henne ved Apapa Lagos Nigeria, ville vaere

have opsyn med af den anklagede Havneby Auotritet og Afgift, og, sa er der ikke mere,

den indhold i den afskibning beholder ville vaere lost hen til modtager i den sagsoger, den

anklagede A.P. Moller og Maersk Linier bevirkede den sagsoger hen til stole pa den

anklsgede palidlighed nemlig en oceangoing cargo afskibning service.

## IX

At pa den tid at den sasoger og den anklagede A.P. Moller og Maersk Linier noterede i

den aftalen og indga imellem den sagsoger og den anklagede A.P. Moller og Maersk

Linier, den anklagede Maersk Linier repraesenteret hen til den sasoger at cargo afskibning

beholder S Antal 50666, naeste ankomst henne ved Apapa Lagos Nigeria, ville vaere

have opsyn med af den anklagede Havneby Auotritet og Afgift, og, sa er der ikke mere,

den indhold i den afskibning beholder ville vaere lost hen til modtager i den sagsoger, den

sagsoger reliance var berettiget.

18.

X

At i Januar i 2005, den sagsoger opsoge Nigeria hen til sporge om den status i cargo afskibning beholedr S Antal 50666, hvilke, den sagsoger er indforstaet og tro, drog folgende slutning Apapa, Havneby i Lagos Nigeria i August i 2004, men, nemlig i Januar i 2005, restere i den nydelse i den anklagede A.P. Moller Nigeria Maersk Nigeria, Udfolde sig, Havneby Autoritet. og Afgift.

XI

At i Januar i 2005, pa den sagsoger foresporgsel omkring den status i cargo afskibning beholder S Antal 50666, den anklagede A.P. Moller Nigeria Maersk Nigeria, Udfolde sig, Havneby Autoritet, og Afgift indforstaet den sagsoger at sagsoger fik en undestaende saldo pa slut Ti Tusind Dollars, Amerikaner, ($10,000.00), nemlig afskibning og demurrage priser, og at den indhold i cargo beholder S Antal 50666 ville ikke vaere lost hen til den sagsoger indtil at priser var aflonnede.

XII

At i Januar i 2005, pa den sagsoger foresporgsel omkring den status i cargo afskibning beholder S Antal 50666, den anklagede A.P. Moller Maersk Linier, A.P. Moller Nigeria Maersk Nigeria, Udflode sig, Havneby Autoritet, og Afgift indforstaet den sagsoger at den anklagede A.P. Moller og Maersk Linier var kraevende at den sagsoger retur cargo afskibning beholder MSKU8123727 S Antal 50666 hen til den anklagede Maersk Linier.

XIII

At nemlig heraf arkivering den anklagede, og hver i den anklagede, fortsaette hen til anfordring at den sagsoger licitationstilbud hen til den anklagede A.P. Moller Nigeria

19.

Maersk Nigeria, Udfolde sig, Havneby Autoritet, og Afgift $90,000.00 i naervaerelse af den indhold i cargo afskibning beholder S Antal 50666 ville vaers lost hen til den sagsoger.

XIV

At en anklagede, og hver i den anklagede, nyde forpligtet en skodeslos misrepresentation nemlig imod den sagsoger, og nyde bevirkede den sagsoger erstatning

XV

Den anklagede, A.P. Moller og Maersk Linier, nyde, af deres aktioner, og urigtig bankerot hen til opfore skodeslos skabt misrepresentations i klaede det givne hen til den sagsoger, og nyde forpligtet en skodeslos misrepresentation imod de sagsoger, hindring den lobe i kommerciel nemlig forbudt af 18 U.S.C. 1951a(), handlende hen til finans den urigtig have indflydelse pa i udenlandsk funktionaer nemlig forbudt af 15 U.S.C. et seq., og handlende hen til overtraede den sagsoger hoflig befojelser af hensyn til sagsoger national opstaen nemlig forbudt imod af 42 U.S.C. 1981a(), forarsager den sagsoger erstatning.

**FJERDE Arsag til AKTIONEN**
**omdannelses**
**(inblanding Hos Kommerciel)**
**(overtraedes I Undenlandsk Korrupt Skik Opfore)**
**(skelnen pa basis af Nationalitet)**

I

Den sagsoger indiemmer hen af anbefaling hver og al paragraphed i den **TREDJEDEL Arsag til Aktionen**

II

20.

At nemlig heraf arkivering den anklagede, og hver i den anklagede, fortsaette hen til anfordring at den sagsoger licitationstilbud hen til den anklagede A.P. Moller Nigeria Maersk Nigeria, Udfolde sig, Havneby Autoritet, og Afgift $90,000.00 i naervaerelse af den indhold i cargo afskibning beholder S Antal 50666 ville vaers lost hen til den sagsoger.

### III

Til enhver tid heri naevnt, den anklagede, og hver i den anklagede, beregnet pa opfore, og pasta en hensigt hen til opfore, hen til kraenke den sagsoger interesse for sagsoger personlig ejendele, og hen til overtage den sagsoger personlig ejendele nemlig den anklagede, og hver anklagede, personlig skaffe.

### IV

Til enhver tid heri naevnt, den anklagede, og hver i den anklagede, beregnet pa opfore, og pasta en hensigt hen til opfore, hen til kraenke den sagsoger interesse for Sagsoger knebre op, og hen til holde ledelse og control med den sagsoger knebre op nemlig den anklagede, og hver anklagede, personlig skaffe.

### V

Til enhver tid heri naevnt, den sagsoger var berettiget den umiddelbar nydelse i den sagsoger personlig ejendele og knebre op, nemlig afsendte af den anklagede hen til Apapa Havneby I Lagos Nigeria.

### VI

Til enhver tid heri naevnt, den anklagede, og hver anklagede, gjorde, ja endog, kraenke den sagsgoger interesse for den sagsoger personlig ejendele og knebre op, og gjorde, ja

21.

endog, overtage den sagsoger personlig ejendele og knebre op nemlig den anklagede personlig skaffe.

## VII

Den anklagede, og hver i den anklagede, nyde, af deres aktioner, og urigtig bankerot hen til opfore, forpligtet en omdannelse med hensyn til den personlig ejendele i den sagsoger, og nyde bevirkede den sagsoger erstatning

## VIII

Den anklagede, og hver i den anklagede, nyde, af deres virker i uritig omdannelse, disponeret hen til hindre den lobe i kommerciel nemlig forbut af 18 U.S.C. 1951a(), nyde disponeret hen til finans den urigtig have indflydelse pa i udenlandsk funktionaer nemllig forbudt af 15 U.S.C. et seq., og, nyde disponeret hen til overtraede den sagsoger hoflig befojelser af hensyn til sagsoger national opstaen nemlig forbudt imod af 42 U.S.C. 1981a(), kausal den sagsoger erstatning.

**WHEREFORE**, den sagsoger bed,

1. Nemlig erstatning nemlig den anklagede, og hver anklagede, kontraktbrud;

2. Nemlig erstatning nemlig den anklagede, og hver anklagede, forsaetligt misrepresentation;

3. Nemlig erstatning nemlig den anklagede, og hver anklagede, negkligent misrepresentation;

4. Nemlig erstatning nemlig den anklagede, og hver anklagede, omdannelse;

5. Nemlig erstatning nemlig den anklagede, og hver anklagede, overtraedelse I 18 U.S.C. 1951a();

22.

6. Nemlig erstatning nemlig den anklagede, og hver anklagede, overtraedelse i den

Udenlandsk Korrupt Skik Opfore I 1977, 15 U.S.C. et seq.;

7. Nemlig erstatning nemlig den anklagede, og hver anklagede, overtraedelse I 42

U.S.C. 1981a();

8. Nemlig koster i passe; og,

9. Nemlig sadan anden og nojere lettelse nemlig den gardsplads ma anset for gore

bekendtskab med og undertiden den lokaler.

Og, I den alternativ,

1. Nemlig erstatning i en belob i mindst $10,000,000.00;

2. Nemlig koster i passe; og,

3. Nemlig sadan anden og nojere lettelse nemlig den gardsplads ma anset for gore

bekendtskab med og judt ind ender den lokaler.

dateret: October 29, 2007

RAIMI SHOAGA- Sagsøger I Pro Se

23.

# TARGET SHIPPING

**BILL OF LADING**

| SHIPPER | REFERENCE NO. | CARRIER BOOKING NO. |
|---|---|---|
| RASAK SHOAGA | UCIT 21368 | 2435171 |
| 1760 CALK STREET | EXPORT REFERENCES | |
| OAKLAND, CA 94601 | | |

| CONSIGNEE - ( NOT NEGOTIABLE UNLESS CONSIGNED TO ORDER ): | FORWARDING AGENT - References C1.79 |
|---|---|
| RAHMT SHOAGA | STOP 2 C FREIGHT SYSTEMS |
| C/O JELILAT RAFIU & BILLY SHOAGA | 25812 VIKING STREET |
| P.C. BOX 1524 - SAPON, ABEOKUTP | HAYWARD, CA 94545 |
| OGUN NIGERIA, WEST AFRICA | POINT AND COUNTRY OF ORIGIN |
| | CALIFORNIA        UNITED STATES OF AMERICA |
| NOTIFY PARTY | ALSO NOTIFY - ROUTING INSTRUCTIONS |
| SAME AS ABOVE | |

| PIER | PLACE OF RECEIPT by PRE-CARRIER | RELEASE AGENT |
|---|---|---|
| | | MAERSK NIGERIA LTD-LAGOS |
| VESSEL AND VOYAGE NUMBER | PORT OF LOADING | MAERSK HOUSE, 121 LOUIS SOLOMON |
| CONDOR 0415 | OAKLAND. | CLOSE, PO BOX 72554 |
| PORT OF DISCHARGE | PLACE OF DELIVERY | VICTORIA ISLAND, LAGOS NIGERIA |
| LAGOS | | TEL: +234 01 2626450 |

| Mrks & Nos/Container Nos | Container Type | Description | Gross Weight | Measurement |
|---|---|---|---|---|
| MSKU 812372 7 | 1x40HC | CONTAINER SLAC: | 30000 00L | |
| S# 506667 | | 1 LOT | 13607.91K | |
| | | HOUSEHOLD GOODS & PERSONAL | | |
| | | EFFECTS | | |
| | | | | |
| | | THESE COMMODITIES, TECHNOLOGY OR SOFTWARE WERE | | |
| | | EXPORTED FROM THE UNITED STATES IN ACCORDANCE WITH | | |
| | | THE EXPORT ADMINISTRATION REGULATIONS. ULTIMATE | | |
| | | DESTINATION NIGERIA. DIVERSION CONTRARY TO UNITED | | |
| | | STATES LAW PROHIBITED | | |

FREIGHT PREPAID
NO SED REQUIRED-VALUE UNDER $2500
SHIPPER'S LOAD STOW & COUNT

*Phone # 1-877-699-9444*

*# 5*

NON NEGOTABLE

*1-877-6999444 X 516*

These commodities, technology or software were exported from the United States in accordance with the export administration regulations. Diversion contrary to U.S. law is prohibited.

| SHIPPER DECLARED VALUE $ | | | | |
|---|---|---|---|---|
| If shipper enters a value, Carrier's package limitation of liability does not apply and the applicable rate will be charged.  No value shall be deemed declared unless specifically expressed in writing by the Carrier or his agent on the face of this B/L and extra freight actually paid. | | | LAW AND JURISDICTION: Any claim or dispute, if any arising under this Bill of Lading, including third party proceedings on these involving several defendants, shall be governed, except as herein otherwise provided, by the law only defined by the Court at the place where the Carrier has specified thereof has registered office or principal. | | |
| RATES | BASE | PREPAID | COLLECT | CUR. |
| | | | | |

# FREIGHT PREPAID

| Number of Original Bills of Lading | Place, and Date of Issue |
|---|---|
| 3 | Jul 25, 2004 |

# MAERSK SEALAND

COPY

Local Invoice

MRSK Ref: 23000027087  Cls Code: SHC060

Invoice Number:
Invoice Your Ref:

MUSTAPHA SHOAGA
c/o SAMUEL RAFFO & BILLY SHOAGAL
P O BOX 1924
SAPON ABEOKUT 7

Invoice Date:
Prepared by: Rosada

Bill of Lading Number:

Agent:

GOOSE FREIGHT

Freetime Dry:   Standard   Days
Freetime Reefer:   Standard   Days

Place of Receipt:    OAKLAND
Load Port:    NEWARK
Discharge Port:    APAPA
Place of Delivery:    APAPA

Arrival Date:    08-Sep-06

| Container No. | Size | Type | Charges | Basis | Unit | Rate | Amount |
|---|---|---|---|---|---|---|---|
| MSKU | 40 | HIGH | THC | 40 | 1 | 56,300 | 56,300 |
| | | | Doc Fees | BL | 1 | 2,000 | |
| | | | Cleaning Charge | 40 | 1 | | |
| | | | Mowca Charge | 40 | 1 | | |
| | | | Deposit - Outside Lagos | 40 | 1 | 300,000 | 300,000 |
| | | | Com Dep | ls | 0.05 | | |
| | | | Demurrage | 40 | | | |
| | | | Demurrage | 40 | | | |
| | | | Telex Release | BL | | | |
| | | Total Charges | | | | | 698,565 |
| | | VAT | 5.00% | NAIRA | 393,565 | | 19,677 |
| | | GRAND TOTAL | | | NAIRA | | 713,242 |



MAERSK SEALAND

CHARGE CALCULATION BREAKDOWN

CH-Type DET   Tariff Loc: NGAPP

Vsl/Voy/Line

RAIMI SHOAGA

TOTAL DET: NGN    308,745.00

Lane Period: 04/09/08-04/09/14

04/09/15-05/09/27    (FT: NGAPP  00034,001.

NGN    2,287.00 x135 days NGAPP   00034,004

308,745.00
308,745.00

137,220



# NIGERIAN PORTS AUTHORITY
## CONTAINER TERMINAL APAPA/IJORA №: 014333

To: .......... As Under .................................

Date: .......... 13/1/2005 ..........

From: .......... Port Manager, CT ..........

Ref: .......... CT/PM/OP/R.2/ OS1 ..........

## CLEARANCE NOTIFICATION

Please raise Debit Note for the following Container(s) not yet listed as Overtime to: ............
.......... RATHE SHOAGA ATTN: COST & FREIGHT AG. LTD ..........
provided the container(s) is/are not under detention.

This is subject to payment of Customs Import Duty, Shipping Company Charges and Other Applicable Port Charges.

| CONTAINER NUMBER(S) | VESSEL | DATE OF ARRIVAL | TOTAL NUMBER OF CONTAINERS | REMARKS |
|---|---|---|---|---|
| MSKU 812372-1 | CHRISTIAN MSK B/L NO. 171 | 24/8/2004 | 1x40' Cont. (One) only. | |

MT 2A/MS/G/C/PSO/870
Pls deliver upon Confirmatic tist the cynthem Psid off
HPA Charces and the Cat 88 Nots wirder
Seizure Nor detentio.

On receipt of this memo, the Principal Manager (Marketing) is directed to ensure that Customs Exchange Control, Shipping Company's Release Slip, Bank Revenue Receipt for Import Duty are in order and other formalities at the port Strictly complied with before issuance of N.P.A. Delivery documents

However companies without IDR should **NOT** be treated, please.

PORT MANAGER 18/1/05
for: PORT MANAGER, CT
DISTRIBUTION:
Traffic Manager, CT.
Prin. Manager (Marketing) CT
Senior Manager (Traffic) Lilypond, Ijora

2379-659p

FILED

APR 1 8 2006

~~FILED~~

1  JOHN D. GIFFIN, CASB NO. 89608
2  KIM ALEXANDER KANE, CASB NO. 226896
   KEESAL, YOUNG & LOGAN
3  A Professional Corporation, Suite 1500
   Four Embarcadero Center
4  San Francisco, California 94111
   Telephone:  (415) 398-6000
5  Facsimile:  (415) 981-0136
6  john.giffin@kyl.com
   kim.kane@kyl.com
7
   Attorneys for Defendants                    **Submitting Counsel are directed to serve this**
8  MAERSK, INC. and MAERSK LINE, LIMITED       **order upon all other parties in this action.**

9

10 **R E C E I V E D** UNITED STATES DISTRICT COURT

11    MAR 1 4 2006      NORTHERN DISTRICT OF CALIFORNIA
      RICHARD W. WIEKING
12  CLERK, U.S. DISTRICT COURT
   NORTHERN DISTRICT OF CALIFORNIA
           OAKLAND
13 RAIMI SHOAGA,                        )  Case No. C05-02213 SBA
                                        )
14                       Plaintiff,     )  [~~PROPOSED~~] ORDER GRANTING
                                        )  DEFENDANTS MAERSK, INC. AND
15              vs.                     )  MAERSK LINE, LIMITED'S MOTION TO
                                        )  DISMISS THE SECOND CAUSE OF
16                                      )  ACTION FOR FRAUD FROM PLAINTIFF'S
                                        )  SECOND AMENDED COMPLAINT
17 BLOSADA, MAESRK, INC., MAERSK LINES, )
18 LTD., MAERSK NIG. LTD.,              )
                                        )
19                       Defendants.    )  **BY FAX**
                                        )
20                                      )

21

22       The Motion of Defendants MAERSK, INC. and MAERSK LINE, LIMITED ("MLL")

23 to dismiss Plaintiff RAIMI SHOAGA's ("Plaintiff") Second Cause of Action for Fraud from the

24 Second Amended Complaint, pursuant to Federal Rule of Civil Procedure ("FRCP") Rules 12(b)(6)

25 and 9(b), came on regularly for hearing on April 18, 2006 at 1:00 p.m. in Department 3 of the above-

26 entitled Court, the Honorable Saundra Brown Armstrong presiding. The Court, having reviewed all of

27 the papers filed by counsel, its files herein, and the oral argument of counsel, and good cause

28

                                    - 1 -                              SF438848

EXHIBIT 14

1  appearing therefore, **HEREBY ORDERS AS FOLLOWS**:

2        Federal Rule of Civil Procedure 9(b) provides as follows:

3

4        In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred

5        generally.

6  Fed. R. Civ. P. 9(b).

7        Under Ninth Circuit law, the "circumstances constituting fraud" must include the

8  precise "time, place, and nature of the misleading statements, misrepresentations, [or] specific acts of

9  fraud." *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994). Moreover, where a plaintiff levels

10  allegations of fraud at more than one defendant, Rule 9(b) requires that plaintiff plead with sufficient

11  particularity attribution of the alleged misrepresentations to each defendant. *In re Silicon Graphics,*

12  *Inc. Sec. Litig.*, 970 F. Supp. 746, 752 (N.D. Cal. 1997), citing *Lubin v. Sybedon Corp.*, 688 F. Supp.

13  1425, 1443 (N.D. Cal. 1988) (finding that the plaintiff's "'dragnet' tactic of indiscriminately grouping

14  all of the individual defendants into one wrongdoing monolith" failed to fulfill requirements of Rule

15  9(b)). Further, the Ninth Circuit has observed that plaintiffs seeking to satisfy Rule 9(b) must "set

16  forth an explanation as to why the statement or omission complained of was false and misleading." *In*

17  *re Glenfed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc).

18        Here, Plaintiff does not provide any specifics as to when, where, or how the alleged

19  fraudulent acts took place. Instead, he merely makes conclusory statements that all four defendants

20  knowingly made false statements to him, induced him to rely on those statements and he suffered an

21  unidentified amount of economic loss and damage. Furthermore, Plaintiff has made no effort to

22  distinguish between Maersk, Inc.'s, Maersk Line, Limited's "Blosada's", or Maersk, Nig. Ltd.'s

23  contributions to the alleged fraudulent behavior.

24        Dismissal of a fraud cause of action with prejudice is proper when a plaintiff cannot

25  cure the defects through allegations of other facts and he has failed to plead the cause of action with

26  particularity after repeated opportunities. *See Vess v. Ciba-Geigy Corp. USA*, 317 F. 3d 1097, 1108

27  (9th Cir. 2003) (Dismissal with prejudice proper where pleading could not possibly be cured by the

28  allegation of other facts). By Order dated January 24, 2006, the Court expressly warned Plaintiff that

- 2 -

1   if his Second Amended Complaint failed to rectify the deficiencies identified in the Order, it would

2   constitutes grounds to support a finding that further leave to amend would be futile.    Plaintiff has

3   failed to rectify the identified deficiencies.    Accordingly, Plaintiff's Second Cause of Action for Fraud

4   is DISMISSED WITH PREJUDICE pursuant to FRCP 12(b)(6) and 9(b) because he cannot state facts

5   sufficient to sustain this cause of action and he cannot plead this cause of action with particularity.

6

7               **IT IS SO ORDERED.**

8

9   DATED:  _4-13-06_                          _[signature]_

10                                              The Honorable Saundra Brown Armstrong
                                               United States District Court Judge
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER GRANTING DEFENDANTS MAERSK, INC. AND MAERSK LINE, LIMITED'S MOTION TO
DISMISS THE SECOND CAUSE OF ACTION FOR FRAUD FROM PLAINTIFF'S SECOND AMENDED
COMPLAINT – CASE NO. C05-02213 SBA

1  JOHN D. GIFFIN, CASB NO. 89608
   JOHN COX, CASB NO. 197687
2  KEESAL, YOUNG & LOGAN
   A Professional Corporation, Suite 1500
3  Four Embarcadero Center
   San Francisco, California 94111
4  Telephone:  (415) 398-6000
   Facsimile:  (415) 981-0136
5  john.giffin@kyl.com
   john.cox@kyl.com
6
   Attorneys for Defendants
7  MAERSK, INC. and MAERSK LINE LIMITED

8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11  RAIMI SHOAGA,                    )  Case No. C05-02213 SBA
                                     )
12                    Plaintiff,     )  ADMINISTRATIVE MOTION TO
                                     )  CONSIDER WHETHER CASES
13         vs.                       )  SHOULD BE RELATED
                                     )
14                                   )  [Proposed Related Case – C08-00786]
    A.P. MOLLER – MAERSK GROUP (aka  )
15  A.P. Moller – Maersk s/a aka Danish A.P.  )
    MOLLER-MAERSK GRUPPEN aka        )
16  FIRMET A.P. MOLLER), MAERSK, INC., )
    MAERSK LINES, LTD.,              )
17                                   )
                      Defendants.    )
18  _____ )

19         Pursuant to Local Rules 3-12 and 7-11, Defendants MAERSK, INC. and MAERSK

20  LINE LIMITED ("Defendants") respectfully submit this Administrative Motion to

21  Consider Whether Cases Should be Related ("Motion").  Defendants submit that Plaintiff

22  *in propria persona* RAIMI SHOAGA's newly filed Complaint in case number C08-00786

23  should be related to case number C05-02213-SBA.

24         Defendants submit that *Shoaga v. A.P. Moller-Maersk Group, et. al,* Case No. C08-

25  00786, is related to the above-captioned matter.  In C05-02213-SBA, Mr. Shoaga

26  appealed the Judge Armstrong's December 11, 2006 Order dismissing Plaintiff's

27  Complaint in its entirety.  That appeal is currently pending before the United States

28  Court of Appeal for the Ninth Circuit under docket number 07-15073.

                              - 1 -                              KYL SF462450
ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED – CASE NO.
C05-02213 SBA

EXHIBIT  15

1    The above-captioned case is related to Case No. C08-00786 in that (1) it was filed

2  by the same Plaintiff; (2) the named Defendants include each Defendant named in the

3  instant matter; and (3) it involves the same underlying facts and claims as the instant

4  matter.  Specifically, both cases involve Plaintiff's claims arising out of the shipment of a

5  single cargo container from Oakland, California to Lagos, Nigeria between July 29 and

6  August 24, 2004.  The factual and legal issues involved in C08-00786 have already been

7  determined by the District Court in the above-captioned case.

8    Any party who files an action in multiple divisions or dismisses an action and

9  subsequently refiles it for the purpose of obtaining an assignment in contravention of

10  Civil Local Rule 3-3(b) shall subject to appropriate sanctions.  Civ. L. R. 3-3(c) and 3-3(f).

11  Because Mr. Shoaga has essentially re-filed this action while his original lawsuit is

12  pending appeal he was required to file a Notice of Related Case.  His failure to do so

13  subjects him to appropriate sanctions.

14    Therefore, Defendants request that the Court grant its Administrative Motion to

15  Consider Whether Cases Should be Related.

16

17

18  DATED:  May 14, 2008                    John D. Giffin
                                           John Cox
19                                         KEESAL, YOUNG & LOGAN
                                           Attorneys for Defendants
20                                         MAERSK LINE LIMITED
                                           and MAERSK, INC.
21

22

23

24

25

26

27

28

- 2 -

KYL SF462450

ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED – CASE NO.
C05-02213 SBA

1

## PROOF OF SERVICE

2

### *Shoaga v. Maersk, Inc. et al.*
### USDC Case No. C 05-02213 SBA

3

4      I am employed in the County of San Francisco, State of California.  I am over the

age of 18 and not a party to the within action; my business address is Keesal, Young &

5    Logan, Suite 1500, Four Embarcadero Center, San Francisco, California, 94111.

6      On the date indicated below, I served the foregoing documents described as:

7

### ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE
### RELATED

8

9    on the parties in this action by placing a true copy thereof enclosed in a sealed envelope

addressed as follows:

10

**Raimi Shoaga**
11    **P.O. Box 7274**
**Oakland, CA 94601**
12

13      ☒    **BY MAIL:** I deposited such envelope(s) in the mail at San Francisco,

California.  I am readily familiar with the firm's practice of collection and processing
14    correspondence for mailing.  It is deposited with the U.S. Postal Service on that same

day in the ordinary course of business.  I am aware that on motion of party served,
15    service is presumed invalid if postal cancellation date or postage meter date is more than

one day after deposit for mailing in this declaration.
16

17      Pursuant to the Local Rules of the United States District Court, I certify that all

originals and service copies (including exhibits) of the papers referred to herein were
18    produced and reproduced on paper purchased as recycled, as defined by Section 42202 of

the Public Resources Code.  I declare that I am employed in the office of a member of the
19    bar of this court at whose direction the service was made.

20      Executed on May 14, 2008 at San Francisco, California.

21

22

23                                    K'Ann M. Klein

24

25

26

27

28

1   RAIMI SHOAGA
    P.O. Box 7274
2   Oakland, California 94601
    (510) 395-3926
3

4   In Pro Se

5

6

7

8       IN THE UNITED STATES DISTRICT COURT FOR THE

9           NORTHERN DISTRICT OF CALIFORNIA

10

11

12  RAIMI SHOAGA,
                Plaintiff          Case No: C08-00786 PJH
13
                v.                 **REQUEST TO ENTER DEFAULT**
14

15  A.P. MOLLER-MAERSK GROUP,
    aka A.P. MOLLER-MAERSK A/S, aka
16  DANISH A.P. MOLLER-MAERSK
    GRUPPEN aka FIRMAET A.P.
17  MOLLER MAERSK; MAERSK LINES,
    INC., MAERSK LINES LTD.; MAERSK
18  NIGERIA, LTD., aka MAERSK, aka
    MAERSK SEALAND; A.P. MOLLER
19  NIGERIA, LTD.; BLOSADA; NIGER-
    IAN PORT AUTHORITY; NIGERIAN
20  CUSTOMS AUTHORITY; ATTOR-
    NEY GENERAL OF THE FEDERAL
21  REPUBLIC OF NIGERIA,
                Defendants
22
23                              /
24

25  TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE
    NORTHERN DISTRICT OF CALIFORNIA,
26

27      You will please enter the default of the defendant A.P. Moller-Maersk Group, aka

28                              1.

EXHIBIT 16

1    A.P. Moller Maersk A/S, aka Danish A.P. Moller-Maersk Gruppen aka Firmaet A.P.

2    Moller Maersk for failure to plead or otherwise defend as provided by the Federal Rules

3    of Civil Procedure as appears from the affidavit of Raimi Shoaga hereto attached.

4

5

6                                    RAIMI SHOAGA-Plaintiff In Pro Se

7

8        AND NOW, THIS _____ DAY OF _____, 2008, pursuant to request to

9    enter default and affidavits filed, default is hereby entered against the defendant for

10   failure to plead or otherwise defend.

11

12                                    Clerk-United States District Court

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                            2.

1   RAIMI SHOAGA
P.O. Box 7274
2   Oakland, California 94601
(510) 395-3926
3

FILED

08 JUN 18 PM 2: 05

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

4   In Pro Se

5

6

7

8        **IN THE UNITED STATES DISTRICT COURT FOR THE**

9             **NORTHERN DISTRICT OF CALIFORNIA**

10

11   RAIMI SHOAGA,                        PJH

12                    Plaintiff          Case No: C08-00786BZ

13           v.

14                                        **AFFIDAVIT FOR ENTRY OF**
                                          **DEFAULT**
15   A.P. MOLLER-MAERSK GROUP,
     aka A.P. MOLLER-MAERSK A/S, aka
16   DANISH A.P. MOLLER-MAERSK
     GRUPPEN aka FIRMAET A.P.
17   MOLLER MAERSK; MAERSK LINES,
     INC., MAERSK LINES LTD.; MAERSK
18   NIGERIA, LTD., aka MAERSK, aka
     MAERSK SEALAND; A.P. MOLLER
19   NIGERIA, LTD.; BLOSADA; NIGER-
     IAN PORT AUTHORITY; NIGERIAN
20   CUSTOMS AUTHORITY; ATTOR-
     NEY GENERAL OF THE FEDERAL
21   REPUBLIC OF NIGERIA,
22                    Defendants
23   _____/

24

25     Raimi Shoaga, being duly sworn, says that he is the Plaintiff In Pro Se in the above-

26   entitled action; that the complaint and summons in this action were served on the

27   defendant A.P. Moller-Maersk Group, aka A.P. Moller Maersk A/S, aka Danish A.P.

28                                        1.

1   Moller-Maersk Gruppen aka Firmaet A.P. Moller Maersk on 2/29/08; that service was

2   made on _2/29/08_____ ; that the time within which the defendant may

3   answer or otherwise move as to the complaint has expired; that the defendant has not

4

5   answered or otherwise moved and that the time for the defendant to answer or otherwise

6   move has not been extended.

7

8   _____

9   RAIMI SHOAGA-Plaintiff In Pro Se

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2.

FILED

08 JUN 18 PM 2:04

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  RAIMI SHOAGA
   P.O. Box 7274
2  Oakland, California 94601
   (510) 395-3926
3

4  In Pro Se

5

6

7

8      IN THE UNITED STATES DISTRICT COURT FOR THE

9          NORTHERN DISTRICT OF CALIFORNIA

10

11                                              PJH
12  RAIMI SHOAGA,
              Plaintiff          Case No: C08-00786 BZ
13
14         v.                    REQUEST FOR DEFAULT JUDG-
                                 MENT
15  A.P. MOLLER-MAERSK GROUP,
    aka A.P. MOLLER-MAERSK A/S, aka
16  DANISH A.P. MOLLER-MAERSK
    GRUPPEN aka FIRMAET A.P.
17  MOLLER MAERSK; MAERSK LINES,
    INC., MAERSK LINES LTD.; MAERSK
18  NIGERIA, LTD., aka MAERSK, aka
    MAERSK SEALAND; A.P. MOLLER
19  NIGERIA, LTD.; BLOSADA; NIGER-
    IAN PORT AUTHORITY; NIGERIAN
20  CUSTOMS AUTHORITY; ATTOR-
    NEY GENERAL OF THE FEDERAL
21  REPUBLIC OF NIGERIA,
              Defendants
22
23  _____/
24
25  TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE
    NORTHERN DISTRICT OF CALIFORNIA,
26
27    Upon the affidavit attached hereto, you will please enter judgment by default against
28                                    1.

1    A.P. Moller-Maersk Group, aka A.P. Moller Maersk A/S, aka Danish A.P. Moller-

2    Maersk Gruppen aka Firmaet A.P. Moller Maersk, the defendant in the above-entitled

3    action for $7,000,000.00, plus costs.

4

5

6    _____
     RAIMI SHOAGA-Plaintiff In Pro Se

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                    2.

1  RAIMI SHOAGA
   P.O. Box 7274
2  Oakland, California 94601
   (510) 395-3926
3

4  In Pro Se

FILED

08 JUN 18 PM 2:04

RICHARD W. WIEKING
CLERK U.S DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

5

6

7

8           IN THE UNITED STATES DISTRICT COURT FOR THE

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11

12  RAIMI SHOAGA,
                Plaintiff          Case No: C08- 00786 PJH

13

14          v.                     **AFFIDAVIT FOR DEFAULT**
                                    **JUDGMENT**

15  A.P. MOLLER-MAERSK GROUP,
    aka A.P. MOLLER-MAERSK A/S, aka
16  DANISH A.P. MOLLER-MAERSK
    GRUPPEN aka FIRMAET A.P.
17  MOLLER MAERSK; MAERSK LINES,
    INC., MAERSK LINES LTD.; MAERSK
18  NIGERIA, LTD., aka MAERSK, aka
    MAERSK SEALAND; A.P. MOLLER
19  NIGERIA, LTD.; BLOSADA; NIGER-
    IAN PORT AUTHORITY; NIGERIAN
20  CUSTOMS AUTHORITY; ATTOR-
    NEY GENERAL OF THE FEDERAL
21  REPUBLIC OF NIGERIA,
22              Defendants

23  _____/

24

25     Raimi Shoaga, being duly sworn says that he is the Plaintiff In Pro Se in the above-

26  entitled action; that the amount due to the plaintiff from the defendant A.P. Moller-

27  Maersk Group, aka A.P. Moller Maersk A/S, aka Danish A.P. Moller-Maersk Gruppen

28                                      1.

1    aka Firmaet A.P. Moller Maersk is $ 7,000,000.00, plus costs; and that the defendant is

2    not an infant or incompetent person; that the default of the defendant has been entered for

3    failure to appear in the action; that the amount shown is justly due and owing and that no

4    

5    part thereof has been paid; and that the defendant is not in the military service of the

6    United States.

7

8    _____

9    RAIMI SHOAGA-Plaintiff In Pro Se

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                          2.



1  RAIMI SHOAGA
   P.O. Box 7274
2  Oakland, California 94601
   (510) 395-3926
3

4  In Pro Se

5

6

7

8         IN THE UNITED STATES DISTRICT COURT FOR THE

9              NORTHERN DISTRICT OF CALIFORNIA

10

11

12  RAIMI SHOAGA,
              Plaintiff          Case No: C08-00786 PJH

13

14       v.                      JUDGMENT

15  A.P. MOLLER-MAERSK GROUP,
    aka A.P. MOLLER-MAERSK A/S, aka
16  DANISH A.P. MOLLER-MAERSK
    GRUPPEN aka FIRMAET A.P.
17  MOLLER MAERSK; MAERSK LINES,
    INC., MAERSK LINES LTD.; MAERSK
18  NIGERIA, LTD., aka MAERSK, aka
    MAERSK SEALAND; A.P. MOLLER
19  NIGERIA, LTD.; BLOSADA; NIGER-
    IAN PORT AUTHORITY; NIGERIAN
20  CUSTOMS AUTHORITY; ATTOR-
    NEY GENERAL OF THE FEDERAL
21  REPUBLIC OF NIGERIA,
              Defendants
22  _____/

23

24     The defendant A.P. Moller-Maersk Group, aka A.P. Moller Maersk A/S, aka Danish

25  A.P. Moller-Maersk Gruppen aka Firmaet A.P. Moller Maersk, having failed to plead or

26  otherwise defend in this action, and default having been entered,

27                              1.

28

1  NOW, upon application of the plaintiff and upon affidavit that the defendant is indebted

2  to the plaintiff in the sum of $ 7,000,000.00, that the defendant is not an infant or

3
   incompetent person and not in the military service of the United States, it is hereby,
4

5  ORDERED, ADJUDGED AND DECREED, that the plaintiff recover of the defendant

6  the sum of $ 7,000,000.00 plus costs of this suit.

7

8  _____

   CLERK-United States District Court
9

10 Dated: _____

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                        2.

# EXHIBIT B

EXHIBIT 17

1   JOHN D. GIFFIN, CASB NO. 89608
    JOHN COX, CASB NO. 197687
2   KEESAL, YOUNG & LOGAN
    A Professional Corporation, Suite 1500
3   Four Embarcadero Center
    San Francisco, California 94111
4   Telephone:  (415) 398-6000
    Facsimile:  (415) 981-0136
5   john.giffin@kyl.com
    john.cox@kyl.com
6
    Attorneys for Defendants
7   MAERSK, INC. and MAERSK LINE LIMITED

8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11  RAIMI SHOAGA,                       )   Case No. C05-02213 SBA
12                                      )
                         Plaintiff,     )   ADMINISTRATIVE MOTION TO
13                                      )   CONSIDER WHETHER CASES
              vs.                       )   SHOULD BE RELATED
14                                      )
    A.P. MOLLER – MAERSK GROUP (aka    )   [Proposed Related Case – C08-00786]
15  A.P. Moller – Maersk s/a aka Danish A.P. )
    MOLLER-MAERSK GRUPPEN aka          )
16  FIRMET A.P. MOLLER), MAERSK, INC., )
    MAERSK LINES, LTD.,                 )
17                                      )
18                       Defendants.    )
                                        )

19          Pursuant to Local Rules 3-12 and 7-11, Defendants MAERSK, INC. and MAERSK

20  LINE LIMITED ("Defendants") respectfully submit this Administrative Motion to

21  Consider Whether Cases Should be Related ("Motion").  Defendants submit that Plaintiff

22  *in propria persona* RAIMI SHOAGA's newly filed Complaint in case number C08-00786

23  should be related to case number C05-02213-SBA.

24          Defendants submit that *Shoaga v. A.P. Moller-Maersk Group, et. al*, Case No. C08-

25  00786, is related to the above-captioned matter.  In C05-02213-SBA, Mr. Shoaga

26  appealed the Judge Armstrong's December 11, 2006 Order dismissing Plaintiff's

27  Complaint in its entirety.  That appeal is currently pending before the United States

28  Court of Appeal for the Ninth Circuit under docket number 07-15073.

1    The above-captioned case is related to Case No. C08-00786 in that (1) it was filed

2 by the same Plaintiff; (2) the named Defendants include each Defendant named in the

3 instant matter; and (3) it involves the same underlying facts and claims as the instant

4 matter. Specifically, both cases involve Plaintiff's claims arising out of the shipment of a

5 single cargo container from Oakland, California to Lagos, Nigeria between July 29 and

6 August 24, 2004. The factual and legal issues involved in C08-00786 have already been

7 determined by the District Court in the above-captioned case.

8    Any party who files an action in multiple divisions or dismisses an action and

9 subsequently refiles it for the purpose of obtaining an assignment in contravention of

10 Civil Local Rule 3-3(b) shall subject to appropriate sanctions. Civ. L. R. 3-3(c) and 3-3(f).

11 Because Mr. Shoaga has essentially re-filed this action while his original lawsuit is

12 pending appeal he was required to file a Notice of Related Case. His failure to do so

13 subjects him to appropriate sanctions.

14    Therefore, Defendants request that the Court grant its Administrative Motion to

15 Consider Whether Cases Should be Related.

16

17

18 DATED: May 14, 2008

19 John D. Giffin
   John Cox
20 KEESAL, YOUNG & LOGAN
   Attorneys for Defendants
21 MAERSK LINE LIMITED
   and MAERSK, INC.

22

23

24

25

26

27

28

PROOF OF SERVICE

*Shoaga v. Maersk, Inc. et al.*
USDC Case No. C05-02213 SBA

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is Keesal, Young & Logan, Suite 1500, Four Embarcadero Center, San Francisco, California, 94111.

On the date indicated below, I served the foregoing documents described as:

**[PROPOSED] ORDER GRANTING DEFENDANTS MAERSK, INC. AND MAERSK LINE, LIMITED'S ADMINISTRATIVE MOTION TO CONSIDER CASES RELATED**

on the parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Raimi Shoaga
P.O. Box 7274
Oakland, CA 94601

☒    **BY MAIL:** I deposited such envelope(s) in the mail at San Francisco, California. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after deposit for mailing in this declaration.

Pursuant to the Local Rules of the United States District Court, I certify that all originals and service copies (including exhibits) of the papers referred to herein were produced and reproduced on paper purchased as recycled, as defined by Section 42202 of the Public Resources Code. I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on May 15, 2008 at San Francisco, California.

K'Ann M. Klein

KYL SF460924
[PROPOSED] ORDER GRANTING DEFENDANTS MAERSK, INC. AND MAERSK LINE, LIMITED'S
ADMINISTRATIVE MOTION TO CONSIDER CASES RELATED  CASE NO. C05-02213 SBA

Exhibit L1 – L28

Proof of Service

# ITEMIZED LIST FOR
## SERVICE OF PROCESS

Danish Ministry Mail                      $22.70
* Danish Ministry *                       Free SM
* Translation English  50 cents/word  ~~$600.00~~  300.00
   to Danish

LH        Private Server              $172
Mail CT Corp                              7.64
     Uffe Bodeholt                     310.00
Mail to Uffe Bodeholt                  22.70

US  Attorney representing ~~AP~~ Maersk
at various times

Attorney Christopher Wenk             7.30
Dean T. Buckius                       7.30
Erick Lenck                           7.30
Bobby G. Riley                        7.64
John D. Kimmerlein                    7.30
Jerome D. Hughes                      6.62
William DeVoe                         7.30
Christopher Manoury                   7.30


AP Moller-Maersk s/a              $22.70

1

AK     Private Service        } $20$^{25}$
       Mail to Nigeria
—11—  Service of Process      640$^{00}$

Nigerian Ports Authority      20$^{95}$

TA Mail to Nigeria            40$^{00}$

Nigerian Customs             20$^{95}$

Attorney General of Nigeria   20$^{95}$
                              _____

          Total              1,978$^{45}$

          less                650
                             _____
     Countrywide Process LLC  1,328$^{45}$
                               50
          Total              $1,378$^{45}$

2




**CERTIFICATE**
ERKLÆRING
ATTESTATION
ZUSTELLUNGSZEUGNIS

**The undersigned authority has the honour to certify, in conformity with article 6 of the Convention,**
Undertegnede myndighed har herved den ære i overensstemmelse med konventionens artikel 6 at bekræfte,
L'autorité soussignée a l'honneur d'attester conformément à l'article 6 de ladite Convention,
Die unterzeichnete Behörde beehrt sich, nach Artikel 6 des Übereinkommens zu bescheinigen,

☒ 1.    **that the document has been served**
at forkyndelsen er foretaget
que la demande a été exé cutée
dass der Antrag erledigt worden ist

-    **the (date)**
den (dato)                    **29-02-2008**
le (date)
am (Datum)

-    **at (place, street, number)**
på/i (sted, gade, husnummer)    **A.P. Møller-Mærsk Group A/S**
á (localité, rue, numéro)        **Amaliegade 35,1**
in (Ort, Strasse, Nummer)        **1256 København K**

☒    **a)    in accordance with the provisions of sub-paragraph (a) at the first paragraph of article 5 of the Convention**
i overensstemmelse med reglerne i konventionens artikel 5, stk. 1, litra (a)
selon les formes légales (article 5, alinéa premier, lettre a)
in einer der gesetzlicher Formen (Artikel 5 Absatz 1 Buchstabe a)

☐    **b)    in accordance with the following particular method:**
ved anvendelse af følgende særlige fremgangsmåde:
selon la forme particulière suivante:
in der folgenden besonderen Form:

☐    **c)    by delivery to the adressee, who accepted it voluntarily.**
ved overlevering af dokumentet til adressaten, der modtog det frivilligt.
par simple remise.
durch einfache Übergabe.

**The documents referred to in the request have been delivered to:**
De i anmodningen nævnte dokumenter er overleveret til: **A.P. Møller-Mærsk Group A/S, Amaliegade 35,1,**
Les documents mentionnés dans la demande ont été remis à: **1256  København K**
Die in dem Antrag erwähnten Schriftstücke sind übergegeben worden an:

-    **(identity and description of person)**
(vedkommendes navn og stilling) **Manager Tom Becker**
(identité et qualité de la personne)
(Name und Stellung der Person)

-    **relationship to the addressee family, business or other:**
tilknytning til adressaten familiemæssig, forretningsmæssig eller anden: **Employee**
liens de parenté, de subordination ou autres, avec le destinataire de l'acte:
Verwandtschafts-, Arbeits- oder sonstiges Verhältnis zum Zustellungsempfänger:

☐ 2.    **that the document has not been served, by reason of the following facts:**
at forkyndelse på grund af følgende omstændigheder ikke er foretaget:
que la demande n'a pas été exécutée, en raison des faits suivants:
dass der Antrag aus folgenden Gründen nicht erledigt werden konnte:

☐    **In conformity with the second paragraph of article 12 of the Convention, the applicant is requested to pay or reimburse the expences detailed it the attached statement.**
I overensstemmelse med konventionens artikel 12, stk. 2, anmodes rekvirenten om at betale eller refundere de i vedlagte bilag nærmere angivne omkostninger.
Conformément à l'article 12, alinéa 2, de ladite Convention, le requérant est prié de payer ou de rembourser les frais don't le détail figure au mémoire ci-joint.
Nach Artikel 12 Absatz 2 des Übereinkommens wird die ersuchende Stelle gebeten, die Auslagen, die in der beiliegenden Aufstellung im einzelnen angegeben sind, zu zahlen oder zu erstatten.

☐    **Annexes:**                        ☒    **Documents returned:**
Bilag:                                        Tilbagesendte dokumenter:
Annexes:                                      Pièces renvoyées:
Anlagen:                                      Zurückgesandte Schriftstücke:

☐    **In appropiate cases, documents establishing the service:**
I givet fald dokumenter, der viser, at anmodningen er efterkommet:
Le cas échéant, les documents justificatifs de l'exécution:
Gegebenenfalls Erledigungsstücke:

**Signature and/or stamp:**
Underskrift og/eller stempel:
Signature et/ou cachet

                        4/3-08                    **3**



| Delete | Reply ▼ | Forward ▼ | Spam | Move... ▼ |
|--------|---------|-----------|------|-----------|

This message is not flagged. [ Flag Message - Mark as Unread ]                    Printable View

**Subject:**  Service on A. P. Møller-Maersk Group

**Date:**  Thu, 6 Mar 2008 11:39:56 +0100

**From:**  "Justitsministeriet Departementet - Justitsministeriet Departementet" <jm@jm.dk>
📱 Add Mobile Alert

**To:**  pico949@yahoo.com

Dear Raimi Shoaga

Referring to your e-mail dated 4 March 2008 I can inform you that the City Court of Copenhagen has served the documents on A. P. Møller-Maersk A/S on 29 February 2008 and returned the documents on 5 March 2008.

Yours Sincerely

Vivian Justesen


[■ Justitsministeriet]

**Vivian Justesen**
Kontorleder

Tlf.:  7226 8523
Mail:  vju@jm.dk

Slotsholmsgade 10
1216 København K
7226 8400
www.justitsministeriet.dk
jm@jm.dk

## Attachments

Files:

📎 **smime.p7s** (2k)                    Scan and Save to Computer

Photos:

om/ym/ShowLetter?MsgId=3234_329145_244_2429_5402_0_...    3/13/2008

4



Til stævningsmandèn

**Retur senest den 18. marts 2008**

Infocenteret
Domhuset, Nytorv
1450 København K
Tlf. 33 44 80 00
Fax 33 44 84 75
SE 21 24 02 14

00011348/Sagsbeh. REL
J.nr. 8704.2008.20.2
Vedr.

26. februar 2008

**Vedhæftede dokument bedes søgt overleveret til adressaten personligt.
A. P. Møller - Mærsk Group, A/S, Amaliegade 35, 1., 1256 København
K**
Påtegning skal ske på denne skrivelse.

Adressaten bedes udtrykkeligt gjort opmærksom på, at overlevering ifølge
Haagerkonventionen kun kan ske, hvis dokumentet **modtages frivilligt**, og
at det ikke kan oplyses, hvilken betydning det vil have for sagens videre for-
løb, om dokumentet modtages eller afvises, herunder om adressaten vil kun-
ne dømmes som udeblevet.

Den  2 9 FEB. 2008  har undertegnede stævningmand ved Københavns Byret
overleveret/~~forgæves søgt at overlevere~~ omhandlede dokument på den op-
givne adresse _____

_____ *Amaliegade 35* ^*I*  *1256 UK.*_____

til adressaten personligt (navn) _____

_____ *A.P. Møller - Mærsk Groupe A/S*_____

1) der efter at være gjort bekendt med, at dokumentet skal modtages frivil-
   ligt, erklærede sig villig til at modtage dokumentet *Manager Tom Becker.*

2) der efter at være gjort bekendt med, at dokumentet skal modtages frivil-
   ligt, ~~nægtede at modtage dokumentet grundet manglende dansk oversæt-
   telse. Adressaten blev gjort bekendt med, at det ikke kan oplyses, hvil-
   ken betydning det vil have for sagens videre forløb, at dokumentet afvi-~~
   ses _____

Stævningmands navn og underskrift

Claus E. Christensen      2 9 FEB. 2008

*5*

Document 137-2    Filed 06/24/2008    Page

# CITY COURT OF COPENHAGEN



Raimi Shoga
1080 67th Street Apt  #E
Oakland, Calif. 94608

US  USA

Administrationsafdelingen
Nytorv 25
DK 1450 København K, Den-
mark
Phone + 45 33448000
Fax +45 33448488
SE 21 24 02 14

00011570/Sagsbeh. REL
J.nr. 8703.2008.80.3
Vedr.

5. marts 2008

We hereby return the document with reference to the enclosed Certificate.

Best regards

Mette Primodt Hansen
deputy judge

6

| Item Description (Nature de l'envoi ) | Registered ☑Article (Envoi recommandé) | ☐Letter (Lettre) | Printed Matter (Imprimé) | ☐Other (Autre) | Recorded Delivery ☐(Envoi à livraison attestée) | Express ☐Mail Inter-national |
|---|---|---|---|---|---|---|

Insured Parcel ☐(Colis avec valeur déclarée)    Insured Value (Valeur déclarée)    Article Number    RE 181 184 945 US

Office of Mailing (Bureau de dépôt)    OAKLAND CA    Date of Posting (Date de dépôt)

Addressee Name or Firm (Nom ou raison sociale du destinataire)    A.P. Moller - Maersk a/s

Street and No. (Rue et No.)    Esplanaden 50    Copenhagen K

Place and Country (Localité et pays)    DENMARK

This receipt must be signed by: (1) the addressee; or, (2) a person authorized to sign under the regulations of the country of destination; or, (3) if those regulations so provide, by the employee of the office of destination. This signed form will be returned to the sender by the first mail.

(Cet avis doit être signé par le destinataire ou par une personne autorisée en vertu des règlements du pays de destination, ou, si ces règlements le comportent, par l'agent du bureau de destination, et renvoyé par le premier courrier directement à l'expéditeur).

Postmark of the office of destination (Timbre du bureau de destination)

☐ The article mentioned above was duly delivered.    Date
(L'envoi mentionné ci-dessus a été dûment livré.)

Signature of Addressee (Signature du destinataire)    Strul

Office of Destination Employee Signature (Signature de l'agent du bureau du destination)

PS Form 2865, February 1997 (Reverse)

---

| Item Description (Nature de l'envoi ) | Registered ☑Article (Envoi recommandé) | ☐Letter (Lettre) | Printed Matter (Imprimé) | ☐Other (Autre) | Recorded Delivery ☐(Envoi à livraison attestée) | Express ☐Mail Inter-national |
|---|---|---|---|---|---|---|

Insured Parcel ☐(Colis avec valeur déclarée)    Insured Value (Valeur déclarée)    Article Number    RE 181 184 959 US

Office of Mailing (Bureau de dépôt)    Date of Posting (Date de dépôt)

Addressee Name or Firm (Nom ou raison sociale du destinataire)    Danish Ministry of Justice

Street and No. (Rue et No.)    (Justisministeriet)  Slotsholmgade

Place and Country (Localité et pays)    1216 Copenhagen K  DENMARK

This receipt must be signed by: (1) the addressee; or, (2) a person authorized to sign under the regulations of the country of destination; or, (3) if those regulations so provide, by the employee of the office of destination. This signed form will be returned to the sender by the first mail.

(Cet avis doit être signé par le destinataire ou par une personne autorisée en vertu des règlements du pays de destination, ou, si ces règlements le comportent, par l'agent du bureau de destination, et renvoyé par le premier courrier directement à l'expéditeur).

Postmark of the office of destination (Timbre du bureau de destination)

☐ The article mentioned above was duly delivered.    Date
(L'envoi mentionné ci-dessus a été dûment livré.)

Signature of Addressee (Signature du destinataire)    1/2.08  B. Mal

Office of Destination Employee Signature (Signature de l'agent du bureau du destination)

PS Form 2865, February 1997 (Reverse)

7



This message is not flagged. [ Flag Message - Mark as Unread ]          Printable View

| From: | "Uffe Bodeholt, UIP Consult ApS" <ub@uip-consult.dk> | 📱 Add Mobile Alert |
| To: | pico949@yahoo.com | |
| Subject: | Summons | |
| Date: | Wed, 20 Feb 2008 12:09:39 +0100 | |

Dear Raimi Shoaga,

I have now looked into this matter.
The procedure is that the minister of Justice shal have a chance to approve teh summons.
After that they will have a representative from the court to serve the summons.

So I have to day delivered the materiel to Vivian Justesen, Minister of Justice.

As surgested in the telephone I will charge you only 2 hours fro ny part of the service
whitch is DKK 1.600,- equal about to US$ 310,-
Please transfer by Western Union and inform me the code.

**Kind regards**
**Uffe Bodeholt**

**UIP Consult ApS Private Investigators**
**Maagevej 29-31**
**DK-2400 Copenhagen NV**
_____

Tel.: (+45) 70 27 17 10
Mobile: (+45) 20 62 77 33
Fax.: (+45)70 27 17 25
Mail: ub@uip-consult.dk
Web: www.uip-consult.dk
Member of :
Association of Danish Detectives and Commercial Investigators (FDDE).
International Federation of Associations of Private Detectives (IKD).
World Associations of Detectives (W.A.D.).
World Association of Professional Investigators (WAPI).
Investigations World Wide Association (IWWA).

This mail has been scanned for virus before dispatch



Previous | Next | Back to Messages                    Save Message Text | Full Headers

8

AO 440 (Rev. 8/01) Summons in a Civil Action

plus ORDER SETTING **RETURN OF SERVICE**
INITIAL CMC + ADR

Service of the Summons and Complaint was made by me [1] C08-00786 DATE 15-04-2008

| Name of SERVER | | TITLE |
|---|---|---|
| AYODELE AKINWANDE | | Mr. |

Check one box below to indicate appropriate method of service

ORIGINAL FILED

☑ Served Personally upon the Defendant. Place where served:
NIGERIA PORT AUTHORITY
MARINA
LAGOS

JUN 18 2008

RICHARD W. [illegible] NG
NORTHERN DISTRICT COURT
DISTRICT OF CALIFORNIA

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left:
IBRAHIM ADAMU MUAZU (OPERATIONS)
RORO TINCAN ISLAND
APAPA, LAGOS

☐ Returned unexecuted:

☐ Other (specify):

---

**STATEMENT OF SERVICE FEES**

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| 30 miles | Process Service | #160⁰⁰ |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  15-04-2008
_____
Date

_____
Signature of Server

6 LADIPO KUKU ST IKEJA
Address of Server  LAGOS, NIGERIA

HIGH COURT OF LAGOS STATE
CASH OFFICE

[1] As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure

Mrs Oye Taiwo

9

AO 440 (Rev. 8/01) Summons in a Civil Action

plus ORDER SETTING **RETURN OF SERVICE**

INITIAL CMC + ADR C08-00786 DATE 15-04-2008

Service of the Summons and Complaint was made by me

| Name of SERVER | | TITLE |
|---|---|---|
| AYODELE AKINWANDE | | Mr. |

*Check one box below to indicate appropriate method of service*

☑ Served Personally upon the Defendant. Place where served: BLOSADA & MAERSK PLOT 121 LOUIS SOLOMON CLOSE VICTORIA ISLAND. LAGOS

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: SEUN (CUSTOMER SERVICE) MAERSK PLOT 121 LOUIS SOLOMON CLOSE VICTORIA ISLAND. LAGOS

☐ Returned unexecuted:

☐ Other (specify):

**STATEMENT OF SERVICE FEES**

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| 40 miles | Process Service | $160.00 |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on 15-04-2008

Date

Signature of Server

6 LADIPO KUTI ST IKEJA
Address of Server LAGOS NIGERIA

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure

Mrs. O. Taiwo

10

AO 440 (Rev. 8/01) Summons in a Civil Action

*plus* ORDER SETTING **RETURN OF SERVICE** INITIAL CMC & ADR

Service of the Summons and Complaint was made by me [1]   C08-00786 DATE 07-04-2008

Name of SERVER   AYODELE AKINWANDE   TITLE   Mr.

| Check one box below to indicate appropriate method of service |

☑ Served Personally upon the Defendant. Place where served:
MAERSK
PLOT 121 LOUIS SOLOMON CLOSE
VICTORIA ISLAND - LAGOS

☑ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left:
A AK Anabe (MRS)
SAME AS ABOVE                AKanabe 3/4/08

☐ Returned unexecuted:

☐ Other (specify):

**STATEMENT OF SERVICE FEES**

| TRAVEL | SERVICES | TOTAL |
| 40 miles | Process Service | $160.00 |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing Information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on   07 - 04 - 2008
            Date

_____
Signature of Server

6 LADIPO KUKU ST IKEJA
Address of Server   LAGOS, NIGERIA

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure

Mrs A. Olaiwe

11

AO 440 (Rev. 8/01) Summons in a Civil Action

*plus* ORDER SETTING          **RETURN OF SERVICE**
    INITIAL CMC & ADR

Service of the Summons and Complaint was made by me [1]   C 08-00786   DATE  15-04-2008

Name of SERVER
AYODELE AKINWANDE                            TITLE   M.D.

| Check one box below to indicate appropriate method of service |

☑  Served Personally upon the Defendant. Place where served:
      NIGERIA CUSTOMS
      FEDERAL OPERATIONS
      MOBOLAJI BANK ANTONY WAY
      IKEJA

☐  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
    Name of person with whom the summons and complaint were left:
    DC SANUSI
    SAME ADDRESS AS ABOVE

☐  Returned unexecuted:


☐  Other (specify):



**STATEMENT OF SERVICE FEES**

| TRAVEL | SERVICES | TOTAL |
|--------|----------|-------|
| 25 miles | Process Service | $160.00 |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on   15-04-2008                    _Akinwande_
                Date                         Signature of Server

                                 6 LADIPO KUKU ST IKEJA
                                 Address of Server   LAGOS, NIGERIA

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure

                                    Mrs. ___ Taiwo

12

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and Complaint was made by me [1] | 4-3-08 |
| Name of SERVER Louise Hampson | TITLE C 08-00786 BZ |

*Check one box below to indicate appropriate method of service*

☒    Served Personally upon the Defendant. Place where served: CT Corp 818 W. Seventh St. LA CA 90017

☒    Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: Margaret Wilson, Process Specialist 4/3/08 @ 2:55pm

☐    Returned unexecuted:

☒    Other (specify): Maersk Inc

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| Anaheim → LA → Anaheim | Process Service | #40.00 |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on    4/3/08
       Date

       _Signature of Server_

225 S. Rio Vista St B70
_Address of Server_
Anaheim, CA 92806

(1)   As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure

13

*Order Setting initial CMC & ADR deadline*

## RETURN OF SERVICE

① *Notice of Lawsuit* ② *Order*

Service of the Summons and Complaint was made by me

DATE: 4-3-08

Name of SERVER: Loyce Hampson

TITLE: C08-00786BZ

Check one box below to indicate appropriate method of service

- [X] Served Personally upon the Defendant. Place where served: CT Corp 818 W. Seventh St. LA CA 90017

- [X] Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
  Name of person with whom the summons and complaint were left: Margaret Wilson, Process Specialist 4/3/08 @ 2:55pm

- [ ] Returned unexecuted:

- [X] Other (specify): Maersk Lines Ltd

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| Anaheim → LA → Anaheim | Service of Process | $40 |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  4/3/08
_____
Date

Signature of Server

225 S. Rio Vista St B70
Address of Server
Anaheim CA 92806

(1)  As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure

14

① Notice of Lawsuit ③ Waiver of Summons

## RETURN OF SERVICE

Service of the Summons and Complaint was made by me ② Order | DATE 4/3/08

Name of SERVER    Loyce Hampson    setting    TITLE C08-00786 BZ
circuit

Check one box below to indicate appropriate method of service    ADR deadlines

☒  Served Personally upon the Defendant. Place where served: CT Corp
818 W. Seventh St,
LA CA 90017

☒  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left:
Margaret Wilson, Process Specialist
4/3/08 @ 2:55 pm

☐  Returned unexecuted:

☒  Other (specify): Maersk Inc

## STATEMENT OF SERVICE FEES

TRAVEL    Anaheim → LA → Anaheim    SERVICES Service of Process    TOTAL $40.⁰⁰

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing
information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on   4/3/08
              Date

Signature of Server
225 S. Rio Vista St B70
Address of Server
Anaheim CA 92806

(1)   As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure

15

## RETURN OF SERVICE

| | | |
|---|---|---|
| Service of the Summons and Complaint was made by me [1] | DATE | 4/3/08 |

| Name of SERVER | TITLE |
|---|---|
| *Loyce Hampson* | *Shoaga vs* |
| | *AP Moller et al* |

Check one box below to indicate appropriate method of service

*C08-00786 BZ*

☒ Served Personally upon the Defendant. Place where served:

*CT Corp. 818 W. Seventh St.*
*L.A CA 90017*

☒ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

*Margaret Wilson, Process Specialist*
*4/3/08 @ 2:55pm*

☐ Returned unexecuted:

☒ Other (specify): *Maersk Lines Ltd*

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| *Anaheim → LA → Anaheim* | *Process Service* | *$40* |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on    *4/3/08*
      Date

      *[signature]*
      Signature of Server

      *225 S. Rio Vista St B70*
      Address of Server
      *Anaheim, CA 92806*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure

16

| Attorney or Party without Attorney:<br>**RAIMI SHOAGA**<br>P.O. BOX 7274<br>OAKLAND, CA 94601<br>Telephone No: 510 395-2926 | | *For Court Use Only* |
|---|---|---|
| Attorney for: Plaintiff | Ref. No. or File No.: | |

Insert name of Court, and Judicial District and Branch Court:

United States District Court, Northern District Of California

Plaintiff: SHOAGA

Defendant: A.P. MOLLER

| **PROOF OF SERVICE**<br>**SUMMONS & COMPLAINT** | Hearing Date: | Time: | Dept/Div: | Case Number:<br>C08-00786 |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS & COMPLAINT

3. a. *Party served:*          MAERSK, INC. -C/O CT CORPORATION SYSTEM
   b. *Person served:*         MARGARET WILSON- Process Specialist

4. *Address where the party was served:*     818 WEST SEVENTH ST.
                                             LOS ANGELES, CA 90017

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Wed., Apr. 09, 2008 (2) at: 11:06AM

6. *The "Notice to the Person Served" (on the Summons) was completed as follows:*
   *on behalf of:* MAERSK, INC. -C/O CT CORPORATION SYSTEM
   Under CCP 416.10 (corporation)

7. *Person Who Served Papers:*                    Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. BENON DEMIRCHYAN             d. *The Fee for Service was:*   $100.00
   b. **COUNTRYWIDE PROCESS, LLC**       e. I am: (3) registered California process server
      5437 LAUREL CANYON BLVD. #112         (i)  Independent Contractor
      VALLEY VILLAGE, CA 91607              (ii) *Registration No.:*     3929
   c. (818) 980-7378, FAX (818) 980-5358    (iii) *County:*           Los Angeles
                                            (iv) *Expiration Date:*    Sat, Jun. 07, 2008

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

Date: Thu, Apr. 10, 2008

Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007                    PROOF OF SERVICE
                              SUMMONS & COMPLAINT                    (BENON DEMIRCHYAN)
                                                                    200803924.raisho.64826

# COUNTRYWIDE PROCESS, LLC

| Thursday April 10, 2008 | *INVOICE* | RAISHO.64826 |

## 5437 LAUREL CANYON BLVD. #112
## VALLEY VILLAGE, CA 91607
Telephone: (818) 980-7378, FAX: (818) 980-5358, Tax ID: 35-2230222

RAIMI SHOAGA
P.O. BOX 7274
OAKLAND CA 94601

Work Order #: 200863924
Case #: C08-00786
Court: UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA
Title: SHOAGA vs. A.P. MOLLER
Documents: SUMMONS & COMPLAINT

| Date | Description | Amount |
|------|-------------|--------|
| 04/09/08 11:06AM | Personal Service  MAERSK, INC. -C/O CT CORPORATION SYSTEM, AT Business 818 WEST SEVENTH ST.  LOS ANGELES CA  90017, by serving: MARGARET WILSON- Process Specialist, Served By: BENON DEMIRCHYAN | |
| 04/07/08 | Deposit On Services  MONEY GRAMCheck Number: 5733164549, Thank You! | -100.00 |
| 04/10/08 | PROCESS SERVICE | 100.00 |
| | PLEASE PAY FROM THIS INVOICE. | 0.00 |

**WHEN PAYING FROM ANY INVOICE OR STATEMENT PLEASE MAIL A COPY TO OUR OFFICE ALONG WITH YOUR PAYMENT.**
**THANK YOU FOR YOUR BUSINESS.**

VISIT US ONLINE AT www.countrywideprocess.com

SERVING LOS ANGELES, ORANGE, RIVERSIDE, SAN BERNARDINO, VENTURA AND SAN DIEGO COUNTIES.

DO NOT BE LEFT BEHIND. ASK US ABOUT THE UPCOMING E-FILING PROGRAM. SAVE TIME, MONEY AND KEEP BETTER TRACK OF WORK YOU HAVE SENT OUT.

18

**SENDER: COMPLETE THIS SECTION**

**COMPLETE THIS SECTION ON DELIVERY**

2. Article Number
(Transfer from service label)    7007 1490 0001 9627 7192

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CT Corp.
818 W. Seventh
Los Angeles
CA 90017

**COMPLETE THIS SECTION ON DELIVERY**

2. Article Number
(Transfer from service label)    7007 1490 0001 9627 7208

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

To: Attorney John D Kinnamen
Keesal Young + Logan
1301 Fifth Ave
Seattle, WA 98101

**COMPLETE THIS SECTION ON DELIVERY**

Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)    7007 3020 0002 0860 8630

PS Form 3811, February 2004     Domestic Return Receipt     1595-02-M-1540

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

☐ Agent
☐ Addressee

1. Article Addressed to:

Attorney Christopher
Covington + Burling
1201 Pennsylvania
NW
Washington DC 20004

☐ Express Mail
☐ Return Receipt for Merchandise
☐ C.O.D.
☐ Yes

2. Article Number
(Transfer from service label)    7007 3020 0860 3406

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

☐ Agent
☐ Addressee
Date of Delivery
☐ Yes
☐ No

1. Article Addressed to:

Attorney Lisa B.
Van Baskirk Mark
World Trade Center
101 W Main St
Norfolk Virginia

☐ Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7007 3020 0002 0860 8647

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

☐ Agent
☐ Addressee    C. Date of Delivery

Lisa Meeks

D. Is delivery address different from item 1?    ☐ Yes
If YES, enter delivery address below:    ☐ No

1. Article Addressed to:

Attorney Erick Leusch
Freehill Hogan +
Mahar
80 Pine St
NY NY 10005

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.
4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7007 3020 0002 0860 8609

PS Form 3811, February 2004    Domestic Return Receipt

20

**SENDER: COMPLETE THIS SECTION**

Attorney
Holmes
999 Third
Seattle, Washington

2. Article Number
(Transfer from service label)    7007 3020 0002 0860 3383

PS Form 3811, February 2004    Domestic Return Receipt

---

**COMPLETE THIS SECTION**

1. Article Ad

Attorney
Brown
177
Houston TX 77027

2. Article Number
(Transfer from service label)    7008 0150 0002 5962 5165

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

1. Article Addressed to:

Attorney Christopher
De Orchis, Museum
61 Broadway
NY, NY 1006

2. Article Number
(Transfer from service label)    7008 0150 0002 5962 5172

PS Form 3811, February 2004

21



22





**Registered No.** RE18118495US

Reg. Fee RE18118495

Handling Charge $10.15   Return Receipt $2.15

Postage $0.00   Restricted Delivery $2.15

Received by $12.00

Customer Must Declare Full Value $

OFFICIAL USE

FROM
RAIMI SHOAGA
BOX 7274
OAKLAND, CA 94601
USA

TO
Danish Ministry of Justice
(Justitsministeriet)
Slotsholmsgade 10
1216 Copenhagen K   DENMARK

PS Form 3806,   Receipt for Registered Mail   Copy 1 - Customer
May 2004 (7530-02-000-9051)   (See Information on Reverse)
For domestic delivery information, visit our website at www.usps.com ®

**Registered No.** RE18118494US

Reg. Fee $10.1

Handling Charge $0.00   Return Receipt $2.15

Postage $10.4   Restricted Delivery $0.00

Received by

Customer Must Declare Full Value $

OFFICIAL USE

FROM
RAIMI SHOAGA
BOX 7274   OAKLAND
CALIFORNIA   USA

TO
Att. Moller Maderskals
Esplanaden 50
1098 Copenhagen K
DENMARK

PS Form 3806,   Receipt for Registered Mail   Copy 1 - Customer
May 2004 (7530-02-000-9051)   (See Information on Reverse)
For domestic delivery information, visit our website at www.usps.com ®

U.S. Postal Service
CERTIFIED MAIL   RECEIPT
(Domestic Mail Only: No Insurance Coverage Provided)
For delivery information, visit our website at www.usps.com ®

OFFICIAL USE

Postage $   $2.05
Certified Fee $2.65
Return Receipt Fee (Endorsement Required) $2.15
Restricted Delivery Fee (Endorsement Required) $0.00
Total Postage & Fees $   $7.64

Sent To CT Corp
Street, Apt. No.; or PO Box No. 818 W Seventh St
City, State, ZIP+4 LA CA 90017

PS Form 3800, August 2006   See Reverse for Instructions

U.S. Postal Service
CERTIFIED MAIL   RECEIPT
(Domestic Mail Only: No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com ®

OFFICIAL USE

Postage $   $
Certified Fee $2.65
Return Receipt Fee (Endorsement Required)
Restricted Delivery Fee (Endorsement Required) $0.00
Total Postage & Fees $   $7.64

Sent To Attorney Boby Riley
Street, Apt. No.; or PO Box No.
City, State, ZIP+4

PS Form 3800, August 2006   See Reverse for Instructions

23

```
              OAKLAND MPO?
              OAKLAND, California
              946159719
              0555110020 -0098
02/04/2008    (800)275-8777          08:50:19 PM

              Sales Receipt
Product       Sale Unit          Final
Description   Qty  Price          Price

DENVER CO 80209 Zone-5            $2.84
First-Class Large Env
12.70 oz.
  Return Rcpt (Green Card)        $2.15
  Certified                      $2.65
  Label #:    70071490000196277192
                                 ========
  Issue PVI:                     $7.64

LOS ANGELES CA 90017             $2.84
Zone-4 First-Class
Large Env
12.40 oz.
  Return Rcpt (Green Card)        $2.15
  Certified                      $2.65
  Label #:    70071490000196277208
                                 ========
  Issue PVI:                     $7.64

MESQUITE TX 75180                $1.65
Zone-7 First-Class
Large Env
  5.30 oz.
                                 ========
  Issue PVI:                     $1.65

MESQUITE TX 75180                $4.60
Zone-7 Priority Mail
15.30 oz.
                                 ========
  Issue PVI:                     $4.60

Denmark - First-Class           $10.40
Int'l
12.40 oz.
  Return Receipt                  $2.15
  Registered                    $10.15
  Insured Value :                $0.00
  Article Value :                $0.00
  Label #:    RE181184945US
                                 ========
  Issue PVI:                     $22.70

Certificate   1    $1.05         $1.05
of Mailing
Denmark - First-Class           $12.00
Int'l
1 lb.  4.00 oz.
  Return Receipt                  $2.15
  Registered                    $10.15
  Insured Value :                $0.00
  Article Value :                $0.00
  Label #:    RE181184959US
                                 ========
  Issue PVI:                     $24.30

Nigeria - Express Mail          $42.00
Int'l
2 lb. 15.70 oz.
  Label #:    EB995117338US
  Customs Form #: CP404570998US
                                 ========
  Issue PVI:                     $42.00


Total:                          $111.58

Paid by:
Cash                            $111.58
```

Order stamps at USPS.com/shop or call
1-800-Stamp24.  Go to USPS.com/clicknship
to print shipping labels with postage.
For other information call 1-800-ASK-USPS.
*********************************************
*********************************************
       "LET US DARE TO READ, THINK,
           SPEAK AND WRITE."
              -JOHN ADAMS, 1765
            www.poweroftheletter.com
*********************************************
*********************************************

Bill #: 1000201000246
Clerk: 43

All sales final on stamps and postage.
Refunds for guaranteed services only.
       Thank you for your business.



24

**U.S. Postal Service**
**CERTIFIED MAIL   RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

**OFFICIAL USE**

| | | |
|---|---|---|
| Postage | $ | $2.50   0020 |
| Certified Fee | $2.65 | 20 |
| Return Receipt Fee (Endorsement Required) | $2.15 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ | $7.30   02/19/2008 |

Sent To _Attorney William J. Devoe_
Street, Apt. No.; or PO Box No. _Holmes Weddle & Barcott_
City, State, ZIP+4 _999 Third Ave Seattle WA_

PS Form 3800, August 2006   See Reverse for Instructions

7007 3020 0000 0860 3383

---

**U.S. Postal Service**
**CERTIFIED MAIL   RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

**OFFICIAL USE**

| | | |
|---|---|---|
| Postage | $ | $2.50   0020 |
| Certified Fee | $2.65 | 20 |
| Return Receipt Fee (Endorsement Required) | $2.15 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ | $7.30   02/19/2008 |

Sent To _Attorney Christopher J._
Street, Apt. No.; or PO Box No. _Collum, Brown & Burling ton_
City, State, ZIP+4 _1200 Pennsa Nanua Ave NW_

PS Form 3800, August 2006   See Reverse for Instructions

7007 3020 0000 0860 3406

---

**U.S. Postal Service**
**CERTIFIED MAIL   RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

**OFFICIAL USE**

| | | |
|---|---|---|
| Postage | $ | $2.50   0020 |
| Certified Fee | $2.65 | 20 |
| Return Receipt Fee (Endorsement Required) | $2.15 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ | $7.30   02/19/2008 |

Sent To _Attorney Erick Leuck_
Street, Apt. No.; or PO Box No. _Cadwall Hogan & Mahar_
City, State, ZIP+4 _80 Pine St NY NY_

PS Form 3800, August 2006   See Reverse for Instructions

7007 3020 0000 0860 8649

---

**U.S. Postal Service**
**CERTIFIED MAIL   RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

**OFFICIAL USE**

| | | |
|---|---|---|
| Postage | $ | $2.50   0020 |
| Certified Fee | $2.65 | 20 |
| Return Receipt Fee (Endorsement Required) | $2.15 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ | $7.30   02/19/2008 |

Sent To _Attorney Sean Buckus_
Street, Apt. No.; or PO Box No. _101 W. Main St #500_
City, State, ZIP+4 _Norfolk, Virginia 2510_

PS Form 3800, August 2006   See Reverse for Instructions

7007 3020 0000 0860 8647

---

**U.S. Postal Service**
**CERTIFIED MAIL   RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

**OFFICIAL USE**

| | | |
|---|---|---|
| Postage | $ | $2.50 |
| Certified Fee | | 20 |
| Return Receipt Fee (Endorsement Required) | $2.15 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | $7.30   02/25/2008 |

Sent To _Attorney Christophe Mansuy_
Street, Apt. No.; or PO Box No. _De Orchist Partners LLP_
City, State, ZIP+4 _61 Broadway #2600 NY NY_

PS Form 3800, August 2006   See Reverse for Instructions

7008 0150 0002 5965 5172

---

**U.S. Postal Service**
**CERTIFIED MAIL   RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

**OFFICIAL USE**

| | | |
|---|---|---|
| Postage | $ | $2.50   0020 |
| Certified Fee | $2.65 | 20 |
| Return Receipt Fee (Endorsement Required) | $2.15 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ | $7.30   02/19/2008 |

Sent To _Attorney John D. Kimmerlein_
Street, Apt. No.; or PO Box No. _Kdesal, Young & Logan_
City, State, ZIP+4 _Seattle WA 98101_

PS Form 3800, August 2006   See Reverse for Instructions

7007 3020 0000 0860 8630

25

```
          FRUITVALE STATION
         OAKLAND, California
             9460013023
           0555110016 -009B
02/05/2008   (510)251-3352      05:14:54 PM

                Sales Receipt
Product            Sale Unit      Final
Description         Qty Price     Price

Nigeria - First-Class             $8.65
Int'l
8.30 oz.
Return Receipt                    $2.15
Registered                       $10.15
Insured Value :      $0.00
Article Value :      $0.00
Label #:        RA401648472US
                                 ========
  Issue PVI:                     $20.95

Nigeria - First-Class             $8.65
Int'l
8.20 oz.
Return Receipt                    $2.15
Registered                       $10.15
Insured Value :      $0.00
Article Value :      $0.00
Label #:        RA401648486US
                                 ========
  Issue PVI:                     $20.95

WINSTON SALEM NC 27116            $1.31
Zone-8 First-Class
Large Env
3.70 oz.
                                 ========
  Issue PVI:                     $1.31

Nigeria - First-Class             $8.65
Int'l
8.30 oz.
Return Receipt                    $2.15
Registered                       $10.15
Insured Value :      $0.00
Article Value :      $0.00
Label #:        RA401648490US
                                 ========
  Issue PVI:                     $20.95

Denmark - First-Class            $10.40
Int'l
14.00 oz.
Return Receipt                    $2.15
Registered                       $10.15
Insured Value :      $0.00
Article Value :      $0.00
Label #:        RA401648509US
                                 ========
  Issue PVI:                     $22.70


Total :                          $86.86

Paid by:
Debit Card                       $86.86
Account #:       XXXXXXXXXXXX2104
Approval #:      260537
Transaction #:   117
23 903350601
Receipt#:        003817

Order stamps at USPS.com/shop or call
1-800-Stamp24.  Go to USPS.com/clicknship
to print shipping labels with postage.
For other information call 1-800-ASK-USPS.
```

```
*******************************
    "LET US DARE TO READ, THINK,
       SPEAK AND WRITE."
        -JOHN ADAMS, 1765
       www.powleroftheletter.com

*******************************
*******************************

BILL#: 1000203057624
Clerk: 12

All sales final on stamps and postage.
Refunds for guaranteed services only.
    Thank you for your business.
*******************************
*******************************
      HELP US SERVE YOU BETTER

    Go to: http://gx.gallup.com/pos

    TELL US ABOUT YOUR RECENT
         POSTAL EXPERIENCE

       YOUR OPINION COUNTS
*******************************
*******************************


         Customer Copy
```



OAKLAND MPO
OAKLAND, California
946159719
0555110020 -0097
02/25/2008    (800)275-8777    03:51:55 PM

_____

Sales Receipt

| Product Description | Sale Qty | Unit Price | Final Price |
|---|---|---|---|
| SEATTLE WA 98122 Zone-5 First-Class Large Env 5.40 oz. | | | $1.65 |
| Return Rcpt (Green Card) | | | $2.15 |
| Certified | | | $2.65 |
| Label #: | 70080150000259625196 | | |
| Issue PVI: | | | $6.45 |
| NEW YORK NY 10006 Zone-8 First-Class Large Env 10.80 oz. | | | $2.50 |
| Return Rcpt (Green Card) | | | $2.15 |
| Certified | | | $2.65 |
| Label #: | 70080150000259625172 | | |
| Issue PVI: | | | $7.30 |
| Nigeria - First-Class Int'l 2 lb. 11.20 oz. | | | $20.25 |
| Registered | | | $10.15 |
| Insured Value : | | $0.00 | |
| Article Value : | | $0.00 | |
| Label #: | RE181185353US | | |
| Customs Form #: LC253207033US | | | |
| Issue PVI: | | | $30.40 |
| HOUSTON TX 77027 Zone-7 First-Class Large Env 6.30 oz. | | | $1.82 |
| Return Rcpt (Green Card) | | | $2.15 |
| Certified | | | $2.65 |
| Label #: | 70080150000259625165 | | |
| Issue PVI: | | | $6.62 |

Total:                        $50.77

Paid by:
Cash                         $60.00
Change Due:                  -$9.23

Order stamps at USPS.com/shop or call
1-800-Stamp24.  Go to USPS.com/clicknship
to print shipping labels with postage.
For other information call 1-800-ASK-USPS.

Bill#: 1000301490354
Clerk: 20

All sales final on stamps and postage.
Refunds for guaranteed services only.
Thank you for your business.

************************************************

HELP US SERVE YOU BETTER

Go to: http://gx.gallup.com/pos

TELL US ABOUT YOUR RECENT
POSTAL EXPERIENCE

YOUR OPINION COUNTS

************************************************

Customer Copy

---

| WASHINGTON DC 20004 Zone-8 First-Class Large Env 10.70 oz. | | | $2.50 |
|---|---|---|---|
| Return Rcpt (Green Card) | | | $2.15 |
| Certified | | | $2.65 |
| Label #: | 70073020000208603406 | | |
| Customer Postage | | | -$0.80 |
| Issue PVI: | | | $6.50 |
| SEATTLE WA 98104 Zone-5 First-Class Large Env 10.70 oz. | | | $2.50 |
| Return Rcpt (Green Card) | | | $2.15 |
| Certified | | | $2.65 |
| Label #: | 70073020000208603383 | | |
| Customer Postage | | | -$0.78 |
| Issue PVI: | | | $6.52 |
| NEW YORK NY 10005 Zone-8 First-Class Large Env 10.80 oz. | | | $2.50 |
| Return Rcpt (Green Card) | | | $2.15 |
| Certified | | | $2.65 |
| Label #: | 70073020000208608609 | | |
| Customer Postage | | | -$0.78 |
| Issue PVI: | | | $6.52 |
| NORFOLK VA 23510 Zone-8 First-Class Large Env 10.70 oz. | | | $2.50 |
| Return Rcpt (Green Card) | | | $2.15 |
| Certified | | | $2.65 |
| Label #: | 70073020000208608647 | | |
| Customer Postage | | | -$0.39 |
| Issue PVI: | | | $6.91 |
| SEATTLE WA 98101 Zone-5 First-Class Large Env 10.80 oz. | | | $2.50 |
| Return Rcpt (Green Card) | | | $2.15 |
| Certified | | | $2.65 |
| Label #: | 70073020000208608600 | | |
| Customer Postage | | | -$0.39 |
| Issue PVI: | | | $6.91 |

Total:                        $46.08

Paid by:
Cash                         $46.08

Order stamps at USPS.com/shop or call
1-800-Stamp24.  Go to USPS.com/clicknshp
to print information call 1-800-ASK-USPS.
For other information call 1-800-ASK-USPS.

************************************************
************************************************
"LET US DARE TO READ, THINK,
SPEAK AND WRITE."
-JOHN ADAMS, 1765
www.poweroftheletter.com
************************************************
************************************************

Bill#: 1000301483896
Clerk: 20

All sales final on stamps and postage.
Refunds for guaranteed services only.
Thank you for your business.
************************************************

27

U.S. POSTAGE
OAKLAND, CA
94607
FEB 05 08
AMOUNT
$20.95
00049290-12

UNITED STATES
POSTAL SERVICE

0000

United States Postal Service
REGISTERED MAIL

RA 401 648 486 US

(102595) 99-M-1904

| Item Description (Nature de l'envoi) | Registered Article (Envoi recommandé) | ☐ Letter (Lettre) | ☑ Printed Matter (Imprimé) | ☐ Other (Autre) | Recorded Delivery (Envoi à livraison attestée) | Express ☐ Mail International |
|---|---|---|---|---|---|---|

☐ Insured Parcel (Colis avec valeur déclarée)

Insured Value (Valeur déclarée) | Article Number
RA401648486 US

Office of Mailing (Bureau de dépôt)
Oakland Ca

Date of Posting (Date de dépôt)
2/5/08

Addressee Name or Firm (Nom ou raison sociale du destinataire)
Nigerian Ports Authority

Street and No. (Rue et No.)
RORO / Tin Can Island

Place and Country (Localité et pays)
Apapa, Lagos, Nigeria

This receipt must be signed by: (1) the addressee; or, (2) a person authorized to sign under the regulations of the country of destination; or, (3) if those regulations so provide, by the employee of the office of destination. This signed form will be returned to the sender by the first mail.

(Cet avis doit être signé par le destinataire ou par une personne autorisée en vertu des règlements du pays de destination, ou, si ces règlements le comportent, par l'agent du bureau de destination, et renvoyé par le premier courrier directement à l'expéditeur.)

Postmark of the office of destination (Timbre du bureau de destination)

☐ The article mentioned above was duly delivered. (L'envoi mentionné ci-dessus a été dûment livré.) | Date

Signature of Addressee (Signature du destinataire)

Office of Destination Employee Signature (Signature de l'agent du bureau du destination)

PS Form 2865, February 1997 (Reverse)

**Bertain, Lisa**

| | |
|---|---|
| **From:** | judy.laudati@ubs.com |
| **Sent:** | Tuesday, June 24, 2008 3:05 PM |
| **To:** | Bertain, Lisa |
| **Subject:** | Re: McAllister v UBS |

She said Monday meaning yesterday. I can work with the 25th.
--------------------------
Sent using BlackBerry


----- Original Message -----
From: Bertain, Lisa <Lisa.Bertain@kyl.com>
To: Laudati, Judy
Sent: Tue Jun 24 18:04:51 2008
Subject: RE: McAllister v UBS

Hi Judy: Claudia mentioned that she wanted it by June 30th in our call.
I think I can have it to you by June 25th. Will that work for you?
Thanks. Lisa

-----Original Message-----
From: judy.laudati@ubs.com [mailto:judy.laudati@ubs.com]
Sent: Tuesday, June 24, 2008 1:55 PM
To: Bertain, Lisa
Subject: Re: McAllister v UBS

Lisa, thnx. When can we expect the strengths and weaknesses memo?   Judy
--------------------------
Sent using BlackBerry


----- Original Message -----
From: Bertain, Lisa <Lisa.Bertain@kyl.com>
To: Laudati, Judy
Sent: Tue Jun 24 13:33:08 2008
Subject: FW: McAllister v UBS

Hi Judy: Please see below for Chris Cooke's response to our request for
documents that indicate the date that he received your letter dated July
6 and the date he sent it to Doug McAllister. We will let you know what
the record indicates as soon as he produces it to us. Thanks. Lisa

------------------------------------------

From: Christopher Cooke [mailto:ccooke@ckwlaw.com]
Sent: Tuesday, June 24, 2008 10:27 AM
To: Bertain, Lisa
Cc: Jeffrey Kobrick
Subject: Re: McAllister v UBS


sorry, I had a few typos in my email:

1. "none-exchanged" exhibits:  I meant that we are only exchanging
exhibits that the parties have not previously exchanged or produced to
one another.  I will ask for early morning delivery.

2.  we can each have exhibit books/binders on the first day, for each
other (and the arbitrators).

3. Your summary of Ben's 6/18 email regarding the CD and emails reflects
my understanding.

1

4.   on the ROA, 12 months trailing: yes, you have summarized what we need.

5.   on the documents you asked for, I found a responsive record on my defunct computer (indicating when I sent the letter to Mr. McAllister), and will produce it today.   I do not have any records showing the date the letter was received in my office, such as  Federal Express envelope or date stamp or fax coversheet (the letter was sent by US Mail, and I did not keep the envelope).

-Chris


On Jun 24, 2008, at 10:06 AM, Bertain, Lisa wrote:

        Hi Chris:

        Ben apprised me of your agreements. Please see my comments below.

        _____

        From: Christopher Cooke [mailto:ccooke@ckwlaw.com]
        Sent: Monday, June 23, 2008 5:28 PM
        To: Bertain, Lisa
        Cc: Jeffrey Kobrick
        Subject: Re: McAllister v UBS


        Lisa,

        Regarding your plan for the exchange of focuments, yes, we agree that the parties can either (1) fax or (2) email to each other the witness list and exhibit designations, by 4 pm.  Sounds good.

        On the exhibits, Ben and I had agreed that each side would not need to specifically exchange exhibits with the other unless the exhibits had not been produced before.  We had also agreed that each side would not need to specifically identify any previously exchanged records as an exhibit.  Agree. We'll have exhibit books for each other on the first day of arbitration, right?

        So, you need not identify and exchange any exhibits you intend to use if  you have previously produced to the record to us, or if we have previously produced to it you, and vice versa, except generally (e.g. "records produced by Claimaint"; "records produced by Respondent").  However, for any new exhibits, such as a chart prepared by counsel or an expert, or a none-exchanged record, that should be exchanged.   Not sure what you mean by "none-exchanged record".

        We had also agreed that the CD that I sent, containing the emails that UBS had obtained, would serve as the parties' control set of all such emails, and we will stipulate to the authenticity of them, and how they were obtained by UBS' vendor, etc., without need for you to have someone from the forensic firm appear.   In Ben's 6/18 email I understand that he set forth the parties agreement regarding the CD. In that email, he confirmed: "The parties have agreed that any email which is used as an exhibit at the arbitration hearing must bear a bates stamp of either "DM ___," "UBS ____" or "Cooke ___" to reflect that it has been produced." Please let me know immediately if that is not your understanding. If it is not please forward to me your response that you sent to Ben's 6/18 confirming email.

        We will overnight to you any new documents tomorrow night, so

you receive them by Wednesday. Can you please specify early morning delivery? I'll do the same.

Regarding the ROA information you just sent, we also needed the 12 months trailing revenue information for those periods, for both Mr. McAllister and Mr. Gibbs' accounts, if available.  Sorry if there is any confusion. I assume you want the trailing 12 months as of 12/04 for McAllister and Gibbs then as of March 05 for McAllister. Is that right?

I am still looking for the information you requested regarding the date of delivery of the July 6, 2005 letter to Mr. McAllister.  I will let you know tomorrow if I find a record.  All of have, in paper files, is the original of the letter, but no envelope or date stamp.  I may have an email to my client showing when I sent it to him, assuming I scanned it in and sent it to him, but I need to look through a defunct computer to see if I do. Thanks for following up on this. Please let me know what you find.

Thanks and please call me if I have misunderstood anything or misstated anything.

I hope Ben's baby is healthy and he  and family are fine. Thanks! All is well! They have a beautiful baby girl!

Lisa


On Jun 23, 2008, at 5:06 PM, Bertain, Lisa wrote:

Hi Chris:
We'll try to get you the documents tomorrow on ROA. Here are the ROA numbers you requested:

McAllister 2004 ROA: .33%
McAllister March 2005 YTD ROA: .20%
Gibbs 2004 ROA: .12%

This information is confidential pursuant to our confidentiality agreement.

With respect to the 20 Day Exchange, I propose that we fax each other our witness lists and exhibit designation by 4:00 p.m. tomorrow and then send  the new documents to be used in the Exchange tomorrow via overnight for early morning delivery on Wednesday morning. Does that sound like a good plan?
Thanks! Lisa

---

From: Christopher Cooke [mailto:ccooke@ckwlaw.com]
Sent: Friday, June 20, 2008 3:56 PM
To: White, Benjamin
Cc: Jeffrey Kobrick; Bertain, Lisa; Young, Gordon
Subject: Re: McAllister v UBS


Thanks Ben, good luck with the baby.

We do not object to providing the  information you requested, but I will have to see what information we have.  My office in San Francisco did not date-stamp incoming correspondence.  I will look through my files this
weekend, to see if we have some other record of receipt

3

and transmission.

Regarding the return on assets information, we need it to give to our damages expert, who told us about her desire to see this type of information this week, which is why I asked for it late.

If we get the information from you on Monday, she should have a chart we can provide you as part of the exhibits exchange on Tuesday.

If we get the information from you later, e.g. Wednesday, will you agree that we can use the chart as an exhibit, assuming we get it to you as soon as she prepares it and gives it to us?

Thanks


On Jun 20, 2008, at 3:47 PM, White, Benjamin wrote:

Chris:

We are writing to respond to your request for additional documents.

With respect to your request for ROA information for Mr. McAllister for December 2004 and March 2004, and for Alan Gibbs for December 2004, we will provide you with the requested ROA information. We will be able to provide it next week.

With respect to Pacific Business Group on Health, we do not object to your requesting the issuance of a subpoena to PBGH. As to your request for correspondence in July 2005 between UBS and PBGH, we object to the request because it is unduly burdensome. Branch correspondence is kept by date, not account/client. Therefore, a search for the records you have requested would be unduly burdensome. However, we are working to obtain the final account statements for PBGH's account(s) to determine the date the account transferred out of UBS. If you have a specific date or couple of dates you believe that PBGH corresponded with UBS, please let us know and we will determine whether a search for correspondence on those dates is appropriate.

We have a follow-up request for you. Please provide us with: (1) the date that your office received the cease and desist letter from Judy Laudati to you dated July 6, 2005 and the date you forwarded that letter to Mr. McAllister; (2) documents which reflect the date the letter from Judy Laudati to you dated July 6, 2005 was received by you (i.e. a date stamp) and then forwarded to Mr. McAllister. Please let us know by Monday whether you will provide us this information/documents.

As I mentioned this afternoon, the baby is going to be born on Sunday (if she doesn't arrive sooner), so I will be out of the office for a while. Please make sure include Lisa Bertain (lisa.bertain@kyl.com) and Gordon Young (gordon.young@kyl.com) on any correspondence/emails so that we can respond in a timely fashion.

Thanks in advance for your cooperation.

Regards,

Ben


-----Original Message-----

4

From: Christopher Cooke
[mailto:ccooke@ckwlaw.com <mailto:ccooke@ckwlaw.com> ]
Sent: Friday, June 20, 2008 9:46 AM
To: White, Benjamin
Subject: Re: McAllister v UBS

Ben

the individual ROA, including the 12 month
trailing revenue, is fine
as long as it gives the  sum total ROA
for all accounts for each broker (McAllister and
Gibbs).

Thanks

-Chris
On Jun 20, 2008, at 6:42 AM, White, Benjamin
wrote:

> Hi Chris:
>
> Thanks for the clarification.  One additional
question.  Are you
> seeking
> the information by joint FC number (i.e.
FGGM)?  Or would it be
> sufficient to obtain documents which reflect
what Doug's and Alan's
> overall individual ROA (i.e. for all
individual and split production)
> during the months noted below?
>
> Thanks,
> Ben
>
> -----Original Message-----
> From: Christopher Cooke
[mailto:ccooke@ckwlaw.com <mailto:ccooke@ckwlaw.com> ]
> Sent: Wednesday, June 18, 2008 4:11 PM
> To: White, Benjamin
> Subject: Re: McAllister v UBS
>
> I think the latter information would be
sufficient.
>
> Please take a look at the specific pages I
referenced.  They show, for
> FGGM (one page for Mr. Gibbs, the other for
Mr. McAllister, re this
> split account),   the 12 month trailing
revenue, assets and return on
> assets as of 9/30/04.  We want the same
information as of 12/31/04.
>
> And then, we want the same information, just
for Mr. McAllister, as of
> 3/31/2005.
>
> So, if you have the historical reports, great.
If not, we will take
> the information in any other form that it has
been maintained.
>
> On Jun 18, 2008, at 2:03 PM, White, Benjamin
wrote:

5

>
>> Chris:
>>
>> I am trying to ascertain from my client
whether it is possible to
>> obtain
>> Return on Assets Reports (such as the ones
you referred to at DM
>> 1641-DM
>> 1674 and DM 1675-DM 1732) on a historical
basis for the months you
>> have
>> requested.  I will let you know as soon as I
find out what the answer
>> is.  In the meantime, I wanted to check with
you to see if you
>> specifically want the "Return on Assets
Report" for those months, or
>> are
>> you looking for any type of
report/documentation which would reflect
>> what Doug's and Alan's ROA was as of the
dates listed below?
>>
>> Thanks in advance for providing this
requested clarification.
>>
>> Thanks,
>> Ben
>>
>> -----Original Message-----
>> From: Christopher Cooke
[mailto:ccooke@ckwlaw.com <mailto:ccooke@ckwlaw.com> ]
>> Sent: Wednesday, June 18, 2008 9:32 AM
>> To: White, Benjamin
>> Subject: McAllister v UBS
>>
>> Dear Counsel:
>>
>> I am in the office this morning, available to
talk, about the email
>> issues.
>>
>> We have a request for a few additional
records:
>>
>> (1) a "return on assets" report for Mr.
McAllister as of  December
>> 31,
>> 2004
>>
>> (2) a "return on assets" report Mr. Gibbs, as
of  December 31, 2004;
>>
>> (3) a "return on assets" report for Mr.
McAllister as of March 31,
>> 2005; and
>>
>> (4) correspondence/communications in or about
July 2005 from Pacific
>> Business Group on Health (which includes
Pacific Advantage) and UBS
>>
>>        regarding (a) Pacific Business Group on
Health's difficulties
>> receiving account statements from UBS
>>

6

>> and (b) Pacifici Business Group on Health's closing of its
>> accounts
>> at UBS.
>>
>> For items 1 through 3, examples of these reports may be found at DM
>> 1641- DM 1674 (for Mr. Gibbs) and DM 1675 - DM 1732 (for Mr.
>> McAllister) for the periods ended 9/30/2004.
>> Essentially, we want to know the same information contained on pages
>> DM 1663 and DM 1719 of these reports for these other periods (assets,
>> 12 months trailing revenue, and return on assets).  If you have some
>> other way of providing us that information, that would be acceptable.
>>
>> For item 4, we understand that Jim Nickoff called Mr. Tarrab and then
>> sent him correspondence/emails, some of which have been produced, but
>> we specifically want the correspondence/communications on or about
>> July 15, 2005 closing Pacific Business Group on Health's accounts.
>>
>>
>> Please let us know as soon as you can whether UBS will produce these
>> items.  We would ask if you can get us items 1-3 by tomorrow or
>> Friday, at the latest, or if you are not willing to produce them.
>>
>> For item 4, we also intend to ask the Panel to authorize us to
>> issue a
>> subpoena to Pacific Business Group on Health, so please advise if you
>> will
>> oppose this request.
>>
>> Regarding your requests, I have Mr. McAllister's W-2 for 2006 and
>> will
>> produce it once I have it bates-stamped, and I will have Mr.
>> McAllister sign the consents for the medical records today and get
>> them to you as well.
>>
>>
>>
>> _____
>> Christopher C. Cooke
>> Cooke Kobrick & Wu LLP
>> 177 Bovet Road, Suite 600
>> San Mateo, CA 94402
>>
>> Tel.:        650-638-2370
>> Fax:    650-240-0360
>> Cell:  650-787-4976
>>
>> website: www.ckwlaw.com
>>

```
>> _____
>> This message is intended to be confidential,
and may be legally
>> privileged. If you are not the intended
recipient, please delete this
>> message from your system immediately and
notify me of the erroneous
>> transmission to you. Any unauthorized use,
disclosure, copying or
>> distribution is prohibited and may be
unlawful.
>>
>> IRS Circular 230 disclosure:
>>
>> If there is any U.S. tax advice contained in
this e-mail (including
>> any attachments to
>> this e-mail), such advice is not intended to
be used for the purpose
>> of avoiding
>> penalties under the Internal Revenue Code or
promoting, marketing or
>> recommending
>> to another party any transaction or matter
addressed herein.
>>
>>
>
>
> _____
> Christopher C. Cooke
> Cooke Kobrick & Wu LLP
> 177 Bovet Road, Suite 600
> San Mateo, CA 94402
>
> Tel.:   650-638-2370
> Fax:    650-240-0360
> Cell:   650-787-4976
>
> website: www.ckwlaw.com
>
> _____
> This message is intended to be confidential,
and may be legally
> privileged. If you are not the intended
recipient, please delete this
> message from your system immediately and
notify me of the erroneous
> transmission to you. Any unauthorized use,
disclosure, copying or
> distribution is prohibited and may be
unlawful.
>
> IRS Circular 230 disclosure:
>
> If there is any U.S. tax advice contained in
this e-mail (including
> any attachments to
> this e-mail), such advice is not intended to
be used for the purpose
> of avoiding
> penalties under the Internal Revenue Code or
promoting, marketing or
> recommending
> to another party any transaction or matter
addressed herein.
>
>
```

8

Christopher C. Cooke
Cooke Kobrick & Wu LLP
177 Bovet Road, Suite 600
San Mateo, CA 94402

Tel.:    650-638-2370
Fax:     650-240-0360
Cell:  650-787-4976

website: www.ckwlaw.com

This message is intended to be confidential, and may be legally
    privileged. If you are not the intended recipient, please delete this
    message from your system immediately and notify me of the erroneous
    transmission to you. Any unauthorized use, disclosure, copying or
    distribution is prohibited and may be unlawful.

IRS Circular 230 disclosure:

If there is any U.S. tax advice contained in this e-mail (including
    any attachments to
    this e-mail), such advice is not intended to be used for the purpose
    of avoiding
    penalties under the Internal Revenue Code or promoting, marketing or
    recommending
    to another party any transaction or matter addressed herein.

Christopher C. Cooke
Cooke Kobrick & Wu LLP
177 Bovet Road, Suite 600
San Mateo, CA 94402

Tel.:    650-638-2370
Fax:     650-240-0360
Cell:  650-787-4976

website: www.ckwlaw.com

This message is intended to be confidential, and may be
legally privileged. If you are not the intended recipient, please delete
this message from your system immediately and notify me of the erroneous
transmission to you. Any unauthorized use, disclosure, copying or
distribution is prohibited and may be unlawful.

IRS Circular 230 disclosure:

If there is any U.S. tax advice contained in this e-mail
(including any attachments to
    this e-mail), such advice is not intended to be used for
the purpose of avoiding

penalties under the Internal Revenue Code or promoting, marketing or recommending
        to another party any transaction or matter addressed herein.


Christopher C. Cooke
Cooke Kobrick & Wu LLP
177 Bovet Road, Suite 600
San Mateo, CA 94402

Tel.:   650-638-2370
Fax:    650-240-0360
Cell:   650-787-4976

website: www.ckwlaw.com

This message is intended to be confidential, and may be legally privileged. If you are not the intended recipient, please delete this message from your system immediately and notify me of the erroneous transmission to you. Any unauthorized use, disclosure, copying or distribution is prohibited and may be unlawful.

IRS Circular 230 disclosure:

If there is any U.S. tax advice contained in this e-mail (including any attachments to
    this e-mail), such advice is not intended to be used for the purpose of avoiding
    penalties under the Internal Revenue Code or promoting, marketing or recommending
    to another party any transaction or matter addressed herein.


Christopher C. Cooke
Cooke Kobrick & Wu LLP
177 Bovet Road, Suite 600
San Mateo, CA 94402

Tel.:   650-638-2370
Fax:    650-240-0360
Cell:   650-787-4976

website: www.ckwlaw.com

This message is intended to be confidential, and may be legally privileged. If you are not the intended recipient, please delete this message from your system immediately and notify me of the erroneous transmission to you. Any unauthorized use, disclosure, copying or distribution is prohibited and may be unlawful.

IRS Circular 230 disclosure:

If there is any U.S. tax advice contained in this e-mail (including any attachments to
this e-mail), such advice is not intended to be used for the purpose of avoiding
penalties under the Internal Revenue Code or promoting, marketing or recommending

to another party any transaction or matter addressed herein.

Please do not transmit orders or instructions regarding a UBS account by e-mail. The information provided in this e-mail or any attachments is not an official transaction confirmation or account statement. For your protection, do not include account numbers, Social Security numbers, credit card numbers, passwords or other non-public information in your e-mail. Because the information contained in this message may be privileged, confidential, proprietary or otherwise protected from disclosure, please notify us immediately by replying to this message and deleting it from your computer if you have received this communication in error. Thank you.

UBS Financial Services Inc.

UBS International Inc.

UBS Financial Services Incorporated of Puerto Rico

Please do not transmit orders or instructions regarding a UBS account by e-mail. The information provided in this e-mail or any attachments is not an official transaction confirmation or account statement. For your protection, do not include account numbers, Social Security numbers, credit card numbers, passwords or other non-public information in your e-mail. Because the information contained in this message may be privileged, confidential, proprietary or otherwise protected from disclosure, please notify us immediately by replying to this message and deleting it from your computer if you have received this communication in error. Thank you.


UBS Financial Services Inc.

UBS International Inc.

UBS Financial Services Incorporated of Puerto Rico

**PROOF OF SERVICE**

U.S. District Court, Northern District Case No. [05- 02215SBA

**FILED**

JUN 2 4 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

STATE OF CALIFORNIA

I am employed in the County of Alameda, State of California. I am over the age of 18 and my address is:

5021 Starmine Way, Antioch, CA 94532

On 6/24/08 , I served the foregoing documents described as:

① PLAINTIFF'S OPPOSITION TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED

on the parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Attorney for Maersk Inc. & Maersk Lines Ltd
JOHN D. GIFFIN & JOHN COX
KEESAL YOUNG & LOGAN   #1500
FOUR EMBARCADERO CTR. SAN FRANCISCO, CA
4 Embarcadero Ctr.
94111

✓  **BY ~~EXPRESS~~ MAIL:** I deposited such envelope(s) in the mail at Oakland
_____, California. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after deposit for mailing in this declaration.

____  **BY UNITED STATES POSTAL SERVICE EXPRESS MAIL:** I caused such envelope(s), full prepaid on account, to be placed within the custody of UNITED STATES POSTAL SERVICE at _____ _____, California.

____  **BY UNITED STATES POSTAL SERVICE REGISTERED AIR MAIL/RETURN RECEIPT:** I caused such envelope(s), full prepaid on account, to be placed within the custody of UNITED STATES POSTAL SERVICE at _____, California.

____  **BY FACSIMILE:** I caused the above-referenced document(s) to be transmitted to the above-named person(s) at the facsimile telephone number exhibited therewith. The Facsimile machine I used complied with California Rules of court, Rule 2003 and the transmission was reported as complete and without error. Pursuant to California Rules of Court, Rule 2006(d). I caused the machine to print a transmission record of the transmission and the transmission report was properly issued by the transmitting facsimile machine.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on 6 24 08 _____ at Oakland _____ California.

Gabriel Abigor
Declarant

**UNITED STATES DISTRICT COURT**
**Northern District of California**
**450 Golden Gate Avenue**
**San Francisco, California 94102**

_____

www.cand.uscourts.gov

Richard W. Wieking
Clerk

General Court Number
415.522.2000

June 27, 2008

RE: <u>CV 08-00786 PJH</u>    <u>RAIMI SHOAGA-v- A.P. MOLLER-MAERSK GROUP,et al.</u>

Default is entered as to **Defendant A.P. Moller-Maersk Group**, aka A.P. Moller Maersk A/S, aka Danish A.P. Moller-Maersk Gruppen, aka Firmaet A.P. Moller Maersk on June 27, 2008.

RICHARD W. WIEKING, Clerk

*Felicia Reloba*
by <u>Felicia Reloba</u>
Case Systems Administrator

NDC TR-4  Rev. 3/89

EXHIBIT _18_