1  JOHN D. GIFFIN, CASB No. 89608
   john.giffin@kyl.com
2  JOHN COX, CASB No. 197687
   john.cox@kyl.com
3  KEESAL, YOUNG & LOGAN
   A Professional Corporation
4  450 Pacific Avenue
   San Francisco, California 94133
5  Telephone:   (415) 398-6000
   Facsimile:    (415) 981-0136
6
   Attorneys for MAERSK, INC., MAERSK LINE LIMITED AND SPECIALLY
7  APPEARING DEFENDANT A.P. MOLLER-MAERSK A/S

8

9                       UNITED STATES DISTRICT COURT

10                      NORTHERN DISTRICT OF CALIFORNIA

11

12  RAIMI SHOAGA,                        )  Case No. C08-00786 SBA
                                         )
13                    Plaintiff,         )
                                         )  MAERSK, INC., MAERSK LINE
14          vs.                          )  LIMITED AND SPECIALLY
                                         )  APPEARING DEFENDANT A.P.
15  A.P. MOLLER-MAERSK GROUP aka A.P.)   MOLLER-MAERSK A/S' OPPOSITION
    MOLLER-MAERSK A/S aka DANISH A.P.)   TO PLAINTIFF'S APPLICATION AND
16  MOLLER-MAERSK GRUPPEN aka        )   AFFIDAVIT FOR DISQUALIFICATION
    FIRMET A.P. MOLLER, MAERSK, INC.,)   AND REMOVAL OF ASSIGNED JUDGE
17  MAERSK LINES, LTD; MAERSK            )
    NIGERIA, LTD., aka MAERSK, aka       )
18  MAERSK SEALAND; A.P. MOLLER          )
    NIGERIA, LTD.; BLOSADA; NIGERIAN     )
19  PORT AUTHORITY; NIGERIAN             )
    CUSTOMS AUTHORITY; ATTORNEY          )
20  GENERAL OF THE FEDERAL               )
    REPUBLIC OF NIGERIA,                 )
21                                       )
                      Defendant.         )
22  _____)

23          Defendant's MAERSK, INC., MAERSK LINE LIMITED, and Specially

24  Appearing Defendant A.P. MOLLER-MAERSK A/S (collectively "Defendants") hereby

25  respectfully submit their Opposition to Plaintiff's Application and Affidavit for

26  Disqualification and Removal of Assigned Judge.

27  I.    INTRODUCTION

28          Plaintiff has filed yet another completely meritless Motion in this ongoing

- 1 -                                                            KYL_SF465782

saga. In this latest iteration, Plaintiff is attempting to disqualify the Honorable SAUNDRA BROWN ARMSTRONG from the above-captioned case with no evidence or arguments to meet his burden. In essence, Plaintiff asserts that the Court is somehow biased or prejudiced against him simply because the Court has made adverse rulings against him in this very case.

Plaintiff's Application must be denied for at least the following three reasons. First, Plaintiff has failed to establish any grounds for recusal. Second, prior rulings in this case or a related case are not grounds for recusal. Third, even erroneous prior rulings do not justify recusal. Based upon these arguments more fully set forth below, Defendants request that this Court deny Plaintiff's Application.

## II. LEGAL ARGUMENT

Plaintiff filed an Application before this Court seeking recusal pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455. Section 144 provides a procedure for a party to recuse a judge. Yagman v. Republic Insurance, et al., 987 F.2d 622, 626 (9th Cir. 1993). Section 455 imposes an affirmative duty upon judges to recuse themselves. Id. "The standard for recusal under 28 U.S.C. §§ 144, 455, is whether a reasonable person with knowledge of all the facts would conclude the judge's impartiality might reasonably by questioned." United States v. Studley, 783 F. 2d 934, 939 (9th Cir. 1986); Taylor v. Regents of the University of California, 993 F.2d 710, 712 (9th Cir. 1993).

Plaintiff apparently sets forth three grounds in support of his Application. First, Judge Armstrong made a comment about Defendants spending money. (Plaintiff's Application And Affidavit For Disqualification And Removal Of Assigned Judge, Attachment, page 1-2.) Second, the Court ruled that "Maersk, Inc. is not an agent of service." Id. Third, the Court designated this case as a related case to 05-2213 SBA. Each of these arguments must fail. Id.

To warrant recusal, judicial bias must stem from an extrajudicial source. Id. Dictum based on evidence or the absence of evidence adduced at trial is not

extrajudicial and therefore cannot establish disqualifying bias. Meyer v. Oppenheimer Management Corp, 709 F. Supp. 67, 68-69 (S.D.N.Y. 1989). Moreover, a judge's prior adverse ruling is not sufficient cause for recusal. Id.; Berger v. United States, 255 U.S. 22, 34 (1921). Finally, even erroneous prior rulings do not justify recusal where there is no showing that a judge will not apply the law. Bolt v. United States, 509 f.3d 1028, 1035 (9th Cir. 2007). Plaintiff has failed to establish an extrajudicial justification for disqualification.

In this case, Plaintiff has made absolutely no showing that Judge Armstrong's impartiality might be questioned. Plaintiff is unhappy that the Court dismissed this lawsuit the first time that he filed it. He disagrees with the Court's comments and rulings in the prior case and the instant case. Plaintiff has failed to point to any extrajudicial source to indicate a bias or lack of impartiality.

Moreover, there is nothing to indicate that Judge Armstrong has done anything to indicate a bias or grounds for recusal. All of the Court's rulings have been entirely proper based upon the facts and the law of this case. Even if the Court had erroneously decided any of the issues in the case, erroneous rulings do not establish grounds for recusal.

Plaintiff's own actions establish the falsity of his Application. As set forth in Defendant's Motion to Dismiss, Plaintiff has simply refiled his previously dismissed case. As the Court is aware, Plaintiff initially filed an appeal from the dismissal in 05-2213 SBA. He recently dismissed that appeal. A party may not seek to relitigate questions which were or should have been raised on a direct appeal from a judgment. See, United States v. Marchese, 341 F.2d 782, 789 (9th Cir. 1965). A party's failure to appeal seems by his own showing to have been a calculated decision and hence is binding upon him. Dodd v. United States, 321 F.2d 240, 245-46 (9th Cir. 1963) [relief will be denied where there was a knowing or calculated decision not to appeal.]. Here, Plaintiff failed to appeal the decisions of Judge Armstrong in case number 05-2213 SBA

1  that he now contends were erroneous and show prejudice against him. This is a
2  deliberate attempt by Plaintiff to further manipulate the judicial system. He lost his
3  case the first time he filed it, he has now refiled it, and is attempting to remove any
4  judge that he feels will not give him what he wants. Accordingly, Plaintiff's Application
5  must be denied.

## III. CONCLUSION

Plaintiff's Application to disqualify or remove Judge Armstrong is entirely deficient. Plaintiff has failed to establish an extrajudicial reason for the Application. Moreover, Plaintiff's application is based upon nothing other than complaints about Judge Armstrong's prior rulings in this case or the related case. These complaints fail to establish that Judge Armstrong's impartiality might reasonably be questioned. United States v. Studley, 783 F. 2d 934, 939 (9th Cir. 1986); Taylor v. Regents of the University of California, 993 F.2d 710, 712 (9th Cir. 1993). Accordingly, Defendants respectfully request that the Court deny Plaintiff's Application.

DATED: August 26, 2008

/s/ John Cox
JOHN D. GIFFIN
JOHN COX
KEESAL, YOUNG & LOGAN
Attorneys for Defendants
MAERSK, INC. and MAERSK LINE, LIMITED.

# PROOF OF SERVICE

*Shoaga v. Maersk, Inc. et al.*
USDC Case No. C08-00786 SBA

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is Keesal, Young & Logan, Suite 1500, Four Embarcadero Center, San Francisco, California, 94111.

On the date indicated below, I served the foregoing documents described as:

**MAERSK, INC., MAERSK LINE LIMITED AND SPECIALLY APPEARING DEFENDANT A.P. MOLLER-MAERSK A/S' OPPOSITION TO PLAINTIFF'S APPLICATION AND AFFIDAVIT FOR DISQUALIFICATION AND REMOVAL OF ASSIGNED JUDGE**

on the parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

**Raimi Shoaga**
**P.O. Box 7274**
**Oakland, CA 94601**

☒ **BY MAIL**: I deposited such envelope(s) in the mail at San Francisco, California. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after deposit for mailing in this declaration.

Pursuant to the Local Rules of the United States District Court, I certify that all originals and service copies (including exhibits) of the papers referred to herein were produced and reproduced on paper purchased as recycled, as defined by Section 42202 of the Public Resources Code. I declare that

I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on August 26, 2008 at San Francisco, California.

_____
K'Ann M. Klein