**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

RAMI SHOAGA,                                    No.  C 08-786 SBA
                                                Related Case No. C-05-2213 SBA
                    Plaintiff,

                                                **ORDER**
        v.
                                                [Docket Nos. 17, 18, 59, 73]
MAERSK, INC. et al.,

                    Defendants.
_____

        This matter is before the Court on the following motions:

        (1) Defendants Maersk, Inc. ("Maersk") and Maersk Line Limited ("MLL") Motions to

Dismiss [Docket No. 17];

        (2) Defendants Maersk, Inc. ("Maersk") and Maersk Line Limited ("MLL") Motion to Take

Judicial Notice [Docket No. 18];

        (3) Specially appearing Defendant A.P. Moller-Maersk Group ("APMM") Motion to Set

Aside Default and Motion to Dismiss [Docket No. 59]; and

        (4) Plaintiff's Motion to Disqualify Judge [Docket No. 73].

Having read and considered the papers presented by the parties, the Court finds this matter

appropriate for disposition without a hearing.  For the reasons set forth below, the Court hereby

GRANTS WITH PREJUDICE the Motions to Dismiss brought by Defendants Maersk, MLL and

APMM, GRANTS the Motion to Set Aside Default to Defendant APMM, GRANTS the Motion to

take Judicial Notice and DENIES Plaintiff's Motion to Disqualify Judge.

                                **BACKGROUND**

        This Court takes judicial notice of its own file in case number 05-2213-SBA as well as the

appellate Docket Number 07-15073 which the Court has reviewed and finds to involve the same

claims, parties and transactions as alleged in this case

**A.  Cause No. 05-2213-SBA**

Plaintiff Rami Shoaga ("Shoaga") filed a complaint against Defendants Maersk,  MLL, APMM, and others, on June 1, 2005.  Shoaga had shipped household goods from Oakland, CA to Lagos, Nigeria aboard a Maersk cargo ship in July 2004.  The goods were delivered to Lagos in August 2004.  The Nigerian government detained the goods until January 2005.  When the Nigerian government released the goods, Shoaga did not pay the demurrage (rental) charges for the extended use of the cargo container, a charge contemplated by the shipping contract.

Shoaga alleged breach of contract, fraud, and interference with commerce (violations of 18 USC ¶¶ 1951(b)(2) and 201.  This Court dismissed the claims under 18 USC ¶¶ 1951(b)(2) and 201, with prejudice, on January 24, 2006. [Docket No. 52].  The fraud claim was dismissed with prejudice on April 13, 2006. [Docket No. 69].  This Court granted Maersk's and Maersk-Lines' motion for summary judgment on the breach of contract claim on November 7, 2006 [Docket No. 120], stating in relevant part:

> "Plaintiff has failed to offer any evidence that he had a contract of carriage with Maersk Line Limited.  Maersk Line Limited did not issue a bill of lading for transport of Plaintiff's cargo.  Maersk Line Limited does not own or operate the vessels on which Plaintiff's cargo was carried from the United States to Lagos, Nigeria.  Accordingly, Plaintiff's cause of action for breach of contract as against Maersk Line Limited is dismissed.
>
> Plaintiff has also failed to offer any evidence that Maersk, Inc. breached the contract of carriage that was issued by Maersk, Inc. as the shipping agent for the carrier Target Shipping.  Maersk, Inc. was not the carrier of Plaintiff's cargo.  Instead, it operated only as a shipping agent whose responsibility was to issue bills of lading on behalf of the carrier.  A bill of lading was issued and Maersk, Inc. fulfilled its duty to issue the bill of lading.  Accordingly, Plaintiff's cause of action for breach of contract as against Maersk, Inc. is dismissed."

Following the dismissal of all causes of action against Moving Defendants, this Court dismissed Shoaga's entire lawsuit on December 11, 2006 for failure to prosecute.  [Docket No. 124]. The Court's Order states:

> "This Court Dismisses Plaintiff's Third Amended Complaint in its Entirety for failure to serve Defendant A.P. Moeller-Maersk.  Plaintiff has completely failed to show that he has properly served the one remaining Defendant, A.P. Moeller-Maersk consistent with Federal Rule of Civil Procedure 4(f)."

Thereafter, Shoaga appealed the dismissal and all prior orders of this Court.  The appeal was

2

pending at the time Shoaga filed the new lawsuit on February 4, 2008 (see below).  On July 29, 2008, Shoaga voluntarily dismissed the appeal.

**B.  Cause No. 08-786-SBA**

Shoaga filed the instant Complaint on February 4, 2008.  The Complaint is virtually identical in terms of the events, with one exception.  Shoaga alleges that he has heard, via his uncle in Nigeria, that the property he left in the cargo container was sold by the defendants.  In addition, Shoaga has added two new claims: a Foreign Corrupt Practices Action violation, 15 USC ¶¶ 78dd-1 *et seq*. and a Section 1981 claim.

On June 18, 2008, Plaintiff filed a "Request to Enter Default" and a "Request for Default Judgment" against Defendant APMM, and default was entered as to APMM on June 27, 2008. [Docket Nos. 25, 27].

This Court ordered the instant case be related to Cause No. 05-2213-SBA on August 4, 2008. [Docket No. 69].

On August 15, 2008, Shoaga filed a motion to disqualify Judge Armstrong under 28 U.S.C. §§ 144 and 455. [Docket No. 73].

**LEGAL STANDARDS**

**A.  Motion to Dismiss**

Federal Rule of Civil Procedure ("FRCP"), Rule 12(b)(6), provides for the dismissal of an action where plaintiff cannot state a claim upon which relief can be granted.  Fed. Rule Civ. Proc. 12(b)(6).  Dismissal is appropriate when it is clear that no relief may be granted consistent with the allegations set forth in the complaint. See Williamson v. Gen. Dynamics Corp., 208 F.3d 1144, 1149 (9th Cir. 2000).  Normally, the court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them.  Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).  However, the Court need not accept as true conclusory allegations or legal characterizations.

3

1 | Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir.1981), cert. denied, 454 U.S. 1031

2 | (1981).

3 |      Moreover, the court need not accept as true allegations that contradict facts which may be

4 | judicially noticed by the court.  Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 (9th Cir.

5 | 1987).  A matter that is properly the subject of judicial notice may be considered along with the

6 | complaint when deciding a motion to dismiss for failure to state a claim.  MGIC Indem. Corp. v.

7 | Weisman, 803 F.2d 500, 504 (9th Cir. 1986).  Therefore, the defense of res judicata can be raised by

8 | a Rule 12(b)(6) motion when "all relevant facts are shown by the court's own records, of which the

9 | court takes notice." Day v. Moscow, 955 F.2d 807, 811 (2nd Cir. 1992).

10 | **B.  Motion To Set Aside Default**

11 |      "The different treatment of default entry and judgment by Rule 55(c) frees a court

12 | considering a motion to set aside a default entry from the restraint of Rule 60(b) and entrusts

13 | determination to the discretion of the court. As a practical matter, however, when considering a

14 | motion to set aside a default entry, the parallels between granting relief from a default entry and a

15 | default judgment encourage utilizing the list of grounds for relief provided in Rule 60(b), including

16 | considering whether a defendant has a meritorious defense. These Rule 60(b) grounds are liberally

17 | interpreted when used on a motion for relief from an entry of default." *Hawaii Carpenters' Trust*

18 | *Funds v. Stone,* 794 F.2d 508, 513 (9th Cir. 1986).

19 |      "The underlying concern, however, is to determine whether there is some possibility

20 | that the outcome of the suit after a full trial will be contrary to the result achieved by the default.  A

21 | party in default thus is required to make some showing of a meritorious defense as a prerequisite to

22 | vacating an entry of default." *Id*. (internal citations omitted).

23 | **C.  Recusal of a Judge**

24 |      28 U.S.C. § 144 provides a procedure for a party to recuse a judge. 28 U.S.C. §  455 imposes

25 | an affirmative duty upon judges to recuse themselves. Under both statutes, recusal is appropriate

26 | where "a reasonable person with knowledge of all the facts would conclude that the judge's

27 | impartiality might reasonably be questioned." *Yagman v. Republic Ins*., 987 F.2d 622, 626 (9[th]

28 |

1

2

3

4   Cir.1993) (internal citations omitted).  Accordingly, recusal will be justified either by actual bias or

5   the appearance of bias. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir.1991).

6                                    **ANALYSIS**

7       **A.  Plaintiff's Claims Are Time Barred**

8       Breach of maritime contract for the transportation of goods is controlled by the Carriage of

9   Goods by Sea Act, 46 U.S.C. sections 1300-1315.  "Every bill of lading or similar document of title

10  which is evidence of a contract for the carriage of goods by sea to or from ports of the United States,

11  in foreign trade, shall have effect subject to the provisions of this chapter."  46 U.S.C. app. § 1300;

12  Sea-Land Services, Inc. v. Lozen Int'l LLC, 285 F.3d 808, 816-817 (9th Cir. 2002).  "In any event

13  the carrier and the ship shall be discharged from all liability in respect of loss or damage unless suit

14  is brought within one year after delivery of the goods or the date when the goods should have been

15  delivered."  46 U.S.C. § 1303(6).

16      Plaintiff's contract to ship his goods to Nigeria, which he attached to the New Complaint, is a

17  billing of lading as it clearly states on the top left corner of the document.  Accordingly, Plaintiff

18  was required to bring all of his claims arising from this contract of carriage within one year.

19      Plaintiff alleges in his Complaint that he was aware that the cargo container at issue would

20  not be released unless he paid demurrage charges in January 2005.  (Complaint, ¶ XX.)  Any claims

21  by Plaintiff against Moving Defendants accrued on that date and were time barred as of January

22  2006.  Plaintiff filed the instant Complaint on February 4, 2008, over two years after the statute of

23  limitations expired.  Therefore, all of Plaintiff's claims are time barred and this case must be

24  dismissed.

25

26

27

28

**B.  <u>Plaintiff's Improper Causes Of Action Are Barred</u>**

Plaintiff has improperly alleged causes of action for violation of the Foreign Corrupt Practices Act ("FCPA"), 15 U.S.C. § 78dd-1 *et seq.*; interference with commerce, 18 U.S.C. § 1951; and discrimination based upon natural origin pursuant to 42 U.S.C. § 1981.  There are no private rights of action for violation of the FCPA or 18 U.S.C. § 1951.  <u>Lamb v. Phillip Morris, Inc.</u>, 915 F.2d 1024 (6th Cir. 1990);.  <u>Wisdom v. First Midwest Bank</u>, 167 F.3d 402, 407 (8th Cir. 1999); <u>Thompson v. Thompson</u>, 484 U.S. 174, 179 (1998).  Moreover, section 1981 does not cover discrimination based upon national origin.  <u>Saint Francis College v. Al-Khazraji</u>, 481 U.S. 604, 606, 609 (1987). Therefore, these causes of action alleged in the Complaint are simply barred.

**C.  <u>The New Complaint Is Barred By The Doctrine Of Res Judicata</u>**

Moving Defendants argue that the new Complaint is barred by the Duplicative Complaint doctrine, and also, the doctrine of Res Judicata.  Plaintiff contends that the new Complaint is not duplicative because he has recently dismissed the appeal of this Court's Orders in case 05-2213-SBA.  While this Court finds that the new Complaint is duplicative it does not need to decide the unique question of whether a Plaintiff may avoid the duplicative complaint doctrine by dismissing an appeal after re-filing the same complaint.  Instead, the Court finds that the entire new Complaint is barred by the doctrine of Res Judicata.

A party who has had one fair and full opportunity to prove a claim and has failed in that effort, should not be permitted to go to trial on the merits of that claim a second time.  <u>Blonder-Tongue Laboratories v. University of Ill. Found.</u>, 402 U.S. 313, 324 (1971).  "Under the doctrine of claim preclusion, a judgment on the merits precludes the same parties from re-litigating issues in a subsequent action that were, or could have been, raised in the prior action." <u>Faust v. United States</u>, 101 F.3d 675, 677 (Fed.Cir.1996); <u>citing</u> <u>Allen v. McCurry</u>, 449 U.S. 90, 94 (1980).  The Court should bar as res judicata claims in a suit that could have been raised in an earlier action, "so long as opposing parties had an adequate opportunity to litigate disputed issues of fact." <u>Kremer v. Chemical Construction Corporation</u>, 456 U.S. 461, 485 n.26 (1982).

"Claim preclusion prevents parties from litigating issues that could have been raised in a prior action." <u>Carson v. Department of Energy</u>, 398 F.3d 1369, 1375 (Fed.Cir.2005) <u>citing</u> <u>Federated</u>

1

2

3

4   Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981). "This form of res judicata applies if (1) the

5   prior decision was rendered by a forum with competent jurisdiction; (2) the prior decision was a

6   final decision on the merits; and (3) the same cause of action and the same parties or their privies

7   were involved in both cases." Id. "Unlike issue preclusion, which only bars matters actually litigated

8   in a prior proceeding, claim preclusion forecloses matters that, although never litigated or even

9   raised, could have been advanced in an earlier suit." Id. at note 8.

10       This Court's grant of Defendants' various motions to dismiss and their Motion for Summary

11  Judgment were final decisions on the merits of Plaintiff's prior claims.  See, Bankers Trust Co. v.

12  Mallis, 435 U.S. 381, 387-88 (1978; Colello v. U.S. Securities and Exchange Commission, 908 F.

13  Supp. 738, 747 (C.D. Cal. 1995) [Summary judgment is a judgment on the merits. (citations

14  omitted).]  In this case, Plaintiff had the opportunity to litigate each of his causes of action against

15  Defendants and failed.

16       The Ninth Circuit determines whether or not two claims are the same for purposes of res

17  judicata with reference to the following criteria:  (1) whether the rights or interests established in the

18  prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether

19  substantially the same evidence is presented in the two actions; (3) whether the two suits involve

20  infringement of the same right; and (4) whether the two suits arise out of the same transactional

21  nucleus of facts.  Nordhorn v. Ladish Co., Inc., 9 F.3d 1402, 1405 (9th Cir. 1993).  The last of these

22  criteria is the most important.  Id.; Costantini v. Trans World Airlines, 681 F.2d 1199, 1201-02 (9th

23  Cir. 1982).

24       Each of the criteria above support a determination that the claims in both lawsuits are the

25  same.  Defendants rights and interests would be destroyed or impaired by prosecution of Plaintiffs

26  new case.  Defendants previously litigated Plaintiff's claims and prevailed when this Court

27  ultimately dismissed the complaint in its entirety.  Allowing Plaintiff to proceed with the New

28

1    Complaint would in essence allow Plaintiff to force Defendants to re-litigate the same meritless

2    lawsuit a second time.

3          In the previous lawsuit, Plaintiff named moving Defendants Maersk, Inc. and Maersk Lines

4    Limited who were ultimately dismissed from the case by summary judgment granted November 7,

5    2006.  Plaintiff also named A.P. Moller-Maersk Group, Maersk Nigeria, Ltd. and Blosada.  Each of

6    those parties were dismissed from the prior lawsuit at various times by the Court's Orders.  Plaintiff

7    has named each of the above Defendants in the New Complaint.

8          The same evidence is involved in both cases.  A brief review of the New Complaint and the

9    various Complaints and Orders from the prior lawsuit shows that the exact same facts and

10   transaction are involved.  Plaintiff has refiled his lawsuit with the same claims against the same

11   parties out of displeasure with the prior dismissal.  The evidence involved in the new case has

12   already been heard by this Court in the prior action.

13         The lawsuits involve the infringement of the same right.  Plaintiff claims that Defendants

14   have improperly prevented him from obtaining his goods from the cargo container they were

15   shipped in.  Plaintiff's causes of action are nearly identical between the two lawsuits.

16         Most importantly the two lawsuits arise out of the same transactional nucleus of facts.  On

17   July 29, 2004, Plaintiff entered into a contract  with Target Shipping, Inc. to ship a cargo container

18   of goods from Oakland, California to Lagos, Nigeria.   Those goods were shipped to Nigeria in

19   cargo container MSKU8123127 and arrived on August 24, 2004.  The Nigerian Port Authority did

20   not release the cargo container until January 13, 2005.   Plaintiff refused to pay demurrage charges

21   for the cargo container from August 2004 through January 2005.  This Court has already determined

22   the legal issues and facts in the prior litigation.

23         In summary, Plaintiff had a full and fair opportunity to litigate his claims against Defendants

24   in his prior lawsuit.  This Court dismissed each of Plaintiff's claims against Moving Defendants, and

25   ultimately, the entire Complaint.  Therefore, Plaintiff's entire claim is precluded.

26         Moreover, the doctrine of collateral estoppel, or issue preclusion, "relieve[s] parties of the

27   cost and vexation of multiple lawsuits, conserve[s] judicial resources, and, by preventing

28   inconsistent decisions, encourage[s] reliance on adjudication." Allen v. McCurry, 449 U.S. 90, 94

1

2

3

4   (1980). "The principle of collateral estoppel dictates that an issue that is fully and fairly litigated, is

5   determined by a final judgment, and is essential to that judgment, is conclusive in a subsequent

6   action between the same parties." Bingaman v. Department of the Treasury, 127 F.3d 1431, 1436-37

7   (Fed.Cir.1997). The effect may be to bar re-litigation of those issues, if not the entire claim.

8   Arizona v. California, 530 U.S. 392, 414 (2000). As set forth above, this Court has previously

9   dismissed each of Plaintiff's properly alleged causes of action after the parties had a full and fair

10  opportunity to litigate the issues. As Plaintiff has now dismissed his appeal of the prior litigation the

11  Orders dismissing each of the claims against Moving Defendants are now final judgments.

12  Therefore, Plaintiff is collaterally estopped from re-litigating issues that are now precluded.[1]

13      **D.  Plaintiff's Motion to Disqualify Judge Armstrong**

14      Shoaga submitted an affidavit in support of his motion in which he contends that Judge

15  Armstrong is biased or prejudiced against him for the following reasons:

16      1) in open court, Judge Armstrong told Shoaga that "he was causing defendants A.P. Moller

17  et al. to spend more money." [Pl.'s Affidavit p. 1];

18      2) the judge "ruled that Maersk Inc. is not an agent of service" and she was wrong, according

19  to him;

20      3) the judge dismissed defendants in Related Case No. 05-2213;

21      4) the judge's Order of August 4, 2008, specified that Shoaga's filing of an opposition was

22  untimely" and she was wrong.

23  ───────────────────

24  [1]

    In granting APMM's Motion to Dismiss, the Court at this time also sets aside the entry of default.

25  The standard recites that "[t]he underlying concern, however, is to determine whether there is some
    possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the

26  default. A party in default thus is required to make some showing of a meritorious defense as a
    prerequisite to vacating an entry of default." Applying this standard, APMM has made an adequate

27  showing of a meritorious defense. As discussed above, Shoaga's claims against APMM are
    dismissed for the same reasons as are the claims against Maersk and MLL. Having determined that

28  a dismissal is warranted, an entry of default is contrary to the outcome of the suit after a full trial,
    and the entry of default should be set aside.

A judge's prior rulings adverse rulings are not sufficient cause for recusal. *Meyer v. Oppenheimer Mgmt. Corp*, 709 F. Supp. 67, 68-69 (SDNY 1989); *U.S. v. Studley*, 783 F.2d 934 (9th Cir. 1986) (holding that alleged prejudice supporting motion for recusal must result from extrajudicial source). Even erroneous prior rulings do not justify recusal where there is no showing that a judge will not apply the law. *Bolt v. U.S.*, 509 F.3d 1028, 1035 (9th Cir. 2007).

Shoaga has alleged no facts to show that the judge is incapable of being impartial in his case. His motion is nothing more than a complaint about the judge's prior rulings in the related case. Shoaga has established no extrajudicial reason for his application to disqualify the judge. For these reasons, the Plaintiff's application should be DENIED.

## CONCLUSION

For the reasons discussed above, the Court now orders:

(1) Plaintiff's causes of action alleged in the Complaint are time barred;

(2) Plaintiff's Complaint and all causes of action therein are barred by the doctrine of Res Judicata. The claims and issues are precluded;

(3) The Motions to Dismiss are GRANTED WITH PREJUDICE and the Complaint is dismissed in its entirety as to Maersk, MLL and APMM.[Docket Nos. 17, 59];

(4) The Motion to Set Aside Default is GRANTED [Docket No. 59];

(5) Plaintiff's motion to disqualify is DENIED [Docket No. 73].


IT IS SO ORDERED.


Dated: 10/16/08                            *Saundra B Armstrong*
                                           SAUNDRA BROWN ARMSTRONG
                                           United States District Judge

1

2

3

4      UNITED STATES DISTRICT COURT
        FOR THE
5      NORTHERN DISTRICT OF CALIFORNIA

6

7      SHOAGA et al,
                                                    Case Number: CV08-00786 SBA
8              Plaintiff,

               v.                                   **CERTIFICATE OF SERVICE**
9

10     A.P. MOLLER- MAERSK GROUP et al,

               Defendant.
11     _/    _____

12

13          I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S.
        District Court, Northern District of California.

14          That on October 17, 2008, I SERVED a true and correct copy(ies) of the attached, by placing
        said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing
15     said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle
        located in the Clerk's office.

16

17

18

19     Raimi Shoaga
        P.O. Box 7274
20     Oakland, CA 94601

21     Dated: October 17, 2008

                                                    Richard W. Wieking, Clerk
22                                                  By: LISA R CLARK, Deputy Clerk

23

24

25

26

27

28